No. 23-11662

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

AFFORDABLE AERIAL PHOTOGRAPHY, INC.

     *Plaintiff-Appellee,*

v.

TRENDS REALTY USA CORP and
JOHN ABDELSAYED,

    *Defendants-Appellants.*

---

An Appeal from a final order of the
    United States District Court for the Southern District of Florida
    No. 21-cv-81331-AMC

---

## INITIAL BRIEF OF THE APPELLANTS

---

Griffin C. Klema, Esq.
Fla. Bar No. 100279
**Klema Law, P.L.**
420 W. Kennedy Boulevard
Tampa, FL 33606
PO Box 172381
Tampa, FL 33672
(202) 713-5292
Griffin@KlemaLaw.com
*Counsel for Appellants Trends Realty USA Corp and John Abdelsayed*

## <u>CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT</u>

Appellants, Trends Realty USA Corp and John Abdelsayed, pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1 to 4, certify the following are interested persons in this appeal, and further provide the corporate disclosure statement for appellant Trends Realty USA Corp:

Abdelsayed, John

Affordable Aerial Photography, Inc.

Cannon, Aileen M. (District Judge)

CopyCat Legal, PLLC

D'Loughy, James

DeSouza, Daniel

Klema Law, PL

Klema, Griffin C.

Matthewman, William (Magistrate Judge)

Reinhart, Bruce E. (Magistrate Judge)

Rymarski, Mateusz

Stevens, Alijca

Stevens, Robert

Trends Realty USA Corp

Defendant-Appellant Trends Realty USA Corp has no parent company and no publicly traded company owns more than ten percent of its stock. Trends Realty is wholly owned by co-appellant John Abdelsayed.

No publicly traded company or corporation has an interest in the outcome of the underlying case or this appeal.

  /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Appellants

## STATEMENT REGARDING ORAL ARGUMENT

Defendants-Appellants respectfully request oral argument. Oral argument is warranted because one of the issues presented is of first impression in any circuit: Is a dismissal order secured by a plaintiff under Rule 41(a)(2) also a "judgement" they "obtained" under Rule 68 when the defendant opposed it, yet it provided them all the relief they sought and is an appealable order?

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS AND CORPORATE
DISCLOSURE STATEMENT..........................................................................1

STATEMENT REGARDING ORAL ARGUMENT ............................................. i

TABLE OF CONTENTS......................................................................................... ii

TABLE OF CITATIONS .........................................................................................v

STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION ....x

STATEMENT OF THE ISSUES.............................................................................1

STATEMENT OF THE CASE.................................................................................2

      A.    Defense counsel appears in the case and the defendants
expressly reserve the right to claim attorney's fees....................2

      B.    AAP dismisses its CMI removal claim and Trends Realty seeks
shelter with a Rule 68 offer as AAP aggressively continues to
litigate its copyright infringement claims ..................................3

      C.    Trends Realty Repeatedly Moves for Summary Judgment
Which the Trial Court Repeatedly Denies Without Prejudice ...5

      D.    AAP requests a voluntary dismissal that Trends Realty
opposes, and AAP obtains the dismissal order it sought............6

      E.    The Court grants the parties' joint motion to bifurcate Trends
Realty's claim to attorney's fees on entitlement only, and the
defendants file their fees motion.................................................7

      F.    The court *sua sponte* recharacterizes Trends Realty's fees
entitlement as a motion for reconsideration of the dismissal
orders, and then denies it on that basis ......................................9

      G.    Trends Realty seeks reconsideration of the denial of its fees
motion, which the court quickly denies ....................................10

SUMMARY OF THE ARGUMENT ....................................................................11

ARGUMENT ......................................................................................................12

**I.   THE TRIAL COURT ERRED AS A MATTER OF LAW BY
      DENYING DEFENDANTS' ATTORNEY'S FEES UNDER
      RULE 68 ..........................................................................................12**

    A.   A post-judgment application for Rule 68 attorney fees is not
        necessarily adjudicated in a Rule 41 dismissal motion ............12

        1.   The trial court applied the wrong legal standard
             by analyzing and denying Trends Realty's fees
             motion through a lens of reconsideration of the
             dismissal order ...............................................................12

        2.   The trial court erred procedurally in its conclusion that
             Trends Realty's fees motion was "untimely"................16

    B.   Trends Realty is entitled to attorney's fees pursuant to
        Rule 68 and Jordan v. Time, Inc. ..............................................17

        1.   The dismissal orders are judgments according to the plain
             language of Rule 54 because they were final, appealable
             orders, and thus constitute a judgment under Rule 68 ...17

        2.   AAP requested and obtained the judgment
             of dismissal ....................................................................20

        3.   The dismissal orders were both less favorable than
             Trends Realty's Rule 68 offer .......................................21

**II.  TRENDS REALTY WAS THE PREVAILING PARTY AS A
      MATTER OF LAW ..........................................................................22**

    A.   The fees order must be reversed as to Trends Realty's
        Copyright Act entitlement because the district court applied
        the wrong law and erred procedurally ......................................23

    B.   Defendants are the Prevailing Party pursuant to §§ 505 and
        1203 because they rebuffed all of AAP's claims......................24

C.      Trends Realty is also the prevailing party because the Copyright Act's 3-year statute of limitations has run ...............28

**III.  NEITHER TRENDS REALTY NOR COUNSEL WAIVED ANY CLAIM TO ATTORNEY'S FEES .....................................31**

**IV.  ENTITLEMENT SHOULD BE FOUND BY THIS COURT AND THE SCOPE OF REMAND SHOULD BE LIMTED TO AMOUNT .................................................................................33**

A.      This Court should decide entitlement, which is consistent with the Supreme Court's directive in Hensley ........................33

B.      Awarding Trends Realty its attorney's fees treats it similarly to plaintiffs that are awarded fees on default judgments ..........35

C.      If entitlement is not decided by this Court, the mandate should make clear that the district court's discretion on remand is exceedingly narrow ..................................................................37

CONCLUSION ........................................................................................37

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS ..........................................................................39

CERTIFICATE OF FILING AND SERVICE .......................................39

# TABLE OF CITATIONS

Page

## Cases

ACLU of Ga. v. Barnes, 168 F.3d 423 (11th Cir. 1999) ........................................33

Affordable Aerial Photography, Inc. v. Abdelsayed,
    Case No. 21-cv-81331, 2022 WL 1124795 (S.D. Fla. Apr. 15, 2022).................4

Affordable Aerial Photography, Inc. v. Palm Beach Real Estate, Inc.,
    Case No. 9:20-cv-81307 (S.D. Fla. Jul. 6, 2021)..................................................35

Affordable Aerial Photography, Inc. v. VisitWPB.com, Inc.,
    Case No. 9:17-cv-81306 (S.D. Fla. Jul. 6, 2018)..................................................35

Affordable Aerial Photography, Inc. v. Win Capital, LLC,
    Case No. 1:21-cv-22671 (S.D. Fla. Sept. 1, 2022) ..............................................35

Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315 (11th Cir. 2002) ...... 26, 33

Ass'n of Disabled Americans v. Neptune Designs, Inc.,
    469 F.3d 1357 (11th Cir. 2006) ............................................................................20

Bank of Nova Scotia v. United States, 487 U.S. 250 (1988)...................................22

Beach Blitz Co. v. City of Elizabeth, 13 F.4th 1289 (11th Cir. 2021) ............. 24, 25

Bonner v. City of Prichard Ala., 661 F.2d 1206 (11th Cir. 1981)...........................22

Buckhannon Bd. & Care Home, Inc. v. W. Va Dep't of Health and Human Res.,
    532 U.S. 598 (2001) ..............................................................................................25

Burden v. Yates, 644 F.2d 503 (5th Cir. 1981) ................................................. 29, 31

Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533 (1991)......17

Cabonell v. INS, 429 F.3d 894 (9th Cir. 2005) ......................................................26

Church of Scientology v. City of Clearwater, 2 F.3d 1509 (11th Cir. 1993) ..........37

Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990) .........................................15

CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419 (2016) ......................... 1, 24, 25

Dionne v. Floormasters Enters., Inc., 667 F.3d 1199 (11th Cir. 2012) ...................22

Equitable Life Assurance Soc'y of U.S. v. MacGill,
    551 F.2d 978 (5th Cir. 1977)........................................................................ 22, 34

Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502 (11th Cir. 1991)......................14

Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994)................................................. 11, 23

Foudy v. Indian River Cnty. Sheriff's Office, 823 F.3d 590 (11th Cir. 2016)........30

Gabelli v. SEC, 568 U.S. 442 (2013)......................................................................29

GolTV, Inc. v. Fox Sports Latin Am. Ltd.,
    277 F. Supp. 3d 1301 (S.D. Fla. 2017) .................................................................21

Harris v. Coweta Cnty., 21 F.3d 388 (11th Cir. 1994) ...........................................36

Hensley v. Eckerhart, 461 U.S. 424 (1983) ...................................................... 11, 33

Jean v. Nelson, 863 F.2d 759 (11th Cir. 1988)........................................................18

Jordan v. Time, Inc., 111 F.3d 102 (11th Cir. 1997) ................................... 12, 13, 34

Keith Mfg. Co. v. Butterfield, 955 F.3d 936 (Fed. Cir. 2020)................................19

Kirkland v. Nat'l Mortg. Network, Inc., 884 F.2d 1367 (11th Cir. 1989) ..............19

Kirtsaeng v. John Wiley & Sons, Inc., 568 U.S. 519 (2016)........................... passim

Knighton v. Watkins, 616 F.2d 795 (1980) .............................................................15

Live Face on Web, LLC v. Cremation Soc'y of Ill., Inc.,
    Case No. 22-1641, 2023 U.S. App. LEXIS 20965 (7th Cir. Aug. 11, 2023) ......34

Maloney v. Marietta, 822 F.2d 1023 (11th Cir. 1987) ............................................37

Martin v. Franklin Capital Corp., 546 U.S. 132 (2005)..........................................23

MiTek Holdings, Inc. v. Arce Eng'g Co., 198 F.3d 840 (11th Cir. 1999) ....... 11, 23

Montgomery v. Noga, 168 F.3d 1282 (11th Cir. 1999)...........................................23

Nealy v. Warner Chappel Music, Inc., 60 F.4th 1325 (11th Cir. 2023) .................29

New York Gaslight Club, Inc. v. Carey, 447 U.S. 54 (1980)..................................31

Original Appalachian Artworks, Inc. v. Toy Loft, Inc.,
 684 F.2d 821 (11th Cir. 1982) ............................................................................24

Patel v. U.S. Attorney Gen., 971 F.3d 1258 (11th Cir. 2020) .................................19

Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014) ..............................29

Pontenberg v. Boston Scientific Corp., 252 F.3d 1253 (11th Cir. 2001) ...............23

Potenberg v. Boston Sci. Corp., 252 F.3d 1253 (11th Cir. 2001) ..........................14

Prather v. Neva Paperbacks, 446 F.2d 338 (5th Cir. 1971) ....................................30

PTA-Fla, Inc. v. ZTE USA Inc., 844 F.3d 1299 (11th Cir. 2016)...........................16

Reynolds v. Coomey, 567 F.2d 1166 (1st Cir. 1978) ..............................................32

Riviera Distribs., Inc. v. Jones, 517 F.3d 926 (7th Cir. 2008)......................... 25, 27

Rotkiske v. Klemm, 140 S. Ct. 355 (2019)..............................................................29

Sargeant v. Hall, 951 F.3d 1280 (11th Cir. 2020) ..................................................17

SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC,
 580 U.S. 328 (2017)............................................................................................29

Serbin, Inc. v. Key West Hand Print Fabrics, Inc., 381 F.2d 735 (5th Cir. 1967) ..34

Simon v. Intercontinental Transp. (ICT) B.V., 882 F.2d 1435 (9th Cir. 1989) ......12

Softball Country Club-Atlanta v. Decatur Fed. Sav. and Loan Ass'n,
 121 F.3d 649 (11th Cir. 1997) ............................................................................33

Stansell v. Revolutionary Armed Forces of Colombia,
  704 F.3d 910 (11th Cir. 2013) ...............................................................18

The Fair v. Kohler Die & Specialty Co., 228 U.S. 22 (1913) ................................14

Thomas v. Early Cty., GA, 360 F. App'x 71 (11th Cir. 2010)...............................19

Torres v. Sachs, 538 F.2d 10 (2d Cir. 1976).............................................................31

Tunison v. Continental Airlines Corp., 162 F.3d 1187 (D.C. Cir. 1998)...............17

U.S. v. Howard, 742 F.3d 1334 (11th Cir. 2014) ....................................................18

United States v. Gilbert, 198 F.3d 1293 (11th Cir. 1999) .......................................33

Vasconcelo v. Miami Auto Max, Inc., 981 F.3d 934 (11th Cir. 2020) ........... 13, 22

Versa Prods., Inc. v. Home Depot, USA, Inc., 387 F.3d 1325 (11th Cir. 2004).....21

White v. New Hampshire Dep't of Emp't Sec., 455 U.S. 445 (1982) ....................15

Williams v. City of Fairburn, Ga., 640 F.2d 635 (5th Cir. 1981)............................33

Yoffe v. Keller Indus., Inc., 580 F.2d 126 (5th Cir. 1978).......................................21

Yoffe v. Keller Indus., Inc., 582 F.2d 982 (5th Cir. 1978)......................................19

**Statutes**

17 U.S.C. § 1201(a)(3)(A) ......................................................................................30

17 U.S.C. § 412..........................................................................................................3

17 U.S.C. § 505........................................................................................................33

17 U.S.C. § 507(b) ...................................................................................................30

**Other Authorities**

Assistance with Litigation Expenses (Pro Bono), U.S. Dist. Ct. for the S. Dist. of
    Fla., (Jul. 31, 2023, 11:09 PM), https://www.flsd.uscourts.gov/assistance-
    litigation-expenses-pro-bono .................................................................................32

THE NEW CENTURY DICTIONARY 1169 (1948) ........................................................20

WEBSTER'S SEVENTH NEW COLLEGIATE DICTIONARY, 420 (1969) .........................26

**Rules**

Fed. R. Civ. P. 41(a)(2) ............................................................................... 19, 20, 23

Fed. R. Civ. P. 54(a) ...................................................................................................18

Fed. R. Civ. P. 68(d) ................................................................................... 13, 17, 20

S.D. Fla. L.R. 7.3 .......................................................................................................16

## STATEMENT OF SUBJECT-MATTER AND APPELLATE JURISDICTION

Plaintiff-Appellee Affordable Aerial Photography Inc brought the underlying copyright infringement and copyright management information removal suit pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*. invoking federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). DE 1 and 40[1]. After Plaintiff AAP obtained a judgment of dismissal Defendants-Appellants Trends Realty USA Corp and John Abdelsayed timely filed their motion for entitlement to attorney's fees pursuant to Rules 54 and 68. On April 17, 2023, the district court denied Trends Realty's motion for attorney's fees. DE 180.

Trends Realty timely filed a notice of appeal on May 16, 2023. DE 183. This Court has jurisdiction over the district court's final decision denying Trends Realty's attorney's fees pursuant to 28 U.S.C. § 1291 and Fed. R. App. P. 4(a)(1)(A).

---

[1] See n.3, *infra*, for citation format to the district court proceedings.

## STATEMENT OF THE ISSUES

I.    The district court recharacterized Trends Realty's Rule 68 post-judgment motion for attorney's fees as one seeking reconsideration of the voluntary dismissal granted to AAP, and thereby erred legally by applying an incorrect legal standard, namely the law governing rehearing of the merits under Rules 59 or 60.

II.    In applying a rehearing-based standard to Trends Realty's post-judgment motion for fees under the Copyright Act, 17 U.S.C. §§ 505 and 1203, the district court erred in not finding that Trends Realty was the prevailing party for having rebuffed AAP's claims pursuant to CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419 (2016), for failing to recognize the statute of limitations ran, and by failing to analyze how awarding Trends Realty's attorney's fees furthers the goals of the Act pursuant to Kirtsaeng v. John Wiley & Sons, Inc., 568 U.S. 519, 136 S. Ct. 1979 (2016) by encouraging defendants to stand on their rights.

## STATEMENT OF THE CASE

### A. Defense counsel appears in the case and the defendants expressly reserve the right to claim attorney's fees

Plaintiff Affordable Aerial Photography, Inc. ("AAP") initiated this suit against Trends Realty USA Corp and John Abdelsayed ("Trends Realty"[2]) on August 2, 2021, filing a complaint alleging two counts of copyright infringement and one count of copyright management information ("CMI") removal pursuant to 17 U.S.C. §§ 501 and 1203. DE 1 p.6, 9, and 10.[3] All of AAP's claims concerned a single real estate photograph allegedly used by Trends Realty in its website background. DE 1 p.4, ¶ 17.

Trends Realty sought to proceed *in forma pauperis* pursuant to a program administered by the Southern District of Florida to facilitate locating counsel for indigent parties. DE 9. That program expressly provides that attorneys may seek an award of fees: "In the event of an award of attorney's fees or costs to pro bono counsel..." See Assistance with Litigation Expenses (Pro Bono), U.S. Dist. Ct. for

---

[2] While for ease of reading herein Trends Realty is sometimes referred to in the singular, Trends Realty shall refer to both appellants.

[3] Citations to the record correspond to the district court CM/ECF system and will be referenced as "DE" for the document number and with page numbers referring to that document's pagination, as stamped in the upper-righthand corner. Thus "DE 1 p.6, 9, and 10" refers to ECF No. 1 on the docket, pages 6, 9, and 10 of that document. Where a citation includes a numbered paragraph, that will be denoted after the page number as "¶". Citations to transcripts will be to the ECF page number, not the transcript page, together with line(s) appearing on that page.

the S. Dist. of Fla., (Jul. 31, 2023, 11:09 PM), https://www.flsd.uscourts.gov/assistance-litigation-expenses-pro-bono. In reliance on the Copyright Act's fee-shifting provisions and the program's allowance of fees, defense counsel entered an appearance, making explicit that the defendants and counsel did "not waive any claim to prevailing party attorney's fees by appearing through the volunteer program, and the defendants expressly reserve the right to claim any such fees to which they may be entitled." DE 18.

Upon the appearance of defense counsel, Trends Realty apprised AAP of the fact that its CMI removal claim was frivolous, pointing out that the subject image, which had been uploaded to a real estate multiple listing service (MLS) never had any CMI on it, and thus no one (including the defendants) ever removed the allegedly present watermark. DE 158-1 p.2.

### B. AAP dismisses its CMI removal claim and Trends Realty seeks shelter with a Rule 68 offer as AAP aggressively continues to litigate its copyright infringement claims

Two months later, AAP finally agreed to "drop the CMI claim given the allegations you've raised." DE 76-1 p.6. AAP then filed the operative amended complaint on November 12, 2021, DE 40. However, AAP continued to maintain its assertion that it was entitled to statutory remedies under the Copyright Act, including statutory damages and attorney's fees. DE 40 p.11. Trends Realty answered, making clear that AAP could not claim statutory remedies by operation of 17 U.S.C. § 412,

and also raised eleven other defenses, including lack of ownership of the copyright, the statute of limitations, and actual damages limitation. DE 41 p.3-5.[4]

Trends Realty then served a Rule 68 offer to AAP in the amount of $750 on December 6, 2021, based on AAP's actual damages only case. DE 176-1. Nevertheless, AAP continued to demand $35,000 predicated on its claim to attorney's fees. DE 158-3 p.2 ("[t]o be perfectly blunt, $750 (or anywhere close to it) is not an offer [AAP] would consider and likewise, I imagine, $35,000 is also not an offer Mr. Abdelsayed would consider"). AAP made clear that its claim to statutory damages and attorney's fees was the basis for its settlement position. DE 158-3 p.4 ("Dan is working on more motions in this case which will further drive costs up making settlement more difficult to achieve"). Although Trends Realty's motion for partial judgment on AAP's amended complaint was denied on procedural grounds, its Rule 11 motion finally caused AAP to stipulate to withdraw them. DE 105.

AAP ultimately admitted that the image on the MLS was not the registered image, and that the image at issue was not in fact registered at all. DE 100-1

---

[4] Trends Realty's third party complaint and counterclaims were ultimately dismissed in the district court's unreported decision. Affordable Aerial Photography, Inc. v. Abdelsayed, Case No. 21-cv-81331, 2022 WL 1124795 (S.D. Fla. Apr. 15, 2022) (recognizing that Trends Realty's "argument is reasonable; however, it is not so strong as to warrant this Court displacing a line of state court case law which appears, for better or worse, to indicate that malicious prosecution claims at minimum must be brought in a separate lawsuit from the original lawsuit").

p.220:14–241:4 ("they're different");[5] DE 107-6; DE 136-1 p.151:19 ("not putting it in the file to get registered").

### C. Trends Realty Repeatedly Moves for Summary Judgment Which the Trial Court Repeatedly Denies Without Prejudice

Trends Realty moved for summary judgment, arguing that (1) the subject image was not the registered image; and (2) the statute of limitations had run. Based on AAP's opposition to that motion and at Trends Realty's request in response to that opposition, the district court reopened discovery and denied the summary motion without prejudice. DE 128.

AAP then further admitted it had no actual damages. DE 136-1 p.198:1–198:21 (AAP "wouldn't have licensed [Trends Realty] to use the photo in any way").

Trends Realty moved to dismiss for lack of AAP's ownership the different, but registered image, DE 138, and again moved for summary judgment, renewing its prior arguments that (1) the image was not registered; (2) the statute of limitations had run; and further seeking judgment because (3) AAP cannot prove any damages; (4) Trends Realty acquired a license; and (5) there was no infringement after filtering-out unprotectable expression. DE 147. Before AAP responded to the renewed motion for summary judgment, the court denied both motions without prejudice, instructing Trends Realty to combine its Rule 12(b)(1) motion with its

---

[5] See n.3, *supra* for citation format as to transcripts.

Rule 56 motion. DE 150.

Over the course of the suit as discovery revealed numerous defects in AAP's case, the district court granted Trends Realty leave to amend its answer and affirmative defenses as those matters came to light. DE 96 and 151.

### D. AAP requests a voluntary dismissal that Trends Realty opposes, and AAP obtains the dismissal order it sought

Strategically timed during the brief window when no dispositive motions were pending—and before AAP was forced to respond to Trends Realty's renewed motion for summary judgment—AAP moved for a voluntary dismissal pursuant to Rule 41(a)(2). DE 155. AAP requested a dismissal without prejudice in which it agreed to pay Trends Realty's taxable costs but pay its fees only if AAP re-filed its suit. DE 155. AAP noted that "fees incurred to date likely exceed $200,000" but that its case was worth perhaps only $5,000. DE 155 p.3. Trends Realty opposed dismissal, arguing again the statute of limitations had run and that a ruling on its dispositive motions was warranted. DE 158. Trends Realty also foreshadowed its future fees motion in that opposition, noting "[a]ny outcome in this case other than a money judgment for AAP may (indeed should) result in its exposure for all of the defendants' attorney fees pursuant to Kirtsaeng and § 505." DE 158 p.10.

The district court convened a hearing, heard argument of counsel, and ultimately granted AAP's motion in full. DE 169, 170, 172, and 186. Although the district court recognized the considerable expense which AAP put the defendants

through ("I think you've expended great effort in this case and represented your client quite well") DE 186 p.19:9, it concluded that because there was no actual out of pocket expense to Trends Realty, that the equities favored dismissal: "it's clear that Defense Counsel has expended great effort, and I commend you for your vigorous advocacy; but the fact remains that Defendant himself has not been put to that considerable expense that can really be deemed prejudicial at this point." DE 186 p.35:19. The trial court subsequently entered a two-page written order granting AAP's motion "[f]or the reasons stated in open court" and included the two conditions which AAP requested. DE 170. After AAP filed a dismissal according to the order, DE 171, the court then entered a final order dismissing the case without prejudice, bringing the action to conclusion. DE 172.

### E. The Court grants the parties' joint motion to bifurcate Trends Realty's claim to attorney's fees on entitlement only, and the defendants file their fees motion

Pursuant to the local rules of the Southern District of Florida and Rule 54(d)(2)(C), Trends Realty and AAP jointly agreed to present the matter of defendants' claim to attorney's fees solely on the issue of entitlement first. Twelve days later, the court granted that motion. DE 175. Trends Realty then filed its motion seeking an order of entitlement to its attorney's fees pursuant to Rule 68 as well as the Copyright Act. DE 176.

AAP opposed Trends Realty's fees motion and limited its arguments,

addressing only two issues: (1) whether the dismissal orders are judgments for purposes of Rule 68 and (2) whether the defendants were the prevailing parties for purposes of § 505. DE 177.[6] It argued that "Plaintiff did not obtain a 'judgment' in its favor." DE 177 p.3-4. On its second point, AAP argued that the statute of limitations had not run, and therefore the dismissal was not effectively with prejudice. DE 177 p.5-15. It further argued that a dismissal without prejudice does not make the defendant the prevailing party, and thus does not "satisfy the Buckhannon test." DE 177 p.7.

Noting the scope of what AAP chose to argue, Trends Realty identified multiple matters which AAP forfeited by failing to argue or oppose. DE 178. In particular, AAP did not dispute that *it* obtained the dismissal orders. DE 178. It did not dispute that the dismissal orders were *appealable* orders. DE 178. It made no argument whatsoever regarding its CMI removal claim. DE 178. And it offered no opposition to whether the Copyright Act's purposes were served by awarding the defendants their attorney's fees. DE 178. Nor did it argue against the applicability of CRST as the framework for analyzing whether a defendant is the prevailing party. DE 178.

---

[6] As Trends Realty pointed out, AAP only contested arguments presented in Sections I.C. and II.B.1. of the fees motion. DE 178 at 4-6.

### F. The court *sua sponte* recharacterizes Trends Realty's fees entitlement as a motion for reconsideration of the dismissal orders, and then denies it on that basis

After briefing concluded, the district court entered an order denying Trends Realty's fees motion without hearing. DE 180. The court summarized the proceedings, correctly noting that Trends Realty opposed AAP's Rule 41 motion for voluntary dismissal, and that the court had granted that motion in full. DE 180 p.1-2. The district court then characterized Trends Realty's fees motion as "effectively seek[ing] reconsideration of the Court's Order Granting Plaintiff's Motion to Voluntarily Dismiss" and then concluded that "[r]econsideration is not warranted." DE 180 p.2-3. The order then cited cases addressing when a motion for reconsideration (rehearing) is appropriate. DE 180 p.3.

In its discussion, the district court believed that Trends Realty's entitlement statutory- and rule-based entitlement issue was "a new theory that Defense counsel could have raised, but never did." DE 180 p.3. Though not citing any authority, the district court concluded that Trends Realty "should have raised these arguments" earlier at the Rule 41 dismissal hearing. DE 180 p.3. Consistent with its reconsideration-based analysis, the district court noted that the fees motion did not identify new evidence or an intervening change in controlling law and that the "laudable principle" of "incentivizing vigorous representation in copyright cases ... simply does not support any finding of manifest injustice or clear error." DE 180

9

p.4. The district court also stated that it would not rule on Trends Realty's entitlement because they were "untimely raised theories." DE 180 p.5.

### G. Trends Realty seeks reconsideration of the denial of its fees motion, which the court quickly denies

Trends Realty then sought reconsideration of the order, arguing that the basis of the district court's ruling was error. DE 181. Trends Realty expressly noted that its fees motion did not seek to disturb the dismissal, and argued that the district court had decided the fees motion on a basis outside what was presented to it by the parties. DE 181. The court quickly denied reconsideration, maintaining that "the issue of Defendants' entitlement to attorney's fees was squarely before the Court on Plaintiff's Motion for Voluntary Dismissal" and that there is no "good cause for the Court to change the conditions of that dismissal." DE 182. It made clear that it believed Trends Realty's fees motion was "requesting the Court to change the conditions of its Order granting Plaintiff leave to voluntarily dismiss." DE 182. Trends Realty now appeals that denial of its fees entitlement.

## SUMMARY OF THE ARGUMENT

The district court's order applied a reconsideration-based "manifest injustice or clear error" standard to a post-judgment motion for attorney's fees—contravening the requirements of Rule 68 and this Court's directive in <u>MiTek Holdings, Inc. v. Arce Eng'g Co.</u>, 198 F.3d 840, 842 (11th Cir. 1999).

The district court failed to view the fees application as a post-judgment request, failed to apply Rule 68, did not identify a prevailing party, and did not weigh the factors under <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517 (1994) for purposes of a fee award under the Copyright Act. Trends Realty rebuffed AAP's claims and the statute of limitations ran—even while AAP procured the case-ending judgment, thus subjecting AAP to the penalties of Rule 68.

On *de novo* review, this Court should reverse the order, find <u>Jordan v. Time, Inc.</u> controls the Rule 68 issue, find <u>MiTek</u> controls as to the Copyright Act, and further find the defendants are the prevailing parties pursuant to <u>CRST</u>.

This Court may also find Trends Realty is entitled to its attorney's fees in the first instance because doing so fulfills the purpose of the Copyright Act and avoids continuing the fees litigation, consistent with <u>Hensley v. Eckerhart</u>, 461 U.S. 424 (1983).

# ARGUMENT

## I.    THE TRIAL COURT ERRED AS A MATTER OF LAW BY DENYING DEFENDANTS' ATTORNEY'S FEES UNDER RULE 68

This Court reviews *de novo* a trial court's interpretation and application of a Rule 68 motion. <u>Jordan v. Time, Inc.</u>, 111 F.3d 102, 105 (11th Cir. 1997); <u>Simon v. Intercontinental Transp. (ICT) B.V.</u>, 882 F.2d 1435, 1439 (9th Cir. 1989) (applying *de novo* review on whether a judgment "satisfie[s] the requirements of Rule 68"). Ruling on a motion presented under Rule 68 does not include any judicial discretion. <u>Jordan</u>, 111 F.3d at 105 ("the mandatory language of the rule leaves no room for district court discretion"). Thus, orders on Rule 68 applications for costs are non-discretionary decisions which an appellate tribunal may analyze anew.

### A.    A post-judgment application for Rule 68 attorney fees is not necessarily adjudicated in a Rule 41 dismissal motion

#### 1.    The trial court applied the wrong legal standard by analyzing and denying Trends Realty's fees motion through a lens of reconsideration of the dismissal order

In ruling upon Trends Realty's fees motion, the trial court erroneously recharacterized it as one seeking reconsideration of the dismissal order, and in so doing applied incorrect law. There is no doubt about how the court viewed and ruled upon the fees motion, making plain that it believed Trends Realty was required to show "manifest injustice" or "clear error" to be entitled to fees: "although incentivizing vigorous representation in copyright cases is worthwhile, that laudable

principle in theory simply does not support any finding of manifest injustice or clear error on this record." DE 180 p.4. This Court should reverse that order as applying the wrong legal standard.

The correct legal standard is found in Rule 68 itself, requiring a court to (1) determine whether there is a judgment that the plaintiff obtained, and (2) compare that judgment to the offer made and then (3) determine whether the offer is more favorable than the judgment. Fed. R. Civ. P. 68(d); see also Vasconcelo v. Miami Auto Max, Inc., 981 F.3d 934, 944 (11th Cir. 2020) (rejecting other factors in the comparative analysis). A motion for attorney's fees pursuant to Rule 68 embodies no discretion whatsoever. See Jordan, 111 F.3d at 105. Rule 68 has nothing to with equitable discretion or any analysis of what events transpired in the case. See id.

As a matter of logic, Trends Realty's motion as to fees *entitlement*—brought under Rule 68 and predicated on the case-ending dismissal—could only have been filed once there was a judgment that AAP obtained. At the time of briefing on AAP's request for a voluntary dismissal a live case or controversy remained; AAP's claims were still pending, and thus no "judgment" that it had yet obtained.[7] While the district court found this logic "baseless," it is rooted in the plain language of Rule

---

[7] While Rule 68 might allow a defendant to disclose the existence of an unaccepted offer—and thus *influence* the court's equitable discretion on whether to *condition* dismissal on payment of fees—the requisite judgment for seeking a Rule 68 fee award simply does not exist at the moment of briefing on an adversary's Rule 41 motion for voluntary dismissal.

68 and commonsense.

In contrast to a Rule 68 proceeding, a motion for voluntary dismissal under Rule 41(a)(2) is discretionary and rooted in a court's equitable powers by which it may retrospectively survey the landscape of the case and deny such a motion or fashion conditions to protect the defendant. Potenberg v. Boston Sci. Corp., 252 F.3d 1253, 1259 n.5, 1259-60 (11th Cir. 2001); Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502 (11th Cir. 1991).

Trends Realty's fees motion made explicit that it was being presented under Rule 54 and Rule 68, argued law based on offers of judgment and fees pursuant the Copyright Act, and sought relief "pursuant to Rule 68" and "pursuant to § 505 of the Copyright Act." DE 176 p.1 and 25. Nowhere in the motion papers did any of the parties even mention reconsideration or Rules 59 or 60, let alone suggest the prior dismissal orders should be modified. Indeed, the entire basis of Trends Realty's Rule 68 argument is premised on those very orders.

As the movant, Trends Realty was the "master to decide what law [it] will rely upon" in presenting its arguments to the court. Cf. The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913). By recharacterizing the fees motion as one seeking reconsideration of the dismissal, the district court overrode Trends Realty's procedural choice, effectively deciding the motion against Trends Realty without addressing any of its substance. That *sua sponte* recharacterization is error.

14

In an effort to make clear what it was seeking, Trends Realty requested the district court reconsider the fees order, emphatically stating that it "did not seek to disturb the dismissal orders." DE 181 p.7. The district court declined to revisit its prior fees order, asserting that "the issue of Defendants' entitlement to attorneys' fees was squarely before the Court on Plaintiff's Motion for Voluntary Dismissal." DE 182. The district court essentially conflated Rule 41 dismissal conditions with post-judgment Rule 68 entitlement.

A motion for *entitlement* to fees is an "independent proceeding supplemental" to the main action. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990); see also Kirtsaeng v. John Wiley & Sons, Inc., 568 U.S. 519, 136 S. Ct. 1979, 1988 (2016) (characterizing Copyright Act fees litigation as a "post-lawsuit lawsuit"). Because a request for attorney fees "raises legal issues collateral to the main cause of action" it is an issue "to which Rule 59(e) was never intended to apply." White v. New Hampshire Dep't of Emp't Sec., 455 U.S. 445, 451 (1982). Thus, "fee questions are not inherently or necessarily subsumed by a decision on the merits." Id. at 451 n.13. A motion for attorney's fees "seeks what is due **because of** the judgment" and therefore is "unlike a motion to alter or amend a judgment." Id. (quoting Knighton v. Watkins, 616 F.2d 795, 797 (1980)) (emphasis supplied). This Court has recognized similarly. A fees motion, is "not a request for a modification of the original decree." PTA-Fla, Inc. v. ZTE USA Inc., 844 F.3d 1299, 1308 (11th Cir.

15

2016) (quoting <u>Cooter & Gell</u>). Yet that is precisely how the trial court construed the fees motion. Effectively the district court ruled that Trends Realty could never avail itself of the protections of Rule 68. That decision is legal error and should be reversed.

### 2. The trial court erred procedurally in its conclusion that Trends Realty's fees motion was "untimely"

The trial court also erred procedurally by concluding that Trends Realty's arguments were "untimely raised theories." Although the district court did not cite any procedural rule in reaching that timeliness decision, to the extent that it based the denial on unstated procedural grounds, that would also be legal error. Trends Realty's fees motion was not untimely.

The local rules of the Southern District of Florida significantly modify the process by which litigants proceed on a motion for attorney's fees, setting forth a pre-filing conferral and response process before a 60-day post-judgment deadline for filing a fees motion. S.D. Fla. L.R. 7.3(a)(1) and (b).

Trends Realty's fee motion followed the requirements of the local rule and was filed with the district court 58 days after the order granting AAP's motion for voluntary dismissal, and thus within the 60-day deadline. <u>Compare</u> DE 170 (Jan. 4, 2023) <u>with</u> DE 176 (Mar. 3, 2023). Although the trial court's order does not suggest any time-based violation of Local Rule 7.3 or Rule 54, it nevertheless appears to have made an erroneous procedural ruling that somehow Trends Realty's post-

judgment fee motion was untimely. That too is incorrect.

### B. Trends Realty is entitled to attorney's fees pursuant to Rule 68 and <u>Jordan v. Time, Inc.</u>

As a *de novo* review of the record shows, Trends Realty is entitled to a fee award as a matter of law pursuant to its unaccepted offer of judgment. A court must award costs whenever a plaintiff obtains a judgment less favorable than a defendant's offer. Fed. R. Civ. P. 68(d). Rule 54 defines what a judgment is under Rule 68, and that includes appealable orders, which the dismissal order is. AAP obtained that judgment and which is less favorable than Trends Realty's offer. In this copyright appeal, <u>Jordan</u> controls the outcome. The defendants need not be adjudicated the prevailing party to trigger the applicability of Rule 68 in their favor. <u>See</u> <u>Tunison v. Continental Airlines Corp.</u>, 162 F.3d 1187, 1190, 1192-93 (D.C. Cir. 1998) (finding that a $0 judgment in plaintiff's favor did not make plaintiff the prevailing party, and finding defendant's Rule 68 offer was enforceable).

### 1. The dismissal orders are judgments according to the plain language of Rule 54 because they were final, appealable orders, and thus constitute a judgment under Rule 68

The rules of procedure are to be given their plain meaning. <u>Sargeant v. Hall</u>, 951 F.3d 1280, 1283 (11th Cir. 2020) (quoting <u>Bus. Guides, Inc. v. Chromatic Commc'ns Enters., Inc.</u>, 498 U.S. 533, 540 (1991). Rule 68 speaks in terms of the "judgment" that a plaintiff must "obtain." Fed. R. Civ. P. 68(d).

Although Rule 68 does not define judgment, Rule 54 does. In no uncertain

terms, Rule 54 defines the word "judgment" as "includ[ing] ... any order from which an appeal lies." Fed. R. Civ. P. 54(a). Notably, the rule speaks in exemplary terms, with the key word "includes" followed by a short list of one or two examples.[8] Id. When drafted that way, this Court construes the scope of the antecedently-identified word as being broad and exemplified by the non-exhaustive list. See U.S. v. Howard, 742 F.3d 1334, 1348 (11th Cir. 2014) (specific items that follow "the word 'includes' in the statute are non-exhaustive examples of items that qualify" as coming within the scope of the preceding word being defined) (citing Jean v. Nelson, 863 F.2d 759, 777 (11th Cir. 1988) ("where the drafters used the word 'includes' they intended to provide a non-exhaustive list of examples to clarify the meaning of the term")); see also Stansell v. Revolutionary Armed Forces of Colombia, 704 F.3d 910, 915 (11th Cir. 2013) ("the term 'means' denotes an exhaustive definition, while 'includes' is merely illustrative").

Rule 54 also specifically applies its non-exhaustive, broad definition of "judgment" expressly into the other rules using that term: "as used in these rules." Fed. R. Civ. P. 54(a).

Consistent with that definition, this Court has recognized that an order entered

---

[8] To the extent the phrase "from which an appeal lies" modifies both "decree" and "order" such that there are two examples in that list rather than one, the same result obtains because the rule makes clear that however styled, a ruling is a "judgment" whenever it is that "from which an appeal lies."

on a motion for voluntary dismissal under Rule 41(a)(2) is a "judgment" as such. Kirkland v. Nat'l Mortg. Network, Inc., 884 F.2d 1367, 1370 (11th Cir. 1989) ("[t]he district court's order granting voluntary dismissal without prejudice under Rule 41(a)(2) is final and appealable ... and [is] a final judgment"); see also Thomas v. Early Cty., GA, 360 F. App'x 71, 73-74 (11th Cir. 2010) (observing that "the case was dismissed and judgment [was] entered" after the plaintiffs moved for a voluntary dismissal and the defendants stipulated to that dismissal).[9] The Federal Circuit likewise recognizes a stipulated Rule 41 dismissal is a judgment. Keith Mfg. Co. v. Butterfield, 955 F.3d 936, 940 (Fed. Cir. 2020) (reversing trial court's denial of fees and concluding a stipulated dismissal with prejudice is a judgment for purposes of Rule 54). And as a matter of ordinary meaning, this Court has interpreted the word "judgment" as potentially including "any decision made by a court." Patel v. U.S. Attorney Gen., 971 F.3d 1258, 1273-75 (11th Cir. 2020) (en banc) aff'd sub nom Patel v. Garland, 142 S. Ct. 1614 (2022).

---

[9] Here, the district court's initial order leaving it up to AAP to subsequently file a dismissal and then later entering another order was contrary to the plain language of Rule 41. See Fed. R. Civ. P. 41(a)(2) (requiring that "an action may be **dismissed** ... only **by court order**") (emphasis supplied). This stepwise process of instructing a plaintiff to file a dismissal in an initial order that does not itself dismiss the case is not contemplated by the rule. Rather, an order granting a voluntary dismissal should be *the* final order of dismissal, specifying the conditions imposed, and bringing all further judicial labor to an end. Cases suggesting a plaintiff may decide whether to accept the conditions (e.g., Yoffe v. Keller Indus., Inc., 582 F.2d 982, 983 (5th Cir. 1978)) are procedurally wrong as contrary to the plain language of Rule 41(a)(2).

From a policy standpoint, finding that a late-stage requested dismissal in the face of an impending adverse ruling is a "judgment" is also consistent with the rule's purpose "to discourage litigiousness and unnecessarily prolonged litigation." Ass'n of Disabled Americans v. Neptune Designs, Inc., 469 F.3d 1357, 1360 n.4 (11th Cir. 2006). Otherwise Rule 41 would be used as an escape hatch by abusive litigants to circumvent Rule 68's consequences with impunity, which is exactly what AAP attempted here.

The orders, entered on a voluntary dismissal, are appealable, and thus definitionally judgments under Rule 54(a). Rule 68 does not specifically redefine "judgment" and therefore the prescribed definition under Rule 54 applies. The dismissal orders here are singularly and collectively[10] a "judgment" sufficient to satisfy Rule 68's requirements.

### 2.  AAP requested and obtained the judgment of dismissal

Rule 68 also requires an analysis of who received or "obtained" the judgment. Fed. R. Civ. P. 68(d). Here, AAP obtained the dismissal orders.

The word "obtained," when used as a transitive verb, means "to come into possession of, or procure, as by effort or request." THE NEW CENTURY DICTIONARY 1169 (1948). Rule 41 includes part of that very definition, requiring a plaintiff to make a "request" to the court to obtain that relief. Fed. R. Civ. P. 41(a)(2). And when

---

[10] See n. 10, *supra*.

a trial court grants a Rule 41(a)(2) request by its order, "the plaintiff has acquired that which he sought." <u>Versa Prods., Inc. v. Home Depot, USA, Inc.</u>, 387 F.3d 1325, 1327 (11th Cir. 2004); <u>Yoffe v. Keller Indus., Inc.</u>, 580 F.2d 126, 129 (5th Cir. 1978) (same).

Trends Realty did not obtain the dismissal. Were there any doubt, the record makes clear that it sought to prevent AAP from dismissing given the considerable defensive effort to that point and its multiple requests for a summary judgment which the trial court repeatedly denied without prejudice. DE 158.

### 3. The dismissal orders were both less favorable than Trends Realty's Rule 68 offer

The comparative step of Rule 68 to the facts here is straightforward. The judgment of voluntary dismissal that AAP obtained was not more favorable than Trends Realty's offer of $750. AAP secured no affirmative relief whatever. No equitable relief is involved, and AAP never argued below (and thus abandoned) the favorability issue. <u>GolTV, Inc. v. Fox Sports Latin Am. Ltd.</u>, 277 F. Supp. 3d 1301, 1311 n.7 (S.D. Fla. 2017). Trends Realty's offer was more favorable than AAP's dismissal orders, thus entitling Trends Realty to its costs pursuant to Rule 68, and in turn its attorney's fees pursuant to <u>Jordan</u>.

Because the language of both Rule 68 and Rule 54 is not susceptible of an interpretation other than their respective plain meanings, and the orders of dismissal are definitionally a judgment, the trial court had "no more discretion to disregard the

Rule's mandate than [it would] to disregard constitutional or statutory provisions." Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988). The purpose behind Rule 68 is fulfilled under the circumstances of this case, where AAP failed to give Trends Realty's offer "serious consideration," thus forcing Trends Realty to defend against AAP's objectively unreasonable infringement claims. Vasconcelo, 981 F.3d at 942. Jordan controls the outcome here, and the lower court's order must be reversed and substituted with a mandate from this Court finding that Trends Realty is entitled to its attorney's fees for defending against AAP's claims.

## II.    TRENDS REALTY WAS THE PREVAILING PARTY AS A MATTER OF LAW

A *de novo* standard also applies to a determination of whether a party is a prevailing party. Dionne v. Floormasters Enters., Inc., 667 F.3d 1199, 1203 (11th Cir. 2012) ("Whether a plaintiff is a 'prevailing party' is also reviewed *de novo*."). While "entitlement to attorney's fees is a question of law," Equitable Life Assurance Soc'y of U.S. v. MacGill, 551 F.2d 978, 983 (5th Cir. 1977),[11] a court has discretion under the Copyright Act to award fees to the prevailing party, Kirtsaeng v. John Wiley & Sons, Inc., 568 U.S. 519 (2016).

---

[11] Binding precedent pursuant to Bonner v. City of Prichard Ala., 661 F.2d 1206 (11th Cir. 1981).

### A. The fees order must be reversed as to Trends Realty's Copyright Act entitlement because the district court applied the wrong law and erred procedurally

For the same reasons the district court erred as to Trends Realty's Rule 68 entitlement also compels reversal as to Trends Realty's claim under §§ 505 and 1203: the court applied the wrong legal standard.

This Court reviews a district court's decision to deny or grant fees under the Copyright Act by determining whether the lower court "weighed the relevant factors." <u>MiTek Holdings, Inc. v. Arce Eng'g Co.</u>, 198 F.3d 840, 842 (11th Cir. 1999) (quoting <u>Montgomery v. Noga</u>, 168 F.3d 1282, 1303 (11th Cir. 1999)). The relevant factors may include, but are not limited to those announced in <u>Fogerty v. Fantasy, Inc.</u>, 510 U.S. 517 (1994); <u>Kirtsaeng</u>, 136 S. Ct. at 1985 (citing <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 140, n., (2005) (noting that <u>Fogerty</u> was not intended to be the end of the matter)).

In contrast, a Rule 41 dismissal does not speak in terms of a prevailing party, and none of the <u>Pace</u> dismissal factors include such an evaluation when ruling on a contested motion for voluntary dismissal. <u>Pontenberg v. Boston Scientific Corp.</u>, 252 F.3d 1253, 1258-59 (11th Cir. 2001). A live controversy remains until the court decides a Rule 41(a)(2) motion. <u>See</u> Fed. R. Civ. P. 41(a)(2) (a voluntary dismissal occurs and is operative "by court order").

Here, the district court erred when it did not identify a prevailing party and

did not evaluate any of the <u>Fogerty</u> factors. <u>MiTek</u> controls as to the order's denial of fees under the Copyright Act. And for the same reasons articulated *supra*, Section I.A.2., the court also erred procedurally. Thus, the order should also be reversed as having applied the wrong law with respect to entitlement under the Copyright Act.

Nevertheless, this Court can first determine Trends Realty is the prevailing party on *de novo* review.

### B. Defendants are the Prevailing Party pursuant to §§ 505 and 1203 because they rebuffed all of AAP's claims

The only preconditions to an award of fees under the Copyright Act is that the party receiving the fee be the prevailing party and that the amount of the award be reasonable. <u>Original Appalachian Artworks, Inc. v. Toy Loft, Inc.</u>, 684 F.2d 821, 832 (11th Cir. 1982). Critically, however, a defendant's status as prevailing party is not measured by the same standard. Instead, a commonsense analysis is used to determine whether the defendant "rebuffed" the plaintiff's claims. <u>Beach Blitz Co. v. City of Elizabeth</u>, 13 F.4th 1289, 1297 (11th Cir. 2021) (block quoting <u>CRST Van Expedited, Inc. v. EEOC</u>, 578 U.S. 419, 431 (2016)). In <u>CRST</u> the Supreme Court rejected an "on-the-merits requirement for a defendant to obtain prevailing party status" because it "would undermine [] congressional policy by blocking a whole category of defendants for whom Congress wished to make fee awards available." <u>CRST</u>, 578 U.S. at 432.

First, as to AAP's CMI removal claim, it admitted it didn't have a case and

withdrew the claim. DE 76-1 p.6. It was a frivolous claim, and Trends Realty prevailed on it under § 1203(b)(5) by AAP's own admission. DE 136-1 p.157:14 ("I admit that the version we sent [for the property listing] didn't have the CMI.").

Second, on its infringement claims, AAP "threw in the towel" and received nothing by its action, thus making Trends Realty the prevailing party. Riviera Distribs., Inc. v. Jones, 517 F.3d 926 (7th Cir. 2008). That remains true even though AAP requested and obtained the dismissal. While this Court has questioned whether certain procedural events "might or might not retain 'vitality in the wake of CRST" for purposes of identifying a prevailing party it has left "these issues for resolution the future." Beach Blitz, 13 F.4th at 1301 (quoting Manhattan Rev. LLC v. Yun, 919 F.3d 149, 153 (2d Cir. 2019). This case presents one of those issues, and an objective review of the record shows that Trends Realty prevailed.

CRST abrogated the requirement of "judicial imprimatur" for prevailing defendants. The Supreme Court initially discussed Buckhannon Bd. & Care Home, Inc. v. W. Va Dep't of Health and Human Res., 532 U.S. 598 (2001) but then transitioning to is decision on the issue presented noted that it "has not set forth in detail how courts should determine whether a defendant has prevailed." CRST, 578 U.S. at 422. The court did not again mention either Buckhannon or "judicial imprimatur" in its subsequent analysis. See id. Irrespective of whether Buckhannon applies, the dismissal orders are each separately and collectively a judicially

sanctioned result, satisfying any such requirements.

The orders adjudicated AAP's concession to pay the defendants' costs and the dismissal relief was not something which AAP alone could have unilaterally obtained. See Section I.B.2., *supra*. Besides the Rule 41's requirement of a court order, the decretal language of the district courts orders, "**ORDERED AND ADJUGED**" on the January 4, 2023, order, DE 170 and that the case was "**DISMISSED WITHOUT PREJUDICE**" followed by "**DONE AND ORDERED**" on the January 6, 2023, order, DE 172, further show both judicial action as such, and the requisite official printing[12] of the result. The Ninth Circuit has also observed that the majority of circuits, including the Eleventh, do not require "judicial action other than a judgment on the merits or a consent decree" to satisfy Buckhannon. Cabonell v. INS, 429 F.3d 894, 901-02 (9th Cir. 2005) (alternatively describing "judicial imprimatur" as "judicial sanction"). Consequently, judicial action other than a judgment on the merits or a consent decree can support an award of attorney's fees. See Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1319 (11th Cir. 2002) (concluding that a judgment on the merits or a consent decree were an "overly narrow" reading of Buckhannon). Regardless, at a minimum, CRST abrogates the requirements for prevailing defendants to show either a material

---

[12] The word "imprimatur" merely means "to imprint" or "let it be printed." See WEBSTER'S SEVENTH NEW COLLEGIATE DICTIONARY, 420 (1969).

change in the relationship between the parties.

The closest case here is that in Riviera Distributors. There, the plaintiff brought a copyright infringement action, but ultimately asked for a voluntary dismissal without prejudice, stating that it "lacked the evidence" to continue litigating but "hop[ed] to acquire better evidence in the future." Riviera Distribs., 517 F.3d at 927. The district court granted the motion, but dismissed with prejudice. Id. The defendant thereafter sought fees as the prevailing party under the Copyright Act, but because the plaintiff claimed it might refile suit, the district court denied the defendants' fees. Id. The district court there reasoned that "there has been no evidence of lack of merit to [the plaintiff's] copyright infringement claims and no finding with respect to the merits. Id. at 928. The Seventh Circuit reversed, holding that that the defendant was the prevailing party not because of the dismissal with prejudice, but because the plaintiff "threw in the towel." Id. It rejected the notion that "the content of a judge's opinion is what makes a litigant a prevailing party." Id. This Court should apply CRST, follow Riviera Distributors, and find that the defendants are the prevailing parties.

A practical examination of the record here shows AAP gave up, permanently. It said "it is simply not worth the continued effort to obtain a judgment." DE 155 p.3. But in no future suit would it be either, because it *agreed* to pay the defendants' fees if it refiled, DE 155 p.15, and that was an amount at least half of what it

27

characterized as "exceed[ing] $200,000," DE 155 p.3. In the same breath, AAP also recognized its case value, on "actual damages may not exceed $5,000." DE 155 p.2. The obvious result of AAP's own statements is that no future actual-damages-only copyright infringement case would ever be worth the effort for AAP against Trends Realty. AAP's request was made precisely to *avoid* litigation, not to quickly restart it anew based on some tactical error by its attorneys. DE 155 p.2 (AAP "is willing to accept the removal of the photograph as its sole relief" to avoid "further onslaughts and novel legal arguments"). AAP's request simply gamed the proceedings below. Yet the Copyright Act eschews any rigid rule that would invariably find that whenever a plaintiff obtains a voluntary dismissal without prejudice under Rule 41(a)(2) definitively means a defendant cannot be a prevailing party. The commonsense rebuffing approach required by <u>CRST</u> applies, and an objective review of the record shows that Trends Realty prevailed.

### C. Trends Realty is also the prevailing party because the Copyright Act's 3-year statute of limitations has run

Separately, Trends Realty is also the prevailing party because AAP's dismissal, even ostensibly without prejudice, is effectively *with* prejudice as a result of the running of the statute of limitations. A plaintiff cannot refile the same action outside the limitations period, and any dismissal purporting to be without prejudice where the limitations has expired is "tantamount to a dismissal with prejudice."

Burden v. Yates, 644 F.2d 503, 505 (5th Cir. 1981).[13]

The statute of limitations under the Copyright Act is three years, running from the time the claim accrues. See Nealy v. Warner Chappel Music, Inc., 60 F.4th 1325 (11th Cir. 2023) (finding a discovery rule of claim accrual governs copyright ownership claims). And while the Supreme Court has not yet directly confronted claim accrual under the Copyright Act, SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC, 137 S. Ct. 954, 962 (2017) (noting the issue was not decided by Petrella, but noting it "is not ordinarily true" that the statute of limitations begins to run "when 'a plaintiff knows of a cause of action'"), it has suggested that "[a] copyright claim ... 'accrue[s]' when an infringing act occurs." Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 670 (2014); see also Gabelli v. SEC, 568 U.S. 442, 448 (2013) ("The 'standard rule' is that a claim accrues 'when the plaintiff has a complete and present cause of action.'"). Thus, the Supreme Court has tended to reverse courts' "[a]textual judicial supplementation" if the lower court adds a discovery rule onto a statute of limitations where none is provided. Rotkiske v. Klemm, 140 S. Ct. 355, 360 (2019). Consistent with that growing body of precedent, this Court has recognized that courts "should not graft a discovery rule onto a statute of limitations." Foudy v. Indian River Cnty. Sheriff's Office, 823 F.3d 590, 593-94

---

[13] Binding precedent pursuant to Bonner v. City of Prichard Ala., 661 F.2d 1206 (11th Cir. 1981).

(11th Cir. 2016).

The plain language of 507 shows there is no knowledge or discovery provision. 17 U.S.C. § 507(b). It states: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." Id. By its plain language both infringement actions under § 501 and CMI removal actions under § 1201(a)(1)(A) are civil actions "under the provisions of this title." Id.; see also 17 U.S.C. § 1201(a)(3)(A) (defining a circumvention claim under 1201(a)(1)(A) as including any "means to ... avoid, bypass, remove, deactivate, or impair a technological measure, without the authority of the copyright owner").

Here, the statute of limitations ran on both the infringement and CMI claims no later than June 14, 2021. Trends Realty testified that the subject image was uploaded to the website on March 14, 2018. DE 146 at p.2, ¶4. Trends Realty finished developing the website by June 14, 2018, and did not republish or otherwise modify its website thereafter. DE 146 at p.2, ¶7. And critically, AAP conceded that the Internet Archive of Trends Realty's website, as of April 19, 2018, showed the image thereon. DE 166 p.2, ¶4, and DE 146-2 p.2. AAP never argued for equitable tolling of the statute. See Prather v. Neva Paperbacks, 446 F.2d 338, 339 (5th Cir. 1971) (declining to toll the 1909 Copyright Act's near-identical statute of limitations because "there are no circumstances here sufficient to excuse plaintiff's lack of knowledge"). It brought suit on August 2, 2021, DE 1, outside the limitations period.

30

AAP may never refile suit, even if the decretal language of the dismissal states otherwise. Burden, 644 F.2d 505. Trends Realty is the prevailing party as a matter of law for the separate reason that the statute of limitations has run.

This Court should thus find, on *de novo* review, that Trends Realty prevailed both for rebuffing AAP's claims, and the running of the statute.

### III.    NEITHER TRENDS REALTY NOR COUNSEL WAIVED ANY CLAIM TO ATTORNEY'S FEES

While the district court's order never cited any law respecting waiver of fees entitlement, to the extent it can be read as holding that the defendants or their counsel waived any claim to attorney's fees, that too is error. A local program to assist indigent litigants does not supersede the congressional purposes of fee awards under the Copyright Act, nor can it redefine or interfere with the relationship between attorney and client. To the extent the order made any factual finding, that would be an abuse of discretion and clearly erroneous.

The Supreme Court has found that even where a fee award benefits a legal services corporation which provided its services free of charge to a client, that does not justify a refusal to make an award where congressionally authorized. New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 70-71, n.9 (1980) (rejecting the argument that fees be disallowed where a litigant is represented by a public interest group) (citing both Torres v. Sachs, 538 F.2d 10 (2d Cir. 1976) (rejecting argument that fees be discounted to reflect "publicly financed legal services organizations [that] supply

counsel") and <u>Reynolds v. Coomey</u>, 567 F.2d 1166 (1st Cir. 1978) (similar)).

Further, the local program here expressly contemplates that fees may be awarded to counsel appearing through it: "In the event of an award of attorney's fees or costs to pro bono counsel..." <u>Assistance with Litigation Expenses (Pro Bono)</u>, U.S. Dist. Ct. for the S. Dist. of Fla., (Jul. 31, 2023, 11:09 PM), https://www.flsd.uscourts.gov/assistance-litigation-expenses-pro-bono. Consistent with the law and the program itself, Trends Realty sought to ensure clarity in the record from defense counsel's very first appearance, making explicit that the defendants and counsel claimed entitlement to attorneys' fees. DE 18. Thus the record does not support, to the extent the district court found, that fees should not be awarded because of how defense counsel and defendants were introduced or how counsel appeared in the case. Indeed, the district court's dismissal order requiring payment of Trends Realty's fees *in this case*, if AAP refiled shows that there was no waiver.

Accordingly, to the extent the trial court made a factual finding with respect to Trends Realty's entitlement, that finding was both an abuse of discretion and clearly erroneous, and must be reversed.

## IV.   ENTITLEMENT SHOULD BE FOUND BY THIS COURT AND THE SCOPE OF REMAND SHOULD BE LIMTED TO AMOUNT

### A. This Court should decide entitlement, which is consistent with the Supreme Court's directive in <u>Hensley</u>

This Court has found that it may "resolve, instead of remand, fee determination issues" because doing so "is consistent with the Supreme Court's directive in <u>Hensley</u>" to avoid "a second major litigation." <u>ACLU of Ga. v. Barnes</u>, 168 F.3d 423, 432 (11th Cir. 1999) (quoting <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983)); <u>see also</u> <u>Softball Country Club-Atlanta v. Decatur Fed. Sav. and Loan Ass'n</u>, 121 F.3d 649 (11th Cir. 1997) (extensively reviewing the trial court proceedings, reversing the trial court's denial of attorney's fees, and "render[ing] judgment for Plaintiffs" on the fees issue); <u>Am. Disability Ass'n, Inc. v. Chmielarz</u>, 289 F.3d 1315 (11th Cir. 2002) (reversing district court's denial of fees entitlement under 42 U.S.C. § 12205 and remanding for determination of amount); <u>United States v. Gilbert</u>, 198 F.3d 1293, 1296 (11th Cir. 1999) (reversing denial of fees entitlement under the Hyde Amendment, 18 U.S.C. § 3006A (1997)); <u>Williams v. City of Fairburn, Ga.</u>, 640 F.2d 635, 636 (5th Cir. 1981) (reversing denial of fees entitlement under 42 U.S.C. § 1988 and remanding only for "a determination of the proper amount"). The Copyright Act's plain language speaks in terms of "the court" and is not limited to district courts making the entitlement determination. 17 U.S.C. § 505; <u>see also</u> <u>Live Face on Web, LLC v. Cremation Soc'y of Ill., Inc.</u>, Case No. 22-1641,

33

2023 U.S. App. LEXIS 20965 at *2 (7th Cir. Aug. 11, 2023).

Rule 68 is purely a *de novo* review, and requires no factfinding. See Jordan, 111 F.3d at 105. Thus, this Court need not remand as to entitlement on that basis.

This Court should to likewise as to entitlement under the Copyright Act. For purposes of entitlement under the Act, proceedings by one court may be analyzed by another and that court may determine entitlement based on what occurred in the other tribunal. Cf. Serbin, Inc. v. Key West Hand Print Fabrics, Inc., 381 F.2d 735, 736 (5th Cir. 1967) (allowing the district court to make a determination on a copyright litigant's entitlement to appellate fees).

There has already been extensive litigation on the issue of entitlement in the district court on both bases, with a fully-developed record on a question of law, Equitable Life Assurance Soc'y of U.S. v. MacGill, 551 F.2d 978, 983 (5th Cir. 1977) ("entitlement to attorney's fees is a question of law"), and including initial briefing, rehearing briefing by Trends Realty, and now the present appellate briefing. While the court below erred in *how* it disposed of Trends Realty's fees motion, the parties—all of them—should not face yet a fourth round of briefing on the question of entitlement.[14]

---

[14] Even if remanded as to entitlement, AAP's arguments should be limited to those it presented originally to the district court. Cf. Norelus v. Denny's, Inc., 628 F.3d 1270, 1296-97 (11th Cir. 2010) ("An argument not made is waived.") (citing SunAmerica Corp. v. Sun Life Assurance Co. of Can., 77 F.3d 1325, 1333 (11th Cir.

## B. Awarding Trends Realty its attorney's fees treats it similarly to plaintiffs that are awarded fees on default judgments

Finding Trends Realty entitled to a reasonable attorney's fee for defending against an infringement case that AAP ultimately abandoned is similar to the fees which plaintiffs are routinely awarded in default judgments. Failing to find a defendant entitled to fees on a plaintiff's voluntary dismissal, where they have given up, would treat them differently than default judgment obtaining plaintiffs. Live Face, 2023 U.S. App. LEXIS 20965 at *2. Doing so would be expressly contrary to the requirements of evenhandedness under Kirtsaeng. Kirtsaeng, 136 S. Ct. at 1985 ("a court may not treat prevailing plaintiffs and prevailing defendants any differently").

District courts often award plaintiffs such fees on uncontested defaults, including AAP in particular. E.g., Affordable Aerial Photography, Inc. v. Win Capital, LLC, Case No. 1:21-cv-22671 (S.D. Fla. Sept. 1, 2022); Affordable Aerial Photography, Inc. v. VisitWPB.com, Inc., Case No. 9:17-cv-81306 (S.D. Fla. Jul. 6, 2018); Affordable Aerial Photography, Inc. v. Palm Beach Real Estate, Inc., Case No. 9:20-cv-81307 (S.D. Fla. Jul. 6, 2021). And Kirtsaeng applies an "objective reasonableness" standard, the same kind of standard that this Court reviews *de novo* in other contexts. Kirtsaeng, 136 S. Ct. at 1988 (courts "are capable of distinguishing

_____

1996)); United States v. Morris, 259 F.3d 894, 898 (7th Cir. 2001) ("parties cannot use the accident of remand as an opportunity to reopen waived issues").

between [reasonable] defenses (or claims) and the objectively unreasonable variety"); <u>Harris v. Coweta Cnty.</u>, 21 F.3d 388, 390 (11th Cir. 1994) (reviewing *de novo* the record to determine whether defendant-officer had qualified immunity based on an "objectively reasonable" standard).

Trends Realty did exactly what the Copyright Act encourages: "a person defending against a patently meritless copyright claim has every incentive to keep fighting, no matter that attorney's fees in a protracted suit might be more costly than a settlement." <u>Kirtsaeng</u>, 136 S. Ct. at 1986-87. Defendants in particular are disincentivized to fight because they recover no damages by winning; they instead maintain the status quo *ante*. <u>Live Face</u>, 2023 U.S. App. LEXIS 20965 at *2. The Seventh Circuit recently made clear that a defendant rebuffing a copyright infringement claim, particularly litigants who "rebel against" copyright trolls, is essentially "a private attorney general, combating ... a form of extortion." <u>Id.</u> Because of the "asymmetric recoveries" by copyright plaintiffs and defendants, prevailing copyright defendants are "entitled to a very strong presumption in favor of recovering their fees." <u>Id.</u> Indeed, the Seventh Circuit "routinely" even awards defendants their copyright fees itself. <u>Id.</u> (collecting cases).

This Court should, just as the Seventh Circuit does, award the defendants their fees below due to the different bases by which defendants invest in and rebuff a copyright plaintiff's claims.

### C. If entitlement is not decided by this Court, the mandate should make clear that the district court's discretion on remand is exceedingly narrow

Once a court has found a party to be the prevailing party, the zone of discretion to deny attorney's fees is "exceedingly narrow." Church of Scientology v. City of Clearwater, 2 F.3d 1509, 1513 (11th Cir. 1993) (deciding fees under 42 U.S.C. § 1988[15]) (quoting Maloney v. Marietta, 822 F.2d 1023, 1025 (11th Cir. 1987)); accord Live Face, 2023 U.S. App. LEXIS 20965 at *2 ("a district court's discretion [in denying a prevailing copyright defendant] is very narrow").

To the extent this Court remands without deciding entitlement under the Copyright Act, it should make clear in its mandate that the district court's discretion to deny Trends Realty's attorney fees is exceedingly narrow.

## CONCLUSION

This Court should reverse the fees order, render judgment that the defendants are entitled to their attorney's fees pursuant to Rule 68, render judgment that the defendants are also entitled to their attorney's fees pursuant to the Copyright Act, and remand to the trial court to fix the amount of fees. At a minimum, this Court

---

[15] The civil rights fee provision is effectively identical to that found in the Copyright Act. Compare 42 U.S.C. § 1988 ("In any action or proceeding to enforce [various civil rights laws] ... the court, in its discretion, may allow the prevailing party [] a reasonable attorney's fee as part of the costs") with 17 U.S.C. § 505 ("In any civil action under this title .... the court may also award a reasonable attorney's fee to the prevailing party as part of the costs").

should vacate the fees order and remand for the district court to apply the correct law according to Rule 68, <u>CRST</u>, and <u>Kirtsaeng</u>.

Date: August 15, 2023.

        \_\_/s/ Griffin Klema_____
        Griffin C. Klema, Esq.
        Fla. Bar No. 100279
        **Klema Law, P.L.**
        420 W. Kennedy Boulevard
        Tampa, FL 33606
        PO Box 172381
        Tampa, FL 33672
        (202) 713-5292
        Griffin@KlemaLaw.com
        *Counsel for Appellants Trends Realty USA Corp and John Abdelsayed*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 9,875 words, including footnotes.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Times New Roman font.

__/s/ Griffin Klema_____
Griffin C. Klema, Esq.

## CERTIFICATE OF FILING AND SERVICE

I certify that, pursuant to and in compliance with 11th Cir. R. 25-3(f), this Initial Brief was filed with the Clerk of the United States Court of Appeals for the Eleventh Circuit via the Case Management, Electronic Case Filing (CM/ECF) system and e-mailed (unless other service means are indicated) on August 15, 2023, to all counsel of record.

__/s/ Griffin Klema_____
Griffin C. Klema, Esq.