No. 23-11662

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

AFFORDABLE AERIAL PHOTOGRAPHY, INC.

    *Plaintiff-Appellee,*

v.

TRENDS REALTY USA CORP and
JOHN ABDELSAYED,

    *Defendants-Appellants.*

---

An Appeal from a final order of the
    United States District Court for the Southern District of Florida
    No. 21-cv-81331-AMC

---

## APPENDIX

---

Griffin C. Klema, Esq.
Fla. Bar No. 100279
**Klema Law, P.L.**
420 W. Kennedy Boulevard
Tampa, FL 33606
PO Box 172381
Tampa, FL 33672
(202) 713-5292
Griffin@KlemaLaw.com
*Counsel for Appellants Trends Realty*
*USA Corp and John Abdelsayed*

# INDEX TO THE APPENDIX

| Document Description | DE No. |
|---|---|
| District Court Docket | Dkt. |
| Complaint | 1 |
| Answer and Third Party Complaint | 8 |
| Motion for referral to volunteer program | 9 |
| Notice of appearance | 18 |
| Answer, Counterclaim, and Third Party Complaint (with exhibits) | 19 |
| Answer, Counterclaim, and Third Party Complaint (with exhibits) | 30 |
| *Amended* Complaint | 40 |
| Answer, Counterclaim, and Third Party Complaint (with exhibits) | 41 |
| Answer to Counterclaim | 42 |
| Exhibit A to Declaration of Griffin Klema | 76-1 |
| *Amended* Answer to *Amended* Complaint [DE 40] | 96 |
| Deposition transcript of plaintiff's Rule 30(b)(6) corporate representative (Mateusz Rymarski) | 100-1 |
| Stipulation | 105 |
| Exhibit 20 to deposition of plaintiff's Rule 30(b)(6) corporate representative | 107-6 |
| Order denying without prejudice motions for summary judgment | 128 |
| Deposition transcript of deposition of Robert Stevens | 136-1 |
| Exhibit A-2 to declaration of John Abdelsayed | 146-2 |
| Order denying without prejudice motions for summary judgment | 150 |
| *Amended* Answer to *Amended* Complaint [DE 40] | 151 |
| Plaintiff's Rule 41(a)(2) motion for voluntary dismissal | 155 |
| Defendants' opposition to plaintiff's Rule 41(a)(2) motion (with four exhibits) | 158 |

**INDEX, cont'd**

| Document Description | DE No. |
| --- | --- |
| Plaintiff's reply in support of its Rule 41(a)(2) motion | 159 |
| Joint statement of undisputed facts | 166 |
| Minutes of hearing, Jan. 3, 2023 | 169 |
| Order granting plaintiff's Rule 41(a)(2) motion | 170 |
| Notice of voluntary dismissal | 171 |
| Order closing case | 172 |
| Joint motion to bifurcate attorney's fees entitlement | 174 |
| Order granting joint motion to bifurcate | 175 |
| Defendants' motion for attorney's fees entitlement | 176 |
| Defendants' Rule 68 offer to plaintiff | 176-1 |
| Plaintiff's memorandum of law in opposition to defendants' motion for attorney's fees entitlement | 177 |
| Defendants' reply in support of their motion for fees entitlement | 178 |
| Order denying defendants' motion for attorney's fees | 180 |
| Defendants' motion for reconsideration | 181 |
| Order denying defendants' motion for reconsideration | 182 |
| Hearing transcript | 186 |

# District Court

# Docket

Docket

# U.S. District Court
## Southern District of Florida (West Palm Beach)
## CIVIL DOCKET FOR CASE #: 9:21-cv-81331-AMC

Affordable Aerial Photography, Inc. v. Abdelsayed et al        Date Filed: 08/02/2021
Assigned to: Judge Aileen M. Cannon                            Date Terminated: 01/06/2023
Referred to: Magistrate Judge William Matthewman               Jury Demand: Defendant
Case in other court: USCA, 23-11662-F                          Nature of Suit: 820 Copyright
Cause: 17:0101 Copyright Infringement                         Jurisdiction: Federal Question

| Date Filed | # | Docket Text |
|---|---|---|
| 08/02/2021 | 1 | COMPLAINT against John Abdelsayed, Trends Realty USA Corp. Filing fees $ 402.00 receipt number AFLSDC-14892654, filed by Affordable Aerial Photography, Inc.. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Summon(s) Summons John Abdelsayed, # 3 Summon(s) Summons Trends)(DeSouza, Daniel) (Entered: 08/02/2021) |
| 08/02/2021 | 2 | Clerks Notice of Judge Assignment to Judge Aileen M. Cannon.<br><br>Pursuant to 28 USC 636(c), the parties are hereby notified that the U.S. Magistrate Judge Bruce E. Reinhart is available to handle any or all proceedings in this case. If agreed, parties should complete and file the Consent form found on our website. It is not necessary to file a document indicating lack of consent.<br><br>Pro se (NON-PRISONER) litigants may receive Notices of Electronic Filings (NEFS) via email after filing a Consent by Pro Se Litigant (NON-PRISONER) to Receive Notices of Electronic Filing. The consent form is available under the forms section of our website. (pes) (Entered: 08/02/2021) |
| 08/02/2021 | 3 | FORM AO 121 SENT TO DIRECTOR OF U.S. COPYRIGHT OFFICE (pes) (Entered: 08/02/2021) |
| 08/02/2021 | 4 | Summons Issued as to John Abdelsayed, Trends Realty USA Corp. (pes) (Entered: 08/02/2021) |
| 08/04/2021 | 5 | ORDER REQUIRING COMBINED RESPONSES re 1 Complaint, filed by Affordable Aerial Photography, Inc. Signed by Judge Aileen M. Cannon on 8/4/2021. *See attached document for full details.* (ail) (Entered: 08/04/2021) |
| 08/06/2021 | 6 | SUMMONS (Affidavit) Returned Executed on 1 Complaint, with a 21 day response/answer filing deadline pursuant to Fed. R. Civ. P. 12 by Affordable Aerial Photography, Inc.. John Abdelsayed served on 8/6/2021, answer due 8/27/2021. (DeSouza, Daniel) (Entered: 08/06/2021) |
| 08/06/2021 | 7 | SUMMONS (Affidavit) Returned Executed on 1 Complaint, with a 21 day response/answer filing deadline pursuant to Fed. R. Civ. P. 12 by Affordable Aerial Photography, Inc.. Trends Realty USA Corp served on 8/6/2021, answer due 8/27/2021. (DeSouza, Daniel) (Entered: 08/06/2021) |
| 08/26/2021 | 8 | STRICKEN per DE# 16 . ANSWER to Complaint, COUNTERCLAIM against Cornelius McGinnis, Old Palm Real Estate, LLC. by Trends Realty USA Corp, John Abdelsayed. (ail) Modified text on 8/31/2021 (jas). (Entered: 08/26/2021) |

| | | |
|---|---|---|
| 08/26/2021 | 9 | MOTION for Referral to Volunteer Attorney Program by John Abdelsayed. (ail) (Entered: 08/26/2021) |
| 08/26/2021 | 10 | Summons Issued as to Cornelius McGinnis. (ail) (Entered: 08/26/2021) |
| 08/26/2021 | 11 | NOTICE by Affordable Aerial Photography, Inc. *of Appearance*. Attorney James D D'Loughy added to party Affordable Aerial Photography, Inc.(pty:pla). (D'Loughy, James) (Entered: 08/26/2021) |
| 08/27/2021 | 12 | PAPERLESS ORDER granting 9 Defendant John Abdelsayed's Motion for Referral to Volunteer Attorney Program. Defendant John Abdelsayed's request for volunteer counsel is referred for listing on the Court's website of available pro bono cases seeking volunteer lawyers. This is not a guarantee of counsel. Signed by Judge Aileen M. Cannon on August 27, 2021. (ahz) (Entered: 08/27/2021) |
| 08/28/2021 | 13 | MOTION to Strike 8 Answer to Complaint, Counterclaim *as filed by Trends Realty USA* by Affordable Aerial Photography, Inc.. Responses due by 9/13/2021 (DeSouza, Daniel) (Entered: 08/28/2021) |
| 08/28/2021 | 14 | Certificate of Other Affiliates/Corporate Disclosure Statement by Affordable Aerial Photography, Inc. identifying Other Affiliate Robert Stevens for Affordable Aerial Photography, Inc. (DeSouza, Daniel) (Entered: 08/28/2021) |
| 08/30/2021 | 15 | MOTION to Strike 8 Answer to Complaint, Counterclaim by Affordable Aerial Photography, Inc.. Responses due by 9/13/2021 (DeSouza, Daniel) (Entered: 08/30/2021) |
| 08/30/2021 | 16 | ORDER granting 13 Motion to Strike 13 MOTION to Strike 8 Answer to Complaint, Counterclaim *as filed by Trends Realty USA*. Deadline for Defendant John Abdelsayed to obtain new counsel 9/13/2021. Deadline for Defendant Trends Realty to obtain new counsel 9/13/2021. Signed by Judge Aileen M. Cannon on 8/30/2021. *See attached document for full details.* (jas) (Entered: 08/31/2021) |
| 08/31/2021 | 17 | ORDER REFERRING CASE to Volunteer Attorney Program. Signed by Judge Aileen M. Cannon on 8/30/2021. *See attached document for full details.* (jas) (Entered: 08/31/2021) |
| 09/07/2021 | 18 | NOTICE of Attorney Appearance by Griffin C Klema on behalf of John Abdelsayed, Trends Realty USA Corp. Attorney Griffin C Klema added to party John Abdelsayed(pty:cc), Attorney Griffin C Klema added to party John Abdelsayed(pty:dft), Attorney Griffin C Klema added to party Trends Realty USA Corp(pty:dft), Attorney Griffin C Klema added to party Trends Realty USA Corp(pty:cc). (Klema, Griffin) (Entered: 09/07/2021) |
| 09/17/2021 | 19 | ANSWER and Affirmative Defenses to Complaint with Jury Demand , THIRD PARTY COMPLAINT against Old Palm Real Estate, LLC., Cornelius McGinnis, Robert S Stevens, COUNTERCLAIM against Affordable Aerial Photography, Inc. by Trends Realty USA Corp. (Attachments: # 1 Exhibit MLS listing, # 2 Exhibit MLS listing history)(Klema, Griffin) (Entered: 09/17/2021) |
| 09/17/2021 | 20 | Certificate of Other Affiliates/Corporate Disclosure Statement - NONE disclosed by Trends Realty USA Corp (Klema, Griffin) (Entered: 09/17/2021) |
| 09/23/2021 | 21 | Joint SCHEDULING REPORT - **Rule 26(f)** by Affordable Aerial Photography, Inc. (Attachments: # 1 Text of Proposed Order Proposed Scheduling Order)(DeSouza, Daniel) (Entered: 09/23/2021) |
| 09/24/2021 | 22 | ORDER SETTING TRIAL, SETTING PRE-TRIAL DEADLINES, REQUIRING MEDIATION, AND REFERRING CERTAIN MATTERS TO MAGISTRATE JUDGE: Trial set for 9/26/2022 at 9:00 AM in Fort Pierce Division before Judge Aileen M. Cannon., Calendar Call set for 9/20/2022 at 1:45 PM in Fort Pierce Division before Judge |

Aileen M. Cannon., Amended Pleadings due by 1/5/2021., Discovery due by 4/6/2022., Expert Discovery due by 4/6/2022., Joinder of Parties due by 11/5/2021., Dispositive Motions due by 6/13/2022., Motions due by 6/13/2022., Pretrial Stipulation due by 8/26/2022. Signed by Judge Aileen M. Cannon on 9/24/2021. *See attached document for full details.* (ail)

**Pattern Jury Instruction Builder -** To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 09/24/2021)

| 09/24/2021 | 23 | ORDER SETTING DISCOVERY STATUS CONFERENCE -Telephonic Status Conference Re: Discovery Matters set for 3/7/2022 at 1:00 PM before Magistrate Judge Bruce E. Reinhart. Signed by Magistrate Judge Bruce E. Reinhart on 9/24/2021. *See attached document for full details.* (ail) (Entered: 09/24/2021) |
|---|---|---|
| 09/24/2021 | 24 | STANDING DISCOVERY ORDER FOR MAGISTRATE JUDGE BRUCE REINHART Signed by Magistrate Judge Bruce E. Reinhart on 9/24/2021. *See attached document for full details.* (ail) (Entered: 09/24/2021) |
| 10/08/2021 | 25 | MOTION TO DISMISS 19 Answer to Complaint,, Third Party Complaint,, Counterclaim, FOR FAILURE TO STATE A CLAIM by Affordable Aerial Photography, Inc.. Responses due by 10/22/2021 (DeSouza, Daniel) (Entered: 10/08/2021) |
| 10/13/2021 | 26 | PAPERLESS ORDER: In light of 19 Defendants' Amended Answer and Third Party Complaint, 15 Plaintiff's Motion to Strike and/or Motion to Dismiss Third Party Complaint is DENIED AS MOOT. Signed by Judge Aileen M. Cannon on 10/13/2021. (dsy) (Entered: 10/13/2021) |
| 10/13/2021 | 27 | MOTION for Reconsideration re 26 Order on Motion to Strike, by Affordable Aerial Photography, Inc.. (DeSouza, Daniel) (Entered: 10/13/2021) |
| 10/13/2021 | 28 | RESPONSE in Opposition re 27 MOTION for Reconsideration re 26 Order on Motion to Strike, *and Motion for leave to amend defendant Abdelsayed's response to the complaint nunc pro tunc* filed by John Abdelsayed, Trends Realty USA Corp. Replies due by 10/20/2021. (Klema, Griffin) (Entered: 10/13/2021) |
| 10/15/2021 | 29 | ORDER granting re 27 MOTION for Reconsideration re 26 Order on Motion to Strike, filed by Affordable Aerial Photography, Inc.. Signed by Judge Aileen M. Cannon on 10/14/2021. *See attached document for full details.* (ail) (Entered: 10/15/2021) |
| 10/18/2021 | 30 | *Defendants'* Joint ANSWER and Affirmative Defenses to Complaint with Jury Demand , THIRD PARTY COMPLAINT against Old Palm Real Estate, LLC., Cornelius McGinnis, Robert S Stevens, COUNTERCLAIM *nunc pro tunc* against Affordable Aerial Photography, Inc. by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Exhibit MLS listing, # 2 Exhibit MLS listing history)(Klema, Griffin) (Entered: 10/18/2021) |
| 10/19/2021 | 31 | **STRICKEN**NOTICE to Take Deposition of Jill Wilcox-Fesl by Affordable Aerial Photography, Inc..(D'Loughy, James) Text Modified per DE 32 ORDER on 10/20/2021 (ail). (Entered: 10/19/2021) |
| 10/20/2021 | 32 | PAPERLESS ORDER striking 31 Plaintiff's Notice of Taking Deposition. Local Rule 26.1(b) prohibits parties from filing certain discovery materials, including the notice of taking deposition filed by Plaintiff. See S.D. Fla. L.R. 26.1(b). Accordingly, the Notice of Taking Deposition specified in this Order is stricken. Signed by Judge Aileen M. Cannon on 10/20/2021. (dsy) (Entered: 10/20/2021) |

USCA11 Case: 23-11662    Document: 15    Date Filed: 08/22/2023    Page: 8 of 464

| | | |
|---|---|---|
| 10/21/2021 | 33 | PAPERLESS ORDER denying as moot 25 Motion to Dismiss Counterclaim/Third-Party Complaint. In light of Defendants' recently filed Joint Answer, Affirmative Defenses, Counterclaims, and Third Party Complaint 30 , Plaintiff's Motion to Dismiss is denied as moot. Pursuant to the Court's Order 29 , Plaintiff shall re-file its Motion to Dismiss Counterclaim/Third-Party Complaint 25 and its Motion to Strike and/or Motion to Dismiss Third Party Complaint 15 as a combined motion on or before October 25, 2021. Signed by Judge Aileen M. Cannon on 10/21/2021. (dsy) (Entered: 10/21/2021) |
| 10/25/2021 | 34 | MOTION TO DISMISS 30 Answer to Complaint,, Third Party Complaint,, Counterclaim, FOR FAILURE TO STATE A CLAIM by Affordable Aerial Photography, Inc.. Responses due by 11/8/2021 (DeSouza, Daniel) (Entered: 10/25/2021) |
| 11/05/2021 | 35 | **STRICKEN**STIPULATION by Affordable Aerial Photography, Inc. (DeSouza, Daniel) Text Modified on 11/8/2021 per DE 36 ORDER (ail). (Entered: 11/05/2021) |
| 11/06/2021 | 36 | PAPERLESS ORDER striking 35 Stipulation to Allow Filing of Amended Complaint and Amended Counterclaim/Third-Party Complaint. The parties may not stipulate to allow the filing of amended pleadings past the amended pleading deadline. Any such request must be filed as a motion for extension containing a certificate of conferral as required by Local Rule 7.1(a)(3). Signed by Judge Aileen M. Cannon on 11/6/2021. (dsy) (Entered: 11/06/2021) |
| 11/09/2021 | 37 | Joint MOTION to Amend/Correct 22 Scheduling Order,,,, Order Referring Case to Mediation,,,, Order Referring Case to Magistrate Judge,,, ( Responses due by 11/23/2021), Joint MOTION for Leave to File *to File Amended Pleadings* by Affordable Aerial Photography, Inc.. (DeSouza, Daniel) (Entered: 11/09/2021) |
| 11/10/2021 | 38 | PAPERLESS ORDER granting 37 Joint Motion to Amend the Scheduling Order and for Leave to File Amended Pleadings. Plaintiff shall file a first amended complaint on or before November 13, 2021. Defendants shall file their amended answer/counterclaim/third-party complaint on or before November 23, 2021. Signed by Judge Aileen M. Cannon on 11/10/2021. *Clerks Notice: Filer must separately re-file the amended pleading pursuant to Local Rule 15.1, unless otherwise ordered by the Judge.* (dsy) (Entered: 11/10/2021) |
| 11/10/2021 | 39 | PAPERLESS ORDER: In light of 38 the Court's order granting joint motion to amend and Defendants' forthcoming amended answer/counterclaim/third-party complaint, Plaintiff's motion to dismiss 34 is DENIED AS MOOT. Signed by Judge Aileen M. Cannon on 11/10/2021. (dsy) (Entered: 11/10/2021) |
| 11/12/2021 | 40 | First AMENDED COMPLAINT against John Abdelsayed, Trends Realty USA Corp filed in response to Order Granting Motion for Leave, filed by Affordable Aerial Photography, Inc..(DeSouza, Daniel) (Entered: 11/12/2021) |
| 11/23/2021 | 41 | ANSWER and Affirmative Defenses to Amended Complaint with Jury Demand , THIRD PARTY COMPLAINT against Robert S Stevens, COUNTERCLAIM against Affordable Aerial Photography, Inc., Affordable Aerial Photography, Inc. by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Exhibit MLS listing, # 2 Exhibit MLS upload history)(Klema, Griffin) (Entered: 11/23/2021) |
| 11/24/2021 | 42 | ANSWER to Counterclaim by Affordable Aerial Photography, Inc.. (DeSouza, Daniel) (Entered: 11/24/2021) |
| 11/24/2021 | 43 | MOTION for Judgment on the Pleadings by Affordable Aerial Photography, Inc.. (DeSouza, Daniel) (Entered: 11/24/2021) |
| 11/26/2021 | 44 | MOTION to Strike 41 Answer to Amended Complaint,, Third Party Complaint,, Counterclaim, *Affirmative Defenses* by Affordable Aerial Photography, Inc.. Responses |

| 12/08/2021 | 45 | RESPONSE in Opposition re 43 MOTION for Judgment on the Pleadings *and in the alternative, Rule 42 Motion to Dismiss without prejudice* filed by John Abdelsayed, Trends Realty USA Corp. Replies due by 12/15/2021. (Attachments: # 1 Affidavit Declaration of Klema)(Klema, Griffin) (Entered: 12/08/2021) |
| 12/10/2021 | 46 | RESPONSE in Opposition re 44 MOTION to Strike 41 Answer to Amended Complaint,, Third Party Complaint,, Counterclaim, *Affirmative Defenses* filed by John Abdelsayed, Trends Realty USA Corp. Replies due by 12/17/2021. (Klema, Griffin) (Entered: 12/10/2021) |
| 02/16/2022 | 47 | MOTION for Sanctions *Against Defendants and their Counsel* by Affordable Aerial Photography, Inc.. (Attachments: # 1 Exhibit A - Magazine Article)(DeSouza, Daniel) (Entered: 02/16/2022) |
| 02/18/2022 | 48 | Defendant's MOTION for Judgment on the Pleadings *as to statutory remedies and willfulness alleged in the Amended Complaint* by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 02/18/2022) |
| 02/23/2022 | 49 | **WITHDRAWN**Defendant's MOTION for Protective Order *or stay of the depositions of defendants, expedited under Local Rule 7.1(d)(2)* by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Exhibit Notices of deposition)(Klema, Griffin)Text Modified on 2/24/2022 per DE 50 Notice of Withdrawal (ail). (Entered: 02/23/2022) |
| 02/23/2022 | 50 | NOTICE OF WITHDRAWAL OF MOTION by John Abdelsayed, Trends Realty USA Corp re 49 Defendant's MOTION for Protective Order *or stay of the depositions of defendants, expedited under Local Rule 7.1(d)(2)* filed by Trends Realty USA Corp, John Abdelsayed (Klema, Griffin) (Entered: 02/23/2022) |
| 02/23/2022 | 51 | **WITHDRAWN**Defendant's EXPEDITED MOTION For stay or protective order *of the depositions of defendants* by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Exhibit Notices of deposition)(Klema, Griffin) Text Modified on 2/25/2022 per DE 54 Notice of Withdrawal (ail). (Entered: 02/23/2022) |
| 02/24/2022 | 52 | PAPERLESS Order setting a Telephonic Discovery Hearing for 2/28/2022 at 10:00 AM before Magistrate Judge Bruce E. Reinhart to discuss 51 Defendants' Expedited Motion For Stay or Protective Order of the Depositions of Defendants. Counsel shall appear telephonically using the following conference call instructions: Dial 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#. Signed by Magistrate Judge Bruce E. Reinhart on 2/24/2022. (jgy) (Entered: 02/24/2022) |
| 02/24/2022 | 53 | **TIME CHANGE ONLY** PAPERLESS Order RESETTING Telephonic Discovery hearing set for 2/28/2022 at 10:00 AM before Magistrate Judge Reinhart to 2/28/2022 at **03:00 PM** before Magistrate Judge Bruce E. Reinhart. Counsel shall appear telephonically using the following conference call instructions: Dial 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#. Signed by Magistrate Judge Bruce E. Reinhart on 2/24/2022. (jgy) (Entered: 02/24/2022) |
| 02/24/2022 | 54 | NOTICE OF WITHDRAWAL OF MOTION by John Abdelsayed, Trends Realty USA Corp re 51 Defendant's EXPEDITED MOTION For stay or protective order *of the depositions of defendants* filed by Trends Realty USA Corp, John Abdelsayed (Klema, Griffin) (Entered: 02/24/2022) |
| 02/24/2022 | 55 | **TIME CHANGE ONLY** PAPERLESS Order RESETTING Telephonic Discovery hearing set for 2/28/2022 at 3:00 PM before Magistrate Judge Reinhart. To accommodate counsel, the Telephonic Discovery Hearing will be RESET for 2/28/2022 at **04:00 PM** before Magistrate Judge Bruce E. Reinhart. Counsel shall appear telephonically using the |

| | | |
|---|---|---|
| | | following conference call instructions: Dial 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#. Signed by Magistrate Judge Bruce E. Reinhart on 2/24/2022. (jgy) (Entered: 02/24/2022) |
| 02/25/2022 | 56 | PAPERLESS ORDER: Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, the following motions are REFERRED to Magistrate Judge Bruce E. Reinhart in the described manner: 44 Plaintiff's Motion to Strike is referred for full disposition; 47 Plaintiff's Motion for Sanctions is referred for appropriate disposition; and 43 48 the parties' Motions for Judgment on the Pleadings are referred for a Report and Recommendation. Signed by Judge Aileen M. Cannon on 2/25/2022. (dsy) (Entered: 02/25/2022) |
| 02/27/2022 | 57 | Notice of Supplemental Authority re 46 Response in Opposition to Motion, *to strike affirmative defenses* by John Abdelsayed, Trends Realty USA Corp (Klema, Griffin) (Entered: 02/27/2022) |
| 02/28/2022 | 58 | REPORT REGARDING joint discovery memorandum by John Abdelsayed, Trends Realty USA Corp (Klema, Griffin) (Entered: 02/28/2022) |
| 02/28/2022 | 59 | MOTION for Extension of Time to serve third party defendant Robert Stevens and request for issuance of summons re 41 Answer to Amended Complaint,, Third Party Complaint,, Counterclaim, by John Abdelsayed, Trends Realty USA Corp. Responses due by 3/14/2022 (Attachments: # 1 Summon(s) third party defendant Robert Stevens) (Klema, Griffin) (Entered: 02/28/2022) |
| 02/28/2022 | 60 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Hearing held on 2/28/2022. Total time in court: 0 hour(s) : 46 minutes. **MINUTE ORDER**: For the reasons set forth on the record, Defendants' Motion for protective order regarding the scope of the 30(b)(6) deposition set for March 2, 2022, is granted in part and denied in part. With respect to discovery directed at providing factual support for claims for attorneys' fees, the Motion is GRANTED. With respect to areas of inquiry pertaining to pending motions, the Motion is DENIED. The deposition will not be stayed or postponed due to the pendency of the motions. The 30(b)(6) deposition should proceed as scheduled.<br><br>In lieu of the Discovery Status Conference scheduled for Monday, March 7, 2022, the Court addressed any pending discovery issues at today's hearing. The parties represented to the Court that they anticipate compliance with the Court's scheduling order, including the completion of discovery by the April 6, 2022, deadline. Signed by Magistrate Judge Bruce E. Reinhart on 2/28/2022, (Digital BER_1_2.28.2022) (jgy) (Entered: 02/28/2022) |
| 02/28/2022 | 61 | PAPERLESS Order Cancelling Discovery Status Conference set for 3/7/2022 before Magistrate Judge Reinhart, in light of the Court's Order at DE 60. Signed by Magistrate Judge Bruce E. Reinhart on 2/28/2022. (jgy) (Entered: 02/28/2022) |
| 03/01/2022 | 62 | RESPONSE in Opposition re 59 MOTION for Extension of Time to serve third party defendant Robert Stevens and request for issuance of summons re 41 Answer to Amended Complaint,, Third Party Complaint,, Counterclaim, filed by Affordable Aerial Photography, Inc.. Replies due by 3/8/2022. (DeSouza, Daniel) (Entered: 03/01/2022) |
| 03/02/2022 | 63 | ORDER granting 59 Motion for Extension of Time to serve third party defendant Robert Stevens and request for issuance of summons. Signed by Judge Aileen M. Cannon on 3/1/2022. *See attached document for full details.* (ail) (Entered: 03/02/2022) |
| 03/02/2022 | 64 | Summons Issued as to Robert S Stevens. (ail) (Entered: 03/02/2022) |
| 03/02/2022 | 65 | Plaintiff's MOTION for Sanctions *Against Trends and Its Counsel* by Affordable Aerial Photography, Inc.. (DeSouza, Daniel) (Entered: 03/02/2022) |

| 03/02/2022 | 66 | RESPONSE in Opposition re 48 Defendant's MOTION for Judgment on the Pleadings *as to statutory remedies and willfulness alleged in the Amended Complaint* filed by Affordable Aerial Photography, Inc.. Replies due by 3/9/2022. (DeSouza, Daniel) (Entered: 03/02/2022) |
|---|---|---|
| 03/02/2022 | 67 | Unopposed MOTION for Extension of Time to File Response/Reply/Answer as to 47 MOTION for Sanctions *Against Defendants and their Counsel* by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 03/02/2022) |
| 03/03/2022 | 68 | PAPERLESS ORDER: Pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida, Plaintiff's Second Motion for Sanctions 65 is REFERRED to Magistrate Judge Bruce E. Reinhart for appropriate disposition. Signed by Judge Aileen M. Cannon on 3/3/2022. (dsy) (Entered: 03/03/2022) |
| 03/03/2022 | 69 | ORDER denying 44 Plaintiff's Motion to Strike Affirmative Defenses. Signed by Magistrate Judge Bruce E. Reinhart on 3/3/2022. *See attached document for full details.* (jgy) (Entered: 03/03/2022) |
| 03/03/2022 | 70 | PAPERLESS ORDER granting 67 Defendants' Unopposed Motion for Extension of Time to File Response to Plaintiff's Motion for Sanctions at 47 . Defendants shall file their Response on or before 3/9/2022. Signed by Magistrate Judge Bruce E. Reinhart on 3/3/2022. (jgy) (Entered: 03/03/2022) |
| 03/04/2022 | 71 | REPORT AND RECOMMENDATION re 43 Plaintiff's Motion for Judgment on the Pleadings Recommending that the District Court GRANT the Motion. Objections to R&R due by 3/18/2022. Signed by Magistrate Judge Bruce E. Reinhart on 3/4/2022. *See attached document for full details.* (jgy) (Entered: 03/04/2022) |
| 03/08/2022 | 72 | Defendant's REPLY to Response to Motion re 48 Defendant's MOTION for Judgment on the Pleadings *as to statutory remedies and willfulness alleged in the Amended Complaint* filed by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 03/08/2022) |
| 03/09/2022 | 73 | RESPONSE in Opposition re 47 MOTION for Sanctions *Against Defendants and their Counsel* filed by John Abdelsayed, Trends Realty USA Corp. Replies due by 3/16/2022. (Attachments: # 1 Affidavit of Griffin Klema)(Klema, Griffin) (Entered: 03/09/2022) |
| 03/11/2022 | 74 | ORDER TO SHOW CAUSE re 22 Scheduling Order. (Show Cause Response due by 3/18/2022). Signed by Judge Aileen M. Cannon on 3/11/2022. *See attached document for full details.* (ail) (Entered: 03/11/2022) |
| 03/16/2022 | 75 | REPORT AND RECOMMENDATIONS re 48 Defendants' MOTION for Judgment on the Pleadings Recommending that the Motion for Judgment on the Pleadings be DENIED. Objections to R&R due by 3/30/2022 Signed by Magistrate Judge Bruce E. Reinhart on 3/16/2022. *See attached document for full details.* (jgy) (Entered: 03/16/2022) |
| 03/16/2022 | 76 | RESPONSE in Opposition re 65 Plaintiff's MOTION for Sanctions *Against Trends and Its Counsel* filed by John Abdelsayed, Trends Realty USA Corp. Replies due by 3/23/2022. (Attachments: # 1 Exhibit Declaration of Klema)(Klema, Griffin) (Entered: 03/17/2022) |
| 03/17/2022 | 77 | NOTICE OF WITHDRAWAL OF MOTION by Affordable Aerial Photography, Inc. re 65 Plaintiff's MOTION for Sanctions *Against Trends and Its Counsel* filed by Affordable Aerial Photography, Inc. (DeSouza, Daniel) (Entered: 03/17/2022) |
| 03/18/2022 | 78 | Joint NOTICE of Mediator Selection and Hearing. Selected/Added Michael Chesal as Mediator. Mediation Hearing set for 4/7/2022 at 10:00 a.m.. (Attachments: # 1 Text of |

| | | Proposed Order Joint Proposed Scheduling Order)(DeSouza, Daniel) (Entered: 03/18/2022) |
|---|---|---|
| 03/18/2022 | 79 | RESPONSE TO ORDER TO SHOW CAUSE re 74 Order to Show Cause by Affordable Aerial Photography, Inc.. (DeSouza, Daniel) (Entered: 03/18/2022) |
| 03/18/2022 | 80 | OBJECTIONS to 71 Report and Recommendations by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 03/18/2022) |
| 03/22/2022 | 81 | ORDER Scheduling Mediation before Michael Chesal. Mediation Hearing set for 4/7/2022 at 10:00 AM Signed by Judge Aileen M. Cannon on 3/21/2022. *See attached document for full details.* (ail) (Entered: 03/22/2022) |
| 03/28/2022 | 82 | REPORT REGARDING joint by John Abdelsayed, Robert S Stevens, Trends Realty USA Corp (Klema, Griffin) (Entered: 03/28/2022) |
| 03/28/2022 | 83 | PAPERLESS ORDER Notifying Parties that the Court is in receipt of the "Joint Pre-Conference Discovery Dispute Memorandum" filed at 82 . However, the Parties have not complied with Section III (B) of the Court's Standing Discovery Order, which requires the Parties to (prior to filling a joint discovery memo), "request a discovery hearing by sending an email to reinhart@flsd.uscourts.gov. The subject line of the email shall be 'Request for Discovery Hearing.' The email shall provide the Court with two afternoons in the following seven business days when all parties are available. The email shall state the amount of time that the parties anticipate needing for the hearing.The email shall be copied to all counsel, and shall certify that the moving party has conferred with opposing counsel and confirmed opposing counsel's availability on the proposed dates." Should the Parties wish to have the Court hold a discovery hearing to address the discovery disputes outlined at 82 , they are encouraged to review and follow the procedures set forth in the Court's SDO at 24 . Signed by Magistrate Judge Bruce E. Reinhart on 3/28/2022. (jgy) (Entered: 03/28/2022) |
| 03/28/2022 | 84 | PAPERLESS Order setting telephonic Discovery Hearing at the request of the parties for 4/6/2022 at 03:00 PM before Magistrate Judge Bruce E. Reinhart. Counsel shall appear telephonically using the following conference call instructions: Dial 1-888-557-8511; Enter access code 4098267#; and Enter security code 1234#. Signed by Magistrate Judge Bruce E. Reinhart on 3/28/2022. (jgy) (Entered: 03/28/2022) |
| 03/30/2022 | 85 | OBJECTIONS to 75 Report and Recommendations *to deny defendants' motion for partial judgment on the amended complaint* by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 03/30/2022) |
| 04/06/2022 | 86 | Defendant's EXPEDITED MOTION to amend admissions and pleadings *by interlineation to conform with the evidence* by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Affidavit Declaration of Klema)(Klema, Griffin) (Entered: 04/06/2022) |
| 04/06/2022 | 87 | Notice of Supplemental Authority re 45 Response in Opposition to Motion, by John Abdelsayed, Trends Realty USA Corp (Klema, Griffin) (Entered: 04/06/2022) |
| 04/06/2022 | 88 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Discovery Hearing held on 4/6/2022. Order Memorializing Discovery Rulings forthcoming. Total time in court: 0 hour(s) : 37 minutes. (Digital BER_2_4.6.2022) (jgy) (Entered: 04/06/2022) |
| 04/07/2022 | 89 | ORDER Memorializing Discovery Rulings re: discovery hearing held 4/6/2022. Signed by Magistrate Judge Bruce E. Reinhart on 4/6/2022. *See attached document for full details.* (jgy) (Entered: 04/07/2022) |
| 04/08/2022 | 90 | NOTICE of Filing Discovery: Rule 36 requests for admissions by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Exhibit plaintiff AAP's amended responses |

| | | defendants' first request for admissions, # 2 Errata plaintiff AAP's responses to defendants' second request for admissions, # 3 Exhibit Exhibits to defendants' Rule 36 to defendants' second request for admissions)(Klema, Griffin) (Entered: 04/08/2022) |
|---|---|---|
| 04/08/2022 | 91 | NOTICE of Filing Discovery: Rule 34 requests for production of documents by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Exhibit plaintiff AAP's amended responses to defendants' first request for production, # 2 Exhibit plaintiff AAP's responses to defendants' second request for production)(Klema, Griffin) (Entered: 04/08/2022) |
| 04/12/2022 | 92 | MEDIATION REPORT by Michael Chesal. Disposition: Case did not settle.(Chesal, Michael) (Entered: 04/12/2022) |
| 04/15/2022 | 93 | ORDER ACCEPTING REPORTS AND RECOMMENDATIONS. Accepting 71 Report and Recommendations, Accepting 75 Report and Recommendations; granting 43 Motion for Judgment on the Pleadings; denying 48 Motion for Judgment on the Pleadings; Robert S Stevens terminated. Signed by Judge Aileen M. Cannon on 4/15/2022. *See attached document for full details.* (jas) (Entered: 04/15/2022) |
| 05/10/2022 | 94 | ORDER denying 47 Plaintiff's Motion for Sanctions. Signed by Magistrate Judge Bruce E. Reinhart on 5/10/2022. *See attached document for full details.* (jgy) (Entered: 05/10/2022) |
| 05/11/2022 | 95 | ORDER granting 86 Expedited Motion to Amend their Admissions and to Amend their Answer Interlineation. Signed by Judge Aileen M. Cannon on 5/11/2022. *See attached document for full details.* (ls) (Entered: 05/11/2022) |
| 05/11/2022 | | Reset Response/Answer Due Deadline: John Abdelsayed response/answer due 5/13/2022; Trends Realty USA Corp response/answer due 5/13/2022. (ls)(per DE #95) (Entered: 05/11/2022) |
| 05/13/2022 | 96 | *Third Amended* ANSWER and Affirmative Defenses to Amended Complaint with Jury Demand by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 05/13/2022) |
| 05/26/2022 | 97 | **PAPERLESS NOTICE of Hearing**: Status Conference set for 8/24/2022 10:15 AM in Fort Pierce Division before Judge Aileen M. Cannon via the Zoom platform. The Zoom link and information will be emailed to the parties of record. (tgs) (Entered: 05/26/2022) |
| 06/10/2022 | 98 | Defendant's MOTION for Leave to File Excess Pages *on their motion for summary judgment* by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 06/10/2022) |
| 06/10/2022 | 99 | PAPERLESS ORDER granting in part and denying in part 98 Defendants' Motion for Leave to File Motion for Summary Judgment in Excess of Page Limitation. The page limitation for all motions for summary judgment is hereby enlarged from twenty (20) pages to thirty (30) pages. Signed by Judge Aileen M. Cannon on 6/10/2022. (dsy) (Entered: 06/10/2022) |
| 06/13/2022 | 100 | NOTICE of Filing Discovery: deposition transcript by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Deposition of Mateusz Rymarski)(Klema, Griffin) (Entered: 06/13/2022) |
| 06/13/2022 | 101 | NOTICE of Filing Discovery: interrogatory responses by Trends Realty USA Corp. (Attachments: # 1 Exhibit plaintiff AAP's amended responses to defendants' interrogatories)(Klema, Griffin) (Entered: 06/13/2022) |
| 06/13/2022 | 102 | NOTICE of Filing Discovery: subpoena duces tecum responses by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Exhibit subpoena response from Old Palm |

| 06/13/2022 | 103 | NOTICE of Filing Discovery: deposition transcript by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Transcripts deposition of Robert Stevens, July 30, 2015) (Klema, Griffin) (Entered: 06/13/2022) |
|---|---|---|
| 06/13/2022 | 104 | AFFIDAVIT *of Trends Realty* signed by: John Abdelsayed by John Abdelsayed, Trends Realty USA Corp (Attachments: # 1 Exhibit MLS listing for Tillinghast property, # 2 Exhibit Beaches MLS Rules & Regulation, # 3 Exhibit MLS listing for 3813 N. Ocean Blvd, # 4 Exhibit photograph comparison, # 5 Exhibit photograph file properties, # 6 Exhibit stockimagedepot.com license, # 7 Exhibit stockimagedepot.com license fee, # 8 Exhibit stockimagedepot.com photo gallery, # 9 Exhibit objective market value evidence) (Klema, Griffin) (Entered: 06/13/2022) |
| 06/13/2022 | 105 | STIPULATION *Regarding Statutory Damages, Attorneys' Fees, and Willfulness* by Affordable Aerial Photography, Inc. (DeSouza, Daniel) (Entered: 06/13/2022) |
| 06/13/2022 | 106 | NOTICE of Filing Discovery: Rule 36 requests for admissions by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Exhibit plaintiff AAP's amended responses to defendants' second request for admissions)(Klema, Griffin) (Entered: 06/13/2022) |
| 06/13/2022 | 107 | NOTICE of Filing Discovery: deposition exhibits by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Exhibit deposition of plaintiff, Exhibit 3 - AAP invoice, # 2 Exhibit deposition of plaintiff, Exhibit 6 deposit copy, # 3 Exhibit deposition of plaintiff, Exhibit 11 - Dropbox list, # 4 Exhibit deposition of plaintiff, Exhibit 15, # 5 Exhibit deposition of plaintiff, Exhibit 16 - Zillow comparison, # 6 Exhibit deposition of plaintiff, Exhibit 20 - photo comparison)(Klema, Griffin) (Entered: 06/13/2022) |
| 06/13/2022 | 108 | AFFIDAVIT *in support of defendants' motion for summary judgment* signed by: Griffin C. Klema, Esq. by John Abdelsayed, Trends Realty USA Corp (Klema, Griffin) (Entered: 06/13/2022) |
| 06/13/2022 | 109 | MOTION for Partial Summary Judgment by Affordable Aerial Photography, Inc.. Responses due by 6/27/2022 (Attachments: # 1 Exhibit Declaration of Robert Stevens, # 2 Exhibit Statement of Undisputed Facts)(DeSouza, Daniel) (Entered: 06/13/2022) |
| 06/13/2022 | 110 | Defendant's MOTION for Summary Judgment *on plaintiff's amended complaint* by John Abdelsayed, Trends Realty USA Corp. Responses due by 6/27/2022 (Attachments: # 1 Exhibit statement of undisputed facts with joint undisputed facts)(Klema, Griffin) (Entered: 06/13/2022) |
| 06/27/2022 | 111 | Joint MOTION for Extension of Time to file response to summary judgment motions re 109 MOTION for Partial Summary Judgment , 110 Defendant's MOTION for Summary Judgment *on plaintiff's amended complaint* by John Abdelsayed, Trends Realty USA Corp. Responses due by 7/11/2022 (Klema, Griffin) (Entered: 06/27/2022) |
| 06/27/2022 | 112 | PAPERLESS ORDER granting in part and denying in part 111 Joint Motion for Extension of Time to File Responses to Motions for Summary Judgment. The parties shall respond to the motions for summary judgment 109 110 on or before July 1, 2022. Moving forward, any requests for extension must be filed sufficiently in advance of the deadline at issue. Signed by Judge Aileen M. Cannon on 6/27/2022. (dsy) (Entered: 06/27/2022) |
| 06/27/2022 | | Reset Deadlines PER PAPERLESS ORDER#112 as to 109 MOTION for Partial Summary Judgment , 110 Defendant's MOTION for Summary Judgment *on plaintiff's amended complaint*. Responses due by 7/1/2022 (drz) (Entered: 06/28/2022) |
| 06/28/2022 | 113 | NOTICE of Attorney Appearance by Lauren Michelle Hausman on behalf of Affordable Aerial Photography, Inc.. Attorney Lauren Michelle Hausman added to party Affordable |

| 06/30/2022 | 114 | AFFIDAVIT *of Trends Realty* signed by: John Abdelsayed re 110 Defendant's MOTION for Summary Judgment *on plaintiff's amended complaint*, 104 Affidavit,, by John Abdelsayed, Trends Realty USA Corp (Attachments: # 1 Exhibit MLS listing for Tillinghast property, # 2 Exhibit Beaches MLS Rules & Regulation, # 3 Exhibit MLS listing for 3813 N. Ocean Blvd, # 4 Exhibit Photograph comparison, # 5 Exhibit photograph file properties, # 6 Exhibit stockimagedepot.com license, # 7 Exhibit stockimagedepot.com license fee, # 8 Exhibit stockimagedepot.com photo gallery, # 9 Exhibit objective market value evidence)(Klema, Griffin) (Entered: 06/30/2022) |
|---|---|---|
| 07/01/2022 | 115 | RESPONSE in Opposition re 110 Defendant's MOTION for Summary Judgment *on plaintiff's amended complaint* filed by Affordable Aerial Photography, Inc.. Replies due by 7/8/2022. (Attachments: # 1 Exhibit Response to Statement of Undisputed Facts, # 2 Exhibit Declaration of Robert Stevens)(DeSouza, Daniel) (Entered: 07/01/2022) |
| 07/01/2022 | 116 | AFFIDAVIT in Opposition re 109 MOTION for Partial Summary Judgment filed by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 07/01/2022) |
| 07/01/2022 | 117 | AFFIDAVIT in Opposition re 109 MOTION for Partial Summary Judgment filed by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 07/01/2022) |
| 07/01/2022 | 118 | DEFENDANTS' OPPOSING STATEMENT OF MATERIAL FACTS TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT re 109 MOTION for Partial Summary Judgment *Opposing statement of material facts* filed by John Abdelsayed, Trends Realty USA Corp. Replies due by 7/8/2022. (Klema, Griffin) Modified text on 7/5/2022 (ebz). (Entered: 07/01/2022) |
| 07/01/2022 | 119 | RESPONSE in Opposition re 109 MOTION for Partial Summary Judgment *Opposing memorandum of law* filed by John Abdelsayed, Trends Realty USA Corp. Replies due by 7/8/2022. (Klema, Griffin) (Entered: 07/01/2022) |
| 07/01/2022 | 120 | Defendant's MOTION to Strike 109 MOTION for Partial Summary Judgment *declaration of Robert Stevens* by John Abdelsayed, Trends Realty USA Corp. Responses due by 7/15/2022 (Attachments: # 1 Affidavit Declaration of Klema)(Klema, Griffin) (Entered: 07/01/2022) |
| 07/08/2022 | 121 | RESPONSE in Opposition re 120 Defendant's MOTION to Strike 109 MOTION for Partial Summary Judgment *declaration of Robert Stevens* filed by Affordable Aerial Photography, Inc.. Replies due by 7/15/2022. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H)(DeSouza, Daniel) (Entered: 07/08/2022) |
| 07/08/2022 | 122 | Defendant's REPLY to Response to Motion re 110 Defendant's MOTION for Summary Judgment *on plaintiff's amended complaint* filed by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 07/08/2022) |
| 07/08/2022 | 123 | NOTICE by John Abdelsayed, Trends Realty USA Corp re 115 Response in Opposition to Motion, *DEFENDANTS' REPLY STATEMENT OF MATERIAL FACTS* (Klema, Griffin) (Entered: 07/08/2022) |
| 07/08/2022 | 124 | Defendant's MOTION to Strike 115 Response in Opposition to Motion, *Declaration of Stevens* by John Abdelsayed, Trends Realty USA Corp. Responses due by 7/22/2022 (Klema, Griffin) (Entered: 07/08/2022) |
| 07/08/2022 | 125 | REPLY to Response to Motion re 109 MOTION for Partial Summary Judgment filed by Affordable Aerial Photography, Inc.. (Attachments: # 1 Exhibit Declaration of Robert |

Stevens)(DeSouza, Daniel) (Entered: 07/08/2022)

| 07/11/2022 | 126 | RESPONSE in Opposition re 124 Defendant's MOTION to Strike 115 Response in Opposition to Motion, *Declaration of Stevens* filed by Affordable Aerial Photography, Inc.. Replies due by 7/18/2022. (DeSouza, Daniel) (Entered: 07/11/2022) |
| 07/11/2022 | 127 | Defendant's REPLY to Response to Motion re 124 Defendant's MOTION to Strike 115 Response in Opposition to Motion, *Declaration of Stevens*, 120 Defendant's MOTION to Strike 109 MOTION for Partial Summary Judgment *declaration of Robert Stevens* filed by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 07/11/2022) |
| 07/25/2022 | 128 | ORDER GRANTING REQUESTS TO REOPEN DISCOVERY AND RESETTING PRE-TRIAL AND TRIAL DEADLINES denying without prejudice 109 Motion for Partial Summary Judgment; denying without prejudice 110 Motion for Summary Judgment; granting in part and denying in part 120 Motion to Strike 109 MOTION for Partial Summary Judgment , 110 Defendant's MOTION for Summary Judgment *on plaintiff's amended complaint*, 120 Defendant's MOTION to Strike 109 MOTION for Partial Summary Judgment *declaration of Robert Stevens*, 124 Defendant's MOTION to Strike 115 Response in Opposition to Motion, *Declaration of Stevens* ( Discovery due by 8/30/2022., Dispositive Motions due by 9/16/2022., In Limine Motions due by 11/21/2022., Motions due by 9/16/2022., Pretrial Stipulation due by 11/21/2022., Calendar Call set for 12/13/2022 01:45 PM in Fort Pierce Division before Judge Aileen M. Cannon., Jury Trial set for 12/19/2022 09:00 AM in Fort Pierce Division before Judge Aileen M. Cannon.); granting in part and denying in part 124 Motion to Strike 109 MOTION for Partial Summary Judgment , 110 Defendant's MOTION for Summary Judgment *on plaintiff's amended complaint*, 120 Defendant's MOTION to Strike 109 MOTION for Partial Summary Judgment *declaration of Robert Stevens*, 124 Defendant's MOTION to Strike 115 Response in Opposition to Motion, *Declaration of Stevens* ( Discovery due by 8/30/2022., Dispositive Motions due by 9/16/2022., In Limine Motions due by 11/21/2022., Motions due by 9/16/2022., Pretrial Stipulation due by 11/21/2022., Calendar Call set for 12/13/2022 01:45 PM in Fort Pierce Division before Judge Aileen M. Cannon., Jury Trial set for 12/19/2022 09:00 AM in Fort Pierce Division before Judge Aileen M. Cannon.). Signed by Judge Aileen M. Cannon on 7/25/2022. *See attached document for full details.* (drz) (Entered: 07/26/2022) |
| 08/24/2022 | 129 | PAPERLESS Minute Entry for proceedings held before Judge Aileen M. Cannon: Status Conference held on August 24, 2022. The parties updated the Court on the status of discovery and the parties' resolution of a previously pending issue related to attorneys' fees 128 . Defendants made an unopposed *ore tenus* request to reopen discovery for the limited purpose of deposing Robert Stevens' wife. The Court granted the request, setting a date of no later than September 2, 2022, to conduct that additional deposition. Order to follow. Total time in court: 10 minutes. Attorney Appearances: Daniel DeSouza, James DLoughty, Griffin C. Klema (Volunteer Attorney Program). Other Appearance: John Abdelsayed (Defendant). Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. (dsy) (Entered: 08/24/2022) |
| 08/24/2022 | 130 | PAPERLESS ORDER: This case is hereby REFERRED to Magistrate Judge Bruce E. Reinhart for a settlement conference. On or before August 29, 2022, counsel shall confer and contact Judge Reinhart's chambers to schedule the settlement conference. The settlement conference itself shall take place on or before October 7, 2022. Except as provided under Local Rule 16.2(e), the appearance of counsel and each party, or representatives of each party with full authority to enter into a complete settlement, is mandatory. *See* S.D. Fla. L.R. 16.2(e). Signed by Judge Aileen M. Cannon on 8/24/2022. (dsy) (Entered: 08/24/2022) |

| | | |
|---|---|---|
| 08/24/2022 | 131 | ORDER FOLLOWING STATUS CONFERENCE AND RESETTING PRE-TRIAL AND TRIAL DEADLINES: SCHEDULING ORDER: Jury Trial set for 1/17/2023 09:00 AM in Fort Pierce Division before Judge Aileen M. Cannon. Calendar Call set for 1/10/2023 01:45 PM in Fort Pierce Division before Judge Aileen M. Cannon. Discovery due by 9/2/2022. In Limine Motions due by 12/20/2022. Dispositive Motions due by 10/7/2022. Motions due by 10/7/2022. Joint Pretrial Stipulation due by 12/20/2022. Signed by Judge Aileen M. Cannon on 8/24/2022. *See attached document for full details.* (nan)<br><br>**Pattern Jury Instruction Builder -** To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 08/25/2022) |
| 08/27/2022 | 132 | Joint MOTION to Amend/Correct 130 Order,, *to permit settlement conference occur by Zoom* by John Abdelsayed, Trends Realty USA Corp. Responses due by 9/12/2022 (Klema, Griffin) (Entered: 08/27/2022) |
| 08/29/2022 | 133 | PAPERLESS ORDER granting 132 Joint Motion to Conduct Settlement Conference by Zoom. The parties and their counsel may appear at the settlement conference virtually via Zoom. Counsel shall email reinhart@flsd.uscourts.gov to schedule the settlement conference. The Court will email the Zoom link to counsel in advance of the hearing. Signed by Magistrate Judge Bruce E. Reinhart on 8/29/2022. (kso) (Entered: 08/29/2022) |
| 08/31/2022 | 134 | ORDER SETTING SETTLEMENT CONFERENCE: Settlement Conference set for 9/30/2022 09:30 AM before Magistrate Judge Bruce E. Reinhart. Signed by Magistrate Judge Bruce E. Reinhart on 8/31/2022. *See attached document for full details.* (nan) (Entered: 08/31/2022) |
| 09/13/2022 | 135 | ORDER RE-SETTING SETTLEMENT CONFERENCE. Settlement Conference set for 10/7/2022 01:00 PM before Magistrate Judge Bruce E. Reinhart. Signed by Magistrate Judge Bruce E. Reinhart on 9/13/2022. *See attached document for full details.* (drz) (Entered: 09/14/2022) |
| 09/21/2022 | 136 | NOTICE of Filing Discovery: deposition transcript and exhibit by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Deposition transcript of Robert Stevens Aug. 16, 2022, # 2 Exhibit 24 (unmarked original) - third party websites)(Klema, Griffin) (Entered: 09/21/2022) |
| 09/21/2022 | 137 | NOTICE of Filing Discovery: deposition transcript by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Deposition transcript of Alicja Stevens, Sept. 1, 2022) (Klema, Griffin) (Entered: 09/21/2022) |
| 09/21/2022 | 138 | MOTION TO DISMISS 40 Amended Complaint/Amended Notice of Removal FOR FAILURE TO STATE A CLAIM *lack of subject matter jurisdiction, and lack of standing* by John Abdelsayed, Trends Realty USA Corp. Responses due by 10/5/2022 (Klema, Griffin) (Entered: 09/21/2022) |
| 09/21/2022 | 139 | Defendant's MOTION for Leave to File *fourth amended answer and affirmative defenses* by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Exhibit proposed 4th amended answer and affirmative defenses)(Klema, Griffin) (Entered: 09/21/2022) |
| 10/05/2022 | 140 | RESPONSE in Opposition re 138 MOTION TO DISMISS 40 Amended Complaint/Amended Notice of Removal FOR FAILURE TO STATE A CLAIM *lack of subject matter jurisdiction, and lack of standing* filed by Affordable Aerial Photography, Inc.. Replies due by 10/12/2022. (Attachments: # 1 Exhibit Exhibit A)(DeSouza, Daniel) (Entered: 10/05/2022) |
| 10/05/2022 | 141 | RESPONSE in Opposition re 139 Defendant's MOTION for Leave to File *fourth amended answer and affirmative defenses* filed by Affordable Aerial Photography, Inc.. |

| | | |
|---|---|---|
| | | Replies due by 10/12/2022. (DeSouza, Daniel) (Entered: 10/05/2022) |
| 10/07/2022 | 142 | PAPERLESS Minute Entry for proceedings held before Magistrate Judge Bruce E. Reinhart: Settlement Conference held on 10/7/2022. Case did not settle. Total time in court: 2 hour(s). (kso) (Entered: 10/07/2022) |
| 10/07/2022 | 143 | NOTICE/ORDER OF RECUSAL. Magistrate Judge Bruce E. Reinhart recused. Case reassigned to Magistrate Judge William Matthewman for all further proceedings. Signed by Magistrate Judge Bruce E. Reinhart on 10/7/2022. *See attached document for full details.* (jmd) (Entered: 10/07/2022) |
| 10/07/2022 | 144 | MOTION for Partial Summary Judgment by Affordable Aerial Photography, Inc.. Responses due by 10/21/2022 (Attachments: # 1 Affidavit Declaration of Robert Stevens, # 2 Exhibit Statement of Undisputed Facts)(DeSouza, Daniel) (Entered: 10/07/2022) |
| 10/07/2022 | 145 | Statement of: Amended Statement of Undisputed Facts by Affordable Aerial Photography, Inc. re 144 MOTION for Partial Summary Judgment (DeSouza, Daniel) (Entered: 10/07/2022) |
| 10/07/2022 | 146 | AFFIDAVIT *in support of defendants' renewed motion for summary judgment* signed by: John Abdelsayed by John Abdelsayed, Trends Realty USA Corp (Attachments: # 1 Exhibit MLS listing for Tillinghast property, # 2 Exhibit Internet Archive, # 3 Exhibit Vimeo.com screen capture, # 4 Exhibit Vimeo.com terms, # 5 Exhibit Beaches MLS rules, # 6 Exhibit MLS listing for 3813 N. Ocean, # 7 Exhibit side-by-side image comparison, # 8 Exhibit side-by-side file properties comparison)(Klema, Griffin) (Entered: 10/07/2022) |
| 10/07/2022 | 147 | Renewed MOTION for Summary Judgment by John Abdelsayed, Trends Realty USA Corp. Responses due by 10/21/2022 (Attachments: # 1 Exhibit Defendants' statement of material fact and joint undisputed facts)(Klema, Griffin) (Entered: 10/07/2022) |
| 10/12/2022 | 148 | Defendant's REPLY to Response to Motion re 138 MOTION TO DISMISS 40 Amended Complaint/Amended Notice of Removal FOR FAILURE TO STATE A CLAIM *lack of subject matter jurisdiction, and lack of standing* filed by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 10/12/2022) |
| 10/12/2022 | 149 | Defendant's REPLY to Response to Motion re 139 Defendant's MOTION for Leave to File *fourth amended answer and affirmative defenses* filed by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 10/12/2022) |
| 10/14/2022 | 150 | CASE MANAGEMENT ORDER 138 Motion to Dismiss for Failure to State a Claim; Granting 139 Motion for Leave to File. *Clerks Notice: Filer must separately re-file the amended pleading pursuant to Local Rule 15.1, unless otherwise ordered by the Judge*; DENIED WITHOUT PREJUDICE 144 Motion for Partial Summary Judgment; DENIED WITHOUT PREJUDICE. 147 Motion for Summary Judgment. Signed by Judge Aileen M. Cannon on 10/14/2022. *See attached document for full details.* (drz) Modified text on 10/20/2022 (jcy). (Entered: 10/14/2022) |
| 10/14/2022 | | Set/Reset Deadlines/Hearings per order DE# 150 . Joint Scheduling Report due by 10/21/2022 (drz) (Entered: 10/14/2022) |
| 10/17/2022 | 151 | *Fourth Amended* ANSWER and Affirmative Defenses to Amended Complaint with Jury Demand by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 10/17/2022) |
| 10/21/2022 | 152 | Joint SCHEDULING REPORT - **Rule 26(f)** by Affordable Aerial Photography, Inc. (DeSouza, Daniel) (Entered: 10/21/2022) |

| | | |
|---|---|---|
| 10/24/2022 | 153 | ORDER RESETTING PRE-TRIAL AND TRIAL DEADLINES: SCHEDULING ORDER: Jury Trial set for 5/8/2023 09:00 AM in Fort Pierce Division before Judge Aileen M. Cannon. Calendar Call set for 5/2/2023 01:45 PM in Fort Pierce Division before Judge Aileen M. Cannon. Discovery due by 1/20/2023. In Limine Motions due by 4/3/2023. Dispositive Motions due by 2/10/2023. Motions due by 2/10/2023. Pretrial Stipulation due by 4/3/2023. Signed by Judge Aileen M. Cannon on 10/24/2022. *See attached document for full details.* (nan)<br><br>**Pattern Jury Instruction Builder -** To access the latest, up to date changes to the 11th Circuit Pattern Jury Instructions go to https://pji.ca11.uscourts.gov or click here. (Entered: 10/25/2022) |
| 10/25/2022 | 154 | ORDER SETTING DISCOVERY PROCEDURE AS TO REMAINING LIMITED DISCOVERY: Signed by Magistrate Judge William Matthewman on 10/25/2022. *See attached document for full details.* (nan) (Entered: 10/25/2022) |
| 10/28/2022 | 155 | Plaintiff's MOTION to Dismiss 40 Amended Complaint/Amended Notice of Removal *and for Stay Pending Resolution of Motion to Voluntarily Dismiss* by Affordable Aerial Photography, Inc.. Responses due by 11/14/2022 (DeSouza, Daniel) (Entered: 10/28/2022) |
| 11/04/2022 | 156 | Defendant's MOTION for Reconsideration *of their motion to dismiss for lack of subject matter jurisdiction [ECF 138]* by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 11/04/2022) |
| 11/07/2022 | 157 | PAPERLESS ORDER denying 156 Motion for Reconsideration. Signed by Judge Aileen M. Cannon on 11/7/2022. (AMC) (Entered: 11/07/2022) |
| 11/11/2022 | 158 | RESPONSE in Opposition re 155 Plaintiff's MOTION to Dismiss 40 Amended Complaint/Amended Notice of Removal *and for Stay Pending Resolution of Motion to Voluntarily Dismiss* filed by John Abdelsayed, Trends Realty USA Corp. Replies due by 11/18/2022. (Attachments: # 1 Exhibit Sept. 9 2021, email, # 2 Exhibit Sept. 18, 2021, email, # 3 Exhibit Feb. 10, 2022, email, # 4 Exhibit Apr. 13, 2022, letter)(Klema, Griffin) (Entered: 11/11/2022) |
| 11/18/2022 | 159 | Plaintiff's REPLY to Response to Motion re 155 Plaintiff's MOTION to Dismiss 40 Amended Complaint/Amended Notice of Removal *and for Stay Pending Resolution of Motion to Voluntarily Dismiss* filed by Affordable Aerial Photography, Inc.. (DeSouza, Daniel) (Entered: 11/18/2022) |
| 11/21/2022 | 160 | Defendant's MOTION for Leave to File *sur reply to plaintiff's reply [ECF 159]* by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Exhibit proposed sur reply) (Klema, Griffin) (Entered: 11/21/2022) |
| 11/22/2022 | 161 | PAPERLESS ORDER granting 160 Defendant's Motion for Leave to File sur reply. On or before November 23, 2022, Defendant shall file the proposed sur reply at [160-1] as a separate entry on the docket. Signed by Judge Aileen M. Cannon on 11/22/2022. (sj00) (Entered: 11/22/2022) |
| 11/22/2022 | | Set/Reset Deadlines/Hearings per order de#161 as to 155 Plaintiff's MOTION to Dismiss 40 Amended Complaint/Amended Notice of Removal *and for Stay Pending Resolution of Motion to Voluntarily Dismiss*. Replies due by 11/23/2022. (drz) (Entered: 11/22/2022) |
| 11/22/2022 | 162 | SUR REPLY to Response to Motion re 155 Plaintiff's MOTION to Dismiss 40 Amended Complaint/Amended Notice of Removal *and for Stay Pending Resolution of Motion to Voluntarily Dismiss* filed by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 11/22/2022) |

| Date | Doc # | Description |
|---|---|---|
| 11/22/2022 | | PAPERLESS NOTICE of Hearing on Motion 155 Plaintiff's Motion for Voluntary Dismissal: Motion Hearing is hereby set for 1/3/2023 11:00 AM in Fort Pierce Division before Judge Aileen M. Cannon. (sj00) (Entered: 11/22/2022) |
| 12/07/2022 | 163 | NOTICE of Filing Discovery: Plaintiff's document production responsive to defendants' request no. 33 by John Abdelsayed, Trends Realty USA Corp. (Attachments: # 1 Exhibit Stevens assignment to AAP 2015-04-29, # 2 Stevens assignment to AAP 2019-04-09) (Klema, Griffin) (Entered: 12/07/2022) |
| 12/07/2022 | 164 | Renewed MOTION for Summary Judgment by John Abdelsayed, Trends Realty USA Corp. Responses due by 12/21/2022 (Klema, Griffin) (Entered: 12/07/2022) |
| 12/07/2022 | 165 | Statement of: material fact (defendants') by John Abdelsayed, Trends Realty USA Corp re 164 Renewed MOTION for Summary Judgment (Klema, Griffin) (Entered: 12/07/2022) |
| 12/07/2022 | 166 | Statement of: undisputed facts *(joint) pursuant to Order [ECF 22]* by John Abdelsayed, Trends Realty USA Corp re 164 Renewed MOTION for Summary Judgment (Klema, Griffin) (Entered: 12/07/2022) |
| 12/16/2022 | 167 | Plaintiff's MOTION for Extension of Time to Respond to Defendant's Renewed Motion for Summary Judgment by Affordable Aerial Photography, Inc.. Responses due by 12/30/2022 (DeSouza, Daniel) (Entered: 12/16/2022) |
| 12/18/2022 | 168 | PAPERLESS ORDER granting 167 Plaintiff's Unopposed Motion for Extension of Time to Respond to Defendants' Renewed Motion for Summary Judgment. Plaintiff shall respond to Defendants' Renewed Motion for Summary Judgment 164 , if necessary, within fourteen days of the Court's Order on Plaintiff's Motion to Voluntarily Dismiss 155 . Signed by Judge Aileen M. Cannon on 12/18/2022. (sj00) (Entered: 12/18/2022) |
| 01/03/2023 | 169 | PAPERLESS Minute Entry for proceedings held before Judge Aileen M. Cannon: Hearing on Plaintiff's Rule 41(a)(2) Motion for Voluntarily Dismissal 155 held on January 3, 2023. The parties presented their arguments on the Motion. Court granted Motion subject to conditions. Order to follow. Total time in court: 55 minutes. Attorney Appearances: Daniel DeSouza (Counsel for Plaintiff), Lauren Hausman (Counsel for Plaintiff), James DLoughy (Counsel for Plaintiff), Griffin Klema (Counsel for Defendants). Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. (sj00) (Entered: 01/03/2023) |
| 01/04/2023 | 170 | ORDER FOLLOWING HEARING granting 155 Motion to Dismiss; denying as moot 164 Motion for Summary Judgment. Signed by Judge Aileen M. Cannon on 1/3/2023. *See attached document for full details.* (drz) (Entered: 01/04/2023) |
| 01/04/2023 | 171 | NOTICE of Voluntary Dismissal *Without Prejudice* by Affordable Aerial Photography, Inc. (DeSouza, Daniel) (Entered: 01/04/2023) |
| 01/06/2023 | 172 | ORDER CLOSING CASE. *(Without Prejudice)* Signed by Judge Aileen M. Cannon on 1/6/2023. *See attached document for full details.* (pc) (Entered: 01/06/2023) |
| 01/06/2023 | 173 | FORM AO 121 SENT TO DIRECTOR OF U.S. COPYRIGHT OFFICE. Mailed Copy of Form and Order DE 172 . (pc) (Entered: 01/06/2023) |
| 02/16/2023 | 174 | Joint MOTION to Bifurcate *attorney fees entitlement from amount, pursuant to Local Rule 7.3(b)* by John Abdelsayed, Trends Realty USA Corp. Responses due by 3/2/2023 (Klema, Griffin) (Entered: 02/16/2023) |
| 02/28/2023 | 175 | PAPERLESS ORDER granting 174 Joint Motion to Bifurcate Attorney Fees Entitlement from Amount. Signed by Judge Aileen M. Cannon on 2/28/2023. (sj00) (Entered: 02/28/2023) |

| 03/03/2023 | 176 | Defendant's MOTION for Attorney Fees *entitlement pursuant to Rule 68 and Section 505 of the Copyright Act* by John Abdelsayed, Trends Realty USA Corp. Responses due by 3/17/2023 (Attachments: # 1 Exhibit Rule 68 offer, # 2 Exhibit AAP response to draft motion)(Klema, Griffin) (Entered: 03/03/2023) |
|---|---|---|
| 03/16/2023 | 177 | RESPONSE in Opposition re 176 Defendant's MOTION for Attorney Fees *entitlement pursuant to Rule 68 and Section 505 of the Copyright Act* filed by Affordable Aerial Photography, Inc.. Replies due by 3/23/2023. (Attachments: # 1 Exhibit Exhibit A) (DeSouza, Daniel) (Entered: 03/16/2023) |
| 03/23/2023 | 178 | Defendant's REPLY to Response to Motion re 176 Defendant's MOTION for Attorney Fees *entitlement pursuant to Rule 68 and Section 505 of the Copyright Act* filed by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 03/23/2023) |
| 04/03/2023 | 179 | Notice of Supplemental Authority re 176 Defendant's MOTION for Attorney Fees *entitlement pursuant to Rule 68 and Section 505 of the Copyright Act* by John Abdelsayed, Trends Realty USA Corp (Attachments: # 1 Exhibit Minden Pictures v. Complex Media opinion) (Klema, Griffin) (Entered: 04/03/2023) |
| 04/14/2023 | 180 | ORDER denying 176 Motion for Attorney Fees. Signed by Judge Aileen M. Cannon on 4/14/2023. *See attached document for full details.* (pc) (Entered: 04/17/2023) |
| 05/15/2023 | 181 | Defendant's MOTION for Reconsideration re 180 Order on Motion for Attorney Fees by John Abdelsayed, Trends Realty USA Corp. (Klema, Griffin) (Entered: 05/15/2023) |
| 05/16/2023 | 182 | PAPERLESS ORDER denying 181 Defendants' Motion for Reconsideration of the Court's Order Denying Defendants' Motion for Entitlement to Attorneys' Fees. As discussed in the Court's Order Denying Defendants' Motion for Entitlement for Attorneys' Fees 180 , the issue of Defendants' entitlement to attorneys' fees was squarely before the Court on Plaintiff's Motion for Voluntary Dismissal. Indeed, Plaintiff sought a voluntary dismissal on the condition that it not pay Defendants' attorneys fees 155 . The arguments raised by Defendants in its Motion for Entitlement to Attorneys' Fees 176 were available to Defendants prior to the Court ruling on Plaintiff's Motion seeking permission to voluntarily dismiss this action. The Court granted Plaintiff permission to voluntarily dismiss this action contingent upon Plaintiff paying Defendants' attorneys' fees for this action should Plaintiff refile its complaint 170 . Despite Defendants' unconvincing argument to the contrary, by continuing to seek an entitlement to attorneys' fees, Defendants are in essence requesting the Court to change the conditions of its Order granting Plaintiff leave to voluntarily dismiss this action 170 . It has been over four months since the Court allowed Plaintiff to voluntarily dismiss this action and Defendants have failed to show good cause for the Court to change the conditions of that dismissal. Signed by Judge Aileen M. Cannon on 5/16/2023. (sj00) (Entered: 05/16/2023) |
| 05/16/2023 | 183 | Notice of Appeal as to 180 Order on Motion for Attorney Fees by John Abdelsayed, Trends Realty USA Corp. Filing fee $ 505.00 receipt number AFLSDC-16623647. Within fourteen days of the filing date of a Notice of Appeal, the appellant must complete the Eleventh Circuit Transcript Order Form regardless of whether transcripts are being ordered [Pursuant to FRAP 10(b)]. For information go to our FLSD website under All Forms and look for Transcript Order Form www.flsd.uscourts.gov/forms/all-forms. (Klema, Griffin) (Entered: 05/16/2023) |
| 05/16/2023 | 184 | TRANSCRIPT INFORMATION FORM by John Abdelsayed, Trends Realty USA Corp re 183 Notice of Appeal,,. hearing transcript(s) ordered. Order placed by Griffin Klema. Email sent to Court Reporter Coordinator. (Klema, Griffin) (Entered: 05/16/2023) |
| 05/17/2023 | | Transmission of Notice of Appeal, Order under appeal, and Docket Sheet to US Court of Appeals re 183 Notice of Appeal, Notice has been electronically mailed. (apz) (Entered: |

| 05/22/2023 | [185](#) | Acknowledgment of Receipt of NOA from USCA re [183](#) Notice of Appeal, filed by Trends Realty USA Corp, John Abdelsayed. Date received by USCA: 5/17/2023. USCA Case Number: 23-11662-F. (apz) (Entered: 05/23/2023) |
| 06/06/2023 | [186](#) | TRANSCRIPT of Motion Hearing held on 1/3/2023 before Judge Aileen M. Cannon, 1-46 pages, Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased by contacting the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 6/27/2023. Redacted Transcript Deadline set for 7/7/2023. Release of Transcript Restriction set for 9/5/2023. (dmr) (Entered: 06/06/2023) |
| 06/29/2023 | [187](#) | TRANSCRIPT NOTIFICATION - has/have been filed by Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov re [184](#) Transcript Information Form. (dmr) (Entered: 06/29/2023) |

| **PACER Service Center** | | |
|:---:|:---:|:---:|
| **Transaction Receipt** | | |
| 08/12/2023 15:28:25 | | |
| **PACER Login:** | gcklema1 | **Client Code:** | Abdelsayed |
| **Description:** | Docket Report | **Search Criteria:** | 9:21-cv-81331-AMC |
| **Billable Pages:** | 17 | **Cost:** | 1.70 |

# Docket No. 1

**Docket No. 1**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. ___9:21cv81331___

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

     Plaintiff,

v.

JOHN ABDELSAYED AND TRENDS
REALTY USA CORP,

     Defendants.

---

## **COMPLAINT**

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") sues defendants John Abdelsayed ("Abdelsayed") and Trends Realty USA Corp ("Trends") (collectively, the "Defendants"), and alleges as follows:

### **THE PARTIES**

1.    Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Indian River County, Florida.

2.    Abdelsayed is an individual residing at 921 Dickens Place, West Palm Beach, Florida 33411.

3.    Trends is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 921 Dickens Place, West Palm Beach, Florida 33411.

4.    Trends's agent for service of process is John Abdelsayed, also located at 921 Dickens Place, West Palm Beach, Florida 33411

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.     This Court has personal jurisdiction over Defendants because they maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

7.     Further, since at least January of 2017, Abdelsayed has been a licensed realtor in this State, been registered to do business in this State, and, upon information and belief, owns real property in this State.

8.     Further, since at least October 2011, Trends has operated a real estate business in this State and has been registered to do business in this State.

9.     Venue properly lies in this district because Defendants are deemed to reside in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTS

I.     **Plaintiff's Business and History**

10.     Plaintiff was created as a Florida corporation in June 2005.  Plaintiff's sole shareholder is Robert Stevens.

11.     For the past sixteen (16) years, Mr. Stevens has been employed by Plaintiff as a high-end real estate photographer who specializes in aerial photography, stunning exterior and interior shots, as well as offering slide shows, virtual tours, and a full array of stock photography for luxury real estate industries.

12.     Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

creative and artistic means to capture such photographs long before today's proliferation of consumer drone technology came to market.

13.     Mr. Stevens travels throughout the State of Florida, nationally, and internationally to photograph high-end real estate on behalf of Plaintiff's clients.  He has been contracted by over 280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris Evert, and others).

14.     Plaintiff maintains a commercial website (www.robertstevens.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Mr. Stevens, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

15.     Plaintiff owns the photographs taken by Mr. Stevens and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers.  To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only.  Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

16.     Generally, at the time Plaintiff creates its professional photography, it applies copyright management information to such photography consisting of "© AAP [year] all rights reserved" to the bottom left corner thereof.  Plaintiff does this for added protection/assurance to keep unauthorized persons from utilizing/displaying Plaintiff's work.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

## II.      The Work at Issue in this Lawsuit

17.      In 2016, Plaintiff created a photograph titled "12235 Tillinghast Cir front nite 2016 AAP" (the "Work"). Consistent with Plaintiff's general practices, the Work contains (in the bottom left corner) Plaintiff's copyright management information as follows: "© AAP 2016 all rights reserved." A copy of the Work is exhibited below.



18.      The Work was registered by Plaintiff with the Register of Copyrights on June 21, 2018 and was assigned Registration No. VA 2-107-890.  A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

19.      Plaintiff is the owner of the Work and has remained the owner at all times material hereto.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

### III.   Defendants' Unlawful Activities

20.    Trends is a real estate agency located in Palm Beach County, FL.  Abdelsayed is the President, founder, and, upon information and belief, sole shareholder of Trends.  Abdelsayed has exclusive control over the business activities of Trends, including but not limited to the infringing activities that are the subject of this lawsuit.

21.    Abdelsaved is a real estate broker primarily servicing Palm Beach County, Florida. In 2018, Abdelsayed registered the domain name https://homesofthepalmbeaches.com and thereafter published a website thereon that is used exclusively to market Defendants' real estate services.

22.    On a date after Plaintiff's registration of the Work, Abdelsayed published the Work to the aforementioned website as the main profile image for the San Michele Community[1] (published at https://homesofthepalmbeaches.com/san-michele/). In publishing the Work on such site, Abdelsayed significantly cropped the Work so as to remove Plaintiff's copyright management information. The remaining details of the photograph, however, unequivocally show the two photographs to be the same.  A true and correct copy of screenshots of the subject website, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

23.    The sole contact information provided on the subject website is for Trends Realty and the "About" page thereon (https://homesofthepalmbeaches.com/about/) likewise identifies Trends and contains the contact information for Trends (inviting prospective purchasers or sellers to contact Trends to inquire about its services).

24.     Defendants are not and have never been licensed to use or display the Work.

---

[1] The unlicensed image that Defendants represent as being in the San Michele Community is a home located in the neighboring Old Palm Community.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Defendants never contacted Plaintiff to seek permission to use the Work in connection with their website or for any other purpose – even though the Work that was copied clearly displays Plaintiff's copyright management information and put Defendants on notice that the Work was not intended for public use.

25.     Defendants utilized the Work for commercial use – namely, in connection with the marketing and advertising of Defendants' real estate services.

26.     Upon information and belief, Abdelsayed located a copy of the Work on the internet (most likely associated with a prior MLS listing for a different real estate agency that did contract with Plaintiff) and, rather than contact Plaintiff to secure a license, simply copied the Work for use on their commercial website.

27.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in July 2021.  On July 14, 2021 (following Plaintiff's discovery), Plaintiff notified Defendants in writing of such unauthorized use.  To date, however, Defendants have not responded to Plaintiff, thus necessitating the filing of this lawsuit to protect Plaintiff's rights with respect to the Work.

28.     All conditions precedent to this action have been performed or have been waived.

## <u>COUNT I – COPYRIGHT INFRINGEMENT</u>
### (Abdelsayed)

29.     Plaintiff re-alleges and incorporates paragraphs 1 through 28 as set forth above.

30.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

31.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

32.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Abdelsayed had access to the Work prior to his own reproduction, distribution, and public display of the Work on his San Michele Community website page (https://homesofthepalmbeaches.com/san-michele/).

33.     Abdelsayed reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

34.     By his actions, Abdelsayed infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for his own commercial purposes.

35.     Abdelsayed's infringement was willful as he acted with actual knowledge or reckless disregard for whether his conduct infringed upon Plaintiff's copyright.  According to Abdelsayed's own website(s), Abdelsayed employs copyright management information, "Copyright © 2015 weblbd.com. All rights reserved" (which is itself inaccurate because the domain was not even registered until sometime in 2018).  Abdelsayed has been a licensed real broker in the State of Florida since at least January 2017 and clearly understands that high-end real estate photography – especially that containing copyright management information such as the Work – is generally paid for and cannot simply be copied from the internet/some other broker's MLS listing.

36.     Plaintiff has been damaged as a direct and proximate result of Abdelsayed's infringement.

37.      Plaintiff is entitled to recover its actual damages resulting from Abdelsayed's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

is entitled to recover damages based on a disgorgement of Abdelsayed's profits from infringement of the Work, which amounts shall be proven at trial.

38.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

39.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Abdelsayed's conduct.

40.     Abdelsayed's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Abdelsayed as follows:

a.   A declaration that Abdelsayed has infringed Plaintiff's copyrights in the Work;

b.   A declaration that such infringement is willful;

c.   An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.   Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.   Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.   Permanently enjoining Abdelsayed, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Abdelsayed, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

g.  For such other relief as the Court deems just and proper.

## COUNT II – REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION
### (Abdelsayed)

41.     Plaintiff re-alleges and incorporates paragraphs 1 through 28 as set forth above.

42.     As evidenced above, the Work contains copyright management information identifying Plaintiff as the owner/creator of the Work.

43.     Abdelsayed knowingly and with the intent to enable or facilitate copyright infringement, removed the copyright management information from the Work in violation of 17 U.S.C. § 1202(b).

44.     Abdelsayed committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work.

45.     If Abdelsayed did not remove the copyright management information himself, Abdelsayed caused, directed, and authorized others to commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work.

46.     As a direct and proximate result of Abdelsayed's conduct in removing the foregoing copyright management information, Plaintiff has been damaged.

47.     Abdelsayed's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 1203(b), Plaintiff is entitled to a permanent injunction prohibiting any further violation of 17 U.S.C. § 1202 by Abdelsayed.

**WHEREFORE**, Plaintiff demands judgment against Abdelsayed as follows:

h.  A declaration that Abdelsayed has violated Plaintiff's copyrights in the Work by removing or causing to be removed Plaintiff's copyright management information displayed thereon;

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

i.  A declaration that such violation is willful;

j.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

k.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

l.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

m.  Permanently enjoining Abdelsayed, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Abdelsayed, from directly or indirectly further violating Plaintiff's copyrights by further displaying or distributing the Work with its copyright management information removed; and

n.  For such other relief as the Court deems just and proper.

## <u>COUNT III – VICARIOUS COPYRIGHT INFRINGEMENT</u>
### (Trends)

48.    Plaintiff re-alleges and incorporates paragraphs 1 through 28 as set forth above.

49.    As evidenced above, Abdelsayed infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for his own commercial purposes.  Abdelsayed further infringed and violated Plaintiff's exclusive rights by removing copyright management information from the Work.

50.    As his employer, Trends had the right and ability to control the infringing acts of Abdelsayed, yet declined or failed to stop Abdelsayed from engaging in his infringing activity.

51.    Trends obtained a direct financial benefit from Abdelsayed's infringing activities as the San Michele Community website page ("https://homesofthepalmbeaches.com/san-

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

michele/") created by Abdelsayed invited prospective purchasers and/or sellers to contact Trends to inquire about its services and, upon information and belief, prospective purchasers and/or sellers did contact Trends as a result of Abdelsayed's marketing/advertising efforts through his ("https://homesofthepalmbeaches.com/san-michele/") San Michele Community website page.

52.     As a direct and proximate result of Trends' vicarious copyright infringement, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Trends as follows:

a.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

b.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 1203(b)(5);

c.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

d.  Permanently enjoining Trends, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Trends, from directly or indirectly further violating Plaintiff's copyrights by further displaying or distributing the Work with its copyright management information removed; and

e.  For such other relief as the Court deems just and proper.

### <u>Demand For Jury Trial</u>

Plaintiff demands a trial by jury on all issued so triable.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Dated: August 2, 2021.


COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone:  (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

By: /s/ Daniel DeSouza, Esq.
      Daniel DeSouza, Esq.
      Florida Bar No.:  19291
      James D'Loughy, Esq.
      Florida Bar No.: 0052700

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

EXHIBIT "A"

Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, *United States Code*,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Kay A. Tesla*

Acting United States Register of Copyrights and Director

**Registration Number**

# VA 2-107-890

**Effective Date of Registration:**
June 21, 2018

## Copyright Registration for a Group of Published Photographs
Registration issued pursuant to 37 C.F.R. § 202.4(i)

For Photographs Published:   January 04, 2016 to August 05, 2016

### Title

| | |
|---|---|
| Title of Group: | Selected 2016 Photographs R20 Including 12235 Tillinghast Cir, 3813 N Ocean Blvd and Others Case Number 1-6471891076 |
| Number of Photographs in Group: | 7 |
| • Individual Photographs: | 12235 Tillinghast Cir front nite 2016 AAP, 3813 N Ocean Blvd low aerial 2016 AAP |
| Published: | January 2016 |
| • Individual Photographs: | Cypress Island Cir aerial 2016 AAP, 005 |
| Published: | March 2016 |
| • Individual Photographs: | 386 S Beach Rd rear aerial 2016 AAP |
| Published: | April 2016 |
| • Individual Photographs: | Singer Island sunrise 004b 2016 AAP |
| Published: | June 2016 |
| • Individual Photographs: | 107 Valencia Blvd front 2016 AAP |
| Published: | August 2016 |

### Completion/Publication

| | |
|---|---|
| Year of Completion: | 2016 |
| Earliest Publication Date in Group: | January 04, 2016 |
| Latest Publication Date in Group: | August 05, 2016 |
| Nation of First Publication: | United States |

### Author

| | |
|---|---|
| • Author: | AFFORDABLE AERIAL PHOTOGRAPHY, INC. |
| Author Created: | photographs |
| Work made for hire: | Yes |

**Domiciled in:**   United States

## Copyright Claimant

**Copyright Claimant:**   AFFORDABLE AERIAL PHOTOGRAPHY, INC.
1123 Melinda Ln, Haverhill, FL, 33417, United States

## Certification

**Name:**   Robert Stevens
**Date:**   May 31, 2018

**Correspondence:**   Yes
**Copyright Office notes:**   Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group.

Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as .XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application.

EXHIBIT "B"



Case 9:21-cv-81331-AMC  Document 1  Entered on FLSD Docket 08/02/2021  Page 17 of 20
USCA11 Case: 23-11662  Document: 15  Date Filed: 06/23/2023  Page: 40 of 464



San Michele



### San Michele Homes For Sale



| 3158 San Michele Drive | 1143 San Michele Way |
|---|---|
| 4 Bedroom \| 3 Bath | 5 Bedroom \| 5 Bath |
| $ 1,645,000 | $ 1,599,000 |
| San Michele | San Michele |

San Michele Palm Beach Gardens FL

Find San Michele and Palm Beach Gardens FL homes for sale and other San Michele and Palm Beach Gardens FL real estate on homeofthepalmbeaches.com. Browse other San Michele houses, condos, townhomes, and single family homes in the community. Our extensive database of real estate listings provide the most comprehensive property details including home values, features and local school and neighborhood info so you can be sure that when home buyer info has been updated. Search homeofthepalmbeaches.com today. We're a closer look at what other San Michele properties are available in Palm Beach Gardens FL. Also search our listings for San Michele Open Houses. Newest San Michele Listings and San Michele Homes with Price Reduced here now.

If you are looking for homes for sale in San Michele in Palm Beach Gardens FL that need a certain criteria, homeofthepalmbeaches.com is the right place to search. Here it is easy to search for homes for sale in San Michele and Palm Beach Gardens FL that have the number of rooms you need, the features you are looking for and a price you can afford. What a home is that you can find all sorts of information and resources here and that allows in sales information about the San Michele real estate market and the neighborhood's find out more here or homeofthepalmbeaches.com

At the best listings at homes in the San Michele neighborhood in one can easily make use of different features. homeofthepalmbeaches.com makes it easy to search for homes that meet your requirements, whether those are a size, price or feature related. The search is easily narrowed down right from the search results page so you can check out the Advanced Search options for even more detail. After all, the plan you choose will save because your home and you should be choosy about the home you pick.

Use the search tools to get neighborhood information, not just property information. Every search brings that not only provide pictures and basic property facts, but maps, graphs and statistics that tell you everything you need to know about neighborhood schools, demographics, cost of living and more, so you can make a choice you will love even when you walk out the door and down the street.

If you find that searching for real estate is a laborious task, in homeofthepalmbeaches.com it might be more feature which makes it a little simpler. Find San Michele properties for sale with the features you need and find the details you want when your search has just begun start search here!

### Write a Review

Your overall rating

Title of your review

Summary of your review

Your review

Tell people your review



Your name

Enter your name

Your email

Tell us your email

The choice is kept from their purpose or mail is on genuine option.

### San Michele Reviews



---

**Recent Posts**

Sold in Harbour Oaks 2407 San Pietro
Carte
For Sale in Via Lora 2453 San Pietro
Circle
Sold in Harbour Oaks 2445 San Pietro
Circle
Sold in Harbour Oaks 2566 Gardens
Parkway
Sold in Oaks East 135 Lott Bridge Drive

**Recent Comments**

admin on About John
Karen Low smb on About John

**Archives**

July 2021
June 2021
May 2021
April 2021
March 2021
February 2021
January 2021
December 2020
November 2020
October 2020
September 2020
August 2020
July 2020
June 2020
May 2020
April 2020
March 2020
February 2020
January 2020
December 2019
November 2019
October 2019
September 2019
August 2019
July 2019
June 2019
May 2019
April 2019
March 2019
February 2019
January 2019
December 2018
November 2018
October 2018
September 2018
August 2018
July 2018
June 2018
May 2018
April 2018

**Categories**

Recent Sales Activity
Uncategorized

**Meta**

Login
Entries RSS
Comments RSS
WordPress.org



## San Michele



## San Michele Homes For Sale





2158 San Michele Drive



1143 San Michele Way

Search ...      **Search**

### Recent Posts

Sold in Harbour Oaks 2402 San Pietro
Circle

For Sale in Harbour Oaks 2459 San Pietro
Circle

Sold in Harbour Oaks 2445 San Pietro
Circle

Sold in Harbour Oaks 2566 Gardens

**side by side photo comparisons**



crop · **original photo** · crop

crop

crop

crop · copyright management information removed

**This is the home of golfer Lee Westwood in the private community of Old Palm not San Michele.**

San Michele

San Michele Homes For Sale

# Docket No. 8

# UNITED STATES DISTRICT COURT
## for the
## SOUTHERN DISTRICT OF FLORIDA

Affordable Aerial Photography, Inc.,

Plaintiff,

v.

John Abdelsayed and Trends Realty USA
Corp.,

Defendants/Third-Party Plaintiff,

v.

Cornelius McGinnis and Old Palm Real Estate,
LLC,

Third-Party Defendants.

**Case No. 9:21-cv-81331**

**Jury Trial: No**



FILED BY_____ D.C.

AUG 2 6 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## DEFENDANTS' ANSWER AND DEFENSES TO THE COMPLAINT AND THIRD-PARTY CLAIM

Defendants, having a street address of 921 Dickens Place, West Palm Beach, Palm

Beach County, Florida 33411, and an email of john@trendsrealty.com hereby files this

Answer and defenses to the Complaint and a third-party claim against Cornelius

McGinnis, an individual, and Old Palm Real Estate, LLC, a Florida limited liability

company.

1

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations of Paragraphs 1, 5, 10-19, and 22-28 of the Complaint, and, therefore, deny the same.

Defendants admit the truth of the allegations of Paragraphs 2-4 and 6-8 of the Complaint.

Defendants admit venue is proper in this district but denies the remainder of the allegations in Paragraph 9 of the Complaint.

Defendants deny the allegations of Paragraphs 11, 30-40, 42-47, and 49-52 of the Complaint.

Defendants admit Trends is a real estate agency located in Palm Beach County, FL and that Abdelsayed is the President, founder, sole shareholder, and controller of Trends, but denies the remainder of the allegations in Paragraph 20 of the Complaint.

Defendants admit Abdelsayed is a real estate broker who registered the domain name in question, but denies the remainder of the allegations in Paragraph 21 of the Complaint.

## DEFENSES

Defendants submit statutory damages and/or attorneys' fees are not awardable pursuant to 17 U.S.C. § 412(1)-(2).

To the extent any alleged claim(s) accrued over three years from the filing of this Complaint, Defendants submit said alleged claim(s) are not actionable under 17 U.S.C. § 507(b).

Defendants submit it is not equitable and Plaintiff is estopped (both contractually and equitably) from asserting any claims against Defendants by virtue of publicly and voluntarily (whether it be directly or indirectly) submitting the alleged copyrighted work(s) on the Multiple Listing Service (MLS), and knowing Defendants and others would utilize said alleged work(s) and that Defendants relied on Plaintiff's conduct and submission to the MLS to their detriment.

Defendants submit Plaintiff consented (both contractually, implicitly, and equitably) to public use of the alleged copyrighted work(s) by publicly and voluntarily (whether it be directly or indirectly) submitting the alleged copyrighted work(s) on the Multiple Listing Service (MLS).

Defendants submit Plaintiff licensed (both contractually, implicitly, and equitably) the alleged copyrighted work(s) on a non-exclusive basis to the public by publicly and voluntarily (whether it be directly or indirectly) submitting the alleged copyrighted work(s) on the Multiple Listing Service (MLS).

Defendants submit Plaintiff waived its right to assert any copyright-based claim against Defendants by publicly and voluntarily (whether it be directly or indirectly) submitting the alleged copyrighted work(s) on the Multiple Listing Service (MLS).

3

Defendants submit any use of the alleged copyrighted work(s) is fair use by the Defendants.

Defendants submit any use of the alleged copyrighted work(s) was innocent use.

Defendants submit Plaintiff's do not have standing to assert any copyright-based claims against Defendants by virtue of its lack of ownership because the registration states the work was "made for hire" but no assignment or contract was ever executed involving said alleged work(s), because Plaintiff admits it is only a "licensing agent" to the photograph taken by "Robert Stevens", and because rights in and to the alleged work(s) were given to one or both of the below-referenced Third-Party Defendants.

Defendants submit Plaintiff is a copyright troll intentionally publishing, or causing to publish, photos on the MLS knowing others, particularly those in the real estate field like Defendants, will utilize said photos and then utilize/leverage the costs and expense of Federal litigation to extract monetary settlements and payments from those utilizing said works, i.e., a review of the online docket reveals 93 Federal cases filed by Plaintiff since 2014 (many of which are filed and then closed within the first couple months of filing). See Case Nos.    9:2014cv80926, 9:2015cv80009, 9:2015cv80355, 9:2015cv80354, 9:2015cv81037, 9:2016cv80109, 9:2016cv80679, 9:2016cv81218, 9:2016cv81569, 9:2017cv80226, 9:2017cv80227, 9:2017cv80224, 9:2017cv80225, 9:2017cv81151, 9:2017cv81224, 9:2017cv81307, 9:2017cv81306, 9:2017cv81342, 9:2017cv81344, 9:2018cv80154, 9:2018cv80196, 9:2018cv80443, 9:2018cv80442, 9:2018cv80441,

4

9:2018cv81026, 9:2018cv81569, 9:2018cv81601, 9:2018cv81667, 9:2019cv80379, 9:2019cv80489, 9:2019cv80488, 9:2019cv80555, 9:2019cv80623, 1:2019cv22285, 9:2019cv80816, 9:2019cv80819, 9:2019cv80818, 9:2019cv80820, 9:2019cv81146, 9:2019cv81147, 8:2019cv02067, 1:2020cv20520, 9:2020cv80173, 1:2020cv21306, 9:2020cv80853, 9:2020cv80851, 1:2020cv22219 ,1:2020cv22220 ,1:2020cv22228, 9:2020cv80931, 9:2020cv81058, 9:2020cv81185, 9:2020cv81307, 9:2020cv81306, 9:2020cv81488, 9:2020cv81985, 9:2020cv81985, 9:2020cv82262, 9:2020cv82365, 9:2021cv80026, 9:2021cv80051, 9:2021cv80063, 0:2021cv60074, 9:2021cv80078, 9:2021cv80084, 9:2021cv80387, 2:2021cv14127, 2:2021cv14235, 2:2021cv14241, 2:2021cv14268, 2:2021cv14267, 1:2021cv22403, 2:2021cv14266, 2:2021cv14277, 2:2021cv14279, 2:2021cv14278, 2:2021cv14276, 8:2021cv01668, 0:2021cv61455, 6:2021cv01166, 9:2021cv81258, 2:2021cv14291, 2:2021cv14292, 0:2021cv61521, 1:2021cv22671, 2:2021cv14309, 2:2021cv14311, 9:2021cv81331, 9:2021cv81339, 8:2021cv01858, 0:2021cv61651, 9:2021cv81413, 9:2021cv81475.

Based on the number of cases filed by Plaintiff, Defendants submit Plaintiff may be barred by collateral estoppel or judicial estoppel stemming from any decisions or orders rendered in said cases.

WHEREFORE, Defendants hereby respectfully demand judgment against Plaintiff, have Plaintiff take nothing in this action, award Defendants any costs associated therewith, and additional relief this Court deems just and proper under the circumstances.

5

## THIRD-PARTY CLAIM

1.    Defendants/Third-Party Plaintiffs hereby seek relief against the Third-Party Defendants, Cornelius McGinnis and Old Palm Real Estate, LLC, who Defendants assert is or maybe liable, individually and/or collectively, to Defendants for any damages found against for claims asserted against Defendants.

2.    The basis for jurisdiction in this Court against the Third-Party Defendants is similarly based on the jurisdiction alleged by Plaintiff against Defendants, i.e., if Defendants are responsible for the conduct alleged by Plaintiff, so are Third-Party Defendants and/or Third-Party Defendants are an indispensable party to this lawsuit.

3.    Third-Party Defendant Cornelius McGinnis in an individual residing in Florida and this judicial district and Third-Party Defendant Old Palm Real Estate, LLC, is a Florida limited liability company residing in and operating business in this judicial district.

4.    Upon information and belief, Third-Party Defendant Cornelius McGinnis, on behalf of or for the benefit for Third-Party Defendant Old Palm Real Estate, LLC, uploaded the photograph allegedly copyrighted and referenced in Exhibit B of the Complaint ("Photograph") to the Realtor Association of the Palm Beaches MLS.

5. Upon information and belief, Plaintiff licensed or otherwise transferred rights in and to the Photograph to one or both of the Third-Party Defendants.

6. Upon information and belief, Plaintiff gave consent or authorization to one or both of the Third-Party Defendants to upload the Photograph to the MLS.

7. Upon information and belief, Plaintiff granted one or both of the Third-Party Defendants a license and authorization to distribute the Photograph to others, including Defendants and their website.

8. Upon information and belief, Third-Party Defendants knew or should have known that other subscribers of the MLS, including Defendants/Third-Party Plaintiffs, would use the Photograph.

9. Upon information and belief, Third-Party Defendants wanted other subscribers of the MLS, including Defendants/Third-Party Plaintiffs, to use the Photograph for marketing and advertising the property depicted therein.

WHEREFORE, Defendants hereby respectfully demand judgment against Third-Party Plaintiffs and finding that if Defendants are liable for the damages or conduct described by Plaintiff, that the Third-Party Defendants are also liable, individually and/or collectively, to Defendants and/or Plaintiff for any damages found against Defendants/Third-Party Plaintiffs for claims asserted against them in this action, and additional relief this Court deems just and proper under the circumstances.

7

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this answer: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

August 25, 2021


Signature of Defendants/Third-Party Plaintiffs
John Abdelsayed

8

# Docket No. 9

Docket No. 9

UNITED STATES DISTRICT COURT • SOUTHERN DISTRICT OF FLORIDA

Affordable Aerial Photography, Inc._____, Plaintiff,

vs.

Case No. 9:21cv81331_____

John Abdelsayed and Trends Realty USA_____, Defendant(s)

## Motion For Referral To Volunteer Attorney Program

I, John Abdelsayed_____, am a *pro se* party representing myself in this case, and have requested authorization to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 or am otherwise unable to afford a lawyer. Therefore, I request that the Court refer my request to the Court's Volunteer Attorney Program.   I understand that it will be up to volunteer attorneys, not the Court, to determine whether they wish to represent me.   If a volunteer attorney agrees to take my representation, I will cooperate with that counsel in the preparation and presentation of my case.

Signature: _____

Printed Name: John Abdelsayed

Address:     921 Dickens Pl
             West Palm Beach, FL 33411

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was served by [specify method of service -- hand delivery/U.S. Mail/other]  on   [date] on all counsel or parties of record on the Service List below.

Signature: _____

Printed name: JOHN ABDELSAYED

Service List
Daniel DeSouza, Esq.
ddesouza@desouzalaw.com
Copycat Legal PLLC
3111 N. University Drive, Suite 301
Coral Springs, FL 33065
877-437-6228
Attorneys for Plaintiff

FILED BY MEGF D.C.

AUG 26 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

# Docket No. 18

Docket No. 18

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-CV-81331**

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,

      Plaintiff,

v.

JOHN ABDELSAYED,
TRENDS REALTY USA CORP,
a Florida corporation,

      Defendants.

_____

<u>**NOTICE OF APPEARANCE**</u>

      Defendants, John Abdelsayed and Trends Realty USA Corp, by and through their attorney, Griffin Klema, Esq., and pursuant to Local Rule 11.1(d), files this Notice of Appearance on behalf of the above-identified defendants, pursuant to the volunteer attorney program for the Southern District of Florida. The undersigned counsel does not waive any claim to prevailing party attorney's fees by appearing through the volunteer program, and the defendants expressly reserve the right to claim any such fees to which they may be entitled.

                                       __/s/ Griffin Klema_____
                                       Griffin C. Klema, Esq.
                                       Fla. Bar No. 100279
                                       Griffin@KlemaLaw.com
                                       **Klema Law, P.L.**
                                       PO Box 172381
                                       Tampa, FL 33672
                                       420 W. Kennedy Boulevard
                                       Tampa, FL 33606
                                       Telephone: 202-713-5292
                                       Attorney for Defendants

# Docket No. 19

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-CV-81331**

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,

      Plaintiff and Counter-Defendant,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,

      Defendants and Counter-Plaintiffs.

-------------------------------------------------------------------------------

TRENDS REALTY USA CORP,

      Third Party Plaintiff,

v.

ROBERT STEVENS,
CORNELIUS MCGINNIS, and
OLD PALM REAL ESTATE, LLC,

      Third Party Defendants.

_____

**TRENDS REALTY'S**
**ANSWER, AFFIRMATIVE DEFENSES,**
**COUNTERCLAIMS, AND THIRD PARTY COMPLAINT**

      Defendant Trends Realty USA Corp, by and through its attorney, Griffin Klema,

Esq., and pursuant to the Court's August 31, 2021, Order [ECF No. 16] and Fed. R. Civ.

P. 7, 12, and 13, files this, its Answer and Affirmative Defenses to the plaintiff's Complaint

[ECF No. 1], Counterclaims, and Third Party Complaint.

## **ANSWER**

Defendants admit the truth of the allegations contained in Paragraphs 1-9 of the Complaint, but expressly deny any wrongdoing or infringement that might be implied by the allegations.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 10-19, and 28 of the Complaint and therefore deny same.

With regard to the allegations contained in Paragraphs 20 and 21 of the Complaint, defendants admit Trends Realty is a real estate agency located in Palm Beach County, Florida and that Abdelsayed is the President, founder, sole shareholder, and controller of Trends Realty. Defendants further admit Abdelsayed is a real estate broker who registered the domain name in question. Defendants deny the remainder of the allegations in Paragraphs 20 and 21 of the Complaint.

With regard to the allegations contained in Paragraphs 22-27 of the Complaint, defendants admit the following: (a) that Trends Realty significantly cropped the photograph obtained from the Beaches Multiple Listing Service ("Beaches MLS") prior to uploading it to the website, but that no copyright information was removed by doing so; (b) the contact information provided on the website presently identifies Trends Realty; (c) defendants never contacted plaintiff to seek permission to use the work because the subject work did not contain any copyright management information, defendants had no notice of any copyright claim to the alleged work, and defendants had an actual or implied

license; and (d) defendants received a demand from plaintiff on or about July 14, 2021.

Defendants deny the remaining allegations contained in those paragraphs.

Paragraphs 29, 41, and 48 of the Complaint are re-incorporation paragraphs, for

which defendants re-adopt their responses.

Defendants deny the allegations contained in Paragraphs 30-40, 42-47, and 49-

52 of the Complaint.

Defendants deny that plaintiff is entitled to any relief whatsoever in this action.

Defendants specifically deny all allegations, if any, and conclusions of law, if any,

to which they did not specifically respond in this Answer to plaintiff's Complaint.


## **DEFENSES**


**Defense 1 – No Statutory Damages or Attorney's Fees.** Plaintiff cannot recover

statutory damages or attorney's fees because any alleged infringement predated the

effective date of plaintiff's copyright certificate. 17 U.S.C. § 412.

**Defense 2 – Statute of Limitations**. Plaintiff's claims are barred in whole or in

part by the operation of the statute of limitations. 17 USC § 507(b). Furthermore, any

damages cannot exceed three years prior to the date on which the lawsuit was brought.

Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014) (holding that a plaintiff may

obtain "relief running only three years back from the date the complaint was filed").

**Defense 3 – Actual Damages are Limited to Objective Market Value**. Plaintiff's

damages are barred, in whole or in part, based on an objective determination of the

market value of the subject work, based on prevailing market forces. E.g., Jarvis v. K2

Inc., 486 F.3d 526 (9th Cir. 2007); On Davis v. The Gap, Inc., 246 F.3d 152 (2d Cir. 2001).

**Defense 4 – Failure to Join Indispensable Party**. Plaintiff's action is barred for failure to join an indispensable party. Cornelius McGinnis and/or Old Palm Real Estate, LLC (the "Original Agent") are liable to plaintiff for their knowing and intentional removal of any alleged copyright management information ("CMI"). The subject work uploaded by the Original Agent to the Beaches Multiple Listing Service had the CMI removed by the Original Agent. Plaintiff knew or should have known this fact prior to bringing the present cause of action under 17 U.S.C. § 1202, and therefore Count 2 of the Complaint is frivolous and filed in bad faith. Moreover, plaintiff's CEO, Robert Stevens, has personal involvement and firsthand knowledge of prior litigation involving the plaintiff's real estate photography and multiple listing services where plaintiff knew the alleged CMI would be removed or altered by the Original Agent or the MLS. Stevens v. Corelogic, Inc., 899 F. 3d 666 (9th Cir. 2018) (affirming dismissal of Mr. Stevens' § 1202 claim, concluding he "impliedly gave authority to the [real estate] agents to upload these photographs even though the result was the removal of CMI"). Defendants have incurred the expense of engaging counsel to defend against this claim and therefore seek their reasonable attorney's fees pursuant to 17 U.S.C. § 1203(b)(5).

**Defense 5 – Plaintiff Lacks Standing**. On information and belief, plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested in Cornelius McGinnis and/or Old Palm Real Estate, LLC on whose behalf plaintiff undertook the work. As a work for hire, plaintiff did not have, and knew it did not have, any ownership interest in the subject work. 17 U.S.C. § 201(b). Because the plaintiff knew of the inaccuracy concerning its lack of ownership, and ownership is material to a certificate of registration, it cannot maintain the present action because it lacks standing

and has failed to state a claim upon which relief may be granted. 17 U.S.C. §§ 411 and 501(b).

**Defense** 6 **– Invalidity – No Ownership**. On information and belief, plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested in the original real estate agent on whose behalf plaintiff undertook the work. 17 U.S.C. § 201(b). As a work for hire, plaintiff did not have, and does not currently have, any ownership interest in the subject work. Consequently, plaintiff is not considered a claimant pursuant to the Copyright Act, and the copyright registration sued upon is invalid.

**Defense 7 – Invalidity – Insufficiently Creative**. Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection.

**Defense 8 – Fair Use**. Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which Plaintiff alleges a copyright interest was a fair use. 17 U.S.C. § 107.

**Defense** 9 **– Innocent, Good Faith Use**. Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff failed to affix any notice to the work. 17 U.S.C. § 401; 37 C.F.R. § 202.2(c). Defendants have not willfully infringed any intellectual property or other rights owned by plaintiff and because defendants have acted in good faith and without any intention of injuring plaintiff.

**Defense 10 – De Minimis Use**. Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*.

**Defense 11 – License**. Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was a permissible use pursuant to license (whether contractually, impliedly, or equitably) granted by plaintiff and/or Cornelius McGinnis and/or Old Palm Real Estate, LLC to defendants.

**Defense 12 – Waiver**. Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff waived its right to assert any copyright-based claim against defendants by publicly and voluntarily (whether directly or indirectly) submitting the alleged work to the Multiple Listing Service.

**Defense 13 – Copyright Troll**. On information and belief, plaintiff intentionally publishes, or causes to be published, photos of real and chattel property with knowledge that persons involved in the sale of said property will utilize those photographs in connection with sales efforts, and plaintiff then improperly leverages the cost of defending a lawsuit to extract settlements from the very persons intended to be provided with and use the photographs. The alleged work at issue in this case is a photograph which plaintiff knowingly permitted to be uploaded to the Beaches Multiple Listing Service, through Cornelius McGinnis and/or Old Palm Real Estate, LLC. Plaintiff has filed an estimated 90 or more similar lawsuits against real estate agents, demonstrating a pattern of extortionary litigation with thin, if any, support.

Plaintiff also intentionally minimizes the alleged copyright management information, including an indecipherable "watermark" of infinitesimally small typeface on the lower left corner of its photographs. Further, plaintiff is collaterally or judicially estopped from its  Section 1202 claim stemming from plaintiff's CEO, Robert Stevens

personal involvement and firsthand knowledge in prior litigation involving real estate photography and multiple listing services. <u>Stevens v. Corelogic, Inc.</u>, 899 F. 3d 666 (9th Cir. 2018) (affirming dismissal of Mr. Stevens' § 1202 claim, concluding he "impliedly gave authority to the [real estate] agents to upload these photographs even though the result was the removal of CMI").

Defendants further argue that Count 2 of the Complaint is knowingly frivolous. Defendants have incurred the expense of engaging counsel to defend against this claim and therefore seek their reasonable attorney's fees pursuant to 17 U.S.C. § 1203(b)(5). Plaintiff could, though it did not, determine whether the subject photograph uploaded by Agent McGinnis or his real estate company had cropped or otherwise remove the alleged copyright management information.

<u>Defendant's Prayer for Relief</u>

WHEREFORE, Trends Realty USA Corp. prays for judgment as follows:

a)      that the Court request the Register of Copyrights to advise the Court whether the inaccurate claimant information, if known, would have caused the Register of Copyrights to refuse registration for the subject work pursuant to 17 USC §411(b)(2);

b)      that the Court invalidate the subject copyright registration;

c)      that Plaintiff takes nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

d)      that the Court enter judgment that defendants are the prevailing parties in this action;

e)      that the Court award defendants their full costs, including reasonable attorney's fees, against Plaintiff pursuant to 17 U.S.C. §§ 505 and 1203(b)(5) ; and

f)      that the Court award any and all other relief to which Trends Realty USA Corp may be entitled.

## COUNTERCLAIMS and THIRD PARTY COMPLAINT

For its counterclaims[1] against counter-defendant Affordable Aerial Photography, Inc. ("AAP") and third-party defendants Robert S. Stevens ("Stevens"), Cornelius McGinnis ("McGinnis"), and Old Palm Real Estate, LLC ("Old Palm"), counterclaimant and third-party plaintiff Trends Realty USA Corp ("Trends Realty"), alleges as follows:

### PARTIES

1.      Trends Realty is a Florida corporation with its principal office at 921 Dickens Place, West Palm Beach, Florida 33411.

2.      Counter-Defendant AAP is a Florida corporation with its principal office at 1938 Gray Falcon Circle SW, Vero Beach, Florida 32962.

3.      Third-party defendant Stevens is a resident of the State of Florida, and is an officer of AAP, and otherwise controls AAP's business operations.

4.      Third-party defendant Old Palm is a Florida limited liability company with its principal office at 11889 Old Palm Drive, Palm Beach Gardens, Florida 33418.

5.      Third-party defendant McGinnis is a resident of the State of Florida, and is an officer of Old Palm, and otherwise controls Old Palm's business operations.

---

[1] by advancing the counterclaims and third-party complaint, neither Trends Realty USA Corp nor Abdelsayed concede that they infringed the alleged photograph.

JURISDICTION AND VENUE

6.      Jurisdiction is proper in this court because this litigation arises under federal law, namely 17 U.S.C. § 1202(b). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

7.      Stevens, AAP, McGinnis, and Old Palm are all subject to personal jurisdiction in Florida.

8.      Venue is proper under 28 U.S.C. § 1391(b) because the acts giving rise to these claims occurred in this district, Trends Realty has a principal place of business in this district,  Stevens and McGinnis reside in this district, and AAP and Old Palm each have a principal place of business in this district.

ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

9.      Upon information and belief, Stevens and/or his company AAP intentionally minimize how their copyright management information ("CMI") appears on photographs taken by Stevens. The CMI affixed by Stevens or AAP to the images consists of a watermark containing "© AAP 2016 all rights reserved", placed in the lower left-hand corner in white or light colored text, irrespective of the color of the image where the CMI is placed. The typeface sizing of the CMI is intentionally made small to the point of being unnoticeable and illegible.

10.      Upon information and belief, Stevens and/or AAP intentionally minimize and obfuscate the CMI applied to photographs with the intent that the public will overlook or not see the CMI, that the CMI will be rendered illegible and unintelligible to the public upon shrinking or compressing the image, or that the CMI will be removed by even the slightest cropping of the image.

11.     Upon information and belief, Stevens and AAP know that the images prepared by them for use by real estate agents will be uploaded to a multiple listing service where those images will be viewed and downloaded by other MLS participants, and further propagated from the MLS to other public websites like Zillow.

12.     Upon information and belief, Stevens and AAP know that the images prepared by them that are uploaded to an MLS will be altered by the real estate agents during the process of creating a property listing, including but not limited to cropping, resizing, compression, and otherwise. Stevens and AAP know that this process of use by real estate agents results in the obfuscation of the CMI from the images.

13.     Stevens has been personally involved in prior litigation regarding this very process, and judgment was rendered against him on this very subject in Stevens v. Corelogic, Inc., 899 F. 3d 666 (9th Cir. 2018) (affirming dismissal of Mr. Stevens' § 1202 claim, concluding he "impliedly gave authority to the [real estate] agents to upload these photographs even though the result was the removal of CMI").

14.     On information and belief, Stevens is the principal officer or director of AAP. He controls the day-to-day activities of AAP, and is otherwise responsible for all of its business activities and decisions.

15.     Upon information and belief, Stevens and AAP regularly engage in business with McGinnis and Old Palm, whereby McGinnis and/or Old Palm hire Stevens and/or AAP to prepare images of real property for which they are engaged to sell and list on an MLS.

16.     Upon information and belief, McGinnis and Old Palm knew that the CMI applied by Stevens or AAP would be rendered illegible and otherwise obfuscated due to the sizing and placement of the CMI on the real estate photographs.

17.     Upon information and belief, McGinnis and Old Palm know that Stevens and AAP are litigious, and that part of their business model includes pursuing dubious claims of removal of CMI against other real estate agents.

18.     By resizing, cropping, compressing, or otherwise altering photographs provided by Stevens or AAP, McGinnis and/or Old Palm acted in furtherance of Stevens or AAP's goals of bringing shakedown CMI-removal claims against innocent other real estate agents with the purpose of extracting money from those agents and thereby unfairly competing with them.

19.     AAP has never sued McGinnis or Old Palm for their conduct of removing CMI from photographs taken by Stevens.

20.     Old Palm and McGinnis benefit from Stevens' and AAP's copyright infringement allegations against other real estate agents who compete in the same high-end sub-segment of the real estate market, while never being sued by AAP for their violation of 17 U.S.C. § 1202(b).

21.     In or about January 2016, Stevens created the photograph at issue in this action (the "Work"), from the collection entitled "12235 Tillinghast Cir front nite 2016 AAP, 3813 N Ocean Blvd low aerial 2016 AAP".[2]

---

[2] Again, by making this allegation and bringing these claims, neither Trends Realty nor Abdelsayed concedes copyright ability of the alleged work or any infringement thereof.

22.     Stevens provided a copy of the Work containing infinitesimally small CMI to McGinnis and/or Old Palm, and McGinnis and/or Old Palm then knowingly cropped, and thereby removed the CMI from the Work. Alternatively, Stevens or AAP failed to apply, cropped, or otherwise did not affix any CMI to the Work prior to providing it to McGinnis or Old Palm.

23.     Upon information and belief, on or about January 18, 2016, McGinnis or Old Palm uploaded the Work containing no CMI to the Beaches MLS. A true and correct copy of the history of the listing is attached as Exhibit A. Images on the history appended with the letter "a" were cropped images. The image denoted as "003a (Copy)" is believed to be the Work. A true and correct copy of the listing is attached as Exhibit B.

24.     Stevens and AAP had the ability to, yet intentionally failed to, inquire with McGinnis and Old Palm prior to bringing its claim under 17 U.S.C. § 1202(b) regarding whether the Work uploaded by them had the CMI removed by them.

25.     In the present action, AAP claims that Abdelsayed "knowingly, and with the intent to enable or facilitate copyright infringement, removed the copyright management information from the Work in violation of 17 U.S.C. §1202(b)" and that Abdelsayed "committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work." [ECF 1 at ¶¶ 43 and 44].

26.     At the time it filed its § 1202 claim, AAP was fully aware that the image used by Trends Realty contained no CMI or watermark because the Work, as uploaded to the Beaches MLS, did not contain CMI.

27.     At the time it filed its § 1202 claim, AAP was fully aware that because the image on the Beaches MLS contained no CMI watermark, it would be factually impossible for Trends Realty to remove CMI data.

28.     At the time it filed its § 1202 claim, AAP was fully aware that Trends Realty did not knowingly or intentionally remove CMI in order to enable, facilitate, or conceal infringement of AAP's rights in the Work.

29.     The statutory regime for tampering with or removing CMI under the Digital Millennium Copyright Act (DMCA) is unique and stands apart from claims of traditional copyright infringement under 17 USC § 504. Consequently, a plaintiff could sue a defendant solely for removal of CMI, even though there was no infringement by the defendant. Thus, Count II for an alleged violation of the DMCA is its own process separate and apart from Counts I and III for copyright infringement.

30.     In the Complaint, AAP prays for relief under Count II by seeking damages not provided by the DMCA, but rather in support of its separately-assertable infringement claims, *to wit* "an award of statutory damages **for willful infringement** up to **$150,000**.**00** for each infringement of the Work." [ECF 1 at 10, ¶ j].

31.     In contrast, the DMCA only provides for *non-infringement* statutory damages, not to exceed $25,000. 17 U.S.C. § 1203(c)(3)(B).

32.     AAP's conduct in bringing its action under 17 U.S.C. § 1202(b) without basis has caused and continues to cause harm to Trends Realty.

33.     Stevens is personally liable for his tortious conduct, whether or not committed in furtherance of AAP's business.

34.     McGinnis is personally liable for his tortious conduct, whether or not committed in furtherance of Old Palm's business.

35.     Trends Realty has been required to engage the assistance of an attorney to bring this action.

## COUNT I
### *Declaration of no Violation of 17 U.S.C. § 1202(b)*
### *(against AAP)*

36.     Trends Realty realleges the allegations set forth in Paragraphs 1 through 35 of the Counterclaim as though fully set forth herein.

37.     AAP brought this action pursuant, in part, to 17 U.S.C. § 1202(b) against Abdelsayed, as officer and director of Trends Realty.

38.     17 U.S.C. § 1202(b) makes it a violation to "intentionally remove or alter any copyright management information."

39.     AAP claimed that Trends Realty, through Abdelsayed, knowingly removed CMI from the Work.

40.     Yet AAP is and was, prior to bringing the present action, fully aware that the copy of the Work on the Beaches MLS did not contain any CMI. Alternatively, AAP had the obligation to investigate whether McGinnis or Old Palm removed the CMI from the Work prior to bringing an action pursuant to 17 USC §1202(b), and AAP grossly and recklessly failed to apprise itself of the lack of any factual basis for its claim.

41.     Neither Abdelsayed nor Trends Realty knowingly or intentionally removed or altered any CMI in the copy of the Work.

42.     Based on the circumstances described above, neither Abdelsayed nor Trends Realty have violated 17 U.S.C. § 1202(b).

WHEREFORE, Trends Realty USA Corp prays for a judgment in its favor and against Affordable Aerial Photography, Inc., as follows:

A.      that the Court enter judgment against AAP on its cause of action under 17 U.S.C. 1202(b);

B.      that the Court enter judgment in favor of Counterclaimant Trends Realty and against Counter-defendant AAP on Trends Realty's counterclaims;

C.      that Trends Realty recover its costs and attorney's fees pursuant to 17 U.S.C. § 1203(b); and

D.      for such other and further relief as is just and equitable.


## COUNT II
*Claim for Costs and Attorney's Fees 17 U.S.C. § 1203*
*(against AAP)*

43.     Trends Realty realleges the allegations set forth in Paragraphs 1 through 35 of the Counterclaim as though fully set forth herein.

44.     AAP has brought its action, in part, pursuant to 17 U.S.C. § 1202(b).

45.     AAP's conduct in bringing its claim under 17 U.S.C. § 1202 is without any basis in fact or law.

46.     AAP's conduct in bringing its claim under 17 U.S.C. § 1202, is frivolous, and objectively unreasonable.

47.     AAP's motivation in bringing the claim under 17 U.S.C. § 1202 is a predacious attempt by AAP, and/or Stevens to extract money from Trends Realty.

48.     AAP's conduct in bringing its claim without any basis in fact or law has caused and continues to cause harm to Trends Realty.

49.     AAP is therefore liable for Trends Realty's full costs and reasonable attorney's fees in defending against its claim that Trends Realty violated 17 U.S.C. § 1202(b), as provided in 17 U.S.C. § 1203.

50.     An award to Trends Realty of costs and reasonable attorney's fees as provided in 17 U.S.C. § 1203, in defending itself against AAP's baseless claim would act as effective deterrence against future predatory claims against innocent parties.

WHEREFORE, Trends Realty USA Corp prays for a judgment in its favor and against Affordable Aerial Photography, Inc. as follows:

A.      that the Court enter a declaration finding that Trends Realty did not remove CMI from the alleged work and enter judgment against AAP on its cause of action under 17 U.S.C. 1202(b);

B.      that the Court enter judgment in favor of Trends Realty on its counterclaims and third-party complaint;

C.      award Trends Realty its costs and attorney's fees in bringing these counterclaims and third-party complaint; and

D.      for such other and further relief as the Court deems just and equitable.

### COUNT III
*Abuse of Process*
*(against AAP and Stevens)*

51.     Trends Realty realleges the allegations set forth in Paragraphs 1 through 50 of the Counterclaim as though fully set forth herein.

52.     Stevens and/or AAP made an illegal, improper, or perverted use of process by including a completely baseless claim for removal of CMI under 17 U.S.C. §1202(b),

and by expressly demanding remedies not provided for by the statute with the goal of illegally inflating its claims and extracting settlement money from Trends Realty.

53.     By the issuance of the process to Count II, AAP has improperly tried to accomplish an end—extortionary payment of monies for infringement—which the process was not intended by law to accomplish.

54.     Stevens and/or AAP had an ulterior motive or purpose in exercising the illegal, improper, or perverted process, whereby Stevens and/or AAP sought to extract money from Trends Realty on a claim it knew was completely baseless and different from and in excess of what the law provides, by including a claim in civil process that it knew would cost Trends Realty thousands of dollars to defend, separate and apart from its claims of infringement, and thus improperly increasing the settlement value of its case contrary to law.

55.     Trends Realty has been injured as a result of Stevens and/or AAP's action.

WHEREFORE, Trends Realty USA Corp prays for a judgment in its favor and against Affordable Aerial Photography, Inc. and Roberts S. Stevens, as follows:

A.     that the Court enter judgment in favor of Trends Realty on its counterclaims and third-party complaint for damages caused by AAP's and Stevens' abuse of the civil process to extort Trends Realty;

B.     that the court award punitive damages against AAP;

C.     award Trends Realty its costs and attorney's fees in bringing these counterclaims and third-party complaint; and

D.     for such other and further relief as the Court deems just and equitable.

## COUNT IV
*Civil Conspiracy*
*(against AAP, Stevens, McGinnis, and Old Palm)*

56.      Trends Realty realleges the allegations set forth in Paragraphs 1 through 55 of the Counterclaim as though fully set forth herein.

57.      On information and belief, McGinnis and/or Old Palm combined with and acted in concert with Stevens and/or AAP (collectively, "Co-conspirators"), for the purpose of injuring competing real estate agents, including Trends Realty.

58.      As a direct and proximate result of the conspiracy and the collective and individual actions of the Co-conspirators, Trends Realty has been damaged.

59.      Because of the combination and conspiracy, Stevens, AAP, McGinnis, and Old Palm are jointly and severally liable to Trends Realty.

WHEREFORE, Trends Realty USA Corp prays for a judgment in its favor against Robert S. Stevens, Affordable Aerial Photography, Inc., Cornelius McGinnis, and Old Palm Real Estate, LLC, jointly and severally, for damages caused to Trends Realty and for such further relief the Court deems equitable and just.


Dated: September 17, 2021.


## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Trends Realty USA Corp hereby demands a trial by jury of all triable issues in this action, including triable issues in the main action, and triable issues in the counterclaims and third party claims.

<div align="right">

   /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com

</div>

**Klema Law, P.L**.
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendants,
    Counterclaimants, and
    Third Party Plaintiffs

**EXHIBIT A**

**Residential Full Report**



| | |
|---|---|
| MLS#: RX-10199718 | St: Expired |
| Orig LP: $10,995,000 | Range Price: |
| Area: 5310 | Geo Area: PB29 |
| Legal Desc: OLD PALM PL 3 LT 173 | |

| | |
|---|---|
| | Type: Single Family Detached |
| | List Price/SqFt: 946.47 |
| | County: Palm Beach |

**List Price: $9,060,000**

**Subdivision:** OLD PALM 3
**Development Name:** Old Palm Golf Club

| | | Parcel ID: | 52424135060001730 | Front Exp: | West |
|---|---|---|---|---|---|
| **Model Name:** | Custom | | | **Garage Spaces:** | 6 |
| **Waterfront:** | No | **Waterfrontage:** | | **Carport Spaces:** | |
| | | **Multiple Ofrs Acptd:** | | **Total Covered Spaces:** | |
| | 210 ft (front) x 225 ft (sides) x 190 ft (rear) | **Taxes:** | 102,624 | **Private Pool:** | Yes |
| **Lot Dimensions:** | | **Tax Year:** | 2015 | **REO:** | No |
| | | **Special Assessment:** | No | **Short Sale Addendum:** | No |
| **Lot SqFt:** | 45,095 | **Dock:** | | **Short Sale:** | No |
| | | **Membership Fee Required:** | Yes | **Owner/Agent:** | |
| **HOPA:** | No Hopa | **Membership Fee Amount:** | 175,000 | | |
| **Zoning:** | PCD | | | | |

**Elementary School:** Timber Trace Elementary School
**Middle School:** Watson B. Duncan Middle School
**High School:** William T. Dwyer High School

**Virtual Tour:** Click to View Virtual Tour

| | | | | | |
|---|---|---|---|---|---|
| Dining Room | 18 X 14 | Family Room | 32 X 23 | Bedroom 2 | 16 X 12 |
| Kitchen | 23 X 19 | Patio | 80 X 24 | Bedroom 3 | 21 X 15 |
| Living Room | 22 X 18 | Porch | 73 X 24 | Bedroom 4 | 18 X 14 |
| Den | 22 X 15 | | | Bedroom 5 | 15 X 14 |
| | | | | Master Bedroom | 25 X 20 |

| | |
|---|---|
| LivSqFt: 9,509 | TI Bedrooms: 6 |
| SqFt - Total: 17,506 | Main Level Bedrooms: |
| SqFt Source: Tax Rolls | Baths - Full: 8 |
| Guest Hse: | Baths - Half: 1 |
| Yr Built: 2013 | Baths - Total: 8.1 |
| Builder Name: | Main Level Baths: |
| Property Condition: Resale | |
| Pets Allowed:Yes | |

| | | | | | |
|---|---|---|---|---|---|
| **HOA/POA/COA (Monthly):** | 890 | **Bldg #:** | | **Land Lease:** | |
| **Governing Bodies:** | HOA | **Total Floors/Stories:** | 2 | **Recreation Lease:** | |
| **Homeowners Assoc:** | Mandatory | **Total Units in Bldg:** | | **Min Days to Lease:** | |
| **Lease Times p/Year:** | | **Ttl Units in Complex:** | 316 | **Assoc Contact Phone:** | |
| **Application Fee:** | 0 | **Unit Floor #:** | | **Assoc Website:** | |
| **Capital Contribution:** | | **Membership Fee Amount:** | 175,000 | | |
| **Capital Contribution Amount:** | | | | | |

**Auction:** No
**Directions:** From I-95 exit onto PGA Blvd West for approx 2 miles to guard gate on the North side of the street.

**Showing Instructions:** ▮▮▮▮▮

| | | | |
|---|---|---|---|
| LO: 802049 | Old Palm Real Estate | 561-493-7220 | |
| LM: 20011915 | Connie McGinnis | 561-493-7220 | |
| Com/BuyerAgt: ▮ | Comm/Non-Rep: ▮ | Trans Brk: ▮ | connie.mcginnis@oldpalmgolfclub.com |
| Var/Dual Rate: No | List Type: Ex Rt | Bonus: ▮ | LD: 01/16/2016 |
| Owner Name: Withheld | | XD: 01/16/2017 | |
| Broker Only Remarks: ▮▮▮▮▮ | | | ▮. |
| Any Broker Advertise: No | | | |

**Design:**
**Construction:** CBS
**Unit Desc:** On Golf Course
**Flooring:** Carpet; Marble
**Furnished:** Unfurnished
**Dining Area:** Breakfast Area; Formal
**Master Bedroom/Bath:** 2 Master Baths; Bidet; Mstr Bdrm - Ground; Separate Shower; Separate Tub; Whirlpool Spa
**Window Treatments:** Impact Glass; Plantation Shutters
**Lot Description:** 1 to < 2 Acres
**Private Pool Description:** Gunite; Heated; Inground; Spa
**Storm Protection:** Impact Glass: Complete; Permanent Generator: Whole House
**Restrict:** Commercial Vehicles Prohibited; No Truck/RV
**Rooms:** Cabana Bath; Den/Office; Family; Laundry-Inside; Loft; Media

**View:** Golf; Lake
**Waterfront Details:** None
**Cooling:** Central; Electric; Zoned
**Heating:** Central; Electric; Zoned
**Security:** Gate - Manned; Security Patrol; Security Sys-Owned; Wall
**Membership:** Golf Equity Avbl
**Utilities:** Cable; Electric; Gas Natural; Public Sewer; Public Water; Underground
**Special Info:** Deed Restrictions
**Terms Considered:** Cash; Conventional
**Parking:** Garage - Attached
**Roof:** Concrete Tile; Flat Tile
**Taxes:** City/County
**Equestrian Features:**

**Equip/Appl:**Auto Garage Open; Central Vacuum; Dishwasher; Disposal; Dryer; Ice Maker; Microwave; Range - Gas; Refrigerator; Smoke Detector; Washer; Water Heater - Gas
**SubdivInfo:**Beach Club Available; Bike - Jog; Cabana; Clubhouse; Fitness Center; Golf Course; Pool; Putting Green; Sauna; Sidewalks; Spa-Hot Tub; Street Lights; Whirlpool
**Interior:**Built-in Shelves; Elevator; Fireplace(s); Foyer; French Door; Pantry; Roman Tub; Volume Ceiling; Walk-in Closet; Wet Bar
**Exterior:**Built-in Grill; Covered Balcony; Covered Patio; Fence; Open Balcony; Open Patio; Summer Kitchen; Zoned Sprinkler
**Maintenance Fee Incl:** Common Areas; Security
**Original List Price:** $10,995,000
**Days On Market:** 366                                    **Cumulative DOM:** 366

| | | |
|---|---|---|
| **Sold Price:** | **Sold Price Sqft:** | **Under Contract Date:** |
| **Buyer Office:** | **Terms of Sale:** | **Sold Date:** |
| **Buyer Agent:** | | |
| **Co-Buyer Office:** | **Buyer Contributions Amount:** | **Seller Concessions Amount:** |
| **Co-Buyer Agent:** | | |

**Public Remarks:**Beautifully appointed custom home on desirable one acre lot with exquisite Golf Course view. This immaculate home features his and hers master baths, handsome club/theater room, large family room with beautiful open beam ceiling detail, marble floors, light and bright kitchen with upgraded gas appliances, expansive covered lanai with large gas fire pit and wet bar, custom pool and spa. Plus a 80' entertainment terrace on the 2nd floor, perfect for entertaining!

Information is deemed to be reliable, but is not guaranteed. © 2021 MLS and FBS. Prepared by John Beshara Abdelsayed on Tuesday, August 31, 2021 10:19 AM. The information on this sheet has been made available by the MLS and may not be the listing of the provider.

# Exhibit B

| New | $10,995,000 | 01/18/2016 |
|---|---|---|

Change by: Cornelius W McGinnis

Change at 5:57 PM Eastern: Added photo "055 (Copy)"
Change at 5:57 PM Eastern: Added photo "053 (Copy)"
Change at 5:57 PM Eastern: Added photo "050 (Copy)"
Change at 5:57 PM Eastern: Added photo "049a (Copy)"
Change at 5:57 PM Eastern: Added photo "048 (Copy)"
Change at 5:57 PM Eastern: Added photo "047 (Copy)"
Change at 5:56 PM Eastern: Added photo "054 (Copy)"
Change at 5:56 PM Eastern: Added photo "052 (Copy)"
Change at 5:56 PM Eastern: Added photo "051 (Copy)"
Change at 5:56 PM Eastern: Added photo "029 (Copy)"
Change at 5:49 PM Eastern: Added photo "072(copy)"
Change at 5:49 PM Eastern: Added photo "071 (Copy)"
Change at 5:49 PM Eastern: Added photo "068 (Copy)"
Change at 5:49 PM Eastern: Added photo "065 (Copy)"
Change at 5:49 PM Eastern: Added photo "064 (Copy)"
Change at 5:49 PM Eastern: Added photo "063 (Copy)"
Change at 5:49 PM Eastern: Added photo "061 (Copy)"
Change at 5:49 PM Eastern: Added photo "060 (Copy)"
Change at 5:49 PM Eastern: Added photo "059 (Copy)"
Change at 5:49 PM Eastern: Added photo "058 (Copy)"
Change at 5:49 PM Eastern: Added photo "057 (Copy)"
Change at 5:49 PM Eastern: Added photo "046 (Copy)"
Change at 5:49 PM Eastern: Added photo "044 (Copy)"
Change at 5:49 PM Eastern: Added photo "042 (Copy)"
Change at 5:49 PM Eastern: Added photo "040 (Copy)"
Change at 5:49 PM Eastern: Added photo "036 (Copy)"
Change at 5:49 PM Eastern: Added photo "035 (Copy)"
Change at 5:49 PM Eastern: Added photo "033 (Copy)"
Change at 5:49 PM Eastern: Added photo "031 (Copy)"
Change at 5:49 PM Eastern: Added photo "030 (Copy)"
Change at 5:49 PM Eastern: Added photo "025 (Copy)"
Change at 5:48 PM Eastern: Added photo "024 (Copy)"
Change at 5:48 PM Eastern: Added photo "023 (Copy)"
Change at 4:13 PM Eastern: Removed photo
Change at 3:54 PM Eastern: Removed photo
Change at 3:53 PM Eastern: Added photo "067 (Copy)"
Change at 3:53 PM Eastern: Added photo "018 (Copy)"
Change at 3:53 PM Eastern: Added photo "017a (Copy)"
Change at 3:53 PM Eastern: Added photo "012 (Copy)"
Change at 3:53 PM Eastern: Added photo "011 (Copy)"
Change at 3:53 PM Eastern: Added photo "010 (Copy)"
Change at 3:53 PM Eastern: Added photo "005 (Copy)"
Change at 3:53 PM Eastern: Added photo "003a (Copy)"
Change at 3:41 PM Eastern: Added photo "067 (Copy)"
Change at 3:16 PM Eastern: Added new listing

# Docket No. 30

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-CV-81331**

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,

      Plaintiff and Counter-Defendant,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,

      Defendants and Counter-Plaintiffs.

-------------------------------------------------------------------------------

TRENDS REALTY USA CORP,

      Third Party Plaintiff,

v.

ROBERT STEVENS,
CORNELIUS MCGINNIS, and
OLD PALM REAL ESTATE, LLC,

      Third Party Defendants.

_____

**DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES,**
**COUNTERCLAIMS, AND THIRD PARTY COMPLAINT, _NUNC PRO TUNC_**

      Defendants John Abdelsayed and Trends Realty USA Corp, by and through their

attorney, Griffin Klema, Esq., and pursuant to the Court's October 15, 2021, Order [ECF

No. 29] and Fed. R. Civ. P. 7, 12, and 13, files this, their Joint Answer and Affirmative

Defenses to the plaintiff's Complaint [ECF No. 1], Counterclaims, and Third Party

Complaint, *nunc pro tunc*.[1]

## **ANSWER**

Defendants admit the truth of the allegations contained in Paragraphs 1-9 of the Complaint, but expressly deny any wrongdoing or infringement that might be implied by the allegations.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 10-19, and 28 of the Complaint and therefore deny same.

With regard to the allegations contained in Paragraphs 20 and 21 of the Complaint, defendants admit Trends Realty is a real estate agency located in Palm Beach County, Florida and that Abdelsayed is the President, founder, sole shareholder, and controller of Trends Realty. Defendants further admit Abdelsayed is a real estate broker who registered the domain name in question. Defendants deny the remainder of the allegations in Paragraphs 20 and 21 of the Complaint.

With regard to the allegations contained in Paragraphs 22-27 of the Complaint, defendants admit the following: (a) that Trends Realty significantly cropped the photograph obtained from the Beaches Multiple Listing Service ("Beaches MLS") prior to uploading it to the website, but that no copyright information was removed by doing so; (b) the contact information provided on the website presently identifies Trends Realty; (c) defendants never contacted plaintiff to seek permission to use the work because the

---

[1] This pleading is being filed without modification pursuant to the Court's October 15, 2021, *nunc pro tunc* Order. Defendants hereby provide notice they intend to amend their pleadings and will seek leave under Rule 15(b). This pleading is not styled as an amended pleading because, at least as to Trends Realty, its original pleading was stricken as a nullity. See Order striking pleading, [ECF no. 16].

subject work did not contain any copyright management information, defendants had no notice of any copyright claim to the alleged work, and defendants had an actual or implied license; and (d) defendants received a demand from plaintiff on or about July 14, 2021. Defendants deny the remaining allegations contained in those paragraphs.

Paragraphs 29, 41, and 48 of the Complaint are re-incorporation paragraphs, for which defendants re-adopt their responses.

Defendants deny the allegations contained in Paragraphs 30-40, 42-47, and 49-52 of the Complaint.

Defendants deny that plaintiff is entitled to any relief whatsoever in this action.

Defendants specifically deny all allegations, if any, and conclusions of law, if any, to which they did not specifically respond in this Answer to plaintiff's Complaint.

## <u>DEFENSES</u>

**Defense 1 – No Statutory Damages or Attorney's Fees.** Plaintiff cannot recover statutory damages or attorney's fees because any alleged infringement predated the effective date of plaintiff's copyright certificate. 17 U.S.C. § 412.

**Defense 2 – Statute of Limitations**. Plaintiff's claims are barred in whole or in part by the operation of the statute of limitations. 17 USC § 507(b). Furthermore, any damages cannot exceed three years prior to the date on which the lawsuit was brought. <u>Petrella v. Metro-Goldwyn-Mayer, Inc.</u>, 572 U.S. 663 (2014) (holding that a plaintiff may obtain "relief running only three years back from the date the complaint was filed").

**Defense 3 – Actual Damages are Limited to Objective Market Value**. Plaintiff's damages are barred, in whole or in part, based on an objective determination of the

market value of the subject work, based on prevailing market forces. E.g., Jarvis v. K2 Inc., 486 F.3d 526 (9th Cir. 2007); On Davis v. The Gap, Inc., 246 F.3d 152 (2d Cir. 2001).

**Defense 4 – Failure to Join Indispensable Party**. Plaintiff's action is barred for failure to join an indispensable party. Cornelius McGinnis and/or Old Palm Real Estate, LLC (the "Original Agent") are liable to plaintiff for their knowing and intentional removal of any alleged copyright management information ("CMI"). The subject work uploaded by the Original Agent to the Beaches Multiple Listing Service had the CMI removed by the Original Agent. Plaintiff knew or should have known this fact prior to bringing the present cause of action under 17 U.S.C. § 1202, and therefore Count 2 of the Complaint is frivolous and filed in bad faith. Moreover, plaintiff's CEO, Robert Stevens, has personal involvement and firsthand knowledge of prior litigation involving the plaintiff's real estate photography and multiple listing services where plaintiff knew the alleged CMI would be removed or altered by the Original Agent or the MLS. Stevens v. Corelogic, Inc., 899 F. 3d 666 (9th Cir. 2018) (affirming dismissal of Mr. Stevens' § 1202 claim, concluding he "impliedly gave authority to the [real estate] agents to upload these photographs even though the result was the removal of CMI"). Defendants have incurred the expense of engaging counsel to defend against this claim and therefore seek their reasonable attorney's fees pursuant to 17 U.S.C. § 1203(b)(5).

**Defense 5 – Plaintiff Lacks Standing**. On information and belief, plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested in Cornelius McGinnis and/or Old Palm Real Estate, LLC on whose behalf plaintiff undertook the work. As a work for hire, plaintiff did not have, and knew it did not have, any ownership interest in the subject work. 17 U.S.C. § 201(b). Because the plaintiff knew

of the inaccuracy concerning its lack of ownership, and ownership is material to a certificate of registration, it cannot maintain the present action because it lacks standing and has failed to state a claim upon which relief may be granted. 17 U.S.C. §§ 411 and 501(b).

**Defense** 6 **– Invalidity – No Ownership**. On information and belief, plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested in the original real estate agent on whose behalf plaintiff undertook the work. 17 U.S.C. § 201(b). As a work for hire, plaintiff did not have, and does not currently have, any ownership interest in the subject work. Consequently, plaintiff is not considered a claimant pursuant to the Copyright Act, and the copyright registration sued upon is invalid.

**Defense 7 – Invalidity – Insufficiently Creative**. Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection.

**Defense 8 – Fair Use**. Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which Plaintiff alleges a copyright interest was a fair use. 17 U.S.C. § 107.

**Defense** 9 **– Innocent, Good Faith Use**. Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff failed to affix any notice to the work. 17 U.S.C. § 401; 37 C.F.R. § 202.2(c). Defendants have not willfully infringed any intellectual property or other rights owned by plaintiff and because defendants have acted in good faith and without any intention of injuring plaintiff.

**Defense 10 – De Minimis Use**. Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*.

**Defense 11 – License**. Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was a permissible use pursuant to license (whether contractually, impliedly, or equitably) granted by plaintiff and/or Cornelius McGinnis and/or Old Palm Real Estate, LLC to defendants.

**Defense 12 – Waiver**. Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff waived its right to assert any copyright-based claim against defendants by publicly and voluntarily (whether directly or indirectly) submitting the alleged work to the Multiple Listing Service.

**Defense 13 – Copyright Troll**. On information and belief, plaintiff intentionally publishes, or causes to be published, photos of real and chattel property with knowledge that persons involved in the sale of said property will utilize those photographs in connection with sales efforts, and plaintiff then improperly leverages the cost of defending a lawsuit to extract settlements from the very persons intended to be provided with and use the photographs. The alleged work at issue in this case is a photograph which plaintiff knowingly permitted to be uploaded to the Beaches Multiple Listing Service, through Cornelius McGinnis and/or Old Palm Real Estate, LLC. Plaintiff has filed an estimated 90 or more similar lawsuits against real estate agents, demonstrating a pattern of extortionary litigation with thin, if any, support.

Plaintiff also intentionally minimizes the alleged copyright management information, including an indecipherable "watermark" of infinitesimally small typeface on the lower left corner of its photographs. Further, plaintiff is collaterally or judicially estopped from its  Section 1202 claim stemming from plaintiff's CEO, Robert Stevens personal involvement and firsthand knowledge in prior litigation involving real estate photography and multiple listing services. Stevens v. Corelogic, Inc., 899 F. 3d 666 (9th Cir. 2018) (affirming dismissal of Mr. Stevens' § 1202 claim, concluding he "impliedly gave authority to the [real estate] agents to upload these photographs even though the result was the removal of CMI").

Defendants further argue that Count 2 of the Complaint is knowingly frivolous. Defendants have incurred the expense of engaging counsel to defend against this claim and therefore seek their reasonable attorney's fees pursuant to 17 U.S.C. § 1203(b)(5). Plaintiff could, though it did not, determine whether the subject photograph uploaded by Agent McGinnis or his real estate company had cropped or otherwise remove the alleged copyright management information.

<u>Defendant's Prayer for Relief</u>

WHEREFORE, Trends Realty USA Corp. prays for judgment as follows:

a)     that the Court request the Register of Copyrights to advise the Court whether the inaccurate claimant information, if known, would have caused the Register of Copyrights to refuse registration for the subject work pursuant to 17 USC §411(b)(2);

b)     that the Court invalidate the subject copyright registration;

c)     that Plaintiff takes nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

d)      that the Court enter judgment that defendants are the prevailing parties in this action;

e)      that the Court award defendants their full costs, including reasonable attorney's fees, against Plaintiff pursuant to 17 U.S.C. §§ 505 and 1203(b)(5) ; and

f)      that the Court award any and all other relief to which Trends Realty USA Corp may be entitled.

## COUNTERCLAIMS and THIRD PARTY COMPLAINT

For its counterclaims[2] against counter-defendant Affordable Aerial Photography, Inc. ("AAP") and third-party defendants Robert S. Stevens ("Stevens"), Cornelius McGinnis ("McGinnis"), and Old Palm Real Estate, LLC ("Old Palm"), counterclaimant and third-party plaintiff Trends Realty USA Corp ("Trends Realty"), alleges as follows:

### PARTIES

1.      Trends Realty is a Florida corporation with its principal office at 921 Dickens Place, West Palm Beach, Florida 33411.

2.      Counter-Defendant AAP is a Florida corporation with its principal office at 1938 Gray Falcon Circle SW, Vero Beach, Florida 32962.

3.      Third-party defendant Stevens is a resident of the State of Florida, and is an officer of AAP, and otherwise controls AAP's business operations.

4.      Third-party defendant Old Palm is a Florida limited liability company with its principal office at 11889 Old Palm Drive, Palm Beach Gardens, Florida 33418.

---

[2] by advancing the counterclaims and third-party complaint, neither Trends Realty USA Corp nor Abdelsayed concede that they infringed the alleged photograph.

5.      Third-party defendant McGinnis is a resident of the State of Florida, and is an officer of Old Palm, and otherwise controls Old Palm's business operations.


JURISDICTION AND VENUE

6.      Jurisdiction is proper in this court because this litigation arises under federal law, namely 17 U.S.C. § 1202(b). The Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question).

7.      Stevens, AAP, McGinnis, and Old Palm are all subject to personal jurisdiction in Florida.

8.      Venue is proper under 28 U.S.C. § 1391(b) because the acts giving rise to these claims occurred in this district, Trends Realty has a principal place of business in this district,  Stevens and McGinnis reside in this district, and AAP and Old Palm each have a principal place of business in this district.

ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

9.      Upon information and belief, Stevens and/or his company AAP intentionally minimize how their copyright management information ("CMI") appears on photographs taken by Stevens. The CMI affixed by Stevens or AAP to the images consists of a watermark containing "© AAP 2016 all rights reserved", placed in the lower left-hand corner in white or light colored text, irrespective of the color of the image where the CMI is placed. The typeface sizing of the CMI is intentionally made small to the point of being unnoticeable and illegible.

10.      Upon information and belief, Stevens and/or AAP intentionally minimize and obfuscate the CMI applied to photographs with the intent that the public will overlook or not see the CMI, that the CMI will be rendered illegible and unintelligible to the public

upon shrinking or compressing the image, or that the CMI will be removed by even the slightest cropping of the image.

11.     Upon information and belief, Stevens and AAP know that the images prepared by them for use by real estate agents will be uploaded to a multiple listing service where those images will be viewed and downloaded by other MLS participants, and further propagated from the MLS to other public websites like Zillow.

12.     Upon information and belief, Stevens and AAP know that the images prepared by them that are uploaded to an MLS will be altered by the real estate agents during the process of creating a property listing, including but not limited to cropping, resizing, compression, and otherwise. Stevens and AAP know that this process of use by real estate agents results in the obfuscation of the CMI from the images.

13.     Stevens has been personally involved in prior litigation regarding this very process, and judgment was rendered against him on this very subject in Stevens v. Corelogic, Inc., 899 F. 3d 666 (9th Cir. 2018) (affirming dismissal of Mr. Stevens' § 1202 claim, concluding he "impliedly gave authority to the [real estate] agents to upload these photographs even though the result was the removal of CMI").

14.     On information and belief, Stevens is the principal officer or director of AAP. He controls the day-to-day activities of AAP, and is otherwise responsible for all of its business activities and decisions.

15.     Upon information and belief, Stevens and AAP regularly engage in business with McGinnis and Old Palm, whereby McGinnis and/or Old Palm hire Stevens and/or AAP to prepare images of real property for which they are engaged to sell and list on an MLS.

16.     Upon information and belief, McGinnis and Old Palm knew that the CMI applied by Stevens or AAP would be rendered illegible and otherwise obfuscated due to the sizing and placement of the CMI on the real estate photographs.

17.     Upon information and belief, McGinnis and Old Palm know that Stevens and AAP are litigious, and that part of their business model includes pursuing dubious claims of removal of CMI against other real estate agents.

18.     By resizing, cropping, compressing, or otherwise altering photographs provided by Stevens or AAP, McGinnis and/or Old Palm acted in furtherance of Stevens or AAP's goals of bringing shakedown CMI-removal claims against innocent other real estate agents with the purpose of extracting money from those agents and thereby unfairly competing with them.

19.     AAP has never sued McGinnis or Old Palm for their conduct of removing CMI from photographs taken by Stevens.

20.     Old Palm and McGinnis benefit from Stevens' and AAP's copyright infringement allegations against other real estate agents who compete in the same high-end sub-segment of the real estate market, while never being sued by AAP for their violation of 17 U.S.C. § 1202(b).

21.     In or about January 2016, Stevens created the photograph at issue in this action (the "Work"), from the collection entitled "12235 Tillinghast Cir front nite 2016 AAP, 3813 N Ocean Blvd low aerial 2016 AAP".[3]

---

[3] Again, by making this allegation and bringing these claims, neither Trends Realty nor Abdelsayed concedes copyright ability of the alleged work or any infringement thereof.

22.     Stevens provided a copy of the Work containing infinitesimally small CMI to McGinnis and/or Old Palm, and McGinnis and/or Old Palm then knowingly cropped, and thereby removed the CMI from the Work. Alternatively, Stevens or AAP failed to apply, cropped, or otherwise did not affix any CMI to the Work prior to providing it to McGinnis or Old Palm.

23.     Upon information and belief, on or about January 18, 2016, McGinnis or Old Palm uploaded the Work containing no CMI to the Beaches MLS. A true and correct copy of the history of the listing is attached as Exhibit A. Images on the history appended with the letter "a" were cropped images. The image denoted as "003a (Copy)" is believed to be the Work. A true and correct copy of the listing is attached as Exhibit B.

24.     Stevens and AAP had the ability to, yet intentionally failed to, inquire with McGinnis and Old Palm prior to bringing its claim under 17 U.S.C. § 1202(b) regarding whether the Work uploaded by them had the CMI removed by them.

25.     In the present action, AAP claims that Abdelsayed "knowingly, and with the intent to enable or facilitate copyright infringement, removed the copyright management information from the Work in violation of 17 U.S.C. §1202(b)" and that Abdelsayed "committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work." [ECF 1 at ¶¶ 43 and 44].

26.     At the time it filed its § 1202 claim, AAP was fully aware that the image used by Trends Realty contained no CMI or watermark because the Work, as uploaded to the Beaches MLS, did not contain CMI.

27.    At the time it filed its § 1202 claim, AAP was fully aware that because the image on the Beaches MLS contained no CMI watermark, it would be factually impossible for Trends Realty to remove CMI data.

28.    At the time it filed its § 1202 claim, AAP was fully aware that Trends Realty did not knowingly or intentionally remove CMI in order to enable, facilitate, or conceal infringement of AAP's rights in the Work.

29.    The statutory regime for tampering with or removing CMI under the Digital Millennium Copyright Act (DMCA) is unique and stands apart from claims of traditional copyright infringement under 17 USC § 504. Consequently, a plaintiff could sue a defendant solely for removal of CMI, even though there was no infringement by the defendant. Thus, Count II for an alleged violation of the DMCA is its own process separate and apart from Counts I and III for copyright infringement.

30.    In the Complaint, AAP prays for relief under Count II by seeking damages not provided by the DMCA, but rather in support of its separately-assertable infringement claims, *to wit* "an award of statutory damages **for willful infringement** up to **$150,000.00** for each infringement of the Work." [ECF 1 at 10, ¶ j].

31.    In contrast, the DMCA only provides for *non-infringement* statutory damages, not to exceed $25,000. 17 U.S.C. § 1203(c)(3)(B).

32.    AAP's conduct in bringing its action under 17 U.S.C. § 1202(b) without basis has caused and continues to cause harm to Trends Realty.

33.    Stevens is personally liable for his tortious conduct, whether or not committed in furtherance of AAP's business.

34.     McGinnis is personally liable for his tortious conduct, whether or not committed in furtherance of Old Palm's business.

35.     Trends Realty has been required to engage the assistance of an attorney to bring this action.

## **COUNT I**
### *Declaration of no Violation of 17 U.S.C. § 1202(b)*
### *(against AAP)*

36.     Trends Realty realleges the allegations set forth in Paragraphs 1 through 35 of the Counterclaim as though fully set forth herein.

37.     AAP brought this action pursuant, in part, to 17 U.S.C. § 1202(b) against Abdelsayed, as officer and director of Trends Realty.

38.     17 U.S.C. § 1202(b) makes it a violation to "intentionally remove or alter any copyright management information."

39.     AAP claimed that Trends Realty, through Abdelsayed, knowingly removed CMI from the Work.

40.     Yet AAP is and was, prior to bringing the present action, fully aware that the copy of the Work on the Beaches MLS did not contain any CMI. Alternatively, AAP had the obligation to investigate whether McGinnis or Old Palm removed the CMI from the Work prior to bringing an action pursuant to 17 USC §1202(b), and AAP grossly and recklessly failed to apprise itself of the lack of any factual basis for its claim.

41.     Neither Abdelsayed nor Trends Realty knowingly or intentionally removed or altered any CMI in the copy of the Work.

42.     Based on the circumstances described above, neither Abdelsayed nor Trends Realty have violated 17 U.S.C. § 1202(b).

WHEREFORE, Trends Realty USA Corp prays for a judgment in its favor and against Affordable Aerial Photography, Inc., as follows:

 A. that the Court enter judgment against AAP on its cause of action under 17 U.S.C. 1202(b);

 B. that the Court enter judgment in favor of Counterclaimant Trends Realty and against Counter-defendant AAP on Trends Realty's counterclaims;

 C. that Trends Realty recover its costs and attorney's fees pursuant to 17 U.S.C. § 1203(b); and

 D. for such other and further relief as is just and equitable.


## COUNT II
*Claim for Costs and Attorney's Fees 17 U.S.C. § 1203*
*(against AAP)*

43. Trends Realty realleges the allegations set forth in Paragraphs 1 through 35 of the Counterclaim as though fully set forth herein.

44. AAP has brought its action, in part, pursuant to 17 U.S.C. § 1202(b).

45. AAP's conduct in bringing its claim under 17 U.S.C. § 1202 is without any basis in fact or law.

46. AAP's conduct in bringing its claim under 17 U.S.C. § 1202, is frivolous, and objectively unreasonable.

47. AAP's motivation in bringing the claim under 17 U.S.C. § 1202 is a predacious attempt by AAP, and/or Stevens to extract money from Trends Realty.

48. AAP's conduct in bringing its claim without any basis in fact or law has caused and continues to cause harm to Trends Realty.

49.     AAP is therefore liable for Trends Realty's full costs and reasonable attorney's fees in defending against its claim that Trends Realty violated 17 U.S.C. § 1202(b), as provided in 17 U.S.C. § 1203.

50.     An award to Trends Realty of costs and reasonable attorney's fees as provided in 17 U.S.C. § 1203, in defending itself against AAP's baseless claim would act as effective deterrence against future predatory claims against innocent parties.

WHEREFORE, Trends Realty USA Corp prays for a judgment in its favor and against Affordable Aerial Photography, Inc. as follows:

A.     that the Court enter a declaration finding that Trends Realty did not remove CMI from the alleged work and enter judgment against AAP on its cause of action under 17 U.S.C. 1202(b);

B.     that the Court enter judgment in favor of Trends Realty on its counterclaims and third-party complaint;

C.     award Trends Realty its costs and attorney's fees in bringing these counterclaims and third-party complaint; and

D.     for such other and further relief as the Court deems just and equitable.

### COUNT III
*Abuse of Process*
*(against AAP and Stevens)*

51.     Trends Realty realleges the allegations set forth in Paragraphs 1 through 50 of the Counterclaim as though fully set forth herein.

52.     Stevens and/or AAP made an illegal, improper, or perverted use of process by including a completely baseless claim for removal of CMI under 17 U.S.C. §1202(b),

and by expressly demanding remedies not provided for by the statute with the goal of illegally inflating its claims and extracting settlement money from Trends Realty.

53.     By the issuance of the process to Count II, AAP has improperly tried to accomplish an end—extortionary payment of monies for infringement—which the process was not intended by law to accomplish.

54.     Stevens and/or AAP had an ulterior motive or purpose in exercising the illegal, improper, or perverted process, whereby Stevens and/or AAP sought to extract money from Trends Realty on a claim it knew was completely baseless and different from and in excess of what the law provides, by including a claim in civil process that it knew would cost Trends Realty thousands of dollars to defend, separate and apart from its claims of infringement, and thus improperly increasing the settlement value of its case contrary to law.

55.     Trends Realty has been injured as a result of Stevens and/or AAP's action.

WHEREFORE, Trends Realty USA Corp prays for a judgment in its favor and against Affordable Aerial Photography, Inc. and Roberts S. Stevens, as follows:

A.     that the Court enter judgment in favor of Trends Realty on its counterclaims and third-party complaint for damages caused by AAP's and Stevens' abuse of the civil process to extort Trends Realty;

B.     that the court award punitive damages against AAP;

C.     award Trends Realty its costs and attorney's fees in bringing these counterclaims and third-party complaint; and

D.     for such other and further relief as the Court deems just and equitable.

## COUNT IV
*Civil Conspiracy*
*(against AAP, Stevens, McGinnis, and Old Palm)*

56.     Trends Realty realleges the allegations set forth in Paragraphs 1 through 55 of the Counterclaim as though fully set forth herein.

57.     On information and belief, McGinnis and/or Old Palm combined with and acted in concert with Stevens and/or AAP (collectively, "Co-conspirators"), for the purpose of injuring competing real estate agents, including Trends Realty.

58.     As a direct and proximate result of the conspiracy and the collective and individual actions of the Co-conspirators, Trends Realty has been damaged.

59.     Because of the combination and conspiracy, Stevens, AAP, McGinnis, and Old Palm are jointly and severally liable to Trends Realty.

WHEREFORE, Trends Realty USA Corp prays for a judgment in its favor against Robert S. Stevens, Affordable Aerial Photography, Inc., Cornelius McGinnis, and Old Palm Real Estate, LLC, jointly and severally, for damages caused to Trends Realty and for such further relief the Court deems equitable and just.


Dated: October 18, 2021.


## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Trends Realty USA Corp hereby demands a trial by jury of all triable issues in this action, including triable issues in the main action, and triable issues in the counterclaims and third party claims.

    /s/ Griffin Klema
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com

**Klema Law, P.L**.
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendants,
    Counterclaimants, and
    Third Party Plaintiffs

**Residential Full Report**

| | |
|---|---|
| MLS#: RX-10199718 | St: Expired |
| Orig LP: $10,995,000 | Range Price: |
| Area: 5310 | Geo Area: PB29 |
| Legal Desc: OLD PALM PL 3 LT 173 | |

Type: Single Family Detached
List Price/SqFt: 946.47
County: Palm Beach

Subdivision: OLD PALM 3
Development Name: Old Palm Golf Club

| Model Name: | Custom | Parcel ID: | 52424135060001730 | Front Exp: | West |
|---|---|---|---|---|---|
| Waterfront: | No | Waterfrontage: | | Garage Spaces: | 6 |
| | | Multiple Ofrs Acptd: | | Carport Spaces: | |
| | | Taxes: | 102,624 | Total Covered Spaces: | |
| Lot Dimensions: | 210 ft (front) x 225 ft (sides) x 190 ft (rear) | Tax Year: | 2015 | Private Pool: | Yes |
| | | Special Assessment: | No | REO: | No |
| | | Dock: | | Short Sale Addendum: | No |
| Lot SqFt: | 45,095 | Membership Fee Required: | Yes | Short Sale: | No |
| HOPA: | No Hopa | Membership Fee Amount: | 175,000 | Owner/Agent: | |
| Zoning: | PCD | | | | |

Elementary School: Timber Trace Elementary School
Middle School: Watson B. Duncan Middle School
High School: William T. Dwyer High School

Virtual Tour: Click to View Virtual Tour

| | | | | | |
|---|---|---|---|---|---|
| Dining Room | 18 X 14 | Family Room | 32 X 23 | Bedroom 2 | 16 X 12 |
| Kitchen | 23 X 19 | Patio | 80 X 24 | Bedroom 3 | 21 X 15 |
| Living Room | 22 X 18 | Porch | 73 X 24 | Bedroom 4 | 18 X 14 |
| Den | 22 X 15 | | | Bedroom 5 | 15 X 14 |
| | | | | Master Bedroom | 25 X 20 |

LivSqFt: 9,509
SqFt - Total: 17,506
SqFt Source: Tax Rolls
Guest Hse:
Yr Built: 2013
Builder Name:
Property Condition: Resale
Pets Allowed: Yes

TI Bedrooms: 6
Main Level Bedrooms:
Baths - Full: 8
Baths - Half: 1
Baths - Total: 8.1
Main Level Baths:

| HOA/POA/COA (Monthly): | 890 | Bldg #: | | Land Lease: | | Mobile Home Size: | |
|---|---|---|---|---|---|---|---|
| Governing Bodies: | HOA | Total Floors/Stories: | 2 | Recreation Lease: | | Decal #: | |
| Homeowners Assoc: | Mandatory | Total Units in Bldg: | | Min Days to Lease: | | Serial #: | |
| Lease Times p/Year: | | Ttl Units in Complex: | 316 | Assoc Contact Phone: | | Brand Name: | |
| Application Fee: | 0 | Unit Floor #: | | Assoc Website: | | Total Assessed Value: | |
| Capital Contribution: | | Membership Fee Amount: | 175,000 | | | | |
| Capital Contribution Amount: | | | | | | | |

Auction: No
Directions: From I-95 exit onto PGA Blvd West for approx 2 miles to guard gate on the North side of the street.

Showing Instructions: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓

| | | | |
|---|---|---|---|
| LO: 802049 | Old Palm Real Estate | 561-493-7220 | |
| LM: 20011915 | Connie McGinnis | 561-493-7220 | connie.mcginnis@oldpalmgolfclub.com |
| Com/BuyerAgt: ▓▓ | Comm/Non-Rep: ▓▓ | Trans Brk: ▓▓ | Bonus: ▓▓ LD: 01/16/2016 |
| Var/Dual Rate: No | List Type: Ex Rt | List Off Agency: Transaction Broker | XD: 01/16/2017 |
| Owner Name: Withheld | | | |
| Broker Only Remarks: ▓▓▓▓▓▓▓▓▓▓ . | | | |
| Any Broker Advertise: No | | | |

**Design:**
Construction: CBS
Unit Desc: On Golf Course
Flooring: Carpet; Marble
Furnished: Unfurnished
Dining Area: Breakfast Area; Formal
Master Bedroom/Bath: 2 Master Baths; Bidet; Mstr Bdrm - Ground; Separate Shower; Separate Tub; Whirlpool Spa
Window Treatments: Impact Glass; Plantation Shutters
Lot Description: 1 to < 2 Acres
Private Pool Description: Gunite; Heated; Inground; Spa
Storm Protection: Impact Glass: Complete; Permanent Generator: Whole House
Restrict: Commercial Vehicles Prohibited; No Truck/RV
Rooms: Cabana Bath; Den/Office; Family; Laundry-Inside; Loft; Media

View: Golf; Lake
Waterfront Details: None
Cooling: Central; Electric; Zoned
Heating: Central; Electric; Zoned
Security: Gate - Manned; Security Patrol; Security Sys-Owned; Wall
Membership: Golf Equity Avbl
Utilities: Cable; Electric; Gas Natural; Public Sewer; Public Water; Underground
Special Info: Deed Restrictions
Terms Considered: Cash; Conventional
Parking: Garage - Attached
Roof: Concrete Tile; Flat Tile
Taxes: City/County
Equestrian Features:

Equip/Appl: Auto Garage Open; Central Vacuum; Dishwasher; Disposal; Dryer; Ice Maker; Microwave; Range - Gas; Refrigerator; Smoke Detector; Washer; Water Heater - Gas
SubdivInfo: Beach Club Available; Bike - Jog; Cabana; Clubhouse; Fitness Center; Golf Course; Pool; Putting Green; Sauna; Sidewalks; Spa-Hot Tub; Street Lights; Whirlpool
Interior: Built-in Shelves; Elevator; Fireplace(s); Foyer; French Door; Pantry; Roman Tub; Volume Ceiling; Walk-in Closet; Wet Bar
Exterior: Built-in Grill; Covered Balcony; Covered Patio; Fence; Open Balcony; Open Patio; Summer Kitchen; Zoned Sprinkler
Maintenance Fee Incl: Common Areas; Security
Original List Price: $10,995,000
Days On Market: 366

Cumulative DOM: 366

| | | |
|---|---|---|
| Sold Price: | Sold Price Sqft: | Under Contract Date: |
| Buyer Office: | Terms of Sale: | Sold Date: |
| Buyer Agent: | | |
| Co-Buyer Office: | Buyer Contributions Amount: | Seller Concessions Amount: |
| Co-Buyer Agent: | | |

Public Remarks: Beautifully appointed custom home on desirable one acre lot with exquisite Golf Course view. This immaculate home features his and hers master baths, handsome club/theater room, large family room with beautiful open beam ceiling detail, marble floors, light and bright kitchen with upgraded gas appliances, expansive covered lanai with large gas fire pit and wet bar, custom pool and spa. Plus a 80' entertainment terrace on the 2nd floor, perfect for entertaining!

Information is deemed to be reliable, but is not guaranteed. © 2021 MLS and FBS. Prepared by John Beshara Abdelsayed on Tuesday, August 31, 2021 10:19 AM. The information on this sheet has been made available by the MLS and may not be the listing of the provider.

EXHIBIT
B

| New | $10,995,000 | 01/18/2016 |
|---|---|---|

Change by: Cornelius W McGinnis

Change at 5:57 PM Eastern: Added photo "055 (Copy)"
Change at 5:57 PM Eastern: Added photo "053 (Copy)"
Change at 5:57 PM Eastern: Added photo "050 (Copy)"
Change at 5:57 PM Eastern: Added photo "049a (Copy)"
Change at 5:57 PM Eastern: Added photo "048 (Copy)"
Change at 5:57 PM Eastern: Added photo "047 (Copy)"
Change at 5:56 PM Eastern: Added photo "054 (Copy)"
Change at 5:56 PM Eastern: Added photo "052 (Copy)"
Change at 5:56 PM Eastern: Added photo "051 (Copy)"
Change at 5:56 PM Eastern: Added photo "029 (Copy)"
Change at 5:49 PM Eastern: Added photo "072(copy)"
Change at 5:49 PM Eastern: Added photo "071 (Copy)"
Change at 5:49 PM Eastern: Added photo "068 (Copy)"
Change at 5:49 PM Eastern: Added photo "065 (Copy)"
Change at 5:49 PM Eastern: Added photo "064 (Copy)"
Change at 5:49 PM Eastern: Added photo "063 (Copy)"
Change at 5:49 PM Eastern: Added photo "061 (Copy)"
Change at 5:49 PM Eastern: Added photo "060 (Copy)"
Change at 5:49 PM Eastern: Added photo "059 (Copy)"
Change at 5:49 PM Eastern: Added photo "058 (Copy)"
Change at 5:49 PM Eastern: Added photo "057 (Copy)"
Change at 5:49 PM Eastern: Added photo "046 (Copy)"
Change at 5:49 PM Eastern: Added photo "044 (Copy)"
Change at 5:49 PM Eastern: Added photo "042 (Copy)"
Change at 5:49 PM Eastern: Added photo "040 (Copy)"
Change at 5:49 PM Eastern: Added photo "036 (Copy)"
Change at 5:49 PM Eastern: Added photo "035 (Copy)"
Change at 5:49 PM Eastern: Added photo "033 (Copy)"
Change at 5:49 PM Eastern: Added photo "031 (Copy)"
Change at 5:49 PM Eastern: Added photo "030 (Copy)"
Change at 5:49 PM Eastern: Added photo "025 (Copy)"
Change at 5:48 PM Eastern: Added photo "024 (Copy)"
Change at 5:48 PM Eastern: Added photo "023 (Copy)"
Change at 4:13 PM Eastern: Removed photo
Change at 3:54 PM Eastern: Removed photo
Change at 3:53 PM Eastern: Added photo "067 (Copy)"
Change at 3:53 PM Eastern: Added photo "018 (Copy)"
Change at 3:53 PM Eastern: Added photo "017a (Copy)"
Change at 3:53 PM Eastern: Added photo "012 (Copy)"
Change at 3:53 PM Eastern: Added photo "011 (Copy)"
Change at 3:53 PM Eastern: Added photo "010 (Copy)"
Change at 3:53 PM Eastern: Added photo "005 (Copy)"
Change at 3:53 PM Eastern: Added photo "003a (Copy)"
Change at 3:41 PM Eastern: Added photo "067 (Copy)"
Change at 3:16 PM Eastern: Added new listing

# Docket No. 40

# 40

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-81331-AMC

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

     Plaintiff,

v.

JOHN ABDELSAYED and
TRENDS REALTY USA CORP,

     Defendants/Third-Party Plaintiff,

v.

ROBERT STEVENS,
CORNELIUS MCGINNIS, and
OLD PALM REAL ESTATE, LLC,

     Third-Party Defendants.
_____

## FIRST AMENDED COMPLAINT

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") sues defendants John Abdelsayed ("Abdelsayed") and Trends Realty USA Corp ("Trends") (collectively, the "Defendants"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is a corporation organized and existing under the laws of the State of Florida with its principal place of business located in Indian River County, Florida.

2.    Abdelsayed is an individual residing at 921 Dickens Place, West Palm Beach, Florida 33411.

3.    Trends is a corporation organized and existing under the laws of the State of Florida with its principal place of business located at 921 Dickens Place, West Palm Beach, Florida 33411.

4.      Trends's agent for service of process is John Abdelsayed, also located at 921 Dickens Place, West Palm Beach, Florida 33411

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      This Court has personal jurisdiction over Defendants because they maintained sufficient minimum contacts with Florida such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

7.      Further, since at least January of 2017, Abdelsayed has been a licensed realtor in this State, been registered to do business in this State, and, upon information and belief, owns real property in this State.

8.      Further, since at least October 2011, Trends has operated a real estate business in this State and has been registered to do business in this State.

9.      Venue properly lies in this district because Defendants are deemed to reside in this district and because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district.

## FACTS

### I.      Plaintiff's Business and History

10.     Plaintiff was created as a Florida corporation in June 2005.  Plaintiff's sole shareholder is Robert Stevens.

11.     For the past sixteen (16) years, Mr. Stevens has been employed by Plaintiff as a high-end real estate photographer who specializes in aerial photography, stunning exterior and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

interior shots, as well as offering slide shows, virtual tours, and a full array of stock photography for luxury real estate industries.

12.     Mr. Stevens is a pioneer of aerial real estate photography and has been engaging in creative and artistic means to capture such photographs long before today's proliferation of consumer drone technology came to market.

13.     Mr. Stevens travels throughout the State of Florida, nationally, and internationally to photograph high-end real estate on behalf of Plaintiff's clients.  He has been contracted by over 280 clients to take professional photographs of various real estate projects, including but not limited to the estates of numerous celebrities (such as Madonna, Don King, Greg Norman, Rod Stewart, Ivana Trump, James Patterson, Alexander Haig, Ann Downey, Frank McKinney, Chris Evert, and others).

14.     Plaintiff maintains a commercial website (www.robertstevens.com) which describes the photography services offered by Plaintiff, hosts a sample portfolio of photographs taken by Mr. Stevens, and invites prospective customers to contact Plaintiff to arrange for a professional photo shoot.

15.     Plaintiff owns the photographs taken by Mr. Stevens and serves as the licensing agent with respect to licensing such photographs for limited use by Plaintiff's customers.  To that end, Plaintiff's standard terms include a limited, one-time license for use of any particular photograph by the customer only.  Plaintiff's license terms make clear that all copyright ownership remains with Plaintiff and that its customers are not permitted to transfer, assign, or sub-license any of Plaintiff's photographs to another person/entity.

16.     Generally, at the time Plaintiff creates its professional photography, it applies copyright management information to such photography consisting of "© AAP [year] all rights

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

reserved" to the bottom left corner thereof.  Plaintiff does this for added protection/assurance to keep unauthorized persons from utilizing/displaying Plaintiff's work.

## II.    The Work at Issue in this Lawsuit

17.    In 2016, Plaintiff created a photograph titled "12235 Tillinghast Cir front nite 2016 AAP" (the "Work"). Consistent with Plaintiff's general practices, the Work contains (in the bottom left corner) Plaintiff's copyright management information as follows: "© AAP 2016 all rights reserved."  A copy of the Work is exhibited below.



18.    The Work was registered by Plaintiff with the Register of Copyrights on June 21, 2018 and was assigned Registration No. VA 2-107-890.   A true and correct copy of the Certification of Registration pertaining to the Work is attached hereto as **Exhibit "A."**

19.    Plaintiff is the owner of the Work and has remained the owner at all times material

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

hereto.

### III. Defendants' Unlawful Activities

20.     Trends is a real estate agency located in Palm Beach County, FL.  Abdelsayed is the President, founder, and, upon information and belief, sole shareholder of Trends.  Abdelsayed has exclusive control over the business activities of Trends, including but not limited to the infringing activities that are the subject of this lawsuit.

21.     Abdelsaved is a real estate broker primarily servicing Palm Beach County, Florida.

22.     For approximately ten (10) years, the website/domain name https://homesofthepalmbeaches.com was owned and/or operated by Jill Wilcox-Fesl (a Florida realtor) and used to market her business.  A screen capture of Ms. Wilcox-Fesl's website (as of May 15, 2017) is displayed below:



23.     At some point in 2018, the registration for Ms. Wilcox-Fesl's aforementioned domain name apparently expired and, as a result, Abdelsayed registered the domain name for himself.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

24.     Following such domain name registration, Abdelsayed contacted Ms. Wilcox-Fesl to offer website management/marketing services such as redesigning the website for her, search engine optimization, and targeted marketing to residents of certain counties in Palm Beach County. At the time, Abdelsayed represented himself to Ms. Wilcox-Fesl as an experienced website designer/digital marketer.

25.     Ms. Wilcox-Fesl (believing the domain name to still be owned by herself) agreed and retained Abdelsayed to redesign the website and begin a targeted marketing campaign (at a cost of several hundred dollars per month).

26.     Thereafter (but prior to Plaintiff's above-referenced registration of the Work), Abdelsayed caused a re-designed website to be published on the https://www.homesofthepalmbeaches.com domain, with such website including a cropped copy of the Work A screen capture of the website (as of April 19, 2018) is displayed below:



27.     From at least April 19, 2018 until at least March 12, 2019, the website displayed

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

the Work in connection with the marketing/advertising of Ms. Wilcox-Fesl's (who was not asked to approve the inclusion of the Work on the subject website) real estate business.

28.     As displayed above, the menu across the top banner of the website included an "About Jill" icon that linked to a sub-page about Ms. Wilcox-Fesl and her real estate business. The bottom/footer of the website likewise displayed a photograph of Ms. Wilcox-Fesl together with her contact information:

| Categories | Recent Posts | Nearby Communities | Mirsky Realty Group |
| --- | --- | --- | --- |
| • Recent Sales Activity | • For Sale in Harbour Oaks 2704 Ravella Way | Canyon Springs | |
| • Uncategorized | • For Sale in Harbour Oaks 2403 San Pietro Circle | Steeplechase | |
| | • Sold in Siena Oaks 10128 Caoba Street | Yacht Club On The Intracoastal | |
| | • Sold in Siena Oaks 10221 Allamanda Boulevard | Whitehall | |
| | • For Sale in Siena Oaks 10185 Balsa Way | City Palms | 561-308-5069 |
| | | Olive Tree | JillRealtor1@comcast.net |
| | | Lakes Of Sherbrooke | |
| | | Palm Beach Little Ranches | |
| | | Paloma | |
| | | more... | |

Copyright © 2015 weblbd.com. All rights reserved.

29.     From at least April 19, 2018 until at least March 12, 2019, the website was published specifically for Ms. Wilcox-Fesl and her name (and the name of her real estate agency) was the only realtor name appearing anywhere on the website.

30.     At some point in 2019, Ms. Wilcox-Fesl and Abdelsayed had a falling out concerning the services purportedly being provided by Abdelsayed.

31.     As a result, Abdelsayed essentially appropriated the subject website as his own – he removed any reference to Ms. Wilcox-Fesl from the website and updated the website to refer solely to Abdelsayed/Trends.  Where the website previously included an "About Jill" link, it now included an "About John" link.  The bottom/footer of the website likewise replaced Ms. Wilcox-Fesl's photograph and contact information with that of Abdelsayed/Trends.

32.     Upon information and belief, Abdelsayed likewise updated the source/object code

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

of the website to remove any reference to Ms. Wilcox-Fesl and likewise revised the website's search engine optimization to do the same.

33.    Abdelsayed essentially took the website down briefly and re-published it (with the Work still on display) in his name rather than that of Ms. Wilcox-Fesl.

34.    A true and correct copy of screenshots of the subject website (as re-published by Abdelsayed after Plaintiff's registration of the Work), displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

35.    Defendants are not and have never been licensed to use or display the Work. Defendants never contacted Plaintiff to seek permission to use the Work in connection with their website or for any other purpose – even though the Work that was copied clearly displays Plaintiff's copyright management information and put Defendants on notice that the Work was not intended for public use.

36.    Defendants utilized the Work for commercial use – namely, in connection with the marketing and advertising of Defendants' real estate services.

37.    Upon information and belief, Abdelsayed located a copy of the Work that was published in connection with a Multiple Listing Service ("MLS") listing for the sale of real property that was published by third-party defendant Cornelius McGinnis and, rather than contact Plaintiff and/or Mr. McGinnis to secure a license or determine who the owner of the Work was (respectively), simply copied the Work for use on their commercial website.

38.    Mr. McGinnis is a realtor who hired and paid Plaintiff to take photographs of the subject property and who was properly licensed to use the Work in connection with the above-referenced MLS listing (unlike Defendants who simply misappropriated the images for their own unapproved use).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

39.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff discovered Defendants' unauthorized use/display of the Work in July 2021.  On July 14, 2021 (following Plaintiff's discovery), Plaintiff notified Defendants in writing of such unauthorized use.  To date, however, Plaintiff has been unable to negotiate a reasonable license for the past infringement of the Work.  Indeed, it was not until after this lawsuit was filed (and counsel appeared for Defendants) that Defendants even bothered to remove the Work from display on their website.

40.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Abdelsayed)

41.     Plaintiff re-alleges and incorporates paragraphs 1 through 40 as set forth above.

42.     The Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

43.     Plaintiff owns a valid copyright in the Work, having registered the Work with the Register of Copyrights and owning sufficient rights, title, and interest to such copyright to afford Plaintiff standing to bring this lawsuit and assert the claim(s) herein.

44.     As a result of Plaintiff's reproduction, distribution, and public display of the Work, Abdelsayed had access to the Work prior to his own reproduction, distribution, and public display of the Work on his San Michele Community website page (https://homesofthepalmbeaches.com/san-michele/).

45.     Abdelsayed reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff.

46.     By his actions, Abdelsayed infringed and violated Plaintiff's exclusive rights in

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly displaying the Work for his own commercial purposes.

47.     Abdelsayed's infringement was willful as he acted with actual knowledge or reckless disregard for whether his conduct infringed upon Plaintiff's copyright.  According to Abdelsayed's own website(s), Abdelsaved employs copyright management information, "Copyright © 2015 weblbd.com. All rights reserved" (which is itself inaccurate because the domain was not even registered until sometime in 2018).  Abdelsayed has been a licensed real broker in the State of Florida since at least January 2017 and clearly understands that high-end real estate photography – especially that containing copyright management information such as the Work – is generally paid for and cannot simply be copied from the internet/some other broker's MLS listing.

48.     Further, as set forth herein, Abdelsayed represented himself to Ms. Wilcox-Fesl as an experienced website designer/digital marketer, further signifying that Abdelsayed should (ostensibly) have some knowledge of the importance of copyright protection.

49.     Plaintiff has been damaged as a direct and proximate result of Abdelsayed's infringement.

50.      Plaintiff is entitled to recover its actual damages resulting from Abdelsayed's unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Abdelsayed's profits from infringement of the Work, which amounts shall be proven at trial.

51.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

52.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

attorneys' fees as a result of Abdelsayed's conduct.

53.     Abdelsayed's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Plaintiff unless enjoined by the Court.  Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Abdelsayed as follows:

a.  A declaration that Abdelsayed has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each infringement of the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Abdelsayed, his employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Abdelsayed, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

## COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT
### (Trends)

54.     Plaintiff re-alleges and incorporates paragraphs 1 through 40 as set forth above.

55.     As evidenced above, Abdelsayed infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501, by reproducing, distributing, and publicly

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

displaying the Work for his own commercial purposes.  Abdelsayed further infringed and violated

Plaintiff's exclusive rights by removing copyright management information from the Work.

56.     As his employer, Trends had the right and ability to control the infringing acts of

Abdelsayed, yet declined or failed to stop Abdelsayed from engaging in his infringing activity.

57.     Trends obtained a direct financial benefit from Abdelsayed's infringing activities

as the San Michele Community website page ("https://homesofthepalmbeaches.com/san-

michele/") created by Abdelsayed invited prospective purchasers and/or sellers to contact Trends

to inquire about its services and, upon information and belief, prospective purchasers and/or sellers

did contact Trends as a result of Abdelsayed's marketing/advertising efforts through his

("https://homesofthepalmbeaches.com/san-michele/") San Michele Community website page.

58.     As a direct and proximate result of Trends' vicarious copyright infringement,

Plaintiff has been damaged.

**WHEREFORE**, Plaintiff demands judgment against Trends as follows:

a.  An award of actual damages and disgorgement of profits as the Court deems proper or, at

Plaintiff's election, an award of statutory damages for willful infringement up to

$150,000.00 for each infringement of the Work;

b.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. §

1203(b)(5);

c.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

d.  Permanently enjoining Trends, its employees, agents, officers, directors, attorneys,

successors, affiliates, subsidiaries and assigns, and all those in active concert and

participation with Trends, from directly or indirectly further violating Plaintiff's copyrights

by further displaying or distributing the Work with its copyright management information

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

removed; and

e.   For such other relief as the Court deems just and proper.

**Demand For Jury Trial**

Plaintiff demands a trial by jury on all issued so triable.

Dated: November 12, 2021.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone:  (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

By: /s/ Daniel DeSouza, Esq._____
      Daniel DeSouza, Esq.
      Florida Bar No.:  19291
      James D'Loughy, Esq.
      Florida Bar No.: 0052700

**CERTIFICATE OF SERVICE**

I hereby certify that on November 12, 2021, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza___
Daniel DeSouza

EXHIBIT "A"

## Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Kay A. Vesle*

Acting United States Register of Copyrights and Director

**Registration Number**

## VA 2-107-890

**Effective Date of Registration:**
June 21, 2018

## Copyright Registration for a Group of Published Photographs
Registration issued pursuant to 37 C.F.R. § 202.4(i)

For Photographs Published:    January 04, 2016 to August 05, 2016

## Title _____

| | |
|---|---|
| **Title of Group:** | Selected 2016 Photographs R20 Including 12235 Tillinghast Cir, 3813 N Ocean Blvd and Others Case Number 1-6471891076 |
| **Number of Photographs in Group:** | 7 |
| • **Individual Photographs:** | 12235 Tillinghast Cir front nite 2016 AAP, 3813 N Ocean Blvd low aerial 2016 AAP |
| **Published:** | January 2016 |
| • **Individual Photographs:** | Cypress Island Cir aerial 2016 AAP, 005 |
| **Published:** | March 2016 |
| • **Individual Photographs:** | 386 S Beach Rd rear aerial 2016 AAP |
| **Published:** | April 2016 |
| • **Individual Photographs:** | Singer Island sunrise 004b 2016 AAP |
| **Published:** | June 2016 |
| • **Individual Photographs:** | 107 Valencia Blvd front 2016 AAP |
| **Published:** | August 2016 |

## Completion/Publication _____

| | |
|---|---|
| **Year of Completion:** | 2016 |
| **Earliest Publication Date in Group:** | January 04, 2016 |
| **Latest Publication Date in Group:** | August 05, 2016 |
| **Nation of First Publication:** | United States |

## Author _____

| | |
|---|---|
| • **Author:** | AFFORDABLE AERIAL PHOTOGRAPHY, INC. |
| **Author Created:** | photographs |
| **Work made for hire:** | Yes |

Page 1 of 2

**Domiciled in:** United States

## Copyright Claimant

**Copyright Claimant:** AFFORDABLE AERIAL PHOTOGRAPHY, INC.
1123 Melinda Ln, Haverhill, FL, 33417, United States

## Certification

**Name:** Robert Stevens
**Date:** May 31, 2018

**Correspondence:** Yes
**Copyright Office notes:** Regarding title information: Deposit contains complete list of titles that correspond to the individual photographs included in this group.

Regarding group registration: A group of published photographs may be registered on one application with one filing fee only under limited circumstances. ALL of the following are required: 1. All photographs (a) were created by the same author AND (b) are owned by the same copyright claimant AND (c) were published in the same calendar year AND 2. The group contains 750 photographs or less AND 3. A sequentially numbered list of photographs containing the title, file name and month of publication for each photograph included in the group must be uploaded along with other required application materials. The list must be submitted in an approved document format such as .XLS or .PDF. The file name for the numbered list must contain the title of the group and the Case Number assigned to the application.

EXHIBIT "B"



San Michele



## San Michele Homes For Sale



3158 San Michele Drive
4 Bedroom | 4 Bath

$ 1,645,000
San Michele

1143 San Michele Way
5 Bedroom | 5 Bath

$ 3,599,000
San Michele

San Michele Palm Beach Gardens FL

First San Michele and Palm Beach Gardens FL homes for sale and other San Michele and Palm Beach Gardens FL real estate can be found the comprehensive resource & come see our list of San Michele homes, condos, townhomes, and single family homes in the community. Our real estate database of real estate listings provide the most comprehensive property details including home values, features and local school and neighborhood info so you can be sure that you have all of the facts you need up front. Search homes off the palmbeaches.com today. We're a closer look at what other San Michele properties are available in Palm Beach Gardens FL. Also, search our listings for San Michele Open Houses. Newest San Michele Listings and San Michele Homes with Price. Reduced More info

If you are looking for homes for sale in San Michele in Palm Beach Gardens FL that need a certain criteria, homesoffthepalmbeaches.com is the right place to search. Here it is easy to search for homes for sale in San Michele and Palm Beach Gardens FL that have the number of rooms you need, the features you are looking for and a price you can afford. What's more is that you can find all sorts of information and resources here and that often includes information about the San Michele real estate market and the neighborhood. Find out more here at homesoffthepalmbeaches.com

At the local Perkins at homesoffthepalmbeaches.com to San Michele there are great features and differing features. homesoffthepalmbeaches.com makes it easy to search for homes that meet your requirements, whether those are size, price or feature related. The search is easily narrowed down right from the search results page so you can check out the Advanced Search options for even more detail after all, the more you choose will save because your home and you should be choosy about the home you pick.

Use the search tools to get neighborhood information do not just property information, view search listings that not only provide pictures and basic property facts but focus on plans and statistics that let you everything you need to know about neighborhood levels, demographics, cost of living and more so you can make a choice you will love even when you walk out the door and drive up close!

If you find first searching for real estate is a laborious task, in a homesoffthepalmbeaches.com simple to move faster it which makes it a lot simpler. Find San Michele properties for sale with the features you need and find the details you want when your search here is so easy start search here!

## Write a Review

Your overall rating

Title of your review

Summary of your review

Your review

Tell people your name

Your name

Enter your name

Your email

Enter your email

The choice is best it's use just appears we mail is in genuine option

Submit Review

## San Michele Reviews





Search

## Recent Posts

Sold in Ibis Isles Oaks 2402 San Piero Circle

For Sale in Ibis Isles Oaks 2453 San Piero Circle

Sold in Harbour Oaks 2440 San Pietro Circle

Sold in Harbour Oaks 2544 Gardens Parkway

Sold in Oaks 1 Lot 135 Lot 8 edge Drive

## Recent Comments

admin on About John

Karen Loo web on About span

## Archives

July 2021
June 2021
May 2021
April 2021
March 2021
February 2021
January 2021
December 2020
November 2020
October 2020
September 2020
August 2020
July 2020
June 2020
May 2020
April 2020
March 2020
February 2020
January 2020
December 2019
November 2019
October 2019
September 2019
August 2019
July 2019
June 2019
May 2019
April 2019
March 2019
February 2019
January 2019
December 2018
November 2018
October 2018
September 2018
August 2018
July 2018
June 2018
May 2018
April 2018

## Categories

Recent Sales Activity
Uncategorized

## Meta

Log in
Entries RSS
Comments RSS
WordPress.org

### Categories

Recent Posts

Nearby Communities

Community Expert



Home About John 2700 North Ocean Harbour Oaks Oaks East Siena Oaks Sun Terrace At The Oaks Country Club NPB Yacht Club NPB San Michele Harbour Isles

San Michele

Search...

## San Michele Homes For Sale



4442 San Michele Way...



2450 San Michele Drive...

### Recent Posts

Sold in Harbour Oaks 2402 San Pietro Circle

For Sale in Harbour Oaks 2459 San Pietro Circle

Sold in Harbour Oaks 2445 San Pietro Circle

Sold in Harbour Oaks 2566 Gardens

# Docket No. 41

# Docket No. 41

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-CV-81331**

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,

      Plaintiff and Counter-Defendant,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,

      Defendants and Counter-Plaintiffs.

-------------------------------------------------------------------------------

TRENDS REALTY USA CORP,

      Third Party Plaintiff,

v.

ROBERT STEVENS,
CORNELIUS MCGINNIS, and
OLD PALM REAL ESTATE, LLC,

      Third Party Defendants.

_____

## DEFENDANTS' JOINT ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD PARTY COMPLAINT

      Defendants John Abdelsayed and Trends Realty USA Corp, by and through their attorney, Griffin Klema, Esq., and pursuant to Fed. R. Civ. P. 7, 12, and 13, files this, their Joint Answer and Affirmative Defenses to the plaintiff's Amended Complaint [ECF No. 40], Counterclaims, and Third Party Complaint.

## ANSWER

Defendants admit the truth of the allegations contained in Paragraphs 1-9 of the Complaint, but expressly deny any wrongdoing or infringement that might be implied by the allegations.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 10-19, and 28 of the Complaint and therefore deny same.

With regard to the allegations contained in Paragraphs 20 and 21 of the Complaint, defendants admit Trends Realty is a real estate agency located in Palm Beach County, Florida and that Abdelsayed is the President, founder, sole shareholder, and controller of Trends Realty. Defendants further admit Abdelsayed is a real estate broker who registered the domain name in question. Defendants deny the remainder of the allegations in Paragraphs 20 and 21 of the Complaint.

With regard to the allegations contained in Paragraphs 22-27 of the Complaint, defendants admit the following: (a) that Trends Realty significantly cropped the photograph obtained from the Beaches Multiple Listing Service ("Beaches MLS") prior to uploading it to the website, but that no copyright information was removed by doing so; (b) the contact information provided on the website presently identifies Trends Realty; (c) defendants never contacted plaintiff to seek permission to use the work because the subject work did not contain any copyright management information, defendants had no notice of any copyright claim to the alleged work, and defendants had an actual or implied license; and (d) defendants received a demand from plaintiff on or about July 14, 2021. Defendants deny the remaining allegations contained in those paragraphs.

Paragraphs 29, 41, and 48 of the Complaint are re-incorporation paragraphs, for which defendants re-adopt their responses.

Defendants deny the allegations contained in Paragraphs 30-40, 42-47, and 49-52 of the Complaint.

Defendants deny that plaintiff is entitled to any relief whatsoever in this action.

Defendants specifically deny all allegations, if any, and conclusions of law, if any, to which they did not specifically respond in this Answer to plaintiff's Complaint.

## DEFENSES

**Defense 1 – No Statutory Damages or Attorney's Fees.** Plaintiff cannot recover statutory damages or attorney's fees because any alleged infringement predated the effective date of plaintiff's copyright certificate. 17 U.S.C. § 412.

**Defense 2 – Statute of Limitations**. Plaintiff's claims are barred in whole or in part by the operation of the statute of limitations. 17 USC § 507(b). Furthermore, any damages cannot exceed three years prior to the date on which the lawsuit was brought. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014) (holding that a plaintiff may obtain "relief running only three years back from the date the complaint was filed").

**Defense 3 – Actual Damages are Limited to Objective Market Value**. Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces. E.g., Jarvis v. K2 Inc., 486 F.3d 526 (9th Cir. 2007); On Davis v. The Gap, Inc., 246 F.3d 152 (2d Cir. 2001).

**Defense 4 – Plaintiff Lacks Standing**. On information and belief, plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested

in Cornelius McGinnis and/or Old Palm Real Estate, LLC on whose behalf plaintiff undertook the work. As a work for hire, plaintiff did not have, and knew it did not have, any ownership interest in the subject work. 17 U.S.C. § 201(b). Because the plaintiff knew of the inaccuracy concerning its lack of ownership, and ownership is material to a certificate of registration, it cannot maintain the present action because it lacks standing and has failed to state a claim upon which relief may be granted. 17 U.S.C. §§ 411 and 501(b).

**Defense 5 – Invalidity – No Ownership**. On information and belief, plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested in the original real estate agent on whose behalf plaintiff undertook the work. 17 U.S.C. § 201(b). As a work for hire, plaintiff did not have, and does not currently have, any ownership interest in the subject work. Consequently, plaintiff is not considered a claimant pursuant to the Copyright Act, and the copyright registration sued upon is invalid.

**Defense 6 – Invalidity – Insufficiently Creative**. Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection.

**Defense 7 – Fair Use**. Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which Plaintiff alleges a copyright interest was a fair use. 17 U.S.C. § 107.

**Defense 8 – Innocent, Good Faith Use**. Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff failed to affix any notice to the work. 17 U.S.C. § 401; 37 C.F.R. § 202.2(c). Defendants have not willfully infringed any intellectual

property or other rights owned by plaintiff and because defendants have acted in good faith and without any intention of injuring plaintiff.

**Defense 9 – De Minimis Use**. Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*.

**Defense 10 – License**. Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was a permissible use pursuant to license (whether contractually, impliedly, or equitably) granted by plaintiff, and/or Cornelius McGinnis, and/or Old Palm Real Estate, LLC, and/or Beaches MLS to defendants.

**Defense 11 – Waiver**. Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff waived its right to assert any copyright-based claim against defendants by publicly and voluntarily (whether directly or indirectly) submitting the alleged work to the Multiple Listing Service.

**Defense 12 – Copyright Troll**. On information and belief, plaintiff intentionally publishes, or causes to be published, photos of real and chattel property with knowledge that persons involved in the sale of said property will utilize those photographs in connection with sales efforts, and plaintiff then improperly leverages the cost of defending a lawsuit to extract settlements from the very persons intended to be provided with and use the photographs. The alleged work at issue in this case is a photograph which plaintiff knowingly permitted to be uploaded to the Beaches Multiple Listing Service, through Cornelius McGinnis and/or Old Palm Real Estate, LLC. Plaintiff has filed an estimated 90

or more similar lawsuits against real estate agents, demonstrating a pattern of extortionary litigation with thin, if any, support.

Plaintiff also intentionally minimizes the alleged copyright management information, including an indecipherable "watermark" of infinitesimally small typeface on the lower left corner of its photographs.

<u>Defendant's Prayer for Relief</u>

WHEREFORE, Trends Realty USA Corp. prays for judgment as follows:

a)      that the Court request the Register of Copyrights to advise the Court whether the inaccurate claimant information, if known, would have caused the Register of Copyrights to refuse registration for the subject work pursuant to 17 USC §411(b)(2);

b)      that the Court invalidate the subject copyright registration;

c)      that Plaintiff takes nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

d)      that the Court enter judgment that defendants are the prevailing parties in this action;

e)      that the Court award defendants their full costs, including reasonable attorney's fees, against Plaintiff pursuant to 17 U.S.C. §§ 505 and 1203(b)(5);[1] and

f)      that the Court award any and all other relief to which Trends Realty USA Corp may be entitled.

**<u>COUNTERCLAIM and THIRD PARTY COMPLAINT</u>**

---

[1]

For its counterclaims[2] against counter-defendant Affordable Aerial Photography, Inc. ("AAP") and third-party defendant Robert S. Stevens ("Stevens"), counterclaimant and third-party plaintiffs John Abdelsayed ("Abdelsayed") and Trends Realty USA Corp ("Trends Realty"), allege as follows:

<div align="center">PARTIES</div>

1.      Abdelsayed is a resident of the State of Florida.

2.      Trends Realty is a Florida corporation with its principal office at 921 Dickens Place, West Palm Beach, Florida 33411.

3.      Counter-Defendant AAP is a Florida corporation with its principal office at 1938 Gray Falcon Circle SW, Vero Beach, Florida 32962.

4.      Third-party defendant Stevens is a resident of the State of Florida, and is an officer of AAP, and otherwise controls AAP's business operations.

<div align="center">JURISDICTION AND VENUE</div>

5.      Jurisdiction is proper in this court because the underlying litigation arose under federal law, namely 17 U.S.C. § 1202(b), and the Court has supplemental jurisdiction over this state-law claim under 28 U.S.C. § 1367.

6.      Stevens, AAP, McGinnis, and Old Palm are all subject to personal jurisdiction in Florida.

7.      Venue is proper under 28 U.S.C. § 1391(b) because the acts giving rise to these claims occurred in this district, Trends Realty has a principal place of business in

---

[2] by advancing the counterclaims and third-party complaint, neither Trends Realty USA Corp nor Abdelsayed concede that they infringed the alleged photograph.

this district,  Stevens and McGinnis reside in this district, and AAP and Old Palm each

have a principal place of business in this district.

<u>ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF</u>

8.     Upon information and belief, Stevens and/or his company AAP intentionally

minimize how their copyright management information ("CMI") appears on photographs

taken by Stevens. The CMI affixed by Stevens or AAP to the images consists of a

watermark containing "© AAP 2016 all rights reserved", placed in the lower left-hand

corner in white or light colored text, irrespective of the color of the image where the CMI

is placed. The typeface sizing of the CMI is intentionally made small to the point of being

unnoticeable and illegible.

9.     Upon information and belief, Stevens and/or AAP intentionally minimize and

obfuscate the CMI applied to photographs with the intent that the public will overlook or

not see the CMI, that the CMI will be rendered illegible and unintelligible to the public

upon shrinking or compressing the image, or that the CMI will be removed by even the

slightest cropping of the image.

10.    Upon information and belief, Stevens and AAP know that the images

prepared by them for use by real estate agents will be uploaded to a multiple listing

service where those images will be viewed and downloaded by other MLS participants,

and further propagated from the MLS to other public websites like Zillow.

11.    Upon information and belief, Stevens and AAP know that the images

prepared by them that are uploaded to an MLS will be altered by the real estate agents

during the process of creating a property listing, including but not limited to cropping,

resizing, compression, and otherwise. Stevens and AAP know that this process of use by real estate agents results in the obfuscation of the CMI from the images.

12.     Stevens has been personally involved in prior litigation regarding this very process, and judgment was rendered against him on this very subject in Stevens v. Corelogic, Inc., 899 F. 3d 666 (9th Cir. 2018) (affirming dismissal of Mr. Stevens' § 1202 claim, concluding he "impliedly gave authority to the [real estate] agents to upload these photographs even though the result was the removal of CMI").

13.     On information and belief, Stevens is the principal officer or director of AAP. He controls the day-to-day activities of AAP, and is otherwise responsible for all of its business activities and decisions.

14.     Upon information and belief, Stevens and AAP regularly engage in business with McGinnis and Old Palm, whereby McGinnis and/or Old Palm hire Stevens and/or AAP to prepare images of real property for which they are engaged to sell and list on an MLS.

15.     Upon information and belief, McGinnis and Old Palm knew that the CMI applied by Stevens or AAP would be rendered illegible and otherwise obfuscated due to the sizing and placement of the CMI on the real estate photographs.

16.     In or about January 2016, Stevens created the photograph at issue in this action (the "Work"), from the collection entitled "12235 Tillinghast Cir front nite 2016 AAP, 3813 N Ocean Blvd low aerial 2016 AAP".[3]

---

[3] Again, by making this allegation and bringing these claims, neither Trends Realty nor Abdelsayed concedes copyright ability of the alleged work or any infringement thereof.

17.     Stevens provided a copy of the Work containing infinitesimally small CMI to McGinnis and/or Old Palm, and McGinnis and/or Old Palm then knowingly cropped, and thereby removed the CMI from the Work. Alternatively, Stevens or AAP failed to apply, cropped, or otherwise did not affix any CMI to the Work prior to providing it to McGinnis or Old Palm.

18.     Upon information and belief, on or about January 18, 2016, McGinnis or Old Palm uploaded the Work containing no CMI to the Beaches MLS. A true and correct copy of the history of the listing is attached as Exhibit A. Images on the history appended with the letter "a" were cropped images. The image denoted as "003a (Copy)" is believed to be the Work. A true and correct copy of the listing is attached as Exhibit B.

19.     Stevens and AAP had the ability, but failed, to inquire with McGinnis and Old Palm prior to bringing its claim under 17 U.S.C. § 1202(b), Count 2 of the original complaint, regarding whether the Work uploaded by them had the CMI removed by them (the "CMI Claim").

20.     In the CMI Claim, AAP claimed that Abdelsayed "knowingly, and with the intent to enable or facilitate copyright infringement, removed the copyright management information from the Work in violation of 17 U.S.C. §1202(b)" and that Abdelsayed "committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal infringement of Plaintiff's rights in the Work." [ECF 1 at ¶¶ 43 and 44].

21.     At the time it filed its § 1202 claim, AAP and Stevens were fully aware that the image used by Trends Realty contained no CMI or watermark because the Work, as uploaded to the Beaches MLS, did not contain CMI.

22.     At the time it filed the CMI Claim, AAP and Stevens had not publicly published the subject photograph. Instead, AAP and Stevens provided the subject photograph to Cornelius McGinnis privately so that McGinnis could publish the image as part of the overall collection of photographs taken by AAP for use on the multiple listing service.

23.     As a consequence, the original publicly viewable source of the subject photograph was the Beaches MLS listing for the Tillinghast property. Any further images necessarily were duplicates obtained from that MLS listing.

24.     On information and belief, no images of the subject photograph anywhere on the Internet contain any watermark CMI.

25.     At the time it filed the CMI Claim, AAP and Stevens were fully aware that because the image on the Beaches MLS listing contained no CMI watermark, it would be factually impossible for Trends Realty to remove CMI data.

26.     At the time it filed the CMI Claim, AAP was fully aware that Trends Realty did not knowingly or intentionally remove CMI in order to enable, facilitate, or conceal infringement of AAP's rights in the Work.

27.     The statutory regime for tampering with or removing CMI under the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1202, is unique and stands apart from claims of traditional copyright infringement under 17 U.S.C. § 504. Consequently, a plaintiff could sue a defendant solely for removal of CMI, even though there was no infringement by the defendant (and likewise a plaintiff could sue solely on infringement without regard to any CMI removal). Thus, the CMI Claim was its own claim separate and apart from Counts I and III for copyright infringement.

28.     Further, in the original complaint, AAP prayed for relief under Count II by seeking damages not provided by the DMCA, but rather in support of its separately-assertable infringement claims, *to wit* "an award of statutory damages **for willful infringement** up to **$150,000.00** for each infringement of the Work." [ECF 1 at 10, ¶ j].

29.     In contrast, the DMCA only provides for *non-infringement* statutory damages, not to exceed $25,000. 17 U.S.C. § 1203(c)(3)(B).

30.     As part of their defense to the CMI Claim, Trends Realty and Abdelsayed strongly opposed the claim, including informal early discussions with AAP's counsel about the meritless CMI Claim and raising affirmative defenses alleging the factual bases to prove the frivolousness of the CMI Claim. Only as a direct and proximate result of Trends Realty and Abdelsayed efforts to prove they would seek and likely obtain prevailing party attorney's fees in defense of the CMI Claim and prove its lack of any merit, AAP ultimately stipulated to withdrawal of that claim.

31.     On November 12, 2021, AAP filed an amended complaint pursuant to the stipulation removing the CMI Claim in its entirety.

32.     AAP's and Stevens' recognized and conceded to the meritless nature of the CMI Claim after Trends Realty and Abdelsayed were forced to confront the baseless allegations by demonstrating in their pleading these issues, and even then only after incurring the expense of counsel and suffering mental anguish.

33.     AAP's conduct in bringing its action under 17 U.S.C. § 1202(b) without basis has caused damages to Trends Realty and Abdelsayed, including the cost of defense of the CMI Claim and non-economic damages.

34.     Stevens is personally liable for his tortious conduct, whether or not committed in furtherance of AAP's business.

35.     Trends Realty has been required to engage the assistance of an attorney to defend against the CMI Claim.

36.     AAP's and Stevens' conduct in bringing the CMI Claim was without any basis in fact or law.

37.     AAP's and Stevens' conduct in bringing the CMI Claim was frivolous, and objectively unreasonable.

38.     AAP's and Stevens' motivation in bringing the claim under 17 U.S.C. § 1202 was a predacious attempt by AAP, and/or Stevens to extract money from Trends Realty and Abdelsayed.

<u>**COUNT I**</u>
*Malicious Prosecution*
*(against AAP and Stevens)*

39.     Trends Realty realleges the allegations set forth in Paragraphs 1 through 38 of the Counterclaim as though fully set forth herein.

40.     AAP and Stevens initiated the CMI Claim, constituting a civil judicial proceeding, against Trends Realty and Abdelsayed.

41.     AAP and Stevens were the legal cause of the original CMI Claim proceeding against Trends Realty and Abdelsayed.

42.     The CMI Claim terminated in favor of Trends Realty and Abdelsayed upon the stipulated dismissal of the claim subsequent to Trends Realty's and Abdelsayed's defensive pleadings. AAP could not unilaterally dismiss the CMI Claim without the stipulation of Trends Realty and Abdelsayed as a consequence of the original

counterclaims alleged by Trends Realty and Abdelsayed. And the termination of the CMI Claim constituted bona fide termination in favor of Trends Realty and Abdelsayed.

43.     As a result of the overwhelming lack of factual support for the CMI Claim, there was an absence of probable cause for it, both before the original complaint was filed, and thereafter.

44.     Stevens and/or AAP had actual or legal malice in instituting the CMI Claim, including where Stevens and/or AAP sought to extract money from Trends Realty on a claim it knew was completely baseless and different from and in excess of what the law provides, by including a claim in civil process that it knew would cost Trends Realty thousands of dollars to defend, separate and apart from its claims of infringement, and thus improperly increasing the settlement value of its case contrary to law.

45.     Trends Realty and Abdelsayed have suffered damages as a result of the CMI Claim.

WHEREFORE, Trends Realty USA Corp and John Abdelsayed pray for a judgment in their favor and against Affordable Aerial Photography, Inc. and Roberts S. Stevens, as follows:

A.     that the Court enter judgment in favor of Trends Realty and Abdelsayed on this counterclaim for damages caused by AAP's and Stevens' malicious prosecution;

B.     that the court award punitive damages against AAP and Stevens;

C.     award Trends Realty and Abdelsayed their costs and attorney's fees in defending the CMI Claim and in pursuit of the present counterclaim for malicious prosecution;

D.    award Abdelsayed damages for his non-economic damages including but not limited to mental anguish and emotional suffering; and

E.    for such other and further relief as the Court deems just and equitable.

Dated: November 23, 2021.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Trends Realty USA Corp hereby demands a trial by jury of all triable issues in this action, including triable issues in the main action, and triable issues in the counterclaims and third party claims.

<div style="margin-left: 50%;">

__/s/ Griffin Klema_____
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L**.
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendants and
    Counterclaimants

</div>

EXHIBIT A

**Residential Full Report**

**MLS#:** RX-10199718
**Orig LP:** $10,995,000
**Area:** 5310
**Legal Desc:** OLD PALM PL 3 LT 173

**St:** Expired
**Range Price:**
**Geo Area:** PB29

**Type:** Single Family Detached
**List Price/SqFt:** 946.47
**County:** Palm Beach

**Subdivision:** OLD PALM 3
**Development Name:** Old Palm Golf Club

| | | | | | |
|---|---|---|---|---|---|
| **Model Name:** | Custom | **Parcel ID:** | 52424135060001730 | **Front Exp:** | West |
| **Waterfrontage:** | | | | **Garage Spaces:** | 6 |
| **Waterfront:** | No | **Multiple Ofrs Acptd:** | | **Carport Spaces:** | |
| | | **Taxes:** | 102,624 | **Total Covered Spaces:** | |
| **Lot Dimensions:** | 210 ft (front) x 225 ft (sides) x 190 ft (rear) | **Tax Year:** | 2015 | **Private Pool:** | Yes |
| | | **Special Assessment:** | No | **REO:** | No |
| | | **Dock:** | | **Short Sale Addendum:** | No |
| **Lot SqFt:** | 45,095 | **Membership Fee Required:** | Yes | **Short Sale:** | No |
| **HOPA:** | No Hopa | **Membership Fee Amount:** | 175,000 | **Owner/Agent:** | |
| **Zoning:** | PCD | | | | |

**Elementary School:** Timber Trace Elementary School
**Middle School:** Watson B. Duncan Middle School
**High School:** William T. Dwyer High School

**Virtual Tour:** Click to View Virtual Tour

| | | | | | |
|---|---|---|---|---|---|
| Dining Room | 18 X 14 | Family Room | 32 X 23 | Bedroom 2 | 16 X 12 |
| Kitchen | 23 X 19 | Patio | 80 X 24 | Bedroom 3 | 21 X 15 |
| Living Room | 22 X 18 | Porch | 73 X 24 | Bedroom 4 | 18 X 14 |
| Den | 22 X 15 | | | Bedroom 5 | 15 X 14 |
| | | | | Master Bedroom | 25 X 20 |

**LivSqFt:** 9,509
**SqFt - Total:** 17,506
**SqFt Source:** Tax Rolls
**Guest Hse:**
**Yr Built:** 2013
**Builder Name:**
**Property Condition:** Resale
**Pets Allowed:** Yes

**TI Bedrooms:** 6
**Main Level Bedrooms:**
**Baths - Full:** 8
**Baths - Half:** 1
**Baths - Total:** 8.1
**Main Level Baths:**

| | | | | | |
|---|---|---|---|---|---|
| **HOA/POA/COA (Monthly):** | 890 | **Bldg #:** | | **Land Lease:** | |
| **Governing Bodies:** | HOA | **Total Floors/Stories:** | 2 | **Recreation Lease:** | **Mobile Home Size:** |
| **Homeowners Assoc:** | Mandatory | **Total Units in Bldg:** | | **Min Days to Lease:** | **Decal #:** |
| **Lease Times p/Year:** | | **Ttl Units in Complex:** | 316 | **Assoc Contact Phone:** | **Serial #:** |
| **Application Fee:** | 0 | **Unit Floor #:** | | **Assoc Website:** | **Brand Name:** |
| **Capital Contribution:** | | **Membership Fee Amount:** | 175,000 | | **Total Assessed Value:** |
| **Capital Contribution Amount:** | | | | | |

**Auction:** No
**Directions:** From I-95 exit onto PGA Blvd West for approx 2 miles to guard gate on the North side of the street.

**Showing Instructions:** ████████████

| | | | | |
|---|---|---|---|---|
| **LO:** 802049 | Old Palm Real Estate | 561-493-7220 | | |
| **LM:** 20011915 | Connie McGinnis | 561-493-7220 | connie.mcginnis@oldpalmgolfclub.com | |
| **Com/BuyerAgt:** ██████ | **Comm/Non-Rep:** ██████ | **Trans Brk:** ██████ | | **LD:** 01/16/2016 |
| **Var/Dual Rate:** No | **List Type:** Ex Rt | **List Off Agency:** Transaction Broker | **Bonus:** ██ | **XD:** 01/16/2017 |
| **Owner Name:** Withheld | | | | |
| **Broker Only Remarks:** ████████████████ | . | | | |
| **Any Broker Advertise:** No | | | | |

**Design:**
**Construction:** CBS
**Unit Desc:** On Golf Course
**Flooring:** Carpet; Marble
**Furnished:** Unfurnished
**Dining Area:** Breakfast Area; Formal
**Master Bedroom/Bath:** 2 Master Baths; Bidet; Mstr Bdrm - Ground; Separate Shower; Separate Tub; Whirlpool Spa
**Window Treatments:** Impact Glass; Plantation Shutters
**Lot Description:** 1 to < 2 Acres
**Private Pool Description:** Gunite; Heated; Inground; Spa
**Storm Protection:** Impact Glass: Complete; Permanent Generator: Whole House
**Restrict:** Commercial Vehicles Prohibited; No Truck/RV
**Rooms:** Cabana Bath; Den/Office; Family; Laundry-Inside; Loft; Media

**View:** Golf; Lake
**Waterfront Details:** None
**Cooling:** Central; Electric; Zoned
**Heating:** Central; Electric; Zoned
**Security:** Gate - Manned; Security Patrol; Security Sys-Owned; Wall
**Membership:** Golf Equity Avlbl
**Utilities:** Cable; Electric; Gas Natural; Public Sewer; Public Water; Underground
**Special Info:** Deed Restrictions
**Terms Considered:** Cash; Conventional
**Parking:** Garage - Attached
**Roof:** Concrete Tile; Flat Tile
**Taxes:** City/County
**Equestrian Features:**

**Equip/Appl:** Auto Garage Open; Central Vacuum; Dishwasher; Disposal; Dryer; Ice Maker; Microwave; Range - Gas; Refrigerator; Smoke Detector; Washer; Water Heater - Gas
**SubdivInfo:** Beach Club Available; Bike - Jog; Cabana; Clubhouse; Fitness Center; Golf Course; Pool; Putting Green; Sauna; Sidewalks; Spa-Hot Tub; Street Lights; Whirlpool
**Interior:** Built-in Shelves; Elevator; Fireplace(s); Foyer; French Door; Pantry; Roman Tub; Volume Ceiling; Walk-in Closet; Wet Bar
**Exterior:** Built-in Grill; Covered Balcony; Covered Patio; Fence; Open Balcony; Open Patio; Summer Kitchen; Zoned Sprinkler
**Maintenance Fee Incl:** Common Areas; Security
**Original List Price:** $10,995,000
**Days On Market:** 366
**Cumulative DOM:** 366

| | | | | |
|---|---|---|---|---|
| **Sold Price:** | | **Sold Price Sqft:** | | **Under Contract Date:** |
| **Buyer Office:** | | **Terms of Sale:** | | **Sold Date:** |
| **Buyer Agent:** | | | | |
| **Co-Buyer Office:** | | **Buyer Contributions Amount:** | | **Seller Concessions Amount:** |
| **Co-Buyer Agent:** | | | | |

**Public Remarks:** Beautifully appointed custom home on desirable one acre lot with exquisite Golf Course view. This immaculate home features his and hers master baths, handsome club/theater room, large family room with beautiful open beam ceiling detail, marble floors, light and bright kitchen with upgraded gas appliances, expansive covered lanai with large gas fire pit and wet bar, custom pool and spa. Plus a 80' entertainment terrace on the 2nd floor, perfect for entertaining!

EXHIBIT

**B**

| New | $10,995,000 | 01/18/2016 |
|---|---|---|

Change by: Cornelius W McGinnis

Change at 5:57 PM Eastern: Added photo "055 (Copy)"
Change at 5:57 PM Eastern: Added photo "053 (Copy)"
Change at 5:57 PM Eastern: Added photo "050 (Copy)"
Change at 5:57 PM Eastern: Added photo "049a (Copy)"
Change at 5:57 PM Eastern: Added photo "048 (Copy)"
Change at 5:57 PM Eastern: Added photo "047 (Copy)"
Change at 5:56 PM Eastern: Added photo "054 (Copy)"
Change at 5:56 PM Eastern: Added photo "052 (Copy)"
Change at 5:56 PM Eastern: Added photo "051 (Copy)"
Change at 5:56 PM Eastern: Added photo "029 (Copy)"
Change at 5:49 PM Eastern: Added photo "072(copy)"
Change at 5:49 PM Eastern: Added photo "071 (Copy)"
Change at 5:49 PM Eastern: Added photo "068 (Copy)"
Change at 5:49 PM Eastern: Added photo "065 (Copy)"
Change at 5:49 PM Eastern: Added photo "064 (Copy)"
Change at 5:49 PM Eastern: Added photo "063 (Copy)"
Change at 5:49 PM Eastern: Added photo "061 (Copy)"
Change at 5:49 PM Eastern: Added photo "060 (Copy)"
Change at 5:49 PM Eastern: Added photo "059 (Copy)"
Change at 5:49 PM Eastern: Added photo "058 (Copy)"
Change at 5:49 PM Eastern: Added photo "057 (Copy)"
Change at 5:49 PM Eastern: Added photo "046 (Copy)"
Change at 5:49 PM Eastern: Added photo "044 (Copy)"
Change at 5:49 PM Eastern: Added photo "042 (Copy)"
Change at 5:49 PM Eastern: Added photo "040 (Copy)"
Change at 5:49 PM Eastern: Added photo "036 (Copy)"
Change at 5:49 PM Eastern: Added photo "035 (Copy)"
Change at 5:49 PM Eastern: Added photo "033 (Copy)"
Change at 5:49 PM Eastern: Added photo "031 (Copy)"
Change at 5:49 PM Eastern: Added photo "030 (Copy)"
Change at 5:49 PM Eastern: Added photo "025 (Copy)"
Change at 5:48 PM Eastern: Added photo "024 (Copy)"
Change at 5:48 PM Eastern: Added photo "023 (Copy)"
Change at 4:13 PM Eastern: Removed photo
Change at 3:54 PM Eastern: Removed photo
Change at 3:53 PM Eastern: Added photo "067 (Copy)"
Change at 3:53 PM Eastern: Added photo "018 (Copy)"
Change at 3:53 PM Eastern: Added photo "017a (Copy)"
Change at 3:53 PM Eastern: Added photo "012 (Copy)"
Change at 3:53 PM Eastern: Added photo "011 (Copy)"
Change at 3:53 PM Eastern: Added photo "010 (Copy)"
Change at 3:53 PM Eastern: Added photo "005 (Copy)"
Change at 3:53 PM Eastern: Added photo "003a (Copy)"
Change at 3:41 PM Eastern: Added photo "067 (Copy)"
Change at 3:16 PM Eastern: Added new listing

# Docket No. 42

**Docket No. 42**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-81331-AMC

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

      Plaintiff,

v.

JOHN ABDELSAYED and
TRENDS REALTY USA CORP,

      Defendants/Third-Party Plaintiff,

v.

ROBERT STEVENS,

      Third-Party Defendant.
_____

## PLAINTIFF'S ANSWER TO *SECOND AMENDED* COUNTERCLAIM/THIRD-PARTY COMPLAINT

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff"), as and for its Answer to defendants/counter-plaintiffs Trends Realty USA Corp. ("Trends") and John Abdelsayed's ("Abdelsayed") (collectively, the "Defendants") November 23, 2021 *Second Amended* Counterclaim/Third-Party Complaint [D.E. 41], respectfully pleads as follows:

## PARTIES

1.     Plaintiff is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

2.     Admitted.

3.     Admitted.

4.     Admitted.

<u>**JURISDICTION AND VENUE**</u>

5.      Admitted.

6.      Plaintiff admits that it is subject to personal jurisdiction in Florida.

7.      Plaintiff admits that venue is proper in this District.

<u>**ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**</u>

8.      Plaintiff admits that it affixed its copyright management information to the photograph that is the subject of this lawsuit.  Plaintiff denies the remaining allegations of this paragraph.

9.      Denied.

10.     Denied.

11.     Denied.

12.     Plaintiff admits that Robert Stevens was a party to <u>Stevens v. Corelogic, Inc.</u>, 899 F.3d 666 (9th Cir. 2018).  Plaintiff further states that Defendants mischaracterize the holding of that action and that the text of the opinion speaks for itself.

13.     Admitted.

14.     Plaintiff admits that it has been retained by McGinnis and/or Old Palm previously to supply professional photography services.  Plaintiff is without information or knowledge as to what Defendants mean by "regularly."

15.      Plaintiff is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

16.     Admitted.

17.     Plaintiff admits that the copy of the Work provided to McGinnis and/or Old Palm contained Plaintiff's copyright management information.   Plaintiff  denies  the  remaining

2

allegations contained in this paragraph.

18.     Plaintiff is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

19.     Plaintiff is without information or knowledge sufficient to admit or deny the allegations of this paragraph.

20.     Admitted.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

27.     Plaintiff admits that the claim for removal of copyright management information was separate from the claim for copyright infringement.  Plaintiff is without information or knowledge sufficient to admit or deny the remaining allegations of this paragraph.

28.     Plaintiff admits that the original Complaint referenced damages "up to $150,000.00" with respect to the copyright management information claim.

29.     Admitted.

30.     Plaintiff admits that Defendants raised certain affirmative defenses directed toward the copyright management information claim.  Plaintiff denies the remaining allegations contained in this paragraph.

31.     Plaintiff admits that its First Amended Complaint does not include a claim for removal of copyright management information (among other changes made such as noting how

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Abdelsayed represented himself as a seasoned web developer/digital marketer to another realtor who Abdelsayed exposed to potential liability by populating her website with a series of misappropriated photographs).

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

## COUNT I
### *Malicious Prosecution*
### *(against AAP and Stevens)*

39.     Plaintiff adopts and incorporates by reference its responses to the paragraphs above as if fully set forth herein.

40.     Plaintiff admits that it initiated this lawsuit.   Plaintiff denies the remaining allegations of this paragraph.

41.     Plaintiff admits that it initiated this lawsuit.   Plaintiff denies the remaining allegations of this paragraph.

42.     Denied.

43.     Denied.

44.     Denied.

45.     Denied.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

## GENERAL DENIAL

Plaintiff denies each and every allegation contained in the "Wherefore" clause of the Counterclaim/Third-Party Complaint.  In addition, Plaintiff denies each and every allegation of the Counterclaim/Third-Party Complaint not specifically admitted herein.  Plaintiff further denies that Defendant is entitled to any of the relief requested and demands strict proof of each element of Defendants' claims and asserted damages.

## JURY TRIAL DEMAND

Plaintiff hereby requests a jury trial on all issues so triable.

## AFFIRMATIVE DEFENSES

For its further and separate affirmative defenses to the Counterclaim/Third-Party Complaint and the claims Defendants purport to assert therein, and without assuming the burden of proof on any matters for which that burden rests with Defendants, Plaintiff alleges:

### First Defense

The malicious prosecution claim is premature in that Florida law unequivocally provides that such claim may not be brought as a counterclaim in the existing lawsuit – it must be brought in a separate lawsuit following the conclusion of the prior lawsuit.  As this lawsuit is still proceeding, Defendants' claim is premature.

### Second Defense

The malicious prosecution claim is barred, in whole or in part, by the doctrine of unclean hands.

Dated: November 24, 2021.          COPYCAT LEGAL PLLC
                                   3111 N. University Drive
                                   Suite 301
                                   Coral Springs, FL 33065
                                   Telephone:  (877) 437-6228
                                   dan@copycatlegal.com

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

james@copycatlegal.com

By: /s/ Daniel DeSouza, Esq._____
        Daniel DeSouza, Esq.
        Florida Bar No.:  19291
        James D'Loughy, Esq.
        Florida Bar No.: 0052700


## **CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2021, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.


/s/ Daniel DeSouza___

Daniel DeSouza

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

# Docket No. 76-1

**Docket No. 76-1**

## Griffin C. Klema, Esq.

| | |
|---|---|
| **From:** | Daniel DeSouza <dan@copycatlegal.com> |
| **Sent:** | Friday, October 29, 2021 8:12 PM |
| **To:** | Griffin C. Klema, Esq. |
| **Cc:** | James D'Loughy; Denise Sosa; Hali Thomas |
| **Subject:** | RE: Leave to file amended response to complaint (AAP v. Abdelsayed, no. 21-cv-81331) |

Agreed – we will prepare the stip.

**From:** Griffin C. Klema, Esq. <griffin@klemalaw.com>
**Sent:** Friday, October 29, 2021 8:11 PM
**To:** Daniel DeSouza <dan@copycatlegal.com>
**Cc:** James D'Loughy <james@copycatlegal.com>; Denise Sosa <denise@copycatlegal.com>
**Subject:** RE: Leave to file amended response to complaint (AAP v. Abdelsayed, no. 21-cv-81331)

Good evening Dan,

Thanks for speaking with me this evening. As we discussed, the defendants agree to provide the plaintiff with leave to amend the complaint to drop Count 2, and the plaintiff (and counter-defendants) likewise agree to provide the defendants with the opportunity to respond to that new pleading. Our stipulation thus moots the Rule 11 motion in light of the forthcoming new pleadings and this stipulation.

As we also discussed, the parties have until November 5, 2021, to amend the pleadings pursuant to the scheduling order.

Sincerely,

**GRIFFIN KLEMA**
Patent & Trial Attorney
**Klema Law, P.L.**

cell: 202-713-5292

video call:

Griffin@KlemaLaw.com

**From:** Daniel DeSouza <dan@copycatlegal.com>
**Sent:** Friday, October 29, 2021 7:24 PM
**To:** Griffin C. Klema, Esq. <griffin@klemalaw.com>
**Cc:** James D'Loughy <james@copycatlegal.com>; Denise Sosa <denise@copycatlegal.com>
**Subject:** RE: Leave to file amended response to complaint (AAP v. Abdelsayed, no. 21-cv-81331)

Griffin,

I am ok with you amending the counterclaim, but I would like to get your agreement to amend our complaint as well – would like to drop the CMI claim given the allegations you've raised about Abdelsayed getting the photo from the MLS without the watermark. Just tried calling you from my cell. 954-551-5320.

**From:** Griffin C. Klema, Esq. <griffin@klemalaw.com>
**Sent:** Friday, October 29, 2021 7:12 PM
**To:** Daniel DeSouza <dan@copycatlegal.com>
**Cc:** James D'Loughy <james@copycatlegal.com>; Denise Sosa <denise@copycatlegal.com>
**Subject:** Leave to file amended response to complaint (AAP v. Abdelsayed, no. 21-cv-81331)

Good evening Dan,

Today is the deadline for your Rule 11 motion, and I am asking either for an enlargement of time or your agreement to provide leave to amend the pleading. I am working on preparing the amended pleading right now, and will need to either have your agreement or will need to file the motion before midnight.

Please feel free to call me. I do not have your cell phone, so I can't reach you by phone unless you agree to provide it.

Thank you,

**GRIFFIN KLEMA**
Patent & Trial Attorney
**Klema Law, P.L.**

cell: 202-713-5292

video call:

Griffin@KlemaLaw.com

PRIVILEGE AND CONFIDENTIALITY NOTICE: This email may contain confidential or attorney-client privileged information, intended only for the intended individual or entity. If you are not the intended or original recipient, do not open any attachments, and do not forward this email. If you received this email by mistake, please notify Klema Law, P.L. immediately by reply email or by calling (202) 713-5292. Please delete this message, and any copies of it. Thank you.

# Docket No. 96

**Docket No. 96**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-CV-81331**

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,

      Plaintiff and Counter-Defendant,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,

      Defendants and Counter-Plaintiffs.

--------------------------------------------------------------------------------

TRENDS REALTY USA CORP,

      Third Party Plaintiff,

v.

ROBERT STEVENS,
CORNELIUS MCGINNIS, and
OLD PALM REAL ESTATE, LLC,

      Third Party Defendants.

---

## DEFENDANTS' THIRD AMENDED JOINT ANSWER AND AFFIRMATIVE DEFENSES

      Defendants John Abdelsayed and Trends Realty USA Corp, by and through their attorney,

Griffin Klema, Esq., and pursuant to the Court's May 11, 2022, order [DE 95] permitting

amendment by interlineation according to the relief sought in defendants' motion [DE 89], files

this, their Third Amended Joint Answer and Affirmative Defenses to the plaintiff's Amended

Complaint [ECF No. 40].

Defendants note that they had previously agreed to withdraw affirmative defenses nos. 4 and 5 (relating to work for hire defenses) on March 2, 2022, by informal email correspondence to plaintiff's counsel, but leave them as-is in this filing pursuant to the Court's order which limited amendment to the proposed interlineation "as the sole alteration." [DE 95]. By doing so, defendants do not reassert those defenses, which remain withdrawn.

The counterclaim and third-party complaint have been removed pursuant to the Court's earlier order of dismissal without prejudice. See [DE 93].

**ANSWER**

Defendants admit the truth of the allegations contained in Paragraphs 1-9 of the Complaint, but expressly deny any wrongdoing or infringement that might be implied by the allegations.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 10-19, and 28 of the Complaint and therefore deny same.

With regard to the allegations contained in Paragraphs 20 and 21 of the Complaint, defendants admit Trends Realty is a real estate agency located in Palm Beach County, Florida and that Abdelsayed is the President, founder, sole shareholder, and controller of Trends Realty. Defendants further admit Abdelsayed is a real estate broker who registered the domain name in question. Defendants deny the remainder of the allegations in Paragraphs 20 and 21 of the Complaint.

With regard to the allegations contained in Paragraphs 22-27 of the Complaint, defendants admit the following: (a) that Trends Realty significantly cropped the photograph obtained from the Beaches Multiple Listing Service ("Beaches MLS") prior to uploading it to the website, but that

no copyright information was removed by doing so; (b) the contact information provided on the website presently identifies Trends Realty; (c) defendants never contacted plaintiff to seek permission to use the copyrighted work because the defendants never had in their possession the subject work; and (d) defendants received a demand from plaintiff on or about July 14, 2021. Defendants deny the remaining allegations contained in those paragraphs.

Paragraphs 29, 41, and 48 of the Complaint are re-incorporation paragraphs, for which defendants re-adopt their responses.

Defendants deny the allegations contained in Paragraphs 30-40, 42-47, and 49-52 of the Complaint.

Defendants deny that plaintiff is entitled to any relief whatsoever in this action.

Defendants specifically deny all allegations, if any, and conclusions of law, if any, to which they did not specifically respond in this Answer to plaintiff's Complaint.

## **DEFENSES**

**Defense 1 – No Statutory Damages or Attorney's Fees.** Plaintiff cannot recover statutory damages or attorney's fees because any alleged infringement predated the effective date of plaintiff's copyright certificate. 17 U.S.C. § 412.

**Defense 2 – Statute of Limitations.** Plaintiff's claims are barred in whole or in part by the operation of the statute of limitations. 17 USC § 507(b). Furthermore, any damages cannot exceed three years prior to the date on which the lawsuit was brought. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014) (holding that a plaintiff may obtain "relief running only three years back from the date the complaint was filed").

**Defense 3 – Actual Damages are Limited to Objective Market Value.** Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces. E.g., Jarvis v. K2 Inc., 486 F.3d 526 (9th Cir. 2007); On Davis v. The Gap, Inc., 246 F.3d 152 (2d Cir. 2001).

**Defense 4 – Plaintiff Lacks Standing.** On information and belief, plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested in Cornelius McGinnis and/or Old Palm Real Estate, LLC on whose behalf plaintiff undertook the work. As a work for hire, plaintiff did not have, and knew it did not have, any ownership interest in the subject work. 17 U.S.C. § 201(b). Because the plaintiff knew of the inaccuracy concerning its lack of ownership, and ownership is material to a certificate of registration, it cannot maintain the present action because it lacks standing and has failed to state a claim upon which relief may be granted. 17 U.S.C. §§ 411 and 501(b).

**Defense 5 – Invalidity – No Ownership.** On information and belief, plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested in the original real estate agent on whose behalf plaintiff undertook the work. 17 U.S.C. § 201(b). As a work for hire, plaintiff did not have, and does not currently have, any ownership interest in the subject work. Consequently, plaintiff is not considered a claimant pursuant to the Copyright Act, and the copyright registration sued upon is invalid.

**Defense 6 – Invalidity – Insufficiently Creative.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection.

**Defense 7 – Fair Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which Plaintiff alleges a copyright interest was a fair use. 17 U.S.C. § 107.

**Defense 8 – Innocent, Good Faith Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff failed to affix any notice to the work. 17 U.S.C. § 401; 37 C.F.R. § 202.2(c). Defendants have not willfully infringed any intellectual property or other rights owned by plaintiff and because defendants have acted in good faith and without any intention of injuring plaintiff.

**Defense 9 – De Minimis Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*.

**Defense 10 – License.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was a permissible use pursuant to license (whether contractually, impliedly, or equitably) granted by plaintiff, and/or Cornelius McGinnis, and/or Old Palm Real Estate, LLC, and/or Beaches MLS to defendants.

**Defense 11 – Waiver.** Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff waived its right to assert any copyright-based claim against defendants by publicly and voluntarily (whether directly or indirectly) submitting the alleged work to the Multiple Listing Service.

**Defense 12 – Copyright Troll.** On information and belief, plaintiff intentionally publishes, or causes to be published, photos of real and chattel property with knowledge that persons involved in the sale of said property will utilize those photographs in connection with sales efforts, and

plaintiff then improperly leverages the cost of defending a lawsuit to extract settlements from the very persons intended to be provided with and use the photographs. The alleged work at issue in this case is a photograph which plaintiff knowingly permitted to be uploaded to the Beaches Multiple Listing Service, through Cornelius McGinnis and/or Old Palm Real Estate, LLC. Plaintiff has filed an estimated 90 or more similar lawsuits against real estate agents, demonstrating a pattern of extortionary litigation with thin, if any, support.

Plaintiff also intentionally minimizes the alleged copyright management information, including an indecipherable "watermark" of infinitesimally small typeface on the lower left corner of its photographs.

<u>Defendant's Prayer for Relief</u>

WHEREFORE, Trends Realty USA Corp. prays for judgment as follows:

a)      that the Court request the Register of Copyrights to advise the Court whether the inaccurate claimant information, if known, would have caused the Register of Copyrights to refuse registration for the subject work pursuant to 17 USC §411(b)(2);

b)      that the Court invalidate the subject copyright registration;

c)      that Plaintiff takes nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

d)      that the Court enter judgment that defendants are the prevailing parties in this action;

e)      that the Court award defendants their full costs, including reasonable attorney's fees, against Plaintiff pursuant to 17 U.S.C. §§ 505 and 1203(b)(5);[1] and

f)      that the Court award any and all other relief to which Trends Realty USA Corp may

---
[1]

be entitled.

Dated: May 13, 2022.

## JURY DEMAND

In accordance with Fed. R. Civ. P. 38(b), Trends Realty USA Corp hereby demands a

trial by jury of all triable issues in this action.

> ___/s/ Griffin Klema_____
> Griffin C. Klema, Esq.
> Fla. Bar No. 100279
> Griffin@KlemaLaw.com
> **Klema Law, P.L.**
> PO Box 172381
> Tampa, FL 33672
> 420 W. Kennedy Boulevard
> Tampa, FL 33606
> Telephone: 202-713-5292
> Attorney for Defendants and
>    Counterclaimants

# Docket No. 100-1

Page 1

```
                 UNITED STATES DISTRICT COURT
                  SOUTHERN DISTRICT OF FLORIDA
                     CASE NO: 21-cv-81331


      AFFORDABLE AERIAL
      PHOTOGRAPHY, INC.,
      a Florida corporation,

              Plaintiff/Counter-Defendant,

      vs.

      JOHN ABDELSAYED, and
      TRENDS REALTY USA CORP.,
      a Florida corporation,

              Defendants/Counter-Plaintiffs
      _____/
      JOHN ABDELSAYED, and
      TRENDS REALTY USA CORP.,

              Third-Party Plaintiffs,
      vs.

      ROBERT STEVENS,

              Third-Party Defendant.
      _____/


                      Via Zoom
                      Friday, April 1, 2022
                      9:00 a.m. - 4:30 p.m.

              VIDEOTAPED DEPOSITION OF

                  MATEUSZ RYMARSKI

          Taken on behalf of the

      Defendants/Counter-Plaintiffs/Third-Party

      Plaintiffs before Joy Reich, Court Reporter and

      Notary Public in and for the State of Florida at

      Large, pursuant to Notice of Taking Deposition

      in the above cause.
```



Page 2

```
 1

 2

 3

 4    APPEARANCES:

 5

 6    For the Plaintiffs/Counter-Defendants:

 7            DANIEL DE SOUZA, ESQ.
              JAMES D'LOUGHY
 8            (Via video/teleconference)
              COPYCAT LEGAL, PLLC
 9            3111 North University Drive
              Suite 301
10            Coral Springs, Florida 33065
              E-mail:  dan@copycatlegal.com
11

12
      For the
13    Defendants/Counter-Plaintiffs/Third-Party
      Plaintiffs:
14
              GRIFFIN KLEMA, ESQ.
15            (Via video/teleconference)
              KLEMA LAW, P.L.
16            420 W. Kennedy Boulevard
              Tampa, Florida 3333606
17            E-mail:  griffin@klemalaw.com

18

19    ALSO PRESENT VIA ZOOM:

20            JOHN ABDELSAYED

21

22

23

24

25
```

Page 3

1

2

                    I N D E X

3
     WITNESS                  DIRECT              CROSS
4
     MATEUSZ RYMARSKI  (via video/teleconference)
5
     Mr. Klema                6
6    Mr. DeSouza

7

8

9                    EXHIBITS

10      DEFENDANT'S                          PAGE

11
     Exhibit 1     Notice of Taking Deposition  11
12
     Exhibit 2     AAP's First Amended Complaint14
13
     Exhibit 3     Invoice 1540                 20
14
     Exhibit 4     Certificate                  36
15
     Exhibit 5     AAP's Amended Responses to the
16                 Defendant's First Request
                   For Production               36
17
     Exhibit 6     Deposit Copy on the
18                 Certificate of Registration  37

19   Exhibit 7     Screen Capture               43

20   Exhibit 8     "Capture7-13-2021.jpg"       47

21   Exhibit 9     Amended Interrogatory
                   Responses                    94
22
     Exhibit 10    Screen Capture               116
23
     Exhibit 11    Screen Shot of List of
24                 Photographs                  116

25



Page 4

```
 1

 2
                         EXHIBITS (con't)
 3

 4
            DEFENDANT'S                           PAGE
 5

 6    Exhibit 12      Plaintiff's Responses to
                      Defendant's Second Set of
 7                    Requests for Admissions      116

 8    Exhibit 13      Group of Invoices            147

 9    Exhibit 14      Check                        150

10    Exhibit 15      Screen Capture of
                      cbssports.com               151
11
      Exhibit 16      Screen Capture             166
12
      Exhibit 17      Cease and Desist Letter    175
13
      Exhibit 18      Screen Capture             222
14
      Exhibit 19      Screen Capture             224
15
      Exhibit 20      Screen Capture             230
16
      Exhibit 21      Screen Capture             233
17

18

19

20

21

22

23

24

25
```

Page 220

1    Mr. Abdelsayed.  I believe they talked about

2    maybe a week ago, maybe, something like that

3    about resolving the case.

4        Q.    Okay.  What was Mr. Stevens general

5    feeling about John at that time?

6        A.    He said -- um -- Robert -- um -- I got

7    that even though he had a conversation, he was

8    still not entirely happy with Mr. Abdelsayed,

9    but Robert was willing to -- to -- to let -- let

10   it go.

11       Q.    Does Mr. Stevens, if you know, still

12   think that Mr. Abdelsayed is a thief?

13       A.    I believe -- I believe so, yes.

14       Q.    All right.  I am going to take a look

15   again at the photograph on which AAP is suing.

16   We're gonna open that up.  Can you see the

17   photograph?

18       A.    Yes.

19       Q.    All right.  It's open in Photoshop?

20            MR. DE SOUZA:  Are you saying this is

21       Photoshop?

22   BY MR. KLEMA:

23       Q.    I'm asking the witness, is it open in

24   Photoshop?

25       A.    I don't see the program name on the



Page 221

1    top, so I don't know if it would be open.

2        Q.    Fair enough.  Let's take a look at the

3    photograph the Defendants' used.  I'm gonna open

4    what the Defendants produced in discovery, AAP

5    as it was directly from their website.

6             Is this the photograph that the

7    Defendants' used on their website?

8        A.    Looks like it, yes.

9        Q.    Okay.  I'm gonna put these

10   side-by-side.  If we can zoom out a little bit

11   here.  Oh, come on.  I'm gonna zoom in the right

12   way, so bear with me.  I'm trying to line them

13   up here.

14            I'm now showing you the side-by-side

15   comparison of the image from the Defendants'

16   website and AAP's deposit copy; you can see each

17   photograph?

18       A.    Yes.

19       Q.    The one on the left is the Defendants'

20   image and the one on the right is AAP's deposit

21   copy?

22       A.    Right.

23       Q.    Are these the same image?

24       A.    It's a portion of the image -- of the

25   same image, yes.



Page 222

```
 1      Q.    Okay.  So do you believe the one on
 2   the left is a cropped version of the one on the
 3   right?
 4      A.    That's what it looks like, yes.
 5      Q.    That's been AAP's contention in this
 6   lawsuit from the beginning, right?
 7      A.    Right.
 8      Q.    Okay.  So looking at them, the full
 9   view here of each, how are they different; if at
10   all?
11      A.    Well, one is cropped and other one
12   isn't.
13      Q.    Okay.  Anything else that's different?
14      A.    CMI is missing on the one on the left.
15      Q.    Okay.
16      A.    Right.
17      Q.    Anything else that you can see that's
18   different here?
19      A.    Um -- not that I can see, just
20   cropped.  I don't see anything else.
21      Q.    I'm gonna take a screen capture right
22   now.  I'm gonna mark this as 18.
23            (Defendant's 18, Screen Capture,
24   was marked for Identification.)
25   BY MR. KLEMA:
```

Page 223

1      Q.    I'm gonna zoom in on a certain part of

2    each photograph here, like taking a little bit,

3    like I said, in Photoshop can be a finicky.  I'm

4    trying to get them to be about the same size.

5            Okay.  Can you still see each image on

6    your screen?

7      A.    Yes.

8      Q.    I've zoomed in to an area on each

9    photograph, the Bougainvillea with the pink

10   flowers, right?

11     A.    Right.

12     Q.    Now, we've got this area of detail

13   visible in each photograph, I'm gonna ask you

14   again, is the photograph on the left the same as

15   the photograph on the right?

16     A.    It looks like it, yes.

17     Q.    I want you to carefully look at the

18   pink flowers in each image and make sure that

19   they match up in each of the two photographs.

20           Do you notice any pink flowers missing

21   in the photograph on the right compared to the

22   photograph on the left?

23     A.    No.

24     Q.    All right.  I'm gonna take a screen

25   capture right now.  I'll move on.  I'll mark



National Reporting Service   (305) 373-7295

Page 224

1    this as Defendant's Exhibit 19.

2              (Defendant's 19, Screen Capture,

3    was marked for Identification.)

4    BY MR. KLEMA:

5         Q.    I'm gonna grab the pen tool.  I'm

6    gonna highlight some parts of each of these

7    photographs.

8         A.    Yeah.

9         Q.    Right.  Now, the photograph on the

10   left, I'm going to circle the flower in red; do

11   you see that?

12        A.    Yes.

13        Q.    I'm gonna circle the same area in the

14   photograph on the right.  Is the pink flower

15   there?

16        A.    I don't -- I don't know if this is

17   done accurately now.

18        Q.    What's giving you any doubt right now

19   about me doing this accurately?

20              Did you understand my question?  Can

21   you hear me?

22        A.    Yes.

23        Q.    Okay.  Sorry.  I wasn't sure.  Is

24   there anything that you think is inaccurate

25   about what we're doing right now?

Page 225

1      A.    I think the circle on the right should

2    be further over, I believe.

3      Q.    Okay.  Let's do another flower here.

4    I'm gonna circle a different flower here.

5    Ready?

6            I'm gonna circle a flower on left

7    photograph, down a little bit.  I'm trying to

8    make it not big.  I want to make sure you can

9    still see my circle.  Are you ready; do you see

10   where my pointer is, cursor?

11     A.    Yes.

12     Q.    Okay.  I'm gonna circle that flower

13   right there, okay.  Do you see the flower that

14   I've circled there?

15     A.    Yes.

16     Q.    Okay.  We're gonna go over here on the

17   right photograph, and do you see that pink

18   flower in the photograph on the right?

19           It would be right about here, right?

20     A.    No.  Not that I can see.

21     Q.    Here, we're gonna do something a

22   little different.  I'm gonna change the color of

23   my cursor or my pen tool.  I'm gonna circle some

24   flowers on the right photograph here in green,

25   all right, and circle this kind of pair of them;



Page 226

1    do you see that?

2         A.    Yes.

3         Q.    Okay.  I'm gonna circle the same

4    flowers in the photograph on the left, also in

5    green, just so you can see that it's the same

6    flower there.  I'm gonna draw a circle around

7    that one.

8              So the green circles that I've drawn

9    here on the photograph on the left and the

10   photograph on the right, are those the same

11   flowers?

12        A.    I don't know.

13        Q.    What would you need to determine

14   whether it's the same flower or not?

15        A.    Um -- I don't know.

16        Q.    Let's go back to the flower in red

17   that I circled before we went green and go back

18   to red.  We're gonna try and look for it in the

19   photograph on the right.

20              Those are roughly the same, the

21   green-circled flowers, the red-circle with the

22   pink flowers should be roughly next to it in the

23   photograph to the right; I'm gonna circle that

24   area.  Is there a pink flower inside the red

25   circle that I just drew on the photograph on the



Page 227

 1   right?

 2        A.    I don't see it here.

 3        Q.    But you would agree that there is no

 4   pink flower inside the red circle that I just

 5   drew?

 6        A.    Not from what I can see.

 7        Q.    Okay.  And you don't have problems

 8   seeing my screen and how I'm illustrating these

 9   photos; do you?

10        A.    No.  I'm not familiar with this

11   program, so I don't know --

12        Q.    Well, I'm not asking about the

13   program.  I want to make sure you can see what

14   I'm seeing?

15        A.    Yes, I see.

16        Q.    Okay.  Let's do another one.  I'm

17   gonna circle -- I'll start with this one.  Do

18   you see where my cursor is up here?  I'm moving

19   it around.

20        A.    Um -- yes.

21        Q.    Okay.  It's kind of a dark spot

22   underneath my cursor here.  It almost looks like

23   a black outline of a cat, you've got two pointy

24   ears here, maybe a round face; do you see that

25   part?



Page 228

1        A.     I see where your cursor is.

2        Q.     Okay.  All right.  So I'm gonna circle

3   that and a little bit to the left of it in red,

4   okay?

5               Then we're gonna go to the photograph

6   on the left, Defendants' photograph, we're gonna

7   do the same thing.  You've got this little cat

8   silhouette here.  And I'm gonna circle that.

9               Do you see the pink flower inside the

10  red circle I just drew in the photograph on the

11  left?

12       A.     I think so, yes.

13       Q.     Yeah.  Is that flower over here in the

14  photograph on the right?

15       A.     I don't see this one, no.

16       Q.     Okay.  Should we do another one?

17  Maybe let me ask you this question again, do you

18  think the photograph on the left is the same as

19  the photograph on the right?

20       A.     Um -- I don't know.

21       Q.     You would agree with me that they are

22  different photographs?

23       A.     No.  This is your program.  I don't

24  know.  But they're different.

25       Q.     Okay.  What, if anything, have I done



Page 229

1    in making this comparison that you feel

2    uncomfortable with?

3        A.    Um -- I just don't know exactly what

4    you're doing and it's not my program.

5        Q.    Okay.  Do you disagree that I'm trying

6    to show you the Defendants' photograph and the

7    Plaintiff's photograph?

8        A.    Um -- you're showing me two photos in

9    that program.  I don't know about it -- I don't

10   understand.

11       Q.    Well, let's look at the file name, I'm

12   gonna point up here, the photograph on the left,

13   "san-michele.jpg" -- S-A-N -

14   M-I-C-H-E-L-E-.-J-P-G; that's the image on the

15   left?

16       A.    Okay.

17       Q.    Okay.  The image on the right,

18   "12235tillinhastcirfrontnite2016aap.jpg," right?

19       A.    Right.

20       Q.    This is the deposit copy photograph

21   that you confirmed when we started this process?

22       A.    I believe so, yes.

23       Q.    Okay.  And then the photograph on the

24   left is the photograph that the Defendants

25   produced to Plaintiff in its discovery



Page 230

1    responses?

2         A.    Maybe.  I believe so, yes.

3         Q.    But as you're sitting here now and

4    we're looking at these images side-by-side,

5    would you agree with me that they are two

6    different photographs?

7         A.    Like I said, I don't know what --

8    what's the program that's being used on one is a

9    lot more zoomed in than the other.  And it's

10   hard to tell.

11        Q.    Okay.  Let's do another comparison.

12   I'm gonna take a screen capture of what we've

13   got here.  Mark this as Defendant's Exhibit 20.

14             (Defendant's 20, Screen Capture,

15   was marked for Identification.)

16   BY MR. KLEMA:

17        Q.    All right.  I'm gonna close that

18   photograph.  We don't want to save it.  I'm

19   gonna close this one again -- no, I don't want

20   to save it.  Okay.  Let's open again, deposit

21   copy.  This is the photograph that AAP is suing

22   on, right?

23        A.    I believe so.

24        Q.    Okay.  I'm gonna open another

25   photograph.  This is another photograph that AAP



Page 231

1    produced in response to the discovery.  This is

2    one of the photographs that it provided to Old

3    Palm and it's still in its drop box.  I'll

4    represent that to you.  We're gonna put them

5    side-by-side.  I can zoom out here.  Get some

6    Old Palm view -- can you see those okay?

7         A.    I think so, yes.

8         Q.    Okay.  So I just opened and we have

9    side-by-side in front of us in Photoshop the

10   image with the file name "019.jpg" on the left,

11   right?

12        A.    Right.

13        Q.    And then the photograph on the

14   right-hand side is

15   "12235tillinghastcirfrontnite2016aap.jpg."

16        A.    That's what it looks like, yeah.

17        Q.    Okay.  Are these photographs the same?

18        A.    They look very similar, yeah.

19        Q.    Do you notice that the view of the sky

20   color is a little different blue color?

21        A.    Not particularly.

22        Q.    It's slight, but you tell me what you

23   see.

24        A.    Um -- I can't really compare these

25   photos.  I'm not trained in comparing photos.



Page 232

1      Q.    That's okay.  I'm gonna try to walk

2   everybody through it here.

3           Let's zoom in -- before we do that,

4   again, the photograph on the left is AAP's

5   photograph from its drop box -- I should --

6   well, I should say it's the one that actually

7   that it produced in discovery.  But it's the

8   same as the one from its drop box "019.jpg."

9           So we're gonna do the same thing.

10  We're gonna take a look at that Bougainvillea on

11  the left.  Zoom in there.  We're gonna line up

12  each about the same.

13          Okay.  So we've zoomed in to the area

14  of each of the two photographs, the

15  Bougainvillea on the left with the pink flowers.

16  Now that we've zoomed into this area; are these

17  the same photographs?

18      A.    Again, they appear to be similar,

19  yeah.

20      Q.    I'm not asking about similar, right;

21  I'm asking about, are they the same?

22      A.    Um -- as I said, I don't know if they

23  are.

24      Q.    Well, let me ask this question, if we

25  cropped "12235Tillinghastcirfrontnite2016" the



Page 233

```
 1   flowers in that photograph would be identical
 2   wouldn't they?
 3       A.    Um -- I don't know.  They changed the
 4   resolution.
 5       Q.    Let's take a screen capture, just
 6   before I move on, I want to make sure that I've
 7   saved that, so bear with me.
 8             So we'll be on 21.  So I have taken a
 9   screen capture of my screen, which we'll mark as
10   Defendant's Exhibit 21.
11             (Defendant's 21, Screen Capture,
12   was marked for Identification.)
13   BY MR. KLEMA:
14       Q.    So you mentioned something about
15   resolution.  Are the images unclear?  I guess,
16   I'm having a hard time understanding if you
17   can't make the comparison because of how it
18   looks?
19       A.    Again, I'm just looking through it on
20   your program and I'm not exactly sure what
21   you're doing.
22       Q.    Okay.  What would you need to do in
23   order to verify whether these are the same
24   photographs or not?
25       A.    I'm not exactly sure -- um -- I don't
```



Page 234

1    edit photos regularly, so I don't know.

2        Q.    Do you think Rob Stevens would be able

3    to look at these and let us know whether these

4    are the same photographs or not?

5        A.    I don't know.

6        Q.    And he was the one that took the

7    photographs at the Tillinghast Property,

8    correct?

9        A.    I believe so, yes.

10       Q.    And you testified that you know that

11   he takes many photographs in a given location?

12       A.    Yes, I believe so.

13       Q.    Okay.  And, in fact, AAP produced to

14   Old Palm several images of the front of that

15   property at nighttime?

16       A.    I believe so, yes.

17       Q.    Okay.  Let's just go back to that real

18   quick here.  I think it's the browser -- all

19   right.  So can you see my browser again?

20       A.    Yes.

21       Q.    Okay.  And we're looking at AAP's drop

22   box for this property?

23       A.    Um -- yes.

24       Q.    Okay.  I'm gonna scroll down to the

25   front images of the property.  Now, "017,"



Page 235

 1   that's a photo of the front of the property

 2   during the daytime?

 3        A.    That's what it looks like, yes.

 4        Q.    Okay.  "17A," another daytime, front

 5   photograph of the property?

 6        A.    It looks like it, yes.

 7        Q.    All right.  And then "18," is a

 8   photograph of the front of the property?

 9        A.    Yes.

10        Q.    Same for "19"?

11        A.    Yes.

12        Q.    And "20"?

13        A.    That's what it looks like, yes.

14        Q.    Okay.  You've got -- what is it --

15   five different photographs of the front of the

16   property, three of which were taken at night,

17   correct?

18        A.    That's what it looks like, yes.

19        Q.    Okay.  AAP wouldn't provide duplicate

20   images to Old Palm; would it?

21        A.    What do you mean, like, "duplicates"?

22        Q.    The exact same photograph twice in a

23   set of images?

24        A.    Um -- I don't know --

25        Q.    I'm gonna try something -- I'm sorry?

Page 236

 1   Madam Court Reporter, did you get the response?

 2            THE REPORTER:  No, I'm sorry.  I

 3      didn't hear what he said.

 4   BY MR. KLEMA:

 5      Q.    Can you provide your answer again?

 6      A.    Yeah, I don't know.

 7      Q.    Okay.  Let's take a look at "19,"

 8   that's the one we were just comparing in

 9   Photoshop?

10      A.    I don't see it, no.

11      Q.    Can you see the area of the image on

12   your screen, where it would be on your screen?

13      A.    Yes.

14      Q.    The lower, left-hand corner?

15      A.    I think so, yes.

16      Q.    Okay.  You would agree with me there

17   is no watermark on this image?

18      A.    Um -- I don't see it here, yes.

19      Q.    Okay.  But there is a watermark on

20   Photograph Number 20 that you can see?

21      A.    I see it, yeah.

22      Q.    Okay.  Then we'll go back to "18."  Is

23   there a watermark on Photograph Number 18?

24      A.    Yes.  I see it, yes.

25      Q.    Okay.  All right.  So AAP actually

Page 237

1    produced three different photographs of the

2    Tillinghast Property at night to Old Palm; is

3    that right?

4         A.    That's what it looks like, yes.

5         Q.    Okay.  So you would agree with me that

6    Photograph Number 18, the one that we're looking

7    at now, is different from Number 19 with no

8    watermark and we haven't really done a

9    comparison yet, but "18" is probably different

10   than "20"?

11        A.    Um -- might be.

12        Q.    Okay.  So let's go back to Photoshop.

13   So we've got "19" and the deposit copy open in

14   Photoshop here.  And -- I apologize -- I'm just

15   trying to understand what you believe you

16   believe you're seeing right now, if these

17   photographs are different or not; do you think

18   they're different?

19        A.    Um -- I don't know, again.

20        Q.    Let's think through whether physics

21   would dictate whether these would be different

22   or not.  Times passes between one photograph and

23   another when Rob is photographing real estate,

24   right?

25        A.    Sometimes.  I mean, time passes, yeah.



Page 238

1       Q.     Right.  And as time passes, things can
2    change; would you agree with that?
3       A.     I mean, sure.
4       Q.     Okay.  Right.  Because the sun is
5    setting, getting darker as time passes.
6       A.     Okay.
7       Q.     Would you agree with that?
8       A.     Yes.
9       Q.     Okay.  And the color of the sky
10   changes as the sun sets; doesn't it?
11      A.     Sometimes, it does, yes.
12      Q.     Okay.  How about the landscaping; if
13   the wind blows, can that change the orientation
14   or the way the plants look in the photograph,
15   from one photograph to another photograph?
16      A.     Um -- it could, yes.
17      Q.     Do you think that's what happened
18   here?
19      A.     I don't know what happened.
20      Q.     It seems plausible, doesn't it, the
21   photograph on the left with the flowers,
22   Number 19, was taken earlier than the photograph
23   on the right, the copyrighted image because the
24   photos -- or I'm sorry -- the flowers fell off?
25      A.     Well, I don't know.



Page 239

1      Q.    Or the wind blew and it changed

2   whether the flowers were visible?

3      A.    Um -- that's possible, yes.

4      Q.    Would you now agree that the

5   Defendants have not infringed the photograph

6   that's the subject of this lawsuit?

7      A.    No.  As I said, I don't know what --

8   what exactly you're showing me with your

9   software.  So I can't answer that.  I don't know

10   if it's being manipulated or what happened,

11   so --

12      Q.    I mean, you saw me do the whole

13   process, right, from the beginning of me opening

14   the photograph -- if you want, we can start

15   over?

16            I will get it directly from AAP's drop

17   box right now and we'll compare it to the

18   photograph that AAP said is the deposit copy;

19   would you like to do that or do you trust that

20   I'm not altering the photograph?

21      A.    No.  I don't need you to do that.  All

22   I'm saying is that I don't understand on the

23   software and the specific way this works, so --

24      Q.    Is it that you don't understand or

25   that you don't want to admit that these



National Reporting Service    (305) 373-7295

Page 240

1   photographs are different?

2       A.   Um -- I don't understand.

3       Q.   Help me understand what you don't

4   understand; it's kind of an add question, but

5   I'll really trying to figure out what it is

6   that's confusing you?

7            MR. DE SOUZA:  He's answered it ten

8       times already.  I'll let him answer it, but

9       you've asked him that same question over and

10      over again.

11           MR. KLEMA:  Let me put it on the

12      record, Dan.  Will AAP stipulate that these

13      are different photographs so I don't have to

14      keep engaging in this exercise?

15           MR. DE SOUZA:  Will the Defendants

16      stipulate that they have admitted in their

17      Responses to Request For Admissions that the

18      subject photograph at issue in this lawsuit

19      is the one published on their website?

20           MR. KLEMA:  No.

21           MR. DE SOUZA:  Well, that's what they

22      did.

23           MR. KLEMA:  No.  No.

24           MR. DE SOUZA:  That's your

25      Interrogatories and your Responses to Request



National Reporting Service   (305) 373-7295

Page 241

 1      For Admissions, so --

 2              MR. KLEMA:  Dan, I'd be happy to have

 3      the conversation, but let's go off the

 4      record.

 5              THE REPORTER:  Do you want to go off

 6      the record, gentlemen?

 7              MR. KLEMA:  Yes.

 8              MR. DE SOUZA:  Yes.

 9              (Discussion off the Record)

10  BY MR. KLEMA:

11      Q.    Mr. Rymarski, you said you do video

12  editing for AAP?

13      A.    Yes.

14      Q.    Does that mean creating videos or

15  editing after they're already done?

16      A.    Well, typically creating the videos

17  after they're done.

18      Q.    Okay.  Can you explain "creating them

19  after they're done"?

20      A.    Taking the mp4 files or whatever the

21  file format is and cutting them and putting them

22  in a video tour.

23      Q.    I see.  Okay.  So the video tour,

24  let's kind of distinguish video from the final

25  product.  We'll call it the "video tour" or

Page 249

1   THE STATE OF FLORIDA,)

2   COUNTY OF BROWARD.)

3

4

5            I, the undersigned authority, certify

6   that MATEUSZ RYMARSKI remotely appeared before

7   me and was duly sworn via videoconferencing

8   equipment pursuant to agreement of all parties.

9   The parties stipulate that the testimony is

10  being given as if the witness was sworn in

11  person.

12

13           WITNESS my hand and official seal this

14  8th day of April, 2022.

15

16

17

18           _____

             Joy Reich, Notary Public
             In and for the State of Florida
19           Commission #GG-324746
             Expires August 16, 2023

20

21

22

23

24

25

Page 250

1                C E R T I F I C A T E

2

   THE STATE OF FLORIDA,)
3                       SS
   COUNTY OF BROWARD )

4

5              I, Joy Reich, Court Reporter and
   Notary Public in and for the State of Florida at
6  large, do hereby certify that the aforementioned
   witness was by me first duly sworn to testify
7  the whole truth; that I was authorized to and
   did report said deposition in stenotype; and
8  that the foregoing pages, numbered from 1 to
   250, inclusive, are a true and correct
9  transcription of my shorthand notes of said
   deposition.

10

11             I further certify that said deposition
   was taken at the time and place hereinabove set
12 forth and that the taking of said deposition was
   commenced and completed as hereinabove set out.

13             I further certify that I am not an
   attorney or counsel of any of the parties, nor
14 am I a relative or employee of any attorney or
   counsel of party connected with the action, nor
15 am I financially interested in the action.

16             The foregoing certification of this
   transcript does not apply to any reproduction of
17 the same by any means unless under the direct
   control and/or direction of the certifying
18 reporter.

19             IN WITNESS WHEREOF, I have hereunto
   set my hand and seal this 8th day of April,
20 2022.

21

                       _____
22                     Joy Reich, Notary Public
                       In and for the State of Florida
23                     Commission #GG-324746
                       Expires August 16, 2023

24

25

# Docket No. 105

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-CV-81331

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,
      Plaintiff and Counter-Defendant,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,
      Defendants and Counter-Plaintiffs.

-------------------------------------------------------------------------------

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
      Third Party Plaintiffs,

v.

ROBERT STEVENS,
      Third Party Defendant.

---

### STIPULATION REGARDING STATUTORY DAMAGES, ATTORNEY'S FEES, AND WILLFULNESS

      Plaintiff Affordable Aerial Photography Inc. and defendants John Abdelsayed and Trends Realty USA Corp hereby stipulate as follows:

      1.     Plaintiff hereby withdraws its asserted right to recover statutory damages in this lawsuit under 17 U.S.C. § 504(c) and attorney's fees under 17 U.S.C. § 505 in this action.

      2.     Plaintiff further agrees that, because it is only entitled to seek actual damages/disgorgement of profits under 17 U.S.C. § 504(b) (because the publication, if any, here was pre-registration), Plaintiff is not seeking to establish that any infringement at issue in this

lawsuit was done willfully (which would only be relevant to statutory damages under 17 U.S.C. §

504(c).

Dated: June 13, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone:  (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com

*Attorneys for Plaintiff*

By: /s/ Daniel DeSouza, Esq._____
      Daniel DeSouza, Esq.
      Florida Bar No.:  19291

KLEMA LAW, P.L.
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone:  (202) 713-5292
griffin@klemalaw.com

*Attorneys for Trends and Abdelsayed*

By__/s/ Griffin Klema_____
      Griffin Klema, Esq.
      Florida Bar No.:  100279

# Docket No. 107-6



DEPO CR AERIAL PHTGRPHY
**2022-04-01**
**20**

# Docket No. 128

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## WEST PALM BEACH DIVISION

### CASE NO. 21-81331-CIV-CANNON/Reinhart

**AFFORDABLE AERIAL PHOTOGRAPHY, INC.,**

      Plaintiff,

v.

**JOHN ABDELSAYED** and
**TRENDS REALTY USA CORP.,**

      Defendants.

_____/

### ORDER GRANTING REQUESTS TO REOPEN DISCOVERY
### AND RESETTING PRE-TRIAL AND TRIAL DEADLINES

**THIS CAUSE** comes before the Court upon Defendants' Motions to Strike the Affidavits of Robert Stevens and to Reopen Discovery (the "Motions") [ECF Nos. 120, 124], in which Defendants request, among other things, that the Court "reopen discovery to allow [D]efendants to question Robert Stevens at a deposition of at least five hours to address [Plaintiff's] new legal theory" and to "depose Cornelius McGinnis" [ECF No. 120 p. 13, ¶ e; ECF No. 124 p. 6, ¶ d]. The Court has reviewed the Motions [ECF Nos. 120, 124], Plaintiff's Responses in Opposition to the Motions [ECF Nos. 121, 126], Defendants' Reply [ECF Nos. 127], and the full record. Following review, the Court finds good cause to reopen discovery in light of (1) the parties' recent realization that the photograph used by Defendants is not an exact copy of Plaintiff's registered photograph, and (2) the hard drive of additional photographs found by Robert Stevens.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Motions to Strike the Affidavits of Robert Stevens and to Reopen Discovery [ECF Nos. 120, 124] are **GRANTED IN PART AND DENIED IN PART**.

CASE NO. 21-81331-CIV-CANNON/Reinhart

a. Defendants' requests to reopen discovery [ECF No. 120 p. 13, ¶ e; ECF No. 124 p. 6, ¶ d] are **GRANTED**. **Discovery is reopened for the limited purpose of deposing Robert Stevens and Cornelius McGinnis in accordance with the issues raised in the Motions to Strike [ECF Nos. 120, 124].**

b. Defendants may file a motion for attorneys' fees as contemplated [*see* ECF No. 120 p. 13, ¶ f; ECF No. 124 p. 6] for the Court's consideration on or before **September 2, 2022**.

c. Defendants' other requests are **DENIED**.

2. The Cross Motions for Summary Judgment [ECF Nos. 109, 110] are **DENIED WITHOUT PREJUDICE** to be refiled, if desired, following the close of discovery in accordance with the new deadlines set forth below.

3. Trial in this matter is hereby reset for the Court's two-week trial calendar beginning on **December 19, 2022, at 9:00 a.m.** Counsel for all parties shall appear at a calendar call on **Tuesday, December 13, 2022, at 1:45 p.m.** Motions to Bring Electronic Equipment into the Courtroom must be filed **one week** in advance of the relevant hearing and must describe with specificity the electronic equipment intended for use in the courtroom. No pretrial conference will be held unless a party requests one at a later date and the Court determines that one is necessary. Unless instructed otherwise by subsequent order, the trial and all other proceedings in this case shall be conducted at the Alto Lee Adams, Sr. United States Courthouse, 101 South U.S. Highway 1, Courtroom 4008, Fort Pierce, Florida 34950.[1]

---

[1] This Order supersedes the Order Setting Trial [ECF No. 22] with respect to the deadlines contained herein. All other instructions contained in the Order Setting Trial [ECF No. 22] remain in effect.

CASE NO. 21-81331-CIV-CANNON/Reinhart

4. The following pre-trial deadlines are reset in the manner set forth below:

a. **August 30, 2022**.  **All** discovery shall be completed.

b. **September 16, 2022**.  The parties shall file all pre-trial motions, including any revised motions for summary judgment, and *Daubert* motions.  **Each party is limited to filing one *Daubert* motion**.  If a party cannot address all evidentiary issues in a 20-page memorandum, it must petition the Court for leave to include additional pages.  The parties are reminded that *Daubert* motions must contain the Local Rule 7.1(a)(3) certification.  **The parties are directed to review the Court's procedure for the filing of summary judgment motions as set out in the Order Setting Trial [ECF No. 22]**.

c. **September 16, 2022**. The parties may consent to trial and final disposition by Magistrate Judge Reinhart, as discussed in the Order Setting Trial [ECF No. 22].

d. **November 21, 2022.**  The parties shall file the following materials:

(1) a joint pre-trial stipulation pursuant to Local Rule 16.1(e);

(2) a joint exhibit list and a joint trial plan in accordance with the Court's templates available at https://www.flsd.uscourts.gov/content/judge-aileen-m-cannon (under "Civil Procedures" tab);

(3) individually filed witness lists and deposition designations (and objections thereto and counter designations);

(4) joint proposed jury instructions and verdict form in accordance with the instructions set forth in the Order Setting Trial [ECF No. 22], or proposed findings of fact and conclusions of law, as applicable; and

(5) any motions *in limine* (other than *Daubert* motions).  **Each party is limited to filing one motion *in limine*, which may not, without leave of Court, exceed the page limits allowed by the Rules.  The parties are reminded that motions *in limine* must contain the Local Rule 7.1(a)(3) certification**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 25th day of July 2022.

**AILEEN M. CANNON
UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

3

# Docket No. 136-1

Indian River Court Reporting LLC - 772.564.6761

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  21-CV-81331

AFFORDABLE AERIAL                    )
PHOTOGRAPHY, INC.,                   )
a Florida corporation,               )
                                     )
    Plaintiff/Counter-Defendant,     )
                                     )
vs.                                  )
                                     )
JOHN ABDELSAYED, and                 )
TRENDS REALTY USA CORP,              )
a Florida corporation,               )
                                     )
    Defendants/Counter-Plaintiffs,   )
_____)
JOHN ABDELSAYED, and                 )
TRENDS REALTY USA CORP,              )
                                     )
    Third-Party Plaintiffs,          )
                                     )
vs.                                  )
                                     )
ROBERT STEVENS,                      )
                                     )
    Third-Party Defendant.           )
_____)

VIDEOTAPED DEPOSITION OF
ROBERT STEVENS
DATE:           August 16, 2022
TIME:           9:19 a.m.
PLACE:          Indian River Court Reporting
                and Videoconferencing
                2145 14th Avenue, Suite 20A
                Vero Beach, Florida

TAKEN BY:       Defendant/Counter-Plaintiff

REPORTER:       PATRICE C. HENSLEY, RPR, NOTARY PUBLIC
                State of Florida at Large

Indian River Court Reporting LLC - 772.564.6761
info@ircourtreporting.com

b5a08c6f-ad7e-42f1-a6ed-03197e9a17b6

Indian River Court Reporting LLC - 772.564.6761

Page 2

1    APPEARANCES:

2    FOR PLAINTIFF:    COPYCAT LEGAL, PLLC
                       3111 No. University Drive
3                      Suite 301
                       Coral Springs, FL  33065
4                      BY:   JAMES O'LOUGHY, ESQUIRE
                             DANIEL DESOUZA, ESQUIRE - VIA ZOOM
5                            LAUREN HAUSMAN, ESQUIRE - VIA ZOOM

6    FOR DEFENDANT:    KLEMA LAW, P.L.
                       420 W. Kennedy Boulevard
7                      Tampa, FL  33606
                       BY:  GRIFFIN C. KLEMA, ESQUIRE

8
     ALSO PRESENT:     JOHN ABDELSAYED
9                      GEORGE OTOVARO, VIDEOGRAPHER

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

b5a08c6f-ad7e-42f1-a6ed-03197e9a17b6

Indian River Court Reporting LLC - 772.564.6761

Page 3

1                         I N D E X

2    EXAMINATION                                   PAGE

3    Direct Examination by Mr. Klema:               5

4

5                      E X H I B I T S

6    (Reporter's Note:  Defendant's Exhibit Numbers 1 through 21
     were marked in prior depositions and are not attached to
7    this transcript.)

8    Defendant's No. 22 - January 13, 2016 Email     120

9    Defendant's No. 23 - September 7, 2021 Email    144

10   Defendant's No. 24 - Sceenshots of Websites     146

11   Defendant's No. 25 - Stock Image Depot Pricing  169

12   Defendant's No. 26 - Stock Image Depot License  172

13   Defendant's No. 27 - Composite Websites         184

14   (Reporter's Note:  Defendant's Exhibit Numbers 22 through
     27 were retained by Defense counsel and are not attached to
15   this transcript.)

16

17   Certificate of Oath                            201

18   Certificate of Reporter                        202

19   Errata Sheet                                   203

20   Read & Sign Letter                             204

21

22

23

24

25

b5a08c6f-ad7e-42f1-a6ed-03197e9a17b6

Indian River Court Reporting LLC - 772.564.6761

Page 151

1              By the way, we'll turn to -- unfortunately I

2      don't have these numbered, but this composite exhibit,

3      Defendant's Exhibit 24, we'll turn to the screen capture

4      from Golf.com.

5          A    Yes.

6          Q    It actually has, it leads with the photo

7      that's at issue in this case.

8          A    Yeah.

9          Q    Right at the top --

10         A    Well, it's a big story.  He was going through

11     a divorce.

12         Q    So it's just a quick specific question.

13     There's no CMI of Affordable Aerial Photography on that

14     photograph.

15         A    No, unfortunately when my wife cropped the

16     photo -- again, it was a rush job, she apparently put

17     some flowers over the left, straightened it, moved the

18     sky up a little bit, and rushed it to the client without

19     putting CMI on it and not putting it in the file to get

20     registered.

21         Q    Speaking of a registration, have you filed or

22     has AAP filed for a registration on -- I guess I'd like

23     to try and distinguish so we're clear about what images

24     we're talking about.  We'll talk about the one that has

25     the Bougainvilleas, the title crop.  Can we talk about

b5a08c6f-ad7e-42f1-a6ed-03197e9a17b6

Indian River Court Reporting LLC - 772.564.6761

Page 152

1   that as the MLS image?

2       A    Sure.

3       Q    And then to refer to the one that AAP got from

4   Creative Retouch Studios, can we call that the

5   registered image?

6       A    Right.

7       Q    Okay.  Just so that we're clear about which

8   one we're talking about, okay.

9            Did AAP file for a registration on the MLS

10  image?

11      A    Yes.

12      Q    When did that happen?

13      A    I believe it was 2018.

14      Q    The MLS image, not the original registered

15  image.

16      A    Oh, the MLS image.  I believe we filed --

17  obviously it was after the fact.  But we did file and

18  now it's registered.  I'd have to double check, but I'm

19  pretty sure we did just to say hey, yeah, we did

20  register them.

21      Q    Did you already get a registration from the

22  copyright office for that?

23      A    I don't know, I'd have to check.

24      Q    But your recollection is that you filed or AAP

25  filed for it.

b5a08c6f-ad7e-42f1-a6ed-03197e9a17b6

Indian River Court Reporting LLC - 772.564.6761

Page 157

1    somebody else do it, do the monitoring?

2        A    I don't know.  I don't know how to answer

3    that.  I do know that the amount of people that steal my

4    pictures versus what I find is like -- you saw right

5    there how many people.  This is just one job.

6        Q    I guess my question a little bit ago was more

7    about when you, when this happens, right, it's out

8    there, is it more likely that other people are going to

9    grab it from there; right?  Because there's no

10   attribution to AAP on there.

11       A    That's how I'm damaged.  That's precisely how

12   I'm damaged.  And especially if they, if they alter the

13   photo.  I call it orphaning my photo.

14            Now, granted, I admit that the version we sent

15   to Connie didn't have the CMI.  That is so out of

16   character because it was just -- our goal was to get it

17   to him, man, they're waiting.

18       Q    Because this photograph is out there, was it

19   more likely that other people are grabbing it, using it

20   in whatever other scenarios, is it more likely that that

21   photo will be infringed than another one that might not

22   be out there on websites like this?

23       A    No.  I mean, I wish I had a number of all the

24   people that have infringed my photos.

25       Q    I'm asking a very specific question.  I'm

b5a08c6f-ad7e-42f1-a6ed-03197e9a17b6

Indian River Court Reporting LLC - 772.564.6761

Page 198

1      Q    If the defendants were to offer AAP $10 to

2  license the MLS image, the one that was on their

3  website, would that have been acceptable to AAP?

4      A    It wouldn't have been for sale.

5      Q    Assuming that it was, would $10 have been

6  okay?  Would you have accepted $10?

7      A    No.

8      Q    Why not?

9      A    It wouldn't be for sale.

10     Q    Well, I want to distinguish between a license

11 and sale.  What do you mean by sale?

12     A    I wouldn't have licensed them to use the photo

13 in any way.

14     Q    Why not?

15     A    Because it's a private home and I have the

16 rights to determine what I do with the photo.

17     Q    So no price would you have accepted for their

18 use of this image.

19     A    It would probably jeopardize my relationship

20 with Connie.  I walk on eggshells when I'm in that

21 community.

22     Q    All right.  Let's go off the record here for

23 just a moment.

24          THE VIDEOGRAPHER:  Going off the video record.

25     The time is 3:21 p.m.

b5a08c6f-ad7e-42f1-a6ed-03197e9a17b6

Indian River Court Reporting LLC - 772.564.6761

Page 201

1   STATE OF FLORIDA      )
                          :SS
2   COUNTY OF INDIAN RIVER)

3

4                   CERTIFICATE OF OATH

5          I, PATRICE C. HENSLEY, Registered Professional

6   Reporter, in my capacity as a Notary Public of the State of

7   Florida at Large authorized to administer oaths, certify

8   that on this 16th day of August, 2022, ROBERT STEVENS

9   appeared before me and took an oath or affirmation for the

10  purpose of giving testimony in the matter of:

11                  AFFORDABLE AERIAL PHOTOGRAPHY

12                             VS.

13                  ABDELSAYED, ET AL.

14  PERSONALLY KNOWN:
    TYPE OF IDENTIFICATION PRODUCED:  Florida Driver's License
15

16

17  _____
    PATRICE C. HENSLEY
18  My Commission Expires 4-6-2025
    Commission No. HH 96582
19  THIS TRANSCRIPT IS DIGITALLY
    SIGNED.  SHOULD THERE BE ANY
20  CHANGE MADE, THE SIGNATURE WILL
    DISAPPEAR.
21

22

23

24

25

Indian River Court Reporting LLC - 772.564.6761
info@ircourtreporting.com

b5a08c6f-ad7e-42f1-a6ed-03197e9a17b6

Indian River Court Reporting LLC - 772.564.6761

Page 202

1   STATE OF FLORIDA      )
                          :  SS
2   COUNTY OF INDIAN RIVER)

3                     CERTIFICATE OF REPORTER

4          I, PATRICE C. HENSLEY, Registered Professional

5   Reporter, a Machine Shorthand Reporter and Notary Public of

6   the State of Florida at Large, certify that the foregoing

7   deposition of ROBERT STEVENS was stenographically reported

8   by me and is a true and accurate transcription of said

9   deposition of ROBERT STEVENS, and that a review of the

10  transcript was requested.

11         I certify further that I am neither attorney nor

12  counsel for, nor related to, nor employed by any of the

13  parties to the action in which the deposition is taken,

14  and, further, that I am not a relative or an employee of

15  any attorney or counsel employed in this case, nor am I

16  financially interested in the outcome of this action.

17
           DATED this 29th day of August, 2022.
18

19

20         _Patrice C Hensley_____
           PATRICE C. HENSLEY
21         THIS TRANSCRIPT IS DIGITALLY
           SIGNED.  SHOULD THERE BE ANY
22         CHANGE MADE, THE SIGNATURE WILL
           DISAPPEAR.
23

24

25

b5a08c6f-ad7e-42f1-a6ed-03197e9a17b6

# Docket No. 146-2

# Exhibit A-2

Exhibit A-2



Home   About Jill   2700 North Ocean   Harbour Oaks   Palm Beach Gardens   Oaks East   Siena Oaks   Sunterrace At The Oaks

# San Michele

View San Michele Properties

Copyright © 2015 weblbd.com. All rights reserved.

# Docket No. 150

Docket No. 150

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 21-81331-CIV-CANNON/Matthewman**

**AFFORDABLE AERIAL PHOTOGRAPHY, INC.,**

      Plaintiff,

v.

**JOHN ABDELSAYED** and
**TRENDS REALTY USA CORP.,**

      Defendants.

_____/

**<u>CASE MANAGEMENT ORDER</u>**

      **THIS CAUSE** comes before the Court on Defendants' Motion for Leave to File a Fourth

Amended Answer and Affirmative Defenses [ECF No. 139], Defendants' Motion to Dismiss

Plaintiff's First Amended Complaint [ECF No. 138], Plaintiff's Motion for Partial Summary

Judgment [ECF No. 144], and Defendants' Renewed Motion for Summary Judgment [ECF No.

147]. The Court has reviewed these Motions and the full record [ECF Nos. 140, 141, 144, 147–

149]. Upon review, and to promote an orderly resolution of this case, it is hereby

      **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion for Leave to File a Fourth Amended Answer and Affirmative
   Defenses [ECF No. 139] is **GRANTED**. The Court finds good cause for the proposed
   amendments.

      a. On or before **October 17, 2022**, Defendants shall file the proposed Fourth
   Amended Joint Answer and Affirmative Defenses [ECF No. 139-1] as a
   separate docket entry. **No additional amendments of pleadings will be
   permitted**.

CASE NO. 21-81331-CIV-CANNON/Matthewman

2. Defendants' Renewed Motion for Summary Judgment [ECF No. 147] is **DENIED WITHOUT PREJUDICE**.

3. Plaintiff's Motion for Partial Summary Judgment [ECF No. 144] is **DENIED WITHOUT PREJUDICE**.

4. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [ECF No. 138] is **DENIED WITHOUT PREJUDICE**.

   a. Any arguments in Defendants' Motion to Dismiss [ECF No. 138] may be incorporated in summary judgment briefing, the deadline to be set by future Court order.

5. On or before **October 21, 2022**, the parties shall confer and file a single updated joint scheduling report to reflect proposed deadlines going forward, noting any disagreement separately within the joint report.

6. All remaining deadlines in this action are **STAYED** pending further Court order, including the deadline to file pre-trial materials.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 14th day of October 2022.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

2

# Docket No. 151

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-CV-81331

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,

      Plaintiff and Counter-Defendant,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,

      Defendants and Counter-Plaintiffs.

---------------------------------------------------------

TRENDS REALTY USA CORP,

      Third Party Plaintiff,

v.

ROBERT STEVENS,
CORNELIUS MCGINNIS, and
OLD PALM REAL ESTATE, LLC,

      Third Party Defendants.

---

## DEFENDANTS' *FOURTH AMENDED* JOINT ANSWER AND AFFIRMATIVE DEFENSES

      Defendants John Abdelsayed and Trends Realty USA Corp, by and through their attorney, Griffin Klema, Esq., file this, their Fourth Amended Joint Answer and Affirmative Defenses to the plaintiff's Amended Complaint [ECF No. 40].

## ANSWER

Defendants admit the truth of the allegations contained in Paragraphs 1-4, 6-9, 18 (insofar as the registration exists, and deny the truth of any statements contained therein) of the Complaint, but expressly deny any wrongdoing or infringement that might be implied by the allegations.

Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraphs 10-14, 16, and 28 of the Complaint and therefore deny same.

With regard to the allegations contained in Paragraphs 20 and 21 of the Complaint, defendants admit Trends Realty is a real estate agency located in Palm Beach County, Florida and that Abdelsayed is the President, founder, sole shareholder, and controller of Trends Realty. Defendants further admit Abdelsayed is a real estate broker who registered the domain name in question. Defendants deny the remainder of the allegations in Paragraphs 20 and 21 of the Complaint.

With regard to the allegations contained in Paragraphs 22-27 of the Complaint, defendants admit the following: (a) that Trends Realty significantly cropped the photograph obtained from the Beaches Multiple Listing Service ("Beaches MLS") prior to uploading it to the website, but that no copyright information was removed by doing so; (b) the contact information provided on the website presently identifies Trends Realty; (c) defendants never contacted plaintiff to seek permission to use the copyrighted work because the defendants never had in their possession the subject work; and (d) defendants received a demand from plaintiff on or about July 14, 2021. Defendants deny the remaining allegations contained in those paragraphs.

Paragraphs 29, 41, and 54 of the Complaint are re-incorporation paragraphs, for which defendants re-adopt their responses.

Defendants deny the allegations contained in Paragraphs 5, 15, 17, 19, 30-40, 42-53, and 55-58 of the Complaint.

Defendants deny that plaintiff is entitled to any relief whatsoever in this action.

Defendants specifically deny all allegations, if any, and conclusions of law, if any, to which they did not specifically respond in this Answer to plaintiff's Complaint.

## **<u>DEFENSES</u>**

**Defense 1 – No Statutory Damages or Attorney's Fees.** Plaintiff cannot recover statutory damages or attorney's fees because any alleged infringement predated the effective date of plaintiff's copyright certificate. 17 U.S.C. § 412.

**Defense 2 – Statute of Limitations.** Plaintiff's claims are barred in whole or in part by the operation of the statute of limitations. 17 USC § 507(b). Furthermore, any damages cannot exceed three years prior to the date on which the lawsuit was brought. <u>Petrella v. Metro-Goldwyn-Mayer, Inc.</u>, 572 U.S. 663 (2014) (holding that a plaintiff may obtain "relief running only three years back from the date the complaint was filed").

**Defense 3 – Actual Damages are Limited to Objective Market Value.** Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces. <u>E.g.</u>, <u>Jarvis v. K2 Inc.</u>, 486 F.3d 526 (9th Cir. 2007); <u>On Davis v. The Gap, Inc.</u>, 246 F.3d 152 (2d Cir. 2001).

**Defense 4 – Plaintiff Lacks Standing.** Plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested in an unidentified person, possibly affiliated with Creative Retouch Studio, or Creative Retouch Studio is the owner. . The registered work, was a work for hire such that plaintiff does not have, and knew it did not have, any ownership interest

in the subject work. 17 U.S.C. § 201(b). Plaintiff has no written transfer of the copyright from the original author to it, signed by the author, as required by § 204. Further, because the plaintiff knew of the inaccuracy concerning its lack of ownership, and ownership is material to a certificate of registration, it cannot maintain the present action because it lacks standing and has failed to state a claim upon which relief may be granted. 17 U.S.C. §§ 411 and 501(b).

**Defense 5 – Invalidity – No Ownership.** Plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested in the original author of that work, a person who was not an employee of plaintiff. 17 U.S.C. § 201(b). As a work for hire without a written transfer, plaintiff did not have, and does not currently have, any ownership interest in the subject work. Consequently, plaintiff is not considered a claimant pursuant to the Copyright Act, and the copyright registration sued upon is invalid for a knowing and material error. AAP's use of attorneys to register its copyright makes its omissions actual knowledge, or at least willful blindness.

**Defense 6 – Invalidity – Insufficiently Creative.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection.

**Defense 7 – Fair Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which Plaintiff alleges a copyright interest was a fair use. 17 U.S.C. § 107.

**Defense 8 – Innocent, Good Faith Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff failed to affix any notice to the work. 17 U.S.C. § 401; 37 C.F.R. § 202.2(c). Defendants have not willfully infringed any intellectual property or other rights owned

by plaintiff and because defendants have acted in good faith and without any intention of injuring plaintiff.

**Defense 9 – De Minimis Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*.

**Defense 10 – License.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was a permissible use pursuant to license (whether contractually, impliedly, or equitably) granted by plaintiff, and/or Cornelius McGinnis, and/or Old Palm Real Estate, LLC, and/or Beaches MLS to defendants.

**Defense 11 – Waiver.** Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff waived its right to assert any copyright-based claim against defendants by publicly and voluntarily (whether directly or indirectly) submitting the alleged work to the Multiple Listing Service.

**Defense 12 – Copyright Misuse**. Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act. Lasercomb America, Inc. v. Reynolds, 911 F.2d 970 (4th Cir. 1990). Its improper conduct includes: refusing to license the work in an arm's length transaction while demanding $1,500 per year license fee solely for purposes of litigation, allowing the work to remain on display on popular websites without any effort to enforce while selectively enforcing against certain other accused persons and entities, using enforcement efforts to derive revenue extortionately greater than the fair market value of the work or the fair amount of damages actually suffered, securing default judgments predicated on false or misleading affidavits which are further used to improperly extort supra-competitive settlements, intentionally

obfuscating its copyright notice on its works, placing the copyright notice at the very edge so that the slightest cropping might remove it, and generally engaging in a pattern of improper pre-suit and litigation misconduct. AAP cannot claim the benefits of its copyright monopoly.

<div align="center">Defendant's Prayer for Relief</div>

WHEREFORE, Trends Realty USA Corp. prays for judgment as follows:

a) that the Court request the Register of Copyrights to advise the Court whether the inaccurate claimant information, if known, would have caused the Register of Copyrights to refuse registration for the subject work pursuant to 17 U.S.C. §411(b)(2);

b) that the Court invalidate the subject copyright registration;

c) that Plaintiff takes nothing by way of the Complaint and the Court dismiss the Complaint with prejudice;

d) that the Court enter judgment that defendants are the prevailing parties in this action;

e) that the Court award defendants their full costs, including reasonable attorney's fees, against Plaintiff pursuant to 17 U.S.C. §§ 505 and 1203(b)(5); and

f) that the Court award any and all other relief to which John Abdelsayed and Trends Realty USA Corp may be entitled.

Dated: October 17, 2022.

<div align="center">**JURY DEMAND**</div>

In accordance with Fed. R. Civ. P. 38(b), Trends Realty USA Corp hereby demands a trial by jury of all triable issues in this action.

    /s/ Griffin Klema
Griffin C. Klema, Esq.

Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendants and
    Counterclaimants

# Docket No. 155

Docket No. 155

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-81331-AMC

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

      Plaintiff,

v.

JOHN ABDELSAYED and
TRENDS REALTY USA CORP,

      Defendants/Third-Party Plaintiff,

v.

ROBERT STEVENS,
CORNELIUS MCGINNIS, and
OLD PALM REAL ESTATE, LLC,

      Third-Party Defendants.

 

**PLAINTIFF'S MOTION TO VOLUNTARILY DISMISS AND FOR
STAY PENDING RESOLUTION OF MOTION TO VOLUNTARILY DISMISS**

Plaintiff Affordable Aerial Photography ("Plaintiff") hereby requests that the Court enter an Order, pursuant to Fed. R. Civ. P. 41(a)(2), authorizing Plaintiff to file a Notice of Voluntary Dismissal without prejudice and without any requirement that Plaintiff 'reimburse' Defendants for their attorneys' fees.  Given the nature of the foregoing relief, Plaintiff likewise requests that the Court stay these proceedings pending the outcome of the request for voluntary dismissal.

**INTRODUCTION**

Abdelsayed is a real estate broker who unequivocally and unapologetically committed copyright infringement when he copied one of Plaintiff's professional photographs (one that another realtor had paid to license) and used the photograph on Trends' website to advertise Defendants' real estate services.  When confronted about this infringement, Defendants refused to

1

even remove the photograph from Trends' website (let alone offer any reasonable compensation to Plaintiff for their infringement). This lawsuit followed, and it was not until more than a month later (when counsel entered an appearance) that Defendants finally endeavored to remove the photograph (and several others that Defendants presumably likewise did not properly license/pay for).

Although a docket with 150+ entries suggests otherwise, this was never a particularly complex case. Rather than admit infringement and proceed to a trial on damages, however, Defendants have at every opportunity over-complicated, over-lawyered, and over-litigated this case to the point that Plaintiff is willing to accept the removal of the photograph as its sole relief and voluntarily dismiss prior to further onslaughts and novel legal arguments from Defendants and their supposed 'volunteer' counsel (who in actuality was retained pursuant to a contingency fee agreement). As the Court knows, Defendants have filed a multitude of counterclaims and third-party complaints that were either never pursued (as Defendants never bothered to serve their third-party complaints notwithstanding receiving additional time from the Court to do so) or were dismissed outright. They have used this case to interfere with Plaintiff's relationship with its actual paying customer (Cornelius McGinnis), endeavored to take an in-person deposition of Mr. Stevens' wife, engaged in 'gotcha' tactics, and filed a multitude of increasingly 'bizarre' motions all in an effort to drum up their own attorneys' fees and drown Plaintiff in a never-ending sea of motion practice.

In a fleeting effort to streamline this action, Plaintiff previously dropped its request for statutory damages/attorneys' fees and thus limited its recovery herein to actual damages/disgorgement of profits. Given that Plaintiff's actual damages may not exceed $5,000.00

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

(assuming a 3-year lookback period)[1] and that the combined attorneys' fees incurred to date likely exceed $200,000.00, it is simply not worth the continued effort to obtain a judgment against Defendants and attempt to collect on such judgment.  Plaintiff thus seeks authority from the Court, pursuant to Fed. R. Civ. P. 41(a)(2), to voluntarily dismiss this lawsuit without prejudice, but only with the condition that Plaintiff not be required to reimburse Defendants for their attorneys' fees.

## BACKGROUND/PROCEDURAL HISTORY

1.      On August 2, 2021, Plaintiff filed its original Complaint [D.E. 1] in this lawsuit. The Complaint generally alleges that Plaintiff created a photograph of the exterior of a residential property, Plaintiff registered such photograph with the Copyright Office, and that Defendants infringed on Plaintiff's rights when they copied that photograph and displayed it on Trends' website.

2.      On August 26, 2021, Defendants (acting *pro se*) purported to file an Answer and Third-Party Complaint (against Cornelius McGinnis) [D.E. 8], alleging that Mr. McGinnis knew or should have known that, by paying to license the subject photograph and publishing it in his MLS listing for the subject property, Defendants would have access to the photograph and be induced to copy it for their own use.

3.      That same day, Defendants also filed a motion for referral to the Court's Volunteer Attorney Program [D.E. 9], asserting that Defendants were unable to afford a lawyer.

4.      On September 7, 2021 (following the striking of Defendants' pro se Answer/Third-Party Complaint), Griffin C. Klema, Esq. filed a Notice of Appearance [D.E. 18] on behalf of Defendants, noting his appearance "pursuant to the volunteer attorney program for the Southern

---

[1]      The Ninth Circuit recently held that damages in copyright infringement are not limited to the 3-year period prior to the filing of a complaint, thus squarely rejecting a contrary holding from the Second Circuit.  See Starz Ent., LLC v. MGM Domestic TV Distribution, LLC, 39 F.4th 1236 (9th Cir. 2022).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

District of Florida."

5.      Although Mr. Klema appeared through the volunteer attorney program, it became clear during discovery that Defendants had signed a contingency fee agreement with Mr. Klema whereby Mr. Klema would be entitled to some percentage of any award provided to Defendants.

6.      Thereafter, on September 17, 2021, Trends filed its Answer, Affirmative Defenses, Counterclaims, and Third-Party Complaint [D.E. 19].  That pleading admitted Defendants copied and significantly cropped the photograph from Mr. McGinnis' MLS listing.  Trends' Counterclaim/Third-Party Complaint purported to assert claims (against Plaintiff, its principal Robert Stevens, and Mr. McGinnis) for: (a) declaratory judgment; (b) "claim for costs and attorney's fees;" (c) abuse of process; and (d) civil conspiracy.

7.      On October 18, 2021, Defendants filed a Joint Answer, Affirmative Defenses, Counterclaims, and Third-Party Complaint [D.E. 30].  That pleading similarly admitted Defendants copied and significantly cropped the photograph from Mr. McGinnis' MLS listing and likewise purported to assert the same counterclaims/third-party complaint.

8.      Following the filing of a motion to dismiss Defendants' Counterclaim/Third-Party Complaint, the parties discussed and agreed to somewhat streamline the case by allowing Plaintiff to amend its Complaint to withdraw the claim for removal of copyright management information and allowing Defendants to amend their Counterclaim/Third-Party Complaint.  Thus, on November 9, 2021, the parties filed a Joint Motion to Amend Scheduling Order and Motion for Leave to File Amended Pleadings [D.E. 37].

9.      On November 12, 2021 (following the granting of the Joint Motion), Plaintiff filed its First Amended Complaint [D.E. 40].  The First Amended Complaint dropped the claim for removal of copyright management information and further clarified (based on deposition

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

testimony) that Abdelsayed had published the subject photograph (pre-registration) on a website designed for another realtor (Jill Wilcox-Fesl) and, following a breakdown in that relationship, re-designed the website (post-registration) to remove Ms. Wilcox-Fesl and add Abdelsayed's name/information (including on a menu bar superimposed over the subject photograph).

10.     On November 23, 2021, Defendants filed their Answer, Affirmative Defenses, Counterclaims, and Third-Party Complaint [D.E. 41].     Defendants again admitted copying/significantly cropping the photograph from Mr. McGinnis' MLS listing but now asserted only a single claim for malicious prosecution against Plaintiff and Mr. Stevens (dropping Mr. McGinnis and Old Palm Real Estate, LLC altogether).

11.     Notably, Defendants never bothered to cause a summons to issue to Mr. McGinnis or Old Palm Real Estate, LLC with respect to any of their prior Counterclaims/Third-Party Complaints and certainly never made any effort to actually serve those pleadings on either party.

12.     On November 24, 2021, Plaintiff filed a motion for judgment on the pleadings [D.E. 43] with respect to Defendants' claim for malicious prosecution.  Two days later, Plaintiff filed a motion to strike certain of Defendants' affirmative defenses [D.E. 44].

13.     On February 18, 2022, Defendants filed a Motion for Partial Judgment on the Amended Complaint [D.E. 48], arguing that Plaintiff is not entitled to statutory damages or attorneys' fees due to Defendants' pre-registration infringement (on behalf of Ms. Wilcox-Fesl).

14.     On February 28, 2022, Defendants filed a Motion for Extension of Time to Serve Third Party Defendant Robert Stevens and for Issuancece [sic] of Summons [D.E. 59].  At the time, Defendants had yet to cause a summons to issue to Mr. Stevens, let alone make any attempt at serving the Third-Party Complaint on him.

15.     On March 2, 2022, the Court granted Defendants' request for an extension of time

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

to serve Mr. Stevens [D.E. 63].  A summons was issued the same day.  Again, Defendants made zero effort to serve Mr. Stevens thereafter, and to this day, have not served Mr. Stevens.

16.     On March 2, 2022, Plaintiff filed its memorandum in opposition to Defendants' motion for partial judgment regarding statutory damages/attorneys' fees [D.E. 66].  Plaintiff argued that Defendants improperly sought judgment on the pleadings as to remedies (rather than claims) and that an issue of fact remained as to whether Plaintiff could seek statutory damages/attorneys' fees as a result of Defendants' continued publication of the subject photograph after this lawsuit was filed.  Plaintiff cited an identical case (Pickersgill v. Neely, No. 3:21-cv-00773-X, 2021 U.S. Dist. Lexis 214306 (N.D. Tex. Nov. 5, 2021)) that denied a defendant's motion for judgment on the pleadings by raising an "implied license" affirmative defense (as Defendants did here) and then continuing to publish the photograph at issue after receipt of a cease and desist/demand letter notifying Defendants of infringement (as Defendants did here).[2]

17.     On April 1, 2022, Defendants took the deposition of Plaintiff's Rule 30(b)(6) representative.  During the deposition, Defendants ***ambushed*** Plaintiff with a series of questions suggesting that the photograph identified in the First Amended Complaint was different than the photograph that Defendants actually copied from the MLS listing.

18.     As indicated in Defendants' April 6, 2022 Expedited Motion to Amend Their Admissions and Answer to the Amended Complaint by Interlineation [D.E. 86], Defendants from the beginning of this case had admitted (in their Answer, responses to requests for admissions, and responses to interrogatories) that they had copied and significantly cropped the photograph identified in the Complaint.

---

[2]     The docket in Pickersgill reflects that a settlement conference occurred on April 28, 2022 and the case settled as a result thereof. The issue of whether the plaintiff therein would ultimately be entitled to statutory damages/attorneys' fees was therefore not dispositively reached.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

19.     Defendants never indicated any belief that the photograph was somehow different until they spent hours in Plaintiff's deposition asking detailed and clearly prepared-in-advance questions concerning indistinguishable (with the naked eye) differences between the photographs.

20.     On April 15, 2022, the Court entered an Order [D.E. 93] granting Plaintiff's motion for judgment on the pleadings (regarding Defendants' Counterclaim/Third-Party Complaint) and denying Defendant's motion for judgment on the pleadings (regarding statutory damages/attorneys' fees).

21.     On May 11, 2022, the Court entered an Order granting Defendants' motion to amend their admissions and Answer [D.E. 95].

22.     On May 13, 2022, Defendants filed their Third Amended Answer and Affirmative Defenses [D.E. 96], which now raised the issue of the photograph identified in the First Amended Complaint being a different photograph than the one registered with the Copyright Office.

23.     On June 13, 2022 (in advance of the parties filing their first set of summary judgment motions), the parties filed a Stipulation Regarding Statutory Damages, Attorney's Fees, and Willfulness [D.E. 105].  Although Plaintiff believed it could still seek statutory damages (especially given the aforementioned holding in Pickersgill), Plaintiff desired to streamline the process and focus on the actual infringement rather than issues of entitlement to statutory damages.

24.     Thereafter, Plaintiff filed its motion for partial summary judgment (liability only) [D.E. 109] and Defendants filed their own motion for summary judgment [D.E. 110].

25.     On July 25, 2022 (following significant briefing on the motions for summary judgment), the Court granted Defendants' request to re-open discovery with respect to the identity of the photograph that was infringed and denied the parties' respective motions for summary judgment.  See D.E. 128.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

26.     Thereafter, Defendants took the depositions of Robert Stevens, his wife (Alicja Stevens), and Cornelius McGinnis (the costs for which Plaintiff has already reimbursed Defendants for).

27.     Following the depositions, Defendants filed a motion to dismiss for lack of subject matter jurisdiction [D.E. 138], arguing that because Plaintiff sent the subject photograph to an offshore company for minor edits, Plaintiff automatically lost any ownership rights in the photograph.

28.     Defendants likewise filed a motion for leave to file a *Fourth Amended* Answer and Affirmative Defenses [D.E. 139] to assert a previously-abandoned defense of lack of copyright ownership and a 'copyright misuse' defense.

29.     On October 7, 2022, the parties again filed renewed motions for summary judgment.  See D.E. 144; 147.

30.     On October 14, 2022, the Court entered a Case Management Order [D.E. 150] granting Defendant's motion to file a Fourth Amended Answer and Affirmative Defenses and denying the parties' respective motions for summary judgment.

31.     On October 17, 2021, Defendants filed their Fourth Amended Answer [D.E. 151].

32.     The parties subsequently submitted a Joint Scheduling Report [D.E. 152] and the Court then issued a new Scheduling Order re-setting trial for May 8, 2023 [D.E. 153].

## **ARGUMENT**

## I.     **Legal Standard**

Pursuant to Fed. R. Civ. P. 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  The Eleventh Circuit has stated "dismissal should be allowed unless the defendant will suffer some plain prejudice other than the

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

mere prospect of a second lawsuit." Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502, 1502-03 (11th Cir. 1991).   The decision is ultimately "within the sound discretion of the district court." Id. at 1503.   While the Eleventh Circuit never approved any list of factors, it told courts to "weigh the relevant equities and do justice between the parties in each case, imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." Pontenberg v. Bos. Sci. Corp., 252 F.3d 1253, 1256 (11th Cir. 2001).   Among the factors that courts in this Circuit consider are: "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Pezold Air Charters v. Phx. Corp., 192 F.R.D. 721, 728 (M.D. Fla. 2000)

## II.     The Court Should Allow Plaintiff to Voluntarily Dismiss Without Prejudice

Here, dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) is proper.   At the time this lawsuit was filed, Plaintiff reasonably believed that Defendants' infringement did not commence until after Plaintiff's registration of its photograph with the Copyright Office (June 21, 2018).   Utilizing the Internet Archive Wayback Machine (a tool for viewing historical captures of websites), the subject website had no mention of Defendants as of August 19, 2018 (https://web.archive.org/web/20180819145421/https://homesofthepalmbeaches.com/)   (post-registration).   The website was (and still is) registered with a privacy setting that does not reveal its owner (see https://lookup.icann.org/en/lookup) and shows only "Registration Private" as the identity of the owner.   The first indication of Defendants having any affiliation with the website is the   August   11,   2020   Wayback   Machine   capture (https://web.archive.org/web/20200811193909/https://homesofthepalmbeaches.com/)   which shows Defendants' information as having replaced Ms. Wilcox-Fesl.   It was not until Plaintiff took

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

the deposition of Ms. Wilcox-Fesl that it was revealed Abdelsayed had purchased the domain

(which previously belonged to Ms. Wilcox-Fesl) and then offered his services as a web

designer/social media marketer to re-design the website and publish the photograph on her behalf.

Even with that realization, however, it still appeared that Plaintiff could be entitled to

statutory damages/attorneys' fees (as set forth in <u>Pickersgill</u>) given that Defendants asserted an

'implied license' affirmative defense and continued to publish the photograph for at least 1 month

after this lawsuit was filed.  It thus made sense for Plaintiff to continue litigating this matter despite

the onslaught of motion/discovery practice by Defendants.

As set forth in Defendants' Expedited Motion to Amend Their Admissions and Answer to

the Amended Complaint [D.E. 86], both Plaintiff and Defendants believed for the bulk of this case

that the photograph identified in the First Amended Complaint was the photograph that Defendants

copied, cropped, and displayed on their website.[3]  Although it is unclear how far in advance of

Plaintiff's Rule 30(b)(6) deposition that Defendants learned of any discrepancies, they certainly

had changed their mind by the time of the deposition and ambushed Plaintiff with hours of

questions designed to get Plaintiff's representative to admit that the photograph in the First

Amended Complaint was a different photograph than the one infringed by Defendants.  Following

that deposition, Plaintiff engaged in a further investigation of the subject photographs and

determined that the infringed photograph was actually a derivative work that was created from the

registered image – it had been cropped and re-touched to better meet the needs of Plaintiff's

customer.  Plaintiff briefly considered seeking a Rule 41(a)(2) dismissal at the time, but further

research (discussed in Plaintiff's opposition to Defendants' original motion for summary

---

[3]      <u>See</u> D.E. 86, at p. 4.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

judgment) revealed that such derivative work was still subject to the protections of the registered underlying image from which it was created.  Plaintiff thus decided to continue with the litigation.

Now Defendants have raised yet another issue – that by sending the photograph to an overseas photo editing studio for performing the aforementioned edits, Plaintiff has somehow lost any ownership rights in the subject photograph.  Thus, Defendants contend not only that the infringed photograph is not registered (and thus Plaintiff may not maintain a copyright infringement action) but also that any such registration would be owned by the offshore studio (which has itself disclaimed any ownership in the photograph through its sworn declaration).  Although Plaintiff disputes each of these contentions (as indicated in Plaintiff's summary judgment briefing), there is at least an impropbable modicum of risk that Defendants could prevail on one of their arguments after further substantial briefing on the issues.  Weighed against Plaintiff's decision to forego seeking statutory damages/attorneys' fees (in a hopeless effort to streamline this case that obviously did not accomplish the goal), Plaintiff simply does not desire to continue being subjected to a never-ending slew of motion practice and discovery when its maximum recovery in this lawsuit is far less than the costs Plaintiff has already paid and the hours that have been spent litigating this matter to date.

Defendants have certainly put in a monumental effort in litigating this matter – even if the bulk of that effort was the pursuit of go-nowhere counterclaims and third-party complaints.  That said, their "expense" of preparation for trial has been, if anything, minimal.  As discussed above, Mr. Klema ostensibly purports to represent Defendants through the Volunteer Attorney Program notwithstanding his actual representation through a contingency fee agreement.  To date, Defendants have not paid $0.01 in legal fees to Mr. Klema.  The only taxable expenses they have incurred are deposition costs associated with Plaintiff's Rule 30(b)(6) deposition, Robert Stevens,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Cornelius McGinnis, and Alicja Stevens – and Defendants have been fully reimbursed already for all but Plaintiff's deposition costs (which, as discussed below, Plaintiff is willing to reimburse Defendants for).

There has not been any excessive delay or lack of diligence here.  If anything, the docket shows this case was actively litigated (with Plaintiff often filing oppositions to Defendants' motions well in advance of the deadlines), with Plaintiff attempting to take action to streamline the case/avoid further motion practice where practicable. Finally, while Defendants have previously filed motions for summary judgment, both of those motions have been denied without prejudice and with the Court re-opening discovery for another 2 months (with respect to Defendants' new affirmative defenses).

There is thus no significant prejudice to be faced by Defendants in allowing Plaintiff to voluntarily dismiss the lawsuit.  This case does not involve some matter of great public concern and Defendants' right to bring some competing product/service to market is not at issue. Defendants copied/displayed a photograph they had no right to use, got caught with their hand in the proverbial cookie jar, and have shown zero remorse for their tortious conduct.  They stand to gain nothing by the continuation of this lawsuit other than satisfaction of the whims of their counsel to obtain legal rulings on obscure concepts/arguments that seem to spring up in Defendants' successive motions to dismiss/for summary judgment/etc.

Dismissal will likewise allow Plaintiff, if it chooses to re-file this lawsuit at a later date, to directly register the infringed photograph with the Copyright Office and thus avoid the mountain of motion practice that Defendants have brought in this case.  Rather than argue over whether a derivative work is entitled to the protections of the underlying registered image, Plaintiff can instead obtain a registration for the infringed image itself and re-file the lawsuit if it chooses to do

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

so (subject to the conditions proposed below). This would avoid further delays with appeals of this matter on disputed areas of law (such as Defendants' ownership and lack of registration arguments).

## III.  Conditions of Dismissal

Notwithstanding Defendants' colorful arguments for avoiding liability, the point remains that Defendants (who, as real estate agents/brokers, should know better) committed copyright infringement when they copied a photograph (that another realtor paid to license) from a MLS listing and used that photograph to market their own services. They then refused to remove the photograph from their website and, to add insult to injury, threatened to and actually sued Plaintiff's paying customer (Mr. McGinnis) for having the audacity to include a photograph he paid for in his MLS listing. Between stealing a photograph from a MLS listing and seeking to sabotage Plaintiff's relationship with its paying customers, Defendants' hands are far from clean.

It is within the Court's discretion to fashion appropriate conditions attached to a Plaintiff being allowed to voluntarily dismiss under Rule 41(a)(2). Here, ***Plaintiff conditions its request*** for voluntary dismissal on the Court not requiring Plaintiff to reimburse Defendants for their attorneys' fees (which Defendants have otherwise demanded). There is simply no reason to award fees to Defendants (all of which would necessarily go to Mr. Klema as he cannot, as a matter of law, share fees with a non-lawyer pursuant to his contingency fee agreement) when they have never paid any fees to Mr. Klema to litigate this matter and Mr. Klema ostensibly took this case on as a 'volunteer' attorney.

While Plaintiff has no desire to voluntarily dismiss if it were to be required to pay Defendants' fees, Plaintiff does believe certain conditions to dismissal are appropriate. First, Plaintiff agrees to reimburse Defendants for the remainder of their taxable deposition costs (i.e.,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

court reporter/transcript fees relating to Plaintiff's Rule 30(b)(6) deposition).  This will fully reimburse Defendants for their out-of-pocket taxable costs as Defendants were already reimbursed for the depositions of Mr. Stevens, Mrs. Stevens, and Mr. McGinnis.  Second, Plaintiff agrees that payment of Defendants' attorneys' fees can be a condition attached to the re-filing of this lawsuit if Plaintiff chooses to do so.  See, e.g., Pontenberg, 252 F.3d at 1260 ("Here, the district court attached the condition that, should Pontenberg re-file her action, the court should award costs to Boston Scientific pursuant to Rule 41(d). Therefore, any financial prejudice suffered by Boston Scientific has been adequately addressed."); Brown v. ITPE Health & Welfare Fund, No. 2:05cv1002-ID (WO), 2006 U.S. Dist. LEXIS 71833, at *7 (M.D. Ala. Sep. 21, 2006) ("The court finds that, based upon the factors discussed in the preceding paragraph, it is proper and just to condition the dismissal without prejudice upon the payment of taxable costs in defending this action should Plaintiff later re-file this lawsuit.").   As set forth in Brown, "the foregoing conditions offer protection to Defendant from unfairness and, at the same time, do not prejudice Plaintiff in her right to renew her litigation."  Brown, No. 2:05cv1002-ID (WO), 2006 U.S. Dist. LEXIS 71833, at *8.  Notably, Plaintiff's proposed conditions (whereby Plaintiff will reimburse Defendants for Plaintiff's Rule 30(b)(6) deposition irrespective of whether Plaintiff re-files this lawsuit) are more favorable to Defendants than the conditions imposed in Potenberg or Brown (whereby payment of costs was only required if the plaintiff re-filed the lawsuit).

Plaintiff cannot agree to voluntary dismissal if such is conditioned on outright reimbursement of Defendants' attorneys' fees.  Given Defendants' seeming willfulness, disregard for Plaintiff's intellectual property rights, and efforts to compound these proceedings with failed counterclaims, abandoned third-party complaints, and inexplicable motions to dismiss on alleged lack of ownership, Defendants are not entitled to any windfall here even if they were paying their

attorney to litigate this case (they are not).  Because conditions of voluntary dismissal are intended to protect Defendants (not their counsel), there is no basis for conditioning dismissal on reimbursement of fees that Defendants never paid, never had any obligation to pay, and for which Defendants cannot receive any portion thereof without Mr. Klema triggering a violation of the Florida Rules of Professional Conduct by sharing fees with a non-lawyer.  Mr. Klema agreed to represent Defendants in this action pursuant to the Volunteer Attorney Program and recognized at the time that he was doing so without the right to seek fees from Defendants.  He should not be allowed to prevent Plaintiff from dismissing its claims now on a condition that serves no benefit to Defendants themselves.  If need be, Plaintiff will continue to litigate this case and obtain a judgment against Defendants for their infringement.  However, in the interest of judicial efficiency and fairness to each of the parties, Plaintiff proposes that it be allowed to voluntarily dismiss on the conditions identified above.

## CONCLUSION

For the foregoing reasons, the Plaintiff respectfully request that the Court enter an Order: (a) granting this Motion; (b) allowing Plaintiff to file a Notice of Voluntary Dismissal without prejudice within three days of such Order; (c) conditioning Plaintiff's voluntary dismissal on Plaintiff's payment of the court reporter/transcript costs associated with Plaintiff's Rule 30(b)(6) deposition and, if Plaintiff re-files this lawsuit, on Plaintiff's payment of Defendants' attorneys' fees incurred in this lawsuit; (d) staying these proceedings pending resolution of this Motion; and (e) for such further relief as the Court deems proper.

## LOCAL RULE 7.1(a)(3) CERTIFICATE

Before filing this Motion, undersigned counsel conferred with counsel for Defendants (Mr. Klema).  Defendants indicated that they would agree to Plaintiff's voluntary dismissal, but only if

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Plaintiff agreed to reimburse Defendants for Mr. Klema's attorneys' fees incurred throughout this lawsuit.

Dated: October 28, 2022.                                    COPYCAT LEGAL PLLC
                                                            3111 N. University Drive
                                                            Suite 301
                                                            Coral Springs, FL 33065
                                                            Telephone: (877) 437-6228
                                                            dan@copycatlegal.com
                                                            james@copycatlegal.com
                                                            lauren@copycatlegal.com

                                                            By: /s/ Daniel DeSouza_____
                                                                Daniel DeSouza, Esq.
                                                                Florida Bar No.:  19291
                                                                James D'Loughy, Esq.
                                                                Florida Bar No.: 0052700
                                                                Lauren Hausman, Esq.
                                                                Florida Bar No.: 1035947

**CERTIFICATE OF SERVICE**

I hereby certify that October 28, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

                    /s/ Daniel DeSouza___
                    Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

# Docket No. 158

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-CV-81331

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,
      Plaintiff and Counter-Defendant,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,
      Defendants and Counter-Plaintiffs.

-----------------------------------------------------------

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
      Third Party Plaintiffs,

v.

ROBERT STEVENS,
Third Party Defendant.

---

### DEFENDANTS' RESPONSE TO PLAINTIFF'S
### MOTION FOR VOLUNTARY DISMISSAL [ECF 155]

Defendants, John Abdelsayed and Trends Realty USA Corp, by and through their attorney,

Griffin Klema, Esq., and pursuant to Local Rule 7.1, respond to plaintiff Affordable Aerial

Photography's motion for voluntary dismissal under Rule 41(a)(2), [ECF 155].

## TABLE OF CONTENTS

Page

TABLE OF CONTENTS ........................................................................................... ii

TABLE OF CITATIONS ......................................................................................... iii

I.      INTRODUCTION........................................................................................ 1

II.     FACTS AND PROCEDURAL HISTORY ................................................. 1

    A.     AAP's bad faith assertion of statutory remedies and bad faith settlement ............ 2

    B.     The case has been pending for over a year, with considerable discovery, extensive motion practice, and two mediations ........................................................ 3

    C.     AAP alleged a CMI removal claim in bad faith and continued to assert the defendants violated AAP's rights and still prays for fees on that claim ................ 4

    D.     AAP's bad faith discovery responses ...................................................... 5

III.    RULE 41(A)(2) STANDARDS ................................................................... 5

IV.     ARGUMENT ................................................................................................ 7

    A.     The Court should deny AAP's motion because multiple factors favor denial and instead the Court should grant judgment for the defendants............................. 8

    B.     Dismissal of AAP's infringement claims must be with prejudice due to the running of the statute of limitations and AAP's lack of copyright ...................... 14

    C.     If the Court grants the motion, it should condition dismissal upon payment of the defendants' attorney fees, costs, and expenses ............................................ 15

    D.     The Court lacks subject-matter jurisdiction to decide AAP's Rule 41(a)(2) motion for voluntary dismissal ............................................................... 16

V.      CONCLUSION .......................................................................................... 17

REQUEST FOR HEARING ................................................................................... 17

# TABLE OF CITATIONS

<div align="right">Page</div>

## Cases

Arias v. Cameron, 776 F.3d 1262 (11th Cir. 2015) ........................................................ 13

Emergency Recovery, Inc. v. Hufnagle, No. 20-11743, 2021 WL 2748103 (11th Cir. 2021)
........................................................................................................................................ 6

Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502 (11th Cir. 1991) ............................... 5

Fogerty v. Fantasy, Inc., 510 U.S. 517 (1994) ............................................................... 11

Gulf Coast Fans v. Midwest Elec. Importers, 740 F.2d 1499 (11th Cir. 1984).............. 12

In re Ford Motor Co., 471 F.3d 1233 (11th Cir. 2006).................................................... 8

Kernel Records Oy v. Mosley, No. 09-cv-21597, 2013 U.S. Dist. LEXIS 99094 (S.D. Fla.
July 16, 2013) ............................................................................................................ 14

Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197 (2016)................................... passim

LeCompte v. Mr. Chip, Inc., 528 F.2d 601 (5th Cir. 1976)............................................ 16

McBride v. Piedmont Engineers of the Carolinas, P.C., 189 F.App'x 876 (11th Cir. 2006) ......... 8

McCall-Bey v. Franzen, 777 F.2d 1178 (7th Cir. 1985)................................................. 16

McCants v. Ford Motor Co., Inc., 781 F.2d 855 (11th Cir. 1986)................................. 16

McGregor v. Board of Com'rs of Palm Beach Cnty., 956 F.2d 1017 (11th Cir. 1992) ................ 6

Mitchell v. Monroe Cnty., no. 13-cv-10095 (S.D. Fla. Apr. 14, 2014) .......................... 8

Mosley v. JLG Industries, Inc., 189 F.App'x 874 (11th Cir. 2006) ........................... 8, 9

Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298 (11th Cir. 2004) .......... 6

Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663 (2014)..................................... 14

Pezold Air Charters v. Phoenix Corp., 192 F.R.D. 721 (M.D. Fla. 2000).................... 6

Pickersgill v. Neely, No. 3:21-cv-00773, 2021 U.S. Dist. Lexis 214306 (N.D. Tex. Nov. 5,
2021).................................................................................................................... 3, 7

Potenberg v. Boston Sci. Corp., 252 F.3d 1253 (11th Cir. 2001)................... 6, 10, 13

Schwarz v. Folloder, 767 F.2d 125 (5th Cir. 1985) ....................................................... 9

Seven Elves, Inc. v. Eskenazi, 635 F.2d 396 (5th Cir. 1981) ....................................... 12

Stephens v. Ga. Dep't of Transp., 134 F.App'x 320 (11th Cir. 2005)........................... 8

Wilkins v. Blackman, no. 20-cv-114203 (S.D. Fla. Sept. 1, 2022) ............................... 8

Yoffe v. Keller Industries, Inc., 582 F.2d 982 (5th Cir. 1978) ........................... 6, 11, 16

## Statutes

17 U.S.C. § 1203(c)(3)(B) ............................................................................ 5

17 U.S.C. § 411 ........................................................................................... 14

17 U.S.C. § 412 ............................................................................................. 2

17 U.S.C. § 505 ...................................................................................... 7, 10

17 U.S.C. § 507(b) ...................................................................................... 14

## Rules

Fed. R. Civ. P. 41(a)(2) ........................................................................... 5, 16

## I.     **INTRODUCTION**

Plaintiff Affordable Aerial Photography Inc.'s ("AAP") motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) should be denied outright, and summary judgment entered for the defendants.[1] Doing so would not be an abuse of discretion given the extensive, contentious, and bad faith litigation that AAP forced the defendants to endure, as well as the special circumstances of this case which implicate public concerns and goals of the Copyright Act itself—all of which are beyond those concerns of the defendants alone. Under Kirtsaeng, the Copyright Act "encourage[s defendants] to litigate meritorious copyright defenses to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." For AAP to argue it is the victim of valid defensive efforts belies the truth of its own aggressive litigation and excessive settlement demands. And more fundamentally it belies the truth of its real reasons for seeking dismissal: to avoid a far-reaching adverse judgment.

If not denied, any dismissal must be with prejudice due to the running of the statute of limitations and AAP's lack of copyright to the registered work. Any new case would not be the same as this case, assuming it could re-file (which it cannot).

And if the Court is inclined to grant a dismissal without prejudice, it should be conditioned on the payment of the defendants' full attorney's fees, expenses, and costs.

## II.     **FACTS AND PROCEDURAL HISTORY**

AAP misleadingly recites the record in an effort to suggest that the defendants have been the aggressors. Not so. Instead they have diligently opposed AAP's claims, sought to uncover the

---

[1] The defendants note that a statement in the joint scheduling report (that they "do not in principle oppose AAP's dismissal" [ECF 152]), was as to the general notion of ending this case. To the extent it might be misunderstood, the defendants withdraw the statement.

truth, and then sought to end the case by way of dispositive motions. AAP makes so many misrepresentations of and omissions from the record in its motion that addressing them fully would consume several pages.[2] Upon a neutral review of the record, it is clear that AAP has litigated this case in bad faith, and *it* set the aggressive tone at the outset: pursuing and maintaining a frivolous copyright management information ("CMI") removal claim and serving multiple Rule 11 motions in bully-like fashion.

AAP's present assertions that its case isn't "worth the continued effort" is correct. But it never was; it didn't suddenly or even gradually become a diminishing returns case. The defendants made clear it was an actual damages only case on day-one of the undersigned's appearance. Exhibit A. ("proving [actual] damages is a considerable investment by a plaintiff without any guarantee of success even if infringement in [sic] proved"). AAP chose to litigate extensively until now, upon the eve of renewing a vitally important dispositive motion encompassing multiple reasons why it loses on the merits.

### A. AAP's bad faith assertion of statutory remedies and bad faith settlement

From the outset of this case, the defendants noted the lack of statutory remedies and provided evidence of that fact. Exhibit A. AAP ignored those warnings and aggressively asserted that "there's not going to be a settlement at any amount." Exhibit B. Five months on, AAP

---

[2] One issue, however, the defendants feel compelled to respond to: The defendants were cautious in their approach to a sensitive and possibly irreversible spoliation of evidence issue as concerned the MLS Image. Indeed, even the slightest mishap could destroy defensive issues, including the true identity of the work and altering metadata. AAP actually *benefits* when an accused infringer panics, and deletes or modifies an accused infringing image because it creates a possible spoliation claim (with attendant presumptions against the defendant) and it also destroys possible defenses under 17 U.S.C. § 412—often *the* most important issue in the value of an infringement action due to the loss of statutory remedies. The defendant's careful approach to disabling access to the subject image is not evidence of their bad faith but rather their cautious approach which preserved evidence of a key defensive issue.

continued to demand excessive and improper settlement of $35,000, and continued to argue that its fees would keep increasing—all as a basis for the defendants to accede to its financial demands. Exhibit C.

AAP's argument that it "made sense for [it] to continue litigating" the case up until now is wholly untenable, premised on <u>Pickersgill v. Neely</u>, a lone out of circuit unreported case procedurally distinct and directly contrary to well-established law and all other known cases. It certainly didn't "make sense" to continue litigating after it stipulated that it wasn't entitled to statutory remedies on June 13, 2022. <u>See</u> Stipulation [ECF 105]. Yet it continued to push its case into summary judgment motion practice. Shortly after its corporate representative deposition, it briefly expressed a desire to voluntarily dismiss its claims, but quickly and unequivocally withdrew it. Exhibit D ("please be advised that Affordable Aerial Photography, Inc. ("AAP") will ***not*** be filing a Rule 41 motion. Further, to the extent unclear, any settlement offer/demand previously made by AAP is hereby revoked") (emphasis in original). It should never have aggressively pursued its actual damages only case, and should have either settled for the fair amount the defendants offered early in the case, or dismissed the case if (as it now claims), its case is not worth the candle. AAP had the power to terminate this case, but it chose not to. And in so doing, it forced the defendants to keep opposing its claims.

**B. The case has been pending for over a year, with considerable discovery, extensive motion practice, and two mediations**

AAP initiated this lawsuit more than 15 months ago on August 1, 2021, and pursued infringement and CMI removal claims, serving 50 document requests, 22 interrogatories, and 82 requests for admission. AAP subpoenaed records from three non-parties and took two depositions. To defend against AAP's infringement claims, Abdelsayed and Trends Realty served 53 document requests, 19 interrogatories, and 59 requests for admission, subpoenaed one non-party, and took

four depositions—three of which were necessitated following AAP's failure to adequately respond to the defendants' discovery requests, failure to testify through its corporate representative, and its filing of Mr. Stevens' three false declarations.

All told, twenty eight motions or joint memoranda have been filed in this case: AAP filed ten, five were joint, and the defendants filed thirteen. At least two motions were served but not filed. Of those 30 motions, seven were dispositive, including four summary judgment, two judgment on the pleadings, and one to dismiss. Other motions also included significant substantive issues, including two Rule 11 motions filed by AAP (the third it served was not filed). Most motions included oppositions and replies, and two resulted in objections to Magistrate Judge Reinhart's reports and recommendations.

There were also two court-ordered mediations, resulting in further expenses.

When the record is consulted, it should come as no surprise that the defendants have been forced to expend considerable time and effort. AAP notes that fees "likely exceed $200,000." [ECF 155] at *3. It is not wrong. The defendants alone have spent in excess of 750 hours to rightfully oppose AAP's claims with valid defenses and counterclaims. AAP should not benefit—to the severe detriment of defendants—for its failure to properly investigate its claims before bringing suit, its unreasonable settlement demands, its aggressive sanctions motions, its willful disregard of its discovery obligations, and its knowing false declarations to avoid an adverse judgment.

## C. AAP alleged a CMI removal claim in bad faith and continued to assert the defendants violated AAP's rights and still prays for fees on that claim

AAP's CMI removal claim was pursued in bad faith and was objectively baseless. AAP had in its possession all the factual information showing it was a frivolous claim before it filed its complaint. There was *never* a public display of the registered work containing the CMI anywhere at any time by anyone. AAP also sought damages on that claim to which it was not entitled (seeking

$150,000 in statutory damages, six times the maximum allowed under 17 U.S.C. § 1203(c)(3)(B)). [ECF 1] at *10, ¶ j. And even after dropping the claim, AAP *continued* to allege the defendants removed CMI, and *continued* to seek attorney fees for the CMI claim. [ECF 100-1] at 91:11–91:15; see also Am. Compl., [ECF 40] at ¶55 and *12 at ¶b. AAP has not offered, as a condition of dismissal, to pay the defendants' fees for *that* claim despite its withdrawal, and clearly such expenses are not useful in any future litigation given its frivolousness.

### D.  AAP's bad faith discovery responses

AAP was less than forthcoming in its discovery responses, thwarting the defendants' efforts to learn the truth. It never provided any initial disclosure in this case pursuant to Rule 26(a). AAP also *knowingly* failed to disclose to the defendants how the registered work was created, though it knew that information, that it was a unique and distinct work from the raw photographs, and was prepared by some unknown person. In its motion, it still attempts to distance itself from those facts and shade the truth. It also failed to timely disclose the native photographs themselves, suddenly "finding" them 12 days after being questioned about the differences in its images, yet it never sought to amend the scheduling order, contrary to Rule 16(b)(4), while also relying on that evidence in pursuit of a partial judgment and to oppose the defendants' summary judgment. Most egregiously, AAP repeatedly (three times) submitted knowingly false declarations to this Court, leading to considerable more discovery and motion practice.

### III.  <u>RULE 41(a)(2) STANDARDS</u>

A voluntary dismissal under Rule 41(a)(2) is not a right of a plaintiff. <u>Fisher v. P.R. Marine Mgmt., Inc.</u>, 940 F.2d 1502, 1502 (11th Cir. 1991). Instead, it is a discretionary decision in which the defendants' interests are paramount throughout the analysis. <u>Id</u>. at 1503. A plaintiff is not accorded any presumptions nor is a dismissal necessarily viewed with favor. <u>Cf</u>. <u>id</u>.; <u>Emergency</u>

Recovery, Inc. v. Hufnagle, No. 20-11743, 2021 WL 2748130, at *4 (11th Cir. 2021) ("the abuse of discretion standard contemplates that a district judge has a 'zone of choice within which' she 'may go either way in granting or denying the motion'").

Within that zone of choice is the court's exercise of equitable power across a number of non-exclusive factors, including (1) the defendants' effort and expense; (2) the plaintiff's lack of diligence; (3) dispositive motion practice; and (4) whether the plaintiff's stated reasons are adequately explained. Pezold Air Charters v. Phoenix Corp., 192 F.R.D. 721 (M.D. Fla. 2000); Potenberg v. Boston Sci. Corp., 252 F.3d 1253, 1259 n.5, 1259-60 (11th Cir. 2001) (describing the factors as a guide, rather than a mandatory checklist). In this case particularly, additional factors should be considered, including (5) the Copyright Act's purposes, and the statutorily-authorized incentives to defend against infringement claims; and (6) the broader public interest in a decision on the merits of a type of case infrequently litigated to conclusion.

A court may, in its discretion, also receive evidence in an effort to evaluate these factors, including questioning a plaintiff on their stated motivations for dismissal. Cf. Yoffe v. Keller Industries, Inc., 582 F.2d 982, 984 n.2 (5th Cir. 1978) (noting trial court's "evidentiary hearing for the purpose of considering" the conditions to be imposed).

Finally, upon granting a voluntary dismissal, any subsequent request by a plaintiff to withdraw it is considered "extraordinary relief." Id. at 984. Thus, a court also has discretion to deny such requests. Cf. id. And a plaintiff, as a general rule, "cannot appeal an order granting his motion for voluntary dismissal" unless the order "is onerous or prejudicial." McGregor v. Board of Com'rs of Palm Beach Cnty., 956 F.2d 1017, 1021 (11th Cir. 1992). A voluntary dismissal order is not prejudicial when it requires a plaintiff to pay a defendants' attorney's fees, costs, and expenses. Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298, 1303 (11th Cir. 2004)

(affirming condition that plaintiff pay $700,000 to the defendant as a condition of dismissal).

## IV.   <u>ARGUMENT</u>

This case could have and should have settled early for its fair value amount, as offered by the defendants. AAP chose to reject their offer, and set about aggressively pursuing its claims.

Almost certainly if multiple Damoclean defensive issues did not exist in soon-to-be-renewed summary judgment, AAP would continue to press its action. But when the defendants successfully pulled back the curtain to reveal myriad defenses, AAP cries victimhood. The only victims in this case have been the defendants, but the Supreme Court has made clear that defendants need not suffer, and also wield the sword of § 505 to oppose infringement claims. <u>Kirtsaeng</u>, 579 U.S. at 202.

Contrary to AAP's argument, most of the defendants' arguments are not novel—but rather the straightforward application of the Copyright Act to the facts of this case, supported by reported circuit court decisional authorities. Where appropriate, the defendants have sought to clarify the law or otherwise advocate, as the Copyright Act incentivizes them to do. For its part, AAP advanced its own "novel" argument based on <u>Pickersgill</u> in pursuit of statutory remedies—remedies which are the sole reason AAP continued to litigate this case long after September 9, 2021.

It would not be an abuse of discretion to deny AAP's motion based on multiple factors, and instead grant summary judgment to the defendants. If dismissed, any such dismissal will necessarily be with prejudice due to the running of the statute of limitations and AAP's lack of a copyright. Finally, if the court is inclined to grant a dismissal without prejudice, then it should condition dismissal upon payment of the defendants' expenses.

AAP's request for a stay should also be denied.

**A. The Court should deny AAP's motion because multiple factors favor denial and instead the Court should grant judgment for the defendants**

Denying a plaintiff's motion for voluntary dismissal and granting a defendants' motion for summary judgment instead is not an abuse of discretion where the case has been pending for a long time and the plaintiff's explanation for dismissal is insufficient. <u>Mosley v. JLG Industries, Inc.</u>, 189 F.App'x 874 (11th Cir. 2006); <u>McBride v. Piedmont Engineers of the Carolinas, P.C.</u>, 189 F.App'x 876 (11th Cir. 2006); <u>Stephens v. Ga. Dep't of Transp.</u>, 134 F.App'x 320, 323 (11th Cir. 2005); <u>see also</u> <u>In re Ford Motor Co.</u>, 471 F.3d 1233, 1259 (11th Cir. 2006) (affirming denial of dismissal where the record alone showed no abuse of discretion); <u>Wilkins v. Blackman</u>, no. 20-cv-114203 (S.D. Fla. Sept. 1, 2022) (Rosenberg, J.) (denying Rule 41(a)(2) motion and granting defendants' summary judgment because, *inter alia* "plaintiff failed to respond to Defendant's discovery requests adequately"). A plaintiff's "lack of diligence in investigating their claim" and seeking dismissal "only *after* summary judgment on [ripeness] was fully briefed" can also support denying a late-requested dismissal. <u>Mitchell v. Monroe Cnty.</u>, no. 13-cv-10095 (S.D. Fla. Apr. 14, 2014) (emphasis in original). When the various relevant factors are weighed, it becomes clear that they all favor denial of AAP's motion. It should not obtain a voluntary dismissal at all.

*1. Factor 1: The defendants have incurred significant expense and effort*

The defendants have been put to considerable trouble and expense in this case over the course of fifteen months, as a review of the record reveals. More than two dozen motions and extensive discovery, and two mediations has led to more than 750 hours of defendant's attorney time opposing an actual damages only infringement case. None of these expenses would be useful in any future litigation because AAP cannot bring this suit again. While the fact of a defendants' expense is germane to whether *conditions* should be imposed, it is a factor weighed in discretion whether to grant the dismissal *at all*, and instead ensure that the case advances to a merits-based

conclusion. The more time elapses, the more likely the harm to a defendant. Schwarz v. Folloder, 767 F.2d 125, 129 (5th Cir. 1985); Mosley, 189 F.App'x 874.

Critically, AAP admits that the effort that the defendants were put to in this case could never be useful in a future lawsuit (even assuming one could be filed, which it cannot): AAP states that it could "avoid the mountain of motion practice that Defendants have brought." [ECF 155] at *12. Theoretically, AAP is correct: a considerable number of the defensive issues that AAP forced them to develop in this case would not arise in a suit based on a registration to the MLS Image. But that is beside the point insofar as the Court's discretion to deny AAP's request is concerned. This factor favors denial at this late hour and after considerable effort and expense.

   2.  *Factor 2: AAP was not diligent or reasonable in its discovery responses, causing more effort and expense to defendants*

During discovery, AAP was entirely unreasonable in its responses, including failing to be fully forthcoming in its interrogatories and document production, improperly objecting to relevant discovery, and inadequately preparing its corporate representative to testify and failing to testify fully. It also filed multiple false declarations which improperly avoided an imminent adverse judgment, and which spawned three more depositions and further motions. Nor was AAP diligent in investigating its claim pre-suit, or in bringing its motion for voluntary dismissal. It elected not to seek dismissal and embarked on further reckless and unwarranted litigation. And it stipulated this was an actual damages only case by June 13, 2022. All of this effort without a decision on the merits is precisely the kind of prejudice that results from abusive and bad faith litigation tactics, of which the current motion is the latest in a long line of misconduct. This factor favors denial of AAP's motion.

   3.  *Factor 3: The defendants filed three dispositive motions*

Still another factor favoring denial is that the defendants filed multiple dispositive motions: two summary judgments plus a motion to dismiss for lack of subject matter jurisdiction and a motion for partial judgment on the pleadings. Importantly, a dispositive motion need not be pending, rather only that the defendants went to the effort of preparing and filing it. Cf. Pontenberg, 252 F.3d 1253. Or at least there is an imminent prospect of the motion being renewed and granted, as here. While Potenberg suggests the mere filing of a summary judgment motion *alone* may not be enough to deny a voluntary dismissal, here, this and all the other factors favor denying AAP's request for voluntary dismissal.

4. *Factor 4: AAP's stated reasons for dismissal are inadequate and disingenuous; an evidentiary hearing should be set to obtain sworn evidence*

AAP's stated motivations for a dismissal without prejudice are dubious. The defendants' efforts in this case were a direct consequence of choices that AAP made, including asserting frivolous claims, failing to disclose relevant information in discovery, improperly objecting to the defendants' discovery requests, and submitting multiple false affidavits to the Court. AAP's motivations almost certainly transcend this case, and it well-knows that an adverse judgment on its ownership of the work at issue here would jeopardize its ability to maintain many other of its extortionate claims, and perhaps risk challenges to its settlements and judgments. See Pl. Opp'n [ECF 140] at *9 (noting that its lack of ownership would affect "thousands of photographs sent for editing by Plaintiff over the years").

It also appears AAP is seeking a voluntary dismissal simply as a more favorable procedural vehicle to avoid liability for the defendants' attorney fees and costs. Any outcome in this case other than a money judgment for AAP may (indeed should) result in its exposure for all of the defendants' attorney fees pursuant to Kirtsaeng and § 505.

To the extent the Court has any reservations about AAP's true motivations for seeking a

dismissal, it may set an evidentiary hearing and question AAP's principal, Robert Stevens, directly about his reasons for presently seeking a voluntary dismissal after multiple rounds of dispositive motions. Yoffe, 582 F.2d at 984 n.2. Such questioning directly by the Court is a proper exercise of its equitable powers, and it may also question the defendants about the prejudice that they argue supports denying the motion or the conditions which should attach to a dismissal, and ultimately decide whether a dismissal should be entered with or without prejudice.

Regardless of any hearing, the record shows the reasons AAP claims warrant its request are inadequate, and this factor heavily weighs in favor of denying its request.

5.  *Factor 5: Dismissal would contravene the Copyright Act's goals of incentivizing meritorious defenses*

Copyright defendants are not mere cannon fodder for rights holders. Instead, they play an "important role" of ensuring that the copyright monopoly is not overextended to the detriment of the public good. Fogerty v. Fantasy, Inc., 510 U.S. 517, 532 n.18 (1994). The Supreme Court has made clear that the purpose of the Copyright Act helps guide certain discretionary events in an infringement dispute, such as the award of fees. Kirtsaeng, 579 U.S. 197. Discretionary dismissal under Rule 41 in a copyright case should likewise be imbued with considerations deriving from the purposes of the Copyright Act.

A chief goal of the Act is to ensure that "the boundaries of copyright law be demarcated as clearly as possible." Fogerty, 510 U.S. at 527. *More* works being made available with *fewer* restrictions to the public while also fairly compensating authors is precisely what the Act intends to foster. Cf. id. Consequently, defendants are encouraged to do exactly as the they did here: advance not just one, but "a variety of meritorious copyright defenses." Id. The defendants' summary judgment briefing advances such defenses and thereby fulfills the objectives of the Act by enhancing the public availability of utilitarian and pedestrian photographs by opposing

11

overzealous copyright monopolists. Notwithstanding their defenses, Abdelsayed and Trends Realty early on offered AAP "a fair return for [its] creative labor" and *only* that, yet AAP repeatedly eschewed any notion of market realities, advancing its longstanding baseless $1,500 "per year" license. A voluntary dismissal for AAP would thwart rather than promote the objectives of the law.

This case exemplifies the narrow scope of protection and often low value of utilitarian photographs used online. But rarely does the scope of protection or *actual* (non-statutory) value ever reach a final judgment, and a decision clarifying such rights should not be snatched from the public only to *benefit* an abusive copyright enforcer—especially when such abusers often have *unilateral* control over padding the public record with grossly unjust default judgments to bootstrap their further extortionary claims while avoiding nominal ones. An ultimate decision in this case is much-needed not just for the defendants, but for the public and the goals of the law. AAP's motion should be denied.

### 6.  *Factor 6: Public policy of disposing of cases on their merits*

Although typically espoused in the context of motions to set aside default judgments, there is a "strong public policy favoring disposition of cases on their merits." <u>Gulf Coast Fans v. Midwest Elec. Importers</u>, 740 F.2d 1499, 1510 (11th Cir. 1984). For the same reason that default judgments are viewed with disfavor, so too should voluntary dismissals sought on fully-litigated about-to-be decided cases. While there is a strong desire for finality (i.e. a quick end to a case by voluntary dismissal), "the equities of the particular case [must yield] in order that the judgment might reflect the true merits of the cause." <u>Seven Elves, Inc. v. Eskenazi</u>, 635 F.2d 396, 401 (5th Cir. 1981). While not every request for a late-stage voluntary dismissal favors a denial in favor of a judgment on the merits, peculiar cases may warrant it. This is such a case.

Not only have the defendants sought an adjudication of their defenses for themselves, they have continuously been motivated by altruistic notions of preventing infringement zealots like AAP from visiting their abusive conduct on other individuals and small businesses. No doubt many families and small businesses daily endure the increasing number of these kinds of cases from an increasing number of plaintiffs. Public policy favors disposing of this case on the merits.

This case is also different because AAP has no true interest in bringing its suit again. Its assertions are simply statements it knows it must say to secure a dismissal, but they are not genuine. AAP does not commit itself to refiling suit or even demonstrate it has taken concrete steps to do so, [ECF 155] at *12 ("if [AAP] chooses to re-file"), and there is good reason to believe it never will, given (1) it would remain an actual damages only case; and (2) AAP would recover even less damages in a second suit. If it refiled on December 1, 2022, the 3-year lookback for its damages would exclude nearly half of any damages it stood to recover in this case (assuming there are any). Most tellingly, the very reason AAP asks for dismissal ("not worth the continued effort") proves it would never bring suit again.

This case is also not like others in which a plaintiff found itself behind the eight ball as a result of its attorney's missteps, and it was clear that the plaintiff sought a do-over. Pontenberg, 252 F.3d 1253. Nor is this case like those in which the plaintiff sought to immediately refile in a different venue. Arias v. Cameron, 776 F.3d 1262 (11th Cir. 2015). For AAP to escape from this case without an adjudication on the defendants' investment in that effort is prejudicial to both the defendants and the public.

If dismissal is granted, there is no future litigation between the parties where any of the defendants' effort and expense would be useful. After weighing all the factors, this Court would not abuse its discretion in denying AAP's motion and instead proceeding to consider and decide

the defendants' motion for summary judgment.

### B. Dismissal of AAP's infringement claims must be with prejudice due to the running of the statute of limitations and AAP's lack of copyright

A dismissal without prejudice is inappropriate because any dismissal of AAP's claims will permanently end them, based on the statute of limitations and its lack of a copyright in the registered work. Even if it did have a copyright in the registered work, AAP has admitted that it would not bring suit again on *that* registration. [ECF 155] at *12 (AAP "can instead obtain a registration for the infringed image itself and re-file the lawsuit"). And that would not be the same suit because there is no infringement of the work AAP claims was infringed; it would be an entirely different case—to say nothing of the CMI removal claim. No part of the defendants' litigation expenses will ever be useful in a subsequent suit by AAP on the MLS Image.

### 1. The Statute of Limitations Has Run

As was previously briefed, the 3-year statute of limitations has run out for AAP. [ECF 110] and [ECF 147]. The Copyright Act's statute of limitations does not allow for a discovery rule. 17 U.S.C. § 507(b). Instead, the statute begins to run upon accrual of the claim, and accrual occurs upon a human act of infringement. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 670 (2014); Kernel Records Oy v. Mosley, No. 09-cv-21597, 2013 U.S. Dist. LEXIS 99094, *14-19 (S.D. Fla. July 16, 2013) (Torres, J.). Here, the statute began to run at least in March 2018, and not later than June 14, 2018, when no further substantive changes were made to Trends Realty's website. AAP also has admitted it knows when that occurred. Even assuming a claim for infringement accrues upon discovery, AAP could not file a new suit on a different copyright registration until the certificate issued. 17 U.S.C. § 411. A search of the U.S. Copyright Catalog does not show any registration pertaining to the 2016 MLS Image, which further shows that AAP has no true intent

to refile this case.

Most importantly, AAP admits knowledge of the alleged infringement having occurred in early 2018, noting that it now has a "realization" of such facts. Pl. Mot. to Dismiss [ECF 155] at *10. That admission is fatal to it bringing any future suit—both on the actual accrual of the claims in early 2018, as well as on AAP's admitted knowledge that its claim accrued at that time.

### 2. *AAP Has No Copyright in the Registered Image*

Separate from the running of the statute, AAP also cannot refile the same legal theory it has advanced here. It brought suit on a registration for a work materially different from the MLS Image. AAP admits that any subsequent suit would, on a fundamental level, not be the same suit as the present case because it would have to bring suit on an entirely *new* registration "for the [MLS] image itself." [ECF 155] at *12. That alone demonstrates that this case has come to an end conclusively on the merits of AAP's theory. Even now, after extensive briefing, it continues to misunderstand authorship and ownership.[3] Thus, it can never bring *this* case again and any dismissal must be with prejudice.

### C. If the Court grants the motion, it should condition dismissal upon payment of the defendants' attorney fees, costs, and expenses

If the Court is inclined to grant AAP a dismissal without prejudice, it should impose conditions which ensure that the defendants are fully reimbursed for all their fees, costs, and expenses. The conditions proposed by AAP (offering the remaining costs only) are only for *its* benefit and will not alleviate prejudice to the defendants.

Payment of the defendant's expenses, as well as its attorney's fees and court costs is the

---

[3] AAP misconstrues the defendants' argument as it "somehow los[ing] any ownership rights in the subject photograph." [ECF 155] at 11. It never had ownership of that graphics work in the first place.

"quid for the quo of allowing the plaintiff to dismiss his suit without being prevented by the doctrine of res judicata from bringing the same suit again." McCall-Bey v. Franzen, 777 F.2d 1178, 1184 (7th Cir. 1985). Notably, a defendant is not required to prove (and thus a plaintiff ordered only to pay) what the defendant actually paid to its attorney for the representation. No attorney (including Mr. DeSouza) representing clients on contingency fee basis waives their *client's right* to claim a reasonable fee merely because the client did not first pay the lawyer for the representation prior to the beneficial result obtained. Nor can a local program to ensure litigants are represented in court overshadow congressional policy and statutory law. The Copyright Act makes clear that it incentivizes litigation on both sides of copyright disputes. Kirtsaeng, 568 U.S. 519.

Rule 41(a)(2) also contemplates more than just court costs and attorney's fees, it also includes a defendant's "expenses." Yoffe, 582 F.2d at 984 (enumerating expenses as separate from costs and fees); LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 603 (5th Cir. 1976) (a "judge is not limited to conditions of payment of costs, expenses and fees"); McCants v. Ford Motor Co., Inc., 781 F.2d 855, 860 (11th Cir. 1986) ("Costs may include all litigation-related expenses incurred by the defendant"). Thus, AAP should pay all of the defendants' costs, fees, and expenses as a condition of any voluntary dismissal without prejudice.

**D. The Court lacks subject-matter jurisdiction to decide AAP's Rule 41(a)(2) motion for voluntary dismissal**

Finally, and solely to avoid any possible argument that the defendants have waived or otherwise abandoned their argument regarding subject matter jurisdiction by responding to AAP's motion for voluntary dismissal, they maintain that the Court is without subject matter jurisdiction to even consider AAP's request for voluntary dismissal under Rule 41(a)(2) because AAP does not own a copyright in the registered work. Defendants incorporate by reference and renew their

arguments contained in their prior motion to dismiss [ECF 138], reply in support [ECF 148], and motion for reconsideration [ECF 156].

## V.   **CONCLUSION**

AAP gambled on its claims and tested the defendants' mettle. It misjudged. AAP's argument that its actual damages don't justify its "continued effort to obtain a judgment" is implausible and not supported by the record. It knew at least by September 9, 2021, that it could never obtain statutory remedies and agreed that was the fact by June 13, 2022. Its pursuit of this case was a losing endeavor irrespective of how much or little it was litigated. All factors support the Court's discretion to deny AAP's motion, and instead grant judgment to the defendants. Even if dismissed, such dismissal will have preclusive effect due to the running of the statute of limitations and AAP's lack of any copyright in the registered work. At a minimum, dismissal must be conditioned on AAP's payment of the defendants' full expenses.

**WHEREFORE**, defendants John Abdelsayed and Trends Realty USA Corp. request that plaintiff Affordable Aerial Photography Inc.'s motion to dismiss be denied and its request for a stay be denied; that the defendants' motion to dismiss [ECF 138] and renewed motion for summary judgment [ECF 147] be granted (which they hereby request reconsideration of); that if the Court grants plaintiff a dismissal, it be with prejudice; that if the Court grants plaintiff a voluntary dismissal without prejudice, it be conditioned upon payment of the defendants' expenses, costs, and attorney fees in an amount to be determined; and for such further relief as the Court deems just and proper.

## **REQUEST FOR HEARING**

Pursuant to Local Rule 7.1(b)(2), defendants respectfully request oral argument at a hearing

on the matters raised in this motion given the questionable motivations for AAP's dismissal. Defendants believe a hearing will help the Court understand and address these issues. Defendants estimate the time required for oral argument to be thirty minutes.

           /s/ Griffin Klema
           Griffin C. Klema, Esq.
           Fla. Bar No. 100279
           Griffin@KlemaLaw.com
           **Klema Law, P.L.**
           PO Box 172381
           Tampa, FL 33672
           420 W. Kennedy Boulevard
           Tampa, FL 33606
           Telephone: 202-713-5292
           Attorney for Defendants &
           Counterclaimants

# Exhibit A

Exhibit A

Exhibit A

**Griffin C. Klema, Esq.**

| | |
|---|---|
| **From:** | Griffin C. Klema, Esq. <griffin@klemalaw.com> |
| **Sent:** | Thursday, September 9, 2021 9:36 AM |
| **To:** | 'Daniel DeSouza' |
| **Cc:** | 'James D'Loughy'; 'Denise Sosa'; 'Hali Thomas' |
| **Subject:** | RE: Affordable Aerial v Trends Realty / Abdelsayed |

Good morning Daniel,

At this point given the court's order regarding the deadline to file my clients' Answer & Affirmative Defenses, I'll be looking at the pleadings and filing amended ones shortly. That will likely include the third-party complaint, but may need additional time regarding same.

After my initial investigation, statutory damages and attorney's fees are not recoverable in this case by the plaintiff in light of the timing of the registration and the (alleged) infringement predating same. I suggest you review the Internet Archive ("Wayback Machine") of the subject website as well as the MLS listing for the Tillinghast property. Before continuing to litigate the case, it may make sense to talk about these issues in greater detail to decide whether the plaintiff (and your firm) really want to continue or settle for a nominal amount early. As soon as the responsive pleadings are filed, I will be moving for partial summary judgment on Section 412 as to Counts 1 and 3, and final summary judgment on Count 2. At best, the plaintiff's case is valued at actual damages with no opportunity to recover fees. As I'm sure you know, proving such damages is a considerable investment by a plaintiff without any guarantee of success even if infringement in proved.

Let me know when you have time to discuss the case further.

Sincerely,



**GRIFFIN KLEMA**
Patent & Trial Attorney
**Klema Law, P.L.**

cell: 202-713-5292

video call:

Griffin@KlemaLaw.com

---

**From:** Daniel DeSouza <dan@copycatlegal.com>
**Sent:** Thursday, September 9, 2021 6:12 AM
**To:** griffin@klemalaw.com
**Cc:** James D'Loughy <james@copycatlegal.com>; Denise Sosa <denise@copycatlegal.com>; Hali Thomas <hali@copycatlegal.com>
**Subject:** Affordable Aerial v Trends Realty / Abdelsayed

Griffin,

Welcome to the case (officially). I wanted to reach out informally regarding Mr. Abdelsayed's third-party complaint for which there is a pending motion to dismiss. At this point, I've avoided serving a Rule 11 motion to Mr. Abdelsayed but that is the path we are headed toward if he does not voluntarily dismiss the third-party complaint (which is only going to increase the attorneys' fees potentially at issue in this case). I'm asking that you review the basis for the third-party complaint with him and let me know how he wants to proceed with it. I discussed it with him previously and it didn't

make any sense to me... perhaps you'll get a better explanation and can convey such to me. Trying to avoid motion practice if possible.



**Daniel DeSouza**
Shareholder

Copycat Legal PLLC
3111 North University Drive,
Suite 301
Coral Springs, Florida 33065

**T** 877-HERO-CAT (877-437-6228)
**E** dan@copycatlegal.com
www.copycatlegal.com



# Exhibit B

**Exhibit B**

**Exhibit B**

## Griffin C. Klema, Esq.

| | |
|---|---|
| **From:** | Daniel DeSouza <dan@copycatlegal.com> |
| **Sent:** | Saturday, September 18, 2021 10:40 AM |
| **To:** | Griffin C. Klema, Esq. |
| **Cc:** | James D'Loughy; Denise Sosa; Hali Thomas |
| **Subject:** | RE: Leave to amend pleadings (Affordable Aerial v. Trends Realty, no. 21-CV-81331) |
| | |
| **Flag Status:** | Flagged |

Happy to talk whenever, but in the interest of full disclosure, any amount of goodwill that was remaining likely went out the door with that counterclaim/third-party complaint. You're doing this case pro bono and I hate doing this to someone who is volunteering his time, but we're going to be serving a Rule 11 motion next week as the allegations are, in a word, absurd. I expect as much from Abdelsayed. I expect more from an attorney who has been practicing as long as you have. We haven't shared the counterclaim/third-party complaint with our client yet because once we do, there's not going to be a settlement at any amount. So we can talk first and then, if necessary, I'll forward your counterclaim/third-party complaint to him.

**From:** Griffin C. Klema, Esq. <griffin@klemalaw.com>
**Sent:** Friday, September 17, 2021 10:01 PM
**To:** Daniel DeSouza <dan@copycatlegal.com>
**Cc:** James D'Loughy <james@copycatlegal.com>; Denise Sosa <denise@copycatlegal.com>; Hali Thomas <hali@copycatlegal.com>
**Subject:** RE: Leave to amend pleadings (Affordable Aerial v. Trends Realty, no. 21-CV-81331)

Good evening Daniel,

I just filed Trends Realty's response to the complaint. My proposed pleading on behalf of Abdelsayed would likely be about the same. Please take a look at the pleading and let me know when you have time to discuss amendment of Abdelsayed's pleading. We can also talk about the defendants' response to the settlement demand of September 9 and maybe wrap this case up before things get too far.

Sincerely,

**GRIFFIN KLEMA**
Patent & Trial Attorney
**Klema Law, P.L.**

cell: 202-713-5292

video call:

Griffin@KlemaLaw.com

**From:** Daniel DeSouza <dan@copycatlegal.com>
**Sent:** Wednesday, September 15, 2021 2:30 PM
**To:** Griffin C. Klema, Esq. <griffin@klemalaw.com>
**Cc:** James D'Loughy <james@copycatlegal.com>; Denise Sosa <denise@copycatlegal.com>; Hali Thomas <hali@copycatlegal.com>
**Subject:** RE: Leave to amend pleadings (Affordable Aerial v. Trends Realty, no. 21-CV-81331)

Can you let me know if you're filing anything in addition to an answer (i.e. a third-party complaint or counterclaim)? Generally, I have no objection to amendment, but want to make sure you're not proposing to include something I consider futile.

---

**From:** Griffin C. Klema, Esq. <griffin@klemalaw.com>
**Sent:** Wednesday, September 15, 2021 11:27 AM
**To:** Daniel DeSouza <dan@copycatlegal.com>
**Cc:** James D'Loughy <james@copycatlegal.com>; Denise Sosa <denise@copycatlegal.com>; Hali Thomas <hali@copycatlegal.com>
**Subject:** Leave to amend pleadings (Affordable Aerial v. Trends Realty, no. 21-CV-81331)

Good morning Dan,

With the upcoming deadline for my corporate client's pleading response (this Friday, September 17, 2021) I wanted to inquire about the possibility of also amending my personal client's pro se response to the complaint.

I would like to file a single pleading on both of their behalf for clarity and simplicity. Please let me know if you have any objections to allowing Mr. Abdelsayed leave to amend his response. Thank you.

Sincerely,

**GRIFFIN KLEMA**
Patent & Trial Attorney
**Klema Law, P.L.**

cell: 202-713-5292

video call:

Griffin@KlemaLaw.com

PRIVILEGE AND CONFIDENTIALITY NOTICE: This email may contain confidential or attorney-client privileged information, intended only for the intended individual or entity. If you are not the intended or original recipient, do not open any attachments, and do not forward this email. If you received this email by mistake, please notify Klema Law, P.L. immediately by reply email or by calling (202) 713-5292. Please delete this message, and any copies of it. Thank you.

# Exhibit C

Exhibit C

Exhibit C

## Griffin C. Klema, Esq.

| | |
|---|---|
| **From:** | James D'Loughy <james@copycatlegal.com> |
| **Sent:** | Thursday, February 10, 2022 7:09 PM |
| **To:** | griffin@klemalaw.com |
| **Subject:** | RE: Affordable Aerial Photography, Inc. v. John Abdelsayed and Trends Realty USA Corp - CASE NO. 9:21-cv-81331-AMC |
| | |
| **Flag Status:** | Flagged |

FRE 408 INADMISSABLE SETTLEMENT COMMUNICATION

Hello Griffin,

Thanks for reverting back to me. Because the gap is so large ($35,000 to $750), it is somewhat pointless to inch back and forth between these two gaping numbers and that is why I asked for Mr.  Abdelsayed for a range/bracket that he is comfortable negotiating a settlement of this case. To be perfectly blunt, $750 (or anywhere close to it) is not an offer our client would consider and likewise, I imagine, $35,000 is also not an offer Mr.  Abdelsayed would consider— especially since he is not incurring attorney's fees at this time.  That said, I respect Mr. Abdelsayed's position and what I would say to you (without any promises because I have not spoken to the client) is that in my experience AAP would likely consider to settle this case anywhere between $5,000 to $10,000.  If you think that you can get Mr. Abdelsayed somewhere in this range, let's talk about it. Otherwise, I am not sanguine that AAP will come down any lower— especially as more fees and costs accrue.

Let me now if you want to discuss with me.

Regards,



**James D'Loughy, Esq.**
Shareholder

Copycat Legal PLLC
3111 North University Drive,
Suite 301
Coral Springs, Florida 33065

**T** 877-HERO-CAT (877-437-6228)
**E** james@copycatlegal.com
www.copycatlegal.com



This transmission is being sent by an attorney and all legal related communications are (i) subject to Attorney-Client Privilege, (ii) attorney Work Product and/or (iii) strictly confidential.

 PLEASE CONSIDER THE ENVIRONMENT BEFORE CHOOSING TO PRINT THIS E-MAIL.

This e-mail is intended for the use of the person or persons to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law.  If the reader of this e-mail is not the intended recipient or employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone at 561-622-7788 and return the original message to us at the listed e-mail address.  Thank you.

**Debt Collection Disclosure**: This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will used for that purpose.

**Bankruptcy Disclosure**: Please be advised that if you are a debtor in bankruptcy or have been discharged in bankruptcy, this email does not represent, and is not intended to be a demand for payment. In such cases, this email is provided for information purposes only and is not an attempt to collect a debt. You should consult legal counsel regarding your obligations, if any, to pay the delinquency. If you previously received a discharge in a bankruptcy case involving the purported debt and did not sign a reaffirmation agreement, then this email is not an attempt to collect a debt from you personally. This law firm is seeking solely to collect/foreclose on the Association's lien on real estate and this law firm will not be seeking a personal money judgment against you,

**Tax Advice Disclosure:** To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein. Please be advised that our normal letters and e-mails to you are not intended to meet the "Covered Opinion" Test.

**From:** Griffin C. Klema, Esq. <griffin@klemalaw.com>
**Sent:** Thursday, February 10, 2022 5:15 PM
**To:** James D'Loughy <james@copycatlegal.com>
**Subject:** RE: Affordable Aerial Photography, Inc. v. John Abdelsayed and Trends Realty USA Corp - CASE NO. 9:21-cv-81331-AMC

Good afternoon James,

I spoke with my client, and to answer your question about whether he's willing to settle, the answer generally, is yes. Naturally, it's going to come down to the terms of settlement. If you recall, he made an offer of $750 ███████████████████████████, which AAP rejected. So the ball is in its court to make a counter-offer and not have Mr. Abdelsayed bid against himself.

As for the stated motion practice, I have not been advised of what the AAP's apparent concerns might be. As I had tried to suggest to Dan, I'm not unreasonable and am always receptive to the other side's argument, and try to get to the crux of the concern prior to investing in a formal motion. IF there's anything in particular that you of Dan would like to discuss before spending time drafting a motion, please let me know.

Sincerely,



**GRIFFIN KLEMA**
Patent & Trial Attorney
**Klema Law, P.L.**

cell: 202-713-5292

video call:

Griffin@KlemaLaw.com

**From:** James D'Loughy <james@copycatlegal.com>
**Sent:** Monday, February 7, 2022 5:30 PM
**To:** Griffin C. Klema, Esq. <griffin@klemalaw.com>
**Subject:** RE: Affordable Aerial Photography, Inc. v. John Abdelsayed and Trends Realty USA Corp - CASE NO. 9:21-cv-81331-AMC

FRE 408 SETTLEMENT COMMUNICATIONS

Griffin,

Dan is working on more motions in this case which will further drive costs up making settlement more difficult to achieve. Further to our phone on or about January 27, did you have a chance to discuss settlement brackets with your client? Please let me know.

Thanks,

James



**James D'Loughy, Esq.**
Shareholder

| | |
|---|---|
| Copycat Legal PLLC | **T**  877-HERO-CAT (877-437-6228) |
| 3111 North University Drive, | **E**  james@copycatlegal.com |
| Suite 301 | www.copycatlegal.com |
| Coral Springs, Florida 33065 | |



This transmission is being sent by an attorney and all legal related communications are (i) subject to Attorney-Client Privilege, (ii) attorney Work Product and/or (iii) strictly confidential.

 PLEASE CONSIDER THE ENVIRONMENT BEFORE CHOOSING TO PRINT THIS E-MAIL.

This e-mail is intended for the use of the person or persons to whom it is addressed and may contain information that is privileged, confidential or otherwise exempt from disclosure under applicable law.  If the reader of this e-mail is not the intended recipient or employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.  If you have received this communication in error, please immediately notify us by telephone at 561-622-7788 and return the original message to us at the listed e-mail address.  Thank you.

**Debt Collection Disclosure**: This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will used for that purpose.

**Bankruptcy Disclosure**: Please be advised that if you are a debtor in bankruptcy or have been discharged in bankruptcy, this email does not represent, and is not intended to be a demand for payment. In such cases, this email is provided for information purposes only and is not an attempt to collect a debt. You should consult legal counsel regarding your obligations, if any, to pay the delinquency. If you previously received a discharge in a bankruptcy case involving the purported debt and did not sign a reaffirmation agreement, then this email is not an attempt to collect a debt from you personally. This law firm is seeking solely to collect/foreclose on the Association's lien on real estate and this law firm will not be seeking a personal money judgment against you,

**Tax Advice Disclosure**: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein. Please be advised that our normal letters and e-mails to you are not intended to meet the "Covered Opinion" Test.

---

**From:** Griffin C. Klema, Esq. <griffin@klemalaw.com>
**Sent:** Wednesday, January 26, 2022 7:21 PM
**To:** James D'Loughy <james@copycatlegal.com>
**Subject:** RE: Affordable Aerial Photography, Inc. v. John Abdelsayed and Trends Realty USA Corp - CASE NO. 9:21-cv-81331-AMC

I can squeeze in a call tomorrow afternoon. I'm doing trial prep, but can shift things. Call at your convenience.

# Exhibit D

Exhibit D

Exhibit D



Copcat Legal PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065

T   877-HERO-CAT (877-437-6228)
E   help@copycatlegal.com

April 13, 2022

**VIA ELECTRONIC MAIL (griffin@klemalaw.com)**

Klema Law, P.L.
Attn: Griffin Klema, Esq.
PO Box 172381
Tampa, FL 33672

RE:    *Affordable Aerial Photography, Inc. v. John Abdelsayed et al., Case No. 9:21-cv-81331-AMC*

Dear Mr. Klema:

I write in response to your April 12, 2022 letter regarding our discussions concerning the prospective filing of a Rule 41 motion to voluntarily dismiss as well as certain discovery rulings/issues.

As a threshold matter, having discussed the matter with our client and performed the necessary research on the issue, please be advised that Affordable Aerial Photography, Inc. ("AAP") will ***not*** be filing a Rule 41 motion.  Further, to the extent unclear, any settlement offer/demand previously made by AAP is hereby revoked.

**Requests for Admissions**

*15 – 17; 19-20; 23-26*

Enclosed herewith are AAP's amended responses to the foregoing requests for admissions.  Unless you contend otherwise, we believe this satisfies that portion of Judge Reinhart's discovery order.

*29 – 50*

I fundamentally disagree with your position here that AAP is somehow in a position to admit/deny the authenticity of various stock image agency documents for which AAP has no affiliation.  While I appreciate you providing the Yoder & Frey Auctioneers citation, I believe it to be inapposite here given that the documents sought to be authenticated did in some way concern the party in question (as they were logs of internet activity to which the party could have verified its own IP address).  In any event, the overwhelming weight of authority holds that a party is under no obligation to admit/deny the authenticity of business records outside of its control.  See, e.g. Adobe Sys. v. Christenson, No. 2:10-cv-00422-LRH-GWF, 2011 U.S. Dist. LEXIS 16977, at *28 (D. Nev. Feb. 7, 2011) ("A party, however, cannot use Rule 36 to shift the burden of authenticating third party documents to the opposing party."); T. Rowe Price Small-Cap Fund v. Oppenheimer & Co., 174 F.R.D. 38, 43 (S.D.N.Y. 1997) ("Generally, a 'reasonable inquiry' [under Rule 36] is limited to review and inquiry of those persons and documents that are within the responding party's control."); Henry v. Champlain Enters., 212 F.R.D. 73, 78 (N.D.N.Y. 2003) ("The inquiry [under Rule 36] may require venturing beyond the parties to the litigation and include, under certain limited circumstances, non-parties, but surely not strangers."); JZ Buckingham Invs. LLC v. United States, 77 Fed. Cl. 37, 47 (2007) ("A reasonable inquiry may encompass inquiry of a third party if there is an 'identity of interest' between the responding party and the third party--i.e., when they are both parties to, or actively cooperating, in the litigation, or when they have

a present or prior relationship of mutual concern--not if there is a manifest or potential conflict between the responding party and the third party.").

In any event, AAP has likewise amended its responses to RFA Nos. 29 – 50 to reflect that AAP made a reasonable inquiry of persons and documents within its control.  If this does not satisfy you and you truly believe that AAP is somehow obligated to authenticate Unsplash, Shutterstock, Getty, etc. documents, you may of course proceed with a Rule 37 motion (with the understanding that fees may be awarded against your client if that motion is denied).

**Continued Deposition of AAP's Corporate Representative**

We have consulted with our client and are available for a continued deposition, subject to the time remaining under the presumptive 7-hour time limit set forth in Fed. R. Civ. P. 30(d)(1), on the following dates/times: 4/18 (after 10:30 am); 4/20 (any time); 4/21 (9am – 1:00 pm); 4/22 (after 11:00 am); 4/29 (any time).  I obviously cannot hold all of these days, so please let me know ASAP what date/time you intend to proceed.

Again, I fundamentally disagree with your contention that AAP was not adequately prepared or did not satisfy its obligations under Rule 30(b)(6).  Notably, your letter does not attach the deposition transcript or provide even a single example of a question for which Mr. Rymarski answered "I don't know" and for which you contend was within the scope of the topics identified in Defendants' Rule 30(b)(6) notice.  To my recollection, the bulk of questions for which you received an "I don't know" response were hypotheticals, asked Mr. Rymarski to speculate, or were otherwise wholly outside the scope of the Rule 30(b)(6) notice.  If I am incorrect, I ask you to provide specific examples of topics for which you contend there was no adequate testimony and the corresponding deposition questions you contend were answered improperly.  You presumably agree that this exercise would be necessary in connection with any motion to compel, so I am hopeful you will provide the information in advance thereof in an effort to resolve the matter informally.

Very truly yours,

Daniel DeSouza, Esq.

# Docket No. 159

**Docket No. 159**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-81331-AMC

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

      Plaintiff,

v.

JOHN ABDELSAYED and
TRENDS REALTY USA CORP,

      Defendants/Third-Party Plaintiff,

v.

ROBERT STEVENS,

      Third-Party Defendant.

_____

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL**

Plaintiff[1] hereby files this reply to Defendants' Response to Plaintiff's Motion for

Voluntary Dismissal (the "Opposition Memorandum") [D.E. 158].

**INTRODUCTION**

The vitriolic and accusatory nature of the Opposition Memorandum signifies why

voluntary dismissal is appropriate here.  Using clever wordsmithing, Defendants somehow manage

to blame Plaintiff for daring to pursue an action for copyright infringement while ignoring/not

acknowledging that Defendants are the one that impermissibly copied/prominently displayed one

---

[1]    Terms not defined herein shall have the meaning ascribed to them in the Motion.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

of Plaintiff's photographs and refused to remove such photograph until months *after* this lawsuit was filed.  They engage in a form of victim blaming that is frankly beneath the dignity of the Court, all the while arguing that their actions in this lawsuit are 'for the greater good' – essentially describing themselves as champions of justice.  They are not.  The Opposition Memorandum makes clear that Defendants are not interested in 'justice' or defining new law – they seek only to reward Defendants' counsel for his purported 750 hours litigating this action as a volunteer attorney and boost his self-admitted quest to build a copyright practice (which has been his stated objective) from soliciting business from those against which Plaintiff and/or undersigned counsel have pursued for copyright infringement. As set forth in the Motion and herein, the analysis applicable to a Rule 41(a)(2) dismissal concerns protections afforded to ***Defendants*** – not their volunteer attorney seeking to improperly profit from Defendants' unapologetic theft of intellectual property.

<u>**ARGUMENT**</u>

## I.        Defendants' Recitation of the 'Facts'

The bulk of Defendants' fanciful recitation of the facts and procedural history need not be addressed here.  Suffice to say, Defendants' selective memory of filed motions, discovery disputes, and Defendants' refusals to accept a single judicial ruling in this case are plainly contrary to the docket and actual events that unfolded.  That said, there is no doubt this case was aggressively litigated by ***both*** Plaintiff and Defendants.   While the Opposition Memorandum points to undersigned counsel's September 18, 2021 statement that "there's not going to be a settlement at any amount" as evidence of Plaintiff's unreasonable tactics, it ignores the context of such message following Defendants' filing of a wild/inflammatory (and long-since abandoned) Counterclaim/Third-Party Complaint that asserted conspiracy and other claims against Plaintiff,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

its principal, and Plaintiff's actual paying client (Connie McGinnis).   Notably, the Motion comments on how such pleading (which Defendants never bothered to serve) was designed specifically to damage Plaintiff's relationship with its paying customers – the Opposition Memorandum conveniently ignores this point and does not dispute Defendants' intentions.

## II.      Defendants' 'Analysis' of the Rule 41(a)(2) Factors

The Opposition Memorandum briefly pays lip service to the Rule 41(a)(2) factors actually evaluated by courts in this Circuit[2] and then goes on to invent additional factors purportedly supporting Defendants' ***newfound*** opposition to dismissal.[3]  While Defendants—weeks ago—did not oppose dismissal, they now vehemently oppose dismissal and go so far as to suggest the Court should also grant summary judgment in their favor… notwithstanding that ***no*** summary judgment motion is pending.   In support of this request, Defendants plainly misrepresent the holding in Wilkins v. Blackman, No. 2:20-cv-14203-RLR (S.D. Fla. Sept. 1, 2022) wherein Judge Rosenberg denied a Rule 41(a)(2) motion and granted a ***pending/fully briefed*** summary judgment motion. No such motion is pending here, and Defendants' suggestion that the Court should simply grant summary judgment notwithstanding the absence of a pending motion is, quite frankly, mind-boggling.

In any event, there is little doubt that prejudice and costs incurred by a defendant are the main focus of evaluating a Rule 41(a)(2) dismissal.   Here, the Opposition Memorandum asserts that Mr. Klema (Defendants' attorney) has spent "more than 750 hours" litigating this case.   But Mr. Klema's alleged time investment is not the crux of the inquiry.   As discussed in the Motion,

---

[2]        See Pezold Air Charters v. Phx. Corp., 192 F.R.D. 721, 728 (M.D. Fla. 2000) (identifying the factors).

[3]        Strangely, the Opposition Memorandum attempts to retreat from Defendants' own statement in the joint scheduling report [D.E. 152] that they do not in principle oppose Plaintiff's dismissal.  Defendants apparently 'changed their mind' for some tactical reason/advantage.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Mr. Klema ostensibly offered and performed his services through the volunteer attorney program (although he later somewhat surreptitiously entered into a contingency fee agreement with Defendants). Whether a volunteer or operating on a contingency, however, the point remains that Defendants *have not paid $0.01* in attorneys' fees to Mr. Klema. The Opposition Memorandum does not dispute this, nor does it identify a *single expense* that has not already been reimbursed or offered to be reimbursed by Plaintiff in the Motion. Defendants will not *themselves* be prejudiced if the Court allows a Rule 41(a)(2) dismissal – while Mr. Klema may not receive a windfall or the career-boost he is plotting, Rule 41(a)(2) is not designed to avoid prejudice to counsel but rather to his clients. Defendants have not identified any compelling reason as to why they would be prejudiced by a cessation of the lawsuit at this time, and the failure to do so strongly supports allowing a Rule 41(a)(2) dismissal.

Defendants' assertions regarding Plaintiff's diligence, explanations for dismissal, and the fact that Defendants filed multiple dispositive motions do not merit serious discussion. Plaintiff has already addressed in the Motion its diligence in prosecuting this action. Defendants' argument that Plaintiff was not "diligent or reasonable *in its discovery responses*"[4] not only misstates the factor but likewise takes serious and unfounded liberties with the facts. That Defendants have previously filed dispositive motions likewise ignores that none was pending at the time Plaintiff filed its Rule 41(a)(2) motion. While Defendants are champing at the bit to resume their barrage of motion practice and flood the Court with a new series of what are largely unorthodox motions, the point remains that discovery is currently open (regarding Defendants' new affirmative defenses), the dispositive motion deadline is months away, and no dispositive motions are pending.

Finally, Defendants' suggestion that Plaintiff's stated reasons for dismissal are inadequate

---

[4]     See Opposition Memorandum, at p. 9.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

or "disingenuous" is not well-taken.  Here, Defendant's legal counsel, Mr. Klema, seems to give his 'novel' arguments more credit than they are due in prognosticating/assuming that Plaintiff is somehow deathly afraid of litigating the 'merits' of such arguments.  Defendants' prior motions were each opposed/fully briefed – if necessary, Plaintiff will re-brief the issues and fully intends to prevail in this lawsuit – but at what cost (both financial and emotional) given the constant barrage and vitriol spewing and misguided motion practice from Defendants and their counsel?  Unless Mr. Klema has suddenly been bestowed with a crystal ball, his assumptions about Plaintiff's intentions and reasons for seeking dismissal are completely off-base.

The Opposition Memorandum then goes on to invent at least two (2) new factors not previously recognized by the courts in evaluating a Rule 41(a)(2) motion – that dismissal would contravene goals of incentivizing meritorious defenses and that public policy favors disposing of cases on their merits.  Here again, Defendants position themselves as standing for champions of copyright policy reform.  Yet Defendants are simply realtors who were caught with their hand in the proverbial cookie jar and fortuitously happened upon a set of unique facts unlikely to arise in another context.  They are <u>not</u> litigating important issues to final judgment – they are simply attempting to waste the Court's time by allowing their counsel to showcase his ability to argue for expansions/new interpretations of well-settled law to build his own copyright defense practice.  Even if these factors were considered by the courts (they are not), they do not support denial of the Motion.

## III.    The Statute of Limitations has Not Expired

The Opposition Memorandum next argues that, if the Court allows dismissal, it should be with prejudice as the statute of limitations on Plaintiff's claim has run.  Defendants are incorrect.  These issues were already briefed in Plaintiff's opposition to Defendants' motion for summary

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

judgment [D.E. 109]. Here, the Opposition Memorandum asserts that the Copyright Act's statute of limitations "does not allow for a discovery rule," insisting instead that the statute begins to run upon accrual of the claim (i.e., the infringement).[5]  Ironically, this argument actually comes from another attorney (Andrew Lockton, Esq.) that Mr. Klema has now teamed up with on multiple cases to become the Dynamic Duo of copyright defense. The irony here is that both Mr. Klema and his behind-the-scenes co-counsel fail to disclose the following from one of Mr. Lockton's own cases:

> To date, neither the Supreme Court nor the Eleventh Circuit has ruled definitively on what test for "accrual" applies in copyright infringement claims. However, **the Southern District of Florida has consistently applied the discovery rule**, which provides that a copyright infringement claim accrues when plaintiff learned of or, in the exercise of reasonable diligence, should have learned of the alleged infringement.

Tomelleri v. Natale, No. 9:19-CV-81080, 2022 U.S. Dist. LEXIS 65893, at *6-7 (S.D. Fla. Feb. 18, 2022). The Opposition Memorandum thus argues for an interpretation of the Copyright Act that is wholly contrary to every holding from courts in this District – yet conveniently fails to disclose these cases to the Court in arguing for an opposite interpretation.

The First Amended Complaint [D.E. 40] (at ¶ 39) asserts that Plaintiff discovered the subject infringement in *July 2021* and Defendants have not pointed to some contrary evidence on that point. Under Tomelleri, a voluntary dismissal is not with prejudice unless the *face of the Complaint* indicates that a plaintiff's discovery of the infringement was more than 3 years prior to the voluntary dismissal. Nothing in the First Amended Complaint indicates that Plaintiff discovered the infringement earlier than July 2021 and therefore any dismissal should be without prejudice (consistent with *every decision* from courts in this District).

---

[5]      Id. at p. 14.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

**IV.      The Court Should Not Condition Dismissal Upon Payment of Mr. Klema's Fees**

The Opposition Memorandum next argues that, if the Court allows dismissal, it should condition dismissal on payment of Mr. Klema's purported 750 hours of fees.  As explained in the Motion and above, such condition does not benefit Defendants as they have not paid $0.01 to Mr. Klema or his law firm.  Indeed, Florida Rule of Professional Conduct 4-5.4 specifically prohibits a lawyer from sharing fees with a nonlawyer (Defendants).  Thus, any award of fees to Mr. Klema ***cannot*** be shared with Defendants (at least not without violating the Rule of Professional Conduct) notwithstanding Mr. Klema's surreptitious contingency fee agreement wherein he promises to do just that.  Given that Rule 41(a)(2) is designed to protect defendants and reimburse them for fees/expenses they unnecessarily incurred, it is unclear from the Opposition Memorandum what benefit a fee award to Mr. Klema would serve.  Nor does the Opposition Memorandum identify any of the phantom "expenses" beyond costs/attorneys' fees supposedly incurred (and, with respect to costs, that have already been reimbursed or volunteered to be reimbursed).  Simply put, there is no reason to award Defendants anything more than the remaining deposition costs that Plaintiff already volunteered to do in the Motion.

**V.      Subject Matter Jurisdiction**

The Opposition Memorandum concludes by again arguing that the Court lacks subject matter jurisdiction.  Given that such motion was already denied followed by a denial of Defendants' motion for reconsideration thereof, Plaintiff will not address the issue beyond the prior briefing thereon.

<u>**CONCLUSION**</u>

For the foregoing reasons, the Plaintiff respectfully request that the Court enter an Order: (a) granting this Motion; (b) allowing Plaintiff to file a Notice of Voluntary Dismissal without

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

prejudice within three days of such Order; (c) conditioning Plaintiff's voluntary dismissal on Plaintiff's payment of the court reporter/transcript costs associated with Plaintiff's Rule 30(b)(6) deposition and, if Plaintiff re-files this lawsuit, on Plaintiff's payment of Defendants' attorneys' fees incurred in this lawsuit; (d) staying these proceedings pending resolution of this Motion; and (e) for such further relief as the Court deems proper.

Respectfully submitted,

Dated: November 18, 2022.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza_____
Daniel DeSouza, Esq.
Florida Bar No.: 19291
James D'Loughy, Esq.
Florida Bar No.: 0052700
Lauren M. Hausman, Esq.
Florida Bar No.: 1035947

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza____
Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

# Docket No. 166

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 21-CV-81331

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,
         Plaintiff and Counter-Defendant,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,
         Defendants and Counter-Plaintiffs.

---

**JOINT STATEMENT OF UNDISPUTED FACTS**

The parties, pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1(a)(1) and the Court's

standing order [DE 22], file this, their Joint Statement of Undisputed Facts.

Given the repeated citation, three items are abbreviated as follows:

A.  Deposition transcript of Mateusz Rymarski, AAP corporate representative, April 1, 2022

   ("Rymarski" [ECF 100-1]);

B.  Deposition transcript of Robert Stevens, August 16, 2022 ("Stevens" [ECF 136-1]); and

C.  Declaration of John Abdelsayed, October 7, 2022 ("Abdelsayed" [ECF 146]).

**UNDISPUTED FACTS**

1.      CR Studio and its personnel or subcontractors were not employees of AAP; they

were independent contractors. Stevens, [ECF 136-1] at 74:8–74:20, 63:6–63:10, 127:21–130:9.

2.      There is no assignment, email, or other written communication or documentation

between AAP and CR Studio, or with the author of the registered work. Defs.' First Req. for

Produc. to Pl. [ECF 91-1] no. 34; Defs.' 2d Req. for Produc. to Pl. [ECF 91-2] no. 51; Stevens

[ECF 136-1] at 55:12–58:5 and 115:2–115:10.

3.      There were no contemporaneous oral communications between anyone at AAP and anyone associated with Creative Retouch Studios when the registered work was created from the three native photographs. Stevens, [ECF 136-1] at 55:12–58:5 and 127:21–130:9. Dep. of Alicja Stevens, Sept. 1, 2022, [ECF 137-1] at 31:25–32:17.

4.      Trends Realty's website was saved by the Internet Archive "Wayback Machine" as of April 19, 2018. Am. Compl. [ECF 40] at ¶ 26; see also Abdelsayed [ECF 146] at ¶ 8 and Ex. A-2, [ECF 146-2].

5.      AAP previously brought suit on June 8, 2018, concerning the same copyright registration and same MLS Image. See Affordable Aerial Photography Inc. v. Lang Realty, Inc., no. 18-CV-81569 (S.D. Fla. Nov. 15, 2018), [DE 1-2] at p.44 of 366; see also Pl.'s Am. Interrog. Resp. [ECF 101-1] at no. 8 (identifying Lang Realty).

6.      AAP knows that its "high-profile" photos are infringed more frequently than the typical residential real estate images. Stevens, [ECF 136-1] at 158:4.

7.      AAP is not claiming any disgorgement remedy from the defendants. [ECF 115] at 14 ("Plaintiff acknowledges that it is not seeking disgorgement of profits."); see also Rymarski, [ECF 100-1] at 57:8-57:17.

8.      AAP would never have accepted any amount of money to license the MLS Image to the defendants, and would never have licensed the defendants' use. Stevens, [ECF 136-1] at 176:3–176:6 and 198:1–198:21.

9.      AAP has stipulated that it cannot seek statutory damages, attorney's fees, or pursue any issues regarding willful infringement. Stipulation, [ECF 105].

10.     AAP created a video of the Tillinghast property, which contained a clear and full-

frame shot of the MLS Image. AAP uploaded that video containing the subject image to its Vimeo.com account. Abdelsayed, [ECF 146] at ¶¶ 9-10 and Ex. A-3, [ECF 146-3].

11.     AAP has admitted that the registered work is either a derivative or a joint work. Pl.'s Mem. in Opp'n, [ECF 140] at *6-10.

12.     AAP registers "a lot" of copyrights, and uses attorneys to do so. Mr. Stevens has not filed for certificates himself. Stevens, [ECF 136-1] at 153:9–154:14.

13.     AAP has created more than twenty thousand photographs, and has been hired hundreds of times by real estate agents. Pl.'s Am. Interrog. Resp. [ECF 101-1] no. 9.

14.     AAP, through its sole owner, Robert Stevens, understands the legal concept and consequences of employment. Stevens, [ECF 136-1] at 195:22–196:8.

15.     Old Palm Real Estate commissioned AAP to photograph the Tillinghast property. Rymarski, [ECF 100-1] at 105:24–108:22.

16.     AAP was only allowed access to the Tillinghast property with the permission of Old Palm Real Estate, LLC. Rymarski, [ECF 100-1] at 108:5–108:12; Stevens, [ECF 136-1] at 29:9–30:5.

17.     AAP did not build the Tillinghast property. Rymarski, [ECF 100-1] at 101:4–101:7.[1]

18.     The Beaches MLS Rules & Regulations prohibit inclusion of people and pets in real estate listing photographs. Abdelsayed, Ex. A-5, [ECF 146-3] at Section 3.2.2.

19.     There is a limited window of time that AAP can capture night photographs. Rymarski, [ECF 100-1] at 95:20-95:22.

20.     Old Palm Real Estate chose to have AAP take night photographs. Rymarski, [ECF

---

[1] The court reporter mistakenly transcribed "build" as "bill" in the question asked.

100-1] at 100:12–101:1.

21.    AAP knows that most of its photographs it takes of residential real estate are frequently destined to appear on an MLS for the purpose of selling the home. Rymarski, [ECF 100-1] at 17:21–18:4 and 172:21-22.

22.    AAP's goal was to provide "nice looking" photographs of the Tillinghast property. Pl. Interrogatory response no. 1, [ECF 101-1]; Rymarski, [ECF 100-1] at 95:22; see also Dep. of Robert Stevens, Aug. 16, 2022, [ECF 136-1] 197:1–197:8.

23.    The wide angle lens used by Robert Stevens is the "workhorse of architectural photographers." Stevens, [ECF 136-1] at 26:11–26:19. It was a standard lens. Id. at 46:12–46:17. So too with the camera body itself, which was not modified by Stevens. Id. at 46:18–47:8.

24.    Straight lines are well-known "basic knowledge" such that the "lines on each side right to left are perfectly straight." Stevens, [ECF 136-1] at 67:15–67:21. Level images are also typical of real estate photographs. Id. at 79:16–80:12.

25.    Robert Stevens didn't use a flash, consistent with how "most architectural photographers don't use flashes" such that it was "basic 101 no-no" as evidenced by YouTube videos. Stevens, [ECF 136-1] at 66:12–66:24.

26.    AAP' goal with taking architectural photographs is to "provide a natural feel." Pl. Am. Interrogatory response no. 1, [ECF 101-1].

27.    The work identified in the First Amended Complaint includes two prominent royal palms on the left and right, with a small text copyright notice in the lower left-hand corner. [DE 40] at ¶ 17. Abdelsayed, [ECF 146] at ¶ 21 and Ex. A-7 [ECF 146-7]. AAP has a certificate of copyright registration for that image. Am. Compl. [DE 40] at p.15-16.

28.    AAP asserts the "minute details" in a photograph are important, including

"specifically placed flowers." Pl. Am. Interrogatory response no. 1, [ECF 101-1].

# Docket No. 169

Docket No. 169

**Griffin C. Klema, Esq.**

| | |
|---|---|
| **From:** | cmecfautosender@flsd.uscourts.gov |
| **Sent:** | Tuesday, January 3, 2023 1:26 PM |
| **To:** | flsd_cmecf_notice@flsd.uscourts.gov |
| **Subject:** | Activity in Case 9:21-cv-81331-AMC Affordable Aerial Photography, Inc. v. Abdelsayed et al Motion Hearing |

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Southern District of Florida

## Notice of Electronic Filing

The following transaction was entered on 1/3/2023 at 1:26 PM EST and filed on 1/3/2023

| | |
|---|---|
| **Case Name:** | Affordable Aerial Photography, Inc. v. Abdelsayed et al |
| **Case Number:** | 9:21-cv-81331-AMC |
| **Filer:** | |
| **Document Number:** | 169(No document attached) |

**Docket Text:**
**PAPERLESS Minute Entry for proceedings held before Judge Aileen M. Cannon: Hearing on Plaintiff's Rule 41(a)(2) Motion for Voluntarily Dismissal [155] held on January 3, 2023. The parties presented their arguments on the Motion. Court granted Motion subject to conditions. Order to follow. Total time in court: 55 minutes. Attorney Appearances: Daniel DeSouza (Counsel for Plaintiff), Lauren Hausman (Counsel for Plaintiff), James DLoughy (Counsel for Plaintiff), Griffin Klema (Counsel for Defendants). Court Reporter: Diane Miller, 772-467-2337 / Diane_Miller@flsd.uscourts.gov. (sj00)**

**9:21-cv-81331-AMC Notice has been electronically mailed to:**

Daniel DeSouza     ddesouza@desouzalaw.com, hthomas@desouzalaw.com, pleadings@copycatlegal.com

Griffin C Klema     griffin@klemalaw.com, gcklema@recap.email

James D'Loughy     jdloughy@advisorlaw.com, denise@copycatlegal.com, pleadings@copycatlegal.com

Lauren Michelle Hausman     lauren@copycatlegal.com

**9:21-cv-81331-AMC Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

# Docket No. 170

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO. 21-81331-CIV-CANNON/Matthewman

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

      Plaintiff,

v.

JOHN ABDELSAYED and
TRENDS REALTY USA CORP.,

      Defendants.

_____/

## ORDER FOLLOWING MOTION HEARING

**THIS CAUSE** comes before the Court following a Hearing on January 3, 2023 [ECF No. 169], to discuss Plaintiff's Motion to Voluntarily Dismiss the Amended Complaint [ECF No. 155]. The Court has reviewed the Motion and the full record in this case.   For the reasons stated in open court, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion under Rule 41(a)(2) to Voluntarily Dismiss the Amended Complaint [ECF No. 155] is **GRANTED**.

2. **On or before January 6, 2023**, Plaintiff shall file a Notice of Voluntary Dismissal Without Prejudice subject to the following conditions:

   a. Plaintiff will compensate Defendants for their taxable costs in this matter.  *See* 28 U.S.C. § 1920.

   b. If Plaintiff refiles this complaint, Plaintiff will pay Defendants' reasonable attorneys' fees associated with this action.

3.  In light of Plaintiff's forthcoming Notice of Voluntary Dismissal, Defendants' Motion

for Summary Judgment [ECF No. 164] is **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 3rd day of January

2023.

_____

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

2

# Docket No. 171

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-81331-AMC

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

      Plaintiff,

v.

JOHN ABDELSAYED and
TRENDS REALTY USA CORP,

      Defendants/Third-Party Plaintiff,

v.

ROBERT STEVENS,
CORNELIUS MCGINNIS, and
OLD PALM REAL ESTATE, LLC,

      Third-Party Defendants.
_____

**<u>NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE</u>**

PLEASE TAKE NOTICE that, pursuant to Rule 41(a)(2) of the Federal Rules of Civil

Procedure and the Court's Order Following Motion Hearing [D.E. 170], plaintiff Affordable Aerial

Photography, Inc. ("<u>Plaintiff</u>") voluntarily dismisses the above-captioned action without prejudice

subject to the following conditions: (a) Plaintiff will compensate Defendants for their taxable costs

in this matter; and (b) if Plaintiff refiles this complaint, Plaintiff will pay Defendants' reasonable

attorneys' fees associated with this action.

Dated: January 4, 2023.         COPYCAT LEGAL PLLC
                                        3111 N. University Drive
                                        Suite 301
                                        Coral Springs, FL 33065
                                        Telephone: (877) 437-6228

dan@copycatlegal.com
james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza_____
    Daniel DeSouza, Esq.
    Florida Bar No.:  19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700
    Lauren Hausman, Esq.
    Florida Bar No.: 1035947

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 4, 2023, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza___
Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

# Docket No. 172

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 21-81331-CIV-CANNON/Matthewman**

**AFFORDABLE AERIAL PHOTOGRAPHY, INC.,**

     Plaintiff,

v.

**JOHN ABDELSAYED** and
**TRENDS REALTY USA CORP.,**

     Defendants.

_____/

**<u>ORDER CLOSING CASE</u>**

**THIS CAUSE** comes before the Court upon Plaintiff's Notice of Voluntary Dismissal Without Prejudice [ECF No. 171], filed on January 4, 2023.  The Court granted Plaintiff's Motion to File a Notice of Voluntary Dismissal Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure [ECF No. 170] subject to the conditions that (1) Plaintiff will compensate Defendants for their taxable costs in this matter; and (2) if Plaintiff refiles this complaint, Plaintiff will pay Defendants' reasonable attorneys' fees associated with this action.  Plaintiff's Notice of Voluntary Dismissal [ECF No. 171] incorporates those two conditions.   Accordingly, this case is **DISMISSED WITHOUT PREJUDICE**, effective January 5, 2023, the date on which Plaintiff filed the Notice of Voluntary Dismissal [ECF No. 171].

The Clerk of Court shall **CLOSE** this case.   All deadlines and hearings are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida this 6th day of January 2023.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

# Docket No. 174

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-CV-81331**

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,
        Plaintiff,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,
        Defendants.

---

## JOINT MOTION TO BIFURCATE ATTORNEY FEES ENTITLEMENT FROM AMOUNT, PURSUANT TO LOCAL RULE 7.3(b)

The parties, pursuant to agreement among them and Local Rule 7.3(b) jointly move to bifurcate the defendants' motion for attorney fees to address entitlement as a threshold matter before addressing amount, if and when the Court finds the defendants entitled to fees. If entitlement is found, the parties will then submit a proposed scheduling order on the issue as to amount of fees, including further conferral and briefing.

**WHEREFORE**, defendants John Abdelsayed and Trends Realty USA Corp and plaintiff Affordable Aerial Photography Inc. jointly request the Court enter an order granting this motion, and for such further relief as the Court deems just and proper.

**COPYCAT LEGAL PLLC**
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone:  (877) 437-6228
dan@copycatlegal.com

**KLEMA LAW, P.L.**
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone:  (202) 713-5292
griffin@klemalaw.com

james@copycatlegal.com

*Attorneys for Plaintiff*

By: /s/ Daniel DeSouza
      Daniel DeSouza, Esq.
      Florida Bar No.:  19291

*Attorneys for Trends and Abdelsayed*

By   /s/ Griffin Klema
      Griffin Klema, Esq.
      Florida Bar No.:  100279

# Docket No. 175

**Griffin C. Klema, Esq.**

| | |
|---|---|
| **From:** | cmecfautosender@flsd.uscourts.gov |
| **Sent:** | Tuesday, February 28, 2023 4:33 PM |
| **To:** | flsd_cmecf_notice@flsd.uscourts.gov |
| **Subject:** | Activity in Case 9:21-cv-81331-AMC Affordable Aerial Photography, Inc. v. Abdelsayed et al Order on Motion to Bifurcate |

<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

<div align="center">

**U.S. District Court**

**Southern District of Florida**

</div>

### Notice of Electronic Filing

The following transaction was entered on 2/28/2023 at 4:32 PM EST and filed on 2/28/2023

| | |
|---|---|
| **Case Name:** | Affordable Aerial Photography, Inc. v. Abdelsayed et al |
| **Case Number:** | [9:21-cv-81331-AMC](#) |
| **Filer:** | |
| **WARNING: CASE CLOSED on 01/06/2023** | |
| **Document Number:** | 175(No document attached) |

**Docket Text:**
<span style="color:blue">**PAPERLESS ORDER granting [174] Joint Motion to Bifurcate Attorney Fees Entitlement from Amount. Signed by Judge Aileen M. Cannon on 2/28/2023. (sj00)**</span>

**9:21-cv-81331-AMC Notice has been electronically mailed to:**

Daniel DeSouza    ddesouza@desouzalaw.com, hthomas@desouzalaw.com, pleadings@copycatlegal.com

Griffin C Klema    griffin@klemalaw.com, gcklema@recap.email

James D'Loughy    jdloughy@advisorlaw.com, denise@copycatlegal.com, pleadings@copycatlegal.com

Lauren Michelle Hausman    lauren@copycatlegal.com

**9:21-cv-81331-AMC Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

# Docket No. 176

Docket No. 176

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-CV-81331**

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,
      Plaintiff,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,
      Defendants.

---

## <u>DEFENDANTS JOHN ABDELSAYED AND TRENDS REALTY USA CORP'S MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES</u>

Defendants, John Abdelsayed and Trends Realty USA Corp, by and through their attorney, Griffin Klema, Esq., and files this, their motion for an order of entitlement to their reasonable attorney's fees pursuant to the Court's order bifurcating entitlement from amount, [ECF 174] and (1) Fed. R. Civ. P. 54, Local Rule 7.3, 17 U.S.C. §§ 505 and 1203(b)(5), as the prevailing party; and (2) Fed. R. Civ. P. 68, for plaintiff's failure to accept the defendants' reasonable offer of judgment.

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................. ii

TABLE OF CITATIONS ............................................................... iv

INTRODUCTION ......................................................................... 1

ARGUMENT ................................................................................ 1

I. **The defendants must be awarded their post-Rule 68 offer costs, including attorney fees** ........................................................ 1

 A. Standard for Rule 68 offers of judgment under the Copyright Act ....................... 1

 B. Defendants made a Rule 68 offer to AAP which AAP did not accept, and that offer was more favorable than the judgment AAP obtained ........................... 2

 C. The defendants' offer is enforceable because the dismissal orders are a "judgment" under Rule 54, entered by the court, and that which AAP requested and obtained ........................................................ 4

  1. *The order granting AAP's motion to dismiss and the Court's final order of dismissal are collectively and separately a "judgment"* ............. 4

  2. *The order granting AAP a dismissal and the final order of dismissal were judgments which AAP "obtained"* ................................... 5

II. **Defendants should be awarded all their reasonable attorney's fees under the Copyright Act, 17 U.S.C. §§ 505 and 1203(b)(5)** ................................. 6

 A. The Copyright Act provides for attorney's fees to a prevailing defendant ............ 6

 B. The defendants are the prevailing parties on AAP's infringement claims as a matter of law and based on common sense ........................................... 7

  1. *The statute of limitations has run and therefore the dismissal is with prejudice* ........................................................... 7

  2. *AAP did not own the copyright it sought to enforce, thus AAP's infringement claims failed on the merits* ................................... 10

  3. *The defendants' efforts prevented a material alteration between the parties and rebuffed all of AAP's claims* ..................................... 12

 C. The Copyright Act's purposes are served by awarding the defendants their full costs, including attorney's fees ...................................... 15

CONCLUSION ........................................................................... 17

**LOCAL RULE 7.3 CROSS-REFERENCE LIST** ..................................................... **18**

**VERIFICATION**................................................................................................... **19**

**CERTIFICATE OF CONFERRAL** ....................................................................... **19**

**CERTIFICATION OF SERVICE**.......................................................................... **20**

# TABLE OF CITATIONS

Page

## Cases

Affordable Aerial Photography, Inc. v. FSA PBG, LLC,
  no. 23-cv-80042 (S.D. Fla. Jan. 11, 2023) ................................................................ 16

Affordable Aerial Photography, Inc. v. Win Capital, LLC,
  no. 21-cv-22671 (S.D. Fla. Aug. 5, 2022) ................................................................. 15

Am. Cyanamid Co. v. McGhee,
  317 F.2d 295 (5th Cir. 1963) .................................................................................... 5

Am. Disability Ass'n, Inc. v. Chmielarz,
  289 F.3d 1315 (11th Cir. 2002) ................................................................................ 14

Arencibia v. Miami Shoes, Inc.,
  113 F.3d 1212 (11th Cir. 1997) ................................................................................ 3

Arista Records, Inc. v. Beker Enters., Inc.,
  298 F. Supp. 2d 1310 (S.D. Fla. 2003) ..................................................................... 15

Beach Blitz Co. v. City of Elizabeth,
  13 F.4th 1289 (11th Cir. 2021) .......................................................................... 12, 14

Buckhannon Bd. & Care Home, Inc. v. W. Va Dep't of Health and Human Res.,
  532 U.S. 598 (2001) ................................................................................................. 14

Burden v. Yates,
  644 F.2d 503 (5th Cir. 1981) .................................................................................... 7

Cabonell v. INS,
  429 F.3d 894 (9th Cir. 2005) .................................................................................... 14

CoStar Group, Inc. v. LoopNet, Inc.,
  373 F.3d 544 (4th Cir. 2004) .................................................................................... 9

CRST Van Expedited, Inc. v. EEOC,
  578 U.S. 419 (2016) .......................................................................................... 12, 13

Danow v. Law Office of David E. Borback, PA,
  634 F.Supp.2d 1337 (S.D. Fla. 2009) ...................................................................... 2

Dream Custom Homes, Inc. v. Modern Day Constr., Inc.,
  no. 08-cv-1189, 2011 WL 7764999 (M.D. Fla. July 12, 2011) ................................ 7

Everly v. Everly,
  958 F.3d 442 (6th Cir. 2020) .................................................................................... 8

Fisher v. P.R. Marine Mgmt., Inc.,
  940 F.2d 1502 (11th Cir. 1991) ................................................................................ 6

Fogerty v. Fantasy, Inc.,
   510 U.S. 517 (1994) ............................................................................ 12, 15

Foudy v. Indian River Cnty. Sheriff's Office,
   823 F.3d 590 (11th Cir. 2016) .................................................................. 9

Gabelli v. SEC,
   568 U.S. 442 (2013) ............................................................................ 8, 9

Home Design Servs., Inc. v. Turner Heritage Homes, Inc.,
   No. 08-cv-355 (N.D. Fla. July 26, 2017) ................................................ 6

HyperQuest, Inc. v. N'Site Solutions, Inc.,
   632 F.3d 377 (7th Cir. 2011) .................................................................. 10

InvesSys, Inc. v. McGraw-Hill Cos.,
   369 F.3d 16 (1st Cir. 2004) .................................................................. 13, 15

Jordan v. Time Inc.,
   111 F.3d 102 (11th Cir. 1997) ............................................................... 2, 6

Keith Mfg. Co. v. Butterfield,
   955 F.3d 936 (Fed. Cir. 2020) ............................................................... 4, 5

Kernel Records Oy v. Mosley,
   No. 9-cv-21597, 2013 U.S. Dist. LEXIS 99094 (S.D. Fla. July 16, 2013) ................................. 7

Kirtsaeng v. John Wiley & Sons, Inc.,
   136 S.Ct. 1979 (2016) .................................................................. 12, 15, 17

Klehr v. A.O. Smith Corp.,
   521 U.S. 179 (1997) .............................................................................. 9

Kokkonen v. Guardian Life Ins. Co. of Am.,
   511 U.S. 375 (1994) .............................................................................. 10

LeCompte v. Mr. Chip, Inc.,
   528 F.2d 601 (5th Cir. 1976) ................................................................. 5

MiTek Holdings, Inc. v. Arce Eng'g Co.,
   198 F.3d 840 (11th Cir. 1999) ............................................................... 7

Mostly Memories, Inc. v. For Your Ease Only, Inc.,
   526 F.3d 1093 (7th Cir. 2008) ............................................................... 13

Nealy v. Warner Chappell Music, Inc.,
   no. 22-13232 slip op. (Feb. 27, 2023) .................................................... 9

Patel v. Garland, 142 S.Ct. 1614 (2022) ..................................................... 4

Patel v. U.S. Attorney Gen.,
   971 F.3d 1258 (11th Cir. 2020) ............................................................. 4

Petrella v. Metro-Goldwyn-Mayer, Inc.,
   572 U.S. 663 (2014) .............................................................................. 8

Prather v. Neva Paperbacks,
446 F.2d 338 (5th Cir. 1971) ......................................................................... 8, 9

Prof'l LED Lighting, Ltd. v. Aadyn Tech. LLC,
88 F.Supp.3d 1356 (S.D. Fla. 2015) ................................................................. 10

Rotkiske v. Klemm,
140 S.Ct. 355 (2019) ..................................................................................... 8, 9

SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC,
137 S.Ct. 954 (2017) ......................................................................................... 8

Small Justice LLC v. Xcentric Ventures LLC,
873 F.3d 313 (1st Cir. 2017) ............................................................................ 10

TRW Inc. v. Andrews,
534 U.S. 19 (2001) ............................................................................................ 9

Tunison v. Continental Airlines Corp.,
162 F.3d 1187 (D.C. Cir. 1998) ..................................................................... 3, 5

U.S. Sugar Corp. v. Commerce and Industry Ins. Co.,
no. 22-cv-21737 (S.D. Fla. Dec. 2, 2022) .......................................................... 4

UMG Recordings, Inc. v. Shelter Capital Partners,
718 F.3d 1006 (9th Cir. 2013) ........................................................................... 7

Univ. of S. Ala. v. Am. Tobacco Co.,
168 F. 3d 405 (11th Cir. 1999) ......................................................................... 11

Wolf v. Travolta,
167 F.Supp.3d 1077 (C.D. Cal. 2016) .............................................................. 10

## Statutes

17 U.S.C. § 115(b) (1971) .................................................................................. 8

17 U.S.C. § 1203(b)(5) ....................................................................................... 6

17 U.S.C. § 412 .................................................................................................. 3

17 U.S.C. § 505 .............................................................................................. 2, 6

17 U.S.C. § 507(b) .......................................................................................... 8, 9

28 U.S.C. § 1291 ................................................................................................ 5

## Other Authorities

WEBSTER'S SEVENTH NEW COLLEGIATE DICTIONARY, 420 (1969) .............................. 14

**Rules**

Fed. R. Civ. P. 12(h)(3)..................................................................................... 11

Fed. R. Civ. P. 41(a) ......................................................................................... 3

Fed. R. Civ. P. 41(a)(1)(A)(i) ........................................................................... 6

Fed. R. Civ. P. 54 .............................................................................................. 4

Fed. R. Civ. P. 54(a) ......................................................................................... 4

Fed. R. Civ. P. 68 ....................................................................................... 1, 2, 4

Fed. R. Civ. P. 68(b) ......................................................................................... 3

Fed. R. Civ. P. 68(d) ......................................................................................... 4

## INTRODUCTION

This copyright infringement case ended after more than a year of considerable litigation on claims which plaintiff Affordable Aerial Photography, Inc. ("AAP") should have never asserted. Before learning of fatal defects in those claims, defendants John Abdelsayed and Trends Realty USA Corp made clear at the outset that this action was an "actual damages only" case by operation of § 412 of the Copyright Act, yet AAP fought strenuously for its claim to attorney's fees and statutory damages. To protect themselves, they made a fair offer of judgment to AAP in December 2021, which AAP rejected, sending the defendants on more than a year's worth of further litigation. Ultimately AAP abandoned its case through a court-sanctioned voluntary dismissal that *it* sought and which the defendants opposed. Thus the defendants' Rule 68 offer became enforceable by the plain language of Rules 54 and 68. Pursuant to <u>Jordan v. Time Inc.</u>, the defendants are entitled to their post-offer attorney fees.

In addition to Rule 68, under the unusual facts of this case, the defendants are also the prevailing parties in this case having rebuffed AAP's claims. AAP's dismissal is also effectively with prejudice because the statute of limitations has run and AAP did not own the copyright to the subject work. The defendants have therefore prevailed as a matter of law notwithstanding the decretal language of the dismissal orders. The defendants should be awarded their reasonable attorney's fees in this matter pursuant to §§ 505 and 1203(b)(5) of the Copyright Act.

## ARGUMENT

### I. THE DEFENDANTS MUST BE AWARDED THEIR POST-RULE 68 OFFER COSTS, INCLUDING ATTORNEY FEES

#### A. Standard for Rule 68 offers of judgment under the Copyright Act

Rule 68 of the federal rules of procedure is designed "to encourage settlements and avoid protracted litigation." Fed. R. Civ. P. 68**Error! Bookmark not defined.**, Advisory Committee

Note to 1946 Amendment. To accomplish that goal, a defendant may make an offer of judgment to a plaintiff and "allow judgment on specified terms." Id.  By its plain language, the rule results in a mandatory award of costs whenever a judgment that a plaintiff obtains is less than the offer. Danow v. Law Office of David E. Borback, PA, 634 F.Supp.2d 1337, 1341 (S.D. Fla. 2009) (citing Jordan v. Time Inc., 111 F.3d 102, 105 (11th Cir. 1997)). The rule is non-discretionary, and whenever applicable, the court must award costs to the defendant. Id. The Rule 68 offer becomes effective and enforceable when the offer is more than the "judgment obtained" by the offeree. Id.

In copyright cases in particular, Rule 68 implicates not only taxable costs, but that which is definitionally included within the term "costs" pursuant to the Copyright Act, 17 U.S.C. § 505 (2021). And costs includes attorney's fees. Jordan, 111 F.3d at 105 (reversing denial of fees to defendant and remanding for trial court to calculate the costs and fees). Because Section 505 includes attorney's fees as part of costs awardable in a copyright action, a plaintiff that rejects a Rule 68 offer who then obtains a "judgment" less than the offer becomes liable for a defendant's full costs, including attorney's fees post-offer. See id.

## B. Defendants made a Rule 68 offer to AAP which AAP did not accept, and that offer was more favorable than the judgment AAP obtained

Here, the defendants made an offer to plaintiff AAP on December 6, 2021. Ex. A. At that time, the operative pleading was AAP's amended complaint. [ECF 40]. The terms of the defendants' offer were to allow AAP to have a judgment entered against John Abdelsayed and Trends Realty USA Corp, jointly and severally, in the amount of $750, plus costs. Ex. A. Because AAP's infringement claims included a prayer for attorney fees, [ECF 40], and since fees are part of costs and costs must be included in a Rule 68 offer, the offer expressly included AAP's

attorney's fees.[1] The offer further included entitlement to AAP's costs, but did not include a sum certain as part of the $750 offered. See Arencibia v. Miami Shoes, Inc., 113 F.3d 1212 (11th Cir. 1997) (a Rule 68 offer cannot exclude costs, but they may be fixed post-acceptance by a court). Instead, the offer allowed the final judgment to include costs "in an amount to be agreed upon by Plaintiff and Defendants or, alternatively, as determined by the court." Ex. A. The December 6, 2021, offer was a fair offer based on AAP's actual damages-only case, whereby the defendants sought to avoid further litigation and ensure AAP received a just sum early in the case. The offer exceeded (1) AAP's own licensing rate for the subject image and its equivalent residential homes images; and (2) the going market rate for equivalent stock photography. See Decl. of Abdelsayed, [ECF 114] at ¶¶ 23-26 and Exs. A-6 to A-9 thereto.

AAP did not serve a written notice accepting the defendants' offer. AAP thus rejected that offer. Fed. R. Civ. P. 68(b). "[W]here a plaintiff's case for damages is weak, encouraging a plaintiff to carefully consider an offer of judgment is particularly important, and application of Rule 68's cost-shifting provisions effectuates that purpose." Tunison v. Continental Airlines Corp., 162 F.3d 1187, 1194 (D.C. Cir. 1998). After more than a year of further litigation, and in the face of numerous dispositive issues, AAP filed a motion for voluntary dismissal pursuant to Rule 41(a)(2). Pl.'s Mot. [ECF 155]. By that time, AAP could not unilaterally dismiss its infringement claims without either the consent of the defendants, or upon court order. Fed. R. Civ. P. 41(a). The defendants would not agree to permit AAP to dismiss its claims without AAP agreeing to pay the defendants their full costs, including a reasonable attorney fee, after having been subjected to significant and unnecessary effort and expense. Defs.' Mem. in Opp'n [ECF 158] and Defs.' Sur

---

[1] However, AAP could not claim fees by operation of 17 U.S.C. § 412, see Stipulation, [ECF 105], so the fees offered were essentially $0.

Reply [ECF 162]. AAP ultimately obtained a court order allowing it to dismiss, [ECF 170], and a final order closing the case [ECF 172] (collectively, the "Orders"). While not a money judgment, the Orders are each separately and collectively judgments as defined by Rule 54, and judgments which AAP obtained. The defendants did not "obtain" the Orders because they expressly opposed them.

### C. The defendants' offer is enforceable because the dismissal orders are a "judgment" under Rule 54, entered by the court, and that which AAP requested and obtained

> #### 1. The order granting AAP's motion to dismiss and the Court's final order of dismissal are collectively and separately a "judgment"

Rule 68 does not define "judgment." See Fed. R. Civ. P. 68. Instead, it speaks generally in terms of "the judgment that the offeree finally obtains." See Fed. R. Civ. P. 68(d). A plain reading of the rule reveals that for a Rule 68 offer to be enforceable, the plaintiff must obtain a "judgment" and that "judgment" must be something which the plaintiff "obtains."

Rule 68 does not define or limit what a judgment is, and therefore the definition of judgment under Rule 54 applies. Fed. R. Civ. P. 54(a) (defining what a judgment means "as used in these rules"). According to Rule 54's definition, a "judgment" includes "any order from which an appeal lies." Id. Notably, certain orders come within that definition by its plain language, and they are not limited to only those orders which are appealable. Keith Mfg. Co. v. Butterfield, 955 F.3d 936, 940 (Fed. Cir. 2020) (analyzing definition of judgment under Rule 54 and concluding that "some non-appealable orders can still constitute a judgment"); accord Patel v. U.S. Attorney Gen., 971 F.3d 1258, 1273-75 (11th Cir. 2020) (en banc) (definitionally, a judgment can mean "any decision made by a court"), aff'd sub nom Patel v. Garland, 142 S.Ct. 1614 (2022); see also U.S. Sugar Corp. v. Commerce and Industry Ins. Co., no. 22-cv-21737 (S.D. Fla. Dec. 2, 2022) (Scola, J.) (disagreeing with this Court's ruling, [ECF 93], regarding partial judgments). Even a

court order entered on a stipulated dismissal with prejudice qualifies as a judgment for purposes of Rule 54. Keith, 955 F.3d at 940. And judgments, as defined by Rule 54, should not be confused with "final decision[s]" as contemplated under 28 U.S.C. § 1291; the former are broader than the latter. Id. Thus, a judgment "includes more than just appealable orders." Id.

Here, the Orders were final and are appealable. LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 603 (5th Cir. 1976) (an order granting a Rule 41(a)(2) motion "qualifies as a final judgment for purposes of appeal"). And any order following a contested motion for voluntary dismissal pursuant is a judicial "determination." Am. Cyanamid Co. v. McGhee, 317 F.2d 295 (5th Cir. 1963) (dismissal under Rule 41(a)(2) involves "[a]ll of the concepts and processes of judicial determination"). Consequently, the Court's initial January 4, 2023, order is, by definition, a judgment under Rule 54, and thus a judgment for purposes of Rule 68. So too is the later January 6, 2023, order.

### 2. The order granting AAP a dismissal and the final order of dismissal were judgments which AAP "obtained"

The Orders are also judgments which AAP "obtained," and clearly not that which the defendants obtained. Because AAP obtained no damages on the Orders it procured, they are less favorable than that which the defendants offered. They are judgments favorable to plaintiff. See LeCompte, 528 F.2d at 603 (a Rule 41(a)(2) dismissal "does not qualify as an involuntary adverse judgment"). And the defendants need not be adjudicated the prevailing party to trigger the applicability of Rule 68 in their favor. See Tunison, 162 F.3d at 1190, 1192-93 (finding that a $0 judgment in plaintiff's favor did not make her the prevailing party, and finding defendant's Rule 68 offer was enforceable).

First, the Orders provided relief which AAP requested by motion, as required by Rule 41.

Second, AAP could not unilaterally abandon its case because its opportunity to dismiss

without court order or consent of the defendants expired upon the filing defendants' answer. Fed. R. Civ. P. 41(a)(1)(A)(i). The defendants did not agree to AAP's proposed terms of dismissal, and AAP thus required a court order to obtain the relief it sought. Defs.' Opp'n, [ECF 158]. Clearly, the Orders are not something which the *defendants* obtained, since they neither requested them nor did they grant defendants the relief they sought. Id.

Third, the Orders themselves are court-sanctioned decisions which it had the discretion to deny. Fisher v. P.R. Marine Mgmt., Inc., 940 F.2d 1502, 1502 (11th Cir. 1991) ("A voluntary dismissal without prejudice is not a matter of right.").

Because the dismissal Orders are definitionally judgments which AAP obtained that are less favorable than the defendants' Rule 68 offer, the defendants must be awarded their full costs, including a reasonable attorney fee, pursuant to Jordan v. Time. This remains true irrespective of whether they are considered the prevailing parties given the procedural posture of this case.

## II.     DEFENDANTS SHOULD BE AWARDED ALL THEIR REASONABLE ATTORNEY'S FEES UNDER THE COPYRIGHT ACT, 17 U.S.C. §§ 505 AND 1203(B)(5)

### A. The Copyright Act provides for attorney's fees to a prevailing defendant

The Copyright Act provides that a court, in its discretion, "may allow the recovery of full costs by or against any party." 17 U.S.C. § 505. Included as part of costs is a reasonable attorney's fee "as part of the costs." CMI removal claims include the same fee-shifting provision. 17 U.S.C. § 1203(b)(5).

In copyright infringement disputes, "most courts have observed that '[attorney fees] are the rule rather than the exception and should be awarded routinely.'" Home Design Servs., Inc. v. Turner Heritage Homes, Inc., No. 08-cv-355 (N.D. Fla. July 26, 2017) (quoting Dream Custom Homes, Inc. v. Modern Day Constr., Inc., no. 08-cv-1189, 2011 WL 7764999, at *5 (M.D. Fla.

July 12, 2011)). Ultimately, "[t]he touchstone of attorney's fees under § 505 is whether imposition of attorney's fees will further the interests of the Copyright Act ..." <u>MiTek Holdings, Inc. v. Arce Eng'g Co.</u>, 198 F.3d 840, 842 (11th Cir. 1999). It does so here.

And in some circumstances, such as here, a defendant can be considered a prevailing party even where a plaintiff "obtains" the judgment for purposes of Rule 68. <u>Cf</u>. <u>UMG Recordings, Inc. v. Shelter Capital Partners</u>, 718 F.3d 1006, 1035-36 (9th Cir. 2013) (observing in dicta that a defendant could be "'the prevailing party on the core issue in the litigation' for § 505 purposes" while also being eligible for costs under Rule 68, and remanding). Stated differently, a plaintiff can invite a Rule 54-defined judgment which implicitly recognizes the defendant is the prevailing party, such as here by a late stage decision to abandon its case, paying the defendant's costs, and conceding a subsequent case would be a materially different legal theory than the one it is abandoning. Doing so under those circumstances makes a plaintiff like AAP simultaneously liable for costs under Rule 68 and liable for fees under a prevailing party statute. Attorney fees pursuant to Rule 68 and § 505 are not mutually exclusive under the facts of this case.

**B. The defendants are the prevailing parties on AAP's infringement claims as a matter of law and based on common sense**

*1. The statute of limitations has run and therefore the dismissal is with prejudice*

First, the defendants are the prevailing parties as a matter of law notwithstanding the decretal language "without prejudice" appearing on the Orders. This is because a dismissal without prejudice after the statute of limitations has run makes such a dismissal effectively *with* prejudice since a plaintiff cannot refile the same action outside the limitations period. <u>Burden v. Yates</u>, 644 F.2d 503, 505 (5th Cir. 1981); <u>Kernel Records Oy v. Mosley</u>, No. 9-cv-21597, 2013 U.S. Dist. LEXIS 99094 at *14-19 (S.D. Fla. July 16, 2013).

Under the Copyright Act's statute of limitations, "[n]o civil action shall be maintained ...

unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). "The 'standard rule' is that a claim accrues 'when the plaintiff has a complete and present cause of action.'" Gabelli v. SEC, 568 U.S. 442, 448 (2013) (Roberts, C.J.). While the Supreme Court has "not passed on the question" of the so-called discovery rule under the Copyright Act, it nevertheless noted the general rule that "[a] copyright claim ... 'accrue[s]' when an infringing act occurs." Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 670 (2014). It later reiterated that a discovery rule "is not a universal feature of statutes of limitations" and that it "is not ordinarily true" that the statute of limitations begins to run "when 'a plaintiff knows of a cause of action.'" SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC, 137 S.Ct. 954, 962 (2017) (Alito, J.). Consistent with that understanding, the Supreme Court has tended to reverse courts' "[a]textual judicial supplementation" when they add a discovery rule onto a statute of limitations where none is provided. Rotkiske v. Klemm, 140 S.Ct. 355, 360 (2019) (Thomas, J.). These clear pronouncements from the Supreme Court were recognized by Judge Murphy in his concurrence in Everly v. Everly, 958 F.3d 442, 460-62 (6th Cir. 2020) (noting the divergence of circuit court decisions from Supreme Court precedent and the high court's continued "squelch[ing]" of such atextual decisions).

The plain language of § 507(b) includes no discovery or knowledge provision. Consistent with that plain language, the former Fifth Circuit concluded that the prior 1909 Copyright Act's limitations period began to run based on the *occurrence* of the alleged injury, rejecting the plaintiff's knowledge as its trigger by noting there was no case of equitable tolling demonstrated by the plaintiff. Prather v. Neva Paperbacks, 446 F.2d 338, 339 (5th Cir. 1971).[2] Following Prather,

---

[2] The 1909 Act is effectively-identical to the current statute. Compare the 1909 Act ("No civil action shall be maintained under the provisions of this title unless the same is commenced within three years after the claim accrued."), 17 U.S.C. § 115(b) (1971) with the 1976 Act ("No

and consistent with the Supreme Court's admonishment that an "expansive approach to the discovery rule is a 'bad wine of recent vintage,'" TRW Inc. v. Andrews, 534 U.S. 19, 37 (2001) (Scalia, J., concurring in judgment), the Eleventh Circuit has made clear that a "court should not graft a discovery rule onto a statute of limitations." Foudy v. Indian River Cnty. Sheriff's Office, 823 F.3d 590, 593-94 (11th Cir. 2016). The Eleventh Circuit recently discussed the differences between the injury and discovery rules in dicta in Nealy v. Warner Chappell Music, Inc., no. 22-13232 slip op. at 14-16 (Feb. 27, 2023), after making clear that Webster v. Dean Guitars controlled its decision because the gravamen of the case concerned a dispute over copyright ownership, not infringement, id. at 10.

Thus Prather, as read together with Gabelli and Rotkiski, makes clear that a claim for copyright infringement runs from its occurrence (injury) based on the plain language of § 507(b), and not the plaintiff's knowledge. The Eleventh Circuit also reads Petrella as standing for that same conclusion, even though that is the holding of Petrella given its laches-only decisional scope. Nealy, no. 22-13232 slip op. at 14 ("the [Petrella] Court made its statements in the context of a claim that was timely *because of the injury rule*") (emphasis in original).

Here, the statute of limitations ran not later than June 14, 2021, because AAP's infringement claim accrued at least by that date: the last conceivable moment of any volitional act. A copyright infringement claim accrues when "conduct **by a person** [] causes" the infringement. CoStar Group, Inc. v. LoopNet, Inc., 373 F.3d 544, 549-50 (4th Cir. 2004) (emphasis supplied). Subsequent views of a digital work online by users were not *new* harm "over and above the harm that the earlier acts caused." Cf. Klehr v. A.O. Smith Corp., 521 U.S. 179, 190 (1997). A claim for

---

civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."), 17 U.S.C. § 507(b) (2021). The sole textual difference is that "the same" was replaced with "it."

display-type infringement under § 106(5) does not accrue upon the audience's perception. Instead, the display of an image placed on a public website that is left unattended to and effectively unchanged occurs once (when uploaded and made part of the site), and does not reoccur each time a user queries the server, just like a printed storefront display does not become a separate volitional act of infringement anew at the gaze of each passerby. See Wolf v. Travolta, 167 F.Supp.3d 1077, 1099 n.13 (C.D. Cal. 2016).

Thus, the statute of limitations has run and AAP's dismissal is, as a matter of law, with prejudice—effectively making the defendants the prevailing parties.

### 2. *AAP did not own the copyright it sought to enforce, thus AAP's infringement claims failed on the merits*

The dismissal is also effectively with prejudice as a matter of law because AAP had no copyright and thus no standing to bring suit. Where a plaintiff does not own the copyright it seeks to enforce, it also has no standing to bring suit. Cf. Prof'l LED Lighting, Ltd. v. Aadyn Tech. LLC, 88 F.Supp.3d 1356 (S.D. Fla. 2015) (dismissing copyright infringement claim with prejudice for lack of ownership of copyright) (citing HyperQuest, Inc. v. N'Site Solutions, Inc., 632 F.3d 377, 381 (7th Cir. 2011) ("someone who does not [have enforceable rights] has failed to state a claim upon which relief may be granted")); see also Small Justice LLC v. Xcentric Ventures LLC, 873 F.3d 313, 327-28 (1st Cir. 2017) (rejecting the plaintiff's claim that the defendant was not the prevailing party because the case was resolved on the basis of standing). The issue of AAP being able to state a claim goes hand-in-hand with subject matter jurisdiction, the latter of which can be raised at any time while the lack of a copyright adjudicates both. Because federal courts have limited jurisdiction, "[i]t is to be **presumed that a cause lies outside this limited jurisdiction** and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted, emphasis supplied).

AAP failed to satisfy its burden or overcome the presumption.

AAP does not have a copyright in the digital graphics work created by Creative Retouch Studio ("CR Studio"). See Defs.' Mot. to Dismiss, [ECF 138] and Defs.' 2d Renewed Mot. for Summ. J. [ECF 164]. The declaration of Yogesh Parmar, filed by AAP in opposition, [ECF 140-1], could not, as a matter of law, create any genuinely disputed fact as to the authorship of the amalgamated *new* work because he had no personal knowledge of the subject image—stating in paragraph six his recollection in the first person plural "we".[3] That was the sole purported (inadmissible[4]) evidence on which AAP relied to prove its ownership the registered work. Even if taken at face value and held admissible nevertheless proves that AAP owned no copyright in the registered work because the declaration establishes that someone with CR Studio created the work, not Robert Stevens.

While the Court did not officially pass on the defendants' jurisdictional arguments at the January 3, 2023, hearing, it may still do so, Fed. R. Civ. P. 12(h)(3), as can an appellate court. Univ. of S. Ala. v. Am. Tobacco Co., 168 F. 3d 405, 408-09 (11th Cir. 1999) (the trial court erred when it "did not reach the question" of its subject matter jurisdiction because it adjudicated substantive issues under Rule 41(a) instead of remanding to state court).

AAP also conceded the ownership issue, arguing that it would instead refile a different suit based on a different right (registration) altogether. Pl.'s Opp'n [ECF 155] at p.12 ("Dismissal will

_____

[3] Apparently in reference to CR Studio, which itself was also never established as to any specific entity. That Mr. Parmar could not identify the human author of the registered work many years after its creation is, unfortunately, AAP's problem, not the defendants'. Further undermining the veracity of the English language affidavit is the testimony of Robert Stevens, who stated "I know **they don't speak English**." Dep. Tr. [ECF 103-1] at 55:23.

[4] The declaration's assertions as to the authorship issue specifically are not based on personal knowledge and are hearsay in any event. It was not admissible evidence in the first place that could create a disputed factual issue for trial.

likewise allow Plaintiff, if it chooses to re-file this lawsuit at a later date, to directly register the infringed photograph"). Accordingly, the defendants are the prevailing parties as a matter of law due to AAP's lack of a copyright in the graphics work on which it brought suit.

### 3. The defendants' efforts prevented a material alteration between the parties and rebuffed all of AAP's claims

Finally, the defendants are also the prevailing parties by common sense. What is unmistakably clear is that the dismissal AAP obtained through court order did not result in it obtaining the objectives it sought out to achieve: securing a six-figure damages award, plus attorney's fees and costs from the defendants. [ECF 1] and [ECF 40]. The defendants effectively rebuffed AAP's claims.

Copyright defendants are treated on equal footing as plaintiffs so that they are "encouraged to litigate [meritorious copyright defenses] to the same extent that plaintiffs are encouraged to litigate meritorious claims of infringement." Kirtsaeng v. John Wiley & Sons, Inc., 136 S.Ct. 1979, 1985 (2016) (quoting Fogerty v. Fantasy, Inc., 510 U.S. 517, 527 (1994)) (alteration in original). However, the measure of a plaintiff's versus a defendant's success for purposes of identifying a prevailing party differ, since they "come to court with different objectives." CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419, 431 (2016). With respect to a defendant, their goals are essentially to resist the plaintiff's claims. Id. Thus, non-merits reasons can result in a defendant being considered a prevailing party. Id. Common sense shows that a defendant need not obtain a material alteration, since that is not a defendant's objective. Id.; see also Beach Blitz Co. v. City of Elizabeth, 13 F.4th 1289, 1297, 1298 (11th Cir. 2021) (quoting CRST and framing the inquiry as "a practical examination of whether the 'case [was] resolved in the defendant's favor'"). In fact, the analysis is the exact opposite of a plaintiff: a defendant need *not* effect a material change, but instead "fulfill[s] its primary objective **whenever the plaintiff's [claim] is rebuffed**, irrespective of the

precise reason for the court's decision." Id. Section 505 provides an "incentive to the winner ... whether the case happens to decide a landmark issue of copyright law or, in the end, turns on matters that have nothing to do with the statute." InveSys, Inc. v. McGraw-Hill Cos., 369 F.3d 16, 20 (1st Cir. 2004) (identifying various events in dicta in which "surely the winner could claim attorney's fees and costs" such as defaults or sanctions-based conclusions to cases); accord Mostly Memories, Inc. v. For Your Ease Only, Inc., 526 F.3d 1093, 1099 (7th Cir. 2008) (a copyright infringement defendant is the prevailing party "when a case is dismissed because the plaintiff 'threw in the towel'—that is, where the dismissal is on the plaintiff's own motion").

Here, the defendants certainly did rebuff AAP's infringement and CMI removal claims. They did not pay AAP anything. Not one cent. To the contrary, AAP paid the defendants nearly all of their costs. And the condition accompanying any refiling of AAP's claims (that it would be required to pay the defendants' fees in this lawsuit) makes clear AAP will never, practically speaking, ever refile, since the purported basis of its present dismissal was to avoid continued litigation, and it will never be entitled to statutory remedies; its case would still be an actual damages only suit. AAP's claims were abandoned in direct response to the efforts of the defendants, which AAP conceded. Pl.'s Mot. [ECF 155] (purportedly seeking dismissal to avoid "further onslaughts and novel legal arguments"). Notably, AAP did not predicate its dismissal on a blown filing deadline or tactical misstep by its attorneys. Instead, (1) it abandoned its CMI removal claim because it knew it was frivolous, and a year later (2) finally abandoned its infringement claims because the defendants' refusal to give in to AAP's settlement demand of $35,000 led to its discovery of the truth behind its non-ownership of the copyright and zero damages. The timing of its request also came on the heels of the Court's denial without prejudice of the defendants' motion to dismiss and renewed motion for summary judgment—and critically,

the latter of which it never responded to while knowing the defendants would refile as soon as possible. Regardless of the commonsense reasons for AAP's abandonment of its case at the procedurally most opportune time, claims need not be rebuffed on the merits for a defendant to be deemed prevailing; procedural reasons are sufficient. A "practical examination" here shows that the defendants won. Beach Blitz, 13 F.4th at 1298. AAP won nothing. AAP paid the defendants thousands of dollars in costs. And AAP will never refile its claims.

Finally, the order allowing AAP to dismiss as well as the final order each separately and collectively constituted a judicially sanctioned result—that is, it adjudicated AAP's concession to pay the defendants' costs and the dismissal relief was not something which AAP alone could have unilaterally obtained. See Section I.C.2., *supra*. They include the judicial "sanction" or "imprimatur"[5] required by Buckhannon Bd. & Care Home, Inc. v. W. Va Dep't of Health and Human Res., 532 U.S. 598 (2001) given the decretal language "**ORDERED AND ADJUGED**" on the January 4, 2023, order, [ECF 170] and that the case was "**DISMISSED WITHOUT PREJUDICE**" followed by "**DONE AND ORDERED**" on the January 6, 2023, order, [ECF 172]. See Am. Disability Ass'n, Inc. v. Chmielarz, 289 F.3d 1315, 1319 (11th Cir. 2002) (judicial action other than a judgment on the merits or a consent decree can support an award of attorney's fees, so long as such action carries with it sufficient judicial imprimatur). Because the defendants completely rebuffed all of AAP's claims, as memorialized in the judicially sanctioned dismissals, they are the prevailing parties in this lawsuit under 17 U.S.C. §§ 505 and 1203(b)(5).

---

[5] The Supreme Court has variously described this phrase alternatively as "judicial sanction." E.g., Cabonell v. INS, 429 F.3d 894, 901-02 (9th Cir. 2005). The word "imprimatur" merely means "let it be printed." Webster's Seventh New Collegiate Dictionary, 420 (1969).

**C. The Copyright Act's purposes are served by awarding the defendants their full costs, including attorney's fees**

A number of non-exclusive factors "inform a court's fee-shifting decisions" in copyright cases, including 'frivolousness, motivation, objective unreasonableness[,] and the need in particular circumstances to advance considerations of compensation and deterrence.'" <u>Kirtsaeng</u>, 136 S.Ct. at 1985 (quoting <u>Fogerty</u>); <u>see also</u> <u>InvesSys</u>, 369 F.3d at 20 (§ 505 exists to provide an incentive which "is present whether the case happens to decide a landmark issue of copyright law or, in the end, turns on matters that have nothing to do with the statute"). In the Southern District of Florida, fees in copyright cases under § 505 are awarded routinely "to compensate the prevailing party." <u>Arista Records, Inc. v. Beker Enters., Inc.</u>, 298 F. Supp. 2d 1310, 1315-16 (S.D. Fla. 2003). Because AAP has repeatedly benefitted from this very law on multiple uncontested default judgments,[6] it should also suffer the same risk with equal force upon *its* abandonment—just as do defendants who never appear and defend.

Here, AAP's CMI removal claim was admittedly a "throw away claim" per its own counsel. Mr. Stevens also said "I admit that the version we sent [for the property listing] didn't have the CMI." Dep. Tr. of Robert Stevens, Aug. 16, 2022, [ECF 136-1] at 157:14. That information was known to AAP *before* its CMI claim was filed and his statement shows that AAP approached this case with malintent. It demanded grossly excessive settlements despite knowing at the outset that its case was an actual damages only case and included a frivolous CMI removal claim. Notably, the defendants' uncovering serious problems with AAP's portfolio of works (e.g., its lack of ownership) seems to have impacted AAP's copyright litigation business model: AAP

---

[6] <u>E.g.</u>, <u>Affordable Aerial Photography, Inc. v. Win Capital, LLC</u>, no. 21-cv-22671 (S.D. Fla. Aug. 5, 2022) (report and recommendation awarding AAP $120,000 in damages and $4,839.80 in fees and costs on default judgment), <u>adopted</u>, (Sept. 1, 2022) (Martinez, J.).

has a long history of filing copyright infringement lawsuits on a near-weekly basis, but that ceased within days after the defendants took Robert Stevens' deposition, until just recently, and cases it has filed since then do not appear to include works created by CR Studio.[7]

AAP also improperly continued to press its claim to statutory remedies predicated on an unreported Texas decision denying a motion to dismiss—far and away contrary to well-established multi-circuit law. See Pl.'s Mot. to Dismiss [ECF 155] at 6. AAP abandoned those remedies by May 3, 2022, after facing the possibility of Rule 11 sanctions.  See Stipulation [ECF 105]. The defendant's counterclaims had been dismissed by that time. See Order [ECF 93]. So under no circumstances did it make sense for AAP to continue litigating its remaining infringement claims thereafter. Yet it did, and in aggressive fashion. See Ex. A-2 ("AAP will not be filing a Rule 41 motion. Further, to the extent unclear, any settlement offer/demand previously made by AAP is hereby revoked."). And the defendants incurred the majority of their effort (nearly 500 hours' worth) *after* that time—a time when AAP's own attorney fees surely outstripped whatever it hoped to gain in damages (the purported basis for its request to voluntarily dismiss, "simply not worth the continued effort" [ECF 155] at 3). The subject work was also not some core asset in its portfolio that would have made sense for it to continue its investment in a diminishing returns loss-leader lawsuit. All objective signs showed that AAP was at least reckless, if not improperly motivated, repeatedly demanding extortionate settlements and referring to the defendants as thieves. E.g., Pl.'s Mot. for Sanctions [ECF 47] at 3 ("committing rampant theft"). AAP had the ability to request dismissal before dispositive motion practice, but it knowingly refused to do so. Even after the defendants identified that the registered work was not the same as what was uploaded to the MLS

---

[7] The new cases appear to be based on images that CR Studio was likely uninvolved with, either predating (2010) AAP's use of CR Studios, being aerial shots, or created after AAP's ownership issues were revealed.

listing—which the Court correctly observed "str[uck] at the heart of Plaintiff's copyright infringement claims, [ECF 95]—AAP pressed on.

Unsurprisingly, the defendants were forced to move forward in the face of such statements in an effort to rebuff AAP's claims. They did so through multiple rounds of summary judgment motions, discovery necessitated by false affidavits of Robert Stevens, and further effort to learn the truth about the registered work's origins in India by an unrelated third party.

Awarding the defendants a reasonable attorney fee as the prevailing parties is consistent with the Copyright Act and the goals of predictability for litigants regarding fees decisions. Kirtsaeng, 136 S.Ct. at 1986. The defendants did exactly what the purpose of § 505 is for a defendant: "a person defending against a patently meritless copyright claim has every incentive to keep fighting, no matter that attorney's fees in a protracted suit might be more costly than a settlement." Id. at 1986-87. This is such a case.

## CONCLUSION

This case should never have been brought based on AAP's lack of copyright and lack of CMI on its own image, and it certainly should have settled for a fair sum of a few hundred dollars before significant litigation ensued—litigation driven by plaintiff AAP in abusive fashion rather than in pursuit of fair recompense for an unremarkable utilitarian photograph of a home. AAP rejected the defendants' fair offer pursuant to Rule 68, and ultimately requested (and obtained) a Rule 54 defined judgment. Notwithstanding the judgment AAP obtained, the case was effectively adjudicated with prejudice due to the running of the statute of limitations and AAP's lack of ownership of copyright in the registered work. There are certain cases, such as this, where a plaintiff obtains a judgment for purposes of Rule 68, while the defendant is also considered the prevailing party, making a plaintiff dually liable under Rule 68 and the substantive fee-shifting statute. The defendants are simultaneously entitled to their post-offer costs under Rule 68 and

attorney fees under § 505 as the prevailing parties as a matter of law. Commonsense also shows the defendants prevailed because they rebuffed AAP's claims. The Copyright Act's purposes are furthered by awarding the defendants a reasonable attorney fee.

**WHEREFORE**, John Abdelsayed and Trends Realty USA Corp respectfully request the Court grant this motion and enter an order finding they are entitled to a reasonable attorney's fee from and including December 6, 2021, to date pursuant to Rule 68, and also a reasonable attorney's fee for defending against plaintiff Affordable Aerial Photography's CMI removal claim and infringement claims pursuant to § 505 of the Copyright Act; and for such further relief as the Court deems just and proper.

　　／s/ Griffin Klema　　　　
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendants

## LOCAL RULE 7.3 CROSS-REFERENCE LIST

Pursuant to Local Rule 7.3(a) the following are included in the foregoing memorandum of law, and specifically noted:

1. **Identify the judgment or order which gives rise to the motion**: (a) order granting AAP's motion to amend its complaint to dismiss its CMI removal claim [ECF 38]; (b) order granting AAP's motion for voluntary dismissal [ECF 170]; and (c) order closing case [ECF 172].

2. **Identify the statute, rule, or other grounds entitling the moving party to fees**: Fed. R. Civ. P. 68 and 17 U.S.C. §§ 505 and 1203(b)(5).

3. **Explain the grounds entitling the moving party to the award**: *supra*, Sections II.A.2 and II.B.2.

4. **State the amount sought**: n/a due to order bifurcating entitlement from amount. [ECF 174].

5. **Disclose the terms of any applicable fee agreement**: n/a due to order bifurcating entitlement from amount. [ECF 174].

6. **Provide the identity, experience, and qualifications for each timekeeper for whom fees are sought, provide the number of hours reasonably expended by each such timekeeper, a description of the tasks done during those hours, and the hourly rate(s) claimed for each such timekeeper**: n/a due to order bifurcating entitlement from amount. [ECF 174].

7. **Describe and document, with invoices, all incurred and claimed fees and expenses not taxable under 28 U.S.C. § 1920**: n/a due to order bifurcating entitlement from amount. [ECF 174].

<center>**VERIFICATION**</center>

Pursuant to 28 U.S.C. § 1746, I verify under penalty of perjury that the foregoing is true and correct. Executed on March 3, 2023.

<div align="right">
  __/s/ Griffin Klema_____<br/>
  Griffin C. Klema, Esq.
</div>

<center>**CERTIFICATE OF CONFERRAL**</center>

I HEREBY CERTIFY that a draft of this motion, together with accompanying exhibits was served on plaintiff Affordable Aerial Photography, Inc., via its counsel of record in this action, on February 3, 2023.

<center>Page 19</center>

On February 11, 2023, counsel for AAP served the defendants with AAP's Local Rule 7.3(b) written response to the defendants' draft motion. AAP's written response regarding entitlement (omitting portions relating to amount) is attached to this motion as Exhibit B. The parties conferred by telephone on February 13, 2023, and were not able to reach agreement on the issues of entitlement, and deferred conferral on amount pending the Court's adjudication of entitlement.

___/s/ Griffin Klema_____
Griffin C. Klema, Esq.

## CERTIFICATION OF SERVICE

I HEREBY CERTIFY that a true and correct copy of a draft of the foregoing was served by email, pursuant to Fed. R. Civ. P. 5(b)(2) and Local Rule 7.3(b) on February 3, 2023, on all counsel or parties of record on the Service List below.

I FURTHER CERTIFY that a true and correct copy of the foregoing was served by email, via CM/ECF pursuant to Fed. R. Civ. P. 5(b)(2) on March 3, 2023, on all counsel or parties of record on the Service List below.

___/s/ Griffin Klema_____
Griffin C. Klema, Esq.

## Service List

**COPYCAT LEGAL PLLC**
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
Daniel DeSouza, Esq.
Florida Bar No.: 19291
James D'Loughy, Esq.
Florida Bar No.: 0052700

dan@copycatlegal.com
james@copycatlegal.com
*Attorneys for Plaintiff*

**KLEMA LAW, P.L.**
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
PO Box 172381
Tampa, FL 33114-1131
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Defendants*

# Docket No. 176-1

**Docket No. 176-1**

# Exhibit A

Exhibit A

**Exhibit A**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-CV-81331**

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,

      Plaintiff and Counter-Defendant,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,

      Defendants and Counter-Plaintiffs.

-----------------------------------------------------------------------------

TRENDS REALTY USA CORP, and
JOHN ABDELSAYED

      Third Party Plaintiffs,

v.

ROBERT STEVENS,

      Third Party Defendant.

_____

**<u>DEFENDANTS TRENDS REALTY CORP'S AND JOHN ABDELSAYED'S
RULE 68 OFFER OF JUDGMENT
TO PLAINTIFF AFFORDABLE AERIAL PHOTOGRAPHY INC</u>**

      Defendants John Abdelsayed and Trends Realty USA Corp (collectively, "Defendants"), pursuant to Fed. R. Civ. P. 68, without admitting any liability, hereby offer to allow judgment to be entered against them and in favor of plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") on the Amended Complaint [ECF 40].

1.      This offer of judgment is made by Defendants to Plaintiff.

2.      Judgment shall be entered against Defendants, jointly and severally, in the total amount of seven hundred fifty dollars and zero cents ($750.00) for damages on Plaintiff's Amended Complaint [ECF 40], inclusive of attorney's fees.

3.      This offer of judgment includes any and all damages sought by Plaintiff in this action against Defendants, including any and all claims for monetary damages, punitive damages, expenses, interest, and attorney's fees. There are no non-monetary terms other than as may be required by Rule 68.

4.      In addition, the judgment entered against Defendants shall include an amount for Plaintiff's costs, exclusive of attorney's fees, incurred in connection with Plaintiff's prosecution of its two claims in the Amended Complaint, through the date of Plaintiff's acceptance of this offer of judgment, in an amount to be agreed upon by Plaintiff and Defendants or, alternatively, as determined by the court.

5.      This offer of judgment is made solely for the purposes specified in Fed. R. Civ. P. 68 and is not an admission of liability by Defendants or that Plaintiff has suffered any damages.

6.      For avoidance of doubt, this offer of judgment in no way affects or resolves Plaintiff's prior claim in the original complaint [ECF 1] for removal of copyright management information pursuant to 17 USC § 1202.

                                             __/s/ Griffin Klema_____
                                             Griffin C. Klema, Esq.
                                             Fla. Bar No. 100279
                                             Griffin@KlemaLaw.com
                                             **Klema Law, P.L.**
                                             PO Box 172381
                                             Tampa, FL 33672
                                             420 W. Kennedy Boulevard

Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendants &
Counterclaimants


## CERTIFICATION OF SERVICE

I HEREBY CERTIFY I hereby certify that a true and correct copy of the foregoing

was served by email and U.S. First Class Mail, pursuant to Fed. R. Civ. P. 5(b)(2) and

Local Rule and 5.2(a) on December 6, 2021, on Affordable Aerial Photography, Inc.

**COPYCAT LEGAL PLLC**
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
Daniel DeSouza, Esq.
Florida Bar No.: 19291
James D'Loughy, Esq.
Florida Bar No.: 0052700
dan@copycatlegal.com
james@copycatlegal.com
Attorneys for Affordable Aerial Photography, Inc.

      /s/ Griffin Klema
Griffin C. Klema, Esq.

**Griffin C. Klema, Esq.**

| | |
|---|---|
| **From:** | Griffin C. Klema, Esq. <griffin@klemalaw.com> |
| **Sent:** | Monday, December 6, 2021 3:56 PM |
| **To:** | 'Daniel DeSouza'; 'James D'Loughy'; 'Denise Sosa'; 'Hali Thomas'; 'Fernando Baez' |
| **Subject:** | SERVICE OF COURT DOCUMENT - CASE NO. 9:21-cv-81331-AMC |
| **Attachments:** | 21-CV-81331 DE __ - Rule 68 offer 2021-12-06 joint.pdf |

| | |
|---|---|
| **Court:** | The United States District Court for the Southern District Of Florida |
| **Case No.:** | 9:21-cv-81331-AMC |
| **Plaintiff(s):** | Affordable Aerial Photography, Inc. |
| **Defendant(s):** | John Abdelsayed and Trends Realty USA Corp |
| **Title of Document(s):** | Defendants' Rule 68 Offer of Judgment to Plaintiff |
| **Sender's Name:** | Griffin C. Klema, Esq. |
| **Sender's Telephone No.:** | (202) 713-5292 |



**GRIFFIN KLEMA**
Patent & Trial Attorney
**Klema Law, P.L.**

cell: 202-713-5292

video call:

Griffin@KlemaLaw.com

PRIVILEGE AND CONFIDENTIALITY NOTICE: This email may contain confidential or attorney-client privileged information, intended only for the intended individual or entity. If you are not the intended or original recipient, do not open any attachments, and do not forward this email. If you received this email by mistake, please notify Klema Law, P.L. immediately by reply email or by calling (202) 713-5292. Please delete this message, and any copies of it. Thank you.

# Docket No. 177

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-81331-AMC

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

     Plaintiff,

v.

JOHN ABDELSAYED and
TRENDS REALTY USA CORP,

     Defendants/Third-Party Plaintiff,

v.

ROBERT STEVENS,

     Third-Party Defendant.

_____

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANTS' MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES**

Plaintiff Affordable Aerial Photography, Inc. ("Plaintiff") hereby files this memorandum in opposition to defendants John Abdelsayed ("Abdelsayed") and Trends Realty USA Corp's ("Trends") (collectively, the "Defendants") Motion for Entitlement to Attorney's Fees (the "Motion") [D.E. 176], and states as follows:

**INTRODUCTION**

If at first you don't succeed, try, try again. Such is the motto of Defendants' counsel who is now seeking a second bite at the proverbial apple in an effort to obtain hundreds of thousands of dollars in attorneys' fees that Defendants themselves never incurred or paid. In granting Plaintiff's Motion to Voluntarily Dismiss the Amended complaint [D.E. 155], the Court specifically denied Defendants' request that dismissal be conditioned on the payment of their

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

purported fees.  Now, Defendants argue they are entitled to attorneys' fees as a result of their Rule

68 offer of judgment and through a flawed argument on the statute of limitations that has been

resoundingly rejected by every court to address the issue… including the Eleventh Circuit itself.

Suffice to say, the Motion should be denied and Defendants' counsel should find a hobby other

than harassing Plaintiff with baseless requests for fees.

## ARGUMENT

### I.    Defendants Misrepresent the Law Regarding Rule 68

Defendants dedicate several pages of the Motion to arguing that Plaintiff 'prevailed' on its

motion for voluntary dismissal and therefore Defendants are entitled to their attorneys' fees under

Fed. R. Civ. P. 68.  Defendants are wrong, and this is unfortunately not the first time they have

expressly failed to grasp the contours of or governing law concerning Rule 68.[1]  On their second

failure to understand Rule 68, Defendants now make a tortured argument that Plaintiff 'prevailed'

by obtaining a 'judgment' (the Order granting Plaintiff's motion to voluntarily dismiss).

Defendants cite no less than eight (8) federal cases from around the country in an effort to string

together an argument that an Order granting a plaintiff's request for voluntary dismissal constitutes

a 'judgment' on which a plaintiff prevailed, yet Defendants curiously ignore (or deliberately *fail

to disclose*) the abundance of caselaw squarely holding the opposite.

Indeed, Plaintiff need not build an argument on a flimsy house of cards (as Defendants

---

[1]    Defendants and their counsel previously boasted that they would prevail in this action and be awarded
attorneys' fees pursuant to their Rule 68 offer of judgment.  At that time, undersigned counsel was forced to explain
to Defendants and their counsel that Rule 68 is inapplicable where a defendant prevails.  See Day v. Sears Holdings
Corp., No. CV 11-09068 MMM (PJWx), 2013 U.S. Dist. LEXIS 194423, at *21 (C.D. Cal. May 28, 2013)
("Although defendants prevailed in this case, Rule 68 does not entitle them to nontaxable costs, despite the fact
that plaintiff rejected their offer of judgment."); Park Manor, Ltd. v. HHS, 495 F.3d 433, 437 (7th Cir. 2007) (Rule 68
"penalizes the greedy winning plaintiff but is inapplicable if the defendant wins.") (citing Delta Air Lines, Inc. v.
August, 450 U.S. 346 (1981)); MRO Communs., Inc. v. AT&T Co., 197 F.3d 1276, 1280 (9th Cir. 1999) ("Federal
Rule 68 is inapplicable in a case in which the defendant obtains judgment.").

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

have done).  Federal caselaw is ***crystal clear*** that an Order granting a plaintiff's motion to voluntarily withdraw ***does not*** trigger a Rule 68 offer of judgment.  See, e.g., Live Face on Web, LLC v. Renters Warehouse, LLC, No. 17-cv-2127 (WMW/KMM), 2018 U.S. Dist. LEXIS 248785, at *5 (D. Minn. Aug. 28, 2018) (holding that granting a plaintiff's motion to voluntarily dismiss under Rule 41(a)(2) would not trigger any right of the defendant to recover its costs under Rule 68 because the plaintiff did not recover a judgment more favorable than the defendant's $1.00 judgment); Webco Indus. v. Diamond, No. 11-CV-774-JHP-FHM, 2012 U.S. Dist. LEXIS 170381, at *11 (N.D. Okla. Nov. 30, 2012) ("If Webco were allowed to dismiss its claims without prejudice, then Defendants would be unfairly deprived of the benefits conferred upon them by Rule 68."); Jones v. Berezay, 815 P.2d 1072, 1074-75 (Idaho 1991) ("We find the analysis of the Supreme Court in Delta Air Lines to be persuasive. The Joneses did not obtain a judgment. The trial court merely allowed the Joneses to dismiss voluntarily. Because the order of dismissal did not specify otherwise, the dismissal was without prejudice.").  As succinctly stated in Live Face on Web, LLC:

> After a defendant files an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). A party may not voluntarily dismiss a case for the purpose of escaping an adverse decision or seeking a more favorable forum. Thatcher v. Hanover Ins. Grp., Inc., 659 F.3d 1212, 1213-14 (8th Cir. 2011). The decision to allow a party to voluntarily dismiss a case rests within the sound discretion of the district court. Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950 (8th Cir. 1999). When determining whether voluntary dismissal is warranted, courts consider three factors: (1) whether the plaintiff presents a proper explanation for its motion, (2) whether dismissal would result in a waste of judicial time and effort, and (3) whether dismissal would prejudice the defendants. Donner v. Alcoa, Inc., 709 F.3d 694, 697 (8th Cir. 2013). Here, Defendants argue that all three factors favor denying Live Face's motion for voluntary dismissal and that Live Face seeks to escape an adverse decision.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

*** 

> Second, Defendants' Rule 68 argument is foreclosed by the Delta Air Lines decision, in which the Supreme Court of the United States addressed the effect of a rejected Rule 68 offer after the plaintiff proceeded to trial and judgment for the defendant was entered. 450 U.S. at 348-49. Under those circumstances, Rule 68 does not require the plaintiff to pay the defendant's post-offer costs because "the plain language of Rule 68 confines its effects to [the type of case] in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer." Id. at 351; accord Tunison v. Cont'l Airlines Corp., 162 F.3d 1187, 1193-94 (D.C. Cir. 1998); La. Power & Light Co. v. Kellstrom, 50 F.3d 319, 333 (5th Cir. 1995) ("If a plaintiff takes nothing . . . Rule 68 does not apply."); see also Felders v. Bairett, 885 F.3d 646, 656 (10th Cir. 2018) ("Rule 68's role seems to be solely in the context of actual litigation—where plaintiff has proceeded through litigation to victory but with an award less than the pretrial Rule 68 offer of judgment.").

Live Face on Web, LLC v. Renters Warehouse, LLC, 2018 U.S. Dist. LEXIS 248785, at *2 – 5.

Notably, the Court's Order Following Motion Hearing [D.E. 170] does not *itself* dismiss the First Amended Complaint.  While the Order does grant Plaintiff's Motion to Voluntarily Dismiss the Amended Complaint, the Order directs Plaintiff (on or before January 6, 2023) to file a Notice of Voluntary Dismissal Without Prejudice with the various conditions imposed by the Court.  This, of course, matches the actual relief sought by the Motion to Voluntarily Dismiss the Amended Complaint.  See D.E. 155, at p. 15 ("For the foregoing reasons, the Plaintiff respectfully request that the Court enter an Order: (a) granting this Motion; (b) *allowing Plaintiff to file a Notice of Voluntary Dismissal without prejudice* within three days of such Order…."[2]  Plaintiff filed its Notice of Voluntary Dismissal Without Prejudice [D.E. 171] on January 4, 2023.  And it is unquestionable that a notice of voluntary dismissal without prejudice does not trigger a Rule 68 offer of judgment.  See Burke v. Furniture House of N.C., No. C-89-169-S, 1990 U.S. Dist. LEXIS

---

[2]    Emphasis added.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

17103, at *2 (M.D.N.C. Sep. 13, 1990) ("A voluntary dismissal without prejudice is not a 'judgment finally obtained' within the meaning of Rule 68."); McDermott v. Monday Monday, LLC, No. 17-CV-9230 (DLC), 2018 U.S. Dist. LEXIS 28664, at *7 (S.D.N.Y. Feb. 22, 2018) ("[A] voluntary dismissal without prejudice does not operate as a judgment."); Bennouchene v. Videoapp, Inc., No. 19-CV-6318 (GBD) (OTW), 2020 U.S. Dist. LEXIS 16201, at *3-5 (S.D.N.Y. Jan. 30, 2020) (same).

Plaintiff did not obtain a 'judgment' in its favor. Plaintiff sought and received authority from the Court to voluntarily dismiss without prejudice… in the naïve hope that it would be done litigating against Defendants and their counsel. Defendants' thirst for attorneys' fees they are not entitled to, however, seemingly knows no bounds. A tortured reading of Rule 68 is unnecessary here when several courts have already addressed and uniformly held that an Order granting a motion to voluntarily dismiss without prejudice does not trigger Rule 68. Nor has Defendant pointed to any caselaw contravening that a Notice of Voluntary Dismissal Without Prejudice (the actual procedural mechanism that terminated this case) likewise does not trigger Rule 68. Defendants' failure/refusal to reveal this legal authority to the Court and opt instead to cobble together a strained argument otherwise is, to say the least, troubling.

## II.    Defendants are Not Prevailing Parties for Purposes of a Fee Award

The Motion next argues that Defendants are prevailing parties and therefore entitled to attorneys' fees. Setting aside that the Motion ignores the Order granting Plaintiff's motion to voluntarily dismiss (which specifically considered and rejected an award of fees to Defendants), Defendants' argument here is not well-taken. In arguing that Defendants are prevailing parties, Defendants principally rely on the argument that an 'injury' rule (rather than a 'discovery' rule) applies for purposes of calculating the relevant statute of limitations. Because Defendants'

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

infringement commenced no later than 2018, the Motion argues that the statute of limitations expired no later than 2021 and therefore dismissal in this case was, in effect, with prejudice (therefore making Defendants prevailing parties for purposes of a fee award).

Notably, the Motion fails to disclose that the *same* motion is currently pending before the Court in Affordable Aerial Photography, Inc. v. Property Matters USA, LLC et al., Case No. 2:22-cv-14296-AMC.  The motion for attorneys' fees in that case is fully briefed with an evidentiary hearing set thereon before Judge McCabe on April 13, 2023.  Defendants' attorney (Griffin Klema, Esq.) is certainly acquainted with that case – he attended the February 22, 2023 oral argument on the motion and is working closely with Property Matters USA, LLC's attorney (Andrew Lockton, Esq.).  Curiously, Defendants did not believe it appropriate to notify the Court of this parallel proceeding that has progressed much further than the matter before the Court.

The matter before the Court is no different than the issue in Property Matters USA, LLC. The briefing in that case is equally applicable here… with *one exception*.  In Nealy v. Warner Chappell Music, Inc., No. 21-13232, 2023 U.S. App. LEXIS 4703 (11th Cir. Feb. 27, 2023), the Eleventh Circuit confronted a Circuit split (between the 2nd Circuit and 9th Circuit) as to whether the statute of limitations bars recovery for acts of infringement occurring more than three years before the suit's filing. In finding that no such damages bar exists (therefore aligning itself with the 9th Circuit), the Eleventh Circuit re-affirmed that the discovery rule applies to copyright claims primarily concerning ownership – while again relying on 17 U.S.C. § 507(b) (the only statute of limitations for copyright claims) to reach that conclusion.  Although Nealy does not directly apply the discovery rule to an *infringement* action (Nealy was an infringement action but the sole remaining issue was ownership), it leaves little doubt as to whether some different analysis of discovery vs. injury rule should be applied when interpreting the *same* statute of limitations.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

In any event, the Court need not evaluate the same issues in two different cases.  Either the discovery rule applies (as every federal circuit including the Eleventh Circuit has held) or the injury rule applies.[3]  Given that the issue is already fully briefed with a forthcoming evidentiary hearing in Property Matters USA, LLC, there is no need to address the issue herein.

That said, because Defendants have refused to acknowledge the parallel proceeding, Plaintiff will respond accordingly. Defendants are ***not*** prevailing parties and therefore not entitled to an award of attorneys' fees/costs under 17 U.S.C. § 505 (which provides that, "[e]xcept as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs").  The critical question regarding entitlement is thus whether dismissal "without prejudice" (as occurred here) bestows 'prevailing party' status on Defendants. It is black-letter-law that dismissal without prejudice "is insufficient to constitute a change in the legal relationship of the parties so as to satisfy the Buckhannon test because the plaintiff is free to refile its action."  Sream, Inc. v. SMOKE THIS TOO, LLC, No. 16-cv-61439-BLOOM/VALLE, 2017 U.S. Dist. LEXIS 109474, at *6 (S.D. Fla. July 14, 2017); see also George v. Wayman, No. 15-14435-CIV-MARTINEZ/LYNCH, 2016 U.S. Dist. LEXIS 175133, at *4 (S.D. Fla. Dec. 16, 2016) (finding that defendant in a copyright infringement action was not a "prevailing party" under § 505 following dismissal without prejudice of plaintiff's claims).

Here, Defendants ask the Court to look beyond the "without prejudice" nature of the dismissal and find that such dismissal was "with prejudice" due to the purported expiration of the

---

[3]       Even if the injury rule applies, at least one court has held that each day a photograph is published on a defendant's website, a separate accrual occurs with respect to a plaintiff's display/distribution rights.  See APL Microscopic, LLC v. United States, 144 Fed. Cl. 489, 493 (2019) (denying motion to dismiss where image was uploaded to website in 2004 and lawsuit was not brought until 2018 because each day the photograph remained on the website could constitute a violation of the plaintiff's display and distribution rights).  The law in this regard is by no means settled as other courts have disagreed with this conclusion.  See, e.g., Color Image Apparel, Inc. v. Jaeschke, No. 2:21-cv-07187-SVW-MAR, 2022 U.S. Dist. LEXIS 101960, at *6-7 (C.D. Cal. June 7, 2022).

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

statute of limitations.  The Copyright Act's statute of limitations is set forth in 17 U.S.C. § 507(b) and provides: "No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."  Because Defendants assert that a claim for copyright infringement 'accrues' on the date of infringement and that the infringement here commenced at least as early as 2018, Defendants assert that the statute of limitations for re-filing has expired and the dismissal "without prejudice" was, in effect, a dismissal "with prejudice." Defendants are incorrect.

The dismissal here was clearly "without prejudice."  As stated in Tomelleri v. Natale, No. 9:19-CV-81080, 2022 U.S. Dist. LEXIS 65893 (S.D. Fla. Feb. 18, 2022), "the critical question here is whether the statute of limitations had run on Plaintiff's claims against each Defendant at the time that the order of dismissal was entered." Tomelleri, 2022 U.S. Dist. LEXIS 65893, at *6. Although the Motion suggests that a claim accrues when the injury occurs, Tomelleri and every other court in this Circuit has held differently:

> To date, neither the Supreme Court nor the Eleventh Circuit has ruled definitively on what test for "accrual" applies in copyright infringement claims.  However, *the Southern District of Florida has consistently applied the discovery rule*, which provides that a copyright infringement claim accrues when plaintiff learned of or, in the exercise of reasonable diligence, should have learned of the alleged infringement.

Id. at *6–7 (S.D. Fla. Feb. 18, 2022) (emphasis added); see also Athos Overseas, Ltd. v. YouTube, Inc., No. 1:21-cv-21698-GAYLES/TORRES, 2022 U.S. Dist. LEXIS 57302, at *11 (S.D. Fla. Mar. 29, 2022) ("Therefore, based on the Complaint, Plaintiff's copyright infringement cause of action began accruing as early as 2015 when Plaintiff knew or should have known of the alleged infringement."); Music v. Atl. Recording Corp., No. 1:18-cv-25474-RAR, 2021 U.S. Dist. LEXIS 43980, at *62 (S.D. Fla. Mar. 8, 2021) (applying discovery rule to copyright infringement

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

claim); <u>Wilson v. Kelly</u>, No. 1:18-CV-05014-JPB, 2020 U.S. Dist. LEXIS 258889, at *16 (N.D. Ga. Mar. 5, 2020) (″Civil actions for copyright infringement must be 'commenced within three years after the claim accrued.' 17 U.S.C. § 507. '″The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement.'″ (quoting <u>Calhoun v. Lillenas Publ'g</u>, 298 F.3d 1228, 1236 (11th Cir. 2002)); <u>Johansen v. Modrak</u>, No. 18-cv-63120, 2019 U.S. Dist. LEXIS 11185, at *4 (S.D. Fla. Jan. 23, 2019) ("The statute of limitations for a copyright infringement claim is three years. <u>See</u> 17 U.S.C. § 507(b). Plaintiff alleges that from November of 2000 until November of 2001 his wife was involved in litigation relating to a book contract for the book "I Lisa Marie" and that the book was first printed in 1998. Because ***Plaintiff knew or should have known of the alleged copyright infringement at that time***, his claim is 16 years too late.") (emphasis added); <u>On Top Records Corp. v. Sunflower Entm't Co.</u>, No. 1:15-cv-22664-UU, 2015 U.S. Dist. LEXIS 190973, at *7 (S.D. Fla. Oct. 28, 2015) ("A copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."); <u>Duncanson v. Wathen</u>, No. 6:14-cv-704-Orl-40KRS, 2016 U.S. Dist. LEXIS 183674, at *6 (M.D. Fla. Apr. 14, 2016) (applying discovery rule to copyright infringement claim); <u>Brandon v. Warner Bros Records</u>, No. 15-22738-CIV, 2015 U.S. Dist. LEXIS 190564, at *6 n.4 (S.D. Fla. Dec. 15, 2015) ("The majority of federal courts have concluded that a copyright infringement cause of action accrues when a copyright owner knew or should have known of the alleged infringement."); <u>Sieger Suarez Architectural P'ship, Inc. v. Arquitectonica Intern. Corp.</u>, 998 F. Supp. 2d 1340, 1354-55 (S.D. Fla. 2014) ("Given the weight of authority supporting the discovery rule, and determining it to be the better practice, this Court applies the discovery rule to the instant case and finds that the statute of limitations period began to run when Plaintiff learned of or, in the exercise

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

of reasonable diligence, should have learned of Defendant Arquitectonica's alleged infringement."); <u>Lorentz v. Sunshine Health Prods.</u>, No. 09-61529-CIV-MORE, 2010 U.S. Dist. LEXIS 101019, at *14 (S.D. Fla. Aug. 27, 2010) ("The discovery rule has been explicitly adopted by a majority of the Circuit Courts of Appeal as well as by the Middle District of Florida.") (collecting cases); <u>Calhoun v. Lillenas Pub.</u>, 298 F.3d 1228, 1236 (11th Cir. 2002) (Birch, J., concurring) ("The limitations period may be triggered when a plaintiff knows or, in the exercise of reasonable diligence, should have known about an infringement."); <u>Home Design Servs. v. Hibiscus Homes of Fla., Inc.</u>, No. 6:03-cv-1860-Orl-19KRS, 2005 U.S. Dist. LEXIS 32788, at *24 (M.D. Fla. Dec. 13, 2005) ("A copyright infringement claim accrues when a plaintiff learns, or should as a reasonable person have learned that the defendant was violating his rights.") (collecting cases).

These cases are not an anomaly… the same analysis has been uniformly applied by the courts around the country.  <u>See, e.g.</u>, <u>Starz Ent., LLC v. MGM Domestic TV Distribution, LLC</u>, 39 F.4th 1236, 1237-38 (9th Cir. 2022):

> In 2014, the Supreme Court addressed the interplay between § 507(b) and the doctrine of laches, holding that laches does not bar relief on a copyright infringement claim brought within § 507(b)'s three-year limitations period. Petrella v. Metro-Goldwyn-Mayer, Inc., 572 U.S. 663, 667-68, 134 S. Ct. 1962, 188 L. Ed. 2d 979 (2014). ***Since then, defendants accused of copyright infringement have seized upon certain language in Petrella to argue that the Court also did away with the discovery rule. Most courts, including the district court here, have rejected that argument, reasoning that Petrella addressed only the availability of laches in cases where the copyright owner is seeking damages for infringing acts that occurred during the three-year window before a claim is filed***. Moreover, because Petrella noted, but did not pass upon, the discovery rule, any language in that opinion discussing relief beyond that window is dicta and did not affect the viability of the discovery rule. ***Because we agree with the district court that the discovery rule of***

*accrual of copyright claims is alive and well, we affirm.*[4]

See also Am. Bd. of Internal Med. v. Rushford, 841 F. App'x 440, 441 (3d Cir. 2020) ("At issue in

this case is whether the three-year statute of limitations for copyright infringement under 17

U.S.C. § 507(b) begins to run from the date of discovery or from the date of injury in

circumstances where the plaintiff discovers the identity of the defendant within three years of

the injury. The District Court held it begins to run as of the date of injury. For the reasons outlined

below, we will reverse that judgment."); Graper v. Mid-Continent Cas. Co., 756 F.3d 388, 393 &

n.5 (5th Cir. 2014) ("A claim accrues once the plaintiff knows or has reason to know of

the injury upon which the claim is based."); Stross v. Hearst Communs., Inc., No. SA-18-CV-

01039-JKP, 2020 U.S. Dist. LEXIS 161293, 2020 WL 5250579, at *8 (W.D. Tex. Sept. 3, 2020)

(distinguishing Petrella and    applying discovery rule    to    determine    accrual    of

copyright infringement claim);  Edwards v. Take Fo' Records, Inc., No. 19-12130, 2020 U.S. Dist.

LEXIS 119246, at *41 n.16 (E.D. La. July 8, 2020) ("The Fifth Circuit applies the discovery rule

to copyright infringement claims, notwithstanding the Supreme Court's express reservation of

whether the discovery or injury rule applies to such claims."); Jordan v. Sony BMG Music Entm't

Inc., 354 F. App'x 942, 945 (5th Cir. 2009) ("In this Circuit  a copyright claim accrues when [the

party] knew or had reason to know of the injury upon which the claim is based."); D'Pergo Custom

Guitars, Inc. v. Sweetwater Sound, Inc., 2021 DNH 26, 516 F. Supp. 3d 121, 132 (Jan. 28, 2021)

("Most courts—including the First Circuit—use the discovery rule rather than the injury rule for

purposes of § 507(b).") (citing Warren Freedenfeld Assocs. v. McTigue, 531 F.3d 38, 44 (1st Cir.

2008)); Chelko v. Does JF Rest., LLC, No. 3:18-CV-00536-GCM, 2019 U.S. Dist. LEXIS 121590,

at *5 (W.D.N.C. July 22, 2019) ("In the Fourth Circuit, a claim accrues when a copyright holder

---

[4]    Emphasis added.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

'has knowledge of a violation or is chargeable with such knowledge,' an approach known as the discovery rule.") (quoting <u>Lyons P'ship, L.P. v. Morris Costumes, Inc.</u>, 243 F.3d 789, 796 (4th Cir. 2001)).

These courts have ***all*** held that a discovery rule applies (i.e., when a plaintiff discovered or, with reasonable diligence, should have discovered the infringement) to copyright infringement cases.  The Motion glosses over this fact by citing to wholly-unrelated cases arising under completely different statutes/laws and positing that, for 20+ years, the courts of this Circuit and all other courts to consider the matter have simply misapplied the law.  They have not.  Indeed, as recently as 2020, the Eleventh Circuit itself was called upon to determine when a claim for copyright ownership (rather than infringement) accrues.  In <u>Webster v. Dean Guitars</u>, 955 F.3d 1270, 1276 (11th Cir. 2020), the Eleventh Circuit clearly held that "an ownership claim accrues when the plaintiff learns, or should as a reasonable person have learned, that the defendant was violating his ownership rights—as this approach is most consistent with our existing precedent." This is the same discovery rule that the courts of this Circuit have been applying for 20+ years to infringement claims, and the Motion cites nothing to suggest that dozens of courts (including the Eleventh Circuit itself) are somehow incorrect on the point.

Indeed, Defendants' position that the Court should ignore all of the above precedent appears to be based on a loose reading of <u>Foudy v. Miami-Dade Cty.</u>, 823 F.3d 590, 593-94 (11th Cir. 2016), wherein the Eleventh Circuit stated: "Read together, these cases instruct that, in the absence of a clear Congressional directive ***or a self-concealing violation***, the court should not graft a discovery rule onto a statute of limitations."[5]  Setting aside that <u>Foudy</u> involved the catch-all federal statute of limitations (28 U.S.C. § 1658) and pre-dated <u>Webster</u> (which applied the

---

[5]       Emphasis added.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

discovery rule to a copyright ownership claim), Defendants seem to be missing the point. Depending on the source consulted, there are over *1 billion websites* online, with approximately *200 million* of those being active websites:[6]

**1,139,467,659**
Currently, there are around **1.14 billion** websites in the World. **17%** of these websites are active, **83%** are inactive.

**197,046,670**
websites are active

**252,000**
new websites are created **every day**

**10,500**
new websites are created **every hour**

**175**
new websites are created **every minute**

**3**
new websites are created **every second**

**2,000+**
new websites by the time you are done reading this article

If Defendants are correct that the 3-year statute of limitations begins to run the moment an infringement commences, they are essentially taking the position that a copyright holder is somehow charged with knowledge of what appears on > 1 billion websites at any given time.

Defendants' position is, quite obviously, untenable. *Nothing* in the Motion suggests (nor could it suggest) that an image posted on a website becomes automatically indexed and viewable via a reverse-image search the moment it is posted. The process by which Google and other search engines 'crawl' or 'index' websites is extraordinarily complex and constantly changing (see https://www.jcchouinard.com/google-image-search-engine/). It is *impossible* for Defendants (or

---

[6]     See https://siteefy.com/how-many-websites-are-there/.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

frankly anyone) to state with any degree of certainty whether a reverse-image search (which is how Plaintiff discovered the subject infringement) would have captured the subject infringement in 2017, 2018, 2019, 2020, etc. because the results of such hypothetical searches are plainly unknown as is whether the image on Defendants' website had even been indexed by that time.

The Declaration of Robert Stevens, dated March 15, 2023 (the "Stevens Decl.")[7] further discusses how this problem is compounded by virtue of the Google algorithm finding/displaying vastly different results depending on the image that is actually searched.  As set forth therein, a reverse image search (in January 2023) of one of AAP's copyrighted photographs results in five (5) websites with matching images being displayed.  But when a reverse image search is performed on one of those matching images on a third-party website, *dozens* of websites with matching images are displayed that were never found by doing a reverse image search of the original image.

All of this adds together to show that copyright infringement – especially in the context of photography – cannot be treated the same as fraud, breach of contract, deceptive trade practices, etc. for purposes of accrual of a statute of limitations.  The Court cannot in good conscience declare (and therefore undo 20+ years of precedent) that a photographer is somehow charged with knowing, on a daily basis, the content of > 1 billion websites lest he risk running afoul of an 'occurrence' accrual.  The above facts, taken together with the Stevens Decl., unequivocally show that an 'occurrence' accrual (as Defendants are lobbying for) is nonsensical in the context of copyright infringement.  The Eleventh Circuit itself had an opportunity to adopt Defendants' suggestion when considering a copyright ownership claim in Webster – it declined to do so and instead adopted the discovery rule for such claims.  Notably, § 507 is the applicable statute of limitations for *both* infringement *and* ownership claims.  See, e.g., Ediciones Musicales Y

---

[7]      A true and correct copy of the Stevens Decl. is attached hereto as Exhibit "A."

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Representaciones Internacionales, S.A. v. Matea San Martin, 582 F. Supp. 2d 1358, 1360 (S.D. Fla. 2008) (holding that the three-year limitations period set forth in § 507(b) applies to the plaintiff's copyright ownership claim); Webster, 955 F.3d at 1275 (citing § 507(b) for the proposition that copyright ownership claims must be brought within three years of accrual). The Motion fails to offer any explanation as to why § 507(b) should somehow be read differently in the context of infringement vs. ownership claims. In any event, the Court should not depart from 20+ years of well-reasoned decisions applying a discovery rule and the practical realities (outlined above) faced by copyright holders seeking to enforce their rights.

## III.   Defendants' Remaining Arguments

The Motion's remaining arguments for an award of fees are simply a re-tooling of earlier issues that were fully briefed and ultimately rejected by the Court. For example, Defendants once again (for a third time) try to argue that Plaintiff does not own the copyright at issue (and that it is instead owned by a third-party studio in India) and that Plaintiff's 'aggressive' litigation conduct warrants the imposition of fees. Plaintiff has already responded to each of these points, all of which was rejected by the Court in deciding to not award fees to Defendants upon the granting of Plaintiff's motion to voluntarily dismiss.

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court enter an Order: (a) denying the Motion and (b) for such further relief as the Court deems proper.

Dated: March 16, 2023.                    COPYCAT LEGAL PLLC
                                          3111 N. University Drive
                                          Suite 301
                                          Coral Springs, FL 33065
                                          Telephone: (877) 437-6228
                                          dan@copycatlegal.com

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

james@copycatlegal.com
lauren@copycatlegal.com

By: /s/ Daniel DeSouza_____
    Daniel DeSouza, Esq.
    Florida Bar No.:  19291
    James D'Loughy, Esq.
    Florida Bar No.: 0052700
    Lauren Hausman, Esq.
    Florida Bar No.:  1035947

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2023, I electronically filed the foregoing document with

the Clerk of the Court using CM/ECF, which will electronically serve all counsel of record.

/s/ Daniel DeSouza

Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 9:21-cv-81331-AMC

AFFORDABLE AERIAL PHOTOGRAPHY,
INC.,

     Plaintiff,

v.

JOHN ABDELSAYED and
TRENDS REALTY USA CORP,

     Defendants/Third-Party Plaintiff,

v.

ROBERT STEVENS,

     Third-Party Defendant.

_____

Robert Stevens does hereby declare pursuant to 28 U.S.C. § 1746:

1.     I am over the age of 18 and otherwise competent to testify. I make the following statements based on personal knowledge.

2.     I am an experienced professional photographer and make a living from photography. Through Affordable Aerial Photography, Inc. ("AAP"), I provide high-end real estate photography services to real estate brokers and agents in South Florida. I also provide high quality photography to interior designers, builders, and architects.

3.     I am AAP's principal photographer and its founder.

4.     In 2016, Plaintiff created a photograph titled "12235 Tillinghast Cir front nite 2016 AAP" (the "Work") that is the subject of this lawsuit.

5.     I discovered defendants John Abdelsayed ("Abdelsayed") and Trends Realty USA Corp's ("Trends") (collectively, the "Defendants") unauthorized display of the Work in July 2021.

6.      AAP is a small business operated by me.  I spend most of my days in the field on assignment taking photographs.  I have taken thousands (if not tens of thousands) of photographs that have been published online over the years, and I endeavor on an ongoing basis to utilize reverse image search tools (such as those available at www.google.com, www.bing.com, www.tineye.com) to search for a rotating sub-set of my photographs that may be illegally/improperly published by non-licensees.

7.      Reverse image searching is, unfortunately, not a precise science that will capture every possible location that a photograph appears on the internet.  I know this from personal experience in searching thousands of my images on a continuing basis.  Depending on the particular month/year that I search, the version of the photograph I search, and various other factors that I admittedly do not fully understand, I have often discovered infringing displays of my photographs that did not appear in prior searches.

8.      I can demonstrate this anomaly and the difficulties that I face in trying to enforce my intellectual property rights with a simple example.

9.      Over the years, one of my most infringed photographs is "Downtown West Palm Beach" – an aerial photograph of downtown West Palm that was created in 2005:



Photography by Robert Stevens

10.     I frequently use Google's reverse image searching tool (https://www.google.com/imghp?hl=en&authuser=0&ogbl) to search for infringements as I find it to provide the most accurate results.

11.     Google will typically display matches in two (2) places – at the top of the page where other sizes of the same image are located and under the "Pages that include matching images" in the search results.

12.     On January 10, 2023, I uploaded my "Downtown West Palm Beach" photograph to Google's reverse image searching tool (see https://www.google.com/search?tbs=sbi:AMhZZiuaPPt_1-lN2e1qqZaUDG5AbNRDsRYfkXyhU_1BSggj0zIRmtISZrbDm7kXeGrp8E6ap8eowu587N3emi_1bvlbVpeUB-N0SecVqBmH_1KID0qE_1wmmuqr5zdZ2tKqPN-Fg-TWEuPHgMbp0kuk4MlRgbLKHtiUBug).  The results show "No other sizes of this image found" and then five (5) websites where the photograph is purportedly found:



13.    A true and correct copy of these search results is attached hereto as Exhibit "1."

14.     The 2nd of the five (5) websites containing a matching image is:

https://www.yelp.com/biz_photos/pure-tax-resolution-west-palm-

beach?select=E49AAFQGhmGfB8KXLUBkug.

15.     On January 10, 2023, I performed a Google reverse image search from the matching

image on Yelp (rather than my native photograph that I searched above):



16.     I used the "Search by Image" plugin available for the Chrome browser which

functions the same as going to Google and performing the search from there.  A true and correct

copy of the above screenshot is attached hereto as Exhibit "2."

17.    The search results – for the same photograph – are markedly different:



18.    A true and correct copy of a screenshot of the search results is attached hereto as Exhibit "3."

19.    Rather than state ""No other sizes of this image found," the search results now allow me to click on a hyperlink for "All sizes":



About 199 results (2.15 seconds)

Image size:
400 × 248

Find other sizes of this image:
All sizes - Small - Medium

20.    By clicking on "All sizes," the following is displayed (as of January 10, 2023):

21.     A true and correct copy of the foregoing screenshot is attached hereto as Exhibit "4."

22.     As can be seen, these sixteen (16) matching websites are not found/identified by simply reverse image searching my own native photograph.

23.     Further, under the "Pages that include matching images" results, at least fifteen (15) different websites are now displayed (compared to the 5 results by searching my native image).  A true and correct copy of such search results is attached hereto as Exhibit "5."

24.     Notably, if I do the same reverse image search process on those sixteen (16) or fifteen (15) results, those searches likewise display different results (anywhere from 2 to 17 different results).

25.     This is incredibly frustrating because reverse image searching my own photograph does not reveal at least a dozen different websites that duplicate copies of my image are published on.

26.     In the years prior to the reverse image search in July 2021, I performed many reverse image searches of the Work using Google, TinEye, and/or Bing – none of which showed in the search results for me Defendants' unauthorized display of the Work.  My search in July 2021 was the first time Defendants' website showed for me.

27.     Given the volume of photographs that I have taken and the fact that most of my time is dedicated to taking professional photographs for my clients, I was reasonably unable to discover the unauthorized display of the Work on Defendants' website prior to July 2021 when its use appeared in one such reverse image search.

28.     I have reviewed Defendants' Motion for Attorneys' Fees and Costs (the "Motion")

– in particular, the comments therein about AAP's supposedly frivolous/unreasonable claims and 'improper' motivation in bringing this lawsuit.

29.     AAP's   claims   in   this   lawsuit   against   Defendants   were   never frivolous/unreasonable.  As discussed above, I discovered the unauthorized use of my photograph in July 2021.  I then turned the matter over to counsel (CopyCat Legal PLLC) who sent a demand letter and was instantly rebuffed by Mr. Abdelsayed who refused to even take the  Work down from Defendants' website until approximately 1 month after this lawsuit was filed.

30.     I did not 'prey' upon Defendants here.  I am a professional photographer whose livelihood depends on AAP's clients *paying* for my services.  The unauthorized use of AAP's work in a commercial context deprives AAP of income – people and businesses (especially real estate businesses that certainly know better) should pay for professional photography – not steal it.

31.     My motivations in pursuing Defendants are simple – I was interested in protecting both my intellectual property and my livelihood.  I (as well as many other professional photographers) am fighting a losing battle against infringers that are mass-proliferating my photographs across the internet.  I am trying to keep my photographs from being copied/used without my authorization and am trying to fairly compensated when someone opts to steal (rather than pay for) my work.

32.     As stated above, Defendants were displaying the Work on their website without my permission or any payment to AAP,

33.     I ultimately decided to file this lawsuit given that wholesale lack of effort to resolve the matter on amicable terms and refusal to remove the Work from Defendants' website.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct.

DATED: _____.  <sup>3/15/2023</sup>

*Robert Stevens*
ID zC8oMqGvTn3edPS9yN3kzzJW
_____

Robert Stevens

 Google

Q All   📖 Books   📰 News   🛒 Shopping   📍 Maps   🖼 Images   ⋮ More          Tools

About 30 results (0.17 seconds)

Image size:
1600 × 1043

**EXHIBIT "1"**

No other sizes of this image found.

Tip: Try entering a descriptive word in the search box.

## Pages that include matching images



https://www.facebook.com › ... › Nonprofit organization   ⋮

### Association of Fundraising Professionals, Palm Beach County ...

800 × 496 — Association of Fundraising Professionals, Palm Beach County Chapter, West Palm Beach, FL. 744 likes. The Association of Fundraising Professionals (AFP)...



https://www.yelp.com › ... › Pure Tax Resolution   ⋮

### Pure Tax Resolution - West Palm Beach, FL - Yelp

348 × 348 — Pure Tax Resolution in West Palm Beach, reviews by real people. Yelp is a fun and easy way to find, recommend and talk about what's great and not so great ...



https://www.palmbeachrvparks.com   ⋮

### Palm Beach RV Park

750 × 465 — Palm Beach RV Park is conveniently located inland, just east of 1-95 and South of Okeechobee Rd in West Palm Beach, Florida. We are NOT a resort park. We cater ...



https://www.facebook.com › PalmBeachCable   ⋮

### WHDT World Television Service | West Palm Beach FL

800 × 496 — WHDT World Television Service, West Palm Beach, Florida. 104 likes. WHDT virtual channel 9 (channel 42), is a television station located in Stuart...



https://www.nisa.edu.pk › city-of-palm-beach-k   ⋮

### Zurückhalten Priester Bauern city of palm beach Unfair Strahl ...

750 × 465 — West Palm Beach Florida - Things to Do & Attractions in West Palm Beach FL. Our Town with William Kelly : July 6, 2021 - Palm Beach Civic Association ...

EXHIBIT "2"

Photos for Pure Tax Resolution

3 of 4

Tim H. on July 30, 2014

↑ Helpful   ↓ Unhelpful



Q All    Books    News    Shopping    Maps    Images    More    Tools

About 199 results (2.15 seconds)

Image size:
400 × 248

EXHIBIT "3"

Find other sizes of this image:
All sizes - Small - Medium

Possible related search: **Real Estate**

https://www.zillow.com

**Zillow: Real Estate, Apartments, Mortgages & Home Values**
The leading **real estate** marketplace. Search millions of for-sale and rental listings, compare Zestimate® home values and connect with local professionals.

https://www.realtor.com

**realtor.com® | Homes for Sale, Apartments & Houses for Rent**
What's happening in Riverside, CA · Trends · Need a home loan? Get pre-approved · Get Local Info · NAR links · Popular **Real Estate** Markets · Popular Apartment Cities.

🖼 **Visually similar images**



Feedback

**Pages that include matching images**

https://yellow.place › ... › Services › Real Estate Agent
**Sam Fisch Real Estate Company - West Palm Beach**
604 × 374 — Sam Fisch founded **Real Estate** Solutions Enterprise Group (RES) in 2005 to work with investors and property owners in downtown West Palm Beach to manage the ...


https://estateplanningattorneysnearme.com › florida › w...
**West Palm Beach, FL – Estate Planning Attorneys Near Me ...**
700 × 434 — It's also the most widely used estate planning attorney directory in West Palm Beach, Florida. ... Is **Real Estate** Taxes The Same As Property Taxes?


http://www.palmbeachrvparks.com › neighborhood
**Neighborhood — Palm Beach RV Park**
800 × 496 — Home to sunny palm-lined streets, breathtaking waterfront views, quaint shopping districts, historic and scenic neighborhoods, and plenty of year-round outdoor ...


https://www.florida-backroads-travel.com › west-palm-...
**West Palm Beach & Palm Beach: Henry Flagler's Twin Cities**
480 × 298 · May 17, 2021 — A gigantic freeze later convinced him to extend the railroad to Miami and then eventually to Key West. Flagler built two luxurious hotels in ...


https://www.facebook.com › ... › Nonprofit organization
**Association of Fundraising Professionals, Palm Beach County ...**
800 × 496 — Association of Fundraising Professionals, Palm Beach County Chapter, West Palm Beach, FL. 744 likes. The Association of Fundraising Professionals (AFP)...

Next ›

EXHIBIT "4"

Page 1
Google Search
https://www.google.com/search?tbs=sbi:AMhZZ6y36g8eL1PBwoyuh5xCLOk0B8i6eFJSpEL0bQvoaKcd1jpnGaGQoP4uPL8v0lhyFlrotTRnnImQ8Obl1kdC0kff0vmWD3SuGpcwG...

Google

Real Estate

Q. All   🗐 Books   📰 News   🛒 Shopping   ♡ Maps   🖼 Images   ⋮ More       Tools

About 198 results (1.22 seconds)

About the size of this image
400 × 248
Find other sizes of this image
All sizes · Small · Medium

Possible related search: **Real Estate**

https://www.zillow.com ▾

Zillow: Real Estate, Apartments, Mortgages & Home Values
The leading **real estate** marketplace. Search millions of for-sale and rental listings, compare Zestimate® home values and connect with local professionals.

https://www.realtor.com ▾

realtor.com® | Homes for Sale, Apartments & Houses for Rent
What's happening in Riverside, CA · Trends · Need a home loan? Get pre-approved · Get Local Info.
NAR links · Popular **Real Estate** Markets · Popular Apartment Cities

🖼 Visually similar images

Pages that include matching images

https://resfischer.... · Services · **Real Estate** Agent ▾
Sam Fisch Real Estate Company · West Palm Beach
604 × 374 – Sam Fisch founded **Real Estate** Solutions Enterprise Group (RES) in 2005 to work with investors and property owners in downtown West Palm Beach to manage the...

https://metalandengineeringmews.com · florida · ss... ▾
West Palm Beach, FL – Estate Planning Attorneys Near Me...
700 × 414 – It's also the most widely used estate planning attorney directory in West Palm Beach, Florida. ...is **Real Estate** Taxes The Same As Property Taxes?

https://www.palmbeachtropics.com · neighborhood ▾
Neighborhood – Palm Beach RV Park
800 × 450 – Home to sunny palm-lined streets, breathtaking waterfront views, quaint shopping districts, historic and scenic neighborhoods, and plenty of year-round outdoor...

https://www.florida-backroads-travel.com · west-palm-... ▾
West Palm Beach & Palm Beach: Henry Flagler's Twin Cities
480 × 256 – May 17, 2021 – A gigantic freeze later convinced him to extend the railroad to Miami and then eventually to Key West. Flagler built two luxurious hotels in...

https://www.facebook.com ... · Nonprofit organization ▾
Association of Fundraising Professionals, Palm Beach County...
800 × 400 – Association of Fundraising Professionals, Palm Beach County Chapter, West Palm Beach, FL. 744 likes. The Association of Fundraising Professionals (AFP)...

Next >

Real Estate                                                                    ⌄

Real estate is property consisting of land and the buildings on it, along with its natural resources such as crops, minerals or water; immovable property of this nature; an interest vested in this an item of real property, buildings or housing in general. Wikipedia

Real Estate Organizations                              View 45+ more

NATIONAL
ASSOCIATION
REALTOR

IREM
Institute of
Real Estate
M...

National
Association
of Realto...

Building
Owners
and Man...

NEW
YORK
Commerc...
Real Estate
W...

Real Estate Sign

4Ever
Products
Vinyl PV...

Real Estate
Sign

Kitgarden
Vinyl PVC
4-Feet R...

EXHIBIT "5"

Captured by FireShot Pro: 10 January 2023, 11:01:38
https://getfireshot.com

Google

Real Estate   ×   ≡ More   Tools

Q All   📚 Books   📰 News   🗺 Maps   🖼 Images   ⋮ More   Tools

Page 2 of about 79 results (1.27 seconds)

https://www.yelp.com › ... › Pure Tax Resolution ▾
**Pure Tax Resolution - West Palm Beach, FL - Yelp**
348 › 348 — Pure Tax Resolution in West Palm Beach, reviews by real people. Yelp is a fun and easy way to find, recommend and talk about what's great and not so great ...

https://www.palmbeachrvpark.com ▾
**Palm Beach RV Park**
600 × 496 — Palm Beach RV Park is conveniently located inland, just east of I-95 and South of Okeechobee Rd in West Palm Beach, Florida. We are NOT a resort park. We cater ...

https://www.florida-backroads-travel.com › old-florida-... ▾
**Old Florida Towns on State Road 80 | Coast to Coast**
484 × 298 - Jul 16, 2022 — Florida State Road 80 crosses the state from Fort Myers to West Palm Beach. A list of Old Florida along the way.

https://helnofthepalmrealm.com › 2012/04/29 › cnu2... ▾
**CNU20: The New World in West Palm Beach**
600 × 496 - Apr 29, 2012 — ... most importantly, the last few years of my career have made it clear that a real change in behavior from people requires public transit.

https://www.facebook.com › PalmBeachCable ▾
**WHDT World Television Service | West Palm Beach FL**
600 × 496 — WHDT World Television Service, West Palm Beach, Florida. 104 likes. WHDT virtual channel 8 (channel 42), is a television station located in Stuart...

https://www.mapquest.com › ... › West Palm Beach ▾
**Pure Tax Resolution - MapQuest**
400 × 268 — Professional tax resolution services and tax attorneys serving surrounding areas of West Palm Beach, Florida. Stop IRS back tax collections today with West...

https://www.nisa.edu.pk › city-of-palm-beach-fl- ▾
**Zurückhalten Priester Bauern city of palm beach Unfair Strahl ...**
750 × 465 – West Palm Beach Florida - Things to Do & Attractions in West Palm Beach FL. Our Town with William Kelly - July 6, 2021 › Palm Beach Civic Association...

https://cubainfochana.us › florida › west-palm-beach-fl ▾
**West Palm Beach, FL**
700 × 434 — But certain types of customers have a real devotion to the Cuban link style chain is astounding. So we decided to dedicate a whole directory which includes...

https://m.facebook.com › ... › Videos ▾
**Watch - Facebook**
600 × 496 - Jan 17, 2019 — Commercial Real Estate. . May be an image of palm trees and text that says THE P PALM West. West Palm 100. Nonprofit Organization.

http://www.bolsadenoticias.com.ni › ... ▾ Translate this page
**Al Bolsazo - ::Bolsa de Noticias:: ***Managua, Nicaragua*****
449 × 275 - Dec 2, 2013 — ... universidades el puesto, es designada públicamente, algo real, que quizás algún día sea reversible, como la puerta de nuestros cuarteles.

< **Google** >
Previous   1   2

© 33065, Coral Springs, FL - From your device - Update location

Help   Send feedback   Privacy   Terms

Captured by FireShot Pro: 10 January 2023, 11:02:27
https://getfireshot.com

## eSignature Details

---

**Signer ID:**        **zC8oMqGvTn3edPS9yN3kzzJW**
Signed by:            Robert Stevens
Sent to email:        skyphotoshots@yahoo.com
IP Address:           73.205.16.238
Signed at:            Mar 15 2023, 3:54 pm PDT

# Docket No. 178

**Docket No. 178**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-CV-81331**

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,
      Plaintiff,
v.
JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,
      Defendants.

---

**<u>DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION FOR
ENTITLEMENT TO ATTORNEY'S FEES [ECF 176]</u>**

Defendants, John Abdelsayed and Trends Realty USA Corp, by and through their attorney,

Griffin Klema, Esq., and pursuant to Fed. R. Civ. P. 54 and Local Rule 7.3, file this, their reply

memorandum of law to the arguments raised by plaintiff in its opposition papers [ECF 177].

**TABLE OF CONTENTS**

TABLE OF CONTENTS ........................................................................................................... i

TABLE OF CITATIONS ........................................................................................................... ii

REPLY ARGUMENT ................................................................................................................ 1

    **I.**    **AAP has conceded issues and arguments and the Court should
grant the motion in part as being unopposed** ........................................ 1

    **II.**    **The cases AAP cites in opposition to the defendants' Rule 68
argument (Section I.C.) are inapt and its quotes therefrom are
misleadingly incomplete** ........................................................................... 3

    **III.**    **The narrow decision of Delta Air Lines does not apply here** ................. 5

    **IV.**    **AAP misreads the law on the Copyright Act's statute of limitations
and the affidavit of Robert Stevens is irrelevant, non-expert opinion**
........................................................................................................................ 7

V.   The defendants can be the prevailing parties even though AAP obtained a voluntarily dismissal judgment.............................................. 10

## TABLE OF CITATIONS

                                                                          Page

**Cases**

625 Fusion, LLC, v. City of Ft. Lauderdale, 595 F.Supp.3d 1228 (S.D. Fla. 2022) ..................... 2

Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324 (11th Cir. 2004) ........................ 2

BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045 (11th Cir. 1994) ................. 7

Bennouchene v. Videoapp, Inc., No. 19-cv-6318, 2020 U.S. Dist. LEXIS 16201 (S.D.N.Y. Jan. 30, 2020) ........................................................................... 4

Burke v. Furniture House of N. Car., no. C-89-169-S 1990 U.S. Dist. LEXIS 17103 (M.D.N.Car Sept. 13, 1990) .................................................................... 4

Calhoun v. Lillenas Pub., 298 F.3d 1228 (11th Cir. 2002)........................................ 9

Colby v. JC Penny Co., Inc., 811 F.2d 1119 (7th Cir. 1987)....................................... 5

CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419 (2016) ...................................... 10

Delta Air Lines, Inc v. August, 450 U.S. 346 (1981) ........................................ 3, 5, 6

George v. Wayman, No. 15-cv-14435, 2016 U.S. Dist. LEXIS 175133 (S.D. Fla. Dec. 16, 2016)............................................................................... 10

Gilbert v. City of Cambridge, 932 F.2d 51 (1st Cir.1991)......................................... 9

Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316 (11th. Cir. 2012) ..................... 2

Johnson v. Ry. Express Agency, Inc., 421 U.S. 454 (1975)...................................... 10

Jones v. Berezay........................................................................... 5

Live Face on Web, LLC v. Renters Warehouse, LLC, No. 17-cv-2127, 2018 U.S. Dist. LEXIS 248785 (D. Minn. Aug. 28, 2018) .............................................. 4

McDermott v. Monday Monday, LLC, No. 17-CV-9230, 2018 U.S. Dist. LEXIS 28664 (S.D.N.Y. Feb. 22, 2018) ..................................................................... 4

Morris v. City of Hobart, 39 F.3d 1105 (10th Cir. 1994) ......................................... 7

Nealy v. Warner Chappell Music, Inc., no. 22-13232 slip op. (Feb. 27, 2023)....................... 8, 9

Norelus v. Denny's, Inc., 628 F.3d 1270 (11th Cir. 2010) ......................................... 3

Prather v. Neva Paperbacks, 446 F.2d 338 (5th Cir. 1971) ....................................... 8, 10

Sream, Inc. v. Smoke This Too, LLC, no. 16-cv-61439 (S.D. Fla. July 14, 2017) ...................... 10

Tomelleri v. Natale, No. 19-CV-81080, 2022 U.S. Dist. LEXIS 65893 (S.D. Fla. Feb. 18, 2022) ...................................................................................................................................... 10

Tunison v. Continental Airlines Corp., 162 F.3d 1187 (D.D.C. 1998) ........................................ 4

Webco Indus. v. Diamond, No. 11-cv-774, 2012 U.S. Dist. LEXIS 170381, at *11 (N.D. Okla. Nov. 30, 2012) ................................................................................................................. 3

Webster v. Guitars, 955 F.3d 1270 (11th Cir. 2020) .................................................................... 9

Yellowcake, Inc. v. Morena Music, Inc., 522 F. Supp. 3d 747 (E.D. Cal. 2021) .......................... 9


**Other Authorities**

Oral Argument, Nealy v. Warner Chappell Music, Inc., no. 22-13232 ......................................... 8

THE NEW CENTURY DICTIONARY 1169 (1948) ............................................................................ 7


**Rules**

Fed. R. Civ. P. 1 ........................................................................................................................... 5

Fed. R. Civ. P. 54(a) .................................................................................................................... 7

Fed. R. Civ. P. 58 ........................................................................................................................ 7

Fed. R. Civ. P. 68 ..................................................................................................................... 4, 7

S.D. Fla. L.R. 7.1(c)(1) ................................................................................................................ 2

**REPLY ARGUMENT**

AAP has conceded most of the defendants' arguments. AAP responds with only two: (1) AAP did not obtain a "favorable" judgment for purposes of Rule 68 (arguing against Section I.C. of the motion); and (2) copyright infringement claims accrue upon discovery (arguing against Section II.B.1. of the motion). More particularly, it argues that Rule 68 does not apply because AAP "did not obtain a 'judgment' in its favor" and thus a voluntary "withdraw[al] does not trigger a Rule 68 offer of judgment." Pl.'s Opp'n [ECF 177] at 2-5. It also argues that the Copyright Act statute of limitations embodies a discovery rule, citing non-binding cases, and that the dismissal here is not with prejudice. Id. at 5-15. AAP then devotes a final paragraph to the defendants' "remaining arguments" and summarily asserts that they "were fully briefed and ultimately rejected by the Court" and that "Plaintiff has already responded to each of these points." Yet AAP did not identify where in the record it did so.

On the two arguments it does make, AAP fundamentally misapprehends both precedent (what case law controls) and decisions (what a court held). The cases it cites are inapt, and the defendants' motion should be granted.

## I.   AAP has conceded issues and arguments and the Court should grant the motion in part as being unopposed

AAP has conceded (forfeited) a number of issues on which the Court may rule by default, or limit the scope of what is actually contested: (1) That the alleged infringing conduct was public (not concealed) and occurred in March 2018 and ceased not later than June 14, 2018, upon the last volitional act. (2) There was no new harm by subsequent views of the subject work after June 14, 2018; there is no separate infringement after the initial upload or last change to the website. (3) AAP obtained the court's final two orders. Opp'n [ECF 177] at 5 ("Plaintiff sought and received authority from the Court to voluntarily dismiss"). (4) The Court's orders are definitionally

judgments under Rule 54(a) because AAP does not argue against the interplay of Rules 54(a) and 68, or offer a countervailing interpretation of either rule's plain language. (5) As a matter of law, the running of the statute of limitations makes a dismissal without prejudice effectively one with prejudice. (6) The correct legal framework for a prevailing defendant is CRST and commonsense. (7) AAP knew before filing suit that its CMI removal claim was frivolous. (8) AAP demanded $35,000 to settle its CMI removal and infringement claims. (9) AAP could have sought dismissal long before it did. (10) AAP's asserted infringement damages were excessive and untenable. (11) The Copyright Act's purposes are served by awarding the defendants their attorney's fees.

In particular, AAP failed to argue against these last six points (nos. 6-11) by erroneously asserting that they "were fully briefed and ultimately rejected by the Court." Opp'n [ECF 177] at 15.[1] Until the motion was filed, the defendants did not argue—indeed procedurally could not yet argue—for any of the issues on Rule 68 or prevailing party attorney's fees. Notably, AAP never incorporated, let alone referenced any of its prior memoranda. Because AAP is limited to what it argued in opposition, it has forfeited any arguments it did not make therein. See 625 Fusion, LLC, v. City of Ft. Lauderdale, 595 F.Supp.3d 1228, 1264 n.12 (S.D. Fla. 2022) (noting that the plaintiff's failure to make arguments in their opposition memorandum forfeited the issue) (citing Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324 (11th Cir. 2004)); Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1319 (11th. Cir. 2012) ("A passing reference to an issue in a brief is not enough, and the failure to make arguments and cite authorities in support of an issue waives it."); see also S.D. Fla. L.R. 7.1(c)(1) (failure to file opposition memorandum "may be deemed sufficient cause [to] grant[] the motion by default"); Norelus v. Denny's, Inc., 628 F.3d

---

[1] While AAP correctly notes that the arguments in Sections II.B.1. and II.B.2. (the statute of limitations and copyright ownership) were previously *briefed*, it wrongly concludes that the Court rejected them. The Court never ruled on these arguments.

1270 (11th Cir. 2010) (noting the "well-established rule against reversing a district court judgment on the basis of issues and theories that were never presented to that court").

Thus the Court should rule in favor of the defendants due to AAP's waiver and failure to argue against the points made in Sections I.A., I.B., II.A., II.B.2, II.B.3., and II.C. of their motion. On the arguments AAP does make (only contesting the defendants' arguments in Sections I.C. and II.B.1.), those fail and the motion should be granted in full.

## II. The cases AAP cites in opposition to the defendants' Rule 68 argument (Section I.C.) are inapt and its quotes therefrom are misleadingly incomplete

With respect to its Rule 68 argument, the cases AAP cites supposedly rendering federal law "crystal[line]" are hardly "clear," let alone possessing clarity approaching flawless. They constitute a sum total of six cases: five unreported out of district decisions and one state supreme court decision. None are binding. All are distinguishable because none squarely address whether an order entered on a contested Rule 41(a)(2) motion is a judgment under Rule 54(a).[2]

First, Webco's statement regarding the enforceability of a Rule 68 offer is quintessentially dictum, denoted by the prefatory hypothetical word "if" followed by "then." Webco Indus. v. Diamond, No. 11-cv-774, 2012 U.S. Dist. LEXIS 170381, at *11 (N.D. Okla. Nov. 30, 2012). That court also did not analyze whether a contested Rule 41(a)(2) dismissal is a judgment for purposes of Rule 68 or fits the definition of judgment under Ruler 54(a).

Next, Live Face on Web is inapt because the dismissal there was *with* prejudice, making the defendant the party which obtained the judgment, and thus falling under the rule of Delta Air Lines, Inc v. August, 450 U.S. 346 (1981). Furthermore, the court correctly *rejected* the argument that if the plaintiff's claim was dismissed without prejudice, then "Live Face will not have received

---

[2] To the defendants' knowledge, these issues are questions of first impression.

3

a judgment that satisfies Rule 68." <u>Live Face on Web, LLC v. Renters Warehouse, LLC</u>, No. 17-cv-2127, 2018 U.S. Dist. LEXIS 248785 at *3 (D. Minn. Aug. 28, 2018). Trends Realty argues the opposite here: AAP *did* receive a judgment that *does* satisfy Rule 68 by way of the court-blessed dismissal orders (and which are not "in favor" of them). Thus, even if <u>Life Face on Web</u> were applicable, it would actually support the defendants' argument that their Rule 68 offer is enforceable. That conclusion is reinforced by that court's citation to <u>Tunison</u>, <u>id</u>., where the D.C. Circuit reversed and remanded for an award of Rule 68 costs to the defendant after concluding that neither party was the prevailing party. <u>Tunison v. Continental Airlines Corp.</u>, 162 F.3d 1187, 1193-94 (D.D.C. 1998) (correctly reading and declining to apply <u>Delta Air Lines</u> to the facts there).

      <u>Burke v. Furniture House of N. Car.</u>, no. C-89-169-S 1990 U.S. Dist. LEXIS 17103 (M.D. N. Car Sept. 13, 1990) is distinguishable on its facts because the defendant there did not contest the plaintiff's request for a Rule 41(a)(2) dismissal. The court also erred legally by concluding that Rule 68 applies only when the plaintiff obtains a final judgment on the merits (i.e. in a second suit). Rule 68 has no "ultimate" merits finality requirement. Fed. R. Civ. P. 68.

      Both <u>McDermott</u> and <u>Bennouchene</u> concerned a Rule 41(a)(1) dismissal as a matter of right early in the case. AAP failed to quote the remainder of the court's statement in <u>McDermott</u> that such dismissals are not a judgments because they "require[] no court action or approval." <u>McDermott v. Monday Monday, LLC</u>, No. 17-CV-9230, 2018 U.S. Dist. LEXIS 28664 at *7 (S.D.N.Y. Feb. 22, 2018).[3] <u>Bennouchene</u> is the same. <u>Bennouchene v. Videoapp, Inc.</u>, No. 19-cv-6318, 2020 U.S. Dist. LEXIS 16201, at *4 (S.D.N.Y. Jan. 30, 2020) (the plaintiff "did not obtain—nor does he seek—a judgment" because "Rule 41(a)(1)(A) is the only form of dismissal requiring

---

[3] That court's 1-paragraph analysis of Rule 68 is actually contrary to <u>Delta Air Lines</u>. <u>Id</u>. at *10 (incorrectly concluding that Rule 68 applies where the defendant "secures" judgment).

<div align="center">4</div>

no court action to be effective").

Finally, <u>Berezay</u> is not binding and carries little weight, given its thin analysis. That court erred by failing to provide any reasoned decision for why <u>Delta Air Lines</u> applies, summarily concluding it was persuasive. <u>Jones v. Berezay</u>, 815 P.2d 1072 (Id.1991). A court "does not discharge its judicial responsibilities adequately by merely citing the earlier decision and following it without so much as indicating agreement with it, let alone analyzing its merits." <u>Colby v. JC Penny Co., Inc.</u>, 811 F.2d 1119, 1122-23 (7th Cir. 1987).

At bottom, AAP's cases are unpersuasive, and reading Rule 68 as AAP suggests would completely eviscerate the rule's settlement-encouraging policy by providing a nearly unrestricted, risk-free escape hatch whenever a plaintiff realizes its case is undervalued—subject only to discretion under Rule 41(a)(2). And discretion under Rule 41(a)(2) cannot supersede the plain language and purposes of Rule 68 because doing so would violate Rule 1: increasing the duration of litigation and increasing expense to defending parties. AAP's authority is not binding, nor is it persuasive. Its arguments contravene the purpose of Rule 68.

### III.    The narrow decision of <u>Delta Air Lines</u> does not apply here

AAP misunderstands the defendants' arguments. The legal framework for what party obtains a judgment for purposes of Rule 68 is distinct from an analysis of what party prevailed. They are not the same or coextensive. A defendant that does not obtain the judgment can still be the prevailing party for purposes of fee-shifting. The authority cited by AAP all stem from <u>Delta Air Lines, Inc v. August</u>, 450 U.S. 346 (1981). But that decision and its progeny do not apply here.

The "narrow question" in <u>Delta Air Lines</u> concerned whether "a judgment *against* the [plaintiff]" suffices to trigger enforceability of a Rule 68 offer. <u>Id</u>. at 348 (emphasis in original). Clearly there is not a judgment "against" AAP here. In the 5-4 decision, Justice Stevens then

restated the question as "whether Rule 68 has any application to a case in which judgment is entered against the plaintiff-offeree **and** in favor of the defendant-offeror." Id. (emphasis supplied). Here, the judgment is not in favor of the defendants either. The question answered there is not that which is presented here.

A correct reading of Delta Air Lines shows that the high court did not lay down the broad rule argued by AAP, namely that whenever a plaintiff doesn't "prevail" or the judgment doesn't "favor" that party, then a defendant's Rule 68 offer is unenforceable. That argument is divorced from the language of Rule 68 and an overbroad reading of Delta Air Lines. A plaintiff need not "prevail" nor the judgment be "favorable" to the plaintiff for a Rule 68 offer to be enforceable. While the court did reason that "a judgment in favor of the plaintiff [is one that] has been 'obtained by the offeree,'" it did not say that the judgment must be favorable to the plaintiff. Id. at 351 (quoting Rule 68). AAP's argument is improper deductive reasoning.[4] The critical issue is *who obtained* the judgment, not what party prevailed. Thus, the court straightforwardly held that where "the defendant [] obtain[s] the judgment" then the rule "is simply inapplicable." Id. at 352. Properly understood, Delta Air Lines merely stands for the limited proposition that where a judgment is *obtained by a defendant* then the defendant's Rule 68 offer is not triggered by the rule's plain language. The ultimate holding of Delta Air Lines is consistent with its plain language: Rule 68 applies "only to judgments obtained by the plaintiff." Id. at 352. The key question is who obtained the judgment.

Despite not being applicable, some cases may have misinterpreted that decision, conflating

---

[4] Its syllogism is: A judgment favorable to a plaintiff (A) is also a judgment which a plaintiff obtains (B), which is likely a correct reading of Delta Air Lines. But it then mistakenly reasons the *inverse* (not the contraposition): that because the judgment is not (A), it cannot be (B).

"obtaining" a judgment with an analysis of its "favorability."[5] Favorability may inform who obtained it, but that alone is not dispositive, especially in cases, as here, where it is unclear whether a judgment (of itself) is favorable to either party. Rule 68 does not speak in terms of a prevailing plaintiff at all, only that (1) the plaintiff-offeree obtain (2) a judgment. Fed. R. Civ. P. 68. Rule 68's "more favorable" language concerns the *second* analytical step, after determining who obtained the judgment, and which compares that judgment to the offer. That language is *comparative* between that which the plaintiff obtained and that which the defendant offered. Id. It is not *descriptive* or a requirement of the former. "Obtained" is the correct locus of analysis for the threshold issue. When used as a transitive verb it means "to come into possession of, or procure, as by effort or request." THE NEW CENTURY DICTIONARY 1169 (1948). That definition fits precisely the facts here, where AAP requested the dismissal and the Court entered a final, appealable order.[6] AAP does not refute those facts. The dismissal is a judgment under Rule 54(a). See BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1053 (11th Cir. 1994) (including a sanctions order as definitionally a "judgment"). AAP also does not argue against that definition. Its opposition is unavailing.

IV.   **AAP misreads the law on the Copyright Act's statute of limitations and the affidavit of Robert Stevens is irrelevant, non-expert opinion**

AAP's complaints about another fees dispute that it must defend based on the statute of

---

[5] To the extent that cases citing Delta Air Lines misread or inappropriately extrapolate the holding of that case and hold that a plaintiff only "obtains" a judgment when that judgment is "favorable" to the plaintiff, those decisions are wrong as predicated on faulty deductive reasoning or a misreading of Delta Air Lines.

[6] The Court's final order here also appears to be in conformity with the requirement of a separate judgment under Rule 58. See Morris v. City of Hobart, 39 F.3d 1105 (10th Cir. 1994) (finding that certain administrative closing orders can satisfy the separate document requirement of Rule 58).

limitations is irrelevant.[7] So too is the affidavit of Robert Stevens. Substantively, AAP correctly points out that "Nealy does not directly apply the discovery rule to an infringement action." Notwithstanding what other circuits may have held (AAP's assertion that they are "20+ years of precedent"), they are not controlling here.

The Eleventh Circuit, by adopting the former Fifth Circuit, will likely follow its own closest case, Prather, which rejected the application of a state-based discovery rule on the former (near-identical) Copyright Act statute of limitations. Prather v. Neva Paperbacks, 446 F.2d 338, 339 (5th Cir. 1971). The injury-occurrence rule vs. a federal discovery rule for claim accrual under § 507 of the 1976 Copyright Act is a question of first impression for the Eleventh Circuit.

While AAP cites a number of unreported Southern District cases regarding the discovery rule, it fails to address the plain language of § 507 or attempt to distinguish Prather. That judges of this District have not followed Prather or the plain language of § 507 (and have disregarded clear Supreme Court and Eleventh Circuit pronouncements that discovery rules should not be read into a statute)—is of no moment. The oral argument of Nealy just two months ago reveals that the Eleventh Circuit views the question as open,[8] and its opinion reinforces that it views Petrella as implicitly condoning the injury-occurrence rule for copyright infringement claim accrual. Nealy v. Warner Chappell Music, Inc., no. 22-13232 slip op. at 12 (Feb. 27, 2023) ("Petrella's statements about the availability of relief are directed to the way the statute of limitations works when claims

---

[7] The defendants presume the Court is familiar with its own docket. It behooves them to monitor other cases with the same plaintiff making the same (incorrect) arguments.

[8] "We have not decided whether or not there is a discovery rule for copyright infringement for accrual purposes, right? We have not decided that yet in a published opinion, right?" Oral Argument at 1:50, Nealy v. Warner Chappell Music, Inc., no. 22-13232, (Jordan, J.) available at https://www.ca11.uscourts.gov/system/files_force/oral_argument_recordings/21-13232.mp3; "Webster, I think we all agree says that in a copyright ownership dispute, the discovery rule applies, right? I think as Judge Jordan pointed out, **we have never answered the question of whether the discovery rule applies outside of that context**." Id. at 16:16. (Brasher, J.).

accrue under the injury rule, not the discovery rule.").

AAP's citation to the concurrence in <u>Calhoun</u> is also inapt because the majority didn't "consider McGee/Assigns' statute of limitations, delay and latches arguments." <u>Calhoun v. Lillenas Pub.</u>, 298 F.3d 1228, 1232 (11th Cir. 2002). <u>Petrella</u> also directly contradicts the concurrence's laches-based dicta. Thus, AAP's citation to <u>Calhoun</u> is misplaced. Nevertheless, AAP is correct that circuits outside the Eleventh have improperly engrafted a discovery rule onto the plain language of § 507 for infringement claims, and those decisions are wrong.

AAP's reliance on <u>Webster</u> and <u>Nealy</u> is misplaced because there is no statute of limitations as such for ownership claims. Indeed, there is no explicit ownership "claim" or cause of action under the Copyright Act as such. Section 507, by its own language, applies only to infringement. Ownership, on the other hand, is more akin to a contractual dispute or a declaratory judgment action, and not one originating directly by statute. <u>See</u> <u>Yellowcake, Inc. v. Morena Music, Inc.</u>, 522 F. Supp. 3d 747, 771 (E.D. Cal. 2021) ("if a claim is 'essentially for some common law or state-created right, most generally for a naked declaration of ownership or contractual rights, jurisdiction has been declined, even though the claim might incidentally involve a copyright of the Copyright Act'"). Because declaratory judgment actions (28 U.S.C. § 2201) have no limitations, the controlling statute is the closest substantive one. <u>Gilbert v. City of Cambridge</u>, 932 F.2d 51, 58 (1st Cir.1991). That the 3-year period under § 507 is the closest statute with a numeric value used to measure timeliness of ownership (equitable) disputes does not mean those cases control the outcome of the statute's application to (legal) infringement claims to which it directly pertains.

AAP's ability to police its rights is irrelevant under the legislative policy embodied in the statute of limitations because knowledge is not an element of copyright infringement claim accrual. While that might be an argument for equitable tolling, that was never argued here. <u>Prather</u>, 446

F.2d at 339 (affirming the trial court's conclusion that "plaintiff's lack of knowledge of the infringement" did not "excuse" its untimely claims). AAP's claimed "practical realities" are atextual and irrelevant, though perhaps suitable to lobby Congress to amend the statute because that coordinate branch has determined the appropriate balance between stale claims (protecting defendants) and reasonable opportunity to vindicate rights (protecting plaintiffs). Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 463-64 (1975). Further, the affidavit of Robert Stevens is improper expert opinion in any event (he "admittedly do[es] not fully understand" how image searching works), and should be stricken or disregarded.

## V.    The defendants can be the prevailing parties even though AAP obtained a voluntarily dismissal judgment

Finally, AAP cites Sream, Inc. v. Smoke This Too, LLC, no. 16-cv-61439 (S.D. Fla. July 14, 2017) for its argument that a "dismissal without prejudice 'is insufficient to constitute a change in the legal relationship the parties so as to satisfy the Buckhannon test.'" AAP overstates what that case holds. The parties in Sream did not (and not surprisingly neither did the court) argue or analyze the Supreme Court's decision in CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419 (2016) (where a defendant is successful when it rebuffs claims) nor did that case involve a dismissal without prejudice when the statute of limitations had run. Id. Sream is inapt. So too with respect to AAP's second case, George v. Wayman, No. 15-cv-14435, 2016 U.S. Dist. LEXIS 175133 (S.D. Fla. Dec. 16, 2016), which also did not analyze CRST or involve the statute of limitations or lack of copyright. And AAP again misreads Tomelleri. See Defs.' Sur Reply [ECF 162]. On the facts of this case, the defendants are the prevailing party under CRST even though AAP obtained the judgment of dismissal.

    /s/ Griffin Klema_____
Griffin C. Klema, Esq.
Fla. Bar No. 100279

Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendants

# Docket No. 180

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO. 21-81331-CIV-CANNON/Matthewman**

**AFFORDABLE AERIAL**
**PHOTOGRAPHY, INC.,**

      Plaintiff,

v.

**JOHN ABDELSAYED** and
**TRENDS REALTY USA CORP**,

      Defendants.

_____/

**ORDER DENYING MOTION FOR ENTITLEMENT TO ATTORNEYS' FEES**

    **THIS CAUSE** comes before the Court upon Defendants' Motion for Entitlement to

Attorneys' Fees (the "Motion"), filed on March 3, 2023 [ECF No. 176].  Plaintiff filed a Response

in Opposition [ECF No. 177], and Defendants filed a Reply [ECF No. 178].  The Court has

reviewed the entire record and is otherwise fully advised.  For the reasons set forth below,

Defendants' Motion [ECF No. 176] is **DENIED**.

**RELEVANT BACKGROUND**

    This case involved allegations that Defendants committed copyright infringement by

displaying Plaintiff's copyrighted photograph on their website [ECF No. 1].  Counsel for

Defendants agreed to take the case on a pro bono basis pursuant to the Volunteer Attorney Program

[ECF Nos. 17, 18].  After lengthy litigation—including an abandoned third-party complaint and

counterclaim [ECF Nos. 19, 30, 63], multiple dispositive Motions [ECF Nos. 25, 34, 43, 48, 109,

110, 138], motions for sanctions [ECF Nos. 47, 65], and requests to reopen discovery and amend

pleadings [ECF Nos. 37, 86, 139]—Plaintiff filed a Motion seeking leave of Court to Voluntarily

Dismiss its Complaint Without Prejudice contingent on not paying Defendants' attorneys' fees

[ECF No. 155].  Although Defendants identified no specific prejudice to themselves associated

CASE NO. 21-81331-CIV-CANNON/Matthewman

with Plaintiff's request for conditional dismissal, Defendants opposed Plaintiff's Motion, arguing

that any dismissal should be with prejudice, and that any voluntary dismissal should be contingent

upon Plaintiff paying Defendants' attorneys' fees [ECF Nos. 158, 162]. Defendants made no

argument related to Rule 68 of the Federal Rules of Civil Procedure or entitlement to attorneys'

fees as a prevailing party under the Copyright Act [ECF No. 158].

On January 3, 2023, the Court held a hearing on Plaintiff's Motion to Voluntarily Dismiss,

ultimately granting Plaintiff's Motion for the reasons stated on the record [ECF No. 169]. Plaintiff

then filed a compliant Notice of Voluntary Dismissal with two conditions in accordance with the

Court's ruling—that Plaintiff would compensate Defendants for their taxable costs and pay

Defendants' reasonable attorneys' fees if Plaintiff refiled the complaint [ECF No. 171]. At that

point, the Court entered an Order dismissing the suit without prejudice subject to those conditions

and closing the case [ECF No. 172]. The Order Closing Case was entered on January 6, 2023.

Defendants did not raise any argument related to Rule 68 or prevailing-party status at the hearing.

Nor did Defendants attempt to appeal the Court's order.

Two months after the Court granted Plaintiff's heavily litigated Motion seeking dismissal

without payment of attorneys' fees, Defendants filed the instant Motion seeking a ruling entitling

them to such fees [ECF No. 176]. In the Motion, Defendants for the first time argue that they are

entitled to attorneys' fees pursuant to Rule 68 of the Federal Rules of Civil Procedure, or

alternatively, that they qualify as the prevailing party in this case and thus are entitled to attorneys'

fees under the Copyright Act, 17 U.S.C. §§ 505 and 1203(b)(5) [ECF No. 176]. Plaintiff opposes

the Motion, describing Defendants' request as a baseless request for a "second bite" at the

attorneys' fee apple [ECF No. 177 p. 1].

The instant Motion for Entitlement to Fees [ECF No. 176] is due to be denied. As the

procedural history of this case makes clear, Defendants effectively seek reconsideration of the

CASE NO. 21-81331-CIV-CANNON/Matthewman

Court's Order Granting Plaintiff's Motion to Voluntarily Dismiss on the contested condition of no

fees [ECF No. 170].  Reconsideration is not warranted.

## LEGAL STANDARD

"'The purpose of a motion for reconsideration is to correct manifest errors of law or fact or

to present newly discovered evidence.'" *Z.K. Marine, Inc. v. M/V Archigetis*, 808 F. Supp. 1561,

1563 (S.D. Fla. 1992) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)).

Motions to reconsider are appropriate where, for example, the Court has patently misunderstood a

party, where there is an intervening change in controlling law or the facts of a case, or where there

is manifest injustice.  *See id.*; *Rampersad v. Primeco Pers. Commc'ns, L.P.*, No. 01-6640-CIV,

2001 WL 34872572, at *1 (S.D. Fla. Oct. 16, 2001).  "Motions to reconsider are disfavored in

federal court and are granted only in narrowly circumscribed circumstances." *Iberiabank v. Case

Constr., LLC*, No. 15-0226, 2015 WL 5457889, at *2 (S.D. Ala. Sept. 16, 2015).  The grant or

denial of a motion to reconsider is left to the discretion of the district court.  *See Chapman v. AI

Transp.*, 229 F.3d 1012, 1023–24 (11th Cir. 2000).

## DISCUSSION

Two months after the Court's ruling that Plaintiff could dismiss the suit without prejudice

on the condition of not paying Defendants' attorney's fees, Defense counsel re-raises the issue of

entitlement to attorneys' fees through the lens of a new theory that Defense counsel could have

raised, but never did, in connection with Plaintiff's heavily litigated Motion to Voluntarily Dismiss

[ECF No. 155].  This new theory, in summary form, is that Defense counsel is entitled to fees

because Defendants made a Rule 68 offer of judgment to Plaintiff, and Plaintiff's Voluntary

Dismissal constitutes a "judgment" which Plaintiff "obtained" that is less favorable than

Defendants' initial offer [ECF No. 176 pp. 8–13].  Defendants also argue, again for the first time,

that under the circumstances presented in this case, Plaintiff's voluntary dismissal without

3

CASE NO. 21-81331-CIV-CANNON/Matthewman

prejudice constitutes a judgment in favor of Defendants such that Defendants are the prevailing party, entitling them to attorneys' fees under 17 U.S.C. §§ 505 and 1203(b)(5) [ECF No. 176 pp. 13–24].

Defendants should have raised these arguments when the Defendants' entitlement to attorneys' fee issue was directly before the Court on Plaintiff's Motion to Voluntarily Dismiss [ECF No. 155]. Indeed, the crux of that entire Motion, and the hearing that followed, was to discuss the contested issue of attorneys' fees. Yet Defendants never referenced the novel theories they seek to raise now. Nor is the Court persuaded by Defendants' conclusory suggestion that they were not procedurally authorized to raise these theories at that time [ECF No. 178 p. 5]. What is more, Defendants have not pointed to any new evidence which precluded them from making such arguments at that juncture, nor have they pointed to any intervening change in controlling law that would support reconsideration [ECF No. 178 p. 6 n.2 (noting that, "[t]o the defendants' knowledge, these issues are questions of first impression")].

All of this leaves Defendants' baseless insinuation that manifest injustice or clear error will result absent entitlement to attorneys' fees [*see* ECF No. 176]. Defendants do not identify any clear error in the Court's prior Order. Moreover, as the Court stated at the hearing, allowing Plaintiff to voluntarily dismiss this suit without being required to pay Defendants' attorneys' fees did not prejudice Defendants because, in accordance with Defense counsel's pro bono status, Defendants had not paid any attorneys' fees. And, in the event Plaintiff decides to re-file this suit, Plaintiff would be in the position of paying Defendants' reasonable attorneys' fees associated with this action [ECF Nos. 170, 171, 172]. In sum, although incentivizing vigorous representation in copyright cases is worthwhile, that laudable principle in theory simply does not support any finding of manifest injustice or clear error on this record.

CASE NO. 21-81331-CIV-CANNON/Matthewman

**CONCLUSION**

Defendants have failed to provide any justification for the Court to reconsider its prior Order [ECF No. 170].   Accordingly, Defendants' Motion for Entitlement to Attorneys' Fees [ECF No. 176] is **DENIED**.  The Court makes no comment on the merits of Defendants' untimely raised theories.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 14th day of April 2023.

**AILEEN M. CANNON**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

5

# Docket No. 181

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-CV-81331**

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,
a Florida corporation,
      Plaintiff,

v.

JOHN ABDELSAYED, and
TRENDS REALTY USA CORP,
a Florida corporation,
      Defendants.

---

## DEFENDANTS JOHN ABDELSAYED AND TRENDS REALTY USA CORP'S MOTION FOR RECONSIDERATION OF THE COURT'S APRIL 17, 2023, ORDER [ECF 180] ON THE DEFENDANTS' MOTION FOR ENTITLEMENT TO ATTORNEY'S FEES

Defendants, John Abdelsayed and Trends Realty USA Corp, by and through their attorney,

Griffin Klema, Esq., and files this, their motion for reconsideration of the Court's April 17, 2023,

order [ECF 180] denying the defendants' motion for entitlement to attorney's fees.

# TABLE OF CONTENTS

TABLE OF CONTENTS ....................................................................................... ii

TABLE OF CITATIONS ..................................................................................... iii

INTRODUCTION............................................................................................... 1

PROCEDURAL HISTORY ................................................................................ 1

LEGAL STANDARD FOR RECONSIDERATION OF A PRIOR ORDER ........................ 2

ARGUMENT...................................................................................................... 2

    I.    A motion for fees is an independent proceeding supplemental to the original proceeding ............................................................................. 2

    II.    The bases for fee entitlement depend on the existence of the dismissal orders and could not have been litigated before the Court ruled on AAP's request to dismiss ......................................................................... 4

    III.    The Order constitutes a decision outside the adversarial issues presented by the parteies ............................................................................... 7

        A.    The parties' briefing on AAP's Rule 41(a) motion did not raise any issues of fees *entitlement* under either Rule 68 or Rule 54, and the subsequent fees motion did not seek to disturb the prior orders granting AAP's motion for voluntary dismissal ................................................... 8

        B.    The legal framework of a Rule 41(a) motion is different from the framework of a motion seeking enforcement under Rule 68 or for prevailing party status under a statutory award ..................................................... 10

    IV.    Neither the defendants nor defense counsel waived any entitlement to attorney's fees ......................................................................... 11

CONCLUSION ................................................................................................. 13

# TABLE OF CITATIONS

Page

## Cases

Agrelo v. The Meloni Law Firm, no. 14-cv-21192 (S.D. Fla. Feb. 26, 2016) ............................... 6

Allegrini v. De Angelis, 68 F. Supp. 684 (E.D. Penn. 1946)........................................................ 13

Bellamy v. Comm'r of Soc. Sec., no. 19-cv-81572 (S.D. Fla. Sept. 20, 2021)........................... 13

Campero USA Corp. v. ADS Foodservice, LLC, 916 F. Supp. 2d 1284 (S.D. Fla. 2012) ........... 2

Colomar v. Mercy Hospital, Inc., 242 F.R.D. 671 (S.D. Fla. 2007).............................................. 2

Cooter & Gell v. Hartmarx Corp., 496 U.S. 384 (1990).......................................................... 2, 3

CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419 (2016) ........................................................... 8

Jordan v. Time Inc., 111 F.3d 102 (11th Cir. 1997) ................................................................... 10

Katz v. Chevaldina, 127 F. Supp. 3d 1285 (S.D. Fla. 2015) ...................................................... 10

Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979 (2016) .................................................. 13

McGregor v. Board of Com'rs of Palm Beach Cnty., 956 F.2d 1017 (11th Cir. 1992) ............ 5, 6

Pace v. Southern Express Co., 409 F.2d 331 (7th Cir. 1969) ..................................................... 10

Potenberg v. Boston Sci. Corp., 252 F.3d 1253 (11th Cir. 2001)............................................ 9, 10

PTA-Fla, Inc. v. ZTE USA Inc., 844 F.3d 1299 (11th Cir. 2016)................................................. 3

White v. New Hampshire Dept. of Employment Security, 455 U. S. 445 (1982)......................... 3

Z.K. Marine, Inc. v. M/V Archigetis, 808 F. Supp. 1561 (S.D. Fla. 1992)............................... 2, 8

## Other Authorities

S.D. Fla., Attorney Resources ASSISTANCE WITH LITIG. EXPENSES (PRO BONO)
    https://www.flsd.uscourts.gov/assistance-litigation-expenses-pro-bono ................................ 12

## Rules

Fed. R. Civ. P. 68(d) ...................................................................................................................... 4

## INTRODUCTION

Within the time prescribed by Local Rule 7.3, defendants John Abdelsayed and Trends Realty USA Corp. (collectively "Trends Realty") moved for an order of entitlement to their attorney's fees following the Court's disposition of plaintiff Affordable Aerial Photography Inc.'s ("AAP") motion for voluntary dismissal and order of dismissal. [ECF 176] (the "fees motion").

Without addressing the issues in the fees motion—Rule 68 offer of judgment and prevailing party status under 17 U.S.C. § 505—the Court characterized motion as one for reconsideration of the dismissal order, and denied the defendants' request. [ECF 180] (the "Order"). The Order should be vacated because it misapprehended the procedural and substantive issues presented in the fees motion, and an order entered on the issues presented by the parties. Unlike the present motion, the defendants' fee motion was not one for reconsideration under Rules 59 or 60 of the dismissal orders because it did not seek to disturb the dismissal in this case. The issues that the parties briefed on the fees motion were never previously decided by the Court. Because the Order is a decision outside the adversarial issues presented by the parties in the fees motion, that Order must be vacated.

## PROCEDURAL HISTORY

In the April 17, 2023, Order on the fees motion, the Court summarized some of the procedural history of the case and culminating with plaintiff AAP's motion for voluntary dismissal under Rule 41(a)(2). The Court correctly noted that the defendants' opposition papers to AAP's earlier Rule 41(a)(2) motion, [ECF 158] did not make any "argument related to Rule 68 ... or entitlement to attorneys' fees as a prevailing party" and that they likewise "did not raise any argument related to Rule 68 or prevailing-party status at the hearing." See Order [ECF 180] at 2. However, the Court then concluded that the defendants' fee motion was one "effectively seeking reconsideration of the Court's Order Granting Plaintiff's Motion to Voluntarily Dismiss." Id. at 2-

3.

The Court cited four cases concerning motions for reconsideration: <u>Z.K. Marine, Inc. v.</u> <u>M/V Archigetis</u>, 808 F. Supp. 1561 (S.D. Fla. 1992), <u>Rampersad v. Primeco Pers. Commc'ns, L.P.</u>, No. 01-cv-6640, 2001 WL 34872572 (S.D. Fla. Oct. 16, 2001), <u>Iberiabank v. Case Constr., LLC</u>, No. 15-cv-0226, 2015 WL 5457889 (S.D. Ala. Sept. 16, 2015), and <u>Chapman v. AI Transp.</u>, 229 F.3d 1012 (11th Cir. 2000). [ECF 180] at 3.

It then denied the defendants' fees motion, concluding that the "Defendants have failed to provide any justification for the Court to reconsider its prior Order [ECF No. 170]." <u>Id</u>. at 5. As the defendants here explain, the Order improperly treated the fees motion as one for reconsideration of the orders concerning AAP's voluntary dismissal.

## LEGAL STANDARD FOR RECONSIDERATION OF A PRIOR ORDER

Where a court "has apparently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties" a motion to reconsider the prior order is appropriate. <u>Z.K. Marine, Inc. v. M/V Archigetis</u>, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992) (block-quoting dicta from <u>Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.</u>, 99 F.R.D. 99, 101 (E.D. Va. 1983)). While a motion for reconsideration is an extraordinary remedy, <u>Campero USA Corp.</u> <u>v. ADS Foodservice, LLC</u>, 916 F. Supp. 2d 1284, 1290-91 (S.D. Fla. 2012), it is warranted when necessary to correct clear error and prevent manifest injustice. <u>Id</u>. at 1291 (citing <u>Colomar v. Mercy</u> <u>Hospital, Inc.</u>, 242 F.R.D. 671, 684 (S.D. Fla. 2007)).

## ARGUMENT

**I.    A MOTION FOR FEES IS AN INDEPENDENT PROCEEDING SUPPLEMENTAL TO THE ORIGINAL PROCEEDING**

A fees motion is "collateral" or AN "independent proceeding supplemental" to the main action. <u>Cooter & Gell v. Hartmarx Corp.</u>, 496 U.S. 384, 395 (1990). Although in <u>Cooter & Gell</u>

the court faced a jurisdictional challenge to a post- Rule 41 dismissal motion for attorney's fees as a sanction under Rule 11, the principle of a post-merits fees issue remains and ripens into a justiciable issue only thereafter. This is because adjudication of a collateral issue, like a fees motion, is "not a request for a modification of the original decree." <u>PTA-Fla, Inc. v. ZTE USA Inc.</u>, 844 F.3d 1299, 1308 (11th Cir. 2016) (quoting <u>Cooter & Gell</u>). Consequently, "even 'years after the entry of a judgment on the merits' a federal court could consider an award of counsel fees." <u>Cooter & Gell</u>, 496 U.S. at 395-96 (quoting <u>White v. New Hampshire Dept. of Employment Security</u>, 455 U. S. 445, 451, n. 13 (1982).

While the Court here may have identified that the fees motion and the issues previously argued shared coming legal underpinnings, that did not make the fees motion one for reconsideration of the dismissal orders. If the Court believed that it had previously addressed some of the matters in the fees motion when it decided the earlier Rule 41(a)(2) motion, then the proper procedural course would not have been to deny the fees motion outright as one for reconsideration, but rather rely on its earlier rationale insofar as it pertained to fees entitlement—and then proceed to further analyze the issues under the correct procedural basis of Rule 68, Rule 54, and 17 U.S.C. § 505. Regardless, there were, necessarily, *new* issues that were not and could not have been raised or decided in the dismissal motion. <u>See</u> Section III, *infra*.

A proper order on the defendants' fees motion should (1) determine whether the January orders are a judgment; (2) if so, determine whether AAP obtained the judgment; (3) if both are answered affirmatively, then determine whether the defendants' Rule 68 offer was more favorable than the judgment AAP obtained; then further determine (4) whether AAP's infringement claim accrued no later than June 2018; (5) whether the defendants rebuffed AAP's claims pursuant to <u>CRST Van Expedited, Inc. v. EEOC</u>, 578 U.S. 419, 431 (2016), and thus were the prevailing

parties; and (6) whether awarding the defendants' fees would further the interests of the Copyright Act. At a minimum, issues (1) to (3) and (5) were entirely new, never before presented to the Court (and which could not have been given their predicate were the orders that followed), and thus the April 17, 2023, Order mistakenly disposed of the fees motion by mischaracterizing it as one seeking reconsideration of the Court's prior Rule 41 decision. It should be vacated and a decision on the discrete fees issue entered in its place.

## II. THE BASES FOR FEE ENTITLEMENT DEPEND ON THE EXISTENCE OF THE DISMISSAL ORDERS AND COULD NOT HAVE BEEN LITIGATED BEFORE THE COURT RULED ON AAP'S REQUEST TO DISMISS

As the fees motion made clear, the basis for the defendants' entitlement rested on the two orders that the Court entered after briefing and hearing on AAP's motion for voluntary dismissal. The fees motion did not seek to disturb the dismissal orders.

Most fundamentally, there was no "judgment" for purposes of Rule 68 prior to January 4, 2023. That was a necessary predicate for seeking entitlement under that rule. See Fed. R. Civ. P. 68(d). At the time of the dismissal motion it was unclear what conditions, if any would be imposed on the dismissal, let alone whether AAP would be allowed to dismiss at all. The defendants could not claim, at that moment, that they were the prevailing party because the case had not yet ended; any argument pertaining to Rule 68 or prevailing party would be, by definition, premature.

And so at the time of the briefing on AAP's motion for voluntary dismissal, the defendants did not believe it was necessary to directly note the possibility of further motion practice respecting fees, though they did allude to that *future* issue: "Any outcome in this case other than a money judgment for AAP **may** (indeed **should**) result in its exposure for all of the defendants' attorney fees pursuant to Kirtsaeng and § 505." Opp'n [ECF 158] at 10 (emphasis supplied). Perhaps in hindsight the defendants could have added a clearer, direct, and unambiguous footnote in their

opposition to AAP's dismissal that they "will move for an award of attorney's fees if the Court grants AAP a dismissal without fees" so as to make plain their intended next step if Court ruled a certain way. But that lack of directness was not a waiver of their right to seek fees entitlement on their own motion on grounds quite apart from the Rule 41(a)(2) conditions. While it is understandable that the Court may not have anticipated the defendants' fees motion post-dismissal, such entitlement issues were not and could not have been litigated in the Rule 41 motion.

The procedural posture here is closest to that in McGregor v. Board of Com'rs of Palm Beach Cnty., 956 F.2d 1017 (11th Cir. 1992). There, the plaintiff originally brough four claims. One was dismissed involuntarily (Count I, the civil rights claim). Id. at 1018. Later, he sought to voluntarily dismiss his three remaining claims under Rule 41(a) and agreed to pay the defendants' costs only (no fees). Id. at 1018-19. The defendant objected, and demanded that the dismissal be conditioned on payment of its fees, but the court did not so condition the dismissal. Id. at 1019, 1021 ("The dismissal was not conditioned on the payment of the expenses incurred by the defendant").[1] Apparently the plaintiff "did not anticipate being assessed ... fees and sanctions when he voluntarily dismissed his case, agreeing only to pay costs." Id. at 1023 (Clark, J. dissenting). Nevertheless, the defendant then filed its motion for entitlement to fees after the dismissal, which the court then granted on the previously dismissed Count I. Id. at 1019.[2] Though the plaintiff argued he should have been allowed to withdraw his dismissal as part of the subsequent fees litigation, the Eleventh Circuit held that "the appeal of the judgment for attorney's fees and costs does not authorize a reexamination of the final order dismissing the action." Id. at 1020. It reasoned

---

[1] It is of no moment that the court there "retained" jurisdiction because a court has inherent jurisdiction to consider collateral matters, as argued *supra*, Section II.A.

[2] Notably, that is nearly the same procedural posture here where AAP dismissed its CMI removal claim earlier in the case. Thus, at a minimum, McGregor requires the Court to grant the defendants' fee motion as to that claim.

the plaintiff failed to timely appeal the dismissal order, which "qualifies as a final judgment." Id.

Consistent with PTA-Fla, Inc. and Cooter & Gell, McGregor further shows that a Rule 41(a) dismissal is distinct from a subsequent motion for entitlement to fees post-dismissal, and that such a motion—even a plaintiff's opposition thereto—does not reexamine the prior Rule 41 judgment of dismissal. Thus, procedurally, the issues in the fees motion could not have been presented as part of the defendants' briefing in opposition to AAP's Rule 41 motion because there was no judgment at that time.

The predicate nature of a final decision under both Rule 68 and 17 U.S.C. § 505 further shows that the fees motion could not have relitigated the dismissal orders.

At the time of the parties' briefing on AAP's request to voluntarily dismiss, a live case or controversy remained on its infringement claims. Where an action remains pending, a motion seeking a decision on prevailing party status is procedurally premature. Agrelo v. The Meloni Law Firm, no. 14-cv-21192 (S.D. Fla. Feb. 26, 2016). There, Magistrate Judge Goodman rejected a defendants' fees motion as premature where other claims remained pending because "Federal Rule 54(d) and Local Rule 7.3 both require that motions for attorneys' fees be filed after judgment has been entered by the Court." Id. at *3 (emphasis in original). He further reasoned that "the Local Rule, in particular, establishes a specific procedure that must be followed before the filing of the actual motion, which is all set in motion by the entry of the final judgment." Id. Here, the defendants could not avail themselves of that procedure in the context of an opposition to a Rule 41 motion.

The defendants' argument on this point in their fees motion was not a "conclusory suggestion" but rather well-founded in both the Federal Rules of Civil Procedure, the Local Rules, and common sense. Further, the fees arguments are not issues which the "Defendants should have

raised" but rather were presented at the appropriate time as a consequence of the natural progression of a case post-judgment. While the defendants agree that attorney's fees *as a condition* was a contested issue—based on "prejudice"—in the context of AAP's request for a voluntary dismissal, that was pursuant to an entirely different type of relief, and in an entirely different context, both substantively and procedurally. The Court was not *required* to condition the dismissal on payment of fees if it determined the defendants would be entitled to fees pursuant to Rule 68 or § 505. But more fundamentally, any such forecasted outcome on a post-judgment issue amidst a live case would not have been binding because there could not have been a prevailing party at that time for purposes of § 505, nor any judgment to compare for purposes of Rule 68.

There was simply no judgment at the moment of AAP's Rule 41 motion on November 22, 2022 (when that matter was fully briefed) by which could serve as a basis to seek a fee award under Rule 68 or that could have triggered the procedures under Local Rule 7.3. It was procedurally impossible for the defendants to seek, let alone litigate, either their Rule 68 offer or prevailing party status while a live, pre-judgment controversy remained.

That procedural posture is in stark contrast to the issues presented in the defendants' post-judgment fees motion, and thus why the fees motion was filed after the Court entered a judgment for AAP. The Order must be vacated and a true decision on the fees issue entered.

### III.   THE ORDER CONSTITUTES A DECISION OUTSIDE THE ADVERSARIAL ISSUES PRESENTED BY THE PARTEIES

Here, the defendants are unaware of any case in which a court has treated a post-judgment motion for attorney fees entitlement as one for reconsideration of a merits order or a Rule 41(a)(2) voluntary dismissal. Thus, the defendants believe the Court misapprehended the issues given their similarity to issues previously presented, and consequently made a decision outside the adversarial issues that were presented in the fees motion. The Court's initial decision is understandable

because of the commonality of issues between the motions, but constitutes error due to the very different nature of the decisions called for by each.

In the fees motion the defendants did not ask the Court to "rethink what the Court already thought through" with respect to AAP's request to *dismiss* its copyright infringement claims, Z.K. Marine, 808 F. Supp. at 1563, but rather sought, in the first instance and premised on the orders that followed the Rule 41 motion, a fees *entitlement* decision (1) finding that AAP "obtained" the dismissal orders and whether the defendants' Rule 68 offer was more favorable than those orders, and (2) whether the defendants had prevailed in AAP's suit by rebuffing its claims pursuant to CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419 (2016). The specific relief the defendants sought was "an order finding they are entitled to a reasonable attorney's fee ... pursuant to Rule 68, and ... for defending against" AAP's claims. [ECF 176] at 18. Because the fees motion did not travel under Rules 59 or 60, but rather Rules 54 and 68, and did not seek to disturb the dismissal orders themselves—it depended on their very existence—the fees Order constitutes a decision outside the adversarial issues presented by the parties and clear error.

A. **The parties' briefing on AAP's Rule 41(a) motion did not raise any issues of fees *entitlement* under either Rule 68 or Rule 54, and the subsequent fees motion did not seek to disturb the prior orders granting AAP's motion for voluntary dismissal**

The content of the briefing on AAP's Rule 41 motion as compared to what was presented by the parties in the fees motion reveals that the Order did not decide issues in the latter.

AAP's motion seeking dismissal under Rule 41(a) requested an order allowing it to dismiss its remaining infringement claims without being conditioned on paying the defendants' attorney's fees. See Plf.'s Mot. [ECF 155]. The motion did *not* seek adjudication of any party's *entitlement* to fees under 17 U.S.C. § 505 or pursuant to an offer of judgment under Rule 68. Nowhere in AAP's motion is there any mention of "Rule 68" "505" or "prevailing party." Id. AAP did not seek

relief under Rule 68 or § 505. Id. The defendants' memorandum in response to AAP's voluntary dismissal likewise did not seek enforcement of their Rule 68 offer nor did they seek a determination that they were the prevailing parties. Defs.' Opp'n [ECF 158] at 17 (seeking denial of AAP's motion outright, alternative condition of fees, and further alternative dispositive relief on the merits); see also Defs.' Sur Reply [ECF 162].[3] Not surprisingly, AAP did not oppose such a request by the defendants because the defendants did not litigate those issues in their response papers. See Plf.'s Reply [ECF 159]. None of the Rule 41 motion papers traveled under or even mentioned Rule 68 or Rule 54. Instead, the procedural posture of the issues were examined solely pursuant to Rule 41(a), and the case law defining the boundaries of a court's discretion to allow a plaintiff to dismiss its claims late in a suit and the conditions that might be included to protect a defendant. Potenberg v. Boston Sci. Corp., 252 F.3d 1253, 1259 n.5, 1259-60 (11th Cir. 2001) (identifying factors).

In contrast, the fees motion did not seek reconsideration of the dismissal. [ECF 176]. The defendants did not attempt to have the case reinstated. Id. Quite the opposite. The defendants argued that the dismissal orders were final judgments for purposes of Rule 68. Id. at 5. And the defendants sought entitlement as a matter of *right* under Rule 68, not as a matter of discretion in the context of Rule 41. Id. at 6.

Because nothing about the Rule 41 briefing on *prejudice* directly bore on an offer of judgment or *entitlement* to fees, the fees motion was not a reconsideration of the January judgments of dismissal. Consequently, the Order adjudicated an issue not presented by the parties, and it should be vacated. Z.K. Marine , 808 F. Supp. at 1563. The parties' briefing is understandable when the decisional authorities under Rule 41 are compared to decisions adjudicating Rule 68

---

[3] The arguments in the defendants' opposition and sur reply sought to rebut AAP's argument that its dismissal should not be conditioned on payment of attorney fees and its arguments concerning the basis of defense counsel's engagement in this matter.

offers and entitlement under § 505.

**B. The legal framework of a Rule 41(a) motion is different from the framework of a motion seeking enforcement under Rule 68 or for prevailing party status under a statutory award**

The parties did not brief any Rule 68 or entitlement issues in the voluntary dismissal memoranda because the legal framework for a voluntary dismissal under Rule 41(a)(2) is legally distinct from evaluating a party's entitlement to fees post-judgment.

On a Rule 41(a) motion, the Pace factors are among those issues considered in whether to grant a dismissal and the conditions to be imposed to protect a defendant, which includes "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." Potenberg, 252 F.3d at 1258 (citing Pace v. Southern Express Co., 409 F.2d 331 (7th Cir. 1969)). The core issue under Rule 41(a)(2) is *prejudice* to the defendant. Whether the defendants *are* a prevailing party is not one of the Pace factors.

While awards under § 505 of the Copyright Act are discretionary, the factors evaluated (and only after identifying a prevailing party) are considerably different from those under Rule 41(a). The five Fogerty factors guiding discretion in a post-judgment award of fees entitlement include (1) the degree of success obtained; (2) frivolousness; (3) subjective motivation; (4) objective unreasonableness (both in the factual and legal components of the case), and; (5) the need in particular circumstances to advance considerations of compensation and deterrence. E.g., Katz v. Chevaldina, 127 F. Supp. 3d 1285, 1297 (S.D. Fla. 2015).

Rule 68 is not discretionary whatsoever. Jordan v. Time Inc., 111 F.3d 102, 105 (11th Cir. 1997) ("the mandatory language of the rule leaves no room for district court discretion"). Thus,

the legal framework on the issues is different as between Rule 41 and Rules 68 and 54.

Although issues presented to a court earlier often resurface in subsequent motions, their being re-raised does not make them a Rule 59(e) motion. For example, an early motion to dismiss under Rule 12 may make argue a plaintiff's claim lacks merit, while that identical argument is made again post-discovery through summary judgment under Rule 54. Yet the latter is not a reconsideration of the former despite it having the same dispositive argument, and denying such a motion on that basis would be error. Why? Because procedure and the substantive law may cast a very different color on a legal issue common to both—an issue that could be decided similarly or differently between the earlier and later motions depending on the specifics of the analytical framework, procedural posture, assumptions, and predicates.[4]

## IV.   NEITHER THE DEFENDANTS NOR DEFENSE COUNSEL WAIVED ANY ENTITLEMENT TO ATTORNEY'S FEES

Finally, the Order should be vacated as embodying legal error and including facts not supported by the record. While the Court did not condition immediate payment of the defendants' fees on AAP's dismissal, ostensibly because the defendants "had not paid any attorney's fees,"[5] it did require such payment later, if the case were refiled. The Court's rationale appears to be that such future payment would alleviate prejudice to the defendants—but prejudice is in no wise an appropriate basis to decide fees under Rule 68 or § 505. The former is a mandatory award while the latter is rooted in the purposes of the Copyright Act after identifying a prevailing party.

---

[4] Other analogies come to mind: Seeking sanctions under Rule 37 mid-case for discrete discovery violations, and post-judgment sanctions under 28 U.S.C. § 1927. Or a dispositive motion followed by a Rule 11 motion.

[5] This conclusion is also not supported by the record which showed that the defendants paid $1,000 in attorney fees before exhausting their resources and forcing them to proceed *in forma pauperis*. See hearing transcript, Jan. 3, 2023, and Defs' Mot. [ECF 9].

Additionally, the Order misconstrues the record insofar as defense counsel did not "agree to take the case on a pro bono basis," [ECF 180] at 1, suggesting that the defendants and counsel somehow waived same. The Court's August 31, 2021, order noted that counsel "**may** accept representation on a pro bono basis **if so desired**." [ECF 17] (emphasis supplied). It did not mandate waiver of defense attorney fees nor did that order control the way the defendants could engage their counsel.[6] The present Order does not indicate with whom defense counsel made such an agreement or when. The record shows the opposite: that the defendants and defense counsel expressly reserved all rights respecting attorney fees at the outset of this case. See Notice of Appearance [ECF 18] ("counsel does not waive any claim to prevailing party attorney's fees by appearing through the volunteer program, and the defendants expressly reserve the right to claim any such fees to which they may be entitled"). And critically, **the volunteer program itself expressly contemplates that attorneys and/or parties using the program may be awarded fees**: "In the event of an award of attorney's fees or costs to pro bono counsel ...". See S.D. Fla., Attorney    Resources    ASSISTANCE    WITH    LITIG.    EXPENSES    (PRO    BONO) https://www.flsd.uscourts.gov/assistance-litigation-expenses-pro-bono  (last  visited  May  15, 2023). The defendants are not aware of any court decision which denied a party's claim to attorney's fees from an adversary solely because the client engaged counsel on a contingency fee basis, or the circumstances by which counsel and client became acquainted.

The Court's conclusion also seems difficult to square logically with the *future* condition that AAP must pay the defendants' attorney's fees in this case if it refiles. As best defendants can tell, the Court seems to conclude that the defendants are not entitled to any fees whatsoever in *this* action because "Defendants had not paid any attorneys' fees." [ECF 180] at 4. If that is the Court's

---

[6] Such an order would arguably invade the attorney-client relationship if it did.

decision, it would be illogical, unsupported in law, and clearly erroneous as being antithetical to the purposes of the Copyright Act. See Kirtsaeng v. John Wiley & Sons, Inc., 136 S. Ct. 1979 (2016); Bellamy v. Comm'r of Soc. Sec., no. 19-cv-81572 (S.D. Fla. Sept. 20, 2021) (awarding fees to "volunteer" counsel on unopposed motion); Allegrini v. De Angelis, 68 F. Supp. 684, 684-85 (E.D. Penn. 1946) ("the right to the fee does not belong to the attorney but to the client").

Accordingly, the Order should be vacated, and the attorney fees entitlement issues decided under the correct legal standards, as litigated by the parties on the existing briefing.

## CONCLUSION

The Court's April 17, 2023, order decided an issue not presented by the parties—namely that the defendants' fees motion was a motion for reconsideration of the Court's earlier Rule 41(a)(2) orders. The fees motion briefing never readdressed the dismissal. Thus, reconsideration of the April 17 order denying the fees motion is appropriate, and the Court should decide the merits of the defendants' fee motion in the first instance. For avoidance of doubt, the defendants do seek reconsideration in *this motion*, and *only* vacatur of the Court's April 17, 2023 order.

**WHEREFORE**, John Abdelsayed and Trends Realty USA Corp respectfully request the Court vacate its April 17, 2023, order denying the defendants' motion for entitlement to attorney's fees [ECF 180], proceed to address the issues presented for decision under Rule 68 and whether the defendants are entitled to fees under 17 USC §505; enter an order finding the defendants are entitled to a reasonable attorney's fee from and including December 6, 2021, to date pursuant to Rule 68, and also a reasonable attorney's fee for defending against plaintiff Affordable Aerial Photography's CMI removal claim and infringement claims pursuant to § 505 of the Copyright Act; and for such further relief as the Court deems just and proper.

    /s/ Griffin Klema

Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendants

# Docket No. 182

**Griffin C. Klema, Esq.**

| | |
|---|---|
| **From:** | cmecfautosender@flsd.uscourts.gov |
| **Sent:** | Tuesday, May 16, 2023 8:59 AM |
| **To:** | flsd_cmecf_notice@flsd.uscourts.gov |
| **Subject:** | Activity in Case 9:21-cv-81331-AMC Affordable Aerial Photography, Inc. v. Abdelsayed et al Order on Motion for Reconsideration |

<span style="color:red">**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**</span>

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

<div align="center">

**U.S. District Court**

**Southern District of Florida**

</div>

## Notice of Electronic Filing

The following transaction was entered on 5/16/2023 at 8:58 AM EDT and filed on 5/16/2023

| | |
|---|---|
| **Case Name:** | Affordable Aerial Photography, Inc. v. Abdelsayed et al |
| **Case Number:** | 9:21-cv-81331-AMC |
| **Filer:** | |
| **WARNING: CASE CLOSED on 01/06/2023** | |
| **Document Number:** | 182(No document attached) |

**Docket Text:**

<span style="color:blue">**PAPERLESS ORDER denying [181] Defendants' Motion for Reconsideration of the Court's Order Denying Defendants' Motion for Entitlement to Attorneys' Fees. As discussed in the Court's Order Denying Defendants' Motion for Entitlement for Attorneys' Fees [180], the issue of Defendants' entitlement to attorneys' fees was squarely before the Court on Plaintiff's Motion for Voluntary Dismissal. Indeed, Plaintiff sought a voluntary dismissal on the condition that it not pay Defendants' attorneys fees [155]. The arguments raised by Defendants in its Motion for Entitlement to Attorneys' Fees [176] were available to Defendants prior to the Court ruling on Plaintiff's Motion seeking permission to voluntarily dismiss this action. The Court granted Plaintiff permission to voluntarily dismiss this action contingent upon Plaintiff paying Defendants' attorneys' fees for this action should Plaintiff refile its complaint [170]. Despite Defendants' unconvincing argument to the contrary, by continuing to seek an entitlement to attorneys' fees, Defendants are in essence requesting the Court to change the conditions of its Order granting Plaintiff leave to voluntarily dismiss this action [170]. It has been over four months since the Court allowed Plaintiff to voluntarily dismiss this action and Defendants have failed to show good cause for the Court to change the conditions of that dismissal. Signed by Judge Aileen M. Cannon on 5/16/2023. (sj00)**</span>

**9:21-cv-81331-AMC Notice has been electronically mailed to:**

Daniel DeSouza    ddesouza@desouzalaw.com, christine@copycatlegal.com, hthomas@desouzalaw.com, meghan@copycatlegal.com, pleadings@copycatlegal.com

Griffin C Klema    griffin@klemalaw.com, gcklema@recap.email

James D'Loughy    jdloughy@advisorlaw.com, denise@copycatlegal.com, pleadings@copycatlegal.com

Lauren Michelle Hausman    lauren@copycatlegal.com

**9:21-cv-81331-AMC Notice has not been delivered electronically to those listed below and will be provided by other means. For further assistance, please contact our Help Desk at 1-888-318-2260.:**

# Docket No. 186

Docket No. 186

```
                    UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF FLORIDA
                       FORT PIERCE DIVISION
                   CASE NO. 21-81331-CIV-CANNON


AFFORDABLE AERIAL PHOTOGRAPHY, INC.,


              Plaintiff,                FORT PIERCE, FLORIDA
        vs.
                                        JANUARY 3, 2023
JOHN ABDELSAYED,
TRENDS REALTY USA CORP., et al.
                                        PAGES 1 - 47
              Defendants.
_____/

                  TRANSCRIPT OF MOTION HEARING
              BEFORE THE HONORABLE AILEEN M. CANNON
                   UNITED STATES DISTRICT JUDGE


APPEARANCES:

FOR THE PLAINTIFF:      DANIEL DeSOUZA, ESQ.
                        DeSouza Law, PA, ESQ.
                        3111 N. University Drive
                        Suite 301
                        Coral Springs, FL  331065


FOR THE DEFENDANTS:     GRIFFIN C. KLEMA, ESQ.
                        Klema Law, P.L..
                        Post Office Box 172381
                        Tampa, FL  33672








REPORTED BY:            DIANE M. MILLER, RMR, CRR, CRC
                        Official Court Reporter
                        United States District Court
                        diane_miller@flsd.uscourts.gov
```

Tuesday, January 3, 2023.

1                    P-R-O-C-E-E-D-I-N-G-S

2          THE COURT:  Thank you.  You may be seated.

3          Please call the case.

4          THE COURTROOM DEPUTY:  Affordable Aerial Photography,

5     Incorporated vs. Abdelsayed, et al.

6          Parties, please make your appearance.

7          MR. DeSOUZA:  Good morning, Your Honor; Daniel

8     DeSouza for the plaintiff.  I have sitting next to me

9     Mr. Stevens, who is the plaintiff's representative, and I have

10    Co-counsel James D'Loughy and Lauren Hausman with me as well.

11         THE COURT:  Good morning.

12         MR. KLEMA:  Good morning, Your Honor; Griffin Klema

13    on behalf of Defendants Trends Realty and John Abdelsayed.

14         THE COURT:  Good morning, Mr. Klema.

15         All right.  I set this hearing to address Plaintiff's

16    motion to voluntarily dismiss what I believe is the

17    first-amended complaint.  It's styled as a motion seeking Court

18    authorization to file a voluntary dismissal conditioned on what

19    I understand to be nonpayment of Defendant's attorney's fees,

20    but I do want some clarification on exactly what Plaintiffs are

21    seeking in the current motion, and then I'll hear argument.

22         I do have some thoughts having researched the

23    applicable case law.  So with that, let me start first with

24    Plaintiff's counsel.

25         MR. DeSOUZA:  Yes, Your Honor.

1              To provide clarification to the Court, the condition

2     that's being proposed, Your Honor, is that Plaintiff will pay

3     the remainder of Defendant's taxable costs as if Defendant was

4     a prevailing party in this case.  To our knowledge, the only

5     taxable cost that's remaining would be the deposition

6     transcript cost and appearance fees associated with Plaintiff's

7     30(b)(6) corporate rep deposition.

8              Pursuant to an agreed order previously on some

9     discovery issues in this case, the plaintiff already reimbursed

10    the defendants for the deposition costs of Mrs. Stevens, of

11    Mr. Stevens, and Connie McGinnis, which were the other

12    depositions.  We're not aware of any other deposition costs

13    that the defendants have incurred.  If there are other taxable

14    costs, Plaintiff is willing to pay them.

15             But specifically, Your Honor, I think in the

16    opposition, Mr. Klema identified, "Well, we had to pay for

17    mediation."  Those are not taxable costs under Section 1920,

18    and so we're not volunteering to pay those.  We're offering to

19    pay whatever the remainder of taxable costs are which, to my

20    knowledge, would be just the one deposition that's remaining.

21             THE COURT:  Okay.  Mr. Klema, are you aware of any

22    other taxable costs that would fall under the definition set

23    forth in that statute?

24             MR. KLEMA:  I think we set forth that there was, at

25    least as concerns taxable costs, Mr. Abdelsayed incurred a

1   30-dollar service of process fee.  Just to make it clear,

2   though, obviously, the defendants would not agree to

3   reimbursement of taxable costs only.

4           THE COURT:  Understood.

5           Other than that service fee, though, are there any

6   other taxable costs of which you're aware?

7           MR. KLEMA:  Not aware of any further at this time.

8           THE COURT:  Okay.

9           All right.  Thank you.  You may be seated, Mr. Klema.

10          Now, the consideration whether to grant a motion like

11  Plaintiff's motion turns on various discretionary factors the

12  Eleventh Circuit has set forth.  These are a guide for the

13  trial court's discretion.  They include, of course, the

14  defendant's effort and expense of preparation for trial,

15  whether there was excessive delay and lack of diligence on the

16  part of Plaintiff in prosecuting the action, whether there's an

17  insufficient explanation for the need to take a dismissal, and

18  whether a motion for summary judgment has been filed by the

19  defendant.

20          So using those factors as a guide, Mr. DeSouza, why

21  do you believe you should be permitted, at this point, to

22  dismiss your action under 41(a)(2) without paying attorneys'

23  fees?

24          MR. DeSOUZA:  Yes, Your Honor.

25          Your Honor, again, under Rule 41(a)(2), it is well

1  within the Court's discretion to grant, deny, to impose

2  conditions that the Court feels are proper.  There's no -- as

3  you said, there are factors, but there is no set of rules that

4  the Court must follow here.  The Court's job essentially is to

5  condition what is fair to the parties and what is fair to the

6  process.

7          The plaintiff believes that dismissal at this time is

8  proper, Your Honor, pursuant to the factors that the courts in

9  this circuit have actually addressed, and I think we address in

10  our reply that in the opposition to the motion, there are a

11  couple other factors that the defendant proposes the Court

12  consider as well.  But sticking to the four factors that the

13  courts in this circuit typically consider, Your Honor --

14  there's no doubt that this case has proceeded far along the

15  process.  There's over 150 items on the docket.  It's been

16  hotly litigated.  There have been a lot of motions; there have

17  been a lot of oppositions to those motions.  There have been

18  objections to magistrate reports.  There has been depositions.

19  There has been discovery.  This case has proceeded very far

20  along.

21          This case has a unique circumstance in that the

22  defendants, at this point, when we deal with costs

23  specifically, costs or attorney's fees really haven't paid a

24  lot in this case.  They have paid for deposition costs that

25  they have been reimbursed for.  There is one other deposition

1  and a 30-dollar service of process that presumably the

2  defendants are out-of-pocket on.  I don't know whether

3  Mr. Klema fronted that on his end or whether the defendants

4  paid for it, but it's frankly probably 1500 to $2,000 would be

5  my guess of remaining taxable costs.

6         This is not a case where Mr. Klema has certainly

7  billed and incurred, per the representation of the opposition,

8  750 hours; but the defendants have not come to the Court and

9  said, "Your Honor, we have paid $250,000 of attorney's fees; it

10  would be unfair to allow us to dismiss at this point."  The

11  defendants have not paid a dollar.  There has been no statement

12  by the defendants in this case that they have actually paid any

13  attorney's fees to Mr. Klema.  I believe there's a

14  representation that they incurred a thousand dollars to some

15  unknown attorney prior to Mr. Klema's representation, but we've

16  seen nothing substantiating that at this point.

17         THE COURT:  Do you oppose payment of that $1,000?

18         MR. DeSOUZA:  Well, we've never seen it, Your Honor.

19  I've never seen a bill for it.  I've never seen who this

20  attorney is that --

21         THE COURT:  Assuming that exists, and there is

22  documentation to support that prior fee, what is your client's

23  position on payment of that as a condition?

24         MR. DeSOUZA:  I think if it's substantiated, and it

25  appears to be reasonable, Your Honor, then I don't think my

1   client would have a problem paying that.  The problem is, I

2   don't know what it relates to.  I don't even know what it had

3   to do with this case.  I think there was a -- my understanding

4   is that there was a pro se answer and counterclaim that was

5   filed that that attorney supposedly prepared without the

6   Florida Bar's required notation.  I think there's a notation,

7   the Florida Bar says, if an attorney is drafting something for

8   a pro se client, it must say "prepared with assistance of

9   counsel;" it doesn't.  So I just don't know what that attorney

10  has done at this point.

11          THE COURT:  Okay.  Keep going.

12          MR. DeSOUZA:  But in terms of the costs, Your Honor,

13  no doubt Mr. Klema has done a lot of work on this case, and I

14  congratulate him for the amount of work he has done.  He has

15  fiercely represented his clients in this case, but he has not

16  charged them, and they have not incurred a dollar of legal

17  fees.

18          Now, 41(a)(2), the principle crux behind the rule is

19  protection of the defendant and reimbursing the defendant of

20  the costs and the fees that it has incurred.  Here, the

21  defendants have not incurred any costs and fees.  The only

22  thing that has incurred here is that Mr. Klema apparently --

23  I've never seen it, but apparently there is a contingency fee

24  agreement between himself and his clients with respect to any

25  recovery that they may recover in this case.  However, as we

1  point out in the reply and in the motion, that's not something

2  that the defendants can get a piece of.  Under the Florida Bar

3  rules, it's very specific, a lawyer cannot share attorney's

4  fees with a nonlawyer.  I don't think Mr. Klema has ever argued

5  that if he is awarded 100,000, 50,000, $200,000 of fees, that

6  his clients could ever see any benefit of that.

7         So what we're really talking about an opposition on

8  cost basis is, should the defendants' lawyer be paid for the

9  work that the defendants' lawyer did, not whether the

10 defendants should be reimbursed for their out-of-pocket.  So on

11 that basis, we don't believe that that factor -- does not

12 support dismissal at this time, Your Honor.

13        The delay factor, I think the defendants have this

14 backwards.  The factor is delay in prosecuting or nondiligence

15 in prosecuting the action, not as the defendants say in their

16 opposition delay or nondiligence in discovery responses.

17 That's what the defendants say in their opposition.  They say

18 the plaintiff was not diligent in its discovery responses, not

19 in prosecuting this action, and we address that point in the

20 reply, Your Honor.

21        There have been discovery disputes in this case,

22 running both sides.  Motions have been filed, magistrate

23 hearings occurred.  There were objections that were filed.  We

24 took discovery; the defendants took discovery.  I don't think

25 anyone can look at this docket and say that the parties were

1    not diligent.  The only question that remains in my mind, Your

2    Honor, frankly, and I'll never get an answer to it that

3    satisfies me is when -- at what point during this case did the

4    realization occur that the photograph that is at issue in the

5    complaint is not the photograph that was actually published by

6    the defendants and when did that realization occur.

7          We've got Mr. Klema's affidavit or declaration, I

8    believe he filed at some point, that shortly before the

9    deposition of the plaintiff's 30(b)(6) representative, this

10   realization came.  But for a period of I think approximately a

11   year, Your Honor, this case was pending, the plaintiff believed

12   we had two photos that were the same photo.  The defendants

13   apparently believed we had two photos of the same photo.  We

14   had an answer admitting to such.  We had requests for

15   admissions admitting to such.  It was a factor that was not at

16   issue in this case until it was sprung on my client's

17   representative during a deposition.  Clearly, at that point,

18   someone had formed the belief these are not the same photos,

19   even though discovery responses had not been moved to be

20   amended, even though the answer had not been moved to be

21   amended.  Clearly by then, there was a realization these two

22   photos are not the same.  But whether the realization came a

23   week before or three months before, I don't know, and I don't

24   suspect I'll ever find that out.

25          So I don't believe there has been any nondiligence in

1    the prosecution of this case, Your Honor.  If anything, I think

2    the Court could fairly criticize the parties for being overly

3    diligent in the prosecution of this case on both sides.

4         I think there has been fairly aggressive motion

5    practice on both sides of this case, and a lot of the Court's

6    time and the parties' time have been spent litigating matters

7    that at the end of the day have led us to where we are now.

8         In terms of the summary judgment motions being filed,

9    Your Honor, certainly Plaintiff has --

10    THE COURT:  And in terms of the other factors, the

11   insufficient explanation for the need to take a dismissal and

12   the existence of a motion for summary judgment filed by the

13   defendant which I believe was filed after Plaintiff's motion to

14   voluntarily dismiss was filed.

15    MR. DeSOUZA:  Right.  I was going to address that one

16   next, Your Honor, the summary judgment.

17         Obviously, both parties had filed summary judgment

18   motions prior to the 41(a)(2) motion.  Both sets of those

19   motions had been denied by the Court given ongoing discovery.

20   We then filed the 41(a)(2) motion.  I think the factor is the

21   fact that a summary judgment motion is currently pending, not

22   we have filed a motion to voluntarily dismiss and the defendant

23   can swing that factor in its favor by just filing a summary

24   judgment motion thereafter.

25         Your Honor, you gave us an extended discovery period,

1    I think into January, with summary judgment motions now due, I

2    believe, in February under the current scheduling order that

3    you've revised.  I had discussions with Mr. Klema about the

4    refiling of the summary judgment motion.  The substance of

5    those conversations is not important.  The point being, we have

6    served discovery with respect to these new affirmative

7    defenses -- or revised affirmative defenses that defendants

8    have raised.  That discovery is pending by agreement with

9    Mr. Klema.  We agreed to hold off on his responses thereto

10   until after this hearing.  The same way that we agreed on our

11   opposition to his summary judgment motion can occur after this

12   hearing.  I think to streamline the process somewhat.

13           But certainly at the time that this motion was filed,

14   there was no pending summary judgment motion.  And I don't

15   believe there's any case law that says a defendant can swing

16   that into its favor by simply filing a summary judgment motion

17   at some point thereafter, especially while the discovery period

18   is still going while we still haven't gotten those discovery

19   responses.  The summary judgment deadline is not even here at

20   this point, so I think that one does not sway in the

21   defendant's favor.

22           Now, in terms of the insufficient explanation as to

23   what the plaintiff has offered, Your Honor, the explanation was

24   offered in the motion.  I know Mr. Klema says, Well, I'd like

25   Mr. Stevens to be here and, you know, let's see what he has to

1  say and swear him in, if the Court wants to go that route.  We

2  thought it was important enough to bring Mr. Stevens here, and

3  you can hear it in his own words.

4          But the realty is, Your Honor, this case has taken a

5  toll on the plaintiff since day one.  This case was filed, Your

6  Honor, frankly because Mr. Abdelsayed refused to take the photo

7  down off of his website.  I mean, this is where this all

8  started.  This case started with a realtor who, for lack of a

9  better word, took a photo that he wasn't entitled to, said,

10 It's my right to use the photo, I'm not going to take it down,"

11 and he didn't take it down off their website until well after a

12 month that this lawsuit had been pending when Mr. Klema made an

13 appearance.  And I think we can all put two and two together

14 that the reason the photo came down was not because

15 Mr. Abdelsayed thought it was right to take the photo down, but

16 because Mr. Klema presumably instructed him to do so, that you

17 shouldn't leave this up on your website.

18         From there, Your Honor, the defendants filed

19 counterclaims and third-party complaints against Mr. Stevens'

20 paying clients, Connie McGinnis and Old Palm Real Estate.  They

21 never served those.  I think they mailed them.  I think they

22 called Mr. McGinnis and said, "You should join us."  They

23 accused him of being in a conspiracy with Mr. Stevens to make

24 Mr. Abdelsayed steal photos off of the MLS listings.  It's hurt

25 the relationship that Mr. Stevens has with his paying clients

1    when claims like these are there.

2            Mr. McGinnis had his deposition taken in this case.

3    If you were to ask Mr. Stevens right now has his relationship

4    been affected with Mr. McGinnis, he's going to say yes.  He

5    doesn't get as much business from him.  He doesn't hear from

6    him as often at this point.  Mr. Stevens' wife has been deposed

7    in this case.  We allowed it to happen, given some testimony

8    that occurred I think from Mr. Stevens that his wife ended up

9    being deposed.

10           But this has put a tremendous strain on both personal

11   and professional relationships.  And if this case proceeds to

12   trial, Your Honor, those strains are only going to grow because

13   Mr. McGinnis presumably will be subpoenaed to come testify at

14   trial.  There's a distinct possibility that Mrs. Stevens will

15   be subpoenaed to come testify at trial.

16           And on top of that, Your Honor, again, this case is

17   somewhat different than when it started, when the plaintiff

18   believed that -- and the only evidence that was in front of the

19   plaintiff based on wayback machines and other types of internet

20   crawls was, we had a website that appeared to have nothing to

21   do with Mr. Abdelsayed.  There was no indication that

22   Mr. Abdelsayed was the one that put this photo up

23   preregistration.  There was no indication -- this was not a

24   statutory damages case or a case in which the plaintiff could

25   potentially recover attorney's fees if this case was litigated

1    in the way that it was litigated.

2         And even after the realization came about that

3    Mr. Abdelsayed was the one that was behind this website from

4    day one and that when he first published this photo, I think

5    fortuitously for him, two months prior to Mr. Stevens'

6    registration, that there was still a basis to seek statutory

7    damages in this case, at least based on that one case from

8    Texas, the *Pickersgill* case which speaks to if you continue to

9    publish a photo after the lawsuit is filed or after you receive

10   a demand letter and claim an implied license, which is exactly

11   what Mr. Abdelsayed did, that court left open the possibility

12   of still being able to get statutory damages.

13        Now, granted, the plaintiff here, perhaps in a naive

14   hope of streamlining this case and trying to cut back on some

15   of the litigation back and forth, we agreed -- we did an agreed

16   order -- it's on the docket -- to forego the seeking of

17   statutory damages.  That *Pickersgill* case ended up settling

18   prior to it ever getting to trial, ever getting to the summary

19   judgment level, so we don't know what that court would have

20   done ultimately or what other courts may have done.  But in an

21   effort to streamline the case and to hopefully cut back on some

22   of this motion practice, we did agree to forego the seeking of

23   statutory damages.  But the client at that point still wanted

24   to pursue the case, still wanted to see -- you know, even if

25   it's an actual damages case, and I can't get my attorney's

1  fees, it's important enough to me to pursue this case given the

2  conduct of the defendants here in taking the photo, being

3  unapologetic for taking the photo, refusing to take the photo

4  down and then making these conspiracy claims that ultimately I

5  think were voluntarily dismissed.  I think there was an amended

6  counterclaim that didn't include them, and our client still

7  wanted to pursue the case at that point.

8         THE COURT:  So at this point, if Plaintiff were to

9  prevail at trial, hypothetically, attorney's fees for Plaintiff

10  would be off the table; is that correct?

11         MR. DeSOUZA:  Correct.

12         Taxable costs would be on the table and actual

13  damages for disgorgement of profits would be on the table.  I

14  don't believe there's any profits that have been established in

15  discovery of the defendants, so we're really talking about lost

16  licensing fees that the plaintiff lost, as a result of this,

17  and any taxable costs at this point.

18         THE COURT:  All right.  And now in terms of the

19  current scheduling order, can you remind me what that provides?

20  I don't have that in front of me.

21         MR. DeSOUZA:  I don't have the exact dates in front

22  of me, Your Honor, but my understanding was that you gave us

23  two or three months of discovery with respect to the

24  defendant's' affirmative defenses.  I believe that expires

25  sometime this month.

1           THE COURT:  I think it's end of January.

2           MR. DeSOUZA:  That's -- I can pull it up here on

3  Pacer, Your Honor, but you probably have it quicker than I do.

4  And the summary judgment deadline got pushed out into I believe

5  end of February at that point.  But obviously, we already

6  had --

7           THE COURT:  So trial right now is set for which trial

8  period?

9           MR. DeSOUZA:  I'm not each sure that we got a new

10  trial date, Your Honor.

11           I'm sorry.  I think it's May 8th, 2023?  That's

12  docket entry 153.

13           And dispositive motions, I said end of February, but

14  it's actually February 10th under the new scheduling order.

15           THE COURT:  So the trial date is May, is that

16  correct?

17           MR. DeSOUZA:  Yes, Your Honor.

18           THE COURT:  Okay.  Am I also correct that you

19  don't -- you would agree to a condition that you would pay

20  defendants' attorneys' fees if Plaintiff refiled suit?  Is that

21  part of your motion?

22           MR. DeSOUZA:  That is correct, Your Honor.  And

23  there's at least two cases from this circuit, one was an

24  Eleventh Circuit case that was just affirming a district court,

25  and the other one I think was a Middle District case where

1    those were the conditions that were placed on that, if this is

2    refiled.  The plaintiff will pay costs.  And I think even at

3    that point, I don't believe costs was defined in those cases as

4    including attorney's fees.  Here, we're volunteering to pay the

5    taxable costs already, irrespective of refiling.  And on top of

6    that, that if the plaintiff does choose to refile or go

7    register this secondary photo and decide to pursue this case,

8    that it be conditioned on the payment of attorney's fees.

9              THE COURT:  Okay.

10             You may be seated.  I'm just reviewing here to see if

11   I have any other questions.

12             All right.  Mr. Klema -- is it Klema or Klema?  I

13   just want to make sure I'm pronouncing your last name

14   correctly.

15             MR. KLEMA:  Yes, Judge, it's Klema.

16             THE COURT:  Klema, okay.

17             Just as a small point, do you have any information

18   regarding that 1,000-dollar attorney payment that's been

19   referenced?

20             MR. KLEMA:  I have not seen an invoice from the

21   attorney.  It's a representation by my client, Mr. Abdelsayed,

22   that he did have that expense.  I am aware of the attorney's

23   name, but that's the extent of my knowledge.

24             THE COURT:  Okay.

25             All right.  So again, going back to those

1    discretionary factors that I mentioned, why don't you summarize

2    your position.  It does seem to me that the equities, at least

3    of those discretionary factors, Counsel in favor of granting

4    Plaintiff's motion with at least some conditions, given the

5    posture of the case and the various circumstances that have

6    been addressed in the numerous filings; but I do want to give

7    you a full opportunity to present your argument.

8         MR. KLEMA:  Thank you, Judge.  I'll try and be brief,

9    and summarize as you've requested.

10        The primary issue here is that the Court's presently

11   sitting in equity, so there's a lot of discretion that the

12   Court has.  Those factors that have been identified in the case

13   law are not required factors.  They're merely a guidepost by

14   which the Court can consider which way the equities may fall

15   with the primary emphasis being on to protect the defendant.  I

16   don't think there's any disagreement about what the objective

17   of the Court's decision at present is, which is to protect the

18   defendants.

19        Going to the factors -- actually, before I go to the

20   factors, it's important to note that the Eleventh Circuit has

21   said that ordinarily not -- a plaintiff is not permitted to

22   dismiss an action without prejudice under 41(a)(2)(F), that a

23   defendant has been put to considerable expense.

24        THE COURT:  In preparing for trial.

25        MR. KLEMA:  That is what the case law says.  I think

1    the spirit of what the factor is, is about what has the

2    defendant been put to up until the point that the Plaintiff has

3    requested a voluntary dismissal.

4         THE COURT:  Well, certainly.  I mean, I think it's

5    couched in terms of trial expense, but really, though, it's

6    targeted at what the defendant has borne in the form of

7    expense.  And that's, I think, where the difficulty lies here

8    which appears that the expense comes in the form of, you know,

9    attorneys' fees which certainly I think you've expended great

10   effort in this case and represented your client quite well.

11   But again, how does that counsel in favor of denying the motion

12   when the defendant himself hasn't been put to considerable

13   expense, much less considerable expense in preparing for trial?

14        MR. KLEMA:  It's a good question, Judge, and I think

15   the issue is, well, what has the defendant done in its effort

16   in its expenditure?  It's not a strict reimbursement quid pro

17   quo that, well, what have you actually had out-of-pocket in the

18   case?  And the reason that I say that is because the case law

19   says it's not only the attorney's fees, the costs, but the

20   expenses that are evaluated and can be considered and

21   conditioned on the dismissal.  The dismissal also can be with

22   prejudice given the expense up to that point.

23        Here, we've got the Copyright Act.  That's an

24   important issue with regard to, well, what efforts and what is

25   the underlying issue that incentivizes the litigation to defend

1    against these types of claims and clarify the law.

2         If we approach it strictly from a quid pro quo

3    standpoint, that neutralizes the congressional intent under

4    505, which is an important part of what the Supreme Court has

5    said influences discretionary events in a copyright

6    infringement case.  And this is one of those events.  The

7    effort and expense factor here, again citing to *Allegrini*,

8    68 Federal Supplement 684, talks about, well, what did the

9    defendants do or what did the party do in substantiating their

10   claim or the defense.  It's not strictly, again, about

11   out-of-pocket expenses here.

12        The second factor, just to summarize the remaining

13   issues, Judge, the diligence, I think, again, what the Court

14   is -- what the Eleventh Circuit is trying to emphasize be

15   considered in making an equitable decision is, well, what has

16   the plaintiff caused the defendant to do up until the plaintiff

17   has decided to say, you know what, I'd like to take a voluntary

18   dismissal by this point?

19        Delay, temporally speaking, is certainly an issue

20   there but is not limited to, well, has there been, strictly

21   speaking, delay.  What diligence has there been in the case

22   that could have led to significant effort by the defendants up

23   until the Rule 41 motion?

24        Here, it's the defendant's position, well, the

25   plaintiff wasn't exactly thorough in its initial prefiling

1    diligence with regard to the CMI removal claim.  It wasn't

2    thorough and forthcoming in its discovery responses in

3    identifying, well, gee, we have these native photographs, we

4    don't know where they are right now, but we know they exist.

5    There are multiple native photographs that went into creating

6    this one picture.  If that was done early in this case, in

7    January of last year, I think we would have had a very

8    different complexion leading up to the end of the discovery

9    period and what ultimately unfolded.

10        So the diligence factor here does weigh in favor of

11    at least conditioning reimbursement of expenses if not an

12    outright denial of the request for voluntary dismissal because

13    of that.  It's the effort that the defendants went through

14    because of what the plaintiff had done in the case.

15        Factor three, dispositive motions, *Potenberg* doesn't

16    necessarily require that the summary judgment motion be pending

17    at the time that a Rule 41 motion has been filed.  Again, this

18    goes to, well, what have the defendants had to do up until the

19    point of a request for a dismissal?  And I think the record is

20    eminently clear that we've been through several stages of

21    summary judgment briefing; and as far as I can tell, the Court

22    preferred that the prior motion for summary judgment on the

23    infringement claims together with the 12(b)(1) motion for

24    dismissal for procedural reasons be recombined.  So that motion

25    was pending.

1          The plaintiff did not respond to that motion, and

2    there are important issues there which influenced the final --

3    well, not final, the fourth factor here:  Why is the plaintiff

4    taking a dismissal at this time?

5          I think the record makes very clear that the reasons

6    stated are -- at least existed by April of last year.  Well,

7    you know what, we're going to concede to the fact that this is

8    an actual damages only case.  We're going to waive our

9    statutory remedies.  You know, on a photograph like this and

10   what the alleged infringement was really makes this a very low

11   value case.  And it would have been at that point that the

12   plaintiff should have considered, you know what, we probably

13   should look very closely at whether we want to continue

14   litigating this case.  It made its choice by that point.

15         The letter from the plaintiff's counsel in response

16   to the defendant's Rule 11 motion on the statutory remedies, as

17   the Court may recall, we had briefing and motion practice on

18   that issue.  It was framed under Rule 12 rather than Rule 56,

19   and so I think it was denied procedurally more than

20   substantively; but the point remains that ultimately, the

21   defendants did prevail on that issue, albeit as a result of --

22   the first time in my career -- serving someone with a Rule 11

23   motion.

24         So we really have to look carefully, well, what

25   exactly is the plaintiff claiming?  Now is the time for a

1    Rule 41 dismissal.  We're long into this case, we've got trial

2    set for May 8th on a reset trial schedule.

3          THE COURT:  That's still a number of months away, so

4    I think it's hard to say that we're really on the eve of trial.

5          MR. KLEMA:  And that's fair, Judge.

6          Again, the fourth factor here is, well, what are the

7    plaintiff's stated reasons.  I don't think, based on the

8    record, that they add up to, well, it's not worth the effort

9    and expense.  That point occurred at least six months ago, long

10   before we got into dispositive motion practice.  The effort

11   that the defendants were put through in this case occurred

12   subsequent to the reasons that are currently being stated for

13   the dismissal now.

14         So again, the Court sitting in equity, the defendants

15   had suggested that some additional considerations should be

16   evaluated in granting or denying or conditioning the dismissal

17   in this case.  And I've already mentioned, though briefly, the

18   Copyright Act.  What are the purposes of the Copyright Act?

19   What has the Supreme Court said and interpreted the Copyright

20   Act is supposed to incentivize?  And it actually incentivizes

21   the very kinds of suits that Affordable Aerial Photography and

22   many other plaintiffs with similar business models pursue these

23   claims with frequency because of, well, 505, the statutory

24   damages and unilateral fee shifting under that.

25         It does incentivize the plaintiff to do so; but by

1    the same token, it incentivizes the defendants to prepare

2    meritorious defenses, and I think what has been established of

3    record is that they have very good defenses, and one of the

4    chief new defenses that at this point has not been responded to

5    by the plaintiff was in the previously denied summary judgment

6    motion without prejudice which is, well, the deposition of

7    Mr. Stevens.  He said unequivocally, "I would never have

8    licensed the defendants to use this photograph under -- for no

9    amount of money, under no circumstances."  I think that totally

10   destroys their case.  They can't prevail on their actual

11   damages only case.

12          And the statement of undisputed facts by the

13   plaintiff, they've agreed to that essentially, that that is the

14   position testimonially that Mr. Stevens took in the case, and

15   it seems to me that the plaintiffs have filed that

16   post-deposition of Mr. Stevens which the defendants would posit

17   really shows very clearly that the plaintiff doesn't have a

18   case.

19          So for that reason, the fourth factor weighs in favor

20   of at least conditioning dismissal on payment of the

21   defendant's attorney's fees and potentially denying the motion

22   outright.  Obviously, I recognize that, you know, deciding a

23   summary judgment motion is a heavy lift for the Court, but

24   given what the defendants have expended to present those issues

25   to the Court, they do believe that it has warranted further

1    judicial effort in this case.

2              THE COURT:  All right.  Can you take a moment or two

3    to discuss your argument?  I think you make this in the updated

4    joint scheduling report that -- I think you say something about

5    your concern that the Court would lack subject matter

6    jurisdiction to entertain this motion to voluntarily dismiss

7    because of your ownership argument.  I'd like for you to

8    develop that a little bit.

9              MR. KLEMA:  Yes, Judge.  Thank you for raising that

10   issue.  I was going to address that at the conclusion of the

11   hearing.  Obviously, we've raised that a number of times in the

12   case.

13             The essence of that argument is as follows.  The

14   plaintiff doesn't own the copyright, and it's really important

15   to distinguish between the thing, the photograph that embodies

16   the creative effort, the originality, and the copyrights, the

17   right itself, the legal basis for enforcing those rights.

18   Those are two very different and distinct things.  So even if

19   someone owns the tangible thing in which the original

20   expression is embodied doesn't necessarily mean that they are

21   also the owner of the rights to enforce whatever that copyright

22   is.

23             In this situation, in this case, we have three native

24   photographs that Mr. Stevens took.  I think that it's very

25   obvious they're different photographs.  The work that is at

1    issue here is some kind of a conglomeration unknown of those

2    three native photographs.  It's unequivocally a different image

3    in materially important ways.  This is a utilitarian photograph

4    where very slight differences can have a significant impact on

5    the scope of the copyright.  So when we look to authorship,

6    which turns -- which, in turn, decides who owns the rights, and

7    that's kind of the crux of the argument here, what was done

8    creatively and by whom and when.

9          I think Mr. Stevens took the photographs.  He has

10   authorship in the native files.  But there is an unknown person

11   outside the United States.  It appears to be in India.  We

12   don't actually know that, we have never been told.  And some

13   person unknown took those images digitally, combined certain

14   portions of them and created one final product, and actually

15   did this with the other photographs that were provided by

16   Affordable Aerial Photography.  So at that moment, the new

17   photograph became a different work separate and apart from the

18   underlying native photographs.

19         THE COURT:  Is this the Creative Retouch Studios?

20         MR. KLEMA:  Yes, Judge.  I'm sorry I didn't name them

21   specifically.  Creative Retouch Studios is what we understand

22   to be the overseas Asian studio that created the registered

23   work here.

24         THE COURT:  And am I correct that there's an

25   affidavit in the record from an employee of that company saying

1    they did only color edits to the photograph?  In other words,

2    there was no merging?

3            MR. KLEMA:  Yes, Judge, I think there is an

4    affidavit, and I'm not prepared necessarily to argue this

5    specific issue, so I'd kindly request a little leeway here --

6            THE COURT:  Certainly.

7            MR. KLEMA:  -- in recalling exactly what the

8    affidavit says.  But my recollection is it's not based on

9    personal knowledge.  That individual does not testify in that

10   affidavit that they were the person that created it.  The

11   affidavit itself appears to be suspect in terms of its

12   credibility.  I don't believe it creates a factual question on

13   authorship.

14           So we don't know --

15           THE COURT:  So this jurisdictional challenge, it

16   strikes me that it's really more of a merits attack on an

17   element of the claim on the validity of the copyright, and so

18   why wouldn't I just treat that as a merits challenge and then

19   be very satisfied that I have jurisdiction to adjudicate the

20   motion to dismiss?

21           MR. KLEMA:  It's a good question, Judge.  And there

22   are times where there is overlap between a plaintiff's standing

23   to bring suit and the merits of the case.  This happens to be

24   one such situation, and the Eleventh Circuit has indicated,

25   well, what is the proper procedural vehicle to do so, as well

1   as, well, what standards apply in deciding a 12(b)(1)

2   challenge; and it actually is a Rule 56 standard, even though

3   it travels under technically Rule 12(b)(1).

4            THE COURT:  Like a factual attack on the Court's

5   jurisdiction.  But again, here we have a plaintiff who has

6   invoked the judicial power by, of course, bringing suit under a

7   federal statute, and given that overlap, I guess my question

8   is:  Why isn't the proper course here to find that jurisdiction

9   exists and deal with that objection that you're raising as a

10  direct attack on the merits of Plaintiff's case rather than a

11  standing question under Article III?

12           MR. KLEMA:  Because I think it necessarily

13  adjudicates both.  If the plaintiff lacks a copyright in the

14  registered work, they don't have standing, they don't have the

15  right.  They may have a registration, but that is not the

16  copyright.  So the issue really -- they go together.  I don't

17  think one can be decided without addressing the other, but --

18  so I think that answers Your Honor's question.

19           THE COURT:  Yes, it does.

20           MR. KLEMA:  I think it really does necessarily

21  adjudicate both the merits of the case as well as subject

22  matter jurisdiction.

23           THE COURT:  All right.

24           Now, can you explain exactly -- you discuss sort of

25  the policy goals and a lot of the work that's been done in this

1   case.  But how exactly will the defendant, rather than the

2   defendant's counsel be prejudiced by granting Plaintiff's

3   motion contingent on, you know, payment of any taxable costs

4   and paying defendant's attorney's fees if Plaintiff refiles

5   suit?

6        MR. KLEMA:  Good question, Judge.

7        The substantive right to attorney's fees is not the

8   attorney's.  The case law is clear, it's a substantive right of

9   the party; and because that's a right of the party, that helps

10  incentivize representation in the court.  If the right is not

11  recognized substantively and is effectively neutralized merely

12  because of the underlying business relationship between the

13  lawyer and the client, then we've effectively removed the issue

14  from the case that the Eleventh Circuit has said needs to be

15  evaluated in deciding the propriety of a Rule 41 motion.

16       So it is harming a party and the defendant in this

17  case specifically because if a decision to the contrary to not

18  recognize a contingent fee relationship would disincentivize

19  representation by competent counsel in a case, so the issue is

20  prejudice to the defendant, if it's recognized that they don't

21  have a substantive right, that the business relationship

22  between lawyer and client suddenly becomes a relevant factor in

23  a plaintiff's decision to voluntarily dismiss the case does

24  harm, the essence of the attorney—client relationship.  And

25  then specifically in this case, I think if any attorney was

1    coming in and taking a look at it and saying, you know what, I

2    can't offer contingency fee services for this case -- and

3    actually my understanding, based on my client's representation,

4    is he did try to find that. He didn't have the money to hire

5    an attorney. He attempted to find counsel in this case before

6    requesting referral to the volunteer attorney program. He had

7    that 1,000-dollar out-of-pocket expense and no further

8    resources to really defend himself in this case.

9          And I think, as the Court probably recognizes, there

10   are a number of defendants who are placed in the same position.

11   Lots of individuals in small businesses frequently face

12   30,000-dollar settlement demands on utilitarian photographs.

13         So this does harm Mr. Abdelsayed in his business

14   specifically in this case, but a decision adverse to that --

15   them here I think would have more broad-reaching consequences

16   generally that invade the attorney-client relationship.

17         THE COURT: All right. Thank you, Mr. Klema.

18         All right. Let me give Plaintiff's counsel a few

19   minutes to wrap up, if there's anything further.

20         MR. DeSOUZA: Yes, Your Honor.

21         On the subject matter jurisdiction argument, Your

22   Honor, I think Mr. Klema is somewhat confusing standing with

23   subject matter jurisdiction. There's no shortage of cases out

24   there where a plaintiff files a lawsuit not even having a

25   copyright registration and a -- there's a dismissal -- or

1    there's an argument as to whether there's subject matter

2    jurisdiction, the plaintiff may lack standing at that point to

3    have brought the claim, but that doesn't somehow divest the

4    Court of subject matter jurisdiction to deal with all ancillary

5    matters.

6            I've seen dozens of cases on this, Your Honor.

7    Courts can still award attorneys' fees to the defendant.

8    Courts can still tax costs.  Courts can still enter orders in

9    those cases.  So standing and subject matter jurisdiction are

10   not necessarily synonymous.  So I do think that even if

11   Mr. Klema is correct with this argument that the Indian

12   Creative Retouch Studio somehow has an ownership interest in

13   this photo -- and certainly we've opposed that, it's on the

14   docket, we've got the affidavit out there -- the case law

15   certainly seems to say, clear as day, Your Honor, that only the

16   original author -- in this case, the photographer, the case law

17   says in the case of photographs, the author is the photographer

18   and has the right to create derivative works.  "Derivative"

19   being defined as modifications, amendments, edits, exactly the

20   type of thing that happened here, Your Honor.

21           And I have yet to see a single case -- Mr. Klema is a

22   very intelligent attorney, I'm sure he has done his research on

23   Lexis and Westlaw.  He hasn't cited a case in a stands for the

24   proposition that a photographer who then takes a photograph and

25   sends it to some studio to be edited, whether it's in Photoshop

1  or Lightroom or make the sky brighter, somehow has lost the

2  ownership right or the copyright in that photograph.  If that

3  case exists, it's not in any of the 158, 175 items on our

4  docket because I haven't found it and apparently Mr. Klema

5  hasn't found it either.

6          Your Honor, on this substantive right to attorney's

7  fees that Mr. Klema just finished with, I may have misheard

8  him, but I think he said my clients specifically are not

9  prejudiced by this dismissal, whereas clients in general, as a

10 policy matter, there is some prejudice that is out there.

11         If I misheard it, I apologize, but there is no doubt

12 that his clients are not prejudiced by this dismissal.  And we

13 raised this in our briefing, Your Honor, this is not a case

14 where the defendant is some competitor business that is trying

15 to bring a product to market and somehow needs a court ruling

16 to define what its rights are here, in this case.  This is a

17 single photograph that the defendant used on a website to

18 advertise a neighborhood that they've taken off their website

19 and have not indicated without this photo "our business is

20 destroyed and we cannot continue."

21         They don't need a ruling on this, Your Honor.  This

22 case has presented perhaps the most unique set of circumstances

23 in any copyright case that I've seen where you have a

24 registered photo, you have that photo combined to become

25 another photo, that photo didn't happen to be registered.  The

1    parties believed they were the same photos for a year.  They're

2    not fighting over who gets to use the photo, whether the photo

3    was somehow belonging to the defendants or that they need it in

4    their marketing campaign.  This is not a decision if this case

5    goes all the way to summary judgment or trial, whether it's in

6    the plaintiff's favor or the defendant's favor, other than

7    money, that is going to make a difference or prejudice either

8    side on this case because the defendants have not presented any

9    argument that they are somehow prejudiced here.

10           And Your Honor asked Mr. Klema squarely, "You know,

11   what's the financial harm that your clients have suffered."

12   And there is none, other than perhaps this thousand dollars

13   that we still don't know who the lawyer is.  We don't know what

14   the time was for and deposition costs that we're offering to

15   reimburse them for.  There is no money out-of-pocket, and I

16   don't believe that we're having a policy argument here that

17   somehow we're stopping people from having a contingency

18   relationship or a pro bono relationship because it's just one

19   factor of many, Your Honor.  It's not that in any case where a

20   defendant is represented pro bono or on a contingency, the

21   Court is just going to willy-nilly grant a plaintiff's 41(a)(2)

22   dismissal.  No argument is being made to that extent.

23           Here, we have a specific set of facts before the

24   Court.  We've gone through the four factors that the courts

25   tend to analyze.  Mr. Klema would like the Court to analyze an

1  additional two factors on top of that which, as far as I can

2  tell, no other court has done.  But even with an analysis of

3  all of those factors, we still wind up at the same place which

4  is dismissal is appropriate upon appropriate conditions that

5  the Court finds.

6        And the only condition that Mr. Klema can think of,

7  besides the ones that we have proposed, is pay me my attorney's

8  fees.  And he has not argued that notwithstanding that they are

9  a substantive right that he can share one dollar of that with

10 his client.  So his client is not walking out of here -- if the

11 Court awards a million dollars of attorney's fees, his client

12 does not get any of that.  His client will not have paid a

13 dollar of attorney's fees; and if the Court awards a dollar of

14 attorney's fees, his client will not receive 60 percent or

15 50 percent, or whatever the contingency is because the rules of

16 professional conduct are crystal clear that an award of

17 attorney's fees belongs to the attorney and not to the client.

18        So whether it's a substantive right or not, there has

19 not been an argument here that my clients somehow are better

20 off if you grant this motion and award me my attorney's fees,

21 or if you deny this motion and let us continue all the way

22 through trial so that we can win this case or lose this case,

23 and there's a judgment either for the defendant or for some

24 monetary amount of actual damages for the plaintiff.

25        THE COURT:  All right.  Thank you.

Tuesday, January 3, 2023.

1          MR. DeSOUZA:  Thank you, Your Honor.

2          THE COURT:  Okay.  So with respect to Plaintiff's

3    motion to voluntarily dismiss its complaint -- this is docket

4    entry 155 -- I'm going to grant that motion subject to two

5    conditions that I'll spell out in a moment.

6          This is a motion brought under 41(a)(2).  It seeks to

7    file a notice of voluntary dismissal without prejudice and

8    without any requirement that Plaintiff reimburse Defendants for

9    their attorneys' fees.  Having considered the discretionary

10   factors outlined in the Eleventh Circuit's case law, as noted,

11   those include the defendant's effort and expense of preparation

12   for trial, any excessive delay and lack of diligence on the

13   part of the plaintiff in prosecuting the action, the

14   plaintiff's explanation for the need to take a dismissal, and

15   whether a motion for summary judgment has been filed by the

16   defendant, having considered those factors.  I do believe they

17   counsel in favor of granting the motion.

18         With respect to the first factor, I think it's clear

19   that Defense Counsel has expended great effort, and I commend

20   you for your vigorous advocacy; but the fact remains that

21   Defendant himself has not been put to that considerable expense

22   that can really be deemed prejudicial at this point.  And

23   although Plaintiff has made various laudable policy arguments

24   about the incentives for lawyer representation, I don't think

25   that dictates a different result on that factor at least.

1          With respect to excessive delay and lack of

2     diligence, I really don't think there's a record here that

3     supports that.  I mean, Defendant takes issue with perhaps some

4     thoroughness on the part of Plaintiff, and I think certainly

5     the record shows a huge amount of litigation in this case, but

6     I don't think it's reasonable to conclude on this record that

7     there has been excessive delay or lack of diligence on the part

8     of Plaintiff in prosecuting the action.

9          With respect to the explanation for the need to

10    dismiss, I think Plaintiff's explanation is valid.  This

11    litigation has undergone various permutations, and given the

12    representations of Counsel, I am satisfied that those reasons

13    are sufficient at this point.

14         And finally with respect to the summary judgment, I

15    do acknowledge there is a pending summary judgment motion, but

16    again, I don't think that tips the scales.

17         Finally, I do want to say a few words about

18    Defendant's jurisdictional challenge.  To the extent there's an

19    argument that I can't entertain this Rule 41(a)(2) motion

20    without addressing the Article III issue of standing, I will

21    just say that it strikes me that Defendant's argument is really

22    an attack on the merits of Plaintiff's case.  And I think the

23    proper course of action here, when we're dealing with a statute

24    that provides the basis for the Court's exercise of subject

25    matter jurisdiction and Plaintiff's substantive claim for

1  relief is to find that jurisdiction exists and deal with the

2  objection as a direct attack on the merits of Plaintiff's case.

3  And when I do that, having surveyed the record, I think the

4  best-case scenario for Defendant is that a factual dispute

5  might exist as to who actually owns the property interests in

6  the copyright.  But again, that wouldn't divest this Court of

7  jurisdiction to entertain a Rule 41(a) motion in the Court's

8  view.

9          So for those reasons, I'm going to grant Plaintiff's

10  motion, but the conditions will be as follows:

11          Plaintiff paying Defendant's attorney's fees if

12  Plaintiff refiles suit and requiring Plaintiff to pay for

13  Defendant's costs other than attorney's fees.  Taxable costs is

14  what I'm referencing under Section 1920.  So to the extent

15  there are any outstanding costs that fall into that category,

16  that will be included in the order.

17          Procedurally, Mr. DeSouza, I think you said in your

18  motion you would file the motion within three days of the

19  Court's order; is that correct?

20          MR. DeSOUZA:  I think so, Your Honor, yes.

21          THE COURT:  Okay.  All right.

22          Well, then, three days from today, please file that

23  motion.  I will enter an order following this hearing that just

24  delineates those conditions and summarizes briefly the Court's

25  order today from the bench.

1          Anything further, Mr. Klema?

2          MR. KLEMA:  No, Judge, not at this time.

3          THE COURT:  I do want to thank Mr. Klema for taking

4    on this case.  I don't in any way want to minimize the great

5    effort that you've undertaken or in any way suggest that

6    vigorous representation is worthwhile in these cases.  I simply

7    believe that in the Court's discretion, Plaintiff's motion

8    should be granted.  And I think Defendant's arguments, they're

9    creative and I think well-taken, but they stretch the factors

10   simply too far in my view.

11         So that is all I have.  The Court is in recess.

12   Thank you.

13         THE COURTROOM DEPUTY:  All rise.

14         *(PROCEEDINGS ADJOURNED AT 11:56 A.M.)*

15

16

17

18

19

20

21

22

23

24

25

Tuesday, January 3, 2023.

```
 1              C–E–R–T–I–F–I–C–A–T–E

 2            I hereby certify that the foregoing is

 3         an accurate transcription and proceedings in the

 4         above-entitled matter.

 5
         6/5/2023                    /s/DIANE MILLER
 6         DATE                 DIANE MILLER, RMR, CRR, CRC
                                Official Court Reporter
 7                              United States District Court
                                101 South U.S. Highway 1
 8                              Fort Pierce, FL  34950
                                772-467-2337
 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**MR. DeSOUZA:**
**[16]**  2/7 2/25 4/24
6/18 6/24 7/12
10/15 15/11 15/21
16/2 16/9 16/17
16/22 30/20 35/1
37/20
**MR. KLEMA: [18]**
2/12 3/24 4/7
17/15 17/20 18/8
18/25 19/14 23/5
25/9 26/20 27/3
27/7 27/21 28/12
28/20 29/6 38/2
**THE COURT: [35]**
2/2 2/11 2/14
3/21 4/4 4/8 6/17
6/21 7/11 10/10
15/8 15/18 16/1
16/7 16/15 16/18
17/9 17/16 17/24
18/24 19/4 23/3
25/2 26/19 26/24
27/6 27/15 28/4
28/19 28/23 30/17
34/25 35/2 37/21
38/3
**THE
COURTROOM
DEPUTY: [2]**  2/4
38/13

**$**

**$1,000 [1]**  6/17
**$2,000 [1]**  6/4
**$200,000 [1]**  8/5
**$250,000 [1]**  6/9

**/**

**/s/DIANE [1]**  39/5

**1**

**1,000-dollar [2]**
17/18 30/7
**100,000 [1]**  8/5
**101 [1]**  39/7
**10th [1]**  16/14
**11 [2]**  22/16 22/22
**11:56 [1]**  38/14
**12 [4]**  21/23 22/18
28/1 28/3
**150 [1]**  5/15

**1500 [1]**  6/4
**153 [1]**  16/12
**155 [1]**  35/4
**158 [1]**  32/3
**172381 [1]**  1/16
**175 [1]**  32/3
**1920 [2]**  3/17
37/14

**2**

**2023 [3]**  1/5 16/11
39/5
**21-81331-CIV-CA
NNON [1]**  1/2
**2337 [1]**  39/8

**3**

**30 [2]**  3/7 9/9
**30,000-dollar [1]**
30/12
**30-dollar [2]**  4/1
6/1
**301 [1]**  1/13
**3111 [1]**  1/13
**331065 [1]**  1/14
**33672 [1]**  1/17
**34950 [1]**  39/8

**4**

**41 [14]**  4/22 4/25
7/18 10/18 10/20
18/22 20/23 21/17
23/1 29/15 33/21
35/6 36/19 37/7
**47 [1]**  1/7

**5**

**50 percent [1]**
34/15
**50,000 [1]**  8/5
**505 [2]**  20/4 23/23
**56 [2]**  22/18 28/2

**6**

**6/5/2023 [1]**  39/5
**60 percent [1]**
34/14
**68 Federal [1]**
20/8
**684 [1]**  20/8

**7**

**750 hours [1]**  6/8
**772-467-2337 [1]**

**39/8**

**8**

**8th [2]**  16/11 23/2

**A**

**A.M [1]**  38/14
**ABDELSAYED
[12]**  1/6 2/13 3/25
12/6 12/15 12/24
13/21 13/22 14/3
14/11 17/21 30/13
**Abdelsayed, [1]**
2/5
**Abdelsayed, et [1]**
2/5
**above [1]**  39/4
**above-entitled [1]**
39/4
**accused [1]**
12/23
**acknowledge [1]**
36/15
**Act [4]**  19/23
23/18 23/18 23/20
**action [8]**  4/16
4/22 8/15 8/19
18/22 35/13 36/8
36/23
**add [1]**  23/8
**address [5]**  2/15
5/9 8/19 10/15
25/10
**ADJOURNED [1]**
38/14
**adjudicate [2]**
27/19 28/21
**adjudicates [1]**
28/13
**admissions [1]**
9/15
**admitting [2]**  9/14
9/15
**adverse [1]**  30/14
**advertise [1]**
32/18
**advocacy [1]**
35/20
**AERIAL [4]**  1/3
2/4 23/21 26/16
**affidavit [7]**  9/7
26/25 27/4 27/8
27/10 27/11 31/14

**affirmative [3]**
11/6 11/7 15/24
**affirming [1]**
16/24
**AFFORDABLE [4]**
1/3 2/4 23/21
26/16
**aggressive [1]**
10/4
**agreement [2]**
7/24 11/8
**AILEEN [1]**  1/9
**al [2]**  1/6 2/5
**albeit [1]**  22/21
**alleged [1]**  22/10
**Allegrini [1]**  20/7
**allow [1]**  6/10
**allowed [1]**  13/7
**although [1]**
35/23
**amended [4]**  2/17
9/20 9/21 15/5
**amendments [1]**
31/19
**amount [4]**  7/14
24/9 34/24 36/5
**analysis [1]**  34/2
**analyze [2]**  33/25
33/25
**ancillary [1]**  31/4
**answer [4]**  7/4
9/2 9/14 9/20
**answers [1]**
28/18
**apologize [1]**
32/11
**appearance [3]**
2/6 3/6 12/13
**APPEARANCES
[1]**  1/11
**applicable [1]**
2/23
**apply [1]**  28/1
**approach [1]**  20/2
**argue [1]**  27/4
**argued [2]**  8/4
34/8
**argument [15]**
2/21 18/7 25/3
25/7 25/13 26/7
30/21 31/1 31/11
33/9 33/16 33/22
34/19 36/19 36/21

**arguments [2]**
35/23 38/8
**Article [2]**  28/11
36/20
**Article III [2]**
28/11 36/20
**Asian [1]**  26/22
**assistance [1]**
7/8
**associated [1]**
3/6
**Assuming [1]**
6/21
**attack [5]**  27/16
28/4 28/10 36/22
37/2
**attempted [1]**
30/5
**attorney [14]**  6/15
6/20 7/5 7/7 7/9
17/18 17/21 29/24
29/25 30/5 30/6
30/16 31/22 34/17
**attorney's [25]**
2/19 5/23 6/9 6/13
8/3 13/25 14/25
15/9 17/4 17/8
17/22 19/19 24/21
29/4 29/7 29/8
32/6 34/7 34/11
34/13 34/14 34/17
34/20 37/11 37/13
**attorney-client [2]**
29/24 30/16
**attorneys' [5]**
4/22 16/20 19/9
31/7 35/9
**author [1]**  31/16
31/17
**authorization [1]**
2/18
**authorship [3]**
26/5 26/10 27/13
**award [3]**  31/7
34/16 34/20
**awarded [1]**  8/5
**awards [2]**  34/11
34/13

**B**

**backwards [1]**
8/14
**Bar [2]**  7/7 8/2

**B**

Bar's [1] 7/6
basis [5] 8/8 8/11
14/6 25/17 36/24
becomes [1]
29/22
behind [2] 7/18
14/3
belief [1] 9/18
belonging [1]
33/3
belongs [1] 34/17
bench [1] 37/25
benefit [1] 8/6
besides [1] 34/7
best-case [1]
37/4
bill [1] 6/19
billed [1] 6/7
bono [2] 33/18
33/20
borne [1] 19/6
Box [1] 1/16
brief [1] 18/8
briefing [3] 21/21
22/17 32/13
brighter [1] 32/1
broad [1] 30/15
broad-reaching
[1] 30/15
business [7] 13/5
23/22 29/12 29/21
30/13 32/14 32/19
businesses [1]
30/11

**C**

C-E-R-T-I-F-I-C-A-
T-E [1] 38/15
campaign [1]
33/4
CANNON [2] 1/2
1/9
career [1] 22/22
carefully [1]
22/24
category [1]
37/15
certify [1] 39/2
challenge [4]
27/15 27/18 28/2
36/18
charged [1] 7/16

chief [1] 24/4
choice [1] 22/14
choose [1] 17/6
circuit [9] 4/12
5/9 5/13 16/23
16/24 18/20 20/14
27/24 29/14
Circuit's [1] 35/10
circumstance [1]
5/21
circumstances [3]
18/5 24/9 32/22
cited [1] 31/23
citing [1] 20/7
CIV [1] 1/2
claim [6] 14/10
20/10 21/1 27/17
31/3 36/25
claiming [1]
22/25
claims [5] 13/1
15/4 20/1 21/23
23/23
clarification [2]
2/20 3/1
clarify [1] 20/1
clear [7] 4/1
21/20 22/5 29/8
31/15 34/16 35/18
client [16] 7/1 7/8
14/23 15/6 17/21
19/10 29/13 29/22
29/24 30/16 34/10
34/10 34/11 34/12
34/14 34/17
client's [3] 6/22
9/16 30/3
clients [10] 7/15
7/24 8/6 12/20
12/25 32/8 32/9
32/12 33/11 34/19
closely [1] 22/13
CMI [1] 21/1
Co [1] 2/10
Co-counsel [1]
2/10
color [1] 27/1
combined [2]
26/13 32/24
commend [1]
35/19
company [1]
26/25

chief [1] 24/4
29/19
competitor [1]
32/14
complaint [3]
2/17 9/5 35/3
complaints [1]
12/19
complexion [1]
21/8
concede [1] 22/7
concern [1] 25/5
concerns [1] 3/25
conclude [1] 36/6
conclusion [1]
25/10
condition [5] 3/1
5/5 6/23 16/19
34/6
conditioned [3]
2/18 17/8 19/21
conditioning [3]
21/11 23/16 24/20
conditions [7] 5/2
17/1 18/4 34/4
35/5 37/10 37/24
conduct [2] 15/2
34/16
confusing [1]
30/22
conglomeration
[1] 26/1
congratulate [1]
7/14
congressional [1]
20/3
Connie [2] 3/11
12/20
consequences [1]
30/15
considerable [4]
18/23 19/12 19/13
35/21
consideration [1]
4/10
considerations
[1] 23/15
conspiracy [2]
12/23 15/4
contingency [5]
7/23 30/2 33/17
33/20 34/15
contingent [2]

competent [1]
29/3 29/18
contrary [1] 29/17
copyright [15]
19/23 20/5 23/18
23/18 23/19 25/14
25/21 26/5 27/17
28/13 28/16 30/25
32/2 32/23 37/6
copyrights [1]
25/16
Coral [1] 1/14
CORP [1] 1/6
corporate [1] 3/7
couched [1] 19/5
counterclaim [2]
7/4 15/6
counterclaims [1]
12/19
court [41]
court's [12] 4/13
5/1 5/4 10/5 18/10
18/17 28/4 36/24
37/7 37/19 37/24
38/7
courts [7] 5/8
5/13 14/20 31/7
31/8 31/8 33/24
crawls [1] 13/20
CRC [2] 1/23 39/6
create [1] 31/18
created [3] 26/14
26/22 27/10
creates [1] 27/12
creating [1] 21/5
creative [5] 25/16
26/19 26/21 31/12
38/9
creatively [1]
26/8
credibility [1]
27/12
criticize [1] 10/2
CRR [2] 1/23 39/6
crux [2] 7/18 26/7
crystal [1] 34/16
cut [2] 14/14
14/21

**D**

D'Loughy [1]
2/10
damages [11]
13/24 14/7 14/12

14/17 14/23 14/25
15/13 22/8 23/24
24/11 34/24
DANIEL [2] 1/12
2/7
deadline [2]
11/19 16/4
decide [1] 17/7
decided [2] 20/17
28/17
decides [1] 26/6
decision [6]
18/17 20/15 29/17
29/23 30/14 33/4
declaration [1]
9/7
deemed [1] 35/22
defend [2] 19/25
30/8
defendant [27]
3/3 4/19 5/11 7/19
7/19 10/13 10/22
11/15 18/15 18/23
19/2 19/6 19/12
19/15 20/16 29/1
29/16 29/20 31/7
32/14 32/17 33/20
34/23 35/16 35/21
36/3 37/4
defendant's [16]
2/19 3/3 4/14
11/21 20/24 22/16
24/21 29/2 29/4
33/6 35/11 36/18
36/21 37/11 37/13
38/8
defendant's' [1]
15/24
defendants [41]
defendants' [3]
8/8 8/9 16/20
defense [2] 20/10
35/19
defenses [6] 11/7
11/7 15/24 24/2
24/3 24/4
defined [2] 17/3
31/19
definition [1] 3/22
delay [9] 4/15
8/13 8/14 8/16
20/19 20/21 35/12
36/1 36/7

**D**

**delineates [1]** 37/24
**demand [1]** 14/10
**demands [1]** 30/12
**denial [1]** 21/12
**denied [3]** 10/19 22/19 24/5
**deny [2]** 5/1 34/21
**denying [3]** 19/11 23/16 24/21
**deposed [2]** 13/6 13/9
**deposition [13]** 3/5 3/7 3/10 3/12 3/20 5/24 5/25 9/9 9/17 13/2 24/6 24/16 33/14
**depositions [2]** 3/12 5/18
**derivative [2]** 31/18 31/18
**DeSOUZA [5]** 1/12 1/12 2/8 4/20 37/17
**destroyed [1]** 32/20
**destroys [1]** 24/10
**develop [1]** 25/8
**diane [4]** 1/23 1/25 39/5 39/6
**dictates [1]** 35/25
**difference [1]** 33/7
**differences [1]** 26/4
**difficulty [1]** 19/7
**digitally [1]** 26/13
**diligence [8]** 4/15 20/13 20/21 21/1 21/10 35/12 36/2 36/7
**diligent [3]** 8/18 9/1 10/3
**direct [2]** 28/10 37/2
**disagreement [1]** 18/16
**discovery [18]** 3/9 5/19 8/16 8/18

8/21 8/24 8/24 9/19 10/19 10/25 11/6 11/8 11/17 11/18 15/15 15/23 21/2 21/8
**discretion [4]** 4/13 5/1 18/11 38/7
**discretionary [5]** 4/11 18/1 18/3 20/5 35/9
**discussions [1]** 11/3
**disgorgement [1]** 15/13
**disincentivize [1]** 29/18
**dismiss [11]** 2/16 4/22 6/10 10/14 10/22 18/22 25/6 27/20 29/23 35/3 36/10
**dismissal [24]** 2/18 4/17 5/7 8/12 10/11 19/3 19/21 19/21 20/18 21/12 21/19 21/24 22/4 23/1 23/13 23/16 24/20 30/25 32/9 32/12 33/22 34/4 35/7 35/14
**dismissed [1]** 15/5
**dispositive [3]** 16/13 21/15 23/10
**dispute [1]** 37/4
**disputes [1]** 8/21
**distinct [2]** 13/14 25/18
**distinguish [1]** 25/15
**district [7]** 1/1 1/1 1/10 1/24 16/24 16/25 39/7
**divest [2]** 31/3 37/6
**DIVISION [1]** 1/2
**docket [7]** 5/15 8/25 14/16 16/12 31/14 32/4 35/3
**documentation [1]** 6/22
**dollar [10]** 4/1 6/1

6/11 7/16 17/18 30/7 30/12 34/9 34/13 34/13
**dollars [3]** 6/14 33/12 34/11
**doubt [1]** 5/14 7/13 32/11
**dozens [1]** 31/6
**drafting [1]** 7/7

**E**

**early [1]** 21/6
**edited [1]** 31/25
**edits [2]** 27/1 31/19
**effectively [2]** 29/11 29/13
**effort [14]** 4/14 14/21 19/10 19/15 20/7 20/22 21/13 23/8 23/10 25/1 25/16 35/11 35/19 38/5
**efforts [1]** 19/24
**element [1]** 27/17
**Eleventh [7]** 4/12 16/24 18/20 20/14 27/24 29/14 35/10
**embodied [1]** 25/20
**embodies [1]** 25/15
**eminently [1]** 21/20
**emphasis [1]** 18/15
**emphasize [1]** 20/14
**employee [1]** 26/25
**enforce [1]** 25/21
**enforcing [1]** 25/17
**enter [2]** 31/8 37/23
**entertain [3]** 25/6 36/19 37/7
**entitled [2]** 12/9 39/4
**entry [2]** 16/12 35/4
**entry 153 [1]** 16/12

**entry 155 [1]** 16/12
**equitable [1]** 20/15
**equities [2]** 18/2 18/14
**equity [2]** 18/11 23/14
**especially [1]** 11/17
**ESQ [3]** 1/12 1/12 1/15
**essence [2]** 25/13 29/24
**essentially [2]** 5/4 24/13
**established [2]** 15/14 24/2
**Estate [1]** 12/20
**et [2]** 1/6 2/5
**evaluated [3]** 19/20 23/16 29/15
**eve [1]** 23/4
**events [2]** 20/5 20/6
**evidence [1]** 13/18
**excessive [4]** 4/15 35/12 36/1 36/7
**exercise [1]** 36/24
**exist [2]** 21/4 37/5
**existence [1]** 10/12
**exists [4]** 6/21 28/9 32/3 37/1
**expended [3]** 19/9 24/24 35/19
**expenditure [1]** 19/16
**expense [14]** 4/14 17/22 18/23 19/5 19/7 19/8 19/13 19/13 19/22 20/7 23/9 30/7 35/11 35/21
**expenses [3]** 19/20 20/11 21/11
**expires [1]** 15/24
**explanation [7]** 4/17 10/11 11/22 11/23 35/14 36/9 36/10
**expression [1]**

**extended [1]** 10/25
**extent [4]** 17/23 33/22 36/18 37/14

**F**

**face [1]** 30/11
**fact [3]** 10/21 22/7 35/20
**factor [18]** 8/11 8/13 8/14 9/15 10/20 10/23 19/1 20/7 20/12 21/10 21/15 22/3 23/6 24/19 29/22 33/19 35/18 35/25
**factors [19]** 4/11 4/20 5/3 5/8 5/11 5/12 10/10 18/1 18/3 18/12 18/13 18/19 18/20 33/24 34/1 34/3 35/10 35/16 38/9
**facts [2]** 24/12 33/23
**factual [3]** 27/12 28/4 37/4
**fall [3]** 3/22 18/14 37/15
**favor [10]** 10/23 11/16 11/21 18/3 19/11 21/10 24/19 33/6 33/6 35/17
**February 10th [1]** 16/14
**federal [2]** 20/8 28/7
**fee [7]** 4/1 4/5 6/22 7/23 23/24 29/18 30/2
**fees [34]** 2/19 3/6 4/23 5/23 6/9 6/13 7/17 7/20 7/21 8/4 8/5 13/25 15/1 15/9 15/16 16/20 17/4 17/8 19/9 19/19 24/21 29/4 29/7 31/7 32/7 34/8 34/11 34/13 34/14 34/17 34/20 35/9 37/11 37/13
**fiercely [1]** 7/15

**fighting [1]** 33/2
**file [4]** 2/18 35/7 37/18 37/22
**files [2]** 26/10 30/24
**filings [1]** 18/6
**final [3]** 22/2 22/3 26/14
**finally [2]** 36/14 36/17
**financial [1]** 33/11
**finished [1]** 32/7
**first-amended [1]** 2/17
**FL [3]** 1/14 1/17 39/8
**FLORIDA [5]** 1/1 1/4 7/6 7/7 8/2
**flsd.uscourts.gov [1]** 1/25
**forego [2]** 14/16 14/22
**foregoing [1]** 39/2
**form [2]** 19/6 19/8
**FORT [3]** 1/2 1/4 39/8
**forthcoming [1]** 21/2
**fortuitously [1]** 14/5
**fourth [3]** 22/3 23/6 24/19
**frankly [3]** 6/4 9/2 12/6
**frequency [1]** 23/23
**frequently [1]** 30/11
**front [3]** 13/18 15/20 15/21

**G**

**general [1]** 32/9
**gets [1]** 33/2
**goals [1]** 28/25
**gotten [1]** 11/18
**grant [6]** 4/10 5/1 33/21 34/20 35/4 37/9
**granted [2]** 14/13

**38/8**
**granting [4]** 18/3 23/16 29/2 35/17
**great [3]** 19/9 35/19 38/4
**GRIFFIN [2]** 1/15 2/12
**grow [1]** 13/12
**guide [2]** 4/12 4/20
**guidepost [1]** 18/13

**H**

**harm [3]** 29/24 30/13 33/11
**harming [1]** 29/16
**Hausman [1]** 2/10
**hearing [6]** 1/9 2/15 11/10 11/12 25/11 37/23
**hearings [1]** 8/23
**heavy [1]** 24/23
**hereby [1]** 39/2
**Highway [1]** 39/7
**hire [1]** 30/4
**hold [1]** 11/9
**Honor [44]**
**Honor's [1]** 28/18
**HONORABLE [1]** 1/9
**hope [1]** 14/14
**hopefully [1]** 14/21
**hotly [1]** 5/16
**hours [1]** 6/8
**huge [1]** 36/5
**hurt [1]** 12/24
**hypothetically [1]** 15/9

**I**

**III [2]** 28/11 36/20
**image [1]** 26/2
**images [1]** 26/13
**impact [1]** 26/4
**implied [1]** 14/10
**impose [1]** 5/1
**INC [1]** 1/3
**incentives [1]** 35/24
**incentivize [3]** 23/20 23/25 29/10

**incentivizes [3]** 19/25 23/20 24/1
**Incorporated [1]** 2/5
**Incorporated vs [1]** 2/5
**incurred [8]** 3/13 3/25 6/7 6/14 7/16 7/20 7/21 7/22
**India [1]** 26/11
**Indian [1]** 31/11
**indication [2]** 13/21 13/23
**individual [1]** 27/9
**individuals [1]** 30/11
**influenced [1]** 22/2
**influences [1]** 20/5
**information [1]** 17/17
**infringement [3]** 20/6 21/23 22/10
**initial [1]** 20/25
**instructed [1]** 12/16
**insufficient [3]** 4/17 10/11 11/22
**intelligent [1]** 31/22
**intent [1]** 20/3
**interest [1]** 31/12
**interests [1]** 37/5
**internet [1]** 13/19
**invade [1]** 30/16
**invoice [1]** 17/20
**invoked [1]** 28/6
**irrespective [1]** 17/5
**issue [17]** 9/4 9/16 18/10 19/15 19/24 19/25 20/19 22/18 22/21 25/10 26/1 27/5 28/16 29/13 29/19 36/3 36/20
**issues [4]** 3/9 20/13 22/2 24/24
**items [2]** 5/15 32/3

**James [1]** 2/10
**job [1]** 5/4
**JOHN [2]** 1/6 2/13
**join [1]** 12/22
**joint [1]** 25/4
**JUDGE [12]** 1/10 17/15 18/8 19/14 20/13 23/5 25/9 26/20 27/3 27/21 29/6 38/2
**judgment [25]** 4/18 10/8 10/12 10/16 10/17 10/21 10/24 11/1 11/4 11/11 11/14 11/16 11/19 14/19 16/4 21/16 21/21 21/22 24/5 24/23 33/5 34/23 35/15 36/14 36/15
**judicial [2]** 25/1 28/6
**jurisdiction [13]** 25/6 27/19 28/5 28/8 28/22 30/21 30/23 31/2 31/4 31/9 36/25 37/1 37/7
**jurisdictional [2]** 27/15 36/18

**K**

**kinds [1]** 23/21
**KLEMA [34]** 1/15 1/16 2/12 2/14 3/16 3/21 4/9 6/3 6/6 6/13 7/13 7/22 8/4 11/3 11/9 11/24 12/12 12/16 17/12 17/12 17/12 17/15 17/16 30/17 30/22 31/11 31/21 32/4 32/7 33/10 33/25 34/6 38/1 38/3
**Klema's [2]** 6/15 9/7

**L**

**lack [7]** 4/15 12/8 25/5 31/2 35/12 36/1 36/7

**lacks [1]** 28/13
**laudable [1]** 35/23
**Lauren [1]** 2/10
**law [12]** 1/12 1/16 2/23 11/15 18/13 18/25 19/18 20/1 29/8 31/14 31/16 35/10
**lawsuit [3]** 12/12 14/9 30/24
**leading [1]** 21/8
**led [2]** 10/7 20/22
**leeway [1]** 27/5
**legal [2]** 7/16 25/17
**letter [2]** 14/10 22/15
**Lexis [1]** 31/23
**license [1]** 14/10
**licensed [1]** 24/8
**licensing [1]** 15/16
**lift [1]** 24/23
**Lightroom [1]** 32/1
**limited [1]** 20/20
**listings [1]** 12/24
**litigated [3]** 5/16 13/25 14/1
**litigating [1]** 10/6 22/14
**litigation [4]** 14/15 19/25 36/5 36/11

**M**

**machines [1]** 13/19
**magistrate [2]** 5/18 8/22
**mailed [1]** 12/21
**market [1]** 32/15
**marketing [1]** 33/4
**materially [1]** 26/3
**matter [10]** 25/5 28/22 30/21 30/23 31/1 31/4 31/9 32/10 36/25 39/4
**matters [2]** 10/6 31/5

**M**

May 8th [2]  16/11 23/2
McGinnis [6]  3/11 12/20 12/22 13/2 13/4 13/13
mediation [1]  3/17
merely [2]  18/13 29/11
merging [1]  27/2
meritorious [1]  24/2
merits [7]  27/16 27/18 27/23 28/10 28/21 36/22 37/2
Middle [1]  16/25
miller [4]  1/23 1/25 39/5 39/6
million [1]  34/11
minimize [1]  38/4
misheard [2]  32/7 32/11
MLS [1]  12/24
models [1]  23/22
modifications [1]  31/19
moment [3]  25/2 26/16 35/5
monetary [1]  34/24
month [2]  12/12 15/25
months [5]  9/23 14/5 15/23 23/3 23/9
motion [60]
motions [9]  5/16 5/17 8/22 10/8 10/18 10/19 11/1 16/13 21/15
Mr. [61]
Mr. Abdelsayed [10]  3/25 12/6 12/15 12/24 13/21 13/22 14/3 14/11 17/21 30/13
Mr. DeSouza [2]  4/20 37/17
Mr. Klema [27]  2/14 3/16 3/21 4/9 6/3 6/6 6/13 7/13

7/22 8/4 11/3 11/9 11/24 12/12 12/16 17/12 30/17 30/22 31/11 31/21 32/4 32/7 33/10 33/25 34/6 38/1 38/3
Mr. Klema's [2]  6/15 9/7
Mr. McGinnis [4]  12/22 13/2 13/4 13/13
Mr. Stevens [13]  2/9 3/11 11/25 12/2 12/23 12/25 13/3 13/8 24/7 24/14 24/16 25/24 26/9
Mr. Stevens' [3]  12/19 13/6 14/5
Mrs. [2]  3/10 13/14
Mrs. Stevens [2]  3/10 13/14
multiple [1]  21/5

**N**

naive [1]  14/13
native [6]  21/3 21/5 25/23 26/2 26/10 26/18
neighborhood [1]  32/18
neutralized [1]  29/11
neutralizes [1]  20/3
nilly [1]  33/21
nondiligence [3]  8/14 8/16 9/25
none [1]  33/12
nonlawyer [1]  8/4
nonpayment [1]  2/19
notation [2]  7/6 7/6
notice [1]  35/7
notwithstanding [1]  34/8
number [3]  23/3 25/11 30/10
numerous [1]  18/6

objection [2]  28/9 37/2
objections [2]  5/18 8/23
objective [1]  18/16
obvious [1]  25/25
offer [1]  30/2
offering [2]  3/18 33/14
Office [1]  1/16
Official [2]  1/24 39/6
ongoing [1]  10/19
open [1]  14/11
opportunity [1]  18/7
oppose [1]  6/17
opposed [1]  31/13
opposition [7]  3/16 5/10 6/7 8/7 8/16 8/17 11/11
oppositions [1]  5/17
order [9]  3/8 11/2 14/16 15/19 16/14 37/16 37/19 37/23 37/25
orders [1]  31/8
ordinarily [1]  18/21
original [2]  25/19 31/16
originality [1]  25/16
outlined [1]  35/10
outright [2]  21/12 24/22
outstanding [1]  37/15
overlap [2]  27/22 28/7
overly [1]  10/2
overseas [1]  26/22
owner [1]  25/21
ownership [3]  25/7 31/12 32/2
owns [3]  25/19 26/6 37/5

**P**

P-R-O-C-E-E-D-I-N-G-S [1]  2/1
P.L [1]  1/16
PA [1]  1/12
Pacer [1]  16/3
PAGES [1]  1/7
Palm [1]  12/20
part [6]  4/16 16/21 20/4 35/13 36/4 36/7
parties [6]  2/6 5/5 8/25 10/2 10/17 33/1
parties' [1]  10/6
party [6]  3/4 12/19 20/9 29/9 29/9 29/16
pay [10]  3/2 3/14 3/16 3/18 3/19 16/19 17/2 17/4 34/7 37/12
payment [6]  6/17 6/23 17/8 17/18 24/20 29/3
pending [8]  9/11 10/21 11/8 11/14 12/12 21/16 21/25 36/15
people [1]  33/17
perhaps [4]  14/13 32/22 33/12 36/3
period [5]  9/10 10/25 11/17 16/8 21/9
permitted [2]  4/21 18/21
permutations [1]  36/11
person [3]  26/10 26/13 27/10
personal [2]  13/10 27/9
photo [22]  9/12 9/13 12/6 12/9 12/10 12/14 12/15 13/22 14/4 14/9 15/2 15/3 15/3 17/7 31/13 32/19 32/24 32/24 32/25 32/25 33/2 33/2
photograph [11]

9/4 9/5 22/9 24/8 25/15 26/3 26/17 27/1 31/24 32/2 32/17
photographer [3]  31/16 31/17 31/24
photographs [10]  21/3 21/5 25/24 25/25 26/2 26/9 26/15 26/18 30/12 31/17
PHOTOGRAPHY [4]  1/3 2/4 23/21 26/16
photos [6]  9/12 9/13 9/18 9/22 12/24 33/1
Photoshop [1]  31/25
Pickersgill [2]  14/8 14/17
picture [1]  21/6
piece [1]  8/2
PIERCE [3]  1/2 1/4 39/8
place [1]  34/3
plaintiff [52]
plaintiff's [25]  2/9 2/15 2/24 3/6 4/11 9/9 10/13 18/4 22/15 23/7 27/22 28/10 29/2 29/23 30/18 33/6 33/21 35/2 35/14 36/10 36/22 36/25 37/2 37/9 38/7
plaintiffs [3]  2/20 23/22 24/15
pocket [6]  6/2 8/10 19/17 20/11 30/7 33/15
point [33]  4/21 5/22 6/10 6/16 7/10 8/1 8/19 9/3 9/8 9/17 11/5 11/17 11/20 13/6 14/23 15/7 15/8 15/17 16/5 17/3 17/17 19/2 19/22 20/18 21/19 22/11 22/14 22/20 23/9 24/4 31/2 35/22 36/13

policy [4]  28/25 32/10 33/16 35/23
posit [1]  24/16
position [5]  6/23 18/2 20/24 24/14 30/10
possibility [2]  13/14 14/11
post [2]  1/16 24/16
post-deposition [1]  24/16
posture [1]  18/5
Potenberg [1]  21/15
potentially [2]  13/25 24/21
power [1]  28/6
practice [4]  10/5 14/22 22/17 23/10
preferred [1]  21/22
prefiling [1]  20/25
prejudice [7]  18/22 19/22 24/6 29/20 32/10 33/7 35/7
prejudiced [4]  29/2 32/9 32/12 33/9
prejudicial [1]  35/22
preparation [2]  4/14 35/11
prepared [3]  7/5 7/8 27/4
preregistration [1]  13/23
present [3]  18/7 18/17 24/24
presently [1]  18/10
prevail [3]  15/9 22/21 24/10
prevailing [1]  3/4
primary [2]  18/10 18/15
principle [1]  7/18
pro [6]  7/4 7/8 19/16 20/2 33/18 33/20

pro bono [2]  33/18 33/20
pro se [2]  7/4 7/8
problem [2]  7/1 7/1
procedural [2]  21/24 27/25
procedurally [2]  22/19 37/17
proceeded [2]  5/14 5/19
proceedings [2]  38/14 39/3
proceeds [1]  13/11
process [5]  4/1 5/6 5/15 6/1 11/12
product [2]  26/14 32/15
professional [2]  13/11 34/16
profits [2]  15/13 15/14
program [1]  30/6
pronouncing [1]  17/13
proper [5]  5/2 5/8 27/25 28/8 36/23
property [1]  37/5
proposed [2]  3/2 34/7
proposition [1]  31/24
propriety [1]  29/15
prosecuting [6]  4/16 8/14 8/15 8/19 35/13 36/8
prosecution [2]  10/1 10/3
protect [2]  18/15 18/17
protection [1]  7/19
publish [1]  14/9
published [2]  9/5 14/4
pull [1]  16/2
purposes [1]  23/18
pursuant [2]  3/8 5/8
pursue [5]  14/24

15/1 15/7 17/7 23/22
pushed [1]  16/4

## Q

question [8]  9/1 19/14 27/12 27/21 28/7 28/11 28/18 29/6
questions [1]  17/11
quicker [1]  16/3
quid [2]  19/16 20/2
quo [2]  19/17 20/2

## R

raised [3]  11/8 25/11 32/13
raising [2]  25/9 28/9
reaching [1]  30/15
realization [6]  9/4 9/6 9/10 9/21 9/22 14/2
realtor [1]  12/8
realty [3]  1/6 2/13 12/4
recess [1]  38/11
recognize [2]  24/22 29/18
recognized [2]  29/11 29/20
recognizes [1]  30/9
recollection [1]  27/8
recombined [1]  21/24
record [9]  21/19 22/5 23/8 24/3 26/25 36/2 36/5 36/6 37/3
recover [2]  7/25 13/25
recovery [1]  7/25
referenced [1]  17/19
referencing [1]  37/14
referral [1]  30/6

refile [1]  17/6
refiled [2]  16/20 17/2
refiles [2]  29/4 37/12
refiling [2]  11/4 17/5
refused [1]  12/6
refusing [1]  15/3
register [1]  17/7
registered [4]  26/22 28/14 32/24 32/25
registration [3]  14/6 28/15 30/25
reimburse [2]  33/15 35/8
reimbursed [3]  3/9 5/25 8/10
reimbursement [3]  4/3 19/16 21/11
reimbursing [1]  7/19
relationship [9]  12/25 13/3 29/12 29/18 29/21 29/24 30/16 33/18 33/18
relationships [1]  13/11
relief [1]  37/1
remainder [2]  3/3 3/19
remaining [4]  3/5 3/20 6/5 20/12
remains [3]  9/1 22/20 35/20
remedies [2]  22/9 22/16
remind [1]  15/19
removal [1]  21/1
removed [1]  29/13
rep [1]  3/7
reply [3]  5/10 8/1 8/20
report [1]  25/4
Reporter [2]  1/24 39/6
reports [1]  5/18
representation [9]  6/7 6/14 6/15 17/21 29/10 29/19

representations [1]  36/12
representative [3]  2/9 9/9 9/17
request [3]  21/12 21/19 27/5
requested [2]  18/9 19/3
requests [1]  9/14
required [2]  7/6 18/13
requirement [1]  35/8
research [1]  31/22
researched [1]  2/22
reset [1]  23/2
resources [1]  30/8
response [1]  22/15
responses [6]  8/16 8/18 9/19 11/9 11/19 21/2
result [1]  15/16 22/21 35/25
Retouch [3]  26/19 26/21 31/12
revised [2]  11/3 11/7
rights [4]  25/17 25/21 26/6 32/16
rise [1]  38/13
RMR [2]  1/23 39/6
route [1]  12/1
rule [14]  4/25 7/18 20/23 21/17 22/16 22/18 22/18 22/22 23/1 28/2 28/3 29/15 36/19 37/7
Rule 11 [2]  22/16 22/22
Rule 12 [2]  22/18 28/3
Rule 41 [7]  4/25 20/23 21/17 23/1 29/15 36/19 37/7
Rule 56 [2]  22/18 28/2
rules [3]  5/3 8/3

rules... [1] 34/15
ruling [2] 32/15
32/21

**S**

satisfied [2]
27/19 36/12
satisfies [1] 9/3
scales [1] 36/16
scenario [1] 37/4
schedule [1] 23/2
scheduling [4]
11/2 15/19 16/14
25/4
scope [1] 26/5
se [2] 7/4 7/8
second [1] 20/12
secondary [1]
17/7
Section [2] 3/17
37/14
Section 1920 [2]
3/17 37/14
seek [1] 14/6
seeking [4] 2/17
2/21 14/16 14/22
seeks [1] 35/6
served [2] 11/6
12/21
service [3] 4/1 4/5
6/1
services [1] 30/2
serving [1] 22/22
settlement [1]
30/12
settling [1] 14/17
share [2] 8/3 34/9
shifting [1] 23/24
shortage [1]
30/23
side [1] 33/8
sides [3] 8/22
10/3 10/5
single [2] 31/21
32/17
situation [2]
25/23 27/24
six months [1]
23/9
sky [1] 32/1
slight [1] 26/4
small [2] 17/17

30/11
sometime [1]
15/25
South [1] 39/7
SOUTHERN [1]
1/1
specific [3] 8/3
27/5 33/23
spell [1] 35/5
spent [1] 10/6
spirit [1] 19/1
Springs [1] 1/14
sprung [1] 9/16
squarely [1]
33/10
stages [1] 21/20
standard [1] 28/2
standards [1]
28/1
standing [7]
27/22 28/11 28/14
30/22 31/2 31/9
36/20
standpoint [1]
20/3
stands [1] 31/23
stated [3] 22/6
23/7 23/12
statement [2]
6/11 24/12
STATES [5] 1/1
1/10 1/24 26/11
39/7
statute [3] 3/23
28/7 36/23
statutory [8]
13/24 14/6 14/12
14/17 14/23 22/9
22/16 23/23
steal [1] 12/24
Stevens [15] 2/9
3/10 3/11 11/25
12/2 12/23 12/25
13/3 13/8 13/14
24/7 24/14 24/16
25/24 26/9
Stevens' [3]
12/19 13/6 14/5
sticking [1] 5/12
strain [1] 13/10
strains [1] 13/12
streamline [2]
11/12 14/21

streamlining [1]
14/14
stretch [1] 38/9
strict [1] 19/16
strictly [3] 20/2
20/10 20/20
studio [3] 26/22
31/12 31/25
Studios [2] 26/19
26/21
styled [1] 2/17
subpoenaed [2]
13/13 13/15
subsequent [1]
23/12
substance [1]
11/4
substantiated [1]
6/24
substantiating [2]
6/16 20/9
substantive [7]
29/7 29/8 29/21
32/6 34/9 34/18
36/25
substantively [2]
22/20 29/11
suddenly [1]
29/22
sufficient [1]
36/13
suggest [1] 38/5
suggested [1]
23/15
suit [5] 16/20
27/23 28/6 29/5
37/12
Suite [1] 1/13
suits [1] 23/21
summarize [3]
18/1 18/9 20/12
summarizes [1]
37/24
summary [24]
4/18 10/8 10/12
10/16 10/17 10/21
10/23 11/1 11/4
11/11 11/14 11/16
11/19 14/18 16/4
21/16 21/21 21/22
24/5 24/23 33/5
35/15 36/14 36/15
Supplement [1]

20/9
Supplement 684
[1] 20/8
support [2] 6/22
8/12
supports [1] 36/3
Supreme [2] 20/4
23/19
surveyed [1] 37/3
suspect [2] 9/24
27/11
sway [1] 11/20
swear [1] 12/1
swing [2] 10/23
11/15
synonymous [1]
31/10

**T**

table [3] 15/10
15/12 15/13
Tampa [1] 1/17
tangible [1] 25/19
targeted [1] 19/6
tax [1] 31/8
taxable [15] 3/3
3/5 3/13 3/17 3/19
3/22 3/25 4/3 4/6
6/5 15/12 15/17
17/5 29/3 37/13
technically [1]
28/3
temporally [1]
20/19
tend [1] 33/25
terms [7] 7/12
10/8 10/10 11/22
15/18 19/5 27/11
testimonially [1]
24/14
testimony [1]
13/7
Texas [1] 14/8
thank [9] 2/2 4/9
18/8 25/9 30/17
34/25 35/1 38/3
38/12
thereafter [2]
10/24 11/17
thereto [1] 11/9
third-party [1]
12/19
thorough [2]

20/25 21/2
thoroughness [1]
36/4
thought [2] 12/2
12/15
thoughts [1] 2/22
thousand [2] 6/14
33/12
three days [2]
37/18 37/22
three months [2]
9/23 15/23
time [12] 4/7 5/7
8/12 10/6 10/6
11/13 21/17 22/4
22/22 22/25 33/14
38/2
times [2] 25/11
27/22
tips [1] 36/16
token [1] 24/1
toll [1] 12/5
totally [1] 24/9
transcript [2] 1/9
3/6
transcription [1]
39/3
travels [1] 28/3
treat [1] 27/18
tremendous [1]
13/10
TRENDS [2] 1/6
2/13
trial [20] 4/13
4/14 13/12 13/14
13/15 14/18 15/9
16/7 16/7 16/10
16/15 18/24 19/5
19/13 23/1 23/2
23/4 33/5 34/22
35/12
two months [1]
14/5
typically [1] 5/13

**U**

U.S [1] 39/7
ultimately [4]
14/20 15/4 21/9
22/20
unapologetic [1]
15/3
undergone [1]

undergone... [1]
36/11
underlying [3]
19/25 26/18 29/12
understanding [3]
7/3 15/22 30/3
undertaken [1]
38/5
undisputed [1]
24/12
unequivocally [2]
24/7 26/2
unfair [1] 6/10
unfolded [1] 21/9
unilateral [1]
23/24
unique [2] 5/21
32/22
UNITED [5] 1/1
1/10 1/24 26/11
39/7
University [1]
1/13
unknown [4] 6/15
26/1 26/10 26/13
updated [1] 25/3
us [6] 6/10 10/7
10/25 12/22 15/22
34/21
USA [1] 1/6
utilitarian [2] 26/3
30/12

**V**

valid [1] 36/10
validity [1] 27/17
value [1] 22/11
vehicle [1] 27/25
vigorous [2]
35/20 38/6
voluntarily [7]
2/16 10/14 10/22
15/5 25/6 29/23
35/3
voluntary [5] 2/18
19/3 20/17 21/12
35/7
volunteer [1] 30/6
volunteering [2]
3/18 17/4
vs [2] 1/5 2/5

waive [1] 22/8
walking [1] 34/10
warranted [1]
24/25
wayback [1]
13/19
website [7] 12/7
12/11 12/17 13/20
14/3 32/17 32/18
weigh [1] 21/10
weighs [1] 24/19
well-taken [1]
38/9
Westlaw [1]
31/23
whereas [1] 32/9
willing [1] 3/14
willy [1] 33/21
willy-nilly [1]
33/21
win [1] 34/22
wind [1] 34/3
worth [1] 23/8
worthwhile [1]
38/6
wrap [1] 30/19

## CERTIFICATE OF FILING AND SERVICE

I certify that, pursuant to and in compliance with 11th Cir. R. 25-3(f), this Appendix was filed with the Clerk of the United States Court of Appeals for the Eleventh Circuit via the Case Management, Electronic Case Filing (CM/ECF) system and e-mailed (unless other service means are indicated) on August 22, 2023, to all counsel of record.

                       ___/s/ Griffin Klema_____
                       Griffin C. Klema, Esq.