No. 23-11662

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

AFFORDABLE AERIAL PHOTOGRAPHY, INC.

    *Plaintiff-Appellee,*

v.

TRENDS REALTY USA CORP and
JOHN ABDELSAYED,

    *Defendants-Appellants.*

---

An Appeal from a final order of the
    United States District Court for the Southern District of Florida
    No. 21-cv-81331-AMC

---

## CORRECTED REPLY BRIEF OF THE APPELLANTS

---

Griffin C. Klema, Esq.
Fla. Bar No. 100279
**Klema Law, P.L.**
420 W. Kennedy Boulevard
Tampa, FL 33606
PO Box 172381
Tampa, FL 33672
(202) 713-5292
Griffin@KlemaLaw.com
*Counsel for Appellants Trends
Realty USA Corp and John
Abdelsayed*

## <u>CERTIFICATE OF INTERESTED PERSONS AND<br>CORPORATE DISCLOSURE STATEMENT</u>

Appellants, Trends Realty USA Corp and John Abdelsayed, pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1 to 4, certify the following are interested persons in this appeal, and further provide the corporate disclosure statement for appellant Trends Realty USA Corp:

Abdelsayed, John

Affordable Aerial Photography, Inc.

Cannon, Aileen M. (District Judge)

CopyCat Legal, PLLC

D'Loughy, James

DeSouza, Daniel

Klema Law, PL

Klema, Griffin C.

Matthewman, William (Magistrate Judge)

Reinhart, Bruce E. (Magistrate Judge)

Rymarski, Mateusz

Stevens, Alijca

Stevens, Robert

Trends Realty USA Corp

Defendant-Appellant Trends Realty USA Corp has no parent company and no publicly traded company owns more than ten percent of its stock. Trends Realty is wholly owned by co-appellant John Abdelsayed.

No publicly traded company or corporation has an interest in the outcome of the underlying case or this appeal.

___/s/ Griffin Klema_____
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Appellants

# TABLE OF CONTENTS

<u>Page</u>

CERTIFICATE OF INTERESTED PERSONS AND  CORPORATE DISCLOSURE STATEMENT ......................................................................1

TABLE OF CONTENTS ............................................................................ i

TABLE OF CITATIONS ....................................................................... iii

SUMMARY OF THE REPLY ................................................................1

ARGUMENT .........................................................................................3

**I.  AAP INADEQUATELY ARGUED HOW THE DISTRICT COURT APPLIED THE CORRECT LAW, AND THUS FORFEITED THE ISSUE**...............................................................3

**II.  AAP'S LIMITED ARGUMENTS DO NOT AVOID THE CONSEQUENCES OF RULE 68** ....................................................4

    A.  AAP offers no countervailing construction of Rule 68 or its interplay with Rule 54. ...........................................5

    B.  AAP misreads Rule 41(a)(2): A court *order* effectuates dismissal, not a plaintiff's *notice* ...............................8

    C.  AAP correctly concedes the dismissal orders are appealable judgments and subject to Rule 59(e) motions to alter or amend a judgment ..................................11

    D.  AAP's cases are inapt; prevailing party status plays no role in a Rule 68 analysis .........................................12

**III.  A PRECLUSIVE JUDGMENT IS UNNECESSARY FOR A DEFENDANT TO BE A PREVAILING PARTY** ......................16

    A.  The plain language of the Copyright Act specifies that a party prevails in an action irrespective of whether it matures to a merits decision or preclusive judgment ................17

i

B.    A *defendant* can be the prevailing party without a court order, stipulation, or consent decree ..........................................22

C.    U.S. v. $70,670 is inapt, limited to its facts, and does not announce a rule of broad applicability......................................23

D.    Rule 41(a) cannot abrogate a statutory substantive right to attorney's fees as a direct command of Congress through the Rules Enabling Act .................................................24

**IV.  THIS COURT SHOULD NOT ALIGN ITSELF WITH THE MAJORITY ON THE STATUTE OF LIMITATIONS BECAUSE THOSE DECISIONS ARE ATEXTUAL ...............26**

CONCLUSION ......................................................................................27

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS ....................................................................................................29

CERTIFICATE OF FILING AND SERVICE .......................................29

# TABLE OF CITATIONS

Page

## Cases

Allegrini v. De Angelis,
68 F.Supp. 684 (E.D. Penn. 1946) ........................................................................24

Am. Cyanamid Co. v. McGhee,
317 F.2d 295 (5th Cir. 1963)....................................................................................9

Anago Franchising, Inc. v. Shaz, LLC,
677 F.3d 1272 (11th Cir. 2012) ........................................................................9, 13

Balla v. Id. State Bd. of Corrections,
869 F.2d 461 (9th Cir. 1989)....................................................................................7

Bank of Nova Scotia v. United States,
487 U.S. 250 (1988) ..................................................................................................8

BankAtlantic v. Blythe Eastman Paine Webber, Inc.,
12 F.3d 1045 (11th Cir. 1994) ..................................................................................7

Beach Blitz Co. v. City of Elizabeth,
13 F.4th 1289 (11th Cir. 2021) .................................................................. 10, 13, 16

Boaz v. Mut. Life Ins. Co. of N.Y.,
146 F.2d 321 (8th Cir. 1944)....................................................................................7

Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and
Human Res., 532 U.S. 598 (2001) ..........................................................................22

Cadkin v. Loose,
569 F.3d 1142 (9th Cir. 2009) .......................................................................... 20, 22

Cantrell v. IBEW, AFL-CIO, Local 2021,
69 F.3d 456 (10th Cir. 1995)..................................................................................10

Chambers v. Nasco, Inc.,
501 U.S. 32 (1991) ..................................................................................................25

Corcoran v. Columbia Broadcasting Sys., Inc.,
   121 F.2d 575 (9th Cir. 1941)..................................................................18

CRST Van Expedited, Inc. v. EEOC,
   578 U.S. 419 (2016) ........................................................ 16, 18, 20, 21

Dean v. Riser,
   240 F.3d 505 (5th Cir. 2001)..............................................................25

Emergency Recovery, Inc. v. Hufnagle,
   77 F.4th 1317 (11th Cir. 2023) ..........................................................11

Everly v. Everly,
   958 F.3d 442 (6th Cir. 2020)..............................................................26

First Classics, Inc. v. Jack Lake Prods., Inc.,
   674 F. App'x 911 (11th Cir. 2017) .......................................................9

Fogerty v. Fantasy, Inc.,
   510 U.S. 517 (1994) ..........................................................................19

Hamilton v. Southland Christian Sch., Inc.,
   680 F.3d 1316 (11th. Cir. 2012) ..........................................................4

Hertz Corp. v. Alamo Rent-A-Car, Inc.,
   16 F.3d 1126 (11th Cir. 1994) ........................................................7, 11

Klay v. United Healthgroup, Inc.,
   376 F.3d 1092 (11th Cir. 2004) ...........................................................9

Live Face on Web, LLC v. Cremation Soc'y of Ill., Inc.,
   77 F.4th 630 (7th Cir. 2023) ................................................ 18, 25, 27

Marek v. Chesney,
   473 U.S. 1 (1985) ...............................................................................8

Marks v. Leo Feist, Inc.,
   8 F.2d 460 (2d Cir. 1925)...................................................................18

Mathews v. Crosby,
   480 F.3d 1265 (11th Cir. 2007) ................................................... 22, 25

McCants v. Ford Motor Co.,
   781 F.2d 855 (11th Cir. 1986) ...................................................................9

Pilot Freight Carriers, Inc. v. Int'l Bd. of Teamsters,
   506 F.2d 914 (5th Cir. 1975)......................................................................9

Slocum v. New York Life Ins. Co.,
   228 U.S. 364 (1913) ..................................................................................18

Taylor Brands, LLC v. GB II Corp.,
   627 F.3d 874 (Fed. Cir. 2010)...................................................................9

TMF Tool Co. v. Muller,
   913 F.2d 1185 (7th Cir. 1990) ...................................................................7

United States v. $70,670 in U.S. Currency,
   929 F.3d 1293 (11th Cir. 2019) ...............................................................23

United States v. Campbell,
   26 F.4th 860 (11th Cir. 2022) .....................................................................4

United States v. Hark,
   320 U.S. 531 (1944)....................................................................................5

United States v. Nealy,
   232 F.3d 825 (11th Cir. 2000) ....................................................................4

United States v. Pate,
   No. 20-10545, 2023 WL 6618405 (11th Cir. Oct. 11, 2023) ....................6

United States v. Williams,
   29 F.4th 1306, 1312 (11th Cir. 2022) .........................................................4

Vaughn v. City Bank & Trust Co.,
   218 F.2d 802 (5th Cir. 1955)......................................................................9

Versa Prods., Inc. v. Home Depot, USA, Inc.,
   387 F.3d 1325 (11th
   Cir. 2004) ...................................................................................................8

Warner Bros. Inc. v. Dae Rim Trading, Inc.,
  877 F.2d 1120 (2d Cir. 1989) ................................................................20

White v. New Hampshire Dep't of Empl. Security,
  455 U.S. 445 (1982) ............................................................................11

## Statutes

17 U.S.C.A. § 40 (1975) .........................................................................18

17 U.S.C.A. § 505 (1976) ................................................................. 17, 20

28 U.S.C. § 2072 (2018) .........................................................................25

28 U.S.C.A § 2412(b) (1980) ..................................................................20

## Other Authorities

BLACK'S LAW DICTIONARY (2d ed. 1910) .................................................18

BLACK'S LAW DICTIONARY (3d ed. 1933) ...................................................6

BLACK'S LAW DICTIONARY (4th ed. 1951) ................................................17

BRYAN A. GARNER ET AL., THE LAW OF JUDICIAL PRECEDENT  (2016) ........ 1, 15, 24

H.R. REP. NO. 96-1418 (1980) ................................................................19

JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE (3d ed. 2000) .................6

RESTATEMENT (SECOND) OF JUDGMENTS (1982) ........................................6

S. REP. NO. 96-253 (1980) .......................................................................19

## Rules

Advisory Committee's 1946 Notes on Amendments to Fed. R. Civ. P. 59 .............6

Fed. R. Civ. P. 2 ...................................................................................................17

Fed. R. Civ. P. 41(a)(2) ..........................................................................................9

## SUMMARY OF THE REPLY

Appellee Affordable Aerial Photography Inc.'s ("AAP") response brief doesn't present any cogent argument for affirmance on either of the two broad issues presented. It fails to argue how the district court applied the correct law in adjudicating appellants Trends Realty USA Corp and John Abdelsayed's ("Trends Realty") fees motion, and thus forfeited the issue and concedes legal error in the decision below.

AAP's response brief reads as a gemish of string cites and block quotes, undisciplined in their selection, presentation, and analysis. Regardless, the core of its arguments is wrong because it fails to make any textual analysis of the rules or the Copyright Act and its drive-by quotes from predominantly inapt cases are often not even the holdings of the cases. BRYAN A. GARNER ET AL., THE LAW OF JUDICIAL PRECEDENT § 6, at 82 (2016) ("it's often easy to cherry-pick a sentence from a case to support an argument, [but] the sentence has no precedential force unless it is relevant 'to those points of law which are raised by the record, considered by the court, and necessary to a decision'").

While the specific, direct application of the definition of judgment in Rule 54 to Rule 68 is a novel question, AAP improperly relies on a smattering of inapt, unpersuasive, and unreported decisions, which contrast with Trends Realty's argument that is amply supported by textual, decisional, and historical authority.

Appellants are also the prevailing parties, as a textual analysis of the Copyright Act demonstrates, and buttressed by careful, correct application of court decisions and further confirmed by legislative history. A preclusive judgment is unnecessary for appellants to be found the prevailing parties.

This Court should reverse the fees order under consideration for applying the incorrect law, and should further render judgment of entitlement pursuant to Rule 68 and also find appellants are the prevailing parties. Further, the scope of the district court's discretion on remand as to entitlement under the Copyright Act should be very narrow.

## ARGUMENT

### I.    AAP INADEQUATELY ARGUED HOW THE DISTRICT COURT APPLIED THE CORRECT LAW, AND THUS FORFEITED THE ISSUE

The fees order on appeal should be reversed because Affordable Aerial Photography Inc. ("AAP") failed to show how the district court applied the correct law. In fact, it cited no law whatsoever. Rather than confess error on this point, AAP devoted a sum total of 200 words constituting six sentences and exactly zero authority for its argument. Ans. Br. at 4.[1] The text that follows its first heading ("The Trial Court Properly Analyzed the Motion") doesn't actually argue the point, doesn't respond to appellants' points and authorities in Sections I.A. and II.A. of their initial brief, and in fact shows that AAP conceded the issue: "this Court need [not] look any further than" AAP's primary arguments, namely that "there was never a judgment obtained by AAP" and "Appellants were not prevailing parties." Ans. Br. at 4. AAP has no true response for how the district court's fee order can be affirmed when it applied incorrect legal standards. The order should be reversed, at a minimum, for applying the incorrect law.

Because AAP chose to argue only limited points, it forfeited the remaining arguments and thus left a narrow set of contested issues for this Court to decide. See

---

[1] Citations to AAP's answer brief, docket entry no. 18, are abbreviated as "Ans. Br." and followed by pin cite to the filing's original pagination (not the ECF page number).

United States v. Nealy, 232 F.3d 825, 830 (11th Cir. 2000) (a party "must submit all issues on appeal in their initial briefs") (citing Fed. R. App. P. 28(a)(5); United States v. Williams, 29 F.4th 1306, 1312, 1314 (11th Cir. 2022) (finding the appellant forfeited an issue despite a 3-sentence / 242-word argument in its opening brief); United States v. Campbell, 26 F.4th 860, 871-72 (11th Cir. 2022) (*en banc*) (discussing abandonment of issues in appellate briefing and noting the distinction between waiver and forfeiture); Hamilton v. Southland Christian Sch., Inc., 680 F.3d 1316, 1319 (11th. Cir. 2012) (the failure to "cite authorities in support of an issue waives it"). The entire premise of the forfeiture rule is bottomed on the party presentation principle, and which operates as a "penalty to incentivize lawyers to timely and carefully brief important issues." Campbell, 26 F.4th at 874. AAP did not carefully brief the issue of whether the court applied the correct law in its decision disposing of Trends Realty's fees motion, and forfeited the matter.

Even aside from forfeiture, the fees order embodies legal error substantively and the remaining contested issues on appeal—that the Rule 68 offer is enforceable and appellants are the prevailing parties—should be decided here *de novo*.

## II.    AAP'S LIMITED ARGUMENTS DO NOT AVOID THE CONSEQUENCES OF RULE 68

AAP's primary assertion is that no judgment exists in the record and that its notice of dismissal was the case-ending event. Ans. Br. at 5-13. It is wrong. AAP

made no textual argument from any rule's language, put a gloss on the adjudicative effect of the orders—enforceable orders mandating payment from AAP to Trends Realty now (costs) and later (fees)—and conceded the appealability of the judgment of dismissal. Its sole argument is analytically bereft and predicated on unpersuasive, inapt, and non-binding decisions.

### A. AAP offers no countervailing construction of Rule 68 or its interplay with Rule 54.

First, AAP offers no textual analysis of how a court-ordered voluntary dismissal mandating immediate payment of costs and contingent future payment of fees is not definitionally a judgment under Rule 54, or definitionally a judgment as historically understood. It characterizes Trends Realty's argument as "cobble[d] together" and "strained." Ans. Br. at 12. Hardly.

A straightforward reading of the plain language of the rules together with a long line of cases and a set of definitions consistent for more than 100 years shows what is and is not a judgment. A judgment now, as well as when the rules were created, was and is the document which concludes a lawsuit. E.g., United States v. Hark, 320 U.S. 531, 534-35 (1944) (characterizing a judgment as a "judicial determination or sentence of the court upon a matter within its jurisdiction" and includes "a simple docket entry or the statement of a conclusion in an opinion, to a formal adjudication, signed by the judge or the clerk"); see also BLACK'S LAW

DICTIONARY, 1024-28 (3d ed. 1933) (noting many different kinds of case-ending judgments, some on the merits and some not, including "judgment of *nonsuit*" "judgment of *nolle prosequi*" and "judgment of *retraxit*" all of which are entered at the plaintiff's request); RESTATEMENT (SECOND) OF JUDGMENTS, § 20 (1982) (a judgment for the defendant occurs "[w]hen the plaintiff agrees to or elects a nonsuit (or voluntary dismissal) without prejudice"); 10 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 54.02[2], at 54-20 (3d ed. 2000) (noting equitable decrees are judgments, and if an order is appealable, it also constitutes a judgment). This Court relies on popular and legal dictionary definitions to provide "powerful evidence of those terms' ordinary meanings," United States v. Pate, No. 20-10545, 2023 WL 6618405 at *4 (11th Cir. Oct. 11, 2023) (*en banc*), and thus BLACK'S further shows that Trends Realty's plain language argument of how the explicit definition of judgment in Rule 54 and the term's use in Rule 68 is intuitive, natural, internally consistent, and historically accurate.

Indeed, even the rules drafters recognized that a dismissal entered pursuant to Rule 41(a)(2) is a judgment as such. Advisory Committee's 1946 Notes on Amendments to Fed. R. Civ. P. 59 (noting that new subsection (e) was "added to care for a situation such as that arising in Boaz"). Boaz expressly dealt with the power of a court to change a Rule 41(a)(2) order of dismissal without prejudice to one with prejudice upon a subsequent Rule 59 motion. Boaz v. Mut. Life Ins. Co. of

N.Y., 146 F.2d 321 (8th Cir. 1944). Consequently, the amendment further corroborates that a Rule 41(a) dismissal is a judgment even apart from Rule 54(a).

Other orders are also recognized as judgments. See BankAtlantic v. Blythe Eastman Paine Webber, Inc., 12 F.3d 1045, 1053 (11th Cir. 1994) (finding, pursuant to Rule 54(a), that a Rule 37 "sanction order is a 'judgment'"); TMF Tool Co. v. Muller, 913 F.2d 1185, 1188 (7th Cir. 1990) (a Rule 11 order "is an appealable decision which constitutes a judgment pursuant to Rule 54"); Balla v. Id. State Bd. of Corrections, 869 F.2d 461, 467 (9th Cir. 1989) ("the denial of a Rule 59(e) motion is itself a final, appealable judgment"). Even a nonfinal dismissal under Rule 12(b)(6) motion without prejudice and with leave to amend "is properly characterized as a final judgment" when the plaintiff declines to file an amended pleading by the order deadline. Hertz Corp. v. Alamo Rent-A-Car, Inc., 16 F.3d 1126, 1132 (11th Cir. 1994). The Hertz Corp. court explicitly rejected the argument that such an order "was final only for purposes of appeal" finding instead that the dismissal order "became final as well as appealable" and it "was entered as a judgment." Id. It reasoned that construing the dismissal order both as a judgment for purposes of appeal as well as a judgment under Rule 59(e) "advance[s] the twin aims of clarity and consistency." Id. at 1133.

The same consistency rationale applies to Rule 41(a)(2) dismissals being judgments for purposes of appeal, judgments for purposes of Rule 59(e), and

judgments for purposes of Rule 68—all of which are reinforced by the definition supplied by Rule 54(a). The Supreme Court has instructed that words in the federal rules "must be given a consistent usage and be read *in pari materia.*" Marek v. Chesney, 473 U.S. 1, 21 (1985) (internal quotation marks omitted). Only if consistency would "produce absurd results" should that rule be varied, for "to do otherwise would attribute a schizophrenic intent to the drafters." Id. Here, no absurdity obtains from finding a court-ordered voluntary dismissal that brings the action to conclusion is a judgment for purposes of Rule 68. AAP is wrong.

While AAP understandably dislikes the outcome of the interplay between Rule 54 and Rule 68, courts are not at liberty to disregard or rewrite either. See Bank of Nova Scotia v. United States, 487 U.S. 250, 255 (1988).

### B. AAP misreads Rule 41(a)(2): A court *order* effectuates dismissal, not a plaintiff's *notice*

Next, AAP claims that it "sought and received authority from the Trial Court to voluntarily dismiss without prejudice," Ans. Br. at 12, but fails to recognize that the very source of that "authority" is the court's order—an order which is, by definition a judgment. See Section II.A., *supra*. Its statement, that it "sought and received" the order also concedes that AAP obtained the case-ending dismissal. Versa Prods., Inc. v. Home Depot, USA, Inc., 387 F.3d 1325, 1327 (11th Cir. 2004) ("the plaintiff has acquired that which he sought"); accord Taylor Brands, LLC v.

GB II Corp., 627 F.3d 874, 878-79 (Fed. Cir. 2010) ("voluntary dismissals ... necessarily imply a [plaintiff's] consent to the substantive outcome"); Vaughn v. City Bank & Trust Co., 218 F.2d 802, 803 (5th Cir. 1955) (a Rule 41(a) dismissal is "an order invited and consented to" by the plaintiff).

The case ended with the dismissal-judgment, not AAP's notice. Rule 41(a)(2) "means precisely what it says." See Pilot Freight Carriers, Inc. v. Int'l Bd. of Teamsters, 506 F.2d 914, 916 (5th Cir. 1975). And that rule specifies that dismissal occurs "only by court order." Fed. R. Civ. P. 41(a)(2); see also Am. Cyanamid Co. v. McGhee, 317 F.2d 295, 297 (5th Cir. 1963) (emphasizing the difference between (a)(1) and (a)(2) dismissals and how they are accomplished); accord Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1276 (11th Cir. 2012) ("[u]nder Rule 41(a)(2), the court has discretion to dismiss the case through an order"); Klay v. United Healthgroup, Inc., 376 F.3d 1092, 1105 (11th Cir. 2004) (observing that Rule 41(a)(2) was the "only way [plaintiff's] notice could have been legally operative," and holding the notice was not effective because the court "never formally issued an order dismissing any claims"); McCants v. Ford Motor Co., 781 F.2d 855, 856-57 (11th Cir. 1986) (a Rule 41(a)(2) dismissal is "granted" by the court); First Classics, Inc. v. Jack Lake Prods., Inc., 674 F. App'x 911 (11th Cir. 2017) (a "dismissal pursuant to Rule 41(a)(2) expressly requires the approval of the district court and is not effective unless and until the court takes appropriate action"). Accordingly,

AAP's argument that its notice was the operative filing terminating the proceeding below is incorrect. There is a final judgment.

Even if the first order granting AAP's motion was not case-ending, the subsequent final judgment dismissing the case *after* AAP's notice was, and is consistent with both the requirements of Rule 41(a)(2) and Rule 58, including clear decretal language of finality: "this case is **DISMISSED WITHOUT PREJUDICE**, effective January 5, 2023." DE 172 (emphasis in original).[2] Even if considered an administrative closing order under Rule 58 it is *still* a Rule 41(a)(2) order. Cantrell v. IBEW, AFL-CIO, Local 2021, 69 F.3d 456, 457 n.1 (10th Cir. 1995) (*en banc*) ("a plaintiff whose case is dismissed by an administrative closing order should be considered to have voluntarily dismissed its claim pursuant to Fed. R.Civ.P. 41(a)(2)"); see also Beach Blitz Co. v. City of Elizabeth, 13 F.4th 1289, 1308 (11th Cir. 2021) (Newsome, J., concurring) (finding similar decretal words "constitute the district court's *judgment*") (emphasis in original). AAP has no answer to that fact nor an appropriate argument against the great weight of authority indicating a court order is both necessary for and effectuates Rule 41(a)(2) dismissals. Its concession on their appealability makes that even more clear.

---

[2] Appellants' citation to the record is the same here as in its initial brief.

### C. AAP correctly concedes the dismissal orders are appealable judgments and subject to Rule 59(e) motions to alter or amend a judgment

AAP concedes the initial order granting its dismissal motion is a judgment by arguing that "Appellants never sought (timely or otherwise) reconsideration or appeal of that Order." Ans. Br. at 8. AAP is correct. Trends Realty did not seek a change in that order or the subsequent case closing order, but rather "what was 'due *because of* the judgment.'" Hertz Corp., 16 F.3d at 1131 (quoting White v. New Hampshire Dep't of Empl. Security, 455 U.S. 445, 452 (1982)) (emphasis supplied).

There is no disputing that, at a minimum, the final orders below were appealable, and thus constitute a judgment. An "order of dismissal without prejudice under Rule 41(a)(2) is a final *and* appealable order." Emergency Recovery, Inc. v. Hufnagle, 77 F.4th 1317, 1326 (11th Cir. 2023) (emphasis supplied). In Emergency Recovery, this Court directly applied the definition under Rule 54(a) to reach that conclusion and emphasized that Rule 59(e) applies to such orders. Id.

AAP correctly concedes the dismissal orders were judgments for purposes of appeal and were also judgments for purposes of reconsideration under Rule 59(e). But it fails to argue why Rule 41(a)(2) judgments should not likewise be considered judgments for purposes of Rule 68. Its argument hinges not on textual analysis, logic, or policy, but by analogy to inapt, nonbinding, and unpersuasive decisions.

### D. AAP's cases are inapt; prevailing party status plays no role in a Rule 68 analysis

AAP fundamentally misapprehends the law and Trends Realty's argument when it contends that there is not a "single case authority supporting [appellants'] interpretation." Ans. Br. at 9. While it is correct that "Jordan does not stand for the proposition that a voluntary dismissal without prejudice constitutes a 'judgment finally obtained by the offeree' for purposes of Rule 68," Ans. Br. at 4, it misconstrues appellants' brief, where Trends Realty did not cite Jordan for that proposition.[3] Instead, Trends Realty cited Jordan for the proposition that no judicial discretion is involved, and fees in a copyright case are mandatory Rule 68 costs where the judgment obtained is less favorable than the offer.[4]

AAP's analytical errors are exemplified by its effort to distinguish Jordan on the basis that it involved a verdict (which is not the judgment, see Rule 58(b)) and therefore argues that Jordan is either inapt or Trends Realty somehow didn't "apply the facts of that case to those here." Ans. Br. at 5. AAP similarly errs by conflating prevailing party status with a Rule 68 determination. It is no curiosity that appellants did not cite such cases in their Rule 68 argument because there is no such requirement by the text of the rule. AAP's authorities simply do not present a cogent,

---

[3] See appellants' Initial Brief, Sections I.B.1. and 2., wherein appellants argued the dismissal orders were judgments, and orders that AAP obtained.

[4] See appellants' Initial Brief at 12-13 (standard of review and what law applies), and 21 (applying the correct law to the facts).

coherent argument either from the rules themselves or by persuasive analysis of the twelve cases it cites.

Four of AAP's cases are inapt because none concerned a Rule 41(a)(2) court-ordered dismissal: Smart Study Co. v. B+Baby Store, Bennouchene v. Videoapp, Inc., McDermott v. Monday Monday, LLC, and Physician's Surrogacy, Inc. v. German, all concern *notice*-based 41(a)(1) dismissals, which do not require any judicial involvement and operate automatically. Anago Franchising, 677 F.3d at 1276.

Three more of its cases are inapt because they do not concern Rule 68 at all: Neither United States v. $70,670.00 in U.S. Currency, nor Nance v. Maxwell Fed. Credit Union, nor Sream, Inc. v. HHM Enter. Partners, Inc.[5] had anything to do with Rule 68. U.S. v. $70,670 concerned solely whether, in an *in rem* action, the criminal-claimant (non-defendant) parties could be considered prevailing parties on a mooted federal action.[6] Nance simply reversed the plaintiff's damages award for want of

---

[5] Sream is also likely incorrect in view of Beach Blitz, 13 F.4th 1289, where this Court affirmed that the defendant was the prevailing party when the district court granted the defendant's Rule 12(b)(6) motion—despite the dismissal order stating it was without prejudice—and concluding regardless of the preclusion issue that the defendant still had rebuffed the plaintiff's claims. Id. at 1300 ("even setting aside the issue of preclusive effect, we have plenty of reasons to conclude that Beach Blitz was rebuffed... A 'without prejudice' label, without more, cannot alter our conclusion in this case").

[6] As discussed *infra*, Section III.C., U.S. v. $70,670 is limited to its facts and did not announce a broad rule of general applicability.

causation, and unremarkably held that for a *plaintiff* to qualify as prevailing requires an enforceable judgment (which is consistent with <u>Buckhannon</u>). Again, none concerned Rule 68 or held what a judgment is or is not because those courts were not confronted with such questions on appeal.

AAP's next inapt cases are <u>Webco Indus. v. Diamond</u> and <u>Live Face on Web, LLC v. Renters Warehouse, LLC</u>. Neither passed on a post-judgment Rule 68 motion. Instead, each unreported decision merely granted a plaintiff's Rule 41(a)(2) motion, imposing terms to protect the defendant. Both decisions' reference to Rule 68 is mere dicta—i.e., neither opinion analyzed (and thus did not hold) the post-judgment enforceability of a defendant's offer *based on* a dismissal order.

Two of AAP's cases that are more directly Rule 68 cases are not persuasive and still not on point. In <u>Burke v. Furniture House of N. Car.</u> the district court's 1-paragraph analysis premised its entire conclusion, without citing any authority, on the fact that the plaintiff was "not foreclosed from refiling her federal claim" and speculated that "Plaintiff could recover a final judgment more favorable than Defendant's Offer of Judgment" in a *future* refiled case. That action-straddling conclusion improperly connects an offer made in one lawsuit to a judgment entered in another suit.[7] Nothing about Rule 68 suggests an offer from a first action can be

---

[7] Besides being logically bereft, the court's rationale works at cross purposes to Rule 68's entire *raison d'être*, namely to encourage settlement and avoid litigation, and is clearly wrong.

enforceable in a second refiled lawsuit or that a preclusive judgment is necessary to trigger its provisions. The decision directly contravenes Rule 68's litigation-reducing goal and is contrary to the definition supplied in Rule 54(a).

Next, the decision in <u>Jones v. Berezay</u> carries little weight and is likewise inapt. The Idaho Supreme Court sat in its appellate capacity (a direct appeal from the trial court), and did not resolve an intermediate appellate court split or address a significant question. Despite being more than 30 years old, it has been cited only ten times (eight of which are other Idaho state court decisions). Its decision hinged on whether there was a prevailing party, not whether the defendants had obtained a judgment. The court hardly passed on the question, summarily concluding <u>Delta Air Lines</u> was persuasive after an extensive block-quote and limiting its analysis to 43 words. Conspicuously absent is any analysis of what a Rule 68 judgment is or even whether the Idaho state court rules of procedure included an equivalent definition of judgment, as is found in federal Rule 54(a). Given the dearth of analysis it carries little weight. BRYAN A. GARNER ET AL., THE LAW OF JUDICIAL PRECEDENT § 16, at 170, 172 (2016) ("[p]ersuasiveness usually derives from sound reasoning, logical structure, authoritative support, evidence that the case received the careful consideration of the court, and citation of pertinent authorities" whereas cases that "aren't well reasoned, logically organized, well written or adequately supported" or are not cited and followed elsewhere garner little persuasiveness).

15

As all of the foregoing cases show, no court has directly confronted the application of Rule 54(a)'s definition of judgment to Rule 68.

In the final analysis, AAP does not argue that the district court applied the correct law. It concedes the dismissal orders were both appealable and subject to a Rule 59(e) motion to amend the judgment, and further concedes it obtained the final judgment when it "sought and received authority from the Trial Court to voluntarily dismiss." Aside from its concessions, its arguments are wrong—factually and legally. Trends Realty's Rule 68 offer of judgment is enforceable and the district court fees order s be reversed and judgment of entitlement rendered.

## III.    A PRECLUSIVE JUDGMENT IS UNNECESSARY FOR A DEFENDANT TO BE A PREVAILING PARTY

AAP fails to recognize that this case presents an issue expressly undecided in the Eleventh Circuit, namely whether a preclusive judgment is necessary for a defendant to be a prevailing party. Beach Blitz, 13 F.4th at 1300-01 ("[t]his case does not raise" the issue of whether a preclusive judgment is necessary for a defendant to be a prevailing party, and is an issue "we leave [] for resolution in the future" and noting that CRST likewise "expressly 'decline[d] to decide' whether 'a defendant must obtain a preclusive judgment in order to prevail'") (quoting CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419, 434 (2016)). The plain language of fee-shifting statutes, including §505 of the 1976 Copyright Act, together with legislative

history shows that no preclusive judgment is required.

### A. The plain language of the Copyright Act specifies that a party prevails in an action irrespective of whether it matures to a merits decision or preclusive judgment

Contrary to AAP's argument, the plain language of the Copyright Act reveals that it is "any civil action," 17 U.S.C.A. § 505 (1976), which terminates to result in a party becoming a prevailing one. The statutory term "action" and phrase "prevailing party" were well-understood at the time of the 1976 Act, and Congress intended that a party prevail at the end of a lawsuit, not only upon a preclusive judgment.

Then, as now, an "action" did not mean a first lawsuit voluntarily dismissed together with a second lawsuit recommenced on the same legal theory and against the same defendants. See BLACK's (4th ed. 1951[8]) at 49 (variously defining "action" as a proceeding "by which one party prosecutes another for the enforcement or protection of a right" and noting the "terms 'action' and 'suit' are not nearly, if not entirely, synonymous") and 1033 (defining "lawsuit" as merely a "vernacular term for a suit, action, or cause instituted"); accord Fed. R. Civ. P. 2 (the sole form of a lawsuit is a "civil action"). Re-filed lawsuits after a first dismissal were also historically-known, e.g., Slocum v. New York Life Ins. Co., 228 U.S. 364, 392-93

---

[8] The edition existing when the 1976 Copyright Act was passed.

(1913), and therefore Congress's choice of phrase, "civil action" makes plain that it referred to each lawsuit—it did not distinguish between suits concluding upon a final merits decision and those that did not.

Like "action," the statutory text "prevailing party" "does not distinguish between merits-based and non-merits-based judgments," CRST, 578 U.S. at 432, and the phrase itself was not understood that way either, see BLACK'S (2d ed. 1910) at 937 (defining "prevailing party" as "one of the parties to a suit who ... successfully defends against it") and 829 (a "voluntary *nonsuit* is one incurred by the plaintiff's own act or omission, and is a judgment entered against him").

With that historical linguistic understanding, a copyright infringement defendant can prevail upon a voluntary dismissal, whether with prejudice, Marks v. Leo Feist, Inc., 8 F.2d 460 (2d Cir. 1925), or without prejudice Corcoran v. Columbia Broadcasting Sys., Inc., 121 F.2d 575 (9th Cir. 1941),[9] because such dismissals maintain the *status quo ante*, which is precisely what a defendant seeks, cf. Live Face on Web, LLC v. Cremation Soc'y of Ill., Inc., 77 F.4th 630, 632 (7th Cir. 2023). CRST is not to the contrary. 578 U.S. at 434 (Congress did not intend to "bar defendants from obtaining attorney's fees" where "*the litigation* was resolved in their favor") (emphasis supplied). Notably, the Supreme Court has cited Marks in

---

[9] Both of which were decided under the Copyright Act of 1909, 17 U.S.C. § 40 (1970), which is substantially identical to the current fees provision in §505.

the Copyright Act fees context, lending further support to the conclusion that a Rule 41(a) dismissal does not *ipso facto* render a defendant nonprevailing. Fogerty v. Fantasy, Inc., 510 U.S. 517, 531 (1994) (characterizing Marks as giving "courts 'absolute discretion,'" to "award[] attorney's fees to prevailing defendant after plaintiff voluntarily dismissed"). Again, a voluntary dismissal is a judgment, and a judgment is a resolution of an action—whether or not preclusive. A prevailing party, by the plain language of §505, includes, as here, defendants who force a plaintiff to seek a late stage voluntary dismissal to avoid an adverse judgment. Legislative history confirms that conclusion.

At the time of the 1976 Copyright Act, Congress was explicitly aware of and confirmed that outcomes like that in Corcoran were the intended result of fee shifting statutes that it authored. Soon after the 1976 Act, Congress enacted a similar fee provision in the Equal Access to Justice Act, where both the House and the Senate made clear that "the phrase 'prevailing party' should not be limited to a victor only after entry of a final judgment following a full trial on the merits" and should be "interpret[ed] ... consistent[ly] with the law that has developed under existing statutes." S. REP. NO. 96-253, at 7 (1980); H.R. REP. NO. 96-1418, at 11 (1980) (both discussing the term "prevailing party," as codified at 28 U.S.C. § 2412(b)). Congress intended that a defendant prevails "if the plaintiff has sought a voluntary dismissal of a groundless complaint," and cited Corcoran. Id. By citing Corcoran, Congress

19

not only understood but *condoned* the result explicitly as it applied to the Copyright Act, and did not amend §40 of the 1909 Act in creating the current §505 of the 1976 Act. Had Congress viewed Corcoran as incorrect, it could have narrowed the established meaning of "action" or "prevailing party" (or both) to legislatively override that decision, but it did not. Like the 1976 Copyright Act, the EAJA includes the exact same phrases: "civil action" and "prevailing party." Compare 17 U.S.C.A § 505 (1976) with 28 U.S.C.A § 2412(b) (1980). Consequently, the Ninth Circuit's later decision in Cadkin v. Loose, 569 F.3d 1142 (9th Cir. 2009) overruling Corcoran is wrong because the decision in Cadkin improperly "block[s] a whole category of defendants for whom Congress wished to make fee awards available" especially when Congress' policy by enacting fee-shifting laws is to "spar[e] defendants" from the costs of litigation. CRST, 578 U.S. at 432; see also Warner Bros. Inc. v. Dae Rim Trading, Inc., 877 F.2d 1120, 1126 (2d Cir. 1989) (agreeing with Corcoran and finding that withdrawal of a copyright infringement claim "in effect made the defendants the prevailing parties on that issue").

The structure of the unanimous decision in CRST reveals its holding and how courts have misread it. CRST has three major sections: The first provides the context and *background* of the law, with the court drawing a clear distinction from its prior decisions respecting prevailing *plaintiffs* and citing Buckhannon. CRST, 578 U.S. at 422.

In contraposition to and moving on from those authorities, the court then transitioned to the issue then before it, stating that the "Court, however, has not set forth in detail how courts should determine whether a defendant has prevailed." Id. at 422-23 (framing the issue as "whether [defendant-]petitioner is a prevailing party"). Section II then spent considerable words explaining the complex factual and procedural history. Id. at 423-31. Section III-A then arrives at the analysis of those facts, holding that a "defendant may prevail even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." Id. at 431-34.

Consistent with that holding, it found that the thing reaching a conclusion is "the case," or the "litigation" and that is resolved by "the court's final judgment." Id. at 432. While CRST expressly did not decide the issue of whether "a defendant must obtain a preclusive judgment," id. at 434-435, it held that non-merits decisions can qualify a defendant as the prevailing party because they "come to court with different objectives," id. at 431. Nowhere in Section III does the court cite Buckhannon or even intimate that either a judicially sanctioned result or material alteration are necessary prerequisites for a defendant to prevail.

In harmony with that proper reading of CRST is Corcoran and Dae Rim Trading, and which is further buttresses by the plain language of the Copyright Act and legislative understanding of that language. While the Ninth Circuit later determined Corcoran was "irreconcilable" with Buckhannon, Cadkin v. Loose, 569

F.3d 1142 (9th Cir. 2009), CRST shows that it is not. A preclusive judgment is not required for a defendant to prevail.

### B. A *defendant* can be the prevailing party without a court order, stipulation, or consent decree

Consistent with CRST abrogating the need for judicial imprimatur is the fact that a defendant is a prevailing party where a plaintiff voluntarily dismisses its action with prejudice under Rule 41(a)(1) *without* a court order, stipulation, or consent decree. E.g., Mathews v. Crosby, 480 F.3d 1265, 1276-77 (11th Cir. 2007) (finding defendant was the prevailing party where the plaintiff voluntarily dismissed with prejudice by notice). Thus without any judicial action—i.e. by a plaintiff's own admission—a defendant can be the prevailing party. Cf. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health and Human Res., 532 U.S. 598, 615 (2001) (Scalia, J., concurring) (a prevailing party is, invariably, "the party that wins the suit or obtains a finding (or an admission) of liability").

Regardless of Buckhannon's applicability to prevailing defendants, there is a judicially-sanctioned change in the parties' legal relationship here because the district court ordered AAP to pay the appellants their costs presently (thousands of dollars, DE 186 at 6) and future fees (at least tens of thousands, DE 155 at 3) as part of a court order; it is both judicially-sanctioned and a change in the legal relationship between the parties.

### C. <u>U.S. v. $70,670</u> is inapt, limited to its facts, and does not announce a rule of broad applicability

AAP relies heavily on <u>U.S. v. $70,670</u>, but that case does not stand for a bright line rule of broad applicability that a defendant can never be a prevailing party after a plaintiff obtains a Rule 41(a) dismissal.

There, the non-defendant criminal-*claimants* attempted to recover their ill-gotten funds (the *in rem* "defendants") to circumvent restitution owed to the victim, AnnChery, which had initiated a state civil action against the federal criminal-claimants (Kurvas Secret and Colorado), and had obtained a state court judgment and permanent injunction freezing the claimants' funds. <u>United States v. $70,670 in U.S. Currency</u>, 929 F.3d 1293, 1297-98 (11th Cir. 2019). The plaintiff-government then filed the injunction-judgment in the federal *in rem* action. <u>Id.</u> at 1298. The claimants later stipulated that most of the funds would return to AnnChery. <u>Id.</u> at 1299. Consequently, the outcome concerning title to the funds was certain: they were ultimately destined to return to the victim, AnnChery. <u>Id.</u> The district court thus found the federal "action moot," entered a voluntary dismissal without prejudice, and denied the claimant's motion for fees. <u>Id.</u>

In view of those facts, it is no surprise that both the district court and this Court did not find the criminal-claimants entitled to attorney's fees for their failed effort to secure superior title to their ill-gotten funds. The lengthy factual and procedural history illuminates that <u>U.S. v. $70,670</u> is limited to its facts, and is not

controlling here. See GARNER, THE LAW OF JUDICIAL PRECEDENT § 6, at 80 (2016) ("[t]he discovery of what facts are material in any decision is by no means easy") (citation omitted).

U.S. v. $70,670 does not stand for a broad rule of general applicability that whenever a district court grants a Rule 41(a)(2) motion and dismisses an action without prejudice that a defendant can never be deemed prevailing. Carefully read and properly understood, U.S. v. $70,670 stands for the unremarkable conclusion, limited to the facts of the case, that criminal-claimant parties are not prevailing parties against a government's *in rem* action when the defendant-funds were ultimately destined to the criminal victim no matter what the outcome of the federal action was.

Even if not limited to its facts, and if viewed as announcing a rule of broad applicability, then U.S. v. $70,670 was wrongly decided and should be overruled *en banc* for the reasons stated herein and in appellants' initial brief.

### D. Rule 41(a) cannot abrogate a statutory substantive right to attorney's fees as a direct command of Congress through the Rules Enabling Act

Finally, AAP's arguments are wrong because a procedural rule, by legislative command, cannot override Congress's creation of substantive rights like attorney's fees. The right to attorney's fees is substantive. Allegrini v. De Angelis, 68 F.Supp. 684, 684-85 (E.D. Penn. 1946); see also Chambers v. Nasco, Inc., 501 U.S. 32, 59

24

(1991) (characterizing statutory fees as "substantive fee shifting" in contrast to procedural fee shifting as sanctions). Because it is substantive (i.e. legislatively created as a proper exercise of Article I authority to overrule the common law "American Rule"), no procedural rule can "abridge, enlarge or modify" it, 28 U.S.C. § 2072 (2018).

In the end, there should be a strong presumption that the prevailing party will be awarded attorney's fees, <u>Cremation Society</u>, 77 F.4th at 632, just as there are with costs, <u>Mathews</u>, 480 F.3d at 1276, because, as a legal term of art, "prevailing party" for both costs and fees should be readily administrable and interpreted in consistent fashion. Contrary to AAP's argument, a Rule 41(a)(2) dismissal should not foreclose a defendant from being declared a prevailing party. <u>See</u> <u>Dean v. Riser</u>, 240 F.3d 505, 510 (5th Cir. 2001) (rejecting the Eighth Circuit's rule in favor of a more flexible one, particularly to avoid the possibility of a "calculating plaintiff" from "shirk[ing its] responsibility" and inequitably "strip the defendant's protection" provided by the statutory fee award).

## IV.    THIS COURT SHOULD NOT ALIGN ITSELF WITH THE MAJORITY ON THE STATUTE OF LIMITATIONS BECAUSE THOSE DECISIONS ARE ATEXTUAL

AAP argues here, as it will likely do in a related pending appeal,[10] that this Court should follow other circuit decisions without conducting any textual analysis or attempt to harmonize multiple recent Supreme Court decisions interpreting statutes of limitations. Judge Murphy's concurrence in Everly v. Everly, 958 F.3d 442, 459-68 (6th Cir. 2020), is the quintessential *textual* analysis from a circuit court judge why an infringement claim accrues under §507(b) upon its occurrence and not discovery, and why that result is consistent with Supreme Court decisions. While he acknowledges being precedent-bound to adhere to the incorrect discovery rule, he rightly criticizes the prior decisions, which "merely cite other decisions; they pay little attention to the statutory text or the Supreme Court's precedent." Id. at 461. AAP's argument concerning §507 is essentially that this Court should follow the majority of other circuits, Ans. Br. at 23-31, but a true textual analysis informed by multiple Supreme Court decisions analyzing statutes of limitations shows otherwise.

This Court should carefully evaluate the statute of limitations issue in both AAP appeals to avoid disharmony, hold there is no discovery rule, reverse the district court's decision, and render judgment that appellants are the prevailing party as a result of the running of the statute of limitations.

---

[10] See Amended Civil Appeal Statement (citing pending appeal no. 22-12563).

26

## CONCLUSION

This Court should reject AAP's proposed rule that a copyright troll holds an unassailable get-out-of-jail-free card pursuant to Rule 41(a) that avoids *both* Rule 68 and §505—subject only to convincing the district court not to impose fees as a term of dismissal.

AAP forfeited any argument that the district court applied the correct law, and that alone necessitates reversal of the fees order.

Regardless, the dismissal orders are judgments because they are appealable, subject to a Rule 59(e) motion, and definitionally so under Rule 54(a). They are thus likewise judgments under Rule 68. Trends Realty's Rule 68 offer is enforceable because AAP obtained the case-ending dismissal, which was less favorable than the offer. In addition to reversing the fees order, this Court should render judgment of entitlement in favor of Trends Realty.

Trends Realty is also the prevailing party pursuant to the Copyright Act for having rebuffed AAP's claims through a judicially-sanctioned result awarding it costs and future fees. Finding Trends Realty is the prevailing party here harmonizes both the plain text and the legislative purpose of §505. Because "copyright law writ-large benefits from definitive adjudications," Cremation Society, 77F.4th at 631, a presumption of fees entitlement for a defendant should arise when a plaintiff seeks to avoid a merits determination late in an action. This Court should also render

27

judgment as to the appellants' status as prevailing parties and make clear on remand that the district court's authority to disallow a fee award under the Copyright Act is exceedingly narrow.

Date: November 6, 2023.

    \_\_/s/ Griffin Klema_____

Griffin C. Klema, Esq.
Fla. Bar No. 100279
**Klema Law, P.L.**
420 W. Kennedy Boulevard
Tampa, FL 33606
PO Box 172381
Tampa, FL 33672
(202) 713-5292
Griffin@KlemaLaw.com
*Counsel for Appellants Trends Realty USA Corp and John Abdelsayed*

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B)(ii) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 6,493 words, including footnotes.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Times New Roman font.

__/s/ Griffin Klema_____
Griffin C. Klema, Esq.

**CERTIFICATE OF FILING AND SERVICE**

I certify that, pursuant to and in compliance with 11th Cir. R. 25-3(f), this Reply Brief was filed with the Clerk of the United States Court of Appeals for the Eleventh Circuit via the Case Management, Electronic Case Filing (CM/ECF) system and e-mailed (unless other service means are indicated) on November 6, 2023, to all counsel of record.

__/s/ Griffin Klema_____
Griffin C. Klema, Esq.