[DO NOT PUBLISH]

# In the
# United States Court of Appeals
# For the Eleventh Circuit

_____

No. 23-11662

Non-Argument Calendar

_____

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

                Plaintiff-Counter Defendant-Appellee,

versus

TRENDS REALTY USA CORP,
JOHN ABDELSAYED,

                Defendants-Counter Claimants-Appellants,

CORNELIUS MCGINNIS, et al.,

                Third Party Defendants-Counter Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-81331-AMC

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Affordable Aerial Photography, Inc. ("AAP"), filed a complaint alleging that John Abdelsayed and Trends Realty USA Corporation ("Defendants") committed copyright infringement by displaying AAP's copyrighted photograph on their website. More than a year later, with litigation ongoing, AAP filed a motion to voluntarily dismiss the case without prejudice under Federal Rule of Civil Procedure 41(a)(2), and without being ordered to pay attorney's fees to Defendants. After a hearing, and over Defendants' objections, the district court granted the motion and entered an order dismissing the case without prejudice, imposing taxable costs, and attaching a condition that AAP, if it refiled its case, must pay Defendants' reasonable attorney's fees incurred defending this case.

Nearly two months after the dismissal order, Defendants filed a motion claiming that, notwithstanding the district court's order, they were entitled to immediate recovery of their reasonable attorney's fees on two grounds. First, they argued that Rule 68, Fed. R. Civ. P., mandated attorney's fees because AAP did not

accept Defendants' December 2021 offer to settle the case, and that offer was more favorable than the "judgment obtained." And second, they maintained that they were "prevailing party[s]" under the Copyright Act's cost-shifting provisions, *see* 17 U.S.C. §§ 505, 1203(b)(5).

The district court denied the motion for attorney's fees. The court reasoned that Defendants should have raised these arguments in connection with the motion to voluntarily dismiss, and that Defendants had not established any prejudice. As a result, the court declined to "comment on the merits of Defendants' untimely raised theories." The court then rejected Defendants' motion for reconsideration, reasoning that "by continuing to seek an entitlement to attorneys' fees, Defendants are in essence requesting the Court to change the conditions of its Order granting Plaintiff leave to voluntarily dismiss this action."

Defendants appeal, raising procedural and substantive arguments. We conclude that, even assuming they properly raised their arguments for attorney's fees in the district court, Defendants are not entitled to fees under Rule 68 or as a "prevailing party" under the Copyright Act. So we affirm the district court's denial of their motion. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) ("We may affirm on any ground supported by the record, regardless of whether that ground was relied upon or even considered below.").

**I.**

The proper interpretation of Rule 68 presents a legal question, so we review it *de novo*. *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997). We review any underlying factual findings for clear error. *Id.*

Rule 68 of the Federal Rules of Civil Procedure provides that if a timely pretrial offer of settlement is not accepted and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(a), (d). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). Recoverable "costs" under Rule 68 include "all costs properly awardable under the relevant substantive statute or other authority," including attorney's fees. *Id.* at 9. "When a proper Rule 68 offer is made and the other requirements of the rule are met, the district court *must* award costs measured from the time the offer was served." *Jordan*, 111 F.3d at 105 (emphasis added).

By its plain terms, according to the Supreme Court, Rule 68 applies only where the plaintiff "has obtained a judgment for an amount less favorable than the defendant's settlement offer." *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351 (1981).[1] Because the

---

[1] Defendants' briefing parses the key words in Rule 68(d)—"judgment," "obtain," and "favorable"—as if they were matters of first impression, but fails to account for or even address the Supreme Court's controlling decision in *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981).

judgment must be "obtain[ed]" by the "offeree" following an offer to have "judgment . . . taken against [the defendant]," the Court reasoned, "it follows that a judgment 'obtained' by the plaintiff is also a favorable one." *Id.* at 351–52. Thus, the effect of Rule 68 is to reduce "some of the benefits of victory if [the plaintiff's] recovery is less than the offer." *Id.* at 352.

But Rule 68(d) is "simply inapplicable" in cases where "it was the defendant that obtained the judgment." *Id.*; *id.* at 354 (Rule 68 "does not apply to judgments in favor of the defendant"); *see La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 333 (5th Cir. 1995) ("If a plaintiff takes nothing . . . Rule 68 does not apply."). Thus, "a non-settling plaintiff does not run the risk of suffering additional burdens that do not ordinarily attend a defeat." *Delta Air Lines*, 450 U.S. at 352. Rather, when a plaintiff loses, "the trial judge retains his [or her] Rule 54(d) discretion" to award costs to the prevailing party. *Id.* at 354; *see* Fed. R. Civ. P. 54(d).

Here, Rule 68 does not apply because AAP did not obtain a judgment in its favor. *See Delta Air Lines*, 450 U.S. at 351–52. A voluntary dismissal without prejudice does not alter the legal relationship between the parties or award the plaintiff any relief. It simply permits the "moving party to file those claims again." *Mesa v. United States*, 61 F.3d 20, 22 (11th Cir. 1995). As Defendants note, "AAP secured no affirmative relief whatever." In fact, Defendants view themselves as prevailing parties. But even assuming the judgment was effectively in Defendants' favor, Rule 68 "does not apply to judgments in favor of the defendant." *Delta Air Lines*, 450 U.S. at

354. Because the district court's dismissal without prejudice was not a judgment in AAP's favor "for an amount less favorable than the defendant's settlement offer," Rule 68 does not authorize or mandate Defendants' recovery of reasonable attorney's fees. *Id.* at 351–52.

Defendants warn that Rule 41 will be "used as an escape hatch by abusive litigants to circumvent Rule 68's consequences" by seeking a "late-stage" dismissal in the face of an impending adverse ruling. But their premise is misguided because an adverse judgment against the plaintiff does not trigger Rule 68, as the Supreme Court has made clear. *See Delta Air Lines*, 450 U.S. at 352, 354. Besides that, a plaintiff cannot act unilaterally after the opposing party has served an answer or a motion for summary judgment, but instead must obtain a dismissal order from the district court. *See* Fed. R. Civ. P. 41(a)(2). And the court, after "weigh[ing] the relevant equities," may deny the request, if the defendant would suffer clear legal prejudice, or it may dismiss the case, "imposing such costs and attaching such conditions to the dismissal as are deemed appropriate." *Unites States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1300 (11th Cir. 2019) (quotation marks omitted); *see* Fed. R. Civ. P. 41(d) (authorizing the imposition of costs where a plaintiff refiles an action previously dismissed voluntarily).

Here, the district court, following briefing and a hearing, found that Defendants would suffer no legal prejudice from a dismissal without prejudice because their counsel was *pro bono* or on a contingency arrangement, and that the other factors favored

23-11662               Opinion of the Court                        7

granting the motion, subject to certain conditions. Defendants have not timely appealed that ruling, or otherwise plainly or prominently argued on appeal that the district court erred in granting AAP's motion for voluntary dismissal.[2] So they have abandoned any arguments in that regard. *See Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023) ("A party abandons an issue when she makes only passing references to it, references it as mere background to main arguments, or buries it within other arguments.").

## II.

We review *de novo* the legal question whether a given set of facts "suffice[s] to render a party a 'prevailing party.'" *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1375 (11th Cir. 2022). The Copyright Act permits courts to award "reasonable attorney's fee[s] to the prevailing party." 17 U.S.C. §§ 505, 1203(b)(5). "Prevailing party" is a "legal term of art" that "retains its legal

---

[2] Defendants' notice of appeal, dated May 16, 2023, is not timely to appeal the order administratively closing the case, entered January 6, 2023. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). While the 30-day time limit may be extended by the timely filing of certain post-judgment motions, *see* Fed. R. App. P. 4(a)(1)(A), (4)(A), motions for attorney's fees under Rule 54 qualify only "if the district court extends the time to appeal under Rule 58," Fed. R. App. P. 4(a)(4)(A)(iii). Because Defendants never requested, and the district court never granted, such an extension under Rule 58, any appeal of the underlying order of dismissal is untimely.

meaning across different fee-shifting statutes." *Royal Palm*, 38 F.4th at 1377.

The "prevailing party determination" is different for plaintiffs and defendants, in recognition of their differing litigation objectives. *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1297 (11th Cir. 2021). "A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016); *see id.* at 422. ("The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." (quotation marks omitted)). Thus, a defendant may obtain prevailing-party status "whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *Id.* Importantly, though, "the rejection of the plaintiff's attempt to alter the parties' legal relationship must be marked by judicial imprimatur." *Beach Blitz*, 13 F.4th at 1298 (quotation marks omitted).

Here, Defendants cannot show that they were prevailing parties because "a dismissal without prejudice places no judicial imprimatur on the legal relationship of the parties, which is the touchstone of the prevailing party inquiry." *$70,670.00 in U.S. Currency*, 929 F.3d at 1303 (quotation marks omitted). That's because "[a] voluntary dismissal without prejudice renders the proceedings a nullity and leaves the parties as if the action had never been brought." *Id.* (quotation marks omitted). The order of dismissal does not prevent AAP from refiling its claims. And even assuming

23-11662               Opinion of the Court                        9

future action by AAP may be unlikely or now barred by the statute of limitations, those facts are irrelevant because the *court* did not rebuff or reject AAP's claims on any grounds. *See Beach Blitz*, 13 F.4th at 1298 ("[T]he rejection of the plaintiff's attempt to alter the parties' legal relationship must be marked by judicial imprimatur."); *$70,670.00 in U.S. Currency*, 929 F.3d at 1303 (stating that, even if refiling was unlikely after a voluntary dismissal without prejudice, "[w]hat matters is that the claimants have not obtained a final judgment rejecting the government's claim" (cleaned up)).

*CRST* did not "abrogate the requirement of 'judicial imprimatur' for prevailing defendants," as Defendants claim. While *CRST* abrogated any requirement that judicial action be "on the merits" for a defendant to prevail, 578 U.S. at 421, 431–32, our post-*CRST* precedent makes clear that "the rejection of the plaintiff's attempt to alter the parties' legal relationship must be marked by judicial imprimatur." *Beach Blitz*, 13 F.4th at 1298 (quotation marks omitted). And because a voluntary dismissal without prejudice under Rule 41(a)(2) "places no judicial imprimatur on the legal relationship of the parties," Defendants do not qualify as prevailing parties.[3] *$70,670.00 in U.S. Currency*, 929 F.3d at 1303.

---

[3] We decline to consider Defendants' argument, raised for the first time in its reply brief, that the costs and conditions imposed in the order of dismissal sufficed to render them prevailing parties. *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court." (cleaned up)).

### III.

In sum, and for the foregoing reasons, we affirm the denial of Defendants' motion for attorney's fees.

**AFFIRMED.**