**No. 23-11662**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

---

AFFORDABLE AERIAL PHOTOGRAPHY, INC.

    *Plaintiff-Appellee,*

v.

TRENDS REALTY USA CORP and
JOHN ABDELSAYED,

   *Defendants-Appellants.*

---

An Appeal from a final order of the
   United States District Court for the Southern District of Florida
   No. 21-cv-81331-AMC

---

## PETITION FOR PANEL REHEARING AND REHEARING EN BANC

---

            Griffin C. Klema, Esq.
            Fla. Bar No. 100279
            **Klema Law, P.L.**
            420 W. Kennedy Boulevard
            Tampa, FL 33606
            PO Box 172381
            Tampa, FL 33672
            (202) 713-5292
            Griffin@KlemaLaw.com
            *Counsel for Appellants Trends*
            *Realty USA Corp and John*
            *Abdelsayed*

## <u>CERTIFICATE OF INTERESTED PERSONS AND</u>
## <u>CORPORATE DISCLOSURE STATEMENT</u>

Appellants, Trends Realty USA Corp and John Abdelsayed, pursuant to Fed. R. App. P. 26.1 and 11th Cir. R. 26.1-1 to 4, certify the following are interested persons in this appeal, and further provide the corporate disclosure statement for appellant Trends Realty USA Corp:

Abdelsayed, John

Affordable Aerial Photography, Inc.

Cannon, Aileen M. (District Judge)

CopyCat Legal, PLLC

D'Loughy, James

DeSouza, Daniel

Klema Law, PL

Klema, Griffin C.

Matthewman, William (Magistrate Judge)

Reinhart, Bruce E. (Magistrate Judge)

Rymarski, Mateusz

Stevens, Alijca

Stevens, Robert

Trends Realty USA Corp

C-1

Defendant-Appellant Trends Realty USA Corp has no parent company and no publicly traded company owns more than ten percent of its stock. Trends Realty is wholly owned by co-appellant John Abdelsayed.

Plaintiff Affordable Aerial Photography, Inc. is not a publicly traded company, has no parent company, and there is no publicly held corporation that owns 10% or more of its stock.

No publicly traded company or corporation has an interest in the outcome of the underlying case or this appeal.

__/s/ Griffin Klema_____
Griffin C. Klema, Esq.
Fla. Bar No. 100279
Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
*Attorney for Appellants*

## STATEMENT OF COUNSEL UNDER RULE 35(b)(1)
## AND CIRCUIT RULE 35-5(c)

I believe, based on a reasonable and studied professional judgment, that the panel decision is contrary to the following decisions(s) of the Supreme Court of the United States and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this Court:

1. <u>CRST Van Expedited, Inc. v. EEOC</u>, 578 U.S. 419 (2016);

2. <u>Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.</u>, 532 U.S. 598 (2001); and

3. <u>Delta Airlines, Inc. v. August</u>, 450 U.S. 346 (1981).

I further believe, based on a reasonable and studied professional judgment, that the panel decision is contrary to the following decisions(s) of the precedents of this Circuit which apply <u>Buckhannon</u>'s "imprimatur" requirement, and that consideration by the full court is necessary to secure and maintain uniformity of decisions in this Court:

4. <u>Mathews v. Crosby</u>, 480 F.3d 1265 (11th Cir. 2007);

5. <u>Smalbein v. City of Daytona Beach</u>, 353 F.3d 901 (11th Cir. 2003);

6. <u>Am. Disability Ass'n v. Chmielarz</u>, 289 F.3d 1315 (11th Cir. 2002);

**7.** <u>Utility Automation 2000 v. Choctawhatchee Elec.</u>, 298 F.3d 1238 (11th Cir. 2002); and

**8.** <u>Yoffe v. Keller Industries, Inc.</u>, 582 F.2d 982 (5th Cir. 1978).

Apart from conflict in prior decisions, I further believe, based on a reasoned and studied professional judgment, that this appeal involves two questions of exceptional importance, both of which are widely applicable in virtually all federal civil litigation:

**A.** Whether a defendant can never be a prevailing party when a plaintiff obtains a voluntary dismissal—even when the plaintiff's action is dismissed by court order without the plaintiff having judicially altered the legal relationship with the defendant, thereby providing the defendant its primary objective in the action, as recognized by <u>CRST Van Expedited, Inc. v. EEOC</u>, 578 U.S. 419, 431 (2016) (a defendant "fulfill[s] its primary objective whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision").

**B.** Whether a plaintiff that seeks—and "obtains"—a final judgment of voluntary dismissal without prejudice of its action which is "not more favorable than" an unaccepted Rule 68 offer, trigger's the plaintiff's

obligation to "pay the costs incurred" by a defendant, as required by Fed.

R. Civ. P. 68(d).

                                                 __/s/ Griffin Klema_____
                                                 Griffin C. Klema, Esq.
                                                 *Attorney for Appellants*

# TABLE OF CONTENTS

Page

CERTIFICATE OF INTERESTED PERSONS AND  CORPORATE DISCLOSURE STATEMENT ....................................................................C-1

STATEMENT OF COUNSEL UNDER RULE 35(b)(1) AND CIRCUIT RULE 35-5(c)................................................................................................... i

TABLE OF CONTENTS........................................................................ iv

TABLE OF CITATIONS ........................................................................ vi

ISSUES THAT MERIT REHEARING ...................................................1

COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE ..................2

STATEMENT OF FACTS ........................................................................2

ARGUMENT AND AUTHORITIES........................................................4

    I.    **A defendant is the "prevailing party" when the plaintiff's claim is rebuffed by a final court order of dismissal, even if the dismissal is "without prejudice"** ...................................................................**4**

        A.    The decision conflicts with CRST because the panel did not look for the absence of a change in the legal relationship; it required something more than the defendants rebuffing the plaintiff's claim...................................5

        B.    The panel decision concluding that a court-ordered dismissal does not carry judicial imprimatur conflicts with the rationale of Buckhannon and its progeny in this Court.............................................................................8

        C.    A voluntarily-dismissed case is not a "nullity" for purposes of collateral issues like costs, attorney's fees, and sanctions. ...........................................................10

iv

**II.  When a plaintiff seeks and obtains a Rule 41(a)(2) dismissal less favorable than an unaccepted Rule 68 offer of judgment, a court must shift costs ...................................................................14**

CONCLUSION ........................................................................................17

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS ..............................................................................................................18

CERTIFICATE OF FILING AND SERVICE .......................................18

ADDENDUM – PANEL DECISION ....................................................19

# TABLE OF CITATIONS

Page

## Cases

Am. Disability Ass'n v. Chmielarz, 289 F.3d 1315 (11th Cir. 2002) ................8, 10

B.E. Tech. LLC v. Facebook, Inc., 940 F.3d 675 (Fed. Cir. 2019) ........................13

Beach Blitz Co. v. City of Miami Beach, Fla., 13 F.4th 1289 (11th Cir. 2021)........................................................................................ 5, 7, 13

Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res., 532 U.S. 598 (2001) ............................................................ 6, 8, 10

Burton v. Vectrus Sys. Corp., 834 F. App'x 444 (10th Cir. 2020).........................13

Cantrell v. IBEW, AFL-CIO, Local 2021, 69 F.3d 456 (10th Cir. 1995) ..........9, 13

Citibank N.A. v. Data Lease Fin. Corp., 904 F.2d 1498 (11th Cir. 1990) ...............9

Cooter & Gell v. Hartmax Corp., 496 U.S. 384 (1990)...........................................11

CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419 (2016) ............................ passim

Dade Cnty. v. Rohr Indus., Inc., 826 F.2d 983 (11th Cir. 1987)............... 11, 12, 13

Delta Air Lines, Inc v. August, 450 U.S. 346 (1981) ..................................... passim

In re Paoli R.R. Yard PCB Litig., 221 F.3d 449 (3d Cir. 2000)..............................13

Jordan v. Time, 111 F.33d 102 (11th Cir. 1997) ......................................................3

Kirtsaeng v. John Wiley & Sons, Inc., 579 U.S. 197 (2016).....................................7

LeCompte v. Mr. Chip, Inc., 528 F.2d 601 (5th Cir. 1976)....................... 14, 15, 16

Maher v. Gagne, 448 U.S. 122 (1980).......................................................................8

Mathews v. Crosby, 480 F.3d 1265 (11th Cir. 2007) ..........................................9, 10

Mohamad v. Palestinian Auth., 566 U.S. 449 (2012)..............................................16

Ortega Trujillo v. Banco Central Del Ecuador, 379 F.3d 1298 (11th Cir. 2004).................................................................................................... 14, 15

Schwarz v. Folloder, 767 F.2d 125 (5th Cir. 1985) ..................................................13

Smalbein v. City of Daytona Beach, 353 F.3d 901 (11th Cir. 2003) .................8, 10

United States v. $70,760.00 in U.S. Currency, 929 F.3d 1293 (11th Cir. 2019).....................................................................................................6, 10

Utility Automation 2000 v. Choctawhatchee Elec., 298 F.3d 1238 (11th Cir. 2002).....................................................................................................9, 10

Wright v. Waste Pro USA, Inc., 69 F.4th 1332 (11th Cir. 2023) ............................12

Yoffe v. Keller Industries, Inc., 582 F.2d 982 (5th Cir. 1978) ...................... 1, 9, 10

**Statutes**

17 U.S.C. § 1203(b)(5).......................................................................................4, 12

17 U.S.C. § 505 ..................................................................................................4, 12

18 U.S.C. § 983(b)(1).............................................................................................6

**Rules**

Fed. R. Civ. P. 41(a)(2).........................................................................................15

Fed. R. Civ. P. 54(d)(1)..........................................................................................16

Fed. R. Civ. P. 68 .................................................................................... 1, 15, 16

Fed. R. Civ. P. G(5)(a)(i) ........................................................................................6

## ISSUES THAT MERIT REHEARING

Defendants-Appellants Trends Realty USA Corp. and John Abdelsayed ("Trends Realty") seek panel rehearing or rehearing *en banc* of the panel affirmance[1] of the District Court's order denying Appellants' attorney's fees despite Plaintiff-Appellee Affordable Aerial Photography, Inc. ("AAP") seeking and obtaining the case-ending judgment of dismissal. The panel decision provides a blueprint for increased litigation, not less.

The conclusion that a voluntary dismissal order imposing terms does not embody "judicial imprimatur" conflicts with CRST and Yoffe because such orders not only rebuff a plaintiff's claim, they create an enforceable judgment.

The panel decision also inconsistently held that the dismissal order requested by AAP was not obtained by nor favored it, thus conflicting with Delta Air Lines and conflicting with a textual application of Rule 68.

To fulfill the litigation-reducing objectives of Rule 68 and the Copyright Act, a defendant is, on these facts, either the prevailing party triggering statutory fee-shifting or its unaccepted Rule 68 offer triggers cost-shifting. It can be both, is at least one—but it cannot be neither.

---

[1] Affordable Aerial Photography, Inc. v. Trends Realty USA Corp., No. 23-11662, ECF No. 29-1 (11th Cir. Feb. 28, 2024), cited herein as "Op.#"

**COURSE OF PROCEEDINGS AND DISPOSITION OF THE CASE**

AAP filed a copyright action against Trends Realty. The parties litigated the case through discovery and multiple rounds of summary judgment briefing. After 17 months of litigation, AAP then moved for and, over Trends Realty's opposition, obtained a final judgment dismissing all claims on terms AAP requested. Trends Realty then sought its post-judgment costs and attorney's fees, which the district court denied. A panel of this Court affirmed, but on grounds different than the district court, addressing Trends Realty's fee arguments for the first time.

**STATEMENT OF FACTS**

For more than a year, Trends realty defended against AAP's claims for copyright infringement and copyright management information ("CMI") removal, including through the completion of discovery, multiple rounds of summary judgment briefing, and further reopening of discovery.

AAP ultimately admitted its CMI removal claim was frivolous, Dkt.136-1/App.202[2] ("I admit that the [subject image] didn't have the CMI"). Trends Realty's defensive effort caused AAP to abandon all of its claims by requesting a voluntary dismissal just after the district court denied (without prejudice to be refiled together) Appellants' Rule 12(c)(1) motion to dismiss and renewed motion for summary

---

[2] References to the record are combined docket number (Dkt.#) and appendix page (App.#).

judgment. Dkt.155/App.222-23. Trends Realty opposed the dismissal and AAP's proposed terms.

Applying the correct legal standard for a Rule 41(a)(2) motion, the district court exercised its discretion, granted the motion with term as requested by AAP, Dkt.170/App.292-93, and entered a final judgment of dismissal, Dkt.172/App.298. Appellants did not take a frivolous appeal of that order to try and argue that the district court abused her discretion, and instead moved for attorney's fees based on that judgment. Dkt.176/App.305-32. Trends Realty sought fees both (1) as the prevailing party under the Copyright Act, 17 U.S.C. §§ 505 and 1203(b)(5) because Appellants rebuffed AAP's lawsuit pursuant to CRST Van Expedited, Inc. v. EEOC, 578 U.S. 419 (2016); and (2) under the costs-shifting provision of Rule 68, which includes fees in copyright cases pursuant to Jordan v. Time, 111 F.33d 102, 105 (11th Cir. 1997). In its fee motion, Trends Realty argued that under Rule 68, AAP— as the Rule 68 "offeree"—requested and "obtained" a judgment that was less favorable than Trends Realty's unaccepted offer. It also argued that it prevailed because AAP's voluntary surrender resulted in a final judgment dismissing all claims.

The district court denied Trends Realty's fees motion, analyzing it as though it were a motion for reconsideration of the dismissal order itself (i.e., under an

3

incorrect legal standard) and thus did not decide which party prevailed and did not reach the Rule 68 issue. Dkt.180/App.390-94.

In this Court, the panel affirmed the denial of fees by addressing—for the first time—the merits of Appellants' Rule 68 and Copyright Act arguments. The panel decision, however, embodies contradictory positions: It held, without textual analysis of the rules, that fees under Rule 68 were not available to Trends Realty under <u>Delta Air Lines</u> because the dismissal was not obtained by and did not "favor" AAP because Rule 68 does not apply to judgments "adverse" to a plaintiff, even though the judgment was the relief AAP requested, Op.5-6, while also holding that fees were *not* available to Trends Realty as a prevailing party under §§ 505 or 1203(b)(5) because they "have not obtained a final judgment." Op.8-9 (quoting <u>$70,760</u>) (that the dismissal lacked "judicial imprimatur").

## ARGUMENT AND AUTHORITIES

### I.  A defendant is the "prevailing party" when the plaintiff's claim is rebuffed by a final court order of dismissal, even if the dismissal is "without prejudice"

The panel decision held that Trends Realty was not the "prevailing party" under 17 U.S.C. §§ 505 or 1203(b)(5) because the dismissal ending AAP's lawsuit was "without prejudice" and therefore meant, necessarily, that there was no "final judgment" and no "judicial imprimatur." Op.8-9. The panel correctly recognized, however, that "[t]he 'prevailing party determination' is different for plaintiffs and

defendants, in recognition of their differing litigation objectives." Op.8 (quoting Beach Blitz Co. v. City of Miami Beach, Fla., 13 F.4th 1289, 1297 (11th Cir. 2021)); see also CRST, 578 U.S. at 431 ("A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent that it is in the plaintiff's favor."). But after recognizing that difference, the panel applied the analysis for a prevailing *plaintiff*, implicitly contradicting the mode of analysis for prevailing defendants in CRST, and looked for a disposition affecting "the legal relationship of the parties." Op.8-9.

That approach conflicts with CRST and the "showing that each party must make," Beach Blitz, 13 F.4th at 1297; id. at 1300 (finding defendant prevailed when the court granted a Rule 12(b)(6) motion dismissing the case without prejudice), as well as decisions of this Court concerning what judicial action constitutes judicial imprimatur.

> A. *The decision conflicts with* CRST *because the panel did not look for the absence of a change in the legal relationship; it required something more than the defendants rebuffing the plaintiff's claim*

The Supreme Court's decision in CRST was its first pronouncement of the test to determine when a defendant prevails. CRST, 578 U.S. at 422 (we have "not set forth in detail how courts should determine whether a defendant has prevailed"). It held that a defendant prevails when a it resists a plaintiff's effort to change their

relationship, even for nonmerits reasons. Id. at 431 (a defendant "fulfill[s] its primary objective whatever the plaintiff's challenge is rebuffed").

Here, however, the panel decision applied the analysis for a prevailing *plaintiff* from Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res., 532 U.S. 598 (2001) when it applied United States v. $70,760.00 in U.S. Currency, 929 F.3d 1293 (11th Cir. 2019). $70,760.00 aligns with Buckhannon rather than CRST because a third-party claimant *in rem* does not come to court with the same objectives as a defendant *in personam*. Rather, a claimant "asserts an interest in the defendant property." Fed. R. Civ. P. G(5)(a)(i); see also 18 U.S.C. § 983(b)(1) (requiring a claimant to have "standing" to contest a forfeiture). Third-party claimants seek *relief*, id., just as a plaintiff does, $70,760, 929 F.3d at 1297 ("Colorado, Salgado, and Kurvas Secret filed **claims** to the funds") (emphasis supplied). Though $70,760 does not address prevailing *defendants*, the panel decision nevertheless applied that inapposite case to Trends Realty. In doing so, the panel decision introduced a Buckhannon prevailing-plaintiff standard, requiring Trends Realty to have obtained a court judgment "on the legal relationship" with AAP. Op.8.

In contrast, CRST instructs courts to look for the *absence* of a change "in the legal relationship." CRST, 578 U.S. at 431 (a defendant "seeks to prevent this alteration"). While this Court in $70,760 correctly looked for a change in the legal

relationship sought by the claimants vis-à-vis the defendant-funds, applying that decision here to a *defendant*, and on markedly different facts, conflicts with <u>CRST</u> because the "final judgment" indisputably "reject[ed AAP's] claim for a nonmerits reason." <u>CRST</u>, 578 U.S. at 431; <u>see also</u> <u>Beach Blitz</u>, 13 F.4th at 1297-1301 (concluding that an involuntary dismissal "without prejudice" resolved the case in the defendant's favor and therefore made it the prevailing party). It is immaterial to Trends Realty that *AAP* requested dismissal—because the resulting *order* nevertheless "fulfilled [Trends Realty's] primary objective" to end the lawsuit without changing its relationship with AAP "irrespective of the precise reason for the court's decision." <u>CRST</u>, 578 U.S. at 431.

While the panel confronted a novel issue in this Circuit on whether a defendant prevails when a plaintiff invites a court to issue a judgment of *nonsuit*, the panel's application of <u>$70,760</u> conflicts with <u>CRST</u> and contravenes the purposes of the Copyright Act. <u>Kirtsaeng v. John Wiley & Sons, Inc.</u>, 579 U.S. 197, 205 (2016) ("fee awards under § 505 should encourage [] lawsuits that promote [the Copyright Act's] purposes" and "encourages parties with strong legal positions to stand on their rights and deters those with weak ones from proceeding with litigation").

   B. *The panel decision concluding that a court-ordered dismissal does*
      *not carry judicial imprimatur conflicts with the rationale of*
      *Buckhannon and its progeny in this Court*

The panel decision also conflicts with <u>Buckhannon</u>'s judicial imprimatur element. The "judicial imprimatur" inquiry was language that the Supreme Court used to explain its rejection of the "catalyst theory" and to distinguish extrajudicial conduct from that occurring within and enforced through the courthouse. <u>Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health and Human Res.</u>, 532 U.S. 598, 604-06 (2001). It expressly identified two examples of what constitutes judicial imprimatur, and this Court has found still others.

A judgment on the merits is a clear example triggering prevailing party status. <u>Buckhannon</u>, 532 U.S. at 603.

A consent decree also satisfies the requirement for a plaintiff to prevail. <u>Id.</u> at 604 (citing <u>Maher v. Gagne</u>, 448 U.S. 122 (1980)). This Court has characterized such dispositions as simply "judicial approval and oversight" of an otherwise voluntary matter. <u>Smalbein v. City of Daytona Beach</u>, 353 F.3d 901, 905 (11th Cir. 2003).

A voluntary settlement agreement also suffices, provided the court retains jurisdiction to enforce it. <u>Id.</u> (citing <u>Am. Disability Ass'n v. Chmielarz</u>, 289 F.3d 1315, 1320 (11th Cir. 2002) ("if the district court … expressly retains jurisdiction to enforce a settlement" that satisfies <u>Buckhannon</u>)).

8

Voluntary dismissals with prejudice also carry imprimatur. <u>See</u> <u>Mathews v. Crosby</u>, 480 F.3d 1265, 1276 (11th Cir. 2007) (a defendant who obtains "a voluntary dismissal with prejudice [from a plaintiff is] considered prevailing") (ultimately citing <u>Cantrell v. IBEW, AFL-CIO, Local 2021</u>, 69 F.3d 456 (10th Cir. 1995) (*en banc*) (a defendant is the prevailing party whether a voluntary dismissal is entered with or without prejudice)). Though considered "on the merits" due to their preclusive effect, <u>Citibank N.A. v. Data Lease Fin. Corp.</u>, 904 F.2d 1498, 1501 (11th Cir. 1990), there is no difference respecting what *the court* does in bringing about the lawsuit's conclusion in a voluntary dismissal.

An accepted Rule 68 offer also "has the 'necessary judicial imprimatur'" to satisfy <u>Buckhannon</u> due to its enforceability, even though "the court mechanically enters [the] judgment." <u>Utility Automation 2000 v. Choctawhatchee Elec.</u>, 298 F.3d 1238, 1248 (11th Cir. 2002).

Here there is imprimatur—judicial review, consideration, and enforceable oversight—on a dismissal order embodying terms to "protect the defendant" following a contested Rule 41(a)(2) motion. Had AAP not complied with those terms, Trends Realty could have sought their enforcement through the court. <u>Yoffe v. Keller Industries, Inc.</u>, 582 F.2d 982, 983 (5th Cir. 1978) (if a plaintiff "accept[s] the dismissal with its conditions [then] the defendants have an enforceable judgment").

9

Smalbein, Chmielarz, Mathews, Utility Automation, and Yoffe all establish that voluntary conduct, when accompanied by court order allowing it to act on that uncompelled undertaking, satisfies Buckhannon and allows the court to award attorney's fees to the prevailing party. Given a defendant's objective to resist a plaintiff's claims and end a lawsuit, there is no practical difference between a court-ordered dismissal with and a dismissal without prejudice; both conclude the litigation, both occur voluntarily, and both are effective through and enforceable by court order.

### C. A voluntarily-dismissed case is not a "nullity" for purposes of collateral issues like costs, attorney's fees, and sanctions.

In rejecting Trends Realty's "prevailing party" status, the panel focused on the idea that a case dismissed by Rule 41(a) without prejudice is a "nullity." Op.8 (quoting $70,760, 929 F.3d at 1303). That legal moniker belies the truth and actually supports the conclusion that dismissal without prejudice results in a defendant prevailing because it places them in the position they held *ante*, save for the actual time and expense of their defense.

AAP's voluntary dismissal without prejudice did not render its lawsuit a nullity because the litigation actually happened; Trends Realty *actually* incurred time and expense defending against it and in fact procured an admission that AAP's CMI removal claim was frivolous, Dkt.136-1/App.202 ("I admit that the [subject

image] didn't have the CMI"), and ultimately led AAP to abandon its remaining infringement claims. Dkt.155/App.222-23 (plaintiff "accept[s]" defendants' voluntary "removal of the photograph as its sole relief and [chooses to] voluntarily dismiss" because "it is simply not worth the continued effort to obtain a judgment" due to the "novel legal arguments from Defendants").

A voluntarily-dismissed suit is also not a nullity because it can give rise to collateral issues, such as Rule 11 sanctions for pleadings actually filed in the litigation, and other misconduct. Cooter & Gell v. Hartmax Corp., 496 U.S. 384, 395-96 (1990). Post-judgment matters would be nonexistent if the "nullity" fiction were literally applied not only to the case but the judgment itself (as the panel decision did)—thus immunizing litigants not only from misconduct, but the statutory consequences of failed litigation (as AAP accomplished).

While the idea of a dismissed case being a "nullity" might be appealing shorthand, it can—and it did here—lead to a misunderstanding of the impact of a case so dismissed concerning *collateral* issues. Rather than being a wholesale nullity, this Court more correctly articulated the consequences of a dismissal in Dade Cnty. v. Rohr Indus., Inc., 826 F.2d 983 (11th Cir. 1987), as it applies to subsequent suits, where it explained that a "voluntary dismissal of the federal action **has the effect of** placing the parties **in a position as if** the suit had never been filed." Id. at 989 (emphasis added); see also Wright v. Waste Pro USA, Inc., 69 F.4th 1332, 1337

(11th Cir. 2023) (parenthetically quoting same). In <u>Wright</u> this Court emphasized the important distinction between a first and second suit, explaining that "[w]e have recognized on many occasions that when a timely complaint is dismissed without prejudice a later action that is filed outside the limitations period is untimely, as it would be if the previous action had never existed." 69 F.4th at 1337. "This rule makes sense because when a plaintiff files a second complaint after his first is dismissed, the second complaint commences a new action [and t]hat new action is what must satisfy the limitations period." <u>Id.</u> (citing <u>Rohr Indus.</u>, 826 F.2d at 989).

While the panel decision quoted from <u>$70,760</u> for a similar statement, Op.8 ("leaves the parties as if the action had never been filed"), the final judgment of dismissal itself, that judicial act, is what placed Trends Realty back in the presuit position it had, but only as a result of and *after* it invested "significant attorney time and expenditure … contesting [AAP's] claim." <u>CRST</u>, 578 U.S. at 434. Congress, in enacting §§ 505 and 1203(b)(5), "could not have intended to bar defendants [like Trends Realty] from obtaining attorney's fees [when] the litigation was resolved in their favor," by a court order reestablishing the *status quo ante*. <u>Cf.</u> <u>id.</u>

The panel decision's conclusion that the defendants did "not obtain[] a final judgment rejecting" AAP's claim, Op.9, is contrary to <u>CRST</u> and how this Court has applied <u>Buckhannon</u>'s imprimatur element. That a voluntary dismissal without prejudice "place[]s the parties in a position as if the suit had never been filed," <u>Rohr</u>

Indus., 826 F.2d at 989, *supports* rather than disentitles the defendants being prevailing. The panel decision effectively concludes that only merits-based dismissals result in a defendant prevailing—a proposition rejected in CRST and inconsistent with Beach Blitz.[3]

Panel rehearing or rehearing *en banc* should be granted on this issue of exceptional importance, to reject the idea that a preclusive judgment is necessary for a defendant to prevail, to maintain uniformity of the Court's decisions, and to reconcile this decision with Supreme Court precedents.

---

[3] The panel decision squarely places the Eleventh Circuit in the minority, and creates a circuit split with the Third, Fifth, Tenth, and Federal Circuits. In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 471 n.10 (3d Cir. 2000) ("the majority rule [is] that defendants can be 'prevailing parties' when a plaintiff voluntarily dismisses his action without prejudice"); Schwarz v. Folloder, 767 F.2d 125, 131 n.8 (5th Cir. 1985) (criticizing the Tenth's Circuit's former rule and observing a "dismissal with prejudice [simply] affords a defendant considerably more relief than a dismissal without prejudice"); Cantrell v. IBEW, AFL-CIO, Local 2021, 69 F.3d 456 (10th Cir. 1995) (*en banc*) (finding no real distinction among final judgments of dismissal based on how it came about for purposes of identifying the defendant as the prevailing party); B.E. Tech. LLC v. Facebook, Inc., 940 F.3d 675 (Fed. Cir. 2019) (rejecting plaintiff's argument that an agreed mootness dismissal carried no judicial imprimatur and finding defendant had prevailed); see also Burton v. Vectrus Sys. Corp., 834 F. App'x 444, 446 (10th Cir. 2020) (finding no difference between "when a plaintiff voluntarily dismisses an action without prejudice" and "a defendant who successfully litigates a motion to dismiss … and obtains a [final] dismissal without prejudice").

## II.    When a plaintiff seeks and obtains a Rule 41(a)(2) dismissal less favorable than an unaccepted Rule 68 offer of judgment, a court must shift costs

Contrasting with its decision regarding §§ 505 and 1203(b)(5), the panel decision denied Trends Realty its full costs under Rule 68 because it held that the dismissal did not "favor" AAP and, therefore, under <u>Delta Air Lines, Inc v. August</u>, 450 U.S. 346 (1981), Rule 68 does not apply. Not only does that holding conflict with the panel's holding on the statutory fees issue, <u>compare</u> Op.5-6 ("AAP did not obtain a judgment in its favor" and "Rule 68 'does not apply to judgments in favor of the defendant'") <u>with id.</u> at 8-9 ("Defendants cannot show that they were prevailing parties"), it conflicts with the rule of <u>Delta Air Lines</u>, or, at a minimum, that decision does not control. The rules' *text* controls this circumstance—one unforeseen by <u>Delta Air Lines</u>.

The panel decision conflicts with <u>Delta Air Lines</u> because a voluntary dismissal "does not qualify as an involuntary adverse judgment so far as the plaintiff is concerned." <u>Ortega Trujillo v. Banco Central Del Ecuador</u>, 379 F.3d 1298, 1301 (11th Cir. 2004) (quoting <u>LeCompte v. Mr. Chip, Inc.</u>, 528 F.2d 601 (5th Cir. 1976)). Under the three categories in <u>Delta Air Lines</u>, voluntary dismissal orders fall within the second, namely "a judgment in favor of the plaintiff." 450 U.S. at 351. The contrapositive of the rule in <u>LeCompte</u> (not an "involuntary adverse judgment") is that a voluntary dismissal is "in favor of" the plaintiff, <u>Delta Air Lines</u>, 450 U.S. at

14

351. That such a judgment "favors" a plaintiff makes sense because "the plaintiff has acquired that which he sought." <u>Ortega Trujillo</u>, 379 F.3d at 1301 (quoting <u>LeCompte</u>). <u>LeCompte</u> and its progeny show that voluntary dismissals are category-2 type judgments under <u>Delta Air Lines</u>, and type-2 judgments are those that trigger Rule 68.

Regardless of the categories identified in <u>Delta Air Lines</u>, its holding was that Rule 68 applies "to judgments obtained by the plaintiff" and the rule was "simply inapplicable to [that] case because it was the defendant that obtained the judgment." 450 U.S. at 352. While the Court alternatively used the word "favor" in some places, it did so as stylistic shorthand for Rule 68's explicit "obtained" requirement. <u>Id.</u> at 351 ("it follows that a judgment 'obtained' by the plaintiff is also a favorable one"). Despite the analogy made, its *holding* is evident: "the plain language of Rule 68 confines its effect to [cases] in which the plaintiff has obtained a judgment." <u>Id.</u> at 351; <u>id.</u> at 352 (Rule 68 applies "only to judgments obtained by the plaintiff").

The facts here are markedly different from the jury verdict for the defendant in <u>Delta Air Lines</u>, which the Court concluded meant that "it was the defendant that obtained the judgment." <u>Id.</u> at 352. <u>Delta Air Lines</u> does not apply here, where AAP requested and received the final judgment under Rule 41(a)(2), because Rule 68 speaks only in terms of "obtained." <u>Cf. id.</u> at 352 ("if we limit our analysis to the text of the Rule itself"). Elsewhere the rules of civil procedure explicitly use the

phrase "prevailing party," <u>e.g.</u>, Fed. R. Civ. P. 54(d)(1), and because "obtained" is entirely different from "prevailing party," construing the former as identical to the latter contravenes a plain meaning analysis, <u>see</u> <u>Mohamad v. Palestinian Auth.</u>, 566 U.S. 449, 456 (2012) ("we generally seek to respect [a drafter's] decision to use different terms to describe different categories of people or things"). The scenario here was simply not contemplated in (and thus is not controlled by) <u>Delta Air Lines</u>. Both Appellants and Appellee recognized the novelty of the legal issue and neither party directly cited <u>Delta Air Lines</u> in their briefing—focusing correctly on the *textual* issue and how the plain language of the rules applies to the undisputed facts.

The judgment entered by the district court was one "finally obtained by the offeree," Fed. R. Civ. P. 68, because AAP requested it. The panel decision, concluding "AAP did not obtain a judgment in its favor," Op.5, misreads and thus conflicts with <u>Delta Air Lines</u>, conflicts with <u>LeCompte</u>, and conflicts with a textual analysis.

The panel decision denying fees is also contrary to the goals of Rule 68 and settlement generally, <u>Delta Air Lines</u>, 450 U.S. 352 ("the adverse consequences of potential defeat provide both parties with incentive to settle") and the plain language of the rules. Rehearing should be granted to properly address <u>Delta Air Lines</u> and the facts of this case, or rehearing *en banc* should be granted so that the full Court can address the exceptionally important issue of whether the judgment of the district

court granting *a plaintiff's* motion to dismiss and providing it the exact relief it requests, is a "judgment in favor of" or "obtained by" the plaintiff under Rule 68.

## CONCLUSION

Panel rehearing or hearing *en banc* should be granted to address the conflict between the panel's affirmance and the Supreme Court's precedent in at least <u>CRST</u> and <u>Delta Air Lines</u>.

Date: March 20, 2024.

                                           __/s/ Griffin Klema_____
                                           Griffin C. Klema, Esq.
                                           Fla. Bar No. 100279
                                           **Klema Law, P.L.**
                                           420 W. Kennedy Boulevard
                                           Tampa, FL 33606
                                           PO Box 172381
                                           Tampa, FL 33672
                                           (202) 713-5292
                                           Griffin@KlemaLaw.com
                                           *Counsel for Appellants Trends*
                                           *Realty USA Corp and John*
                                           *Abdelsayed*

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS

This document complies with the type-volume limit of Fed. R. App. P. 35(b)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and Eleventh Circuit Rule 35-1, as counted by Microsoft Word, this document contains 3,858 words, including footnotes.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point Times New Roman font.

__/s/ Griffin Klema_____
Griffin C. Klema, Esq.

## CERTIFICATE OF FILING AND SERVICE

I certify that, pursuant to and in compliance with 11th Cir. R. 25-3(f), this petition was filed with the Clerk of the United States Court of Appeals for the Eleventh Circuit via the Case Management, Electronic Case Filing (CM/ECF) system and e-mailed (unless other service means are indicated) on March 20, 2024, to all counsel of record, and mailed fifteen paper copies pursuant to Fed. R. App. P. 25(a)(2)(A)(ii) and 11th Cir. R. 35-1.

__/s/ Griffin Klema_____
Griffin C. Klema, Esq.

18

# ADDENDUM – PANEL DECISION

[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

———————————————

No. 23-11662

Non-Argument Calendar

———————————————

AFFORDABLE AERIAL PHOTOGRAPHY, INC.,

                                            Plaintiff-Counter Defendant-Appellee,

*versus*

TRENDS REALTY USA CORP,
JOHN ABDELSAYED,

                            Defendants-Counter Claimants-Appellants,

CORNELIUS MCGINNIS, et al.,

                            Third Party Defendants-Counter Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:21-cv-81331-AMC

_____

Before ROSENBAUM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Affordable Aerial Photography, Inc. ("AAP"), filed a complaint alleging that John Abdelsayed and Trends Realty USA Corporation ("Defendants") committed copyright infringement by displaying AAP's copyrighted photograph on their website. More than a year later, with litigation ongoing, AAP filed a motion to voluntarily dismiss the case without prejudice under Federal Rule of Civil Procedure 41(a)(2), and without being ordered to pay attorney's fees to Defendants. After a hearing, and over Defendants' objections, the district court granted the motion and entered an order dismissing the case without prejudice, imposing taxable costs, and attaching a condition that AAP, if it refiled its case, must pay Defendants' reasonable attorney's fees incurred defending this case.

Nearly two months after the dismissal order, Defendants filed a motion claiming that, notwithstanding the district court's order, they were entitled to immediate recovery of their reasonable attorney's fees on two grounds. First, they argued that Rule 68, Fed. R. Civ. P., mandated attorney's fees because AAP did not

accept Defendants' December 2021 offer to settle the case, and that offer was more favorable than the "judgment obtained." And second, they maintained that they were "prevailing party[s]" under the Copyright Act's cost-shifting provisions, *see* 17 U.S.C. §§ 505, 1203(b)(5).

The district court denied the motion for attorney's fees. The court reasoned that Defendants should have raised these arguments in connection with the motion to voluntarily dismiss, and that Defendants had not established any prejudice. As a result, the court declined to "comment on the merits of Defendants' untimely raised theories." The court then rejected Defendants' motion for reconsideration, reasoning that "by continuing to seek an entitlement to attorneys' fees, Defendants are in essence requesting the Court to change the conditions of its Order granting Plaintiff leave to voluntarily dismiss this action."

Defendants appeal, raising procedural and substantive arguments. We conclude that, even assuming they properly raised their arguments for attorney's fees in the district court, Defendants are not entitled to fees under Rule 68 or as a "prevailing party" under the Copyright Act. So we affirm the district court's denial of their motion. *See Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017) ("We may affirm on any ground supported by the record, regardless of whether that ground was relied upon or even considered below.").

## I.

The proper interpretation of Rule 68 presents a legal question, so we review it *de novo*. *Jordan v. Time, Inc.*, 111 F.3d 102, 105 (11th Cir. 1997). We review any underlying factual findings for clear error. *Id.*

Rule 68 of the Federal Rules of Civil Procedure provides that if a timely pretrial offer of settlement is not accepted and "the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made." Fed. R. Civ. P. 68(a), (d). "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." *Marek v. Chesny*, 473 U.S. 1, 5 (1985). Recoverable "costs" under Rule 68 include "all costs properly awardable under the relevant substantive statute or other authority," including attorney's fees. *Id.* at 9. "When a proper Rule 68 offer is made and the other requirements of the rule are met, the district court *must* award costs measured from the time the offer was served." *Jordan*, 111 F.3d at 105 (emphasis added).

By its plain terms, according to the Supreme Court, Rule 68 applies only where the plaintiff "has obtained a judgment for an amount less favorable than the defendant's settlement offer." *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 351 (1981).[1] Because the

---

[1] Defendants' briefing parses the key words in Rule 68(d)—"judgment," "obtain," and "favorable"—as if they were matters of first impression, but fails to account for or even address the Supreme Court's controlling decision in *Delta Air Lines, Inc. v. August*, 450 U.S. 346 (1981).

judgment must be "obtain[ed]" by the "offeree" following an offer to have "judgment . . . taken against [the defendant]," the Court reasoned, "it follows that a judgment 'obtained' by the plaintiff is also a favorable one." *Id.* at 351–52. Thus, the effect of Rule 68 is to reduce "some of the benefits of victory if [the plaintiff's] recovery is less than the offer." *Id.* at 352.

But Rule 68(d) is "simply inapplicable" in cases where "it was the defendant that obtained the judgment." *Id.*; *id.* at 354 (Rule 68 "does not apply to judgments in favor of the defendant"); *see La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 333 (5th Cir. 1995) ("If a plaintiff takes nothing . . . Rule 68 does not apply."). Thus, "a nonsettling plaintiff does not run the risk of suffering additional burdens that do not ordinarily attend a defeat." *Delta Air Lines*, 450 U.S. at 352. Rather, when a plaintiff loses, "the trial judge retains his [or her] Rule 54(d) discretion" to award costs to the prevailing party. *Id.* at 354; *see* Fed. R. Civ. P. 54(d).

Here, Rule 68 does not apply because AAP did not obtain a judgment in its favor. *See Delta Air Lines*, 450 U.S. at 351–52. A voluntary dismissal without prejudice does not alter the legal relationship between the parties or award the plaintiff any relief. It simply permits the "moving party to file those claims again." *Mesa v. United States*, 61 F.3d 20, 22 (11th Cir. 1995). As Defendants note, "AAP secured no affirmative relief whatever." In fact, Defendants view themselves as prevailing parties. But even assuming the judgment was effectively in Defendants' favor, Rule 68 "does not apply to judgments in favor of the defendant." *Delta Air Lines*, 450 U.S. at

354.  Because the district court's dismissal without prejudice was not a judgment in AAP's favor "for an amount less favorable than the defendant's settlement offer," Rule 68 does not authorize or mandate Defendants' recovery of reasonable attorney's fees.  *Id.* at 351–52.

Defendants warn that Rule 41 will be "used as an escape hatch by abusive litigants to circumvent Rule 68's consequences" by seeking a "late-stage" dismissal in the face of an impending adverse ruling.  But their premise is misguided because an adverse judgment against the plaintiff does not trigger Rule 68, as the Supreme Court has made clear.  *See Delta Air Lines*, 450 U.S. at 352, 354.  Besides that, a plaintiff cannot act unilaterally after the opposing party has served an answer or a motion for summary judgment, but instead must obtain a dismissal order from the district court.  *See* Fed. R. Civ. P. 41(a)(2).  And the court, after "weigh[ing] the relevant equities," may deny the request, if the defendant would suffer clear legal prejudice, or it may dismiss the case, "imposing such costs and attaching such conditions to the dismissal as are deemed appropriate."  *Unites States v. $70,670.00 in U.S. Currency*, 929 F.3d 1293, 1300 (11th Cir. 2019) (quotation marks omitted); *see* Fed. R. Civ. P. 41(d) (authorizing the imposition of costs where a plaintiff refiles an action previously dismissed voluntarily).

Here, the district court, following briefing and a hearing, found that Defendants would suffer no legal prejudice from a dismissal without prejudice because their counsel was *pro bono* or on a contingency arrangement, and that the other factors favored

granting the motion, subject to certain conditions. Defendants have not timely appealed that ruling, or otherwise plainly or prominently argued on appeal that the district court erred in granting AAP's motion for voluntary dismissal.[2] So they have abandoned any arguments in that regard. *See Berry v. Crestwood Healthcare LP*, 84 F.4th 1300, 1313 (11th Cir. 2023) ("A party abandons an issue when she makes only passing references to it, references it as mere background to main arguments, or buries it within other arguments.").

## II.

We review *de novo* the legal question whether a given set of facts "suffice[s] to render a party a 'prevailing party.'" *Royal Palm Props., LLC v. Pink Palm Props., LLC*, 38 F.4th 1372, 1375 (11th Cir. 2022). The Copyright Act permits courts to award "reasonable attorney's fee[s] to the prevailing party." 17 U.S.C. §§ 505, 1203(b)(5). "Prevailing party" is a "legal term of art" that "retains its legal

---

[2] Defendants' notice of appeal, dated May 16, 2023, is not timely to appeal the order administratively closing the case, entered January 6, 2023. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement."). While the 30-day time limit may be extended by the timely filing of certain post-judgment motions, *see* Fed. R. App. P. 4(a)(1)(A), (4)(A), motions for attorney's fees under Rule 54 qualify only "if the district court extends the time to appeal under Rule 58," Fed. R. App. P. 4(a)(4)(A)(iii). Because Defendants never requested, and the district court never granted, such an extension under Rule 58, any appeal of the underlying order of dismissal is untimely.

meaning across different fee-shifting statutes." *Royal Palm*, 38 F.4th at 1377.

The "prevailing party determination" is different for plaintiffs and defendants, in recognition of their differing litigation objectives. *Beach Blitz Co. v. City of Miami Beach, Fla.*, 13 F.4th 1289, 1297 (11th Cir. 2021). "A plaintiff seeks a material alteration in the legal relationship between the parties. A defendant seeks to prevent this alteration to the extent it is in the plaintiff's favor." *CRST Van Expedited, Inc. v. E.E.O.C.*, 578 U.S. 419, 431 (2016); *see id.* at 422. ("The touchstone of the prevailing party inquiry must be the material alteration of the legal relationship of the parties." (quotation marks omitted)). Thus, a defendant may obtain prevailing-party status "whenever the plaintiff's challenge is rebuffed, irrespective of the precise reason for the court's decision." *Id.* Importantly, though, "the rejection of the plaintiff's attempt to alter the parties' legal relationship must be marked by judicial imprimatur." *Beach Blitz*, 13 F.4th at 1298 (quotation marks omitted).

Here, Defendants cannot show that they were prevailing parties because "a dismissal without prejudice places no judicial imprimatur on the legal relationship of the parties, which is the touchstone of the prevailing party inquiry." *$70,670.00 in U.S. Currency*, 929 F.3d at 1303 (quotation marks omitted). That's because "[a] voluntary dismissal without prejudice renders the proceedings a nullity and leaves the parties as if the action had never been brought." *Id.* (quotation marks omitted). The order of dismissal does not prevent AAP from refiling its claims. And even assuming

future action by AAP may be unlikely or now barred by the statute of limitations, those facts are irrelevant because the *court* did not rebuff or reject AAP's claims on any grounds. *See Beach Blitz*, 13 F.4th at 1298 ("[T]he rejection of the plaintiff's attempt to alter the parties' legal relationship must be marked by judicial imprimatur."); *$70,670.00 in U.S. Currency*, 929 F.3d at 1303 (stating that, even if refiling was unlikely after a voluntary dismissal without prejudice, "[w]hat matters is that the claimants have not obtained a final judgment rejecting the government's claim" (cleaned up)).

*CRST* did not "abrogate the requirement of 'judicial imprimatur' for prevailing defendants," as Defendants claim. While *CRST* abrogated any requirement that judicial action be "on the merits" for a defendant to prevail, 578 U.S. at 421, 431–32, our post-*CRST* precedent makes clear that "the rejection of the plaintiff's attempt to alter the parties' legal relationship must be marked by judicial imprimatur." *Beach Blitz*, 13 F.4th at 1298 (quotation marks omitted). And because a voluntary dismissal without prejudice under Rule 41(a)(2) "places no judicial imprimatur on the legal relationship of the parties," Defendants do not qualify as prevailing parties.[3] *$70,670.00 in U.S. Currency*, 929 F.3d at 1303.

---

[3] We decline to consider Defendants' argument, raised for the first time in its reply brief, that the costs and conditions imposed in the order of dismissal sufficed to render them prevailing parties. *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court." (cleaned up)).

10            Opinion of the Court            23-11662

**III**.

In sum, and for the foregoing reasons, we affirm the denial of Defendants' motion for attorney's fees.

**AFFIRMED.**